IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. CR-05-10175-WGY |
| Plaintiff ) | |
| ) | MOTION TO QUASH INDICTMENT |
| vs ) | |
| Nadine J. Griffin ) | |
| Defendant ) | |

Nadine J. Griffin, proceeding in special appearance, moves to quash the July 13th 2005 "indictment" as defective warranting this court's dismissal of this instant case id. as "CR-05-10175-WGY" – this court is deprived of subject matter jurisdiction.

Brief in support of the motion to quash the indictment, dismiss, and exonerate any bond which may inure prior to the proper and necessary disposal of this instant case.

1. The record made in this instant case verifies one primary jurisdictional defect which is incurable: The indictment is a conclusory article without factual support, fails to charge the putative defendant with a crime. The so-called indictment fails to charge the putative defendant, Nadine J. Griffin, with having committed any act rising to the level of a crime cognizable under federal criminal question authority.

2. The "indictment" placed into the court record in this instant case fails to allege that a crime has been committed. Although an attempt has been made to prosecute an action under authority of 26 U.S.C. § 7206, the indictment fails to plead facts sufficient to empower this court

MOTION TO QUASH INDICTMENT        1 Of 3        Nadine J. Griffin

Certificate of mailing page 3

1

2  to even consider the question, to wit: Mr. Maietta alleges that Nadine J. Griffin, was a

3  "salesperson" for "Global Prosperity," sold "goods and services" consisting of: "a 12-part

4  audiotape/compact disc series retail priced at $1,250 per series, a seminar ticket to a three-day

5  'offshore' seminar retail priced at $6,250 per ticket, and a seminar ticket to a five-day 'offshore'

6  seminar retail priced at $18,750." Maietta alleges that Nadine J. Griffin failed to report

7  compensation allegedly earned as a "salesperson" for "Global Prosperity" to the Internal

8  Revenue Service. Notwithstanding the fact that Maietta cannot, with any degree of clarity,

9  explain the legal efficacy of "offshore" as used in the context of his foundation information,

10

11 Maietta cannot inform this court of that statute recognizing alleged compensation received from

12 "Global Prosperity" as subject to a tax imposing a liability on Nadine J. Griffin.

13       3. Counts one and two of cause id. as CR-05-10175-WGY as well as the material

14 elements of the indictment are insufficient as a matter of law in that the counts violated Federal

15 Rule of Criminal Procedure 7(c)(1) and the nature and cause of the accusation clause of the

16 Sixth Amendment as well.

17

18 Prepared and submitted by: _____
                                    Nadine J. Griffin

19

20

21

22

23

24

MOTION TO QUASH INDICTMENT          2 Of 3          Nadine J. Griffin

Certificate of mailing page 3

## Certificate of Mailing

I, Nadine J. Griffin, certify that July 20, 2005, I deposited Certified Mail Article #: _____, mailed a true and correct copy of the above and foregoing motion to quash to: Christopher Maietta, at:

_Nadine J. Griffin_
/ Nadine J. Griffin

MOTION TO QUASH INDICTMENT        3 Of 3        Nadine J. Griffin

Certificate of mailing page 3