# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>           Plaintiff )<br>  )<br>   vs. )<br>  )<br> Nadine J. Griffin )<br>           Defendant ) | CASE NO. CR-05-10175-WGY<br><br>BRIEF IN SUPPORT OF MOTION TO QUASH INDICTMENT |

Nadine J. Griffin, proceeding in special appearance, on her own behalf, moves to quash the July 13th 2005 "indictment" as defective warranting this court's dismissal of this instant case id. as "CR-05-10175-WGY" – this court is deprived of subject matter jurisdiction.

Brief in support of the motion to quash the indictment, dismiss, and exonerate any bond which may inure prior to the proper and necessary disposal of this instant case.

1. The "indictment" placed into the court record in this instant case fails to allege that a crime has been committed. Although an attempt has been made to prosecute an action under authority of 26 U.S.C. § 7206, the indictment fails to plead facts sufficient to empower this court to even consider the question, to wit: Mr. Maietta alleges that Nadine J. Griffin, was a "salesperson" for "Global Prosperity," sold "goods and services" consisting of: "a 12-part audiotape/compact disc series retail priced at $1,250 per series, a seminar ticket to a three-day 'offshore' seminar retail priced at $6,250 per ticket, and a seminar ticket to a five-day 'offshore' seminar retail priced at $18,750." Maietta alleges that Nadine J. Griffin failed to report compensation allegedly earned as a "salesperson" for "Global Prosperity" to the Internal

Revenue Service. Notwithstanding the fact that Maietta cannot, with any degree of clarity, explain the legal efficacy of "offshore" as used in the context of his foundation information, Maietta cannot inform this court of that statute recognizing alleged compensation received from "Global Prosperity" as subject to a tax imposing a liability on Nadine J. Griffin.

2. The Constitutionally Reserved Right to receive compensation in exchange for one's labor is not an article in commerce subject to a tax and neither can the claim and exercise of a Constitutionally Reserved Right be converted to a criminal act. This court is noticed: (a). IRS enforcement authority is derived from statute (see Internal Revenue Manual, Part 9.1.2.1 1.) and (b). revenue taxable activities are clearly identified at 26 U.S.C. §§ 4001, 4003, 4041, 4042, 4051, 4064, 4071, 4081, 4091, 4121, 4131, 4161, 4181, 4251, 4261, 4271, 4371, 4461, 4481, 4611, 4661, 4671, 4681, 4682, 4701, 4911, 4912, 4940, 4941, 4942, 4943, 4944, 4945, 4948, 4951, 4952, 4953, 4955, 4958, 4971, 4972, 4974, 4975, 4976, 4977, 4978, 4979, 4979A, 4980, 4980B, 4980C, 4980D, 4980E, 4981, 4982, 4999, 5000, 5001, 5041, 5051, 5701, and 5881. Conspicuously absent is that statute which defines selling audiotape/compact disc series and tickets to "offshore" seminars as a revenue taxable activity.

3. Beyond the aforementioned defect, Maietta has failed to show this court that Maietta has properly delegated authority to prosecute this action against Nadine J. Griffin. To reiterate, Maietta has not shown this court Maietta's delegated authority to investigate and prosecute this action as required in the Internal Revenue Manuel at Part 9.1.2.2 et seq.

4. An additional defect is found by cursory examination of federal criminal jurisdiction existing in four areas: (a). Assimilated crimes, (b). Major crimes, (c). Crimes affecting interstate

commerce, and (d). attempts to defraud the United States. Absent Mr. Maietta informing this court of: (A). the statutory authority for the Treasury gleaning a tax from the activities of selling audiotape/compact disc series and tickets to "offshore" seminars as a revenue taxable activity, and (B). wherein the record underlying the so-called indictment, Maietta established for the Grand Jury's satisfaction that Nadine J. Griffin was in receipt of a statutory notice of determination (re-determination) as required by 26 U.S.C. § 6211 and followed by a notice of deficiency pursuant to 26 U.S.C. § 6212, this court has a non-discretionary duty to quash the indictment and dismiss this instant complaint for reason that Maietta has failed to show factual sufficiency of Maietta's claim that Nadine J. Griffin has attempted to defraud the United States.

5. Maietta's complaint, count one, (there is no count two as articulated *infra*) likely exceeds the applicable statute of limitations. This court is noticed: the tolling of time would be established by Maietta's presentment of a properly authenticated statutory notice of deficiency. Absent this proof the court must conclude that the complaint in re: Nadine J. Griffin's return for the year 1998 is bogus.

6. Notice to the court: determination by this court that Maietta cannot show this court with any substantive clarity or cogent evidence that supports the allegations that the defendant was willful in her acts and did not believe she was filing the proper return of income as proscribed by statute (although utterly ambiguous) for tax year 1999 and/or that Maietta cannot show this court what statute makes being a "salesperson" for "Global Property Group" a revenue taxable activity, this court has actual knowledge that Christopher Maietta has willfully, intentionally, and

intelligently violated 26 U.S.C. § 7214(a)(1)(2) and (7) depriving Maietta of standing to appear before this court.

7. Whereas this court shall notice: Nadine J. Griffin does not impose on this court to determine a fact issue such as whether Nadine J. Griffin received compensation from activities as an associate of Global Prosperity; Nadine J. Griffin notices the court of the court's duty to determine the law of this instant case by informing Nadine J. Griffin of the federal statute imposing a tax on those activities Nadine J. Griffin was claimed to have been involved in. This court should determine, in the light most favorable to the plaintiff, that where counsel for the plaintiff cannot inform this court of a taxing statute clearly applying to Nadine J. Griffin's activities relative to Global Prosperity, objective ambiguity is caused, to wit: the following question, one of law and not of fact, is unanswered: "What statute makes selling information videos and tickets to an information conference a revenue taxable event?" This court is further noticed of this court's duty to dismiss this instant case for reason that "A claim of objective ambiguity requires that the court examine all of the relevant precedents and dismiss the indictment if it concludes that the tax obligation is ambiguous as a matter of law." See U.S. v. Pirro, (S.D.N.Y. 1999), 96 F.Supp.2d 279 at page 283.

WHEREFORE; the defendant prays for relief as follows:

The defendant moves this Court quash this compliant with prejudice rendering the determination that the indictment underlying cause id. as CR-05-10175-WGY is void for vagueness and fails to charge Nadine J. Griffin with the commission of a crime cognizable under federal criminal law.

That this Court quash this indictment with prejudice as the return filed for the tax period 1998 is barred by the statute of limitations on criminal prosecution pursuant to 26 U.S.C. § 6531 of the code.

That the indictment is defective and fails to establish for reason that the alleged activities Nadine J. Griffin engaged in were Nadine J. Griffin's to engage in by Constitutionally Reserved Right and that no statute identifies the alleged activities as *revenue taxable activities*, justly requires quashing the indictment, dismissing case number CR-05-10175 as maliciously brought, and exonerating any bond which may have attached in these proceedings.

Prepared and submitted by: _____
/ Nadine J. Griffin

### Certificate of Mailing

I, Nadine J. Griffin, certify that July 20, 2005, I deposited Certified Mail Article #: _____, mailed a true and correct copy of the above and foregoing motion to quash to: Christopher Maietta, at:

Christopher Maietta
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

_____
Nadine J. Griffin