JUDICIAL COUNCIL OF THE FIRST CIRCUIT

COMPLAINT OF JUDICAL MISCONDUCT OR DISABILITY

To: the Clerk, United States Court of Appeals for the First Circuit
United States Courthouse, Suite 2500, 1 Courthouse Way
Boston, Massachusetts 02210.

05 CR -10175-WGY

1. Complainant's name: Nadine J. Griffin
   Address: 13799 Park Blvd. North, #244, Seminole, FL 33776-3402
   Daytime Telephone: (727) 418-9864

2. Judge or magistrate complained about: William G. Young, district judge of the district court of the United States for the district of Massachusetts & Joyce London Alexander, magistrate judge of the district court of the United States for the district of Massachusetts.

3. Does this complaint concern the behavior of the judge or magistrate in a particular lawsuit? – Yes.
   If yes, give the following information about each lawsuit:
   Court: the federal district court for the district of Massachusetts.
   Docket number: 1:05-cr-10175-WGY-1

   Are you a party in the lawsuit? Non-party defendant as the court has refused to address the issue of jurisdiction, personal or subject matter.

   No appeals are pending at this time.

   Have you filed any lawsuits against the judge or magistrate? – No.

Conduct of the judge and magistrate

History

Review of the docket shows: (1). Indictment was filed against Nadine J. Griffin on July 13th 2005. (2). Also on July 13th 2005, William G. Young referred the case to magistrate Joyce London Alexander for issues of bail and arraignment only. (3). July 15th 2005, Alexander summoned Nadine J. Griffin to be arraigned on July 27th 2005. (4). July 19th 2005, James B. Krasnoo filed a motion to withdraw as counsel. Mr. Krasnoo informed the court that listing Krasnoo as counsel for Nadine J. Griffin was unauthorized. (5). July 20th 2005, Young granted Krasnoo's motion to withdraw. (6). July 21st 2005, Nadine J. Griffin entered a special appearance pro se. (7). Also July 21st 2005, Nadine J.

1

Griffin, by special appearance, filed an emergency motion to continue the arraignment hearing citing objection to being arraigned before a magistrate judge and that a jurisdictional challenge had been issued regarding the sufficiency of the indictment. (8). Additionally, on July 21st 2005, and also by special appearance, Nadine J. Griffin moved to quash the indictment, to dismiss, and to exonerate, noting the court of the clear face of the record which shows that one of two counts exceeded the statute of limitations and that the indictment failed to allege that Nadine J. Griffin had committed a crime. This court shall notice: the indictment lists only conclusory information without citation of what federal statute made any activity engaged in by Nadine J. Griffin a crime. (9). Further, on July 21st 2005, Nadine J. Griffin filed a procedurally proper objection to being arraigned before a magistrate judge. (10). Lastly, July 21st 2005, Nadine J. Griffin placed the court on notice of adjudicative facts. (11). July 25th 2005, Young converted the judicial notice to a motion, then Young denied the motion depriving Nadine J. Griffin of a substantive due process right. (12). July 26th 2005, Young neglected to rule on Nadine J. Griffin's objection to being arraigned before a magistrate judge and denied the motion to continue the arraignment. (13). July 27th 2005, Alexander continued the arraignment hearing and deprived Nadine J. Griffin of the Constitutionally secured right to travel.

Conduct in violation of the Constitution of the United States of America, the <u>Code of Conduct for United States Judges</u>, and in contravention of 28 U.S.C. § 453

William G. Young, Joyce London Alexander, Christopher Maietta, and Victor A. Wild conspired to personally violate Nadine J. Griffin in the nature of rape and did in fact strip Nadine J. Griffin of Nadine J. Griffin's Constitutionally reserved rights known as due process. Young, Alexander, Maietta, and Wild, with an obvious motive of using the federal courthouse for sport in contravention of the ideals of substantial justice and fair play as articulated in <u>Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth?</u> 1963 Wash. U.L.Q. 279, and also with a likely motive of "spoils of war" resourced at I.R.M. 9.11.1.4.6.3 et seq., a patently criminal mode of behavior prohibited at 26 U.S.C. § 7214(a)(2) abused Nadine J. Griffin.

### Immutable law contemptuously disposed of by Young and Alexander to the benefit of Maietta

1. The federal district court is a court of limited jurisdiction, and as such, the party seeking to invoke the court's jurisdiction bears the burden of informing the court of the court's power to act judicially.
2. The federal district court, in trying criminal cases, is specifically presumed **not** to have jurisdiction.
3. Adverse party challenging the court's jurisdiction is invoking the ministerial capacity of the court depriving the court of judicial discretion.
4. The court is deprived of power, responsive to a jurisdictional challenge, to determine that the court <u>does</u> have jurisdiction, although the court has a duty to determine when the court <u>does not</u> have jurisdiction by examination of the record.
5. When jurisdiction is challenged, it is incumbent on the party asserting that the court has jurisdiction to show, on the record made in the instant case and not on one theoretically possible, wherein the are no jurisdictional failings.
6. When jurisdiction is challenged and the challenged party has had notice and opportunity fails to show, based on the face of the record and not by theory, that there are no jurisdictional defects, the court has a non-discretionary duty to dismiss the case for reason of lack of jurisdiction over a necessary party or lack of subject matter jurisdiction.

