## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. CR-05-10175-WGY |
| ) | MOTION TO VACATE |
| v.s. ) | RE-CHARACTERIZATION OF JUDICIAL |
| ) | NOTICE BY WILLIAM G. YOUNG |
| Nadine J. Griffin ) | |
| _____ ) | |

Nadine J. Griffin, proceeding in special appearance, moves this court for vacation of the court's (1). Re-characterization of Nadine J. Griffin's judicial notice as a "motion for judicial notice," and (2). Denial of the same. These points of law shall be briefed inversely, the court lacked subject matter jurisdiction to disregard judicial notice for reason that the court trespassed on the substantive due process right of Nadine J. Griffin to a fair and impartial trial on the merits of the United State's still unverified claim.

### Brief in support motion to vacate

Nadine J. Griffin placed the court on notice of certain adjudicative facts as well as certain mandates including the Constitution's mandate for due process. The court, *sua sponte*, re-characterized the judicial notice as a so-called motion for judicial notice; and also proceeding *sua sponte*, denied the motion. The court mysteriously advocated that the court cannot be placed on notice by Nadine J. Griffin. The court's demeanor of disregarding the <u>Federal Rules of Evidence</u> was so aberrant to the ideals of substantial justice and fair play as to cause immediate apprehension that the court has no intention of proceeding according to the rule of law, to wit:

JUDICIAL NOTICE: F.R.E. Rule 201. Judicial Notice of Adjudicative Facts (a) Scope of rule. The rule governs only judicial notice of adjudicative facts. (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) Generally known within the territorial jurisdiction of the trial court or (2) <u>capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned</u>. (c) When discretionary. A court may take judicial notice, whether requested or not. (d) When mandatory. <u>A court shall take judicial notice if required by a party and supplied with the necessary information</u>. (e) Opportunity to be heard. <u>A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed</u>. (f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding. (g) Instructing jury. In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. <u>In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed</u>. See <u>Federal Criminal Trials,</u> Sixth Edition, Judge James Cissell.

The court wanted subject matter jurisdiction to disregard Nadine Griffin's judicial notice for reason that the court treated Nadine Griffin's judicial notice as a motion entitling Nadine Griffin with opportunity to be heard as to the propriety of taking judicial notice, then depriving Nadine Griffin of that very opportunity.

This court should also construe the court's action regarding the judicial notice as being in harmony with the United States Supreme Court's ruling in *Castro v. the United States*, 2003 WL 22938448(U.S.) wherein that Honorable Court determined that the court errs where the court re-

characterizes the pro se litigant's motion without prior informing the pro se of the consequence of the re-characterization of the motion.

## Conclusion

The rule of law requires: (1). This court waiting in repose until counsel for the United States' response time has run, (2). For objection to the judicial notice by the United States, this court has a duty to set a hearing to rule on the judicial notice of Nadine J. Griffin; or alternately, (3). For lack of objection, this court has a duty to input the judicial notice into the record and: (a). Should there be a jury trial, read the notice to the jurors and (b). instruct the jurors that they may, but are not required to, regard the judicially noticed evidence as conclusive.

Dated this 1st day of August, 2005.

Prepared and submitted by: _____
Nadine J. Griffin, pro se

**CERTIFICATE OF SERVICE**

I, Nadine J. Griffin, certify that Aug 2, 2005, I deposited Certified Mail Article #: _____, mailed a true and correct copy of the above and foregoing motion to vacate re-characterization of judicial notice to: Christopher Maietta, at:

Christopher Maietta
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210
MOVE TO VACATE RE-CHARACTERIZATION       3 Of 3        Nadine J. Griffin
OF JUDICIAL NOTICE                                      Certificate of mailing page 3