IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
) CASE NO. CR-05-10175-WGY
) MOTION TO VACATE M~~I~~NUTE (minute)
) ORDER ISSUED BY MAGISTRATE
) JOYCE LONDON ALEXANDER
)
vs. )
)
Nadine J. Griffin )
_____)

Nadine J. Griffin, proceeding in special appearance, moves this court for vacation of Joyce London Alexander's July 27th 2005 minute order including setting bond, setting a subsequent date for "arraignment," and restriction on travel – Magistrate Alexander was wholly lacking in judicial power to issue the order or any other order for reasons that Nadine J. Griffin, timely and in a procedurally proper mode, objected to proceedings before Alexander and Nadine J. Griffin had challenged the court's jurisdiction, both personal and subject matter jurisdiction – both matters were unresolved when Alexander presumed jurisdiction to conduct an arraignment hearing and set conditions of release including restricting Nadine J. Griffin's right to travel.

Brief in support motion to vacate

July 21st 2005, Nadine J. Griffin objected to being arraigned on July 27th 2005 before a magistrate. William G. Young neither sustained nor denied the objection. Disregarding Nadine J. Griffin's substantive due process right to object to being arraigned before a magistrate offends ideals of substantial justice and fair play.

MOVE TO VACATE MINUTE ORDER         1 Of 4         Nadine J. Griffin

Certificate of mailing page 4

July 21st 2005, Nadine J. Griffin also moved the court for dismissal effecting a stay in the proceedings until such time as Christopher Maietta could prove the court's jurisdiction. All competent jurists know and understand:

1. The federal district court is a court of limited jurisdiction, and as such, the party seeking to invoke the court's jurisdiction bears the burden of informing the court of the court's power to act judicially.

2. The federal district court, in trying criminal cases, is specifically presumed <u>not</u> to have jurisdiction.

3. Adverse party challenging the court's jurisdiction is invoking the ministerial capacity of the court depriving the court of judicial discretion.

4. The court is deprived of power, responsive to a jurisdictional challenge, to determine that the court <u>does</u> have jurisdiction, although the court has a duty to determine when the court <u>does not</u> have jurisdiction by examination of the record.

5. When jurisdiction is challenged, it is incumbent on the party asserting that the court has jurisdiction to show, on the record made in the instant case and not on one theoretically possible, wherein the are no jurisdictional failings.

Magistrate Alexander's process, that was in clear absence of jurisdiction for reason of Nadine J. Griffin's objection, was compounded by Alexander's disregard for Nadine J. Griffin's jurisdictional challenge embodied in Nadine J. Griffin's motion to quash, dismiss, and exonerate which Alexander pretended to not to be aware of.

Going behind the pleadings: statement of Nadine J. Griffin

In my Constitutionally protect opinion, it appears to be reasonable and logical that Judge Young realized that this instant case is defective. In my Constitutionally protected opinion, William G. Young is highly intelligent, very, very knowledgeable in the law and the foundation document for the law, the United States Constitution, the <u>Federal Rules of Criminal Procedure,</u> and the <u>Federal Rules of Evidence,</u> and therefore knew and understood that fair, unbiased review of this case, in the best light imaginable for Christopher Maietta, required, as a matter of law, dismissal of one count of this case with prejudice and the other without prejudice and ordering Maietta to seek a superceding grand jury's determination proctoring the grand jury to evaluate issues of exhausting administrative remedy and the good faith beliefs of Nadine J. Griffin.

In my Constitutionally protected opinion, William G. Young is, first and foremost, the guardian of my liberties, knows that a "CID" indictment is defective absent demonstration that CID has exhausted administrative remedies found at I.R.M. 25.3.1.3 1, and defective absent forensic examination of my good faith beliefs as per I.R.M. 25.1.3 1.a. In my Constitutionally protected opinion, Judge Young was empathetic towards Christopher Maietta and acted to bolster Maietta's career at the expense of my rights and liberties. In my Constitutionally protected opinion, William Young, Joyce London Alexander, and Christopher Maietta orchestrated sham legal process (star chamber) in the form of the *ultra vires* arraignment hearing of July 27th 2005 which had the intended results of breaking me emotionally and salvaging Christopher Maietta's case and possibly Maietta's career as well. When I proved unbreakable, Alexander was frustrated in her scheme and had to continue the proceedings.

## Conclusion

Whereas this court has actual knowledge that Joyce London Alexander proceeded in clear absence of jurisdiction to continue the arraignment hearing, set bond, and restrict travel, William G. Young has a non-discretionary duty to vacate Alexander's order setting a superceding arraignment, establishing a bond, and restricting travel.

Dated this 1st day of August, 2005.

Prepared and submitted by: _____
Nadine J. Griffin

## CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that Aug 2, 2005, I deposited Certified Mail Article #: _____, mailed a true and correct copy of the above and foregoing motion to vacate minute to: Christopher Maietta, at:

Christopher Maietta
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

MOVE TO VACATE MINUTE ORDER        4 Of 4        Nadine J. Griffin

Certificate of mailing page 4