IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. CR-05-10175-WGY |
| Plaintiff | ) | |
| | ) | NOTICE OF INTENT TO PROCEED PRO |
| | ) | PURSUANT TO THE U.S. |
| | ) | CONSTITUTION AT AMENDMENT VI |
| | ) | AND IX REGARDING THE QUI TAM |
| | ) | ACTION PENDING AGAINST |
| Nadine J. Griffin | ) | DEFENDANT Nadine J. Griffin |
| | ) | |

Nadine J. Griffin, proceeding in special appearance, on her own behalf (*pro se*), files this notice of pro se presentation of the action in *qui tam* appearance in the above styled case. Without waiving any rights whatsoever, Nadine J. Griffin herein invokes her Rights as protected pursuant to Amendment VI and IX of the Constitution for the United States of America.

NOTICE OF INTENT TO   1 Of 5   Nadine J. Griffin
PROCEED PRO SE                   Certificate of mailing page 5

## I. Pleadings and papers by pro se litigant.

Defendant in *qui tam*, Nadine J. Griffin moves this Court *pro se*, unschooled in law, and is therefore waived from being held to the standards of a bar attorney as stated in Haines, *"however inartfully plead, [pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle them to relief."* Haines v. Kerner, 404 U.S., 519-521; Richardson v. Flemming, 651 F 2d at 368 (quoting Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d. 251, (1976); Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957); Alexander v Ware, 714 F.2d 416 (1983); Hayes v Western Weighing and Inspection Bureau, 838 F.2d. 1434 (5th Cir. 1988)). *". . . pro se litigants factual allegations in the complaint must be accepted as true, along with any reasonable inferences that may be drawn there from.* Ryland v. Shapiro, 708 F.2d. 987 (5th Cir.1983). pro se litigants *complaint* must not be read "too narrowly", but must instead be read "liberally" so that any inferences may be drawn there from. Bruce v. Wade, 537 F.2d.850 (5th Cir.1976). Defendant respectfully requests this court take judicial notice of Haines supra as such doctrines are applicable in this instant case as the *qui tam* defendant has every intention of honoring the Court's decorum. The *qui tam* defendant indulges this court to exercise impartiality at all stages of this action and adhere to such doctrines pursuant to rule and conditions precedent.

## II.
## Authorities in support

1

2   The *qui tam* defendant Nadine J. Griffin, proceeds under the authority of her Rights as protected pursuant to Amendment VI and IX of the Constitution for the United States of America. Amendment VI reads in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."

   The language of Amendment VI does not include or prohibit Nadine J. Griffin's right of self-representation. This right is further protected at Amendment IX so stating: *"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparate others retained by the people."*

   The issue of self-representation by *pro se* litigants was discussed at length wherein the United States Supreme Court concluded: "The Sixth Amendment as made applicable to the States by the Fourteenth Amendment guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so; and in this case the state courts erred in forcing petitioner against his will to accept a state-appointed public defender and in denying his request to conduct his own defense. <u>Faretta v. California</u>, 422 U.S. 806 Pp. 812-836. (1975)

   The "Benchbook for U.S. District Court Judges" Fourth Edition – March 2000 Revisions 1.02 Assignment of counsel or pro se representation – at subsection C pages 3 to 5. If defendant does not wish counsel: *"The accused has a constitutional right to self-representation"*, is in harmony with the constitution and the Faretta decision supra. The "Benchbook" moves to instruct the judicial officer to ask 15 questions to determine if the defendant's waiver of counsel is knowing and voluntary. The Court has the option of appointing standby counsel to assist the *qui tam*

2  defendant, Nadine J. Griffin with the case. *"Some of the damage we can anticipate from a*
3  *defendant's ill advised insistence on conducting his own defense may be mitigated by appointing*
4  *a qualified lawyer to sit in the case as the traditional "friend of the court."* "The Court does not
5  foreclose this option." See ante, 834-835, n. 46.

6  The statutory reference to self-representation is disclosed in the judicial code pursuant to 28
7  U.S.C. § 1654. Appearance personally or by counsel "In all courts of the United States the
8  parties may plead and conduct their own cases personally or by counsel as, by the rules of such
9  courts, respectively, are permitted to manage and conduct causes therein. Without belaboring the
10 issue, the *qui tam* defendant Nadine J. Griffin, invokes the authorities as stated herein supra.

12 WHEREAS: the *qui tam* defendant Nadine J. Griffin gives notice to this Court of her intent to
13 proceed "pro se" and on her own behalf. In the event the Court proceeds to appoint standby
14 counsel, the *qui tam* defendant Nadine J. Griffin does not consent to the court appointed counsel
15 receiving, holding and/or controlling discoverable materials, including Jencks materials that may
16 be sufficient to dispose of this case prior to trial.

17 Respectfully Submitted,

18 Dated this 3rd day of August, 2005.

20 Prepared and submitted by: _____
   /Nadine J. Griffin
   "pro se"

NOTICE OF INTENT TO                4 Of 5                Nadine J. Griffin
PROCEED PRO SE                                           Certificate of mailing page 5

1

2 **CERTIFICATE OF SERVICE**

3 I, Nadine J. Griffin, certify that July 2, 2005, I deposited Certified Mail Amendment #:

4 _____, mailed a true and correct copy of the above and

5 foregoing notice of appearance to: Christopher Maietta, at:

6

7

Christopher Maietta
8 United States Attorney's Office
1 Courthouse Way
9 Suite 9200
Boston, Massachusetts 02210
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

NOTICE OF INTENT TO         5 Of 5              Nadine J. Griffin

PROCEED PRO SE                                  Certificate of mailing page 5