UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff<br><br>v.<br><br>NADINE J. GRIFFIN,<br>        Defendant | )<br>)  Criminal No. 05-CR-10175-WGY-1<br>)<br>)<br>)<br>)<br>)<br>) |

### UNITED STATES' CONSOLIDATED RESPONSE TO
### DEFENDANT NADINE J. GRIFFIN'S VARIOUS MOTIONS

The United States, by and through its undersigned attorney, hereby files its Consolidated Response to Defendant Nadine J. Griffin's Various Motions. The United States respectfully requests that the Court conduct a hearing pursuant to Faretta v. California, 422 U.S. 806 (1975). The United States objects to all of defendant's demands and requests, unless specifically addressed otherwise in this consolidated response.

**I.    PROCEDURAL HISTORY**

On July 13, 2005, a grand jury sitting in the District of Massachusetts returned a two-count indictment charging defendant Griffin with filing false income tax returns for 1998 (Count 1) and 1999 (Count 2), in violation of 26 U.S.C. § 7206(1). See Docket Entry # 1. Thereafter, an arraignment date was scheduled for July 27, 2005, before the Honorable Joyce London Alexander. See Docket Entry # 2. Prior to the arraignment, defense counsel James A. Krasnoo filed a motion to withdraw as counsel on behalf of defendant, and his motion was granted by the Court. See Docket Entry # 3. Thereafter, defendant Griffin entered a motion of appearance stating that she was representing herself. See Docket Entry # 4. On July 21, 2005, prior to the scheduled arraignment date, defendant filed various motions that basically challenged the

jurisdiction of this Court and alleged that the indictment was flawed. See Docket Entries # 6-10. On July 27, 2005, the Honorable Joyce London Alexander continued the arraignment to August 11, 2005, so that defendant Griffin could retain an attorney. Thereafter, on August 4, 2005, defendant filed other various motions, including a motion stating that she wanted to proceed pro se. See Docket Entries # 13-17.

On August 11, 2005, defendant Griffin refused to enter a plea. The Court noted defendant's objection and entered a plea of not guilty on defendant's behalf. An inquiry was made as to whether defendant wanted to proceed pro se, and the case was referred to the Honorable Chief Judge William G. Young.

## II.   DISCUSSION

As a preliminary matter, the government did not file any response to the defendant's motions of July 21, 2005 and August 4, 2005, because the motions were filed before arraignment and before the Court had an opportunity to determine whether defendant Griffin may proceed pro se.

Federal Rule of Criminal Procedure 12(c) provides that the "court may, at the arraignment, or as soon afterward as practicable, set a deadline for the parties to make pretrial motions." The Advisory Committee Notes to Rule 12 also state that subdivision (c) "provides that a time for the making of motions shall be fixed at the time of the arraignment or as soon thereafter as practicable by court rule or direction of a judge." The Notes further state that "the date may be set before the arraignment if local rules of court so provide."

The Local Rules of the United States District Court for the District of Massachusetts do not establish a motion filing date before arraignment. See Local Rule 7.1 ("[a]t the earliest

practicable time, the judicial officer shall establish a framework for the disposition of motions, which, at the discretion of the judicial officer, may include specific deadlines or general time guidelines for filing motions."); see also L.R. 112.1 (stating that motion practice in criminal cases shall be subject to L.R. 7.1). As a result, the government did not immediately respond to defendant Griffin's motions that were filed prior to the arraignment. And although the Court has not set any time guidelines for filing motions since the arraignment, the government will nevertheless briefly respond to defendant's motions in the event a response is required.

The defendant has filed several motions, all of which should be denied. First, defendant's motion to quash the indictment should be denied. The court of appeals has held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004) (citation omitted). Further, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" Id. (citations omitted). In this case, the defendant was indicted on charges of filing false income tax returns, in violation of 26 U.S.C. § 7206(1), and the indictment tracks the language of the statute. Accordingly, the indictment is valid on its face.

