1

2                          In the District Court of the United States
                              For the District of Massachusetts
3    United States of America                    )
                                                 )        case number CR-05-10175-WGY
4                      Plaintiff                  )
                                                 )        response to the United States
5                                                )        answer and objection to a
                                                 )        Faretta hearing prior to
6    vs.                                          )        jurisdiction being established
                                                 )
7    Nadine J. Griffin                           )
                                                 )
8    _____)

9          Nadine J. Griffin's objects to a Faretta hearing and reply to the United States answer to

10   Nadine's motions to dismiss and vacate, or in the alternative, Nadine J. Griffin moves to vacate

11   the court's order denying the motion to dismiss and any other orders of the court based on the

12   United States' putative answers.

13                          Grounds for objection and Brief in support

14         Notwithstanding the fact that plaintiff's putative counsel answered out of time without

15   citation of excusable neglect, the record is not reliable to support denial of any of Nadine

16   Griffin's motions. In example, the record is wholly lacking in factual sufficiency to inform this

17

18   court of this court's judicial power to adjudicate a criminal complaint against Nadine J. Griffin

19   under authority of 26 U.S.C. § 7206.

20         Prosecution of an action under authority of 26 U.S.C. § 7206 requires the following

21   factual sufficiency to empower the court with jurisdiction over the subject matter: (1). Internal

22   Revenue Service, Criminal Investigative Division must rely on form 4930 and form 4930A for

23   authorization to conduct a criminal investigation: These documents are not in the record. (2).

24

RESPONSE TO UNITED STATES ANSWER              1 Of 5              Nadine J. Griffin

OBJECTION TO FARETTA HEARING                                     Certificate of mailing page 5

The Regional Counsel must determine that the matter should proceed: This document is not in the record. (3). The Tax Division must determine that the matter should go forward: This document is not in the record. (4). The United States Department of Justice must have authorization as shown on a Treasury Delegation Order to proceed with criminal suit: The required "T.D.O." is not of record. (5). Authority to bring suit requires exhaustion of administrative remedies: Verification that the IRS exhausted administrative remedy by noticing Nadine Griffin via statutory notices of deficiency is not of record. (6). Authority to issue summons requires approval: This document is not of record. (7). The Elements of 7206(a). proof that the defendant signed a tax return required by law: These documents are not in the record. (b). The defendant signed a tax return required by law under penalty of perjury: Verification is not in the record. (c). The return was false: Verification is not of record. (d). The falsity was material, and (e). The defendant acted willfully: no evidence in the record.

I. Notice to the court of material misstatements of fact authored by Christopher Maietta

Christopher J. Maietta, on page one, second paragraph of Mr. Maietta's response states: "Prior to the arraignment, defense counsel James A. Krasnoo filed a motion to withdraw as counsel on behalf of defendant." This court is noticed: this commentary is misleading as James A. Krasnoo's name was entered into the record by subterfuge involving Christopher J. Maietta. James A. Krasnoo never entered an appearance in these proceedings.

Christopher J. Maietta, on page two, fourth and fifth paragraphs claims that a party must wait for a deadline to be set to make pretrial motions. This court has knowledge that a motion to

RESPONSE TO UNITED STATES ANSWER                    2 Of 5                    Nadine J. Griffin

OBJECTION TO FARETTA HEARING                                          Certificate of mailing page 5

1

2    dismiss for lack of subject matter jurisdiction is not a "pretrial motion" – the jurisdictional

3    question can be raised at any time.  Nadine J. Griffin should not be punished for Christoher J.

4    Maietta's lack of competency in the law.

5    Christopher J. Maietta, on page three, second paragraph states: "It is generally sufficient

6    that an indictment set forth the offense in the words of the statute itself." This court is noticed:

7    Christopher J. Maietta fails to acknowledge that 26 U.S.C. § 7206, like companion statutes 26

8    U.S.C. §§ 7301 & 7303 prescribe penalties for violation of another section of title 26.

9    Christopher Maietta cannot inform this court of what section of title 26 makes Nadine J. Griffin

10   subject to and liable for a tax and what section of title 26 requires that Nadine J. Griffin file a tax

11   return. Nadine J. Griffin informed this court of the many statutes under title 26 which make a

12   person subject to and liable for a tax; and if necessary, Nadine J. Griffin can inform this court of

13   about 110 statutes referring to a "tax return."  This court is in want of an explanation as to why

14   Christopher J. Maietta is not able to identify which of the taxing statutes and which of the

15   statutes referencing tax returns apply to Nadine J. Griffin other than none apply to Nadine J.

16   Griffin.

17   Christopher J. Maietta, on page four, first paragraph states: "In this case, defendant filed

18   her 1998 income tax return on July 30, 1999."  This court is noticed: Whether Nadine J. Griffin

19

20   filed an income tax return on July 30, 1999 is a *fact not in evidence*.

21   Christopher Maietta claims that Magistrate judge Alexander had jurisdiction to arraign

22   Nadine J. Griffin. This court lacks and explanation of how magistrate Alexander could have

23   jurisdiction to conduct an arraignment hearing where Nadine J. Griffin objected and challenged

24

RESPONSE TO UNITED STATES ANSWER              3 Of 5              Nadine J. Griffin

OBJECTION TO FARETTA HEARING                              Certificate of mailing page 5

Alexander's jurisdiction relying on 28 U.S.C. §§ 631 through 636 et seq.  All competent jurists know and understand that when jurisdiction is challenged, it is incumbent on the party asserting that the court has jurisdiction to show, on the record wherein the court has jurisdiction.

Christopher J. Maietta, on page four, third paragraph states: "Defendant's assertion that this Court lacks jurisdiction over her case is also baseless. United States District Courts have jurisdiction over criminal case. 18 U.S.C. § 3231." This commentary verifies that Christopher J. Maietta lacks competency in the law. This court has knowledge that mere recitation on statute alone does not establish the jurisdiction of the court. Maietta's claim that this court has jurisdiction is wholly lacking in factual sufficiency.

## Conclusion

Absent proofs of factual sufficiency, on the record, this court lacks subject matter jurisdiction to adjudicate a claim against Nadine Griffin under authority of 26 U.S.C. § 7206. Further, until such time the United States plaintiff has properly invoked the jurisdiction of this Court, Nadine J. Griffin objects to having a Faretta hearing, or any hearing that would presume to conclude that both subject matter and personam jurisdiction have been established.

Dated this 1ˢᵗ day of September, 2005.

Prepared and submitted by: _Nadine J Griffin_
                                                Nadine J. Griffin,

RESPONSE TO UNITED STATES ANSWER                    4 Of 5                    Nadine J. Griffin

OBJECTION TO FARETTA HEARING                                        Certificate of mailing page 5

1

2

3

4

5                              CERTIFICATE OF SERVICE

6    I, Nadine J. Griffin, certify that July 2, 2005, I deposited Certified Mail Article #:

7    _____, mailed a true and correct copy of the above and

8    foregoing response to United States answer to: Christopher Maietta, at:

9

10   Christopher Maietta
11   United States Attorney's Office
     1 Courthouse Way
12   Suite 9200
     Boston, Massachusetts 02210
13

14

15

16

17

18

19

20

21

22

23

24

**RESPONSE TO UNITED STATES ANSWER**          5 Of 5          Nadine J. Griffin

**OBJECTION TO FARETTA HEARING**                        Certificate of mailing page 5