UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal No. 05-CR-10175-WGY-1 |
| v. | ) |
| NADINE J. GRIFFIN, | ) |
| Defendant. | ) |

UNITED STATES' OPPOSITION TO DEFENDANT GRIFFIN'S RESPONSE DATE SEPTEMBER 6, 2005

The United States, by and through its undersigned attorney hereby files its Opposition to Defendant Griffin's Response to the United States' Answer and Objection to a Faretta Hearing Prior to Jurisdiction Being Established. The United States objects to each of defendant's demands and requests set forth in her response. The United States hereby briefly responds to defendant Griffin's frivolous arguments. The United States stands prepared to respond more fully if the Court would find additional briefing helpful.

Defendant sets forth several frivolous arguments as to why the indictment and prosecution are unwarranted. As explained in the previous motion filed by the United States (Docket # 20), this Court has jurisdiction over this prosecution. Defendant's frivolous argument that this Court lacks subject jurisdiction over Title 26 offenses has been consistently rejected by federal courts. See e.g., United States v. Huguenin, 950 F.2d 23, 25,

n.2 (1st Cir. 1991) (district court had jurisdiction over criminal tax prosecution); Salberg v. United States, 969 F.2d 379, 384 (7th Cir. 1992) (district court had jurisdiction over prosecution involving tax evasion and failure to file income tax returns); United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1992) (district courts have original jurisdiction of offenses against the laws of United States, and "[i]t follows that district courts have jurisdiction over Title 26 offenses"); United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting similar tax protester argument that district court lacked jurisdiction over defendant because he was resident of Michigan).

Defendant's argument that the federal tax laws do not apply to her and that she is not required to file income tax returns are completely without merit and are frivolous. In United States v. Collins, the Tenth Circuit rejected a similar argument, and held that

> "Article I, section 8 and the sixteenth amendment . . . empower Congress to create and provide for the administration of income tax; the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within that authority. Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant . . . For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes direct non-apportioned tax upon on the United States

>    citizens throughout the nation, not just in federal
>    enclaves . . . efforts to argue otherwise have been
>    sanctioned as frivolous . . ."

920 F.2d 619, 629 (10th Cir. 1990) (citations omitted). Furthermore, the Supreme Court has defined income as "the gain from capital, from labor, or from both." Eisner v. Macomber, 2 U.S. 189, 207 (1920). Title 26 U.S.C. § 61(a) defines gross income as "all income from whatever source derived, including '[c]ompensation for services,'" and 26 U.S.C. § 6012 makes fili income tax returns mandatory.

    Here, defendant not only earned gross income (as stated on her income tax returns), but she also filed income tax returns for the tax years 1998 and 1999. Thus, defendant's argument th she was not required to file an income tax return is patently frivolous and absurd; defendant filed the tax returns.

    Defendant asserts that prosecution is barred by the statut of limitations. As previously stated in the United States' motion (Docket #20), defendant was indicted within the statute limitations period. The statute of limitations for a § 7206(1) offense begins six years from the date of filing or the statuto due date, whichever is later. See 26 U.S.C. § 6531(5); United States v. Habig, 390 U.S. 222, 223 (1968) (holding that the § 6531 statute of limitations period runs from the date of the actual filing of the return and not from the original due date o the return). In this case, defendant filed her 1998 income tax

return on July 30, 1999. The statute of limitations would hav[e] barred prosecution beginning on July 30, 2005. The grand jury returned the indictment on July 13, 2005. Accordingly, the indictment was brought within the statute of limitations perio[d].

Contrary to defendant's assertion, the United States' previous filing was not untimely. Defendant's other allegation[s] have already been addressed in the United States' previous motion, and no additional response appears necessary at this time. Nevertheless, in the event additional briefing is required, the United States respectfully requests leave to subm[it] additional briefing.

WHEREFORE, the United States respectfully requests that th[e] Court deny defendant's motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
VICTOR A. WILD for
CHRISTOPHER J. MAIETTA
Trial Attorney
U.S. Department of Justice
(202) 514-4661

Dated: September 20, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day, September 20, 2005, served upon the person listed below a copy of the foregoing document by mail:

    Nadine J. Griffin
    13799 Park Blvd. North
    #244
    Seminole, Florida 33776-3402

                                    _____
                                    Victor A. Wild for
                                    Christopher J. Maietta