FILED
IN CLERKS OFFICE

2005 SEP 27  P 12: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　Plaintiff　　)<br>vs.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>Nadine J. Griffin　　　　　　)<br>　　　　　　　Defendant　　　)<br>_____) | CASE NO. CR-05-10175-WGY<br><br>MOVE TO DISMISS FOR VIOLATION O<br>THE SIXTH AMENDMENT TO THE<br>CONSTITUTION AND SPEEDY TRIAL AC |

Nadine J. Griffin moves this court for dismissal of this action under authority of Art VI of the Constitution for the United States of America and 18 U.S.C. § 3161, "Speedy T Act," for the violations enumerated herein. The record reflects unambiguously that, Christop Maietta, a seasoned attorney for the government, has shown intentional bad faith and negle extremely prejudicing the rights of the accused Nadine J. Griffin, lending a dismissal v prejudice the only just and proper remedy to meet the ends of justice.

Brief in support

The Sixth Amendment to the Constitution for the United States of America is the foundatio cornerstone that protects Nadine J.Griffin's right to a speedy trial. This right has been discus: in several landmark cases that define the elements, providing *provisio* under the Speedy T Act codified in Title 18 of the United States Code as follows:

18 U.S.C § 3161 (c)(1) states in pertinent part:
　(1) In any case in which a plea of not guilty is entered, ***the trial of a defendant charged an information or indictment with the commission of an offense shall commen within seventy days from the filing date*** (and making public) of the information

indictment, *or from the date the defendant has appeared before a judicial officer of court in which such charge is pending*, whichever date last occurs.

18 U.S.C § 3161 (c)(2) states in pertinent part:
(2) *If a defendant is not brought to trial within the time limit required by section* 3161(c) extended by section 3161(h), *the information or indictment shall be dismissed on motion* f *the defendant*.

This court has actual knowledge that the established rule is the right to a speedy tri: "fundamental" and is imposed by the Due Process Clause of the Fourteenth Amendment and rule of law requires: (1), That trials must commence (with *voir dire* of the jurymen setting time of commencement of the trial) within seventy days of the indictment or first appeara whichever is later, and (2), That truncating the "30-day preparation period" before the tri commencement is a trespass on the substantive due process rights of the accused. This co additionally has actual knowledge that the alleged first appearance occurred on July 27th 2( setting the date for *voir dire* of the jurymen to be not later than October 5th 2005.

This court has actual knowledge that the accused Nadine J. Griffin is prejudiced as suffici time is lacking to: (1), set the matter for trial within the Act, (2), the delays are attributable to government intent to gain a tactical advantage at the expense of prejudice to the defendant ( the government has delayed scheduling a trial date for its own benefit (4), the defense impaired with the passage of time disallowing Nadine J. Griffin sufficient time to exerc substantive due process rights to pre-trial procedures. See the four pronged elements of the *st decisis* case in *Barker v. Wingo* (1972).

This court further knows and understands that the Speedy Trail Act is a "shall" statute depriv: the court of discretion to decline or refuse to dismiss this instant case. The court must or dismissal. The only remedy for deprivation of the constitutional right to a speedy trial dismissal of the charge. See *Strunk v. United States*, 412 U.S. 434, at page 440, (1973).

The court lacks discretion to deny dismissal for violation of the Speedy Trail Act ab proofs (the prosecution has the burden of proof) that one of the following occurred imposi delay: (1). Showing that other proceedings involved the defendant prohibiting the instant ma from going forward, (2). Showing that court ordered examination of the mental competenc the defendant delayed the case, (3). Deferral of the prosecution, (4). Assembling additional other charges against the defendant, (5). Delay resulting from transfer or removal, (6). D involving transportation, (6). Consideration of a plea offer by the court, (7). An interlocut appeal, (8). Absence or unavailability of a defense witness, (9). Delay regarding a co-defend (10). Delay imposed by the filing of a pretrial motion, or (11). Flight of the defendant. Abs the prosecution verifying one or more of these delays, this court is in want of authority to d dismissal of this instant case for violation of the Speedy Trial Act.

