# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> Nadine J. Griffin ) <br> ) <br> Accused/ Defendant ) | CASE NO. CR-05-10175-WGY <br><br> **MOVE FOR BILL OF PARTICULARS UNDER THE FIFTH AND SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION** |

Accused defendant, Nadine J. Griffin *pro se*, and pursuant to Fed. R. Crim. P. 7(f), and the Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court for an order compelling the government to file a bill of particulars, setting forth the following:

## COUNT 1
## 26 U.S.C. § 7206
### (Filing False Income Tax Returns)

1. With respect to Count One, the date of the earliest statement and/or event upon which the prosecution will rely to prove that the filing of a false income tax return transpired.

2. With respect to Count One, the nature of any and all statements and/or events, other than those already contained in the indictment, upon which the prosecution intends to rely to prove that a false income tax return was filed.

3. With respect to Count One, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish the filing of the return was false.

4. With respect to Count One, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish the nature of the falsity of the return filed.

5. With respect to Count One, the date and nature of the earliest statement and/or event upon which the prosecution notified the Accused that they believed the return to be false providing an administrative opportunity to cure prior to empanelling the Grand Jury for purposes of indictment.

6. Identify if this is a "net-worth" complaint against the Accused Nadine J. Griffin.

7. Identify if this is a "specific item" complaint against the Accused Nadine J. Griffin.

8. Identify the items and/or documents that will be used to establish the alleged "net-worth" of the Accused Nadine J. Griffin.

9. Identify the "specific items" and/or documents that will be used to establish the alleged "net-worth" of the Accused Nadine J. Griffin.

10. Identify the section of the Internal Revenue Code that "imposed a duty" save belief, upon the Accused Nadine J. Griffin to file an income tax return for the calendar year 1998.

11. Identify the "specific evidence" relied upon that concludes the Accused Nadine J. Griffin willfully and intentionally filed a false income tax return on Form 1040 for the calendar year 1998.

12. Identify the specific transactions that support the Accused came into possession and/or control of a sum of money derived from the sales having a direct link to revenue taxable activities that she was required and failed to disclose and report on Form 1040 for the calendar year 1998.

13. Identify how the Accused Nadine J. Griffin's possession and/or control of the items the Accused is believed to have owned and/or controlled constitutes income required to be disclosed and reported on Form 1040 for the calendar year 1998.

14. Identify the *amount* the Accused Nadine J. Griffin is believed to have knowingly failed and omitted to disclose on the said 1998 income tax return that she did not believe to be true and correct as to every material matter.

15. Identify the *item* the Accused Nadine J. Griffin is believed to have knowingly failed and omitted to disclose on the said 1998 income tax return that she did not believe to be true and correct as to every material matter.

16. Identify a section of the Internal Revenue Code that requires the Accused to report items that are possessed but not owned by the Accused as gross income on Form 1040 for the calendar year 1998.

17. Identity how many Global 1 (G1) 12-part audiotape/compact disc series retail priced at $1,250.00 per series the Accused Nadine J. Griffin sold that was not reported as gross income on Form 1040 for the tax periods 1998 not listed in the indictment.

18. Identity how many Global 2 (G2) offshore three-day seminar tickets that retailed at $6,250.00 the Accused Nadine J. Griffin allegedly sold that was not reported as gross income on Form 1040 for the tax periods 1998 not listed in the indictment.

19. Identity how many Global 3 (G3) offshore five-day seminar tickets that retailed at $18,750 the Accused Nadine J. Griffin allegedly sold that was not reported as gross income on Form 1040 for the tax periods 1998 not listed in the indictment.

20. Identify the manner and means in which the Accused Nadine J. Griffin concealed gross receipts required to be reported as gross income for the tax period 1998.

21. Identify the manner and means in which the Accused Nadine J. Griffin concealed gross receipts required to be reported as gross income for the tax period 1998.

22. Identify the specific statute that imposed the tax and implementing regulations for which the Accused Nadine J. Griffin is presumed to have understated a tax liability.

23. Identify where the alleged offenses to the internal revenue laws took place.

## COUNT 2
## 26 U.S.C. § 7206
### (Filing False Income Tax Returns)

24. With respect to Count Two, the date of the earliest statement and/or event upon which the prosecution will rely to prove that the filing of a false income tax return transpired.

