IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CASE NO. CR-05-10175-WGY |
| Plaintiff | ) | |
| | ) | MEMORANDUM OF THE LAW |
| vs. | ) | IN SUPPORT OF MOVE FOR |
| | ) | BILL OF PARTICULARS |
| Nadine J. Griffin | ) | |
| Accused/Defendant | ) | |

Accused defendant Nadine J. Griffin submits that this Court should, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, grant defendant's motion for a bill of particulars as requested. The information sought by the defendant's motion is necessary to enable her to prepare an effective defense to the government's broad based filing false tax return allegations. Accordingly, this Court should, following applicable precedent and order the government to provide the requested bill of particulars.

A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense." United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988) (quoting United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

The following purposes will be served by a bill of particulars in this case. For example, all of the requested particulars address the government's broad-ranging and ill-defined filing a false return allegations in Count One of the Indictment. The need for a bill of particulars in cases

involving such broad allegations is well recognized. See *United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979) (Ordering the government to provide a list of all unindicted co-conspirators and all overt acts in furtherance of the conspiracy but not named in the indictment); See also *United States v. Mannino*, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979) (Ordering bill of particulars with regard to overt acts).

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon the motion of a defendant. The purpose of a bill of particulars is to apprise the defendant of the nature of the charges, in such a way, so as to ensure that she: (1) understands the charges, (2) can prepare a defense, (3) can avoid prejudicial surprise at trial, and (4) can be possible be protected against retrial for the same offense. *United States v. Butler*, 822 F. 2d 1191 (D.C. Cir. 1987); See, e.g., *United States v. Ramirez*, 602 F. Supp. 783, 793 (S.D.N.Y. 1985). The determination as to whether a bill of particulars should be provided is within the discretion of the trial court. *United States v. Butler*, 822 F. 2d at 1194.

In the present case, Nadine J. Griffin is charged in Count One and Count Two of the above captioned indictment with Filing False Income Tax Returns for tax years 1998 and 1999 in violation of 26 U.S.C. § 7206. Count One and Count Two alleged that ". . . on or about 1996 through at least 1999, defendant NADINE J. GRIFFIN/ Nadine J. Griffin was a salesperson for Global Prosperity."  However, Count One and Two fails to state how providing services a salesperson for Global Prosperity supports the government's charge that the Accused defendant filed a false income tax return. Conclusory and prejudicial statements of counsel on behalf of the government, save, the ignorance of the Grand Jury by manipulated, slanted and distorted facts is the only foundation relied upon to obtain the True Bill. The True Bill lacks factual sufficiency and is defective on its face and fails to support or state a claim for the charge of a crime. In

addition, it does not establish a single element necessary to charge for filing a false income tax return. Therefore, the information sought by this Move For Bill of Particulars is absolutely necessary to permit Nadine J. Griffin the ability to adequately prepare a defense to the filing of false income tax returns as alleged in Count One and Count Two.

"The government may not respond that the defendants should know the particulars demanded, for they are presumed to be innocent; in any event, the request for a bill of particulars is aimed at the facts as alleged by the government, not as they may have actually occurred." *United States v. Ramirez*, 602 F. Supp. 783 (S.D.N.Y. 1985); *United States v. Tanner*, 279 F. Supp. 457, 474 (C.D. Ill. 1967); *United States v. Tucker*, 262 F. Supp. 305, 307 (S.D.N.Y. 1966).

Sound judicial administration requires pretrial notice of the nature and cause of the action filed against the Accused defendant able to be cognizable by a man of average intelligence, and such is not the case regarding the above entitled action. Thus, in fairness to the accused and to this Court, the defendants' motion should be granted.

WHEREFORE, it is respectfully requested that this Motion For Bill of Particulars be granted.

Respectfully submitted,

Executed this 5th day of October 2005.

Signature: /Nadine J. Griffin/
Nadine J. Griffin, Accused
C/o 13799 Park Blvd. North #244
Seminole, Florida [33776-3402]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>NADINE J. GRIFFIN,  )<br>  )<br>        Defendant.  )<br>  ) | 26 U.S.C. § 7206(1)<br>(Filing False Income Tax Returns)<br><br>CR-05-10175-WGY |

## INDICTMENT

The Grand Jury Charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.    The defendant, NADINE J. GRIFFIN, is a United States Citizen and was a resident of Danvers, Massachusetts.

