UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,            Plaintiff,      v. NADINE J. GRIFFIN,            Defendant. | ) ) ) )  Criminal Case No. 05-CR-10175- )  WGY-1 ) ) ) ) ) ) ) |

### UNITED STATES' RESPONSE TO DEFENDANT NADINE J. GRIFFIN'S MOTION TO MOVE TO DISMISS FOR VIOLATION OF THE SIXTH AMENDMENT TO THE CONSTITUTION AND SPEEDY TRIAL ACT

The United States, by and through its undersigned attorney, hereby files its Response to Defendant Nadine J. Griffin's Motion to Move to Dismiss for Violation of the Sixth Amendment to the Constitution and Speedy Trial Act. The United States respectfully requests that the Court dismiss defendant's motion.

**I.    PROCEDURAL HISTORY**

On July 13, 2005, a grand jury sitting in the District of Massachusetts returned a two-count indictment charging defendant Griffin with filing false income tax returns for 1998 (Count 1) and 1999 (Count 2), in violation of 26 U.S.C. § 7206(1). See Docket Entry # 1. Thereafter, an arraignment date was scheduled for July 27, 2005, before the Honorable Joyce London Alexander. See Docket Entry # 2. On July 21, 2005, prior to the scheduled arraignment date, defendant entered an appearance to proceed pro

se and filed various motions that challenged the jurisdiction of this Court and alleged that the indictment was flawed. See Docket Entries # 6-10. On July 27, 2005, the Honorable Joyce London Alexander continued the arraignment to August 11, 2005, so that defendant Griffin could retain an attorney. Defendant filed additional motions, including a motion to proceed pro se, on August 4, 2005. See Docket Entries # 13-17.

At her arraignment on August 11, 2005, defendant Griffin refused to enter a plea. The Court noted defendant's objection and entered a plea of not guilty on defendant's behalf. An inquiry was made as to whether defendant wanted to proceed pro se, and the case was referred to the Honorable Chief Judge William G. Young. On September 27, 2005, the Court held a discovery conference and a Faretta hearing. At that hearing, defendant objected to being arraigned before a magistrate judge. The Court re-arraigned defendant on the charges alleged in the indictment, and a trial date of May 1, 2006 was ordered.

## II.  DISCUSSION

Defendant's motion to dismiss the indictment for a Speedy Trial Act violation should be denied because there has been no Speedy Trial Act violation. Defendant argues that a trial should have commenced by October 5, 2005, which she calculates as seventy (70) days from her initial appearance on July 27, 2005. Defendant's argument is flawed for at least two reasons.

First, the time period from defendant's arraignment on August 11, 2005 to September 27, 2005, is excluded under Local Rule 112.2 and 18 U.S.C. § 3161(h)(1)(F).  Local Rule 112.2(A)(2) provides that the twenty-eight (28) days following arraignment shall be excluded under 18 U.S.C. § 3161(h)(8)(A), unless the defendant files a waiver as provided under Local Rule 116.2(B).  Here, defendant filed no such waiver, so the time period from August 11, 2005 (the date of defendant's arraignment) to September 8, 2005 (the date when automatic discovery was due) should be excluded under the Speedy Trial Act.

Second, defendant filed several motions prior to her arraignment; the filing of pretrial motions toll the ticking of the Speedy Trial clock under 18 U.S.C. § 3161(h)(1)(F).  Specifically, prior to her arraignment on August 11, 2005, defendant filed motions with the Court in which she requested to proceed pro se.[1]  On August 22, 2005, the United States filed its opposition to defendant's various motions and requested a Faretta hearing.  On September 27, 2005, the Court held a Faretta hearing, as well as a scheduling conference.

The Speedy Trial Act provides that delay connected with a pending pretrial motion, "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of,

---

[1] Defendant filed a Notice of Appearance to proceed pro se on July 21, 2005, and on August 4, 2005, defendant filed another motion requesting to proceed pro se.

such motion," is excludable.  18 U.S.C. § 3161(h)(1)(F).  "For motions that require a hearing, this subsection excludes the time between the filing of the motion and the hearing on that motion, even if the delay is overlong, inexplicable, or unreasonable." United States v. Staula, 80 F.3d 596, 601 (1st Cir. 1996) (citations omitted).  Here, the filing of defendant's motions in July and August 2005, in which she requested to proceed pro se, through the conclusion of the Faretta hearing on September 27, 2005, tolls the Speedy Trial clock under 18 U.S.C. § 3161(h)(1)(F), and the time between those dates should be excluded.

Finally, the United States respectfully requests that the time period from September 27, 2005 until the trial date of May 1, 2006, be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A) & (B), because of the complexity of the case, nature of the prosecution, and because it would be unreasonable to expect adequate preparation for trial of the defendant prior to May 1, 2006.  The discovery in this case is extensive and voluminous.  The United States has already provided defendant with more than 4,000 pages of discovery, which includes bank records.  Accordingly, the ends of justice would be served by a trial date of May 1, 2006, and would outweigh the best interests of the public and defendant to a speedy trial.  18 U.S.C. § 3161(h)(8)(A).

**III. CONCLUSION**

    WHEREFORE, the United States respectfully requests that the Court deny defendant's motion.

Respectfully submitted,

_____/s/_____
Christopher J. Maietta
Trial Attorney, U.S. Dept. of Justice

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by mail:

>Nadine J. Griffin
>13799 Park Blvd. North
>#244
>Seminole, Florida 33776-3402

>_____/s/_____
>Christopher J. Maietta
>Trial Attorney

This _11_ day of October, 2005.