```
                                          FILED
                                     IN CLERKS OFFICE

                                     2005 OCT 14  A 9:51

                                     U.S. DISTRICT COURT
                                     DISTRICT OF MASS.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, | ) | CASE NO. CR-05-10175-WGY |
|---|---|---|
| Plaintiff, | ) | *NOT A MOTION* |
| vs. | ) | AFFIDAVIT OF FACT REGARDING HEARING BEFORE JUDGE WILLIAM G. YOUNG ON SEPT. 27, 2005 by Nadine J. Griffin |
| Nadine J. Griffin, Accused. | ) | |

1. Nadine J. Griffin declares and states as follows:

2. I am the defendant pro per [pro se], hereinafter referred to as Affiant in the above-entitled action and competent to testify to the facts stated herein to wit:

3. That all statements made within this affidavit are true and correct not meant to mislead;

4. That Nadine J. Griffin exists as a conscious living, breathing, flesh and blood sentient being; NOT a statutory person, persons, natural person, artificial person, individual, corporation, entity, or any other sub-status, fourth class citizen *ens legis* creation of any government, federal, state, local or otherwise;

5. That Affiant Nadine J. Griffin is unschooled in law, not an Attorney or Bar Association member, and is attempting to defend and dispose of this action to the best of Affiant's ability with reliance upon your statutes, codes, rules and regulations; including those relied

upon by the plaintiff and established by the Constitution of the United States of America, United States Congress, and the United States Supreme Court;

6. That on or about July 13, 2005 Affiant was formally charged under cause number CR-05-10175-WGY for alleged violations of 26 U.S.C. § 7206, two counts of filing a false returns for the tax years 1998 and 1999;

7. That Affiant appeared for arraignment on July 27, 2005 at 4:00 p.m. and again on August 11, 2005 before Magistrate Judge Joyce London Alexander regarding the felony charges pending for which Affiant objected to being arraigned by a Magistrate Judge on the felony charges pending;

8. That Affiant appeared again on September 27, 2005 at 2:00 p.m. before Judge William G. Young (hereinafter referred to as "Judge Young");

9. That Judge Young requested all parties identify themselves and Affiant stated, "Nadine Griffin, pro se";

10. That Judge Young stated to Affiant the dangers of being *pro se*; and that he will treat Affiant as if Affiant was any other attorney, but, because Affiant is presently *pro se*, he will help her to understand some things, but not treat me any different than an attorney;

11. That Judge Young expressed to Affiant that she needed an attorney on several occasions;

12. That Affiant stated to Judge Young that Affiant had filed three briefs and 2 speedy-trail responses prior to entering the courtroom;

13. That Affiant witnessed Judge Young asked Assistant US Attorney Christopher Maietta (referred to as "Maietta") what the government wanted for a trial date and Maietta stated March 2006;

14. That in observation of this Affiant objected and stated, "I never knew what the saying

1   meant 'you can indict a ham sandwich,' but now after seeing this indictment, I now know

2   what it means;"

3   15. That Affiant stated there was no factual sufficiency to the indictment and held it up before

4   the Court. It has no evidence or facts and Judge Young ruled it to be sufficient;

5   16. That Affiant stated "the prosecution has failed to invoke the jurisdiction of this Court so

6   how can there be a trial date;"

7   17. That Affiant stated Affiant was arraigned without authority and this is Affiant's third time

8   in Boston regarding this matter;

9

10  18. That Judge Young said he would try to make this day and time cost effective and would

11  hear what Affiant had to say;

12  19. That Affiant started with: **"Is it true, is it not true that Title 18 sec. 636 a magistrate**

13  **can not arraign a felony with objections Affiant had filed? (Affiant misstated Title**

14  **18 in error by saying title 28);**

15  20. That Judge Young grabbed a law book behind him and tried to research Affiants' claim.

16  Affiant said she had it and could read it and Judge Young he said no;

17
    21. That Judge Young asked Maietta, "What do you know about Title 18 sec 636 and being
18
    arraigned with Magistrate?";
19
    22. That Maietta proceeded to cite the section in his brief using <u>Carter vs. USA</u> (then cited
20
    Maietta stated section 10 that an arraignment be in open court with the indictment being
21
    read his brief) and Affiant responded by saying, "no kidding ... Carter vs. USA had an
22
    attorney and no objections to being arraigned by a magistrate;"
23
24  23. That Affiant asked the Judge Young to certify the question about being arraigned by a

25  magistrate--at least twice and he would not;

24. That Affiant told Judge Young that Affiant has been requesting to be in front of a District Judge since July 21st and Judge Young has ignored every brief Affiant had filed;

25. That Judge Young stated that usually someone would file a "bill of particulars" but he doesn't really pay to much attention to them...and mumbled something in addition to these statements Affiant cannot recall;

26. That Judge Young then began again to address the trial date issue, badgering Affiant to set a trial date;

27. That Affiant did not wish to have a trial date set and stated that the jurisdiction of the Court had not been seated;

28. That Affiant had not been lawfully arraigned and therefore the Speedy Trial Act which Affiant had not argued for dismissal yet had no relevance;

29. That Affiant objected to having to give a date but due to fear of being charged with contempt of court by Judge Young Affiant stated the date of June 2006;

30. That Affiant clearly stated Affiant objected and Judge Young stated that it was noted;

31. That Judge Young said no to the date proffered by Affiant and accepted the dates offered by Maietta who stated, "April or May would be okay with the government;"

32. That Judge Young proceeded to set date for May 1, 2006 for trial and pretrial conference for April 3 at 2:00 p.m. and something about motions by government by 15th. Affiant thinks it was 3/6/05;

33. That Affiant proceeded to move for dismissal based on speedy trial violations and started to read and elaborate on the violations and Judge Young interrupted Affiant and said "it was denied;."

