UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>NADINE J. GRIFFIN,<br><br>             Defendant. | )<br>)<br>)<br>) Criminal Case No. 05-CR-10175-<br>) WGY-1<br>)<br>)<br>)<br>)<br>)<br>) |

### UNITED STATES' RESPONSE TO THE COURT ORDER TO PARTICULARIZE ANY FACT WHICH RAISES THE BASE OFFENSE LEVEL UNDER THE UNITED STATES SENTENCING GUIDELINES

The United States, by and through its undersigned attorney, hereby files its Response to the Court Order to Particularize Any Fact Which Raises the Base Offense Level Under the United States Sentencing Guidelines.  This motion identifies facts that would establish the base offense level and other enhancements.  To the extent the Court's present intention is to submit such issues to a jury, the United States notes its position is such determination need not be made by a jury because they are not essential elements of the offenses charged.  The United States takes the position that after a conviction and at sentencing, the standard of proof to determine the base offense level and enhancements is by a preponderance of the evidence.  If after today's date other facts give rise to other sentencing enhancements not discussed in this motion, the United States

respectfully requests leave of court to file an additional motion to explain the other enhancements.

I. **PROCEDURAL HISTORY**

On October 6, 2005, defendant filed a motion to Move for a Bill of Particulars under the Fifth and Sixth Amendment to the United States Constitution, and defendant also filed a Memorandum in Support thereof.  On October 13, 2005, this Court issued an order requiring the United States to particularize any fact which it contends would raise the base offense level of this offense under the United States Sentencing Guidelines; the Court otherwise denied defendant's motion.

II. **BASE OFFENSE LEVEL CALCULATION**

The United States intends to prove at trial that defendant willfully filed false U.S. Individual Income Tax Returns (Forms 1040) for the 1998 tax year (Count 1 of the indictment) and the 1999 tax year (Count 2 of the indictment), in violation of 26 U.S.C. § 7206(1).  The base offense level will be determined by the amount of defendant's unreported gross receipts and the resulting tax loss for these two tax years.  The evidence will show that over a two-year period defendant willfully under-reported gross receipts of more than $700,000 from her business activity as a salesperson for Global Prosperity.  The tax loss totals approximately $200,000.  The United States anticipates the principal evidence regarding the unreported gross receipts will

consist of witness testimony, bank records (i.e., checks, deposit slips, and bank statements), and other financial records.

The United States also anticipates seeking a sophisticated concealment enhancement under U.S.S.G. § 2T1.1(b)(2) for defendant's use of bank accounts in nominee names. This specific offense characteristic would increase the total adjusted offense level by two levels.

### III. DETERMINATION OF BASE OFFENSE LEVEL - TAX LOSS

In a prosecution under 26 U.S.C. § 7206(1), the United States is not required to prove a tax deficiency. United States v. Marashi, 913 F.2d 724, 736 (9th Cir. 1990) (rejecting as "irrelevant" sufficiency of evidence challenge based on asserted lack of tax deficiency in § 7206(1) case); United States v. Olgin, 745 F.2d 263, 272 (3d Cir. 1984) (affirming trial court's exclusion of evidence of tax effect of unreported expenses and noting that "evidence of tax liability is generally inadmissible in prosecutions under I.R.C. 7206 . . . ."); United States v. Garcia, 553 F.2d 432 (5th Cir. 1977) (upholding trial court's refusal to allow defense evidence of tax liability or lack thereof in § 7206(1) case).

The essential elements that the United States must prove at trial are: (1) that the defendant made and subscribed a return, statement, or other document which was false as to a material matter; (2) the return, statement, or other document contained a

written declaration that it was made under the penalties of perjury; (3) the defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and (4) the defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.  26 U.S.C. § 7206(1); United States v. Bishop, 412 U.S. 346, 350 (1973); United States v. Drape, 668 F.2d 22, 25-26 (1st Cir. 1982).

At trial, the United States need only prove each of the essential elements of 26 U.S.C. § 7206(1) beyond a reasonable doubt.  The evidence will show that each tax return filed by the defendant was false because she failed to report substantial amounts of gross receipts from her business activity.

