FILED
IN CLERKS OFFICE

2005 OCT 25  A 9: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>         Plaintiff )<br>   vs. )<br><br>Nadine J. Griffin )<br>         Defendant )<br>_____ ) | CASE NO. CR-05-10175-WGY<br><br>**Nadine J. Griffin's RESPONSE<br>TO UNITED STATES MOTION<br>TO DENY MOVE FOR DISMISSAL** |

Nadine J. Griffin, proceeding *pro se*, responds to Plaintiff's motion to deny her Move for Dismissal under the Sixth Amendment to the Constitution for the United States of America and the Speedy Trial Act.

**BRIEF IN SUPPORT**

The United States erroneously contends that the Accused defendant Nadine J. Griffin's reliance on the Sixth Amendment as it relates to the Speedy Trial Act is flawed proffering that: (1) the Accused Defendant was presumed to have been arraigned on August 11, 2005, and (2) and said period is excluded under Local Rule 112.2 and 18 U.S.C. 3161(h)(1)(f). The United States cites Local Rule 112.2 as the first basis and authority for this Court to explore the "exclusion" clause of the Speedy Trial Act.

First, the Accused defendant Nadine J. Griffin proceeding *pro se* was NOT arraigned on August 11, 2005, as indicated on the Court Docket Entry on 7/21/05 – Docket Entries 8 and 9,

the Accused defendant entered a formal objection filing a brief and affidavit in support refusing to be arraigned before a magistrate judge on a felony charges. The Accused defendant formally objected on the Court Record on her initial appearance on 7/27/05 and a subsequent appearance on 8/11/05 as referenced on the Court Docket via the Electronic Clerk's Notes. "District court cannot by rule confer on magistrate jurisdiction not permitted by statute; neither can consent of parties . . ." *United Steel Workers of America, AFL-CIO v. Bishop*, C.A.5 (Ala.) 1979, 598 F.2d 408.

The Accused defendant appeared again on September 27, 2005 before District Judge William G. Young and raised the issue of not consenting and formally objecting to being arraigned by a magistrate judge; and was officially arraigned by District Judge William G. Young on the record as referenced in the Court Docket via the Electronic Clerks Notes. Accordingly, the act of Judge Young arraigning the Accused defendant Nadine J. Griffin on September 27, 2005 extinguished the once rebuttable presumption that the alleged arraignment on August 8, 2005 performed by magistrate Judge Joyce London Alexander without the consent and over the objection of Nadine J. Griffin, is *nunc pro tunc* in law and fact a nullity. Therefore, the Court will find the issues raised by the United States plaintiff the regarding the timeline as applicable to the Speedy Trial Act is wholly baseless and without any probative merit.

The Accused Nadine J. Griffin erroneously referenced the Speedy Trial Act to begin from the date of initial appearance on July 27, 2005, as indicated in her pleadings, as such reference does not survive constitutional muster of the Sixth Amendment. The courts have ruled: "The constitutional speedy trial right attaches upon arrest or indictment, whichever occurs first." *United States v. Santiago-Becerril*, 130 F.3d 11, 21 (1st Cir. 1997)

Looking to precedent, we can concede that the constitutional speedy trial right must be exercised on the date of July 13, 2005—the date of indictment. In doing so, we can employ four substantive issues of material facts not in dispute: (1) the Accused defendant Nadine J. Griffin was indicted on July 13, 2005; (2) the constitutional speedy trial right attached on the date of her indictment; (3) the trial date was not set until the appearance on September 27, 2005—the date of her official arraignment; and (4) the Court with particularity excluded speedy trial dates of September 27, 2005 to May 1, 2006.

The plaintiff argues that the Accused defendant Nadine J. Griffin filed pretrial motions presumed to toll the running time of the Act. The rebuttable presumption is that: (1) jurisdiction is established; (2) a trial date was previously set; (3) a hearing commenced; (4) the motion(s) were disposed of in accordance to Fed. R. Crim. Proc. 12(d); and (5) that this matter would ever go trial. To the contrary, no trial date was set until September 27, 2005 and no formal written or signed Order denying the Accused defendant's motions to dispose of the matter has ever issued—as required under Fed. R. Crim. Proc. 12(d)—only Docket Entries by the Court's Clerk. Furthermore, no Order of excludable delays were entered by Magistrate Judge Joyce London Alexander as a minute order or as an Entry on the Court Docket.

To punctuate the intent of the Court, the Electronic Clerk's Notes reflect two very articulatable facts: (1) on 9/27/2005 Judge William G. Young entered an ordered of exclusion between 9/27/05 and 5/1/06 (although no formal signed order as required by rule) indicating his intent to exclude such periods as applicable to Speedy Trial Act; (2) neither Judge William G. Young nor magistrate judge Joyce London Alexander excluded any time between July 13, 2005 to September 27, 2005; and (3) no former Minute Order has ever issued to exclude any time between July 13, 2005 and September 27, 2005—a total of 76 days prior to arraignment. As

conferred by the statutory timeline, we cannot, at least in this instant case, purport that "... delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion ..." until we define the elements required by rule to as it relates to the filing and disposing of a motion. Therefore we must ask the question, has any of the motions to dispose of this case ever been properly addressed or disposed of to meet the elements of this statute? We must answer in the negative.

