IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 05-CR-10175-WGY |
| ) | |
| Plaintiff, ) | VERIFIED MOVE FOR JUDICIAL OFFICIAL |
| ) | WILLIAM G. YOUNG TO RULE ON |
| vs. ) | [M]OTIONS AND ISSUE FINAL ORDERS, |
| ) | FINDINGS OF FACTS AND CONCLUSIONS |
| Nadine J. Griffin, ) | OF THE LAW AS REQUIRED BY THE FIFTH |
| ) | AMENDMENT TO THE CONSTITUTION |
| Accused, Belligerent Claimant. ) | |
| ) | Fed. R. Crim. P. 12(d) |
| ) | |
| ) | (No oral Arguments) |

   COMES NOW Nadine J. Griffin the accused (hereinafter referred to as "Belligerent Claimant") moving judicial official and CEO William G. Young to issue Order(s) complete with a findings of fact and conclusions of "the law" when ruling on [m]otions and other process filed by Nadine J. Griffin.

### Memorandum and Brief in Support

   Nadine J. Griffin has moved this Court to dispose of this matter as reflected in the Court's records in a number of filings. Judicial official and CEO William G. Young has refused to issue a single ruling as required by law on any pleadings filed by Nadine J. Griffin. There is no evidence that judicial official and CEO William G. Young's issuance of Minute and/or Electronic Orders are sufficient to establish cognizable ruling on the merits of the issues

conclusive with a finding of facts and conclusion of law. According to the Fed. R. Crim. P. Rule 12(d) Ruling on Motions:

> "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. *When factual issues are involved in deciding a motion, the court must state its essential findings on the record.*

To date, although Nadine J. Griffin has filed numerous dispositive moves to dispose of this case, judicial official and CEO William G. Young has refused to dispose of these [m]otions in accordance to the Rules of law. The judicial elements of a hearing sufficient to dispose of a [m]otion as defined in *Staula* infra where the court stated:

> In *United States v. Staula*, 80 F.3d 596 (1st Cir. 1996), held that "... *a hearing is any on-the-record colloquy in which the district court hears the arguments of counsel and considers those arguments prior to deciding a pending motion...*"

Nadine J. Griffin has been and continues to be prejudiced against when judicial official and CEO William G. Young refuses to issue any rulings regarding issues of fact and law. The Accused does not consider Young's scribbling the words "motion denied" on one of her motion and sent it to her in the mail as a" Final Order" – neither would the U.S. Committee on the Judiciary. This is a clear prejudice to the Accused, and violates the fundamental due process clause of the Fifth Amendment.

> "The procedural elements of this constitutional guarantee are notice and the opportunity to be heard and defend before a competent tribunal in an orderly proceeding adapted to the nature of the case. *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct 652, 94 L.Ed. 865, 872 (1950).

> "Due process essentially requires that the procedures be fair. *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942 (1955). The process that is due varies according to the nature of the right and to the type of proceedings. *Mathews vs. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 902, 47 L.Ed.2d 18 (1976).

> "Generally, if government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard." *Boddie vs. Connecticut*, 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. Ed.2d 113 (1971).

1  It would be safe to say that Nadine J. Griffin, is facing the possibility of being deprived of her
2  Life (wasting away in a prison CELL), Liberty and Freedom — which are property Rights subject
3  to Constitutional due process protections.
4  WHEREFORE, the Accused Nadine J. Griffin moves judicial official and CEO William G.
5  Young, or any other official of this Court, to issue Final Order(s) that are complete with findings
6  of fact and conclusions of "the law" to properly dispose of the moves [motions] filed by Nadine
7  J. Griffin regarding all matters before this Court.
8  Respectfully submitted.

## VERIFICATION

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the forgoing is true and correct. All Rights retained without recourse.

Executed this ___1___ day of February, 2006.

Signature: /s/ Nadine C. Griffin
Nadine J. Griffin
Accused, Belligerent Claimant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 05-CR-10175-WGY |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| vs. ) | |
| Nadine J. Griffin, ) | |
| Accused, Belligerent Claimant. ) | |

I, Nadine J. Griffin, certify that on February 1, 2006, I mailed a true and correct copy of the VERIFIED MOVE JUDICIAL OFFICIAL WILLIAM G. YOUNG RULE ON [M]OTIONS AND ISSUE FINAL ORDERS –FINDINGS OF FACTS AND CONCLUSIONS OF THE LAW AS REQUIRED BY THE FIFTH AMENDMENT TO THE CONSTITUTION, AND AFFIDAVIT IN SUPPORT by Certified Mail, postage fully prepaid, addressed to:

Christopher Maietta
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _____

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _____

Dated this 1 day of February ____, 2006.

_____
Nadine J. Griffin