IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>           Plaintiff,                              )<br>                                                          )<br>vs.                                                    )<br>                                                          )<br>Nadine J. Griffin,                           )<br>                                                          )<br>     Accused, Belligerent Claimant. )<br>                                                          ) | CASE NO. 05-CR-10175-WGY<br><br>VERIFIED MOVE FOR DISCOVERY<br><br>Fed.R.Civ.P. Rule 16<br><br>Nadine J. Griffin |

Nadine J. Griffin, the Accused Belligerent Claimant in the above-styled matter, requests discovery pursuant to Federal Rules of Civil Procedure, Rule 16(a) through (e).

Any request herein for the name of a person or organization shall be deemed also to be a request for the current or last-known address and telephone number of said person and sound recordings, computer data, records and other electronic media, whether or not encrypted, summaries, and any other data compilation; a copy of every such writing or record where the original is not in the possession, custody or control of Nadine J. Griffin and a copy of every such writing or record if such copy contains any alteration, commentary or notation whatsoever that does not appear on the original.

The documents requested to be produced by the government are required to refute the rebuttable presumption that exists regarding computations, equations, accounting methods and

1  principles relied upon for purposes of assessing a tax liability against Nadine J. Griffin, or the
2  lack of assessment thereof.
3       The term "Nadine J. Griffin" hereinafter used refers to the accused requesting the
4  production of documents as stated herein and throughout.
5       The term "you" or "your" hereinafter used refers all to government agents, employees and
6  other personnel for the UNITED STATES and the UNITED STATES OF AMERICA.
7       The term "income tax laws" or "internal revenue laws" hereinafter used refers to the law
8  presumed to have been passed by the United States Congress as found within the Internal
9  Revenue Code (IRC), United States Code (USC), Code of Federal Regulations (CFR), Internal
10 Revenue Manuals (IRM), Treasury Orders and Implementing Treasury Regulations, and the
11 Internal Revenue Ruling and Publications.
12      Because the employees of the UNITED STATES plaintiff that are employed by the Internal
13 Revenue Service are claiming that Nadine J. Griffin understated her alleged federal income tax
14 liability of an amount unknown to Griffin, it is not an extraordinary request for the government
15 to produce and identify with specificity, the taxing statutes, liability statutes, statutory
16 assessment authority, computations, accounting principles and mathematical equations used to
17 determine the amount of the alleged understatement.
18      The term "federal income tax liability" means the identifying statute and implementing
19 regulation in the Internal Revenue Code, United States Code and Code of Federal Regulations
20 that specifically identifies—without ambiguity—the tax imposed for purposes of assessing
21 income.
22      If any requested documents are missing or destroyed, you must provide the following
23 information:
24   1. All facts and circumstances surrounding the destruction or loss;
25   2. All memorandums, letter and notices that authorized the destruction of documents;

3. Whether it has been transferred voluntarily or involuntarily to others and, if so, their identities; and

4. All dates, essential terms and other details, including those set out above, of the writing, document, or record, and the identity of any third-party person/witness who will/can give competent secondary evidence of its contents, and their qualifications.

Pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure, Nadine J. Griffin requests that the responses to the requests for production remain continuous and be supplemented if further information is obtained between the time of these answers and the time of trial. Any violations of disclosure at all times shall be subject to sanctions imposed by Rule 16 (d)(2) *et. seq* of the criminal rules and other applicable law.

Requested specifically is the following:

**1. Defendant's Oral Statement.**

Disclose provide copies/recordings of *Defendant's Oral Statement*, e.g., the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

**2. Defendant's Written or Recorded Statement.**

Disclose and make available a photocopy and/or recording of *Defendant's Written or Recorded Statement*.

A. any relevant written or recorded statement by the defendant if:

- the statement is within the government's possession, custody, or control; and

- the attorney for the government knows -- or through due diligence could know -- that the statement exists;

B. the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

C. the defendant's recorded testimony before a grand jury relating to the charged offense.

3. **Organizational Defendant.**

Disclose and make available a photocopy any statement described in Rule 16(a)(1)(A) and (B) if the government contends that the person making the statement:

A. was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or

B. was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

4. **Defendant's Prior Record.**

Disclose and provide copies of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows -- or through due diligence could know -- that the record exists.

