**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CASE NO. 05-CR-10175-WGY** |
| | ) | |
| **Plaintiff,** | ) | **RESPONSE TO UNITED STATES** |
| | ) | **EMPLOYEE CHRISTOPHER MAIETTA'S** |
| **vs.** | ) | **OBJECTION TO Nadine J. Griffin's MOVE** |
| | ) | **FOR DUE PROCESS AND EQUAL** |
| **Nadine J. Griffin,** | ) | **PROTECTION OF THE LAW** |
| | ) | |
| **Accused, Belligerent Claimant.** | ) | (No Oral Arguments) |

COMES NOW Nadine J. Griffin, on her own behalf, responding to United States Plaintiff's employee Christopher Maietta's consolidated opposition to Griffin's move for due process and equal protection under the law, and acceptance of his Oath of Office. Christopher Maietta is either delusional or in denial of the underlined documented judicial activism and constraints on justice that exist in the case of Nadine J. Griffin. In quoting Maietta, he states without any supporting evidence in pertinent part: "*Defendant's allegations . . . are in no way supported by the record and are totally frivolous*."

Maietta responds using garden variety, highly predictable, linguistic gymnastics, skirting issues of law and facts, employing the term "frivolous" or "patently frivolous" the most frequently used terms of government officers, officials and employees. Such a response relieves Maietta (and officers like him) of the burden of addressing legally founded issues, precedents

1  and statutes. Nevertheless, Nadine J. Griffin, is forced to proceed before this stacked deck of

2  cards in a fight for her life, liberty an property.

3  Christopher Maietta's offering of a frail, unskilled, generic, un-researched response, unable to

4  defend a valid and verifiable position espoused by Griffin – constitutes a direct violation of due

5  process of law and violates equal protection of the law allowing him to remain silent on the

6  issues.

7

8      "Silence is a species of conduct, and constitutes an implied representation of the
       existence of the state of facts in question, estoppel is accordingly a species of
9      estoppel by misrepresentation. [Cite omitted]. When silence is of such a character
       and under such circumstances that it would become a fraud upon the other party
10     to permit the party who has kept silent to deny what his silence has induced the
       other to believe and act upon, it will operate as an estoppel." *Carmine vs. Brown*,
11     64 A. 932 (1906). [Emphasis Added.]

12     *"Silence can only be equated with fraud where there is a legal or moral duty to
       speak or where an inquiry left unanswered would be intentionally misleading...*
13     *This sort of deception will not be tolerated and if this is the routine it should be
       corrected immediately." United States vs. Tweel*, 550 F. 2d 297

14
   Seemingly, neither Christopher Maietta nor judicial official and CEO William G. Young are
15
   bound by the same laws they have been given the authority to enforce – shielded with sovereign
16
   absolute immunity as employees and members of the awesome machinery of the [G]overnment.
17
   For these and other reasons, Nadine J. Griffin must move for due process and equal protection of
18
19  the law.

20          **FRIVOLOUS DEFINED BY THE UNITED STATES SUPREME COURT**

21     Christopher Maietta has failed to address one single element of why Nadine J. Griffin's move

22  for equal protection under the law is "frivolous."   The following United States Supreme Court

23  precedent should dispel Christopher Maietta's unjustified mischaracterization of Griffin's

24  attempt to compel this Court's judicial officials and Mr. Maietta to remain in strict compliance

25  with the law. Inasmuch as Maietta may seek to ignore certain facts and employ others, United

States Supreme Court rulings speak unambiguously to the definition of frivolous.    The    Supreme

Court defines the term "frivolous" as it applies to the law and the facts of any case or issue in so

stating:

> "*In relevant part, Judge Schroeder's lead opinion concluded that a district court could dismiss a complaint as factually frivolous only if the allegations conflicted with judicially noticeable facts, that is, facts "capable of accurate and ready determination by resort to sources  whose accuracy cannot reasonably be questioned*." *Denton v. Hernandez* 504 U.S. 25 (1992).

The Court went on to intimate further:

> "*. . . a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.*" *Neitzke v. Williams*, 490 U.S. 319, 325. (1989)

Without need for interpretation, the Supreme Court offers conclusive elements to the term

frivolous. Such clear cogent and irrefutable definition as opined by the high court shall be the

cornerstone and the foundations by which doctrines of law Nadine J. Griffin shall rely upon. To

the contrary, if this Court's judicial official William G. Young (or his law clerk) deny Griffin's

move for due process and equal protection – it is assured that Supreme Court rulings have no

place in this Kangaroo Court, which makes sense of such denial.

