## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CASE NO. 05-CR-10175-WGY** |
| | ) | |
| **Plaintiff,** | ) | **VERIFIED AFFIDAVIT IN** |
| | ) | **SUPPORT OF MOVE FOR FINDINGS OF** |
| **vs.** | ) | **FACT AND CONCLUSIONS OF LAW, OR** |
| | ) | **IN THE ALTERNATIVE, MOVE FOR** |
| **Nadine J. Griffin,** | ) | **CLARIFICATION** |
| | ) | |
| **Accused, Belligerent Claimant.** | ) | **Fed.R.Cim.P. Rule 47(d)** |
| | ) | |
| | ) | **Nadine J. Griffin** |

Nadine J. Griffin declares and states as follows:

1. I am the accused Belligerent Claimant proceeding on her own behalf, hereinafter referred to as "Affiant" in the above-entitled action and competent to testify to the facts stated herein to wit:

2. That all statements made within this affidavit are true and correct not meant to mislead;

3. That Nadine J. Griffin exists as a Conscious Living, Breathing, Flesh and Blood Sentient Being; NOT a statutory person, persons, natural person, artificial person, individual, corporation, entity, or any other sub-status, fourth class citizen *ens legis* creation of any government, federal, state, local or otherwise;

4. That Affiant is unschooled in law, not an attorney or bar association member, and is attempting to defend and dispose of this action to the best of Affiant's ability with reliance

upon your statutes, codes, rules and regulations; including those relied upon by the plaintiff and established by the Constitution of the United States of America, United States Congress, and the United States Supreme Court;

5.  That more than fourteen (14) moves submitted by Nadine J. Griffin have been denied by an unsigned "Electronic Order" from Judge William G. Young or his law clerk, it is impossible to identify who made each of the following Orders:

A.  Electronic Order of July 25, 2005, denying Nadine J. Griffin's pre-trial Mandatory Judicial Notice (Docket Item 10);

B.  Electronic Order of July 26, 2005, denying Nadine J. Griffin's pre-trial Emergency Motion to Continue Arraignment (Docket Item 5),

C.  Electronic Order of August 18, 2005, denying Nadine J. Griffin's pre-trial Motion to Vacate Re-Characterization of Judicial Notice by William G. Young, (Docket Item 14);

D.  Electronic Order of August 23, 2005, denying Nadine J. Griffin's pre-trial Notice and Demand Regarding Nadine J. Griffin's Motion Under Authority of F.R.Cr.P 12(b)(2) (Docket Item 18);

E.  Electronic Order of September 8, 2005, denying Nadine J. Griffin's pre-trial trial Motion to Quash Indictment (Docket Item 6), and the pre-trial Motion to Vacate Minute Order Issued by Magistrate Joyce London Alexander (Docket Item 15);

F.  Electronic Order of September 30, 2005, denying Nadine J. Griffin's pre-trial trial Move to Strike the United States' Opposition to Defendant Griffin's Response Dated September 6, 2005;  (Docket Entry 27);

G.  Electronic Order of October 13, 2005, denying Nadine J. Griffin's pre-trial trial Move for Bill of Particulars, Fed.R.Crim.P. 7(f) (Docket Item 28);

H.  Electronic Order of October 13, 2005, denying Nadine J. Griffin's pre-trial trial Response to United States Motion to Deny Move for Dismissal (Docket Item 34), and the pre-trial Declaration in Support of Response (Docket Item 35);

I.  Electronic Order of February 6, 2006, denying Nadine J. Griffin's pre-trial trial Move for Judicial Official William G. Young to Rule on Motion and Issue Final Orders,

Findings of Facts and Conclusions of the Law are Required by the Fifth Amendment to the Constitution, Fed.R.Crim.P.12(b) (Docket Item 44);

J. Electronic Order of February 6, 2006, denying Nadine J. Griffin's pre-trial trial Move for Judicial Official William G. Young to Rule on Motion and Issue Final Orders, Findings of Facts and Conclusions of the Law are Required by the Fifth Amendment to the Constitution, Fed.R.Crim.P.12(b) (Docket Item 44);

K. Electronic Order of February 6, 2006, denying Nadine J. Griffin's pre-trial trial Verified Affidavit with Exhibits in Support of Move for Fair and Impartial Hearings and/or Trial (Docket Item 47);

L. Electronic Order of February 10, 2006, denying Nadine J. Griffin's pre-trial trial Verified Request for Public Disclosure of Financial Reports, Corporate Affiliation and Other possible Conflicts of Interest Regarding Judicial Official William G. Young (Docket Item 50);

M. Electronic Order of February 10, 2006, denying Nadine J. Griffin's pre-trial trial Verified Move for Fair and Impartial Hearings and/or Trial (Docket Item 51);

(See **Exhibit A** for 1st page of each move Denied and **Exhibit B** for Docket.)

6. That is highly suspicious and hard to believe that the judicial official and CEO William G. Young would actually be so unconscious of his actions that he would deny a supporting affidavit (see Electronic Order dated February 6, 2006), which is not even a motion; it is obvious that this Judge is not even reading the pleadings submitted by Nadine J. Griffin (see **Exhibit C**);

7. That it is equally hard to believe that a judicial official and CEO William G. Young or his law clerk would deny a Move for a Fair and Impartial Hearing, see Electronic Order entered on February 6, 2006, regarding Docket Item 51 (see **Exhibit D** first page denied move).

8. That because of the lack of any official court orders signed by a judge, and the suspicious docket entries, Nadine J. Griffin is requesting the Court for the following:

A. Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Mandatory Judicial Notice (Docket Item 10) in the Electronic Order of July 25, 2005;

B. Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Emergency Motion to Continue Arraignment (Docket Item 5), in the Electronic Order of July 26, 2005;

C. Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Motion to Vacate Re-Characterization of Judicial Notice by William G. Young, (Docket Item 14), in the Electronic Order of August 18, 2005;

D. Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Notice and Demand Regarding Nadine J. Griffin's Motion Under Authority of F.R.Cr.P 12(b)(2) (Docket Item 18), in the Electronic Order of August 23, 2005;

E. Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Motion to Quash Indictment (Docket Item 6), and the pre-trial Motion to Vacate Minute Order Issued by Magistrate Joyce London Alexander (Docket Item 15) in the Electronic Order of September 8, 2005;

F. Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Move to Strike the United States' Opposition to Defendant Griffin's Response Dated September 6, 2005; (Docket Entry 27), in the Electronic Order of September 30, 2005;

G. Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Move for Bill of Particulars, Fed.R.Crim.P. 7(f) (Docket Item 28), in the Electronic Order of October 13, 2005;

H.  Explain its own reasoning for the denial of Nadine J. Griffin's Response to United States Motion to Deny Move for Dismissal (Docket Item 34), and the pre-trial Declaration in Support of Response (Docket Item 35) in the Electronic Order of October 28, 2005;

I.  Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Verified Move for Judicial Official William G. Young to Rule on Motion and Issue Final Orders, Findings of Facts and Conclusions of the Law are Required by the Fifth Amendment to the Constitution, Fed.R.Crim.P.12(b) (Docket Item 44), in the Electronic Order of February 6, 2006;

J.  Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Verified Affidavit with Exhibits in Support of Move for Fair and Impartial Hearings and/or Trial (Docket Item 47), in the Electronic Order of February 6, 2006;

K.  Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Verified Request for Public Disclosure of Financial Reports, Corporate Affiliation and Other possible Conflicts of Interest Regarding Judicial Official William G. Young (Docket Item 50), in the Electronic Order of February 10, 2006;

L.  Explain its own reasoning for the denial of Nadine J. Griffin's pre-trial Verified Affidavit with Exhibits in Support of Move for Fair and Impartial Hearings and/or Trial (Docket Item 51), in the Electronic Order of February 10, 2006; or, in the alternative,

9.  That Nadine J. Griffin requests the court to inform her of the exact amount of time the Court actually spent on each motion submitted by Nadine J. Griffin, as it appears that this

Court merely routinely denied everything submitted Nadine J. Griffin which is demonstrated by the Electronic Orders listed above.

## VERIFICATION

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood, Sentient Being that the forgoing is true and correct. All Rights retained without recourse.

Executed this $\underline{28}$ day of February, 2006.

Signature: _____
Nadine J. Griffin
Accused, Belligerent Claimant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

**ATTACHMENTS:**

**EXHIBIT A**: 1st page of each move the Court Denied

**EXHIBIT B**: Copy Court of Docket

**EXHIBIT C**: Docket Entry # 47 Affidavit in Support of Move for Fair and Impartial Hearing

**EXHIBIT D**: Docket Entry #51 1st page of Move for Fair and Impartial Hearing

**NOTARY ACKNOWLEDGMENT**

State of New Hampshire    )
                          ) subscribed and sworn
County of Carroll         )

On this 27 day, of February____, 2006 A.D., **Nadine J. Griffin** personally

appeared, personally known to me, OR proved to me on the basis of satisfactory evidence to be

the one whose name is subscribed to within this instrument and who did take an Oath.

Witness my hand and official seal.

