IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 05-CR-10175-WGY |
| Plaintiff ) | |
| ) | VERIFIED MOVE TO QUASH |
| ) | INDICTMENT FOR VINDICTIVE |
| ) | PROSECUTION IN VIOLATION OF THE |
| ) | FIFTH AND FOURTEENTH AMENDMENTS, |
| ) | OR IN THE ALTERNATIVE, PROVIDE |
| vs. ) | EVIDENCE OF LAW PLAINTIFF |
| ) | IS NOT REQUIRED TO EXHAUST |
| ) | THEIR ADMINISTRATIVE REMEDIES |
| ) | BEFORE PETITIONING THE COURT |
| ) | |
| Nadine J. Griffin ) | Fed.R.Crim.P. 12(b)(2) |
| ) | |
| Accused Belligerent Claimant ) | (Oral Argument Requested) |
| ) | |

COMES NOW, Nadine J. Griffin, the accused Belligerent Claimant, proceeding on her own behalf, and moves this Court quash with prejudice indictment number 05-CR-10175 for the reason that prosecutor Christopher Maietta was motivated to bring a two-count felony indictment for reasons of political vindictiveness and by his personal animus against defendant Nadine J. Griffin. Facts in evidence conclude that:

1. Assistant United States Attorney Christopher Maietta was at all times prior to bringing this criminal action aware that an assessment of Nadine J. Griffin's alleged substantial understatement of liability has never been made.

2. That at all times United States Attorney Christopher Maietta and others, deliberately mislead the Grand Jury as well, by failing to inform them that – although they are seeking criminal prosecution against Nadine J. Griffin – they have not and did not exhausted their administrative remedy which statutorily commands: (1) making an assessment as required by law, (2) sending a notice and demand for tax, and (3) attempting to collect the tax.

3. That at all times United States Attorney Christopher Maietta was seeking Nadine J. Griffin to waive all of her constitutionally protected rights and sign a "PLEA AGREEMENT" under threat, duress, intimidation and coercion; just as Daniel Andersen signed on July 15, 2004, Margo Jordan signed on February 28, 2003, Jeffrey Szuch signed on February 27, 2003, and Shoshana B. Szuch signed on February 27, 2003.

4. That at all times United States Attorney Christopher Maietta and others, deliberately mislead the Grand Jury as it appears that the indictment was drafted <u>before</u> it was submitted to the grand Jury; i.e., there was no investigation, independent of the prosecutor.

## BRIEF AND MEMORANDUM OF THE LAW IN SUPPORT

"A vindictive prosecution, if proved, violates a defendant's Fifth Amendment right to due process." <u>U.S. v. Lanoue</u>, 137 F.3d 656 (1st Cir. 1998) quoting <u>See U.S. v. Goodwin</u>, 457 U.S. 368, 372 (1982). We will reverse a conviction that is the result of a vindictive prosecution where the facts show an actual vindictiveness or a sufficient likelihood of vindictiveness to warrant such a presumption. See id. at 373; <u>U.S. v. Marrapese</u>, 826 F.2d 145, 147 (1st Cir. 1987).

If the defendant creates a presumption of vindictiveness the burden shifts to the government to show that legitimate reasons exist for the prosecution. See <u>Goodwin</u>, id, 376 n. 8. Successful assertions of vindictive prosecution are most common where a defendant advances some

procedural or constitutional right and is then punished for doing so. *See Blackledge v. Perry*, 417 U.S. 21, 28-9 (1974)

In approximately February, 2003 or shortly thereafter, Nadine J. Griffin chose to exercise her constitutionally protected Right under the Fifth Amendment not to enter into a plea agreement prior to possible charged with a violation of the internal revenue laws for which she did not believe she was guilty. Griffin's refusal to deal resulted in Maietta's inducement of a grand jury; but, failing to fully disclose the facts of the *prima facie* case. These charges are vindictive and brought in bad faith for the following reasons: (a) Maietta mislead the Grand Jury and failed to disclose that agents of the IRS never attempted to exhaust the administrative remedies as required by Acts of Congress and codified within the Internal Revenue Code to collect the alleged substantial understatement of liability for the tax years 1998 and 1999 in failing to: **(1)** "Assess a Liability," **(2)** issue a "Notice and Demand" for tax, **(3)** issue a "Notice of Deficiency," **(4)** issue a "Notice of Determination" and **(5)** never once statutorily noticed the Accused Nadine J. Griffin of their presumptive determination as the law commands.