### Misconduct of Young and Alexander

Nadine J. Griffin moved the court to quash, dismiss, and exonerate, citing, *inter alia*, that the court was in want of personal jurisdiction over Nadine J. Griffin for reason that the indictment failed to inform the court of the statutory authority delineating any act allegedly committed by Nadine J. Griffin in the district of Massachusetts was a crime; the court was in want of subject matter jurisdiction for reasons that at least one of the counts clearly was in excess of the statute of limitations; Maietta failed to inform the court of the statutory authority establishing that anything that Nadine J. Griffin had done was illegal;

Maietta failed to inform the court of the procedural regularity required pursuant to the I.R.M. particularly at 25.3.1.3 1. Plainly speaking, the workmanship of Maietta demonstrates the error of motivating prosecutors with bonuses for successful prosecutions. In addition to being illegal and a criminal act, where parties are motivated by money, work becomes an obstacle perverting jurisprudence by unclean hands who set aside the Constitution's mandate for due process, the <u>Federal Rules of Criminal Procedure</u>, and the <u>Federal Rules of Evidence</u>, all in the illicit effort to get the "bonus bucks" with the least amount of effort. When Young had notice of Nadine J. Griffin's jurisdictional challenge, Young had a duty, not an option to act in a cavalier and disrespectful manner, to stay all proceedings until such time as Maietta proved the jurisdiction of the court. Young's next violation was erroneously claiming that he (Young) could not take notice of adjudicatory facts. Young must be considered intelligent, educated, and trained in the legal arts and therefore knew and understood that the representation, "THE COURT CANNOT TAKE NOTICE OF ADJUDICATORY FACTS," was erroneous, intended to deprive Nadine J. Griffin of due process of law, and co-incidentally, further underscoring the fact that Young, in the morally, ethically, and legally wrongful act of refusing to take judicial notice was acting in clear absence of all jurisdiction. Young's next exhibition of bad behavior was to ignore Nadine J. Griffin's objection to being arraigned before a magistrate judge. Even if Young had retained subject matter jurisdiction at that point the proceedings should have been stayed until Young ruled on the objection. Next, Young colluded with Maietta and Alexander, to defraud Nadine J. Griffin of due process: Young's clerk and Maietta both informed Nadine J. Griffin that Young would be performing the arraignment and not magistrate Alexander. **Young lied to Nadine Griffin about the issue of who would be conducting the arraignment hearing. Young's deception was extrajudicial.** Alexander conducted an arraignment hearing with assistance of Wild. During the arraignment hearing, Alexander bullied, threatened, and harassed Nadine J. Griffin in an attempt to cause Nadine J. Griffin to waive the Constitutionally secured right to self-representation. Not only was the demeanor of Alexander in breach of the <u>Code of Conduct for United States Judges</u>, Alexander proceeded in clear absence of all jurisdiction for reason that Nadine J. Griffin had an objection and jurisdictional challenge pending before the court.

"Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence." - Former Associate Justice of the United States Supreme Court – Mr. Justice Tom Clark.

"Our government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy." - Former Associate Justice of the United States Supreme Court – Mr. Justice Louis Brandeis.

"If you will lie, you will cheat. If you will cheat, you will steal. If you will steal, you will kill." - Current Associate Justice of the United States Supreme Court – Mr. Justice Clarence Thomas.

"Constitutional Chaos" **makes the case that there is a pernicious and ever-expanding pattern of government abuse in America's criminal justice system**. Napolitano's vast experience in the legal world has prompted him to adopt as the creed: "**The government is not your friend**." He reiterates that creed in the introduction of "Constitutional Chaos": It should be against the law to break the law. Unfortunately, it is not. In early 21st century America, a long-standing dirty little secret still exists among public officials, politicians, judges, prosecutors and police. **The government - federal, state and local - is not bound to obey its own laws**. I know this sounds crazy, but the events recounted in this book prove it true. "Constitutional Chaos" should be a wake-up call for every American who prizes personal liberty in a free society. **Because it breaks the law, the government is not your friend.** When I arrived on the bench, I had impeccable conservative Republican law-and-order credentials. When I left eight years later, I was a born-again individualist, after witnessing first-hand how the criminal justice system works to subvert and shred the Constitution. You think you've got rights that are guaranteed ? Well, think again. **Because the government breaks the law and denies it, the government is not your friend**. Eternal vigilance is the price of liberty, particularly

when it comes to the American criminal justice system. Nowhere else does the state have greater raw power over an individual's life, liberty, and property. And nowhere else are our constitutionally guaranteed rights and freedoms under such a relentless, subtle and ultimately devastating attack. Because the government breaks the law and hides it, the government is not your friend. An attorney, law professor, commentator and judge, Napolitano is Fox's chief legal analyst and substitute host of "The Big Story." In his new book, **Napolitano gives specific examples of government agents figuratively thumbing their noses at the Constitution**. Continues Napolitano in the book's introduction: Even though the Constitution, through the First Amendment and 14th Amendment, commands that neither the federal government nor the state governments can abridge the freedom of speech, you will see shortly that the government regularly prosecutes Americans for speaking freely and punishes them when they say things that the government doesn't want to hear. **Despite the government's duty to use its power to protect us, you will see how the federal and state governments have failed to protect us and have enacted laws which make it impossible for us to protect ourselves**. *Despite the government's obligation to protect us from crime, you will learn that the government actually creates crime by setting traps for the ignorant, the naïve, the criminally inclined and (those it hates)*. Judge Andrew P. Napolitano.

I, Nadine J. Griffin, declare under penalty of perjury that I have read Rules 1 and 2 of the Rules of the Judicial Council of the First Circuit Governing Complaints of Judicial Misconduct or Disablity; and the statements made in this complaint are true and correct to the best of my knowledge.

_Nadine J. Griffin_  
Nadine J. Griffin

_8/2/05_  
date

6