Defendant's allegation that the statute of limitations precludes prosecution is without merit. Count One of the indictment alleges that defendant Griffin filed a false income tax return for the 1998 tax year, in violation of 26 U.S.C. § 7206(1). The statute of limitations for a

§ 7206(1) offense begins six years from the date of filing or the statutory due date, whichever is later. See 26 U.S.C. § 6531(5); United States v. Habig, 390 U.S. 222, 223 (1968) (holding that the § 6531 statute of limitations period runs from the date of the actual filing of the return and not from the original due date of the return). In this case, defendant filed her 1998 income tax return on July 30, 1999. The statute of limitations would have terminated on July 30, 2005. The grand jury returned the indictment on July 13, 2005. Accordingly, the indictment was brought within the statute of limitations period.

Defendant Griffin also objected to being arraigned before a magistrate judge. While defendant's claim appears moot at this point, her objection was nevertheless baseless. Federal Rule of Criminal Procedure 10 provides, in pertinent part, that an "arraignment must be conducted in open court and must consist . . . of reading the indictment." At least one district court has addressed a similar issue and found that a defendant is not prejudiced when arraigned in open court before a magistrate judge. See Carter v. United States, 388 F. Supp. 1334, 1338 (W.D. P.A. 1975). Here, the defendant was arraigned in open court before a U.S. magistrate judge and informed of the allegations in the indictment.

Defendant's assertion that this Court lacks jurisdiction over her case is also baseless. United States District Courts have jurisdiction over criminal offenses. 18 U.S.C. § 3231. Section 3231 gives district courts original jurisdiction over "all offenses against the laws of the United States," and the Internal Revenue Code defines offenses against the laws of the United States. See United States v. Huguenin, 950 F.2d 23, 25, n.2 (1st Cir. 1991) (district court had jurisdiction over criminal tax prosecution); Salberg v. United States, 969 F.2d 379, 384 (7th Cir. 1992) (district court had jurisdiction over prosecution involving tax evasion and failure to file income

tax returns).

Finally, the government respectfully requests a Faretta hearing to determine whether the defendant may proceed pro se. Before a defendant can represent herself, she must knowingly and intelligently waive the traditional benefits associated with her Sixth Amendment right to counsel. Faretta v. California, 422 U.S. 806 (1975). In order for a defendant to waive those benefits, she must (1) be informed by the Court of the dangers and disadvantages of self representation and (2) be informed by the Court of the "ground rules" of trial procedure. Id. at 835-36. Because defendant's motions suggest that she intends to proceed pro se, the defendant must be made aware of the dangers and risks involved in proceeding pro se. However, while a criminal defendant has a right to self-representation, Faretta, 422 U.S. at 835, that right is not absolute, and the Sixth Amendment right to counsel is paramount. United States v. Proctor, 166 F.3d 396, 401-02 (1st Cir. 1999).

By electing to exercise her constitutional right to present her own defense, a defendant necessarily waives her constitutional right to be represented by counsel. United States v. Cromer, 389 F.3d 662, 680 (6th Cir. 2004); United States v. Mosley, 810 F.2d 93, 97 (6th Cir.1987) ("'The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other.'" (quoting United States v. Conder, 423 F.2d 904, 908 (6th Cir. 1970)).

In light of defendant's court filings, a Faretta hearing should be conducted.

### III. CONCLUSION

WHEREFORE, the United States respectfully requests that the Court conduct a Faretta hearing to determine whether defendant Griffin wishes to waive her Sixth Amendment right to

counsel and proceed pro se, and the United States respectfully requests that the Court deny all of the defendant's motions, including defendant's motion to quash the indictment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *Christopher J. Maietta* (CJM)
CHRISTOPHER J. MAIETTA
Trial Attorney
U.S. Department of Justice
(202) 514-4661

Dated: August 22, 2005

## CERTIFICATE OF SERVICE

This is to certify that I have this day, August 22, 2005, served upon the person listed below a copy of the foregoing document by facsimile and mail:

> Nadine J. Griffin
> 13799 Park Blvd. North
> #244
> Seminole, Florida 33776-3402

*Christopher J. Maietta* (CJM)
CHRISTOPHER J. MAIETTA
Trial Attorney
U.S. Department of Justice