The court is empowered with discretion to determine whether the matter should dismissed with or without prejudice. See *United States v. Brown*, 770 F.2d 241, at pages 242 243 (1st Cir. 1985). The court, in determination of whether the matter should be dismissed w or without prejudice, should make meaningful inquiry into each of the following three facto (1), The seriousness of the offense, (2), the facts and circumstances of the case which led to dismissal, and (3), the impact of a re-prosecution on the administration of justice.

This court is noticed, regarding the issue of the seriousness of the offense, Nadine never been convicted, indicted, or even accused of a crime of violence such as would pose potential threat to life or property; and in this instant case, Nadine has not been accused committing a statutory crime. This court is reminded: ***there are no common law crimes in t federal.*** The government failed to inform this court of the duty that Nadine J. Griffin w administratively noticed of and the nexus between any activity engaged in by Nadine J. Grif

and any *statute* making that activity an offense to the criminal laws of the United States.

facts and circumstances of this instant case which compel dismissal reveal a federal prosec[utor]

has acted in such incompetence resorting to harassment, threats, and deception in an attemp[t to]

manipulate Nadine J. Griffin into surrendering the full bundle of rights reserved by [the]

Constitution that has resulted in the absolute prejudice of Nadine J. Griffin's case.

To reiterate, the factual basis for the non-discretionary mandatory dismissal as defined by [the]

Act, Christopher Maietta has compromised the integrity of this court by bringing an untim[ely]

and defective non-suit before this court with the expectation that this court will cooperate in [the]

evisceration of Nadine J. Griffin to maintain the status quo treatment of *pro se* litigants. Las[tly it]

would seem egregious error on the part of this court not to dismiss with prejudice and sanct[ion]

Christopher Maietta. To allow Maietta to continue Maietta's antics before this court, presume[d to]

be a court of justice, would have a severely deleterious effect of the due administration of just[ice]

in this and other federal venues where Maietta works his mischief. As the late Johnny Coch[ran]

so eloquently espoused, "*An injustice anywhere, is a threat to justice everywhere.*"

This court is noticed of the following inescapable logic: (1). Nadine J. Griffin's fi[rst]

appearance was on July 27th 2005 compelling this court's dismissal for violation of the Spee[dy]

Trial Act, or (2). Nadine J. Griffin's objection to being arraigned before a magistrate judge w[as]

procedurally proper and sustained by the court, depriving Magistrate Alexander of judicial pow[er]

to order restrictions on Nadine J. Griffin's Constitutionally reserved right to travel. Regardle[ss]

this case must be dismissed as a matter of law for reasons: (1), excess of the Speedy Trial Act,

(2), there has been no legitimate first appearance and arraignment but the prosecution's violati[on]

of 18 U.S.C. § 1001 by making a false statement to the press: (i) soils the hands of t[he]

prosecution warranting prosecution of the prosecution, and (ii) severely prejudices the right [of]

Nadine J. Griffin to a fair and impartial trial – denial of due process such as is a fair impartial trial, deprives this court of subject matter jurisdiction. See newspaper article, (cite).

## Conclusion

**WHEREAS;** the accused Nadine J. Griffin moves as follows:

This court's judicial officers having actual knowledge, facts and law of this case – havin known legal duty to protect the Constitutional rights of the accused, Nadine J. Griffin moves dismissal with prejudice of this action in *qui tam* for violation of the Speedy Trail Act as intri and extrinsic evidenced on the court's record establishes the accused Nadine J. Griffin has the burden of proof necessary to grant such an order.

Dated this 27th day of September, 2005.

Prepared and submitted by: _____
                            Nadine J. Griffin

### CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that July ____, 2005, I deposited Certified Mail Article _____, mailed a true and correct copy of the above a foregoing move for dismissal for violations of the Sixth Amendment and the Speedy Trial A Christopher Maietta, at:

Christopher Maietta
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210