25. With respect to Count Two, the nature of any and all statements and/or events, other than those already contained in the indictment, upon which the prosecution intends to rely to prove that a false income tax return was filed.

26. With respect to Count Two, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish the filing of the return was false.

27. With respect to Count Two, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish the nature of the falsity of the return filed.

28. With respect to Count Two, the date and nature of the earliest statement and/or event upon which the prosecution notified the Accused that they believed the return to be false providing an administrative opportunity to cure prior to empanelling the Grand Jury for purposes of indictment.

29. Identify if this is a "net-worth" complaint against the Accused Nadine J. Griffin.

30. Identify if this is a "specific item" complaint against the Accused Nadine J. Griffin.

31. Identify the items and/or documents that will be used to establish the alleged "net-worth" of the Accused Nadine J. Griffin.

32. Identify the "specific items" and/or documents that will be used to establish the alleged "net-worth" of the Accused Nadine J. Griffin.

33. Identify the section of the Internal Revenue Code that "imposed a duty" save belief, upon the Accused Nadine J. Griffin to file an income tax return for the calendar year 1999.

34. Identify the "specific evidence" relied upon that concludes the Accused Nadine J. Griffin willfully and intentionally filed a false income tax return on Form 1040 for the calendar year 1998.

35. Identify the specific transactions that support the Accused came into possession and/or control of a sum of money derived from the sales having a direct link to revenue taxable activities that she was required and failed to disclose and report on Form 1040 for the calendar year 1999.

36. Identify how the Accused Nadine J. Griffin's possession and/or control of the items the Accused is believed to have owned and/or controlled constitutes income required to be disclosed and reported on Form 1040 for the calendar year 1999.

37. Identify the *amount* the Accused Nadine J. Griffin is believed to have knowingly failed and omitted to disclose on the said 1998 income tax return that she did not believe to be true and correct as to every material matter.

38. Identify the *item* the Accused Nadine J. Griffin is believed to have knowingly failed and omitted to disclose on the said 1999 income tax return that she did not believe to be true and correct as to every material matter.

39. Identify a section of the Internal Revenue Code that requires the Accused to report items that are possessed but not owned by the Accused as gross income on Form 1040 for the calendar year 1998.

40. Identity how many Global 1 (G1) 12-part audiotape/compact disc series retail priced at $1,250.00 per series the Accused Nadine J. Griffin sold that was not reported as gross income on Form 1040 for the tax periods 1999 not listed in the indictment.

41. Identity how many Global 2 (G2) offshore three-day seminar tickets that retailed at $6,250.00 the Accused Nadine J. Griffin allegedly sold that was not reported as gross income on Form 1040 for the tax periods 1999 not listed in the indictment.

42. Identity how many Global 3 (G3) offshore five-day seminar tickets that retailed at $18,750 the Accused Nadine J. Griffin allegedly sold that was not reported as gross income on Form 1040 for the tax periods 1999 not listed in the indictment.

43. Identify the manner and means in which the Accused Nadine J. Griffin concealed gross receipts required to be reported as gross income for the tax period 1999.

44. Identify the manner and means in which the Accused Nadine J. Griffin concealed gross receipts required to be reported as gross income for the tax period 1999.

45. Identify the specific statute that imposed the tax and implementing regulations for which the Accused Nadine J. Griffin is presumed to have understated a tax liability.

46. Identify where the alleged offenses to the internal revenue laws took place.

## Conclusion

**WHEREAS;** the accused Nadine J. Griffin moves as follows:

Under the equal protection clause of the Fourteenth Amendment, the due process clause of the Fifth Amendment, the right to be informed of the nature and cause under the Sixth Amendment and in the interest of justice, the Accused Nadine J. Griffin moves for Bill of Particulars providing a more definite statement as to the nature and cause of this action in *qui tam*.

Dated this 5th day of October, 2005.

Prepared and submitted by: _____
　　　　　　　　　　　　　　　　　Nadine J. Griffin

## CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that October 5, 2005, I deposited Certified Mail Article #: _____, mailed a true and correct copy of the above and foregoing move for Bill of Particulars: Christopher Maietta, at:

Christopher Maietta
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210