2.    From in or about 1996 through at least 1999, defendant NADINE J. GRIFFIN was a salesperson for Global Prosperity.

3.    Global Prosperity was an organization founded in 1996, which was in the business of selling a 12-part audiotape/compact disc series, as well as tickets to offshore seminars located in such places as Aruba and Cancun, Mexico. Global Prosperity was known by various names including Global Prosperity Marketing Group, the Global Prosperity Group, and the Institute of Global Prosperity (hereinafter referred to as "Global Prosperity").

4.    As a salesperson for Global Prosperity, Nadine J. Griffin sold the following goods and services:

      a. Global 1 (G1): a 12-part audiotape/compact disc series retail priced at $1,250 per series.

      b. Global 2 (G2): a seminar ticket to a three-day offshore seminar retail priced at $6,250 per ticket.

      c. Global 3 (G3): a seminar ticket to a five-day offshore seminar retail priced at $18,750 per ticket.

5.   Global Prosperity primarily marketed and sold its products through a network of distributors or salespersons modeled after the multi-level marketing design.

The Grand Jury further charges:

## COUNT 1
## 26 U.S.C. § 7206(1)
### (Filing False Income Tax Returns)

6.   On or about July 30, 1999, in the District of Massachusetts, defendant NADINE J. GRIFFIN, who was a resident of Danvers, Massachusetts, did willfully make and subscribe a 1998 U.S. Individual Income Tax Return, Form 1040, for the calendar year 1998, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, and which said income tax return defendant NADINE J. GRIFFIN did not believe to be true and correct as to every material matter in that the said 1998 income tax return reported Schedule C gross receipts of $31,348.01, whereas, defendant NADINE J. GRIFFIN then and there well knew and believed, that defendant failed and omitted to disclose on the said 1998 income tax return and attached Schedule C, or any other Schedule C, or otherwise, a substantial amount of gross receipts from her business activity as a salesperson for Global Prosperity.

All in violation of Title 26, United States Code, Section 7206(1).

The Grand Jury further charges:

## COUNT 2
## 26 U.S.C. § 7206(1)
### (Filing False Income Tax Returns)

7. On or about April 12, 2000, in the District of Massachusetts, the defendant NADINE J. GRIFFIN, who was a resident of Danvers, Massachusetts, did willfully make and subscribe a 1999 U.S. Individual Income Tax Return, Form 1040, for calendar year 1999, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, and which said income tax return defendant NADINE J. GRIFFIN did not believe to be true and correct as to every material matter in that the said 1999 income tax return reported Schedule C gross receipts of $30,127.00, whereas, defendant NADINE J. GRIFFIN then and there well knew and believed, that defendant failed and omitted to disclose on the said 1999 income tax return and attached Schedule C, or any other Schedule C, or otherwise, a substantial amount of gross receipts from her business activity as a salesperson for Global Prosperity.

All in violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
CHRISTOPHER MAIETTA
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; July 13, 2005.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

12:49 P

%JS 45 (5/97) - (Revised USAO MA 6/29/04)

**Criminal Case Cover Sheet**             **U.S. District Court - District of Massachusetts**

**Place of Offense:** District of Mass.    **Category No.** II     **Investigating Agency** IRS/CI

**City** Boston     **Related Case Information:**

**County** Suffolk

Superseding Ind./ Inf. _____    Case No. _____
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

**Defendant Name** Nadine J. Griffin     Juvenile   ☐ Yes   [X] No

**Alias Name** _____

**Address** Seminole, FL

**Birth date (Year only):** 1960   **SSN (last 4 #):** 2839   **Sex** F   **Race:** Caucasian   **Nationality:** U.S. Citizen

**Defense Counsel if known:** James Krasnoo     **Address:** 23 Main Street, Terrace Level
                                                                                                   Andover, Mass.

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** Christopher J. Maietta     **Bar Number if applicable** N/A

**Interpreter:**   ☐ Yes   [X] No     **List language and/or dialect:** _____

**Matter to be SEALED:**   ☐ Yes   [X] No

   ☐ Warrant Requested     [X] Regular Process     ☐ In Custody

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by _____ on _____

**Charging Document:**   ☐ Complaint     ☐ Information     [X] Indictment

**Total # of Counts:**   ☐ Petty ____     ☐ Misdemeanor ____     [X] Felony ____

Continue on Page 2 for Entry of U.S.C. Citations

[X] I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** 7/13/05     **Signature of AUSA:** _(signed)_

⬥JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant** _____Nadia J. Griffin_____

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  26 USC 7206(1) | ~~USC~~ Filing False Tax Returns | 1 |
| Set 2  26 USC 7206(1) | Filing False Tax Returns | 2 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**