34. That Affiant asked, "Has the Speedy Trial Act been abolished and Affiant is not aware of

it?" Affiant stated further, "My rights have been prejudiced since the beginning . . ." and Judge Young stated they were not;

35. That Affiant then spoke about all the incorrect entries on the docket (untruths);

36. That Affiant stated Affiant's first appearance was July 27, 2005 and no Faretta hearing was requested;

37. That Judge Young responded, 'It did not matter who requested it;"

38. That Affiant referred to the Docket entry that states the magistrate said Affiant was not READY to be arraigned. and Affiant stated, "That's not true;"

39. That contrary to what the docket may reflect, Affiant was ready but couldn't enter a plea as jurisdiction had not been seated and Affiant objected to being arraigned by a magistrate judge on felony charges;

40. That Affiant stated, the "prosecution is speaking for me on my beliefs on tax law" and Affiant stated Affiant's view and mentioned the word Constitutional and Judge Young mentioned something about not bringing up the Constitution;

41. Affiant read from the Speedy Trial Act as much as Affiant could before Judge Young interrupted. Affiant read the part where **the only remedy if violated was to dismiss if brought by defendant;**

42. That Affiant cited the I.R.S. Manual regarding the government not bringing suit unless they exhaust all administrative remedies;

43. That Affiant stated, "Since when is an indictment an administrative remedy;"

44. That Affiant stated that Affiant had never received any notices of deficiency also;

45. That Affiant also said, "The court can not presume facts not in evidence;"

46. That Affiant stated Affiant never has requested an attorney from the beginning;

47. That Affiant stated Affiant had not and will waived Affiant's Sixth Amendment Rights;

48. That Affiant stated again for the record that Affiant had not even been lawfully arraigned;

49. That Judge Young said, "Do you want me to arraign you now?" And asked Affiant again, "Do you want me to arraign you now?" Affiant stated "Yes;"

50. That Judge Young asked Affiant if Affiant wanted the clerk to read indictment and Affiant stated "No;"

51. That Judge Young stated: "How do you plead to count one and two?" Affiant stated, "I can not enter a plea at this time as the prosecution has failed to invoke the jurisdiction of this court;"

52. That Judge Young stated: "A not guilty plea will be entered. All other criteria as before will stay;"

53. That Judge Young was standing and rushing everyone out or the courtroom as he said the next case was late. Maietta said: "You have to tell her the penalties for the allegations," we reviewed them and Affiant said she understood;

54. That Affiant stated again for the record that Affiant did not waive her Sixth Amendment Rights;

55. That Affiant stated in the event she has a nervous breakdown and has to bring in an attorney..." Judge Young said: "<u>You can't have it both ways! I will not allow you to have an attorney if that happens;</u>"

56. That Affiant mentioned at one point that Affiant never received any written orders signed by any judge on issued raised;

57. That Affiant believes these events to be true and correct to the best of her knowledge and recollection of this hearing and has not attempted to inflame or prejudice the factual

sufficiency or accuracy of the events in any manner;

58. That Affiant cannot predict what future injustices and/or prejudices Affiant may continue to suffer at the heavy hands of Judge William G. Young because of proceeding on her own behalf (*pro se*) at this time, and, therefore, does not waive any rights to secure the assistance of counsel in subsequent proceedings in the event said judicial Actors fail to exercise impartiality, proceed with bias, in contempt of law and denying Affiant equal protection of the law prescribed by the Constitution;

I, Nadine J. Griffin, Affiant, declares under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that the forgoing is true and correct.

Executed this 13 day of October, 2005.

Signature: _____
Nadine J. Griffin
c/o 13799 Park Blvd. North #244
Seminole, Florida [33776-3402]

State of Florida )
                 ) subscribed and sworn
County of Pinellas )

On this 13 day, of October, 2005 A.D., **Nadine J. Griffin** personally appeared, personally known to me, OR proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument and who did take an Oath.

Witness my hand and official seal. _____
Signature of Notary



My Commission Expires: March 2, 2009

## Certificate of Mailing

I, Nadine J. Griffin, certify that on October 13, 2005, I mailed a true and correct copy of the above and foregoing Affidavit of Facts Regarding Hearing Scheduled September 27, 2005 by Certified Mail addressed to:

Christopher Maietta
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

Certified Mail No. _____

Dated:

_____
Nadine J. Griffin