In United States v. Booker, 125 S. Ct. 738, 750 (2005), the Supreme Court made clear that a sentencing court may impose enhancements that were not found by a jury beyond a reasonable doubt, so long as the sentencing court does not treat the resulting Sentencing Guidelines range as mandatory.  The remedial opinion in Booker rejected any suggestion that the remedy for a Sixth Amendment violation created by a mandatory Sentencing Guideline scheme was to engraft a jury fact-finding scheme onto the guidelines. Id. at 758.  The Court observed that combining a requirement of jury determinations, proof beyond a reasonable doubt, and the necessary evidentiary limitations that go with

these constitutional provisions with the guidelines would defeat the purpose of the Sentencing Reform Act. Id. at 759-764.  As the Court noted, to do this "would destroy the system." Id.; see United States v. Wilson, 355 F. Supp. 2d 1269, 1272 (D. Utah 2005)(declining to follow Huerta-Rodriguez and instead applied a preponderance of the evidence standard).

Congress wanted judges to receive and review all the information available regarding a particular defendant when it enacted 18 U.S.C. § 3661, a provision which expressly states that with respect to sentencing, there is no limitation on the information a district court may receive and consider concerning the background, character and conduct of the defendant.  Booker, 125 S. Ct. at 760.  Justice Breyer noted in earlier opinions that the Court had assumed this system would continue, and held that "a sentencing judge could rely for sentencing purposes upon a fact that a jury had found unproved (beyond a reasonable doubt)." Id. (citing to United States v. Watts, 519 U.S. 148 (1997)).  In contrast, a system where the constitutional requirements of jury determinations and proof beyond a reasonable doubt were engrafted on the Sentencing Guideline:

> would prevent a judge from relying upon a presentence report for factual information, relevant to sentencing, uncovered after the trial.  In doing so, it would, even compared to pre-Guideline sentencing, weaken the tie between a sentence and an offender's real conduct.  It would thereby undermine the sentencing statute's basic aim of ensuring similar sentences for those who have committed similar crimes in similar ways.

>Id.

Thus, by rendering the Sentencing Guidelines advisory, the Supreme Court's decision in Booker did not change the manner in which a sentencing court is to determine facts to support Sentencing Guideline calculations.  Nothing in Booker disturbed the commentary to U.S.S.G. § 6A1.3, which provides that "[t]he Commission believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of the case."  This commentary represents the considered judgment of the Commission, and is authoritative.  See U.S.S.G. § 1B1.7 & commentary thereto; Stinson v. United States, 508 U.S. 36, 38 (1993); see also United States v. Taylor, 72 F.3d 533, 543 (7th Cir. 1995) (no limitation on the information a court can receive and consider when determining a sentence under 18 U.S.C. § 3661, and U.S.S.G. § 6A1.3).

Moreover, it is clear from the language of the Booker opinion that the intent of the Court was to remove the impediment that prevented the Federal Sentencing Guideline system from functioning in a constitutional manner, not to alter the system in any other way.  That impediment was the mandatory nature of the guidelines.  Once the statutory sections that rendered the guidelines mandatory was removed, the system could function as it

had for nearly 20 years, with judicial fact findings applying a preponderance of the evidence standard.  Booker vested the district court greater discretion, not less, constrained by the notion of "reasonableness."  "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that a judge deems relevant."  Booker, 125 S. Ct. at 749-750.  Changing the system from mandatory to advisory guidelines eliminated the need to have the facts underlying guidelines enhancements established beyond a reasonable doubt because the guidelines are no longer akin to statutory elements of the offense that alter or prescribe the maximum sentence.

As previously noted in this motion, the specific tax loss amounts and the sophisticated concealment enhancement are not necessary to prove the essential elements of the offense.  Due process requires that the government prove each element of the offense for which the government seeks conviction beyond a reasonable doubt.  Apprendi v. New Jersey, 530 U.S. 466, 477 (2000).  But, after the government has met this burden and an offender is found guilty of a crime, courts can apply sentencing factors based on a preponderance of the evidence in order to increase the offender's punishment.  Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998).

**IV. <u>CONCLUSION</u>**

WHEREFORE, the United States respectfully submits its motion in response to the Court order, dated October 13, 2005.

Respectfully submitted,

_____/s/_____
Christopher J. Maietta
Trial Attorney, U.S. Dept. of Justice

CERTIFICATE OF SERVICE
This is to certify that I have this day served upon the person listed below a copy of the foregoing document by mail:

    Nadine J. Griffin
    13799 Park Blvd. North
    #244
    Seminole, Florida 33776-3402

    _____/s/_____
    Christopher J. Maietta
    Trial Attorney

This  24th  day of October, 2005.