> **18 U.S.C. § 3161(h)** "The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to— **(F)** *delay resulting from any pretrial motion, <u>from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion</u>*;

Plaintiff's reliance on L.R. 112 citing 18 U.S.C. 3161(h)(1)(F) is inapplicable in this instant case when we look to determine if the jurisdictional prerequisites of the "pretrial delay" have been established. The statutory element of pretrial delay are: (1) that a pretrial motion was made; (2) that the motions resulted in a hearing and; (3) the motions were promptly disposed. The Accused defendant Nadine J. Griffin filed several moves to dispose of the case-in-chief that were not properly or timely disposed of.

On 7/21/05, the Accused defendant filed a Motion to Quash Indictment, Brief in Support, Objection to Arraignment by A Magistrate Judge, Affidavit and Mandatory Judicial Notice, found on the Court Docket at Entries 6 to 10.

On 8/22/05, the plaintiff filed an untimely response (see Docket Entry #20), in violation of LR 7.1(B)(2) 14 days beyond the response date as required by rule. Without surprise, Judge William G. Young responded in favor of the United States plaintiff on 9/08/05 entering an Electronic Order (no order) denying all the Accused defendant's motions. Judge Young's

1  Electronic Order does not meet the judicial elements of a hearing sufficient to dispose of a
2  motion as defined in *Staula* infra where the court stated:

3  In *United States v. Staula*, 80 F.3d 596 (1st Cir. 1996), held that:
4  "*a hearing is any on-the-record colloquy in which the district court hears the arguments of counsel and considers those arguments prior to deciding a pending motion.*"

6  Judge Young conducted a status conference as required by LR 116.1 to 116.5 pursuant to
7  an initial scheduling order on September 27, 2005—at which time the Accused defendant was
8  arraigned, and no Faretta hearing was ever conducted or necessary, contrary to the plaintiff's
9  assertions. There is no evidence on the record that the Court formally granted the Accused
10 defendant's right to proceed *pro se* pursuant to the Sixth Amendment or Faretta. The only issues
11 asserted by the Accused defendant Nadine J. Griffin and entertained by this Court were the
12 issues of: the Court refusing to establish jurisdiction; the Accused never being arraigned; and the
13 speedy trial violations.

14 Plaintiff attempts to construe the status conference as a hearing scheduled by the Accused
15 defendant is wholly frivolous and without merit. As the record reflects, the plaintiff requested a
16 Faretta hearing on 8/22/05 (see Docket Entry #20); and in response, Nadine J. Griffin filed an
17 objection on 9/06/05 (see Docket Entry #21), and no order was ever granted to conduct the
18 hearing by Judge Young, nor was the hearing ever conducted. Furthermore, the Accused
19 defendant had already received approximately 4,000 plus pages of automatic discovery on or
20 about September 14, 2005—a testament to the fact that the Court was fully informed that she had
21 every intention of proceeding on her own behalf [pro se]—or the discovery documents would
22 have never been released into the possession of the Accused Nadine J. Griffin. The only purpose
23 of the status conference was to establish the scheduling order. The court in *Barnes* stated:

"The government disagrees, arguing that the clock should be tolled until the actual date of the conference, which it calls a "hearing"; but to adopt this reasoning would contravene the language of the Act. Because the setting of the date resolves the motion in its entirety, the conference cannot possibly represent a "hearing on . . . such motion." 18 U.S.C. § 3161 (h)(1)(F). United States v. Barnes, *159 F.3d 4* (1st Cir. 1998)

The confusion, if any, in the nature of the proceedings held on September 27, 2005 is conferred in *Barnes*, supra. It is without question that the September 27, 2005 was a "Status Conference" for scheduling purposes, as the review of the records clearly reflects this extrinsic fact. Although we are subjected to the unfortunate elements of linguistic gymnastics and semantics, now playing an extensive role in today's legal rambling and American Jurisprudence, the factual sufficiency of the record cannot be disputed. Without belaboring the issues before the Court, the only just and proper remedy is a Dismissal for violations of the Accused defendant Nadine J. Griffin's speedy trial rights as protected by the Sixth Amendment.

**Remedy Sought**

WHEREFORE; Nadine J. Griffin moves the Court dismiss this action as a matter of law.

Dated this 24th day of October, 2005.

Prepared and submitted by: _____
Nadine J. Griffin

**CERTIFICATE OF SERVICE**

I, Nadine J. Griffin, certify that October 24, 2005, I deposited Mail Article #: _____, mailed a true and correct copy of the above and foregoing Response to United States Regarding Speedy Trial Rights: Christopher Maietta, at:

Christopher Maietta
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210