5. **Documents and Objects.**

A. Disclose and provide copies of all of books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

1) the item is material to preparing the defense, or;

2) the government intends to use the item in its case-in-chief at trial; or

3) the item was obtained from or belongs to the defendant.

**B. Specifically Requested are copies of the following Documents:**

1) the Notice and Demand for Tax issued for tax years 1998 and 1999.

2) the Statutory Notice of Deficiency issued for tax years 1998 and 1999

3) the signed 23C Summary Record of Assessment for tax years 1998 and 1999.

4). the signed Form 4340 Certificate of Assessment for tax years 1998 and 1999.

5).the signed Verification of taxpayers liability pursuant to 26 U.S.C. § 331(j)((2)(A).

6. **Accounting Method**

   A. The production of all documents, forms and transcripts that will be used to establish the "Specific Items" accounting method that supports the claim that Nadine J. Griffin understated her alleged federal income tax liability for tax years 1998 and 1999.

   B. The production of all documents, forms and transcripts that will be used to establish the "Net Worth" accounting method that supports the claim that the claim that Nadine J. Griffin understated her alleged federal income tax liability for tax years 1998 and 1999.

   C. The production of all documents, forms and transcripts that will be used to establish what "Specific Items" were received and owned by Nadine J. Griffin and taxable as "gross income" resulting in an understatement of Defendant's alleged federal income tax liability for tax years 1998 and 1999.

   D. The production of all documents, forms and transcripts that will be used to establish that the "Net Worth" were received and owned by Nadine J. Griffin and taxable as

gross income resulting in an understatement of Defendant's alleged federal income tax liability for tax years 1998 and 1999.

E. The production of all documents, forms and transcripts that were used to establish that an Assessment was made that determined the amount of federal income tax Nadine J. Griffin allegedly understated on her federal income tax return for tax years 1998 and 1999.

F. The production of all documents, forms and transcripts that will be used to establish that a Demand for Tax was made by employees of the Internal Revenue Service after Assessment of the amount Nadine J. Griffin allegedly understated on her federal income tax return for tax years 1998 and 1999.

G. The production of all documents, forms and transcripts that will be used to establish that efforts were made by employees of the Internal Revenue Service to collect the amount of tax they believe Nadine J. Griffin allegedly understated on her federal income tax return for tax years 1998 and 1999.

H. The production of all documents, forms and transcripts that will be used to establish the efforts made by employees of the Internal Revenue Service to ensure that all exemptions and deductions were used while determining the amount of tax they believe Nadine J. Griffin allegedly understated on her federal income tax return for tax years 1998 and 1999.

7. **Expert Witnesses.**

Please list all witnesses the Plaintiff intends to use, including but not limited to providing the following information:

A. Witnesses' names, addresses, and telephone numbers;

B. Witnesses' qualifications;

C. Summary of their testimony;

D. Basis and reasons for those opinions; and

E. Disclosure of any deals, promises or inducements, and/or contracts made to [Government] witnesses in exchange for their testimony.

F. A written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

G. A written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

8. **Favorable Evidence that would affect the results in this proceeding.**

Disclose and provide copies of <u>any and all information that has not been requested above that is **favorable to the defense**</u>.

**NOTE:** The disclosure, documentation and copies requested in this motion includes, but is not limited to, inter alia "**any deals, promises or inducements, and contracts made to [Government] witnesses in exchange for their testimony,**" and/or "**any favorable evidence that would affect the results in this proceeding.**"

"Bagley held that regardless of request, favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the results of the proceeding would have been different." United States v. Bagley, 473 U.S. 667 (1985)

**WHEREFORE**, Nadine J. Griffin, requests Plaintiff to disclose each and every item requested above, including evidence favorable to the defense, but not specifically requested.

Respectfully submitted,

**VERIFICATION**

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood, Sentient Being that the forgoing is true and correct. All Rights retained without recourse.

Executed this 21 day of February, 2006.

Signature: _____
Nadine J. Griffin
Accused, Belligerent Claimant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

## CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that February ____, 2006, served a true and correct copy of the above and foregoing verified move for discovery pursuant to Federal Rules of Civil Procedure, Rule 16(a) through (e) and proposed order by certified mail addressed as follows:

**Christopher Maietta**
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _7004 1160 0007 4196 2745_

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _7004 1160 0007 4196 2721_

Executed this 21 day of February, 2006.

_____
Nadine J. Griffin