Denton, supra, went on to state in pertinent part:

> "*. . . to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be strange, but true; for truth is always strange, Stranger than fiction.*" Lord Byron, Don Juan, Canto XIV, Stanza 101 (T. Steffan, E. Steffan, & W. Pratt eds. 1977). *(Emphasis Added.)*

Christopher Maietta has failed to establish a single element of frivolity in his objection that

according to the Supreme Court showing that Nadine J. Griffin's move for due process and equal

protection: (1) lacks of factual allegations, (2) professes legal conclusions, (3) conflicts with

1    judicially noticeable facts, (4) not capable of accurate and ready determination, and (5) can

2    reasonably be questioned.

3        Unlike Maietta's response in opposition and objection, bearing all the elements of

4    "frivolous" with such a lackluster response, Nadine J. Griffin's move is buttressed and on the

5    record. Griffin's move for due process and equal protection of the law is not solely for the

6    purpose of pointing out the particular violations of her Rights presently on the record, but for this

7    Court's judicial officials to establish its future intent to: (1) adhere to the law with indifference,

8    (2) rule on sound legal principles, (3) remain unbiased, (4) remain impartial, and (5) proceed

9
10   without prejudice in light of your financial nexus with your United States plaintiff's employer.

11              "Moreover, even if there is no showing of actual bias in the tribunal, this Court
               has held that due process is denied that due process is denied by circumstances
12             that create the likelihood or the appearance of bias." *Peters v. Kiff*, 407 U.S. 493,
               502 (1972), *92* S.Ct. 2163.

13
14       In other words, a formal denial of Griffin's move for due process and equal protection of the

15   law is to openly and officially denying her access to the law, this Court, and to justice *in toto.*

16   With the denial of Griffin's rights to a fair and impartial hearing on the record, the intent of

17   William G. Young has already been established – and due process and equal protection under the

18   law – has been DENIED. Nonetheless, Maietta's objection and motioning this Court deny

19   Griffin's move for due process and equal protection under the law, if granted, will solidify and

20   conclude on the record, that Griffin will be proceeding before a Kangaroo Court, therein force to

21   seek a Writ of Mandamus to compel this Court's judicial officials abide by the law and

22   conditions precedent.

23                    **ACCEPTANCE OF CHRISTOPHER MAIETTA'S OATH OF OFFICE**

24       To the degree that Nadine J. Griffin should respond to Maietta's concern regarding Griffin's

25   acceptance of his contracted Oath of Office is limited to say: (1) your actions are contractual in

nature, and (2) your offer to contract was made with your intent to maliciously prosecute Nadine J. Griffin without cause, and therefore without jurisdiction, and (3) the acceptance of your Oath of Office is in no way a "Motion" to the Court; but, a mandatory judicial notice of such acceptance.

And as far as the three days issue regarding the acceptance of your contract being, as you say frivolous, such an acceptance prevails under the Common Law (see Williston on Contracts 2nd Edition). But again, you are probably not fully abreast of the language in your "Errors and Omissions Policy" either.

WHEREFORE, Nadine J. Griffin moves for a neutral, non-biased and qualified judicial official, actor or referee of this Court grant the move for due process and equal protection under the law as the only just and proper remedy.

Enthusiastically Submitted,

## VERIFICATION

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood, Sentient Being that the forgoing is true and correct. All Rights retained without recourse.

Executed this __21__ day of February, 2006.

Signature: _Nadine J. Griffin_
Accused, Belligerent Claimant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

## CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that on February _____, 2006, I mailed a true and correct copy of the above and foregoing RESPONSE TO UNITED STATES EMPLOYEE CHRISTOPHER MAIETTA'S OBJECTION TO Nadine J. Griffin's MOVE FOR DUE PROCESS AND EQUAL PROTECTION OF THE LAW by Certified Mail addressed to:

Christopher Maietta
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210
Certified Mail No. _____ 7004 1160 0007 4196 2721

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _____ 7004 1160 0007 4196 2745

Executed this 21 day of February, 2006

_____
Nadine J. Griffin