Margaret F Culverwell
                                                    Signature of Notary
My Commission Expires: _____

MARGARET F. CULVERWELL, Notary Public
My Commission Expires February 20, 2007

VERIFIED AFFIDAVIT IN                    7 of 7                    Nadine J. Griffin
SUPPORT OF MOVE FINDINGS OF FACT -47C

CASE NO. 05-CR-10175-WGY                                    Nadine J. Griffin,

# EXHIBIT "A"
## 14 pages

1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE DISTRICT OF MASSACHUSETTS

4

5  UNITED STATES OF AMERICA          )
                                     )        CASE NO. CR-05-10175-WGY
6                        Plaintiff   )
                                     )        **MANDATORY JUDICIAL NOTICE**
7      vs.                           )
                                     )
8  Nadine J. Griffin                 )
                         Defendant   )
9  ──────────────────────────────────)

10      Nadine J. Griffin, proceeding in special appearance, notices this court under authority of the

11  Federal Rules of Evidence – F.R.E. 201(d)

12          I. This court is judicially noticed of the *Constitution of the United States of America*

13  including that esteemed document's mandate for due process requiring, *inter alia*, an impartial

14  trier of fact.

15          II. This court is further noticed of the ***rule of precedent*** most aptly expressed as "Even in

16  constitutional cases, courts have always required a departure from precedent to be supported by

17  some 'special justification.' "*United States v. International Business Machines Corp.*, 517 U.S.

18  843, 856 (1996), quoting *Payne v. Tennessee*, 501 U.S. 808, 842 (1991) (Souter, J., concurring)."

19          III. This court is noticed of the following precedents of the United States Supreme Court

20  wherein that court ruled and determined: (a). That the Sixteenth Amendment of the Constitution

21  conferred no new taxing powers on Congress that were not inherent in the Constitution from the

22  very beginning, and (b). that the income tax is an indirect tax in the nature of an excise tax

23

24  applying uniformly to revenue taxable activities. See *Stanton v. Baltic Mining Co.*, 240 U.S. 103,

1

2              **IN THE UNITED STATES DISTRICT COURT**

3              **FOR THE DISTRICT OF MASSACHUSETTS**

4

5    UNITED STATES OF AMERICA          )
                                        )          CASE NO. CR-05-10175-WGY
                          Plaintiff     )
6                                       )
                                        )          **EMERGENCY MOTION TO**
7         vs.                           )          **CONTINUE ARRAIGNMENT**
                                        )
8    Nadine J. Griffin                  )
                          Defendant     )
9    ─────────────────────────────     )

10   Nadine J. Griffin, proceeding in special appearance, moves this court for an *emergency motion*

11   *to continue* the arraignment proceedings to take place July 29th 2005.

12

13                                **Brief in support**

14

15        1. This court shall notice: Nadine J. Griffin has moved this court for dismissal of this

16   instant case and supported the motion to dismiss with a memorandum of law and judicial notice

17   which reveal that the indictment in this instant case is fatally defective.

18        2. Granting this emergency motion to continue the indictment shall not prejudice the

19   rights of the defendant.

20        3. Denying this emergency motion to continue shall prejudice the rights of the accused

21   as the accused shall be asked to plead to a facially null indictment.

22

23

24

         EMERGENCY MOTION TO CONTINUE              1 of 3        Nadine J. Griffin
         ARRAIGNMENT                                             Certificate of mailing page 3

1

2                    **IN THE UNITED STATES DISTRICT COURT**

3                      **FOR THE DISTRICT OF MASSACHUSETTS**

4    UNITED STATES OF AMERICA          )
                                        )        CASE NO. CR-05-10175-WGY
5                                       )        MOTION TO VACATE
                                        )        RE-CHARACTERIZATION OF JUDICIAL
6              V.S.                     )        NOTICE BY WILLIAM G. YOUNG
                                        )
7         Nadine J. Griffin            )
     _____)

8          Nadine J. Griffin, proceeding in special appearance, moves this court for vacation of the

9    court's (1). Re-characterization of Nadine J. Griffin's judicial notice as a "motion for judicial

10   notice," and (2). Denial of the same. These points of law shall be briefed inversely, the court

11   lacked subject matter jurisdiction to disregard judicial notice for reason that the court trespassed

12   on the substantive due process right of Nadine J. Griffin to a fair and impartial trial on the merits

13   of the United State's still unverified claim.

14

15                           Brief in support motion to vacate

16         Nadine J. Griffin placed the court on notice of certain adjudicative facts as well as certain

17   mandates including the Constitution's mandate for due process.  The court, *sua sponte*, re-

18   characterized the judicial notice as a so-called motion for judicial notice; and also proceeding

19   *sua sponte*,  denied the motion.  The court mysteriously advocated that the court cannot be

20   placed on notice by Nadine J. Griffin. The court's demeanor of disregarding the <u>Federal Rules of</u>

21   <u>Evidence</u> was so aberrant to the ideals of substantial justice and fair play as to cause immediate

22   apprehension that the court has no intention of proceeding according to the rule of law, to wit:

23

24

         MOVE TO VACATE RE-CHARACTERIZATION          1 Of 3          Nadine J. Griffin
         OF JUDICIAL NOTICE                                          Certificate of mailing page 3

In the District Court of the United States
For the District of Massachusetts

| | |
|---|---|
| The United States of America, | ) |
| | ) |
| plaintiff, | ) |
| | ) |
| vs. | ) Case number CR-05-10175-WGY |
| | ) Notice and demand regarding |
| Nadine J. Griffin, | ) Nadine J. Griffin's motion under |
| | ) authority of F.R.Cr.P. 12(b)(2) |
| defendant. | ) |

### Notice

1. July 21ᵗ 2005, Nadine J. Griffin moved this court under authority of F.R.Cr.P., rule 12(b)(2).

2. Counsel purporting to represent the United States of America, with notice and opportunity to respond and verify to this court's administrative satisfaction that the record in this instant case contains no jurisdictional defects, has failed or refused to answer.

### Demand

3. Whereas this court has actual knowledge that this court has a non-discretionary duty to inspect the record and dismiss where the record establishes a jurisdictional defect, the matter of the United States of America versus Nadine J. Griffin, Massachusetts case file number CR-05-10175 must be dismissed as a matter of law.

Prepared and submitted by: _____

Nadine J. Griffin

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. CR-05-10175-WGY |
| Plaintiff ) | |
| ) | **MOTION TO QUASH INDICTMENT** |
| vs ) | |
| Nadine J. Griffin ) | |
| Defendant ) | |

Nadine J. Griffin, proceeding in special appearance, moves to quash the July 13th 2005 "indictment" as defective warranting this court's dismissal of this instant case id. as "CR-05-10175-WGY" – this court is deprived of subject matter jurisdiction.

Brief in support of the motion to quash the indictment, dismiss, and exonerate any bond which may inure prior to the proper and necessary disposal of this instant case.

1. The record made in this instant case verifies one primary jurisdictional defect which is incurable: The indictment is a conclusory article without factual support, fails to charge the putative defendant with a crime. The so-called indictment fails to charge the putative defendant, Nadine J. Griffin, with having committed any act rising to the level of a crime cognizable under federal criminal question authority.

2. The "indictment" placed into the court record in this instant case fails to allege that a crime has been committed. Although an attempt has been made to prosecute an action under authority of 26 U.S.C. § 7206, the indictment fails to plead facts sufficient to empower this court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )   CASE NO. CR-05-10175-WGY
                         )   MOTION TO VACATE MINUTE (Minute)
                         )   ORDER ISSUED BY MAGISTRATE
                         )   JOYCE LONDON ALEXANDER
vs.                      )
                         )
Nadine J. Griffin        )
─────────────────────────)

Nadine J. Griffin, proceeding in special appearance, moves this court for vacation of Joyce London Alexander's July 27th 2005 minute order including setting bond, setting a subsequent date for "arraignment," and restriction on travel – Magistrate Alexander was wholly lacking in judicial power to issue the order or any other order for reasons that Nadine J. Griffin, timely and in a procedurally proper mode, objected to proceedings before Alexander and Nadine J. Griffin had challenged the court's jurisdiction, both personal and subject matter jurisdiction – both matters were unresolved when Alexander presumed jurisdiction to conduct an arraignment hearing and set conditions of release including restricting Nadine J. Griffin's right to travel.

## Brief in support motion to vacate

July 21st 2005, Nadine J. Griffin objected to being arraigned on July 27th 2005 before a magistrate. William G. Young neither sustained nor denied the objection. Disregarding Nadine J. Griffin's substantive due process right to object to being arraigned before a magistrate offends ideals of substantial justice and fair play.

MOVE TO VACATE MINUTE ORDER          1 Of 4          Nadine J. Griffin

Certificate of mailing page 4

1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE DISTRICT OF MASSACHUSETTS

4

5   UNITED STATES OF AMERICA          )
                                      )          CASE NO. CR-05-10175-WGY
                      Plaintiff       )
6                                     )
                                      )
7          vs.                        )          MOTION TO STRIKE THE UNITED
                                      )          STATES' OPPOSITION TO DEFENDANT
                                      )          GRIFFIN'S RESPONSE DATED
8   Nadine J. Griffin                 )          SEPTEMBER 6, 2005
                      Defendant       )
9   ─────────────────────────────

10

11                   Brief in support of motion to strike

12      Victor A. Wild's paper styled as "UNITED STATES' OPPOSITION TO DEFENDANT

13  GRIFFIN'S RESPONSE DATE SEPTEMBER 6, 2005" appears to be interposed into these

14  proceedings for purposes of harassment, delay, and obstruction of justice.