In a further display of his vindictiveness, Maietta did know or should have known that employees of the IRS, acting in bad faith – waited approximately Six (6) years before bringing these allegations against Griffin and never once notified her or attempted to collect the alleged substantial understatement of liability anytime during this lapse of time to present. Had employees of the IRS exhausted the administrative process as prescribed by Acts of Congress in the same manner they do with million of taxpayers annually, of the 4,641 plus discovery documents provided by Maietta, these papers would have been included but they were not.

To demonstrate vindictive prosecution, a defendant must either cite direct evidence of a vindictive motive or establish a presumption of vindictiveness. *United States v. Goodwin*, 457

U.S. 368, 380-81, 73 L.Ed.2d 74, 102 S.Ct. 2485 (1982); <u>United States v. Sinigaglio</u>, 942 F.2d 581, 584 (9th Cir. 1991). A showing of actual vindictiveness requires "direct evidence of an expressed hostility or threat to the defendant for having exercised a constitutional right." <u>United States v. Gallegos-Curiel</u>, 681 F.2d 1164, 1168 (9th Cir. 1982).

To further evidence of his vindictiveness, Maietta's indictment violates the most fundamental rights of the equal protection of the law clause of the Fourteenth Amendment. This violation comes in the form of *selective prosecution* wherein millions of taxpayers each year substantially understate their alleged liability – are given an administrative notice and an opportunity to challenge the validity of the presumption pursuant to the internal revenue laws. Here, these similarly situated taxpayers are not charged with an infamous crime, but administratively notice by the IRS of their determination that they believed said taxpayer substantially understated their alleged liability. In proceeding without criminal prosecution, the IRS begins exhausting the administrative remedies assessing what they believe to be the correct amount of tax including interest and penalties; demanding for payment and collections of the same.

In a summary of case opinions employees of the IRS exhausted their administrative remedies against taxpayers by noticing, demanding the tax, assessing and collecting administratively for an alleged substantial understatement of a federal tax liability.

> In <u>Mauerman v. C.I.R.</u>, 22 F.3d 1001 (10th Cir. 1994), we addressed whether the tax court correctly upheld the I.R.S.'s *decision to impose penalties against a taxpayer for substantial understatement of tax*. There we held that our standard of review was for abuse of discretion. Mauerman, 22 F.3d at 1004. However, in Mauerman the court was examining penalties imposed against taxpayers under I.R.C. § 6661 (repealed 1989). Section 6661 detailed that "[t]he Secretary may waive all or part of the addition to tax provided by [*the substantial understatement of liability*] section on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." I.R.C. § 6661(c) (repealed 1989) (emphasis added). Our

court, as well as others, interpreted this section to vest with the I.R.S. the discretion as to whether to waive penalties against a taxpayer for the understatement of tax liability. See *Stanford v. C.I.R.*, 152 F.3d 450, 460 n. 17 (5th Cir. 1998); Mauerman, 22 F.3d at 1004; Karr v. C.I.R., 924 F.2d 1018, 1025-26 (11th Cir. 1991); *Mailman v. C.I.R.*, 91 T.C. 1079, 1084-85, 1988 WL 133255(1988). *United State v. Shanbaum*, 10 F.3d 305 (5th Cir. 1994) *Estate of True v. C.I.R.*, 390 F.3d 1210 (10th Cir. 2004)

In the above case citations, these taxpayers were served notice to petition the United States Tax Court protesting the issue of a substantial understatement of a federal income tax liability. Issuance of the deficiency notice concludes the IRS made a preliminary assessment of liability and after such assessment caused a statutory "Notice of Deficiency" to issues under 26 U.S.C. § 6212, giving the taxpayer 90 days from the date of the notice to petition tax court before other collections action is taken. No such exhaustion of the administrative remedy has ever come to fruition for Nadine J. Griffin.