15      1. Wild misleads this court with Wild's claim, "Defendant's frivolous argument that this

16  Court lacks subject matter jurisdiction over Title 26 offenses has been consistently rejected by

17  federal courts." TRUTH: This court shall not find that Nadine Griffin averred that the federal

18  district court lacks subject matter jurisdiction to hear cases rising from title 26 offenses. Nadine

19  Griffin correctly pointed out to this court that Nadine Griffin understands United States Supreme

20  Court doctrine wherein that honorable court has affirmed that the federal district court is a court

21  of limited jurisdiction and that party seeking to invoke the federal district court's jurisdiction has

22  the burden of proof to show, on the record, that the court has jurisdiction. In this instant case

23

MOTION TO STRIKE                1 Of 4          Nadine J. Griffin
BRIEF IN SUPPORT                                Certificate of mailing page 6

1
2
3          **IN THE UNITED STATES DISTRICT COURT**
4          **FOR THE DISTRICT OF MASSACHUSETTS**

5    UNITED STATES OF AMERICA            )
6                        Plaintiff        )        CASE NO. CR-05-10175-WGY
                                          )
7          vs.                           )    **MOVE FOR BILL OF PARTICULARS**
                                          )    **UNDER THE FIFTH AND SIXTH**
8                                         )    **AMENDMENT TO THE UNITED STATES**
     Nadine J. Griffin                    )    **CONSTITUTION**
9                        Accused/ Defendant )

10
11   Accused defendant, Nadine J. Griffin *pro se*, and pursuant to Fed. R. Crim. P. 7(f), and the Fifth
12   and Sixth Amendments to the United States Constitution, hereby moves this Court for an order
13   compelling the government to file a bill of particulars, setting forth the following:

14                        **COUNT 1**
                        26 U.S.C. § 7206
15                (Filing False Income Tax Returns)

16   1.  With respect to Count One, the date of the earliest statement and/or event upon which the
17       prosecution will rely to prove that the filing of a false income tax return transpired.

18   2.  With respect to Count One, the nature of any and all statements and/or events, other than
19       those already contained in the indictment, upon which the prosecution intends to rely to
20       prove that a false income tax return was filed.
21
22   3.  With respect to Count One, the date and nature of the earliest statement and/or event upon
23       which the prosecution will rely to establish the filing of the return was false.

24   4.  With respect to Count One, the date and nature of the earliest statement and/or event upon
25       which the prosecution will rely to establish the nature of the falsity of the return filed.

FILED
IN CLERKS OFFICE

2005 OCT 25  A 9:03

U.S. DISTRICT COURT
DISTRICT OF MASS.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
　　　　　　　　　　　　　　 )　　　CASE NO. CR-05-10175-WGY
　　　　　　Plaintiff　　　　　 )
　　　　　　　　　　　　　　 )　　**Nadine J. Griffin's RESPONSE**
　　vs.　　　　　　　　　　　 )　　**TO UNITED STATES MOTION**
　　　　　　　　　　　　　　 )　　**TO DENY MOVE FOR DISMISSAL**
Nadine J. Griffin　　　　　　 )
　　　　　　Defendant　　　　 )
_____)

　　　　Nadine J. Griffin, proceeding *pro se*, responds to Plaintiff's motion to deny her Move for

Dismissal under the Sixth Amendment to the Constitution for the United States of America and

the Speedy Trial Act.

## BRIEF IN SUPPORT

　　　　The United States erroneously contends that the Accused defendant Nadine J.

Griffin's reliance on the Sixth Amendment as it relates to the Speedy Trial Act is flawed

proffering that: (1) the Accused Defendant was presumed to have been arraigned on August 11,

2005, and (2) and said period is excluded under Local Rule 112.2 and 18 U.S.C. 3161(h)(1)(f).

The United States cites Local Rule 112.2 as the first basis and authority for this Court to explore

the "exclusion" clause of the Speedy Trial Act.

　　　　First, the Accused defendant Nadine J. Griffin proceeding *pro se* was NOT arraigned

on August 11, 2005, as indicated on the Court Docket Entry on 7/21/05 – Docket Entries 8 and 9,

1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. CR-05-10175-WGY |
| Plaintiff | ) | **DECLARATION IN SUPPORT OF RESPONSE TO UNITED STATES MOTION TO DENY DISMISSAL** |
| vs. | ) | |
| Nadine J. Griffin | ) | |
| Defendant | ) | |

14   1. Nadine J. Griffin declares and states as follows:

15   2. I am the Accused *pro se*, hereinafter referred to as "Declarant" in the above-entitled action

16      and competent to testify to the facts stated herein to wit:

17   3. That all statements made within this declaration are true and correct not meant to mislead.

18   4. That Nadine J. Griffin exists as a conscious living, breathing, feeling flesh and blood

19      sentient being; NOT a statutory person, persons, natural person, artificial person, individual,

20      corporation, entity, or any other sub-status, fourth class citizen *ens legis* creation of any

21      government, federal, state, local or otherwise.

22   5. That Declarant is unschooled in law, not an Attorney or Bar Association member, and is

23      attempting to defend and dispose of this action to the best of Declarant's ability with

24      reliance upon your statutes, codes, rules and regulations; including those relied upon by the

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CASE NO. 05-CR-10175-WGY** |
| Plaintiff, ) | **VERIFIED MOVE FOR JUDICIAL OFFICIAL WILLIAM G. YOUNG TO RULE ON [M]OTIONS AND ISSUE FINAL ORDERS, FINDINGS OF FACTS AND CONCLUSIONS OF THE LAW AS REQUIRED BY THE FIFTH AMENDMENT TO THE CONSTITUTION** |
| vs. ) | |
| Nadine J. Griffin, ) | |
| Accused, Belligerent Claimant. ) | **Fed. R. Crim. P. 12(d)** |
| | **(No oral Arguments)** |

COMES NOW Nadine J. Griffin the accused (hereinafter referred to as "Belligerent Claimant") moving judicial official and CEO William G. Young to issue Order(s) complete with a findings of fact and conclusions of "the law" when ruling on [m]otions and other process filed by Nadine J. Griffin.

**Memorandum and Brief in Support**

Nadine J. Griffin has moved this Court to dispose of this matter as reflected in the Court's records in a number of filings. Judicial official and CEO William G. Young has refused to issue a single ruling as required by law on any pleadings filed by Nadine J. Griffin. There is no evidence that judicial official and CEO William G. Young's issuance of Minute and/or Electronic Orders are sufficient to establish cognizable ruling on the merits of the issues

1

2

3

4

5

6

7

8

9

10

11

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 05-CR-10175-WGY** |
| ) | |
| **Plaintiff,** ) | **MANDATORY JUDICIAL NOTICE** |
| ) | |
| **vs.** ) | **VERIFIED AFFIDAVIT WITH EXHIBTS** |
| ) | **IN SUPPORT OF MOVE FOR FAIR AND** |
| **Nadine J. Griffin,** ) | **IMPARTIAL HEARINGS AND/OR TRIAL** |
| ) | |
| **Affiant, Accused.** ) | **Nadine J. Griffin** |

13

14   1.  Nadine J. Griffin (hereinafter referred to as the "Affiant") declares and states as follows:

15   2.  That all statements made within this affidavit are true and correct not meant to mislead;

16   3.  That Nadine J. Griffin exists as a Conscious, Thinking, Living, Feeling, Breathing, Flesh

17       and Blood Sentient Being; NOT a statutory person, natural person, artificial person,

18       individual, corporation, entity, partnership or any other *sub-status*, fourth class citizen *ens*

19       *legis* creation of any government, federal, state, local or otherwise and competent to state

20       the facts herein to wit;

21   4.  That Nadine J. Griffin is unschooled in law, is not an attorney or bar-association member,

22       and is attempting to defend and dispose of this action to the best of her ability with reliance

23       upon your statutes, codes, rules and regulations; including those relied upon by your

24       employer the United States Plaintiff and established by the Constitution of the United States

25       of America, United States Congress, and the United States Supreme Court;

FILED
IN CLERK'S OFFICE

2006 FEB -8  A 11: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CASE NO. 05-CR-10175-WGY** |
| **Plaintiff,** ) | **VERIFIED REQUEST FOR PUBLIC** |
| ) | **DISCLOSURE OF FINANCIAL REPORTS** |
| **vs.** ) | **CORPORATE AFFILIATIONS AND** |
| ) | **OTHER POSSIBLE CONFLICTS OF** |
| Nadine J. Griffin, ) | **INTEREST REGARDING JUDICIAL** |
| ) | **OFFICIAL — WILLIAM G. YOUNG** |
| **Accused, Belligerent Claimant.** ) | |

COMES NOW: Nadine J. Griffin (hereinafter "Belligerent Claimant") files and serves this formal request for disclosure of financial reports and corporate affiliations pursuant to the Government in Ethics Act of 1978, 28 U.S.C. § 455 *et. seq.*, and 5 CFR § 2634.201. This request for disclosure of financial reports, relationships, memberships, and other affiliations will disclose, expose and/or rule out possible conflicts of interest that may further compromise the Rights of Nadine J. Griffin proceeding before judicial official William G. Young. (see *Lisi v. Several Attorneys*, 569 A.2d 313 (R.I. 1991); and, *In re International Business Machines Corp.*, 45 F.3d 641 (2d Cir. 1995)

Nadine J. Griffin's Rights of fairness and impartiality hinges on the prompt financial disclosure of affiliations presently unknown regarding William G. Young. Therefore, Nadine J. Griffin request judicial official William G. Young makes the following disclosure:

///

FILED
IN CLERK'S OFFICE

2006 FEB -8  A 10:44

U.S. DISTRICT COURT
DISTRICT OF MASS.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff, a corporation<br><br>vs.<br><br>Nadine J. Griffin,<br><br>Accused, Belligerent Claimant. | CASE NO. 1:05-CR-10175-WGY<br><br>**VERIFIED MOVE FOR FAIR AND IMPARTIAL HEARINGS BEFORE *QUI TAM* ACTORS EMPLOYED BY THE UNITED STATES PLAINTIFF TO PROCEED IN COMPLIANCE WITH THE V, VI AND XIV AMENDMENT TO THE FEDERAL CONSTITUTION - VOTE OF NO CONFIDENCE IN THE JUDICIARY – NOR THE JUDICIAL PROCESS**<br><br>**(No Oral Arguments)** |

Nadine J. Griffin, herein proceeds on her own behalf, as a Conscious, Thinking, Feeling, Living, Flesh and Blood Sentient Being and Not a "Ward of the Court" or person of unsound mind (hereinafter referred to as a "Belligerent Claimant") moves for fair and impartial hearings and/or trial due to extreme prejudice, partiality, financial nexus and favoritism imposed against her while protecting your employer, the United States Plaintiff. The obvious nexus and extreme prejudice of these *qui tam* Actors on behalf of the United States Plaintiff is comically clear — save the denial often espoused by Government *Actors* — contrary to intrinsic facts and evidence to the latter. Therefore, Nadine J. Griffin must proceed as a "Belligerent Claimant" of her Rights or waive those Rights *in toto*. The courts have held that one who is not willing to assert a Right or protection guaranteed by the Constitution to the point of belligerence, loses that right all

CASE NO. 05-CR-10175-WGY

Nadine J. Griffin,

# EXHIBIT "B"
**9 pages**

## United States District Court
## District of Massachusetts (Boston)
## CRIMINAL DOCKET FOR CASE #: 1:05-cr-10175-WGY-ALL

Case title: USA v. Griffin

Date Filed: 07/13/2005

Assigned to: Judge William G. Young

**Defendant**

**Nadine J Griffin** (1)

represented by **Nadine J Griffin**
36 Center Street
# 143
Wolfeboro, NH 03894
PRO SE

**James B. Krasnoo**
Krasnoo Klehm LLP
23 Main Street
Terrace Level
Andover, MA 01810
978-475-9955
Fax: 978-474-9005
Email: james@krasnoolaw.com
*TERMINATED: 07/20/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

**Disposition**

26;7206(1)-FILING FALSE INCOME TAX
RETURNS
(1-2)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

**Disposition**

None

**Highest Offense Level (Terminated)**

None

## Complaints

**Disposition**

None

---

## Plaintiff

USA

represented by **Christopher Maietta**
U.S. Dept. of Justice, Tax Division
601 D Street, NW
Room 7012
Washington, DC 20004
202-514-4661
Fax: 202-514-9623
Email: Christopher.J.Maietta@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/13/2005 | 1 | INDICTMENT as to Nadine J Griffin (1) count(s) 1-2. (Diskes, Sheila) (Entered: 07/13/2005) |
| 07/13/2005 | 2 | Judge William G. Young : ORDER entered. ORDER REFERRING CASE to Magistrate Judge Joyce London Alexander Reason for referral: Bail and Arraigment Only as to Nadine J Griffin (Diskes, Sheila) (Entered: 07/13/2005) |
| 07/15/2005 | | Summons Issued as to Nadine J Griffin Arraignment set for 7/27/2005 04:00 PM in Courtroom 24 before Magistrate Judge Joyce London Alexander.(Miner, Valencia) (Entered: 07/15/2005) |
| 07/19/2005 | 3 | First MOTION to Withdraw as Attorney by James B. Krasnoo. as to Nadine J Griffin. (Krasnoo, James) (Entered: 07/19/2005) |
| 07/20/2005 | | Judge William G. Young : Electronic ORDER entered granting 3 Motion For James B. Krasnoo to Withdraw as Attorney as to Nadine J Griffin (1). cc/cl. (Bell, Marie) (Entered: 07/21/2005) |
| 07/20/2005 | | Attorney update in case as to Nadine J Griffin. Attorney James B. Krasnoo terminated. (Bell, Marie) (Entered: 07/21/2005) |
| 07/21/2005 | 4 | NOTICE OF APPEARANCE Pro Se by Nadine J Griffin. c/s. (Bell, Marie) (Entered: 07/22/2005) |
| 07/21/2005 | 5 | EMERGENCY MOTION to Continue Arraignment as to Nadine J Griffin. c/s.. (Bell, Marie) (Entered: 07/22/2005) |
| 07/21/2005 | 6 | MOTION to Quash Indictment as to Nadine J Griffin. c/s.(Bell, Marie) (Entered: 07/22/2005) |

| 07/21/2005 | 7 | BRIEF in Support by Nadine J Griffin re 6 MOTION to Quash Indictment. c/s. (Bell, Marie) (Entered: 07/22/2005) |
|---|---|---|
| 07/21/2005 | 8 | Objection to Arraignment by Magistrate Judge: No Consent Given as to Nadine J Griffin. c/s. (Bell, Marie) (Entered: 07/22/2005) |
| 07/21/2005 | 9 | AFFIDAVIT of Nadine J. Griffin in Support of 8 Objection To Arraignment by Magistrate Judge. c/s. (Bell, Marie) (Entered: 07/22/2005) |
| 07/21/2005 | 10 | MANDATORY JUDICIAL NOTICE by Nadine J Griffin (Bell, Marie) (Entered: 07/22/2005) |
| 07/25/2005 | | Judge William G. Young : Electronic ORDER entered as to Nadine J Griffin re 10 Mandatory Judicial Notice (Other) filed by Nadine J Griffin. TREATED AS A MOTION TO TAKE JUDICIAL NOTICE, MOTION DENIED AS THE COURT CANNOT TAKE NOTICE OF ADJUDICATORY FACTS. FED. R. EVID. 201. cc/cl. (Bell, Marie) (Entered: 07/26/2005) |
| 07/26/2005 | | Judge William G. Young : Electronic ORDER entered denying 5 Motion to Continue Arraignment as to Nadine J Griffin (1) (Smith, Bonnie) (Entered: 07/26/2005) |
| 07/26/2005 | | Return receipt received for mail sent to Nadine J. Griffin Delivered on 7/19/05 as to Nadine J Griffin (Bell, Marie) (Entered: 07/26/2005) |
| 07/27/2005 | | Electronic Clerk's Notes for proceedings held before Judge Joyce London Alexander: Initial Appearance held on 7/27/2005. Defendant is SWORN. Def't indicates that she cannot afford an attorney but would like to proceed pro se today. Tim Watkins is in courtroom and indicates he has spoken to def't. Def't indicates that she does not want a court appointed attorney. Court continues to August 11, 2005 @ 3:00 P.M. so that Ms. Griffin may retain an attorney. Max penalties are read to Def't. Court sets conditions of release. Def't is released on $5,000.00 unsecured bond. (Digital Recording.) (Russo, Noreen). (Entered: 07/27/2005) |
| 07/27/2005 | | SET Hearings as to Nadine J Griffin: Arraignment CONTINUED to 8/11/2005 @ 03:00 PM in Courtroom 24 before Magistrate Judge Joyce London Alexander. (Miner, Valencia) (Entered: 07/28/2005) |
| 07/27/2005 | 11 | Magistrate Judge Joyce London Alexander : ORDER entered. ORDER Setting Conditions of Release as to Nadine J. Griffin (Miner, Valencia) Additional attachment(s) added on 8/11/2005 (Miner, Valencia). (Entered: 07/29/2005) |
| 07/27/2005 | 12 | Appearance Bond Entered as to Nadine J Griffin in amount of $ $5,000 (Unsecured). (Miner, Valencia) Additional attachment(s) added on 8/11/2005 (Miner, Valencia). (Entered: 07/29/2005) |
| 08/04/2005 | 13 | Complaint of Judicial Misconduct or Disability by Nadine J Griffin. c/s. (Bell, Marie) Additional attachment(s) added on 8/5/2005 (Bell, Marie). (Entered: 08/05/2005) |
| 08/04/2005 | 14 | MOTION to Vacate Re-Characterization of Judicial Notice by William G. Young as to Nadine J Griffin. c/s. (Bell, Marie) (Entered: 08/05/2005) |
| 08/04/2005 | 15 | MOTION to Vacate Minute Order Issued by Magistrate Joyce London Alexanderas to Nadine |