To assert the defense of selective or vindictive prosecution, the defendant must establish two elements: (1) that others similarly situated have not been prosecuted; and, (2) that the allegedly discriminatory prosecution was based on an impermissible motive. *Seven Star, Inc. v. United States*, 933 F.2d 791, 793 (9th Cir. 1991); *United Stated v. One 1985 Mercedes*, 917 F.2d 415, 420 (9th Cir. 1990);

Assistant United States Attorney Christopher Maietta of the Tax Division, did know or should have known there is no statute within the Internal Revenue Code that permits the IRS to bypass the administrative process prior to petitioning a court of the United States for possible civil or criminal violations of the internal revenue laws. To the contrary, the abuse of process by employees of the IRS became so egregious, Congress was forced to pass the IRS Restructuring and Reform Act of 1998 which did very little to curtail their appetite for abuse.

There can be no question that Nadine J. Griffin is a subject of selective prosecution in this instant case. Christopher Maietta did know or should have known having made no attempt, after

more than Six (6) years, failing to collect the tax through Congressionally mandated *proviso* affording to each taxpayer equal protection of the law - violates constitutional due process and the equal protection of the law Rights of Nadine J. Griffin. No good-faith effort can be shown on the record to sufficiently establish that agents, officers or employees of the Internal Revenue Service ever attempted to exhaust the administrative remedies prior to petitioning the Court for a criminal indictment against Nadine J. Griffin.

In the case of the accused Nadine J. Griffin, no attempt to collect the alleged substantially understated tax liability or any tax has ever been made prior to Assistant United States Attorney Christopher Maietta petitioning the grand jury. In a plethora of cases, prior to the government seeking charges for alleged violation of the internal revenue laws are cited in many circuits and the Supreme Court conclusively establishing that Acts of Congress command the exhaustion of the administrative remedy before petitioning a district court of the United States: as such was not done in Nadine J. Griffin's case.

"When Congress passes an Act empowering administrative agencies to carry on governmental activities, the power of those agencies is circumscribed by the authority granted." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 577 (1992), citing *Stark v. Wickard*, 321 U.S. 188, 309-310 (1944). An agency action that is "arbitrary, capricious, an abuse of discretion, or not in accordance with law, as well as action taken 'without observance of procedure required by law'" should be invalidated. *United States v. Caceres*, 440 U.S. 741, 753-754 (1979).

The courts have previously stated that: "the task of safeguarding the rights of criminal defendants ultimately rests with the experienced men and women who preside in our district courts." *United States v. Balough*, 820 F.2d 1485, 1491 (9th Cir 1987). District Judges are well situated to observe possible discrimination in the government's charging decisions. They have

direct experience with the policies and practices of the United States Attorneys in their districts and have the opportunity to discern patterns of discrimination. See *United States v. Redondo-Lemos*, 955 F.2d 1296, 1298, 1302 (9th Cir. 1992).

WHEREFORE; the accused Nadine J. Griffin moves this Court quash with prejudice Counts 1 and 2 of indictment number 05-CR-10175 or, in the alternative, command Christopher Maietta provide evidence sufficient to establish that he is not subject to or bound by the Constitution for the United State of America, United States Supreme Court Precedent, Act of Congress nor the internal revenue laws requiring him to exhaust administrative procedures before proceeding on behalf of the United States as prosecutor in a criminal action.

Solemnly submitted,

**VERIFICATION**

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true and correct. All Rights retained without recourse.

Executed this 28 day of February, 2006.

Signature: _____
Nadine J. Griffin
Accused, Belligerent Claimant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

## CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that on this ____ day of February, 2006, I served a true and correct copy of the above VERIFIED MOVE TO QUASH FOR VINDICTIVE PROSECUTION IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS, OR IN THE ALTERNATIVE PROVIDE EVIDENCE OF LAW PLAINTIFF IS NOT REQUIRED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE PETITIONING THE COURT by depositing it in the U.S. Mail, first class postage prepaid, addressed to:

Christopher Maietta
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _____

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee Administrative Oversight/Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No _____