| | | J Griffin. (Bell, Marie) (Entered: 08/05/2005) |
|---|---|---|
| 08/04/2005 | 16 | NOTICE of Intent to Proceed Pursuant to the U.S. Constitution at Amendment VI and IX Regarding the Qui Tam Action Pending Against Defendant by Nadine J Griffin. c/s. (Bell, Marie) (Entered: 08/05/2005) |
| 08/04/2005 | 17 | AFFIDAVIT of Nadine J. Griffin In Support of 16 Notice of Intent filed by Nadine J Griffin, (Bell, Marie) (Entered: 08/05/2005) |
| 08/11/2005 | | Electronic Clerk's Notes for proceedings held before Judge Joyce London Alexander : John Mc Adams for Gov't, N. Griffin, Pro Se. Arraignment as to Nadine J Griffin (1) Count 1-2 held on 8/11/2005, Plea not entered by Def't. Gov't requests that the Court inform the def't of possible waiver of her 6th Amend. right to counsel by proceeding pro se. Ms. Griffin indicates that she is knowingly and intelligently waiving her 6th Amend. right. Ms. Griffin indicates that she still would like to proceed pro se. Court indicates that at 7/27/2005 hearing Ms. Griffin indicated that she would like to speak with an attorney and Court informed her of the consequences of proceeding pro se. Ms. Griffin returns today and indicates she would like to proceed pro se. Max Penalties are read to the Def't by the Gov't. Def't indicates she is not ready to be arraigned at this hearing but indicates she belives USMJ Alexander does not have jursidiction for Arraignment proceeding. Court notes def'ts objection and enters a plea of NOT GUILTY on Ms. Griffin's behalf and sends case back to District Court Judge. (Digital Recording.) (Russo, Noreen) Modified on 8/12/2005 (Russo, Noreen). (Entered: 08/11/2005) |
| 08/11/2005 | 18 | MOTION to Under Authority of F.R.Cr.P.12(b)(2) as to Nadine J Griffin. c/s.(Bell, Marie) (Entered: 08/12/2005) |
| 08/11/2005 | 19 | NOTICE and Demand by Nadine J Griffin re 18 MOTION to Dismiss. c/s. (received for docketing 8/18/05) (Bell, Marie) (Entered: 08/19/2005) |
| 08/12/2005 | | Notice of correction to docket made by Court staff. Correction: to clarify clerknote from 8/11/05 hearing regarding jursidictional issue objection as to Nadine J Griffin (Russo, Noreen) (Entered: 08/12/2005) |
| 08/18/2005 | ⟷ | Judge William G. Young : Electronic ORDER entered denying 14 Motion to Vacate Re-Characterization of Judicial Notice by William G. Young as to Nadine J Griffin (1). cc/cl. (Bell, Marie) (Entered: 08/19/2005) |
| 08/22/2005 | 20 | RESPONSE to Motions by USA as to Nadine J Griffin re 18 MOTION to Dismiss, 5 MOTION to Continue to Arraignment, 6 MOTION to Quash Indictment/Information, 14 MOTION to Vacate, 15 MOTION to Vacate. c/s. (Bell, Marie) (Entered: 08/25/2005) |
| 08/23/2005 | ⟷ | Judge William G. Young : Electronic ORDER entered denying 18 Motion to Dismiss as to Nadine J Griffin (1). cc/cl. (Bell, Marie) (Entered: 08/23/2005) |
| 08/26/2005 | | Case as to Nadine J Griffin no longer referred to Magistrate Judge Joyce London Alexander. (JLA, int1) (Entered: 08/26/2005) |
| 09/06/2005 | 21 | Response as to Nadine J Griffin to 20 Response to Motions filed by USA,and Objection to a Faretta Hearing Prior to Jurisdiction being Established. c/s. (Bell, Marie) (Entered: 09/08/2005) |

| 09/08/2005 | | Judge William G. Young : Electronic ORDER entered denying <u>6</u> Motion to Quash Indictment/Information as to Nadine J Griffin (1); denying <u>15</u> Motion to Vacate as to Nadine J Griffin (1). cc/cl. (Bell, Marie) (Entered: 09/08/2005) |
|---|---|---|
| 09/12/2005 | <u>22</u> | NOTICE OF HEARING as to Nadine J Griffin Scheduling Conference and Faretta hearing set for 9/27/2005 02:00 PM in Courtroom 18 before Chief Judge William G. Young. (Smith, Bonnie) (Entered: 09/12/2005) |
| 09/20/2005 | <u>23</u> | United States' Opposition as to Nadine J Griffinre: <u>21</u> Response (Dated September 6, 2005. c/s. (Bell, Marie) (Entered: 09/21/2005) |
| 09/27/2005 | | ElectronicClerk's Notes for proceedings held before Judge William G. Young :Defendant is present and is representing herself. The Court advises the defendant of the complexities of defending herself and inquires as to whether the defendant wants to continue representing herself. Defendant waives her right to counsel. Trial set for May 1, 2006. The Court Orders the time between 9/27/05 and 5/1/06 excluded. Defendant files a Motion to Dismiss the indictment. The Court Denies the motion as it applies to the Speedy Trial Act and takes Under Advisement the remainder of the motion. The Government has 14 days to file a response. Due to the Defendant objecting to a Magistrate Judge arraigning her, the Court arraigns the defendant and the Court enters a plea of Not Guilty for the defendant who refuses to answer. Scheduling Conference as to Nadine J Griffin held on 9/27/2005 Scheduling Order to issue. (Court Reporter Womack.) (Smith, Bonnie) (Entered: 09/28/2005) |
| 09/27/2005 | <u>24</u> | Judge William G. Young : ElectronicORDER entered. SCHEDULING ORDER as to Nadine J Griffin Jury Trial set for 5/1/2006 09:00 AM in Courtroom 18 before Chief Judge William G. Young.Final Pretrial Conference set for 4/3/2006 02:00 PM in Courtroom 18 before Chief Judge William G. Young. (Smith, Bonnie) (Entered: 09/28/2005) |
| 09/27/2005 | <u>25</u> | MOTION to Dismiss For Violation of the Sixth Amendment to the Constitution and Speedy Trial as to Nadine J Griffin. c/s.(Bell, Marie) (Entered: 09/28/2005) |
| 09/27/2005 | <u>26</u> | DECLARATION in Support by Nadine J Griffin re <u>25</u> MOTION to Dismiss For Violation of the Sixth Amendment and Speedy Trial. c/s. (Bell, Marie) (Entered: 09/28/2005) |
| 09/27/2005 | <u>27</u> | MOTION to Strike <u>23</u> Opposition to Defendant's Response Date 9/6/05. as to Nadine J Griffin. c/s.(Bell, Marie) (Entered: 09/28/2005) |
| 09/27/2005 | | Motions terminated as to Nadine J Griffin: <u>25</u> MOTION to Dismiss on Speedy Trial filed by Nadine J Griffin,. (Smith, Bonnie) (Entered: 10/05/2005) |
| 09/30/2005 | | Judge William G. Young : ElectronicORDER entered denying <u>27</u> Motion to Strike as to Nadine J Griffin (1). cc/cl. (Bell, Marie) (Entered: 10/03/2005) |
| 10/06/2005 | <u>28</u> | MOTION for Bill of Particulars Under the Fifth and Sixth Amendment to the U.S. Constitution as to Nadine J Griffin. c/s(Bell, Marie) (Entered: 10/07/2005) |
| 10/06/2005 | <u>29</u> | AFFIDAVIT in Support by Nadine J Griffin re <u>28</u> MOTION for Bill of Particulars (Attachments: # <u>1</u> Exhibit)(Bell, Marie) (Entered: 10/07/2005) |
| 10/11/2005 | <u>30</u> | RESPONSE to Motion by USA as to Nadine J Griffin re <u>25</u> MOTION to Dismiss on Speedy |

| | | |
|---|---|---|
| | | Trial (Maietta, Christopher) (Entered: 10/11/2005) |
| 10/13/2005 | | Judge William G. Young : ElectronicORDER entered re: 28 Motion for Bill of Particulars as to Nadine J Griffin (1).MOTION ALLOWED TO THE EXTENT OF REQUIRING THE GOVERNMENT, WITHIN 10 DAYS OF THE DATE OF THIS ORDER, TO PARTICULARIZE ANY FACT WHICH IT CONTENDS WOULD RAISE THE BASE OFFENSE LEVEL OF THIS OFFENSE UNDER THE UNITED STATES SENTENCING GUIDELINES. MOTION OTHERWISE DENIED. cc/cl. (Bell, Marie) (Entered: 10/13/2005) |
| 10/14/2005 | 31 | AFFIDAVIT in Support of 28 MOTION for Bill of Particulars by Nadine J Griffin (Bell, Marie) (Entered: 10/17/2005) |
| 10/14/2005 | 32 | AFFIDAVIT of Fact Regarding Hearing Before Judge William G. Young on 9/27/05 by Nadine J Griffin (Bell, Marie) (Entered: 10/17/2005) |
| 10/24/2005 | 33 | RESPONSE TO COURT ORDER by USA as to Nadine J Griffin (Maietta, Christopher) (Entered: 10/24/2005) |
| 10/25/2005 | 34 | REPLY TO RESPONSE to Motion by Nadine J Griffin re 25 MOTION to Dismiss on Speedy Trial (Patch, Christine) (Entered: 10/25/2005) |
| 10/25/2005 | 35 | Declaration of Nadine J. Griffin in Support 34 Reply to Response to Motion to Dismiss, filed by Nadine J Griffin, (Patch, Christine) (Entered: 10/25/2005) |
| 10/28/2005 | | Judge William G. Young : ElectronicORDER entered. as to Nadine J Griffin re 34 Reply to Response filed by Nadine J Griffin,, 35 Affidavit filed by Nadine J Griffin, "The motion to dismiss on the ground of violating the Speedy Trial Act is denied. Properly calculated, only 18 days have thus far elapsed under the Speedy Trial Act." (Smith, Bonnie) (Entered: 10/28/2005) |
| 10/28/2005 | 36 | Response as to Nadine J Griffin: 31 Affidavit in Support of Motion filed by Nadine J Griffin,, 32 Affidavit filed by Nadine J Griffin,. (Maietta, Christopher) (Entered: 10/28/2005) |
| 11/04/2005 | 37 | MOTION to Travel to New Hampshire as to Nadine J Griffin. c/s(Bell, Marie) (Entered: 11/10/2005) |
| 11/12/2005 | 38 | RESPONSE to Motion by USA as to Nadine J Griffin re 37 MOTION to Travel (Maietta, Christopher) (Entered: 11/12/2005) |
| 11/15/2005 | 39 | NOTICE of Alibi Defense by Nadine J Griffin. c/s. (Bell, Marie) (Entered: 11/15/2005) |
| 11/15/2005 | 40 | NOTICE of Entrapment by Estoppel Defense by Nadine J Griffin. c/s. (Bell, Marie) (Entered: 11/15/2005) |
| 11/15/2005 | | Judge William G. Young : Electronic ORDER entered granting 37 Motion to Travel as to Nadine J Griffin (1). cc/cl. (Bell, Marie) (Entered: 11/15/2005) |
| 11/28/2005 | 41 | Response as to Nadine J Griffin: 39 Notice (Other) filed by Nadine J Griffin,, 40 Notice (Other) filed by Nadine J Griffin,. (Maietta, Christopher) (Entered: 11/28/2005) |
| 01/06/2006 | 42 | TRANSCRIPT of Initial Appearance as to Nadine J Griffin held on July 25, 2005 before |

|  |  | Judge Alexander. Digital Recording: Transcribed by Maryann Young. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting Maryann Young at 508/384-2003 or the Clerk's Office. (Scalfani, Deborah) (Entered: 01/06/2006) |
|---|---|---|
| 01/23/2006 | 43 | MANDATORY JUDICIAL NOTICE by Nadine J Griffin (Smith, Bonnie) (Entered: 01/23/2006) |
| 02/02/2006 | 44 | Verified Move for Judicial Offical William G. Young to Rule on Motions and Issue Final Orders, Findings of Facts and Conclusions of Law as Required by the Fifth Amendment to the Constitution by Nadine J Griffin. (Paine, Matthew). (Entered: 02/02/2006) |
| 02/02/2006 | 45 | VERIFIED AFFIDAVIT in Support of Move for Due Process and Equal Protection Under the law by Nadine J Griffin. (Paine, Matthew) Additional attachment(s) added on 2/21/2006 (Paine, Matthew). (Entered: 02/02/2006) |
| 02/02/2006 | 46 | AFFIDAVIT in Support of 44 Verified Move for Judicial Official William G. Young to Rule on Motions and Issue Final Orders, Findings of Fact, and Conclusions of the Law as Required by the Fifth Amendment to the Constitution by Nadine J Griffin. (Paine, Matthew) (Entered: 02/02/2006) |
| 02/02/2006 | 47 | MANDATORY JUDICIAL NOTICE with Verified Affidavit with Exhibits in Support of Move for Fair and Impartial Hearings and or Trial by Nadine J Griffin. (Attachments: # (1) Exhibits A - L)(Paine, Matthew) Additional attachment(s) added on 2/9/2006 (Paine, Matthew). (Entered: 02/02/2006) |
| 02/06/2006 | | Judge William G. Young : Electronic ORDER entered. as to Nadine J Griffin re 44 Verified Moved for Judicial Offical William G. Young to Rule on Motions and Issue Final orders, Findings of Facts and Conclusions of Law as Required by the Fifth Amendment to the Constitution is DENIED. (Paine, Matthew) (Entered: 02/06/2006) |
| 02/06/2006 | | Judge William G. Young : Electronic ORDER entered. as to Nadine J Griffin re 47 MANDATORY JUDICIAL NOTICE with Verified Affidvit with Exhibits in Support of Move for Fair and Impartial Hearings or Trial is DENIED. (Paine, Matthew) (Entered: 02/06/2006) |
| 02/08/2006 | 48 | MANDATORY JUDICIAL NOTICE, Verified Notice of Acceptance of Oath of Office of Statutory Attorney Christopher Maietta a United States Employee by Nadine J Griffin. (Paine, Matthew) (Entered: 02/09/2006) |
| 02/08/2006 | 49 | VERIFIED AFFIDAVIT in Support of Move for Due Process and Equal Protection Under the Law by Nadine J Griffin. (Paine, Matthew) (Entered: 02/09/2006) |
| 02/08/2006 | 50 | VERIFIED REQUEST for Public Disclosure of Financial Reports, Corporate Affiliations, and Other Possible Conflicts of Interest Regarding Judicial Offical - William G. Young by Nadine J Griffin. (Paine, Matthew) (Entered: 02/09/2006) |
| 02/08/2006 | 51 | VERIFIED MOVE for Fair and Impartial Hearings Before Qui Tam Actors Employed by the United States Plaintiff to Proceed in Compliance with the V, VI, and XIV Amendment to the Federal Constitution - Vote of No Confidence in the Judiciary - Nor the Judicial Process by |

|  |  | Nadine J Griffin. (Paine, Matthew) (Entered: 02/09/2006) |
|---|---|---|
| 02/08/2006 | 52 | CERTIFICATE of SERVICE Move for Fair and Impartial Hearing, Affidavit in Support with Exhibits as to Nadine J Griffin. (Paine, Matthew) (Entered: 02/09/2006) |
| 02/09/2006 |  | Notice of correction to docket made by Court staff. Correction: Attachments A-L were added to the Affidavit 47 as Separate Exhibits. The Affidavit 47 was Corrected because the Affidavit was Submitted with Bound Exhibits, which were Not Scanned When the Affidavit was Originally filed with the Clerk's Office on February 2, 2006. (Paine, Matthew) (Entered: 02/09/2006) |
| 02/10/2006 |  | Judge William G. Young : Electronic ORDER entered. as to Nadine J Griffin re 50 VERIFIED REQUEST filed by Nadine J Griffin is DENIED. (Paine, Matthew) (Entered: 02/10/2006) |
| 02/10/2006 |  | Judge William G. Young : Electronic ORDER entered. as to Nadine J Griffin re 51 VERIFIED MOVE filed by Nadine J Griffin, is DENIED. (Paine, Matthew) (Entered: 02/10/2006) |
| 02/16/2006 | 53 | Objection as to Nadine J Griffin: (Maietta, Christopher) (Entered: 02/16/2006) |
| 02/21/2006 | 54 | VERIFIED MOVE for DUE PROCESS and EQUAL PROTECTION under the Law Pursuant to the Fourteenth Amendment to the Constitution of the United States of America. . (Attachments: # 1 Certificate of Service)(Paine, Matthew) (Entered: 02/21/2006) |
| 02/21/2006 |  | Notice of correction to docket made by Court staff. Correction: Docket Entry Number 45 corrected because it was incorrectly scanned together with The Verified Move for Due Process and Equal Protection Under the Law, which is now Docket Entry 54. (Paine, Matthew) (Entered: 02/21/2006) |
| 02/21/2006 | 55 | VEREIFED MOVE for LEAVE to Travel to Florida as to Nadine J Griffin. (Paine, Matthew) (Entered: 02/22/2006) |
| 02/21/2006 | 56 | NOTICE of Change of Address as to Nadine J Griffin. (Paine, Matthew) (Entered: 02/22/2006) |
| 02/23/2006 | 57 | VERIFIED Move for DISCOVERY as to Nadine J Griffin. (Paine, Matthew) (Entered: 02/24/2006) |
| 02/23/2006 | 58 | RESPONSE to United States Employee Christopher Maietta's Objection 53 to Nadine J. Griffin's Move for Due Process and Equal Protection of the Law by Nadine J Griffin. (Paine, Matthew) (Entered: 02/24/2006) |

Nadine J. Griffin,

# EXHIBIT "C"
## 13 pages

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CASE NO. 05-CR-10175-WGY** |
| | ) | |
| **Plaintiff,** | ) | **MANDATORY JUDICIAL NOTICE** |
| | ) | |
| | ) | **VERIFIED AFFIDAVIT WITH EXHIBITS** |
| **vs.** | ) | **IN SUPPORT OF MOVE FOR FAIR AND** |
| | ) | **IMPARTIAL HEARINGS AND/OR TRIAL** |
| Nadine J. Griffin, | ) | |
| | ) | **Nadine J. Griffin** |
| **Affiant, Accused.** | ) | |

1. Nadine J. Griffin (hereinafter referred to as the "Affiant") declares and states as follows:

2. That all statements made within this affidavit are true and correct not meant to mislead;

3. That Nadine J. Griffin exists as a Conscious, Thinking, Living, Feeling, Breathing, Flesh and Blood Sentient Being; NOT a statutory person, natural person, artificial person, individual, corporation, entity, partnership or any other *sub-status*, fourth class citizen *ens legis* creation of any government, federal, state, local or otherwise and competent to state the facts herein to wit;

4. That Nadine J. Griffin is unschooled in law, is not an attorney or bar-association member, and is attempting to defend and dispose of this action to the best of her ability with reliance upon your statutes, codes, rules and regulations; including those relied upon by your employer the United States Plaintiff and established by the Constitution of the United States of America, United States Congress, and the United States Supreme Court;

5. That on or about July 13, 2005, Affiant was falsely accused and charged with a statutory victimless commercial crime of belief — "thought crime" — (by United States Federal employees acting *in qui tam*) for alleged violations of private statute 26 U.S.C. § 7206(1), asserting the "belief" that Affiant willingly filed false federal tax returns for your tax years 1998 and 1999;

6. That prior to being charged with this statutory victimless commercial crime of belief – "thought crime", Nadine J. Griffin's then attorney James B. Krasnoo was offered by the United States Plaintiff's Federal employee attorney to plead guilty to a felony charge for which she refused with the conviction that she has in no way violated the law – and would be committing a crime punishable as a felony - pleading guilty to a crime for which she did not commit.

7. That the assertion of the statutory victimless commercial crime of belief — "thought crime" — presumes to know the mental intent (*mens rea*) of Nadine J. Griffin, makes the unfounded claim that the Affiant does not believe the 1998 and 1999 returns to be correct as to every material matter;

8. That this statutory victimless commercial crime of belief — "thought crime" — has been instituted only by officers, agents and employees working on behalf of, and maintain employment with, the United States Federal Corporation as defined at 28 U.S.C. § 3002(15)(A) – and derive pecuniary benefits from the successful prosecution thereof;

9. That Affiant is with first hand knowledge that no Flesh and Blood, Living, Breathing, Sentient Human Being has instituted a claim against Nadine J. Griffin. ALL parties to this action, including officers and employees of this Court are working on behalf of its corporate (corpse) United States Plaintiff Federal employer, void of conscience – giving life

through its financial profiteers, including but not limited to, judicial officials, attorneys and revenue generating agents – to take the Life, Freedom, Liberty and Property of Nadine J. Griffin while continuing to promote its political agenda;

10. That the United States Plaintiff *qui tam* agents, officers and employees instituting this claim brag (on its Internal Revenue Service website at www.irs.gov) about maintaining a successful 90% conviction rate regarding tax prosecutions since 1917 to date, therein admitting the destruction of thousands of lives for more than nine decades;

11. That the United States Plaintiff's Federal employee *qui tam* agents and officers instituting this claim, particularly officials within the Internal Revenue Service – working in absolute collusion with ex-federal judicial official, ex-appellant judge, ex-FBI, and CIA Director William H. Webster and Commissioner of Internal Revenue, Charles O. Rossotti, publishing the Webster Review 1999 at www.irs.gov - establishing how CID should conduct investigations and the Department of Justice attorneys should present their case in order to get a successful conviction for alleged violations of the internal revenue laws (see **Exhibit A**);

12. That Affiant is with information that this constitutes a "blending" of the executive and judicial branch of Government, in violation of the "separation of powers doctrine," establishing the obvious favoritism and partiality judicial officials have for their United States Plaintiff Federal employer — working openly in collusion to the destruction of Nadine J. Griffin;

13. That the following *qui tam* actors on behalf of their United States Plaintiff Federal employer are responsible for collusively levying financial statutory victimless commercial crimes of belief — thought crimes — against Nadine J. Griffin and are benefactors of the

VERIFIED AFFIDAVIT IN SUPPORT OF MOVE
FOR FAIR AND IMPARTIAL HEARING - 04                    3 of 13                    Nadine J. Griffin — Exhibits 76 pages
                                                                                  Notary & Certificate of Service page 13

1    persecutions employed to protect the status quo monopolized control of a system from

2    which qui tam actors listed in Item 12(a) to (h) above earn your living: unable to exist or

3    survive without Human Capital obtained from stealing another Mans energy;

4    17. That the following acts committed on the record by said "Actors," listed in Item 12 (a) to

5    (h) above, are herein documented for purposes of the move for a fair and impartial hearing

6    in an attempt to bring fairness and impartiality into balance as to Nadine J. Griffin;

7    18. That Affiant's appearance before judicial official, actor, statutory Judge and CEO William

8    G. Young – employee of the United States Plaintiff in the United States District Court for

9    the District of Massachusetts – has continually result in documented treatment of bias,

10    partiality towards Affiant and favoritism in support of his United States Plaintiff and

11    Federal employer;

12

13    19. That Affiant has been prejudiced from the beginning of this well orchestrated and planned

14    lynching wherein the United States Plaintiff's employees used the media to exploit the

15    alleged judicial processing of Nadine J. Griffin, swaying public opinion;

16    20. That Affiant includes documents sufficient to conclude that the employees of the United

17    States Plaintiff Federal employees strategically use mainstream media successfully

18    brainwashing the masses citizen and subjects (shaping the belief systems and public policy

19    of potential jurors) to exploit litigants like Nadine J. Griffin charged a statutory victimless

20    commercial crimes of belief – thought crimes: resulting in the successful persecution of

21    their victims as bragged on at their website, www.irs.gov;

22

23    21. That Affiant is with first hand knowledge that the typical thinking of all media –

24    manipulated, thought–controlled society of Citizens (Flesh and Blood Beings, not

25    corporations) surrounding the public opinion regarding criminal defendants is: "he must be

guilty or he would not have been charged"- has resulted in the effective tainting of any potential juror presumed to be neutral and without bais: Nadine J. Griffin's demise is their belief – Not her own;

22. That Affiant is aware that the Department of Justice, an executive department of the United States Plaintiff, strategically uses the mainstream media to prosecute and destroy the lives of innocent Citizens – refusing to yield and plead guilty, standing on their innocence; resulting in harsher sentences when forcing the United States Plaintiff Federal employers spend funds from their Human Capital Budget - forced to prepare a case and prove their claim. (see **Exhibit C**);

23. That Affiant is with information that the United States Plaintiff paid bribes of more than sixty-thousand dollars ($60,000) to have a witness testify (who's testimony was impeached) on its behalf that resulted in the conviction of a Citizen – the United States Plaintiff's United States Appellant Court did not find any wrongdoing, making up Law as they go with sham opinions and excuses, protecting their judicial processing plants (see **Exhibit D**);

24. That the Affiant is aware that federal judges give themselves immunity from prosecution for their malicious and capricious acts, demonstrate godlike complexes, protected by the brotherhood and allowed to apply their interpretation of the law incorporated with their own political agenda in direct contradiction to legislative intent; as Affiant has been subjected to such treatment by statutory judicial official and CEO William G. Young regarding his undisclosed interpretation of the Bill of Particulars and the Speedy Trial Act (see **Exhibit E-6**);

25. That at the hearing on September 27, 2005, judicial official William G. Young stated on **page 4 at lines 10 through 13** (of the Transcript of said hearing) in pertinent part: **"The**

fact is we'll treat it just like we treat any other case, fairly and impartiality . . ."
applying the minimum standards of the "appearance of fairness doctrine," yet acting in
contempt of law as further shown in this hearing and by future actions (see **Exhibit F-4**);

26. That at the same hearing stated above, judicial official William G. Young stated on page 8
at lines 17 through 18 (of the Transcript of said hearing) in pertinent part: *"I'll set the trial
in ten days. Do you want to go to trial then?"*   Judicial official and CEO William G Young
employed **threats, intimidation, and coercion** showing angry that Nadine J. Griffin
refused to schedule a trial date because her speedy trial rights were being violated seeking
dismissal of the victimless crime of belief charges: **with objection and under duress, after
being worn down by  Young, Affiant yelled out a date (see Exhibit  F page 8, line 17 to
page 9 line 22)**;

27. That judicial official William G. Young inferred on **page 7 lines 1 to 6** of the transcript
dated September 27, 2005 that Nadine J. Griffin believed the tax laws were
unconstitutional; however, no such attitude or statement has ever been taken or made by
Affiant to this effect (see **Exhibit F-7**);

28. That Nadine J. Griffin, is not now, nor has ever been a "Tax Resister" or "Tax Protester,"
has always filed federal tax returns that she believes she was required to file, and these
statements made by statutory judicial official and CEO William G. Young is an utterance
that speaks to his preexisting prejudicial mindset – exposing his inability to be impartial,
non-biased, and neutral (see Item 26 above);

29. That Affiant is with information that statutory judicial officials and CEO's like William G.
Young has in the past and are presently participating in money laundering schemes, bribery,
witness tampering, jury tampering, coaching lawyers in cases for which they are

1    overseeing, intimidating litigants in criminal and civil hearings – and are never prosecuted

2    for their crimes; (See **Exhibit G**.)

3    30. That judicial official and CEO William G. Young's failure to act in good faith judicially,

4    has mocked and prejudiced the Rights of Nadine J. Griffin by (1) refusing to issue any

5    findings of fact and conclusions of law in response to Affiant's [motions] filed supported by

6    affidavits and exhibits, only issuing minute orders as if they have the force and effect of a

7    lawful Order (see **Exhibit E**);

8

9    31. That statutory judicial official and CEO William G. Young did know, or should have

10    known, that statutory magistrate judge Joyce London Alexander's presumed jurisdiction to

11    perform an arraignment for a federal felony (victimless crime of belief, thought crime)

12    over the objection of Nadine J. Griffin – violated Affiant's Rights to due process of law;

13    32. That statutory judicial official and CEO William G. Young did know, or should have

14    known, statutory magistrate judge Joyce London Alexander's presumed jurisdiction to

15    perform an arraignment for a federal felony (victimless crime of belief - thought crime)

16    without first obtaining permission, and presumed authority when she has no authority to

17    issue any process, including criminal subpoenas, arrest warrants, writs or any other process

18    without obtaining written consent from Nadine J. Griffin prior to such issuance;

19

20    33. That statutory judge magistrate Joyce London Alexander also violated the <u>Code of Conduct</u>

21    <u>for United States Judges</u> by harassing Nadine J. Griffin and falsely and fraudulently

22    asserting that Nadine J. Griffin could not proceed on her own behalf at that time, attempting

23    to induce her to becoming a "ward of this [Corporate] Court," therein deemed a person of

24    unsound mind;

25    34. That statutory magistrate judge Joyce London Alexander's presumed jurisdiction to

1    perform an arraignment for a victimless federal felony (crime of belief, a thought crime)

2    and to issue an order restricting Nadine J. Griffin's Right to Travel, issuing process without

3    the expressed permission from Nadine J. Griffin;

4    35. That on August 11, 2005, statutory magistrate judge Joyce London Alexander, also violated

5    the Code of Conduct for United States Judges by inviting a group of law students to "watch

6    the fun" as she (Alexander) attempted to bully, harass, and manipulate Nadine J. Griffin

7    into waiving Sixth Amendment Rights. Nadine J. Griffin, steadfast in her position,

8    confronted the impropriety of Alexander's actions; Alexander behaved in a childish and

9    deceitful manner — unbecoming a federal magistrate — as she ran out of the courtroom;

10

11    36. That statutory judicial official and CEO William G. Young repeatedly breached his judicial

12    duty to rule on Nadine J. Griffin's objections and motions. Young has repeatedly

13    contravened United States Supreme Court authority by issuing minute orders and electronic

14    orders assuming Affiant did not know that minute orders or electronic orders are not orders

15    of the court sufficient to resolve issues of Law (see Exhibit E);

16    37. That statutory judicial official and CEO William G. Young has acted with childish mischief

17    in violating 18 U.S.C. § 1001 by **altering court records and scribbling a note on Nadine**

18    **J. Griffin's [m]otion, purporting that to be a Court Order** denying Griffin's speedy trial

19    [m]otion and **served a copy of Young's note on top of page one of her Response Docket**

20    **Item 34 (undisclosed on docket), as if it were a Court Order** (see **Exhibit H**);

21

22    38. That statutory judicial official and CEO William G. Young refused to take Mandatory

23    Judicial Notice of the Constitution of the United States and professed not to know and

24    understand that magistrate judges are deprived of judicial power to perform felony

25    arraignments without consent and over the objection of Nadine J. Griffin;

39. That Nadine J. Griffin is with information that statutory judicial official and CEO William G. Young will continue to: (1) intentionally avoid ruling on [m]otions filed by Nadine J. Griffin, motions that would prove to successfully dispose of this victimless commercial crime of belief (a thought crime), and (2) continue to provide no findings of fact and conclusions of law; but instead, force this case to go before a media manipulated jury influenced only by Public Policy (belief systems), this Court's 12 man Lynch Mob – prohibited from considering the Law when deciding an issue of this case — allowed only to consider prejudicial and inflammatory facts: making decisions completely on their own beliefs, prejudice, ignorance and emotions.

40. That Nadine J. Griffin is with information that the United States Plaintiff's employee attorney Maietta and other agents, will not only prevent the Law of the case from ever getting before a jury, but will insight and manipulate the emotional sphere of a juror, parading the appearance of material wealth presumed to be possessions of Affiant, planting the false impression in their minds that she amassed great wealth and failed to report it on the filed 1998 and 1999 information returns;

41. That Nadine J. Griffin is with information that the United States Plaintiff (and Federal employer of statutory judicial official and CEO William G. Young) has effectively tampered with the pool of jurors that may be selected to sit on this case (just as the Grand Jury was tainted by being given one side of the story by the United States Plaintiff) by applying its personal beliefs, emotional prejudices and information distributed and distorted by the media which acts with blind patriotism on behalf of the United States Plaintiff;

42. That Nadine J. Griffin is with information that judicial official William G. Young, employed by the United States Plaintiff, will block favorable evidence sufficient to

Case 1:05-cr-10175-WGY   Document 47-1   Filed 02/02/2006   Page 11 of 13

establish the culpable intent of Nadine J. Griffin, but such evidence will never get before a juror due to the prejudices and favoritism for his United States Plaintiff and Federal employer liken to District Judge John McBryde in the Simkanin case (see **Exhibit I**);

43. That Nadine J. Griffin is at peril to proceed to a "Bench Trial" before statutory judicial official and CEO William G. Young, an employee of the United States Plaintiff a Federal corporation, maintaining an average salary of $154,700 per annum (excluding cash merit awards and other perks unknown to the general public), a direct result of [t]axpayers "Human Capital" funding the United States Plaintiff (see **Exhibit J**);

44. That Nadine J. Griffin is at peril to proceed to a "Bench Trial" before statutory judicial official and CEO William G. Young (an employee of the United States Plaintiff a Federal corporation) who's first duty is to [his] Court (his means of financial security) and not to the Law, having a vested financial interest in the successful prosecution of the statutory victimless commercial crime of belief — thought crime — for which Nadine J. Griffin has been accused and charged;

45. That Nadine J. Griffin is prejudiced to proceed in any manner before this United States District Court, a political subdivision of the United States Plaintiff a Federal corporation, its corporate officers All on the payroll of the United States Plaintiff, protecting their personal financial interest (see **Exhibit J**);

46. That Nadine J. Griffin is with information that United States attorneys and judicial officials routinely misbehave and overstep the bounds of their authority because internal checks and balances through self-policing are non-existent – as in any "fox guarding the henhouse" forum, protecting their multitude of revenue generating schemes (see **Exhibit K**);

///

VERIFIED AFFIDAVIT IN SUPPORT OF MOVE
FOR FAIR AND IMPARTIAL HEARING - 04          11 of 13          Nadine J. Griffin — Exhibits 76 pages
Notary & Certificate of Service page 13

1    47. That Nadine J. Griffin is with information that the Law is a mere obstacle course for

2       judicial official and CEO William G. Young, proceeding with the appearance of fairness,

3       routinely manipulating and perverting the law to the whims of the judicial officials'

4       discretion, political and social climate of the day, making it up as they go with their own

5       opinions – for in the end there is no law, only the opinions of fallible men and women

6       which has lead to the lawlessness and insanity of judicial officials in charge of overseeing

7       the judicial process (see **Exhibit L**);

8

9    48. That Nadine J. Griffin cannot predict the extent of continued bias, injustice and/or prejudice

10      she will continue to suffer at the heavy hands of judicial official William G. Young acting

11      on behalf of and in favor of his United States Plaintiff Federal employer, but does not waive

12      any Rights or protections of her Creator or the Constitution for the United States of

13      America, and other applicable Laws deemed to protect the Rights of Nadine J. Griffin;

14       I, Nadine J. Griffin, declare under penalty of perjury as a conscious Flesh and Blood

15    Sentient Being that the forgoing is true and correct.

16

17    Executed this _3 1_ day of January, 2006.

18

19                             Signature: _Nadine J. Griffin_

                                          Nadine J. Griffin

20                            c/o 13799 Park Blvd. North #244

                               Seminole, Florida [33776-3402]

21

22

23

24

25

Case 1:05-cr-101/5-WGY    Document 47-1    Filed 02/02/2006    Page 13 of 13

1

**NOTARY ACKNOWLEDGMENT**

2  State of Florida        )
                          ) subscribed and sworn
3  County of _CARROLL_ )

4  On this __1__ day, of __February__ , 2006, **Nadine J. Griffin** personally appeared,

5  personally known to me, OR proved to me on the basis of satisfactory evidence to be the one

6  whose name is subscribed to within this instrument and who did take an Oath.

7                          **Witness my hand and official seal.**

8  _____
                              **Signature of Notary**

9                              AMELIA M. CAPONE
                              Notary Public - New Hampshire
10                          My Commission Expires October 20, 2009
                          My Commission Expires: _____

11

12                          **CERTIFICATE OF SERVICE**
                              Feb.
13  I, Nadine J. Griffin, certify that on ~~January~~ __1__ , 2006, served a true and correct copy of the

14  above and foregoing "Verified Affidavit in Support of Move for Fair and Impartial Hearing" by

15  Certified Mail, postage fully prepaid and addressed to:

16  Christopher Maietta
17  United States Attorney's Office
    1 Courthouse Way
18  Suite 9200
    Boston, Massachusetts 02210
19  Certified Mail No. 7004 2890 0001 9659 8651

20  William Smith, Majority Chief Counsel
21  Preet Bharara, Democratic Chief Counsel
    US Committee on the Judiciary
22  Subcommittee on Administrative Oversight and the Courts
    224 Dirksen Senate Office Building
23  Washington, D.C. 20510

24  Certified Mail No. 7004 2890 0001 9659 8668

25                          Signature: _____
                                          Nadine J. Griffin, Affiant

# EXHIBIT "D"
## 1 page

FILED
IN CLERK'S OFFICE

2006 FEB -9  A 10:44

U.S. DISTRICT COURT
DISTRICT OF MASS.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )          CASE NO. 1:05-CR-10175-WGY
     Plaintiff, a corporation          )
                                )          VERIFIED MOVE FOR FAIR AND
                                )          IMPARTIAL HEARINGS BEFORE *QUI TAM*
                                )          ACTORS EMPLOYED BY THE UNITED
                                )          STATES PLAINTIFF TO PROCEED IN
     vs.          )          COMPLIANCE WITH THE V, VI AND XIV
                                )          AMENDMENT TO THE FEDERAL
                                )          CONSTITUTION - VOTE OF NO
                                )          CONFIDENCE IN THE JUDICIARY –
Nadine J. Griffin,          )          NOR THE JUDICIAL PROCESS
     Accused, Belligerent Claimant.          )          **(No Oral Arguments)**

Nadine J. Griffin, herein proceeds on her own behalf, as a Conscious, Thinking, Feeling, Living, Flesh and Blood Sentient Being and Not a "Ward of the Court" or person of unsound mind (hereinafter referred to as a "Belligerent Claimant") moves for fair and impartial hearings and/or trial due to extreme prejudice, partiality, financial nexus and favoritism imposed against her while protecting your employer, the United States Plaintiff. The obvious nexus and extreme prejudice of these *qui tam* Actors on behalf of the United States Plaintiff is comically clear — save the denial often espoused by Government *Actors* — contrary to intrinsic facts and evidence to the latter. Therefore, Nadine J. Griffin must proceed as a "Belligerent Claimant" of her Rights or waive those Rights *in toto*. The courts have held that one who is not willing to assert a Right or protection guaranteed by the Constitution to the point of belligerence, loses that right all