1

2

3

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

5

6    UNITED STATES OF AMERICA,      )      **CASE NO. 05-cr-10175-WGY**

7          **Plaintiff,**          )      **VERIFIED AFFIDAVIT AND**
         )      **EXHIBITS IN SUPPORT OF**

8          **vs.**          )      **MOVE TO QUASH INDICTMENT**

9    **Nadine J. Griffin,**      )      **Nadine J. Griffin, Affiant**

10      **Accused, Belligerent Claimant.**    )

11

12    1.   Nadine J. Griffin declares and states as follows:

13    2.   I am the accused Belligerent Claimant, hereinafter referred to as Affiant in the above-

14      entitled action and competent to testify to the facts stated herein to wit:

15    3.   That all statements made within this affidavit are true and correct not meant to mislead;

16    4.   That Nadine J. Griffin exists as a Conscious, Living, Breathing, Flesh and Blood Sentient

17      Being, a woman; NOT a statutory person, persons, natural person, artificial person,

18      individual, corporation, entity, or any other sub-status, fourth class citizen *ens legis* creation

19      of any government, federal, state, local or otherwise;

20    5.   That Affiant Nadine J. Griffin is unschooled in law, not an attorney or bar association

21      member, and is attempting to defend and dispose of this action to the best of Affiant's

22

23      ability with reliance upon your statutes, codes, rules and regulations; including those relied

24      upon by the plaintiff and established by the Constitution of the United States of America,

25      United States Congress, and the United States Supreme Court;

6. Affiant herein submits into evidence Exhibits A through M consisting of 135 pages and demands this Court takes mandatory judicial notice of adjudicative facts pursuant Fed. R. Evid. 201(d) and deem such Exhibits as admitted;

7. That Affiant herein demands this Court take judicial notice and enters into this Court's records 1 U.S.C. § 204(a) stating in pertinent part, *"The matter set forth in the edition of the Code of Laws of the United States current at any time shall . . . establish prima facie the laws of the United States . . ."* (see **Exhibit A**) and 1 U.S.C. § 112 states: ". . . The United States Statutes at Large shall be legal evidence of Laws. . ." (see **Exhibit B**);

8. That on or about July 13, 2005 Affiant was formally charged under cause number 05- CR-10175-WGY for alleged violations of 26 U.S.C. § 7206, two counts of filing a false returns for the tax years 1998 and 1999 (see **Exhibit C**);

9. That Affiant refers to IRS Publication 556 revised August 2005 "Examination of Returns, Appeal Rights, and Claims for Refund" which can be assessed from www:irs.gov providing full disclosure on page 4, "The Examination" section states in pertinent part as follows: **"The IRS must follow the tax laws set forth by Congress in the Internal Revenue Code. The IRS also follows Treasury Regulations, other rules, and procedures that were written to administer the tax laws. The IRS also follows court decisions. However, the IRS can lose cases that involve taxpayers with the same issue and still apply its interpretation of the law to your situation."** (see **Exhibit D** );

10. That this bold and unambiguous statement is an on the record admittance that the IRS can proceed as if it is not bound by any law, or held to rulings handed down by the United States Supreme Court, Acts of Congress, Treasury Regulations or any other constraint necessary to curtail their appetite for lawlessness;

11. That evidence on the records concludes the discretionary authority employees of the IRS has given themselves - as have judges, to "*apply its interpretation of the law*" employs a feudal system of government and has created rampant lawlessness, abuse, disrespect, blatant mis-enforcement, misrepresentation and voids any action they would have otherwise been authorized to take;

12. That on or about September 8, 2005, Affiant received approximately 4,641 pages of discovery documents from Christopher Maietta;

13. That the discovery documents presented no evidence that officers, employees or agents of the Internal Revenue Service ever attempted to assess or collect an income tax from Nadine J. Griffin for the alleged understatement of a tax liability for tax years 1998 and 1999;

14. That Affiant includes evidence that the statutes in Title 26 of the United States Code and implementing regulations within the Code of Federal Regulations require officers, employees and agents of the Internal Revenue Service – prior to petitioning the district court for the United States regarding civil or criminal issues of liability, assessment and collections under the internal revenue laws, employees are required to exhaust the administrative remedies not limited to 26 U.S.C. § 6303 – Notice and demand for tax, 26 U.S.C. § 6202 – Establishment by regulations of mode and time of assessment, 26 U.S.C. § 6203 – Method of assessment, 26 U.S.C. § 6751 – Approval of assessment, 26 U.S.C. § 6502 – Collection after assessment and applicable regulations thereunder (see **Exhibit E**);

15. That no evidence exist that Affiant was ever issued Letter Numbers 978 or 979, informing Affiant they believed Affiant was not keeping adequate records to determine the correct Federal tax liability for years 1998 and 1999 (see **Exhibit F**);

16. That no evidence exist that Affiant was ever issued Letter Number 3174(P), informing Affiant attempting to collect and unpaid tax for years 1998 and 1999 (see **Exhibit F**);

17. That no evidence exist that Affiant was ever issued Notice Number CP15, Notice of Penalty Charge For Filing a Frivolous Return informing Affiant that they believed she may have understated a tax liability for tax years 1998 and 1999 (see **Exhibit F**);

18. That no evidence exist that Affiant was ever issued Notice Number CP22E, We Changed Your Account, increasing Affiant's alleged tax liability informing Affiant that they believed she may have understated a tax liability for tax years 1998 and 1999 (see **Exhibit F**);

19. That no evidence exist that Affiant was ever issued Notice Number 3219(SC/CG), Notice of Deficiency" stating in pertinent part: "This is your NOTICE OF DEFICIENCY as required by law" offering Affiant an acceptance of their assessment of the understated a tax liability for tax years 1998 and 1999 (see **Exhibit F**);

20. That no evidence exist that Affiant was ever issued Notice Number CP501, 502, 503, 504, indicating an intent to levy on assets if Affiant had refused to pay the demand for tax that was understated for tax years 1998 and 1999 (see **Exhibit F**);

21. That employees of the IRS failure to issue Nadine J. Griffin a single notice, letter or any other document routinely issued to millions of taxpayers every year that may have understated their federal tax liability – extending to them an opportunity to correct their oversight – constitutes a violation of the due process clause of the Fifth Amendment and the equal protection clause to the Fourteenth Amendment resulting in selective prosecution of Affiant;

22. That no where in the Internal Revenue Code or Title 26 of the United States Code has an Act of Congress authorized the malicious and selective prosecution of any [person] including Affiant, as such an act would be deemed unconstitutional on its face and a conflict of law as in this instant case;

23. That Affiant submitted a Freedom of Information Act request dated April 1, 2005 and received a response dated September 16, 2005 from the Department of the Treasury – Internal Revenue Service requesting the production of the System of Records known as the Taxpayer Delinquent Account (TDA) Treasury/IRS 26.019 (see **Exhibit G**);

24. That in response Disclosure Specialist Brian Gingras revealed that only years 1998 and 1999 went into TDA status, and further disclosed the files were systematically destroyed. (see **Exhibit H**)

25. That regulations at 26 CFR § 1.6001-1 provide in pertinent part, *". . . records . . . shall be retained so long as the contents thereof may become material in the administration of any internal revenue law*," destroying the evidence in direct contradiction to Treasury Regulations (see **Exhibit H**)

26. That Affiant submitted a Freedom of Information Act (FOIA) request for the Individual Master File (IMF) Complete and Literal for your tax years 1998 and 1999, and received a copy of the transcripts dated September 16, 2005, conclusively indicate that no assessment or collections transaction codes exist, nor was ever made (see **Exhibit H**);

27. That Affiant cross referenced the TC Codes referenced on the IMF Complete and Literal transcripts with the Automated Data Processing Manual (ADP 1999) to determine if employees of the IRS ever attempted to assess and collect the amount of tax liability they believed Affiant may have understated (see **Exhibit I**);

28. That a review of the transcripts for tax years 1998 and 1999, the following TC Codes indicate manual and computer generated assessments were of various interest and penalties were made, an examination was started and reversed resulting in no collections attempt ever executed as referenced by the following (see **Exhibit I**):

1    (i) TC 196 – Assess computer generated interest due - First Notice (Never Issued);

2    (ii) TC 270 – Manual computed Failure to Pay Tax Penalty assessed;

3    (iii)TC 276 – Computer generated failure to pay tax Penalty assessed . . . if return liability is
4    not paid on or before date prescribed for payment;

5    (iv)TC 420 – Examination Indicator *in pari materia* with 26 U.S.C § 7602 Examination of
     books and witnesses;

6
     (v) TC 421 – Reverse Examination indicator;
7
     (vi)TC 425 – Examination request indicator *in pari materia* with 26 U.S.C § 7602
8    Examination of books and witnesses;

9    (vii) TC 971 - Used to post identifying XREF TIN/Tax period data whenever a . . . return has
     been posted to an incorrect TIN/Tax period;
10

11   29. That had IRS employees attempted to assess the amount of tax they believe was owed by

12   Nadine J. Griffin, the following Transaction Codes (several key TC Codes) would be

13   referenced in the IMF for the tax years 1998 and 1999, and no such codes exists;

14   30. That the IMF entity account for the tax years 1998 and 1999 assigned to Affiant's entity

15   name does not indicate key assessment TC 290 – Assess additional tax as a result of an

16   adjustment to a module which contains a TC 150 transaction is in *pari materia* with 26

17   U.S.C. § 6861 Jeopardy assessments of income;

18
     31. That the IMF entity account for the tax years 1998 and 1999 assigned to Affiant's entity
19
     name does not indicate key assessment TC 300 – Assesses additional tax as a result of an
20
     Examination adjustment to a tax module reflecting a TC 150 transaction is in *pari materia*
21
     with 26 U.S.C. § 6861 Jeopardy assessments of income;
22

23   32. That the IMF entity account for the tax years 1998 and 1999 assigned to Affiant's entity

24   name does not indicate key assessment TC – 320 Fraud penalty is in *pari materia* with 26

25   U.S.C. § 6702 – Frivolous income tax return civil penalty;

VERIFIED AFFIDAVIT IN SUPPORT OF             6 of 11             Nadine J. Griffin, Notary page 10
MOVE TO QUASH INDICTMENT – 40B                                   Total Exhibits: 135

33. That the IMF entity account for the tax years 1998 and 1999 assigned to Affiant's entity name does not indicate key assessment TCTC 336 – Assessed computer generated interest upon Examination is in *pari materia* with 26 U.S.C. § 6751 computation of computer generated penalty;

34. That the IMF entity account for the tax years 1998 and 1999 assigned to Affiant's entity name does not indicate key TC – 424 Return Referred to Examination Appeals Division;

35. That the IMF entity account for the tax years 1998 and 1999 assigned to Affiant's entity name does not indicate key TC – 494 Indicating that a 90 day Statutory Notice of Deficiency was issued is in *pari materia* with 26 U.S.C § 6212 – Notice of Deficiency;

36. That the IMF entity account for the tax years 1998 and 1999 assigned to Affiant's entity name does not indicate key TC 582 - Indicating the Filing of a Notice of Federal Tax Lien is in *pari materia* with 26 U.S.C § 6321 – Lien for tax;

37. That the IMF entity account for the tax years 1998 and 1999 assigned to Affiant's entity name does not indicate key TC 570 – Indicating Additional Liability Pending;

38. That the above referenced transaction codes and other not mentioned is irrefutable evidence that employees of the IRS made no attempt to collect an additional tax from Affiant they believed Affiant understated: if that were the case these codes would appear in the IMF entity account assigned to Affiant for tax years 1998 and 1999 and they do not;

39. That employees of the IRS exercise discretion (selective enforcement) to code a taxpayer's IMF as uncollectible with TC 608, discharging Millions in alleged liability presumed to be owed every year – never to bring civil or criminal action for the nonpayment of such tax, creating a funnel of inequitable and unjust enforcement rendering all their acts a nullity;

///

40. That Affiant submitted FOIA request for tax years 1997 through 2004 dated May 9, 2005 for the production of Form 2859 - Request for Quick or Prompt Assessment in pari materia with 26 U.S.C. § 6861 – Jeopardy assessment of income, and received a response from Disclosure Specialist Cindy Brooks dated August 23, 2005 stating in pertinent part: "*We have conducted a search for the records that you have requested and found that we have no documents responsive to your request*" further establishing no assessment was ever done (see **Exhibit J**);

41. That Affiant submitted FOIA request for tax years 1997 through 2004 dated April 25, 2005 for the production of Form 8278 Computation and Assessment of Miscellaneous Penalties, and received a response from Disclosure Specialist Cindy Brooks dated August 23, 2005 stating in pertinent part: "*We have conducted a search for the records that you have requested and found that we have no documents responsive to your request*" further establishing no assessment was ever done (see **Exhibit J**);

42. That the 23C is a mandatory transcript that exists to prove employees of the IRS assessed a tax liability and Affiant has never been issued a "23C – Summary Assessment - RACS 006," assessing a tax years for years 1988 and 1999, nor does Affiant believes any such documents exist (see **Exhibit K**);

43. That "Form 4340 – Certificate of Assessment" application is found in various Internal Revenue Manuals. Conclusively the IR Manuals states that Form 4340 (a) is to be used as evidence in court, (b) prepared and certified by using IDRS or (c) requesting a transcript from the master file – conclusively generated as a transcript (see **Exhibit L**);

44. That Affiant has never been issued a "Form 4340– Certificate of Assessment" for tax years 1998 and 1999, nor does Affiant believes such documents exist;

45. That employees of the IRS are subject to a plethora of codes, rules, regulations and Internal Revenue Manuals (IRM) as referenced at www.irs.gov - particularly IR Manual 4.4.25 *et. seq*, written in *pari materia* with the Internal Revenue Code for simplification of their assessment and collections process for which they in direct violation (see **Exhibit M**);

46. That employees of the United States aka, Internal Revenue Service have failed to follow substantive due process of law and the administrative procedures as prescribed by Acts of Congress, petitioning the district Court in bad faith prior to exercising their assessment and collections authority as required by law – rendering all their acts a nullity;

47. That of the 4,641 plus pages of discovery documents produced by Assistant United States Attorney Christopher Maietta, no documents exist in his possession nor the possession of officers, agents and employees of the Internal Revenue Service that the ever attempted to access and collect an additional tax from Nadine J. Griffin at any time prior to bringing the action before a district court of the United States;

48. That I, Nadine J. Griffin declares under penalty of perjury that the exhibits enumerated herein are true unaltered, un-tampered and un-redacted copies of original and copies to the best of my knowledge and belief. That all deleted sections made by me have been done so pursuant to the Privacy Act at 5 U.S.C. § 552(b)(6).

## **VERIFICATION**

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true and correct. All Rights retained without recourse.

Executed this _2 1_ day of February, 2006.

Signature: _Nadine G. Griffin_
Nadine J. Griffin, Affiant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

1    **NOTARY ACKNOWLEDGMENT**

2    State of New Hampshire )

                          ) subscribed and sworn
3    County of Carroll    )

4
5    On this 21 day, of February , 2006, **Nadine J. Griffin** personally

6    appeared, personally known to me, or proved to me on the basis of satisfactory evidence to be

     the one whose name is subscribed to within this instrument and who did take an Oath.

7                    Witness my hand and official seal.

8
9                                                                    Signature of Notary

10                                   My Commission Expires: _____

11   **ATTACHMENTS:**

12   **EXHIBIT A:** 1 U.S.C. § 204 – Codes and Supplements Evidence of Law – (6 pgs)

13   **EXHIBIT B:** 26 U.S.C. § 112 – United States Statutes at Large shall be legal evidence of Laws
14   (6 pgs)

15   **EXHIBIT C:** 26 U.S.C. § 7206 – Fraud and false statement (1 pg)

     **EXHIBIT D:** IRS Publication 556 Examination of Returns, Appeal Rights, and Claims for
16   Refund – (4 pgs)

17   **EXHIBIT E:** Title 26 USC and Code of Federal Regulations Regarding Demand For Tax,
18   Assessments, Collections, Etc. (16 pgs)

19   **EXHIBIT F:** Sample Liability, Deficiency, Assessment and Collection, Notice and Letter Sent
20   to Other Taxpayers by IRS (27 pgs)

     **EXHIBIT G:** Taxpayer Delinquent Account FOIA Request/ Response and 26 CFR 1.6001-1(e)
21   Retention of Records (4 to pgs)

22   **EXHIBIT H:** IMF Complete and Literal Transcript for Tax Years 1998 and 1999 Assigned the
23   Entity Name NADINE J. GRIFFIN- (15 pgs)

24   **EXHIBIT I:** Automated Data Processing (ADP) Department of the Treasury Transaction
     Codes (TC) Applicable to Applicable to Assessments, Interest and Penalties as Referenced on
25   the IMF Complete and Literal for Tax Years 1998 and 1999 –(19 pgs)

1  **EXHIBIT J:** FOIA Request for Forms 2859 - Quick Assessment and 8278 Computation - (6
2  pgs)

3  **EXHIBIT K:** 23C Summary Record of Assessment Application According to IR Manuals -(9
4  pgs)

**EXHIBIT L:** IRM 35(65) Form 4340 - Certificate of Assessment - (4 pgs)
5
**EXHIBIT M:** Internal Revenue Manual (IRM) Regarding Assessment Procedures and Forms
6  Required For Assessments - (19 pgs)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CASE NO. 05-CR-10175-WGY

Nadine J. Griffin,

# EXHIBIT "A"
**6 pages**

**1 § 203**                                          **GENERAL PROVISIONS   Ch. 3**

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1947 Acts. House Report No. 251, see 1947 U.S. Code Cong. Service, p. 1511.

**Commission on Revision of the Criminal Laws of the District of Columbia**

Pub.L. 90–226, Title X, §§ 1001 to 1009, Dec. 27, 1967, 81 Stat. 742, which provided for the creation and operation of a commission to study and make recommendations with reference to a revised code of criminal law and procedure

for the District of Columbia, was repealed by Pub.L. 91–358, Title VI, § 601, July 29, 1970, 84 Stat. 667, as amended by Pub.L. 91–530, § 2(b)(1), Dec. 7, 1970, 84 Stat. 1390.

**Council of District of Columbia**

Functions relating to the Council of the District of Columbia, see section 2 of Pub.L. 94–386, Aug. 14, 1976, 90 Stat. 1170, set out as a note under section 285b of Title 2, The Congress.

## CROSS REFERENCES

Authorization of appropriations, see 1 USCA § 213.

Avoidance of duplication and waste, see 1 USCA § 201.

Copies as conclusive evidence of original, see 1 USCA § 209.

Copies to members of Congress, see 1 USCA § 211.

Delegation of functions from time to time as directed by Congress, exception, see 1 USCA § 208.

Distribution of copies, exception for slip and pamphlet copies, see 1 USCA § 210.

Office of Law Revision Counsel, functions respecting, see 2 USCA § 285b.

Printing at Government Printing Office, form and style, ancillaries, see 1 USCA § 205.

## LIBRARY REFERENCES

**American Digest System**

District of Columbia ⬤5.

Statutes ⬤144.

Key Number System Topic Nos. 132, 361.

## Research References

**Encyclopedias**

Am. Jur. 2d Statutes § 38, Generally.

**Treatises and Practice Aids**

Federal Procedure, Lawyers Edition § 33:647, District of Columbia Laws.

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## § 204.  Codes and Supplements as evidence of the Laws of United States and District of Columbia; citation of Codes and Supplements

In all courts, tribunals, and public offices of the United States, at home or abroad, of the District of Columbia, and of each State, Territory, or insular possession of the United States—

(a) **United States Code.**—The matter set forth in the edition of the Code of Laws of the United States current at any time shall, together with the then current supplement, if any, establish prima facie the laws of the United States, general and permanent

72

RY NOTES

rict of Columbia, was repealed
91–358, Title VI, § 601, July
84 Stat. 667, as amended by
530, § 2(b)(1), Dec. 7, 1970, 84

**District of Columbia**
s relating to the Council of the
Columbia, see section 2 of
386, Aug. 14, 1976, 90 Stat.
out as a note under section
e 2, The Congress.

;

01.
A § 209.

l by Congress, exception, see l

let copies, see l USCA § 210.
:, see 2 USCA § 285b.
style, ancillaries, see l USCA

S

ct of Columbia Laws.

**EARCH**

s of this volume.

ce of the Laws of Unit-
; citation of Codes and

of the United States, at
ia, and of each State,
States—

t forth in the edition of
rrent at any time shall,
nent, if any, establish
general and permanent

in their nature, in force on the day preceding the commencement of the session following the last session the legislation of which is included: *Provided, however*, That whenever titles of such Code shall have been enacted into positive law the text thereof shall be legal evidence of the laws therein contained, in all the courts of the United States, the several States, and the Territories and insular possessions of the United States.

(b) **District of Columbia Code.**—The matter set forth in the edition of the Code of the District of Columbia current at any time shall, together with the then current supplement, if any, establish prima facie the laws, general and permanent in their nature, relating to or in force in the District of Columbia on the day preceding the commencement of the session following the last session the legislation of which is included, except such laws as are of application in the District of Columbia by reason of being laws of the United States general and permanent in their nature.

(c) **District of Columbia Code; citation.**—The Code of the District of Columbia may be cited as "D.C. Code".

(d) **Supplements to Codes; citation.**—Supplements to the Code of Laws of the United States and to the Code of the District of Columbia may be cited, respectively, as "U.S.C., Sup.   ", and "D.C. Code, Sup.   ", the blank in each case being filled with Roman figures denoting the number of the supplement.

(e) **New edition of Codes; citation.**—New editions of each of such codes may be cited, respectively, as "U.S.C.,   ed.", and "D.C.Code,   ed.", the blank in each case being filled with figures denoting the last year the legislation of which is included in whole or in part.

(July 30, 1947, c. 388, 61 Stat. 638.)

### UNITED STATES CODE TITLES AS POSITIVE LAW

The following titles of the United States Code have been enacted into positive law by the acts enumerated below:

Title 1, General Provisions—Act July 30, 1947, c. 388, § 1, 61 Stat. 633.

Title 3, The President—Act June 25, 1948, c. 644, § 1, 62 Stat. 672.

Title 4, Flag and Seal, Seat of Government, and the States—Act July 30, 1947, c. 389, § 1, 61 Stat. 641.

Title 5, Government Organization and Employees—Pub.L. 89–554, Sept. 6, 1966, § 1, 80 Stat. 378.

Title 6, Surety Bonds—Act July 30, 1947, c. 390, § 1, 61 Stat. 646, as amended June 6, 1972, Pub.L. 92–310, Title II, § 203(4), 86 Stat. 202, and repealed Sept. 13, 1982, Pub.L. 97–258, § 5(b), 96 Stat. 1068.  See, now, Title 31, Money and Finance.

Title 9, Arbitration—Act July 30, 1947, c. 392, § 1, 61 Stat. 669.

Title 10, Armed Forces—Act Aug. 10, 1956, c. 1041, § 1, 70A Stat. 1.

Title 11, Bankruptcy—Pub.L. 95–598, Title I, § 101, Nov. 6, 1978, 92 Stat. 2549.

**1 § 204**                                    **GENERAL PROVISIONS    Ch. 3**

Title 13, Census—Act Aug. 31, 1954, c. 1158, 68 Stat. 1012.

Title 14, Coast Guard—Act Aug. 4, 1949, c. 393, § 1, 63 Stat. 495.

Title 17, Copyrights—Act July 30, 1947, c. 391, § 1, 61 Stat. 652, as amended in its entirety by Pub.L. 94–533, Title I, § 101m, Oct. 19, 1976, 90 Stat. 2541.

Title 18, Crimes and Criminal Procedure—Act June 25, 1948, c. 645, § 1, 62 Stat. 683.

Title 23, Highways—Pub.L. 85–767, § 1, Aug. 27, 1958, 72 Stat. 885.

Title 28, Judiciary and Judicial Procedure—Act June 25, 1948, c. 646, § 1, 62 Stat. 869.

Title 31, Money and Finance—Pub.L. 97–258, § 1, Sept. 13, 1982, 96 Stat. 877.

Title 32, National Guard—Act Aug. 10, 1956, c. 1041, § 2, 70A Stat. 596.

Title 35, Patents—Act July 19, 1952, c. 950, § 1, 66 Stat. 792.

Title 36, Patriotic and National Observances, Ceremonies, and Organizations—Pub.L. 105–225, § 1, Aug. 12, 1998, 112 Stat. 1253.

Title 37, Pay and Allowances of the Uniformed Services—Pub.L. 87–649, § 1, Sept. 7, 1962, 76 Stat. 451.

Title 38, Veterans' Benefits—Pub.L. 85–857, § 1, Sept. 2, 1958, 72 Stat. 1105.

Title 39, Postal Service—Pub.L. 86–682, § 1, Sept. 2, 1960, 74 Stat. 578, as revised Pub.L. 91–375, § 2, Aug. 12, 1970, 84 Stat. 719.

Title 40, Public Buildings, Property, and Works—Pub.L. 107–217, Aug. 21, 2002, 116 Stat. 1062.

Title 44, Public Printing and Documents—Pub.L. 90–620, § 1, Oct. 22, 1968, 82 Stat. 1238.

Title 46, Shipping—Pub.L. 98–89, § 1, Aug. 26, 1983, 97 Stat. 500; Pub.L. 99–509, Title V, Subtitle B, § 5101, Oct. 21, 1986, 100 Stat. 1913; Pub.L. 100–710, Title I, § 102, Nov. 23, 1988, 102 Stat. 4739.

Title 49, Transportation—Pub.L. 95–473, § 1, Oct. 17, 1978, 92 Stat. 1337; Pub.L. 97–449, § 1, Jan. 12, 1983, 96 Stat. 2413; Pub.L. 103–272, § 1, July 5, 1994, 108 Stat. 745.

## TITLE 26, INTERNAL REVENUE CODE

The Internal Revenue Code of 1954 was enacted in the form of a separate code by Act August 16, 1954, c. 736, 68A Stat. 1. Pub.L. 99–514, § 2(a), Oct. 22, 1986, 100 Stat. 2095, provided that the Internal Revenue Title enacted Aug. 16, 1954, as heretofore, hereby, or hereafter amended, may be cited as the "Internal Revenue Code of 1986". The sections of Title 26, United States Code, are identical to the sections of the Internal Revenue Code.

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
1947 Acts. House Report No. 251, see
1947 U.S. Code Cong. Service, p. 1511.

## CROSS REFERENCES

Delegation of functions from time to time as directed by Congress, see 1 USCA § 208.

## LIBRARY REFERENCES

**American Digest System**
Statutes ⬅144, 145.
Key Number System Topic No. 361.

**IL PROVISIONS    Ch. 3**

)12.

Stat. 495.

Stat. 652, as amended in its
90 Stat. 2541.

5, 1948, c. 645, § 1, 62 Stat.

72 Stat. 885.

:5, 1948, c. 646, § 1, 62 Stat.

- 13, 1982, 96 Stat. 877.

2, 70A Stat. 596.

L. 792.

nonies, and Organizations—

es—Pub.L. 87–649, § 1, Sept.

2, 1958, 72 Stat. 1105.

1960, 74 Stat. 578, as revised

.. 107–217, Aug. 21, 2002, 116

20, § 1, Oct. 22, 1968, 82 Stat.

97 Stat. 500; Pub.L. 99–509,
913; Pub.L. 100–710, Title I,

', 1978, 92 Stat. 1337; Pub.L.
'2, § 1, July 5, 1994, 108 Stat.

**JE CODE**

ne form of a separate code by
14, § 2(a), Oct. 22, 1986, 100
: enacted Aug. 16, 1954, as
as the "Internal Revenue Code
are identical to the sections of

**Y NOTES**

5

ted by Congress, see 1 USCA

:S

### Research References

**ALR Library**
87 ALR 5th 631, Validity, and Propriety Under Circumstances, of Court-Ordered
HIV Testing.

**Encyclopedias**
29A Am. Jur. 2d Evidence § 1199, Presumptions Under State or Federal Acts.
29A Am. Jur. 2d Evidence § 1406, Federal Statutes, Treaties, and Rules; Laws of
the District of Columbia.
Am. Jur. 2d Statutes § 42, Federal Law.

**Forms**
Federal Procedural Forms § 1:1325, Scope of Division.

**Treatises and Practice Aids**
Federal Evidence § 548, Presumptions Under Acts of Congress.
Federal Procedure, Lawyers Edition § 33:584, Documents Presumptively or Prima
Facie Authentic Under Acts of Congress.
Federal Procedure, Lawyers Edition § 33:644, Federal Constitution, Laws, Trea-
ties, Rules, and Regulations.
Federal Procedure, Lawyers Edition § 33:645, Effect of Enactment Into Positive
Law.
Federal Procedure, Lawyers Edition § 33:647, District of Columbia Laws.
Wright & Miller: Federal Prac. & Proc. § 5123, Scope of Rule 301.
Wright & Miller: Federal Prac. & Proc. § 7144, Subdivision (10)-Presumptions
Under Acts of Congress.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

### Notes of Decisions

Inclusion of statute in Code    1
Inconsistencies    4
Position of statutes in Code    2
Prima facie evidence    3
Reviser's notes    5

**1. Inclusion of statute in Code**

If construction of section of United
States Code, which has not been enacted
into positive law, is necessary, recourse
must be had to original statutes them-
selves. U.S. v. Wodtke, N.D.Iowa 1985,
627 F.Supp. 1034, affirmed 871 F.2d
1092. Statutes ⇐ 217.4

Inclusion of designated sections of the
Revised Statutes into codification of gen-
eral and permanent laws of United States
did not have effect of re-enacting such
sections of Revised Statutes. U.S. ex rel.
Boyd v. McMurtry, W.D.Ky.1933, 5
F.Supp. 515. Statutes ⇐ 147

Incorporation in United States Code of
both amended Act and amendatory Act
impliedly repealing portion of former Act
did not show congressional purpose not
to repeal or modify amended Act. Ruff v.
Ry. S.D.Ga.1933, 3 F.Supp. 264, re-

versed on other grounds 67 F.2d 684,
certiorari granted 54 S.Ct. 377, 291 U.S.
654, 78 L.Ed. 1047, affirmed 54 S.Ct.
608, 292 U.S. 25, 78 L.Ed. 1099. Stat-
utes ⇐ 145; Statutes ⇐ 167(2)

Inclusion of an Act in the United States
Code did not revitalize the Act if it had
been repealed. Hill v. U.S., Ct.Cl.1930,
68 Ct.Cl. 740.

Fact that Internal Revenue Code (IRC)
had not been enacted into positive law
did not mean that tax laws had no effect
on state resident; that IRC was not posi-
tive law only meant that one must go to
appropriate volume of *United States Stat-
utes at Large* to be certain of the content
of any given statute codified within IRC.
Richey v. Indiana Dept. of State Revenue,
Ind.Tax 1994, 634 N.E.2d 1375. Internal
Revenue ⇐ 3027

Failure of Congress to enact Compre-
hensive Drug Abuse Prevention and Con-
trol Act of 1970 into positive law did not
deprive federal court of subject matter
jurisdiction over prosecution for alleged
violation of Act provision; failure had
only evidentiary significance, and did not
render Act invalid or unenforceable.



**1 § 204**

**Note 1**

Henriquez v. U.S., S.D.N.Y.2003, 2003 WL 21242722, Unreported. Controlled Substances ⟅⟆ 6

**2. Position of statutes in Code**

Change of arrangement should be given no weight where made by codifier without approval of Congress. U. S. v. Welden, U.S.Mass.1964, 84 S.Ct. 1082, 377 U.S. 95, 12 L.Ed.2d 152. Statutes ⟅⟆ 231

No change in the meaning of a statute results from its being placed in the United States Code in juxtaposition to other statutes enacted at different times. Warner v. Goltra, U.S.Mo.1934, 55 S.Ct. 46, 293 U.S. 155, 79 L.Ed. 254.

It will not be inferred that Congress in revising and consolidating laws intended to change their effect unless intention is clearly expressed. Robert E. Lee & Co. v. Veatch, C.A.4 (S.C.) 1961, 301 F.2d 434, certiorari denied 83 S.Ct. 23, 371 U.S. 813, 9 L.Ed.2d 55. Statutes ⟅⟆ 147

**3. Prima facie evidence**

The official source to find United States law is the Statutes at Large and the United States Code is only prima facie evidence of such laws. Royer's, Inc. v. U. S., C.A.3 (Pa.) 1959, 265 F.2d 615. Statutes ⟅⟆ 231

The United States Code is only a prima facie statement of the statute law, and statutes collected in it do not change their meaning nor acquire any new force by their inclusion and if construction is necessary, recourse must be had to the original statutes themselves. Murrell v. W.U. Telegraph Co., C.C.A.5 (Fla.) 1947, 160 F.2d 787. Statutes ⟅⟆ 146; Statutes ⟅⟆ 147; Statutes ⟅⟆ 231

Statutes in volumes of the *United States Code*, the *United States Code Service*, and the *United States Code Annotated* are meant to contain same language as the *United States Statutes at Large*, but unless Congress takes affirmative steps, language in various codes is only prima facie evidence of law. Richey v. Indiana Dept. of State Revenue, Ind.Tax 1994, 634 N.E.2d 1375. Statutes ⟅⟆ 147; Statutes ⟅⟆ 283(2)

**4. Inconsistencies**

If construction of section of United States Code which has not been enacted into positive law is necessary, recourse must be had to original statutes themselves. U. S. v. Welden, U.S.Mass.1964,

84 S.Ct. 1082, 377 U.S. 95, 12 L.Ed.2d 152. Statutes ⟅⟆ 231

Under subsec. (a) of this section the United States Code cannot prevail over the Statutes at Large if the two are inconsistent. Stephan v. U. S., Mich.1943, 63 S.Ct. 1135, 319 U.S. 423, 87 L.Ed. 1490. See, also, American Export Lines, Inc. v. U. S., Ct.Cl. 1961, 290 F.2d 925, 153 Ct.Cl. 201; Balian Ice Cream Co. v. Arden Farms Co., D.C.Cal.1950, 94 F.Supp. 796. Statutes ⟅⟆ 147

Version of Indian Preference Act, section 472 of Title 25, in United States Code is inconsistent with the one in statutes at large and, unless it has been partially repealed, expressly or by implication, said section as it appears in statutes at large must prevail. Preston v. Heckler, C.A.9 (Alaska) 1984, 734 F.2d 1359. Statutes ⟅⟆ 147

District of Columbia Code is a codification and compilation of existing statutes, and, under this section which authorizes preparation and publication of the Code and which declares that the Code shall establish "prima facie" the laws then in force, meaning of quoted phrase is that the District of Columbia Code cannot prevail over the Statutes at Large when the two are inconsistent. Fisher v. Capital Transit Co, C.A.D.C.1957, 246 F.2d 666, 100 U.S.App.D.C. 385. Statutes ⟅⟆ 147

Section 10(b)(1) of the Federal Railroad Safety Authorization Act is correctly reproduced in United States Code Annotated. The Statute is incorrectly reproduced in United States Code Service and in Lexis. Springfield Terminal Ry. Co. v. United Transp. Union, D.Me.1991, 767 F.Supp. 333.

The ALR Federal Cases is an unsatisfactory substitute for the Federal Reporter, 2d Series, because it does not contain many of the reported cases from the United States courts of appeals, and a library which lacks these materials is an inadequate law library. Wade v. Kane, E.D.Pa.1978, 448 F.Supp. 678, affirmed 591 F.2d 1338.

Where an inconsistency appears between the United States Code and the Statutes at Large, the Statutes at Large prevail over the Code. Peart v. Motor Vessel Bering Explorer, D.C.Alaska 1974, 373 F.Supp. 927. Statutes ⟅⟆ 144

The code establishes prima facie what the laws of the United States are, but to extent that provisions of the Code are inconsistent with the statutes at large, the

082, 377 U.S. 95, 12 L.Ed.2d
ites ⬧ 231

ubsec. (a) of this section the
ites Code cannot prevail over
s at Large if the two are incon-
ephan v. U. S., Mich.1943, 63
319 U.S. 423, 87 L.Ed. 1490.
American Export Lines, Inc. v.
Cl. 1961, 290 F.2d 925, 153
Balian Ice Cream Co. v. Ar-
Co., D.C.Cal.1950, 94 F.Supp.
ites ⬧ 231

of Indian Preference Act, sec-
Title 25, in United States Code
ent with the one in statutes at
unless it has been partially
expressly or by implication,
n as it appears in statutes at
prevail. Preston v. Heckler,
ska) 1984, 734 F.2d 1359.
· 147

of Columbia Code is a codifica-
ompilation of existing statutes,
this section which authorizes
n and publication of the Code
declares that the Code shall
prima facie" the laws then in
ning of quoted phrase is that
of Columbia Code cannot pre-
ie Statutes at Large when the
.consistent. Fisher v. Capital
C.A.D.C.1957, 246 F.2d 666,
p.D.C. 385. Statutes ⬧ 147
10(b)(1) of the Federal Rail-
' Authorization Act is correctly
: in United States Code Anno-
: Statute is incorrectly repro-
nited States Code Service and
Springfield Terminal Ry. Co. v.
insp. Union, D.Me.1991, 767
3.

. Federal Cases is an unsatis-
stitute for the Federal Report-
:s, because it does not contain
: reported cases from the Unit-
ourts of appeals, and a library
s these materials is an inade-
library. Wade v. Kane,
8, 448 F.Supp. 678, affirmed
338.

n inconsistency appears be-
United States Code and the
Large, the Statutes at Large
r the Code. Peart v. Motor
ng Explorer, D.C.Alaska 1974,
·. 927. Statutes ⬧ 144

establishes prima facie what
the United States are, but to
provisions of the Code are
t with the statutes at large, the

latter will prevail. Best Foods v. U.S.,
Cust.Ct.1956, 147 F.Supp. 749, 37 Cust.
Ct 1. Statutes ⬧ 231

**1. Reviser's notes**

Reviser's notes are authoritative in in-
terpreting United States Code. Acron In-
vestments, Inc. v. Federal Sav. & Loan
Ins. Corp., C.A.9 (Cal.) 1966, 363 F.2d
236, certiorari denied 87 S.Ct. 506, 385
U.S. 970, 17 L.Ed.2d 434. Statutes ⬧
231

## § 205. Codes and Supplement; where printed; form and style; ancillaries

The publications provided for in sections 202, 203 of this title shall
be printed at the Government Printing Office and shall be in such
form and style and with such ancillaries as may be prescribed by the
Committee on the Judiciary of the House of Representatives. The
Librarian of Congress is directed to cooperate with such committee
in the preparation of such ancillaries. Such publications shall be
furnished with such thumb insets [1] and other devices to distinguish
parts, with such facilities for the insertion of additional matter, and
with such explanatory and advertising slips, and shall be printed on
such paper and bound in such material, as may be prescribed by
such committee.

(July 30, 1947, c. 388, 61 Stat. 639.)

[1] So in original. Probably should be "inserts".

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
1947 Acts. House Report No. 251, see
1947 U.S. Code Cong. Service, p. 1511.

**Council of District of Columbia**
Functions relating to the Council of the
District of Columbia, see section 2 of

Pub.L. 94–386, Aug. 14, 1976, 90 Stat.
1170, set out as a note under section
285b of Title 2, The Congress.

### CROSS REFERENCES

Delegation of functions from time to time as directed by Congress, see 1 USCA
§ 208.
Office of the Law Revision Counsel, functions respecting, see 2 USCA § 285b.
Printing of bills and resolutions, style and form, see 44 USCA § 707.

### LIBRARY REFERENCES

**American Digest System**
Statutes ⬧ 14, 144.
Key Number System Topic No. 361.

### Research References

**Encyclopedias**
Am. Jur. 2d Statutes § 38, Generally.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

CASE NO. 05-CR-10175-WGY

Nadine J. Griffin,

# EXHIBIT "B"
## 5 pages

**1 § 110**                      **GENERAL PROVISIONS    Ch. 2**

**Ch. 2    ACTS AND**

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
 **1947 Acts.** House Report No. 251, see
1947 U.S. Code Cong. Service, p. 1511.

### LIBRARY REFERENCES

**American Digest System**
 Criminal Law ⇐145.5.
 Limitation of Actions ⇐6(9), 6(10).
 Key Number System Topic Nos. 110, 241.

#### Research References

**Encyclopedias**
 Am. Jur. 2d Statutes § 271, Effect of Repeal.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## § 111.   Repeals as evidence of prior effectiveness

No inference shall be raised by the enactment of the Act of March 3, 1933 (ch. 202, 47 Stat. 1431), that the sections of the Revised Statutes repealed by such Act were in force or effect at the time of such enactment: *Provided, however,* That any rights or liabilities existing under such repealed sections shall not be affected by their repeal.

(July 30, 1947, c. 388, 61 Stat. 635.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
 **1947 Acts.** House Report No. 251, see
1947 U.S. Code Cong. Service, p. 1511.

section 2 of Act July 30, 1947, section 1 of which enacted this title.

**References in Text**
 Act of March 3, 1933 (ch. 202, 47 Stat. 1431), referred to in text, was repealed by

### LIBRARY REFERENCES

**American Digest System**
 Statutes ⇐174, 176.
 Key Number System Topic No. 361.

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## § 112.   Statutes at Large; contents; admissibility in evidence

The Archivist of the United States shall cause to be compiled, edited, indexed, and published, the United States Statutes at Large, which shall contain all the laws and concurrent resolutions enacted

during each regula:
President in the nu
ment of the regula:
amendments to th
ratified pursuant t
the certificate of tl
ance with the prov.
event of an extra
States shall cause
during said extra :
part of, the conten
United States Sta
concurrent resoluti
treaties, proclamat
amendments to th
tained, in all the cc
the Territories and

(July 30, 1947, c. 38
979; Oct. 31, 1951, c
Title I, § 107(d), 98 S

**HIS**

**Revision Notes and Legi**
 **1947 Acts.** House Re
1947 U.S. Code Cong.

 **1950 Acts.** House Re;
1950 U.S. Code Cong.

 **1951 Acts.** Senate R
see 1951 U.S. Code Cor
vice, p. 2578.

 **1984 Acts.** Senate Re
and House Conferen
98–1124, see 1984 U.S.
Adm. News, p. 3865.

**Amendments**
 **1984 Amendments.** Pr
stituted "Archivist of th
for "Administrator of G
wherever appearing.

 **1951 Amendments.** A
substituted, in first ser
this title" for "205 of t
utes".

 **1950 Amendments.** A:
implemented 1950 Reo:
§ 1, eff. May 24, 1950,
Stat. 1272, by transferri:
istrator of General Ser
merly performed by t:
State.

PROVISIONS   Ch. 2

NOTES

during each regular session of Congress; all proclamations by the President in the numbered series issued since the date of the adjournment of the regular session of Congress next preceding; and also any amendments to the Constitution of the United States proposed or ratified pursuant to article V thereof since that date, together with the certificate of the Archivist of the United States issued in compliance with the provision contained in section 106b of this title. In the event of an extra session of Congress, the Archivist of the United States shall cause all the laws and concurrent resolutions enacted during said extra session to be consolidated with, and published as part of, the contents of the volume for the next regular session. The United States Statutes at Large shall be legal evidence of laws, concurrent resolutions, treaties, international agreements other than treaties, proclamations by the President, and proposed or ratified amendments to the Constitution of the United States therein contained, in all the courts of the United States, the several States, and the Territories and insular possessions of the United States.

(July 30, 1947, c. 388, 61 Stat. 636; Sept. 23, 1950, c. 1001, § 1, 64 Stat. 979; Oct. 31, 1951, c. 655, § 3, 65 Stat. 710; Oct. 19, 1984, Pub.L. 98–497, Title I, § 107(d), 98 Stat. 2291.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1947 Acts. House Report No. 251, see 1947 U.S. Code Cong. Service, p. 1511.

1950 Acts. House Report No. 2909, see 1950 U.S. Code Cong. Service, p. 3853.

1951 Acts. Senate Report No. 1020, see 1951 U.S. Code Cong. and Adm. Service, p. 2578.

1984 Acts. Senate Report No. 98–373 and House Conference Report No. 98–1124, see 1984 U.S. Code Cong. and Adm. News, p. 3865.

**Amendments**

1984 Amendments. Pub.L. 98–497 substituted "Archivist of the United States" for "Administrator of General Services" wherever appearing.

1951 Amendments. Act Oct. 31, 1951 substituted, in first sentence, "106b of this title" for "205 of the Revised Statutes".

1950 Amendments. Act Sept. 23, 1950 implemented 1950 Reorg. Plan No. 20, § 1, eff. May 24, 1950, 15 F.R. 3178, 64 Stat. 1272, by transferring to the Administrator of General Services duties formerly performed by the Secretary of State.

**Effective and Applicability Provisions**

1984 Acts. Amendment by Pub.L. 98–497 effective April 1, 1985, see section 301 of Pub.L. 98–497, set out as a note under section 2102 of Title 44, Public Printing and Documents.

**Publishing Pub.L. 107–206 in Statutes at Large**

Pub.L. 107–206, Title III, § 3002(h), Aug. 2, 2002, 116 Stat. 924, provided that: "In publishing the Act [the 2002 Supplemental Appropriations Act for Further Recovery From and Response to Terrorist Attacks on the United States, Pub.L. 107–206, Aug. 2, 2002, 116 Stat. 820] in slip form and in the United States Statutes at Large pursuant to section 112, of title 1, United States Code, the Archivist of the United States shall include after the date of approval at the end an appendix setting forth the text of the bill referred to in subsection (a) [enacting provisions set out as a Short Title note under 39 U.S.C.A. § 101]."

[Except as provided under section 3002(g)(2) of Pub.L. 107–206, amendments by Title III of Pub.L. 107–206 effective Aug. 2, 2002, see Pub.L. 107–206, Title III, § 3002(g), Aug. 2, 2002, 116

57

ARCH

of this volume.

veness

nt of the Act of March ctions of the Revised or effect at the time of ny rights or liabilities ot be affected by their

NOTES

Act July 30, 1947, section 1 of ed this title.

S

SEARCH

es of this volume.

ssibility in evidence

cause to be compiled, States Statutes at Large, rent resolutions enacted

## 1 § 112

Stat. 924, set out as a note under 39 U.S.C.A. § 5402.]

### Publishing Pub.L. 106–554 in Statutes at Large

Pub.L. 106–554, § 1(b), Dec. 21, 2000, 114 Stat. 2763, provided that: "In publishing this Act [Consolidated Appropriations Act, 2001, Pub.L. 106–554, Dec. 21, 2000, 114 Stat. 2763] in slip form and in the United States Statutes at Large pursuant to section 112 of title 1, United States Code, the Archivist of the United States shall include after the date of approval at the end appendixes setting forth the texts of the bills referred to in subsection (a) of this section [enacting into law the following bills of the 106th Congress: H.R. 5656, as introduced on Dec. 14, 2000; H.R. 5657, as introduced on Dec. 14, 2000; H.R. 5658, as introduced on Dec. 14, 2000; H.R. 5666, as introduced on Dec. 15, 2000, except that the text of H.R. 5666, as so enacted, shall not include section 123 (relating to the enactment of H.R. 4904); H.R. 5660, as introduced on Dec. 14, 2000; H.R. 5661, as introduced on Dec. 14, 2000; H.R. 5662, as introduced on Dec. 14, 2000; H.R. 5663, as introduced on Dec. 14, 2000; and H.R. 5667, as introduced on Dec. 15, 2000] and the text of any other bill enacted into law by reference by reason of the enactment of this Act."

### Publishing Pub.L. 106–553 in Statutes at Large

Pub.L. 106–553, § 1(b), Dec. 21, 2000, 114 Stat. 2762, provided that: "In publishing this Act [Pub.L. 106–553, Dec. 21, 2000, 114 Stat. 2762] in slip form and in the United States Statutes at Large pursuant to section 112 of title 1, United States Code, the Archivist of the United States shall include after the date of approval at the end appendixes setting forth the texts of the bills referred to in subsection (a) of this section [enacting into law H.R. 5547 and H.R. 5548 of the 106th Congress, both as introduced on Oct. 25, 2000]."

### Publishing Pub.L. 106–429 in Statutes at Large

Pub.L. 106–429, § 101(b), Nov. 6, 2000, 114 Stat. 1900, provided that: "In publishing this Act [Foreign Operations, Export Financing, and Related Programs Appropriations Act, 2001, Pub.L. 106–429, Nov. 6, 2000, 114 Stat. 1900; see Tables for complete classification] in slip form and in the United States Stat-

utes at Large pursuant to section 112 of title 1, United States Code, the Archivist of the United States shall include after the date of approval [Nov. 6, 2000] at the end an appendix setting forth the text of the bill referred to in subsection (a) of this section [enacting into law H.R. 5526 of the 106th Congress, as introduced on Oct. 24, 2000]."

Pub.L. 106–429, § 101(a) [Title V, § 595(b)], Nov. 6, 2000, 114 Stat. 1900, 1900A–60, provided that: "In publishing the Act [Kentucky National Forest Land Transfer Act of 2000, Pub.L. 106–429, § 101(a) [Title V, 595(a)] Nov. 6, 2000, 114 Stat. 1900, 1900A–60, which was not classified to the Code] in slip form and in the United States Statutes at Large pursuant to section 112, of title 1, United States Code, the Archivist of the United States shall include after the date of approval [Nov. 6, 2000] at the end appendixes setting forth the texts of the bill referred to in subsection (a) of this section [enacting into law S. 3140 of the 106th Congress, as introduced on Sept. 28, 2000, which was not classified to the Code]."

### Publishing Pub.L. 106–398 in Statutes at Large

Pub.L. 106–398, § 2, Oct. 30, 2000, 114 Stat. 1654, provided that: "In publishing this Act [Pub.L. 106–398, Oct. 30, 2000, 114 Stat. 1654] in slip form and in the United States Statutes at Large pursuant to section 112 of title 1, United States Code, the Archivist of the United States shall include after the date of approval an appendix setting forth the text of the bill referred to in section 1 [enacting into law H.R. 5408 of the 106th Congress, as introduced on Oct. 6, 2000]."

### Publishing Pub.L. 106–387 in Statutes at Large

Pub.L. 106–387, § 1(b), Oct. 28, 2000, 114 Stat. 1549, provided that: "In publishing this Act [Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 2001, Pub.L. 106–387, Oct. 28, 2000, 114 Stat. 1549; see Tables for complete classification] in slip form and in the United States Statutes at Large pursuant to section 112 of title 1, United States Code, the Archivist of the United States shall include after the date of approval at the end an appendix setting forth the text of the bill referred to in subsection (a) of this section [enacting into law H.R. 5426 of

the 106th Congress, as intro 6, 2000]."

### Publishing Pub.L. 106–377 Large

Pub.L. 106–377, § 1(b), 114 Stat. 1441, provided t lishing this Act [Department Affairs and Housing and U ment, and Independent Ag priations Act, 2001, Pub.L. 27, 2000, 114 Stat. 1441; complete classification] in in the United States Stat pursuant to section 112 of States Code, the Archivist States shall include after th proval at the end appendix the texts of the bills referre tion (a) of this section [ena H.R. 5482 and H.R. 5483, duced on Oct. 18, 2000]."

### Publishing Pub.L. 106–346 Large

Pub.L. 106–346, § 101( 2000, 114 Stat. 1356, provi publishing the Act [the D Transportation and Related propriations Act, 2001, Pu Oct. 23, 2000, 114 Stat. 13 for complete classification and in the United States Sta pursuant to section 112 of States Code, the Archivist

**American Digest System**
Statutes ⬅38, 282.
Key Number System To

**ALR Library**
186 ALR, Fed. 361, Val
49 U.S.C.A. §§ 6(

**Encyclopedias**
29A Am. Jur. 2d Eviden
29A Am. Jur. 2d Evider
the District of Co
Am. Jur. 2d Statutes §

**Forms**
Federal Procedural For

**Treatises and Practice Aids**
Federal Evidence § 548
Federal Procedure, Law
Facie Authentic I
Federal Procedure, Law
ties, Rules, and F

pursuant to section 112 of
l States Code, the Archivist
l States shall include after
pproval [Nov. 6, 2000] at the
idix setting forth the text of
red to in subsection (a) of
:nacting into law H.R. 5526
Congress, as introduced on
l."

6–429, § 101(a) [Title V,
.v. 6, 2000, 114 Stat. 1900,
ovided that: "In publishing
tucky National Forest Land
of 2000, Pub.L. 106–429,
le V, 595(a)] Nov. 6, 2000,
0, 1900A–60, which was not
he Code] in slip form and in
ates Statutes at Large pursu-
112, of title 1, United States
chivist of the United States
after the date of approval
)] at the end appendixes set-
: texts of the bill referred to
(a) of this section [enacting
i140 of the 106th Congress,
i on Sept. 28, 2000, which
ified to the Code]."

**ub.L. 106–398 in Statutes at**

–398, § 2, Oct. 30, 2000, 114
rovided that: "In publishing
..L. 106–398, Oct. 30, 2000,
54] in slip form and in the
i Statutes at Large pursuant
12 of title 1, United States
chivist of the United States
after the date of approval an
ting forth the text of the bill
i section 1 [enacting into law
f the 106th Congress, as in-
Oct. 6, 2000]."

**ub.L. 106–387 in Statutes at**

–387, § 1(b), Oct. 28, 2000,
49, provided that: "In pub-
.ct [Agriculture, Rural Devel-
d and Drug Administration,
Agencies Appropriations Act,
106–387, Oct. 28, 2000, 114
see Tables for complete clas-
slip form and in the United
:es at Large pursuant to sec-
tle 1, United States Code, the
the United States shall in-
ie date of approval at the end
setting forth the text of the
to in subsection (a) of this
cting into law H.R. 5426 of

the 106th Congress, as introduced on Oct.
6, 2000]."

**Publishing Pub.L. 106–377 in Statutes at
Large**
Pub.L. 106–377, § 1(b), Oct. 27, 2000,
114 Stat. 1441, provided that: "In pub-
lishing this Act [Departments of Veterans
Affairs and Housing and Urban Develop-
ment, and Independent Agencies Appro-
priations Act, 2001, Pub.L. 106–377, Oct.
27, 2000, 114 Stat. 1441; see Tables for
complete classification] in slip form and
in the United States Statutes at Large
pursuant to section 112 of title 1, United
States Code, the Archivist of the United
States shall include after the date of ap-
proval at the end appendixes setting forth
the texts of the bills referred to in subsec-
tion (a) of this section [enacting into law
H.R. 5482 and H.R. 5483, both as intro-
duced on Oct. 18, 2000]."

**Publishing Pub.L. 106–346 in Statutes at
Large**
Pub.L. 106–346, § 101(b), Oct. 23,
2000, 114 Stat. 1356, provided that: "In
publishing the Act [the Department of
Transportation and Related Agencies Ap-
propriations Act, 2001, Pub.L. 106–346,
Oct. 23, 2000, 114 Stat. 1356; see Tables
for complete classification] in slip form
and in the United States Statutes at Large
pursuant to section 112 of title 1, United
States Code, the Archivist of the United

States shall include after the date of ap-
proval at the end an appendix setting
forth the text of the bill referred to in
subsection (a) of this section [enacting
into law H.R. 5394 of the 106th Congress,
as introduced on Oct. 5, 2000]."

**Publishing Pub.L. 106–113 in Statutes at
Large**
Pub.L. 106–113, Div. B, § 1000(b),
Nov. 29, 1999, 113 Stat. 1536, provided
that: "In publishing the Act [Pub.L.
106–113, Nov. 29, 1999, 113 Stat. 1501]
in slip form and in the United States
Statutes at Large pursuant to section 112,
of title 1, United States Code, the Archi-
vist of the United States shall include
after the date of approval at the end ap-
pendixes setting forth the texts of the bills
referred to in subsection (a) of this sec-
tion [enacting into law H.R. 3421, H.R.
3422, H.R. 3423, H.R. 3424, H.R. 3425,
H.R. 3426, H.R. 3427 (as amended), H.R.
3428, and S. 1948 of the 106th Congress,
all as introduced on Nov. 17, 1999; see
113 Stat. 1535, 1536]."

**Effect of Repeal of Section 73 of Act
January 12, 1895**
This section and section 112a of this
title as not affected by the repeal of sec-
tion 73 of Act Jan. 12, 1895, c. 23, 28
Stat. 615, which related to the same sub-
ject matter, see section 56(i) of Act Oct.
31, 1951, c. 655, 65 Stat. 729.

## LIBRARY REFERENCES

**American Digest System**
Statutes 38, 282.
Key Number System Topic No. 361.

## Research References

**ALR Library**
186 ALR, Fed. 361, Validity, Construction, and Application of Pipeline Safety Act,
49 U.S.C.A. §§ 60101 et seq., and Other Acts Subsumed Therein.

**Encyclopedias**
29A Am. Jur. 2d Evidence § 1199, Presumptions Under State or Federal Acts.
29A Am. Jur. 2d Evidence § 1406, Federal Statutes, Treaties, and Rules; Laws of
the District of Columbia.
Am. Jur. 2d Statutes § 42, Federal Law.

**Forms**
Federal Procedural Forms § 1:1325, Scope of Division.

**Treatises and Practice Aids**
Federal Evidence § 548, Presumptions Under Acts of Congress.
Federal Procedure, Lawyers Edition § 33:584, Documents Presumptively or Prima
Facie Authentic Under Acts of Congress.
Federal Procedure, Lawyers Edition § 33:644, Federal Constitution, Laws, Trea-
ties, Rules, and Regulations.

**1 § 112**                    **GENERAL PROVISIONS  Ch. 2**

Restatement (Third) of Foreign Relations § 113, International Law and Agreements in Courts in the United States.
Wright & Miller: Federal Prac. & Proc. § 7144, Subdivision (10)-Presumptions Under Acts of Congress.

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## Notes of Decisions

Conflict with coded provisions    1
Private laws    4
Publication    3
Statutes as evidence    2
Uncodified laws    5

### 1.  Conflict with coded provisions

Where there is conflict between codification and statutes at large, statutes at large must prevail. Abell v. U. S., Ct.Cl. 1975, 518 F.2d 1369, 207 Ct.Cl. 207, certiorari denied 97 S.Ct. 59, 429 U.S. 817, 50 L.Ed.2d 76. Statutes ⟾ 147

### 2.  Statutes as evidence

Under provision that United States statutes at large shall be "legal evidence of laws," it was held that bill was approved at time endorsed on official document and stated in Statutes at Large rather than at time alleged in hearsay affidavits based upon hearsay newspaper statements; such hearsay newspaper statements were not sufficient basis for overcoming best evidence of which case was susceptible and presumption of regularity. U. S. v. Casson, C.A.D.C.1970, 434 F.2d 415, 140 U.S.App.D.C. 141. Evidence ⟾ 161.2

The printed copies of the Acts of Congress, distributed to the executives of the several states, to be distributed among the people, are proper evidence of the statutes therein contained, without other authentication. Taylor's Adm'r v. Bank of Alexandria, Va.1834, 32 Va. 471. Evidence ⟾ 328

The Acts of Congress, as they stand approved by the President and enrolled in the Department of State, are conclusive evidence of the written law. 1857, 9 Op. Atty.Gen. 1.

### 3.  Publication

Fact that acting archivist of the United States failed to publish in the statutes at large as a duly enacted law a bill which the President contended had been subjected to a "pocket veto" did not preclude determination that any issues concerning whether bill had, in fact, become law were mooted when bill expired by its own terms; any interest of congressional members in the "lawmaking process" that might be served by publication of duly enacted statutes could not survive the life of the statute itself. Burke v. Barnes, U.S.Dist.Col.1987, 107 S.Ct. 734, 479 U.S. 361, 93 L.Ed.2d 732. Federal Courts ⟾ 13

### 4.  Private laws

Law addressed to the District of Columbia is not necessarily private law; private laws operate only towards few or selected individuals or localities. Richey v. Indiana Dept. of State Revenue, Ind. Tax 1994, 634 N.E.2d 1375. Statutes ⟾ 77(1)

### 5.  Uncodified laws

Uncodified section of the Internal Revenue Service Restructuring Act of 1998 had the force of law. Smith v. C.I.R., C.A.10 2001, 275 F.3d 912.

## § 112a.  United States Treaties and Other International Agreements; contents; admissibility in evidence

(a) The Secretary of State shall cause to be compiled, edited, indexed, and published, beginning as of January 1, 1950, a compilation entitled "United States Treaties and Other International Agreements," which shall contain all treaties to which the United States is a party that have been proclaimed during each calendar year, and all

60

---

**Ch. 2   ACTS AND I**

international agree
States is a party tha
to which any other
calendar year.  The
tional Agreements sl
agreements other th
of such treaties and
of the United State
insular possessions (

(b) The Secretary
certain categories o
criteria are met:

   (1) such agre
   into force for t
   advice and cons
   Constitution of t

   (2) the public
   justify their pub
   of the Foreign
   and 1995, the
   agreements do
   standards intenc
   of private indivi
   nature of the p
   can adequately
   public disclosur
   opinion of the P
   the United State

   (3) copies of :
   (2)(D)), includin
   or similar purpo
   State upon requé

(c) Any determina
ed in the Federal Re;
(Added Sept. 23, 1950
1994, Pub.L. 103–236,

¹ So in original.  The cc

HIST

Revision Notes and Legisl
1950 Acts.  House Repo
1950 U.S. Code Cong. S
1994 Acts.  Senate Repo
House  Conference

CASE NO. 05-CR-10175-WGY                                    Nadine J. Griffin,

# EXHIBIT "C"
## 1 pages

6050I, the first sentence of this section shall be applied by substituting "felony" for "misdemeanor" and "5 years" for "1 year".

**In 1990,** P.L. 101-647, Sec. 3303(a), substituted "by substituting 'felony' for 'misdemeanor' and" for "by substituting" in the last sentence of Code Sec. 7203, effective for actions and failures to act occurring after 11/29/90.
**In 1988,** P.L. 100-690, Sec. 7601(a)(2)(B), added the last sentence of Code Sec. 7203, effective for actions after 11/18/88.
**In 1984,** P.L. 98-369, Sec. 412(b)(9), deleted "(other than a return required under authority of section 6015)" after "to make a return" in Code Sec. 7203, effective for tax. yrs. begin. after 12/31/84.
**In 1982,** P.L. 97-248, Sec. 327, added the last sentence to Code Sec. 7203, effective 9/3/82.
—P.L. 97-248, Sec. 329(b), substituted "$25,000 ($100,000 in the case of a corporation)" for "$10,000" in Code Sec. 7203, effective for offenses committed after 9/3/82.
**In 1968,** P.L. 90-364, Sec. 103, deleted "or section 6016" at end of parenthetical phrase, effective for tax. yrs. begin. after 12/31/67. For special provision on effective date, see Sec. 104 of this Act, reproduced after Code Sec. 6425.

### Sec. 7204.  Fraudulent statement or failure to make statement to employees.

In lieu of any other penalty provided by law (except the penalty provided by section 6674) any person required under the provisions of section 6051 to furnish a statement who willfully furnishes a false or fraudulent statement or who willfully fails to furnish a statement in the manner, at the time, and showing the information required under section 6051, or regulations prescribed thereunder, shall, for each such offense, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both.

### Sec. 7205.  Fraudulent withholding exemption certificate or failure to supply information.

**(a) Withholding on wages.**

Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in addition to any other penalty provided by law, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both.

**(b) Backup withholding on interest and dividends.**

If any individual willfully makes a false certification under paragraph (1) or (2)(C) of section 3406(d), then such individual shall, in addition to any other penalty provided by law, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both.

**In 1989,** P.L. 101-239, Sec. 7711(b)(2), amended subsec. (b), effective for returns and statements the due date for which (determined without regard to extensions) is after 12/31/89.

Prior to amendment subsec. (b) read as follows:

*"(b) Backup withholding on interest and dividends.*

"If any individual willfully makes—

"(1) any false certification or affirmation on any statement required by a payor in order to meet the due diligence requirements of section 6676(b), or
"(2) a false certification under paragraph (1) or (2)(C) of section 3406(d), then such individual shall, in addition to any other penalty provided by law, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both."

**In 1984,** P.L. 98-369, Sec. 159(a)(1), and (2), substituted "in addition to" for "in lieu of" each place it appeared in Code Sec. 7205, and deleted "(except the penalty provided by section 6682)" each place it appeared in Code Sec. 7205, effective for actions and failures to act occurring after 7/18/84.
**In 1983,** P.L. 98-67, Sec. 107(b)(1), substituted "(a) Withholding on wages. Any individual" for "Any individual" in Code Sec. 7205 . . . Sec. 107(b)(2), added subsec. (b), effective 8/5/83.
**In 1981,** P.L. 97-34, Sec. 721(b), substituted "$1,000" for "$500" in Code Sec. 7205, effective for acts and failures to act after 12/31/81.

**In 1966,** P.L. 89-368, substituted "3402" for "3402(f)", and substituted "other penalty provided by law (except the penalty provided in section 6682)" for "penalty otherwise provided." in Code Sec. 7205, effective for remuneration paid after 4/30/66.

### Sec. 7206.  Fraud and false statements.

Any person who—

**(1) Declaration under penalties of perjury.** Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; or

**(2) Aid or assistance.** Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document; or

**(3) Fraudulent bonds, permits, and entries.** Simulates or falsely or fraudulently executes or signs any bond, permit, entry, or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof, or procures the same to be falsely or fraudulently executed, or advises, aids in, or connives at such execution thereof; or

**(4) Removal or concealment with intent to defraud.** Removes, deposits, or conceals, or is concerned in removing, depositing, or concealing, any goods or commodities for or in respect whereof any tax is or shall be imposed, or any property upon which levy is authorized by section 6331, with intent to evade or defeat the assessment or collection of any tax imposed by this title; or

**(5) Compromises and closing agreements.** In connection with any compromise under section 7122, or offer of such compromise, or in connection with any closing agreement under section 7121, or offer to enter into any such agreement, willfully—

(A) Concealment of property. Conceals from any officer or employee of the United States any property belonging to the estate of a taxpayer or other person liable in respect of the tax, or

(B) Withholding, falsifying, and destroying records. Receives, withholds, destroys, mutilates, or falsifies any book, document, or record, or makes any false statement, relating to the estate or financial condition of the taxpayer or other person liable in respect of the tax;

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.

**In 1982,** P.L. 97-248, Sec. 329(c), substituted "$100,000 ($500,000 in the case of a corporation)" for "$5,000" in Code Sec. 7206, effective for offenses committed after 9/3/82.

### Sec. 7207.  Fraudulent returns, statements, or other documents.

Any person who willfully delivers or discloses to the Secretary any list, return, account, statement, or other document, known by him to be fraudulent or to be false as to any material matter, shall be fined not more than $10,000 ($50,000 in the case of a corporation), or imprisoned not more than 1 year, or both. Any person required pursuant to section 6047(b), section 6104(d), or subsection (i) or (j) of section 527 to furnish any information to the Secretary or any other

CASE NO. 05-CR-10175-WGY

Nadine J. Griffin,

# EXHIBIT "D"
## 4 pages



Department of the Treasury
**Internal Revenue Service**

**Publication 556**
(Rev. August 2005)
Cat. No. 15104N

# Examination of Returns, Appeal Rights, and Claims for Refund



**Get forms and other information faster and easier by:**

**Internet •** www.irs.gov

## Contents

**Important Reminder** ........................ **1**

**Introduction** ............................. **1**

**Examination of Returns** ..................... **2**

**Appeal Rights** ............................ **8**

**Claims for Refund** ......................... **12**

**How To Get Tax Help** ...................... **16**

**Index** .................................. **18**

## The IRS Mission

Provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all.

## Important Reminder

**Fast track mediation.** The IRS offers fast track mediation services to help taxpayers resolve many disputes resulting from:

- Examinations (audits),
- Offers in compromise,
- Trust fund recovery penalties, and
- Other collection actions.

See *Fast track mediation* under *If You Do Not Agree.*

## Introduction

The Internal Revenue Service (IRS) accepts most federal tax returns as filed. However, the IRS examines (or audits) some returns to determine if income, expenses, and credits are being reported accurately.

If your return is selected for examination, it does not suggest that you made an error or are dishonest. Returns are chosen by computerized screening, by random sample, or by an income document matching program. See *Examination selection criteria*, later. You should also know that many examinations result in a refund or acceptance of the tax return without change.

This publication discusses general rules and procedures that the IRS follows in examinations. It explains what happens during an examination and your appeal rights, both within the IRS and in the federal court system. It also explains how to file a claim for refund of tax you already paid.

As a taxpayer, you have the right to be treated fairly, professionally, promptly, and courteously by IRS employees. Publication 1, Your Rights as a Taxpayer, explains your rights when dealing with the IRS.

**Comments and suggestions.** We welcome your comments about this publication and your suggestions for future editions.

You can write to us at the following address:

Internal Revenue Service
Individual Forms and Publications Branch
SE:W:CAR:MP:T:I
1111 Constitution Ave. NW, IR-6406
Washington, DC 20224

We respond to many letters by telephone. Therefore, it would be helpful if you would include your daytime phone number, including the area code, in your correspondence.

You can email us at *taxforms@irs.gov. (The asterisk must be included in the address.) Please put "Publications Comment" on the subject line. Although we cannot respond individually to each email, we do appreciate your feedback and will consider your comments as we revise our tax products.

**Tax questions.** If you have a tax question, visit www.irs.gov or call 1-800-829-1040. We cannot answer tax questions at either of the addresses listed above.

**Ordering forms and publications.** Visit www.irs.gov/formspubs to download forms and publications, call 1-800-829-3676, or write to the National Distribution Center at the address shown under How To Get Tax Help in the back of this publication.

## Useful Items

You may want to see:

### Publication

- ❏ **1** Your Rights as a Taxpayer
- ❏ **5** Your Appeal Rights and How To Prepare a Protest If You Don't Agree
- ❏ **547** Casualties, Disasters, and Thefts
- ❏ **594** The IRS Collection Process
- ❏ **910** Guide to Free Tax Services
- ❏ **971** Innocent Spouse Relief (And Separation of Liability and Equitable Relief)
- ❏ **1546** The Taxpayer Advocate Service of the IRS
- ❏ **1660** Collection Appeal Rights
- ❏ **3605** Fast Track Mediation
- ❏ **3920** Tax Relief for Victims of Terrorist Attacks

### Form (and Instructions)

- ❏ **843** Claim for Refund and Request for Abatement

- ❏ **1040X** Amended U.S. Individual Income Tax Return
- ❏ **2848** Power of Attorney and Declaration of Representative
- ❏ **4506** Request for Copy of Tax Return
- ❏ **4506-T** Request for Transcript of Tax Return
- ❏ **8379** Injured Spouse Claim and Allocation
- ❏ **8857** Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief)

See How To Get Tax Help, near the end of this publication, for information about getting these publications and forms.

# Examination of Returns

Your return may be examined for a variety of reasons, and the examination may take place in any one of several ways. After the examination, if any changes to your tax are proposed, you can either agree with those changes and pay any additional tax you may owe, or you can disagree with the changes and appeal the decision.

**Examination selection criteria.** Your return may be selected for examination on the basis of computer scoring. A computer program called the Discriminant Inventory Function System (DIF) assigns a numeric score to each individual and some corporate tax returns after they have been processed. If your return is selected because of a high score under the DIF system, the potential is high that an examination of your return will result in a change to your income tax liability.

Your return may also be selected for examination on the basis of information received from third-party documentation, such as Forms 1099 and W-2, that does not match the information reported on your return. Or, your return may be selected to address both the questionable treatment of an item and to study the behavior of similar taxpayers (a market segment) in handling a tax issue.

In addition, your return may be selected as a result of information received from other sources on potential noncompliance with the tax laws or inaccurate filing. This information can come from a number of sources, including newspapers, public records, and individuals. The information is evaluated for reliability and accuracy before it is used as the basis of an examination or investigation.

**Notice of IRS contact of third parties.** The IRS must give you reasonable notice before contacting other persons about your tax matters. You must be given reasonable notice in advance that, in examining or collecting your tax liability, the IRS may contact third parties such as your neighbors, banks, employers, or employees. The IRS must also give you notice of specific contacts by providing you with a record of persons contacted on both a periodic basis and upon your request.

A tax shelter is any entity, plan, or arrangement, a significant purpose of which is the avoidance or evasion of income tax.

**Recordings.** You can make an audio recording of the examination interview. Your request to record the interview should be made in writing. You must notify the examiner 10 days in advance and bring your own recording equipment. The IRS also can record an interview. If the IRS initiates the recording, you must be notified 10 days in advance and you can get a copy of the recording at your expense.

**Transfers to another area.** Generally, your return is examined in the area where you live. But if your return can be examined more quickly and conveniently in another area, such as where your books and records are located, you can ask to have the case transferred to that area.

**Repeat examinations.** The IRS tries to avoid repeat examinations of the same items, but sometimes this happens. If your tax return was examined for the same items in either of the 2 previous years and no change was proposed to your tax liability, please contact the IRS as soon as possible to see if the examination should be discontinued.

## The Examination

An examination usually begins when you are notified that your return has been selected. The IRS will tell you which records you will need. The examination can proceed more easily if you gather your records before any interview.

Any proposed changes to your return will be explained to you or your authorized representative. It is important that you understand the reasons for any proposed changes. You should not hesitate to ask about anything that is unclear to you.

The IRS must follow the tax laws set forth by Congress in the Internal Revenue Code. The IRS also follows Treasury Regulations, other rules, and procedures that were written to administer the tax laws. The IRS also follows court decisions. However, the IRS can lose cases that involve taxpayers with the same issue and still apply its interpretation of the law to your situation.

Most taxpayers agree to changes proposed by examiners, and the examinations are closed at this level. If you do not agree, you can appeal any proposed change by following the procedures provided to you by the IRS. A more complete discussion of appeal rights is found later under *Appeal Rights.*

## If You Agree

If you agree with the proposed changes, you can sign an agreement form and pay any additional tax you may owe. You must pay interest on any additional tax. If you pay when you sign the agreement, the interest is generally figured from the due date of your return to the date of your payment.

If you do not pay the additional tax when you sign the agreement, you will receive a bill that includes interest. If you pay the amount due within 10 business days of the billing date, you will not have to pay more interest or penalties. This period is extended to 21 calendar days if the amount due is less than $100,000.

If you are due a refund, you will receive it sooner if you sign the agreement form. You will be paid interest on the refund.

If the IRS accepts your tax return as filed, you will receive a letter in a few weeks stating that the examiner proposed no changes to your return. You should keep this letter with your tax records.

## If You Do Not Agree

If you do not agree with the proposed changes, the examiner will explain your appeal rights. If your examination takes place in an IRS office, you can request an immediate meeting with the examiner's supervisor to explain your position. If an agreement is reached, your case will be closed.

If you cannot reach an agreement with the supervisor at this meeting, or if the examination took place outside of an IRS office, the examiner will write up your case explaining your position and the IRS' position. The examiner will forward your case for processing.

**Fast track mediation.** The IRS offers fast track mediation services to help taxpayers resolve many disputes resulting from:

- Examinations (audits),
- Offers in compromise,
- Trust fund recovery penalties, and
- Other collection actions.

Most cases that are not docketed in any court qualify for fast track mediation. Mediation can take place at a conference you request with a supervisor, or later. The process involves an Appeals Officer who has been trained in mediation. You may represent yourself at the mediation session, or someone else can act as your representative. For more information, see Publication 3605.

**30-day letter and 90-day letter.** Within a few weeks after your closing conference with the examiner and/or supervisor, you will receive a package with:

- A letter (known as a 30-day letter) notifying you of your right to appeal the proposed changes within 30 days,
- A copy of the examination report explaining the examiner's proposed changes,
- An agreement or waiver form, and
- A copy of Publication 5.

You generally have 30 days from the date of the 30-day letter to tell the IRS whether you will accept or appeal the proposed changes. The letter will explain what steps you should take, depending on which action you choose. Be sure to follow the instructions carefully. *Appeal Rights* are explained later.

*This provision does not apply:*

- *To any pending criminal investigation,*
- *When providing notice would jeopardize collection of any tax liability,*
- *Where providing notice may result in reprisal against any person, or*
- *When you authorized the contact.*

**Taxpayer Advocate Service.** The Taxpayer Advocate Service is an independent organization within the IRS whose goal is to help taxpayers resolve problems with the IRS. If you have an ongoing issue with the IRS that has not been resolved through normal processes, or you have suffered, or are about to suffer a significant hardship as a result of the administration of the tax laws, contact the Taxpayer Advocate Service.



*Before contacting the Taxpayer Advocate, you should first discuss any problem with a supervisor. Your local Taxpayer Advocate will assist you if you are unable to resolve the problem with the supervisor.*

For more information, see Publication 1546. See *How To Get Tax Help*, near the end of this publication for more information about contacting the Taxpayer Advocate Service.

**Comments from small business.** The Small Business and Agricultural Regulatory Enforcement Ombudsman and 10 Regional Fairness Boards have been established to receive comments from small business about federal agency enforcement actions. The Ombudsman will annually evaluate the enforcement activities of each agency and rate their responsiveness to small business. If you wish to comment on the enforcement actions of the IRS, you can take any of the following steps.

- Fax your comments to 1-202-481-5719.
- Write to the following address:
  Office of the National Ombudsman
  U.S. Small Business Administration
  409 3rd Street, SW
  Washington, DC 20416.
- Call 1-888-734-3247.
- Send an email to *ombudsman@sba.gov*.
- File a comment or complaint online at *www.sba.gov/ombudsman*.

## If Your Return Is Examined

Some examinations are handled entirely by mail. Examinations not handled by mail can take place in your home, your place of business, an Internal Revenue office, or the office of your attorney, accountant, or enrolled agent. If the time, place, or method is not convenient for you, the examiner will try to work out something more suitable. However, the IRS makes the final determination of when, where, and how the examination will take place.

Throughout the examination, you can act on your own behalf or have someone represent you or accompany you. If you filed a joint return, either you or your spouse, or both, can meet with the IRS. You can have someone represent or accompany you. This person can be any federally authorized practitioner, including an attorney, a certified public accountant, an enrolled agent (a person enrolled to practice before the IRS), an enrolled actuary, or the person who prepared the return and signed it as the preparer.

If you want someone to represent you in your absence, you must furnish that person with proper written authorization. You can use Form 2848 or any other properly written authorization. If you want to consult with an attorney, a certified public accountant, an enrolled agent, or any other person permitted to represent a taxpayer during an interview for examining a tax return or collecting tax, you should make arrangements with that person to be available for the interview. In most cases, the IRS must suspend the interview and reschedule it. The IRS cannot suspend the interview if you are there because of an administrative summons.

***Third party authorization.*** If you checked the box in the signature area of your income tax return (Form 1040, Form 1040A, or Form 1040EZ) to allow the IRS to discuss your return with another person (a third party designee), this authorization does not replace Form 2848. The box you checked on your return only authorizes the other person to receive information about the processing of your return and the status of your refund during the period your return is being processed. For more information, see the instructions for your return.

***Confidentiality privilege.*** Generally, the same confidentiality protection that you have with an attorney also applies to certain communications that you have with federally authorized practitioners.

Confidential communications are those that:

- Advise you on tax matters within the scope of the practitioner's authority to practice before the IRS,
- Would be confidential between an attorney and you, and
- Relate to noncriminal tax matters before the IRS, or
- Relate to noncriminal tax proceedings brought in federal court by or against the United States.

In the case of communications in connection with the promotion of a person's participation in a tax shelter, the confidentiality privilege does not apply to written communications between a federally authorized practitioner and that person, any director, officer, employee, agent, or representative of that person, or any other person holding a capital or profits interest in that person.

Nadine J. Griffin,

# EXHIBIT "E"
## 15 pages

**In 1976**, P.L. 94-455, Sec. 401(c), changed the effective date for amendments made by Sec. 204(b)(2) of P.L. 94-12, to effective for tax. yrs. begin. after. 12/31/74 and before 1/1/78, from effective for tax. yrs. begin. after 12/31/74 and before 1/1/77, see below.

—P.L. 94-455, Sec. 1206(c)(2)(A), substituted "mathematical or clerical error" for "mathematical error" in paras. (a)(3) and (4) . . . Sec. 1206(c)(2)(B), added ", except that the provisions of section 6213(b)(2) (relating to abatement of mathematical or clerical error assessments) shall not apply with regard to any assessment under this paragraph" before the period at the end of paras. (a)(3) and (4), effective for returns with the meaning of Code Sec. 6213(f)(1) filed after 12/31/76.

—P.L. 94-455, Sec. 1307(d)(2)(D), substituted "and certain excise taxes" for "chapter 42, and chapter 43 taxes" in subsec. (d), effective 10/4/76.

—P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6201, effective 2/1/77.

**In 1975**, P.L. 94-164, Sec. 2(f), changed the effective date for amendments made by Sec. 204(b)(2) of P.L. 94-12, to effective for tax. yrs. begin. after. 12/31/74 and before 1/1/77, from effective for tax. yrs. begin. after 12/31/74 and before 1/1/76, see below.

—P.L. 94-12, Sec. 204(b)(2), added "or 43" before the period at the end of the caption in para. (a)(4), and substituted "oil) or section 43 (relating to earned income," for "oil)," in para. (a)(4), effective [as amended by Sec. 2(f) of P.L. 94-164, Sec. 401(c) of P.L. 94-455, Sec. 103(b) of P.L. 95-30 and Sec. 103(a) of P.L. 95-600, see above] for tax. yrs. begin. after 12/31/74.

**In 1974**, P.L. 93-406, Sec. 1016(a)(8), substituted ", chapter 42, and chapter 43" for "and chapter 42" in subsec. (d), effective 9/2/74 or other date as specified in Sec. 1017 of the Act (reproduced following Code Sec. 401).

**In 1970**, P.L. 91-258, Sec. 207(d)(1), substituted "uses of gasoline, special fuels, and lubricating oil" for "uses of gasoline and lubricating oil" in subsec. (a)(4) . . . Sec. 207(d)(2), substituted "under section 39" for "for use of gasoline" in the heading of subsec. (a)(4), effective 7/1/70.

**In 1969**, P.L. 91-172, Sec. 101(j)(38), substituted "gift, and chapter 42 . . . . . . . gift taxes" in subsec. (d), effective 1/1/70.

. . ., Sec. 2(b), amended subsec. (b), effective for calendar yrs. . . . . . . 1/1/69.

. . . . . . . . . ent, subsec. (b) read as follows:

. . . . . . . . . ncome tax.

"No unpaid amount of estimated tax under section 6153 or 6154 shall be assessed."

**In 1965**, P.L. 89-44, Sec. 809, added para. (a)(4), effective for tax. yrs. begin. after 6/30/65.

## Sec. 6202.   Establishment by regulations of mode or time of assessment.

If the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties) is not otherwise provided for, the Secretary may establish the same by regulations.

**In 1976**, P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" in Code Sec. 6202, effective 2/1/77.

## Sec. 6203.   Method of assessment.

The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

**In 1976**, P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6203, effective 2/1/77.

## Sec. 6204.   Supplemental assessments.
### (a) General rule.

The Secretary may, at any time within the period prescribed for assessment, make a supplemental assessment whenever it is ascertained that any assessment is imperfect or incomplete in any material respect.

### (b) Restrictions on assessment.

For restrictions on assessment of deficiencies in income, estate, gift, and certain excise taxes, see section 6213.

**In 1976**, P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6204, effective 2/1/77.

**In 1974**, P.L. 93-406, Sec. 1016(a)(27), substituted "gift, and certain excise taxes" for "and gift taxes" in subsec. (b), effective 9/2/74 or other date as specified in Sec. 1017 of this Act, reproduced in note following Code Sec. 401.

## Sec. 6205.   Special rules applicable to certain employment taxes.
### (a) Adjustment of tax.

**(1) General rule.** If less than the correct amount of tax imposed by section 3101, 3111, 3201, 3221, or 3402 is paid with respect to any payment of wages or compensation, proper adjustments, with respect to both the tax and the amount to be deducted, shall be made, without interest, in such manner and at such times as the Secretary may by regulations prescribe.

**(2) United States as employer.** For purposes of this subsection, in the case of remuneration received from the United States or a wholly-owned instrumentality thereof during any calendar year, each head of a Federal agency or instrumentality who makes a return pursuant to section 3122 and each agent, designated by the head of a Federal agency or instrumentality, who makes a return pursuant to such section shall be deemed a separate employer.

**(3) Guam or American Samoa as employer.** For purposes of this subsection, in the case of remuneration received during any calendar year from the Government of Guam, the Government of American Samoa, a political subdivision of either, or any instrumentality of any one or more of the foregoing which is wholly owned thereby, the Governor of Guam, the Governor of American Samoa, and each agent designated by either who makes a return pursuant to section 3125 shall be deemed a separate employer.

**(4) District of Columbia as employer.** For purposes of this subsection, in the case of remuneration received during any calendar year from the District of Columbia or any instrumentality which is wholly owned thereby, the Mayor of the District of Columbia and each agent designated by him who makes a return pursuant to section 3125 shall be deemed a separate employer.

**(5) States and political subdivisions as employer.** For purposes of this subsection, in the case of remuneration received from a State or any political subdivision thereof (or any instrumentality of any one or more of the foregoing which is wholly owned thereby) during any calendar year, each head of an agency or instrumentality, and each agent designated by either, who makes a return pursuant to section 3125 shall be deemed a separate employer.

### (b) Underpayments.

If less than the correct amount of tax imposed by section 3101, 3111, 3201, 3221, or 3402 is paid or deducted with respect to any payment of wages or compensation and the underpayment cannot be adjusted under subsection (a) of this section, the amount of the underpayment shall be assessed and collected in such manner and at such times (subject to the statute of limitations properly applicable thereto) as the Secretary may by regulations prescribe.

**In 1986**, P.L. 99-272, Sec. 13205(a)(2)(D), added para. (a)(5), effective for services performed after 3/31/86.

**In 1976**, P.L. 94-455, Sec. 1906(a)(13), substituted "Mayor of the District of Columbia and each agent designated by him" for "Commissioners of the District of Columbia and each agent designated by them" in para. (a)(4), effective 2/1/77.

(c) *Compensation of child.* Any income tax assessed against a child, to the extent of the amount attributable to income included in the gross income of the child solely by reason of section 73(a) or the corresponding provision of prior law, if not paid by the child, shall, for the purposes of the income tax imposed by chapter 1 of the Code (or the corresponding provisions of prior law), be considered as having also been properly assessed against the parent. In any case in which the earnings of the child are included in the gross income of the child solely by reason of section 73(a) or the corresponding provision of prior law, the parent's liability is an amount equal to the amount by which the tax assessed against the child (and not paid by him) has been increased by reason of the inclusion of such earnings in the gross income of the child. Thus, if for the calendar year 1954 the child has income of $1,000 from investments and of $3,000 for services rendered, and the latter amount is includible in the gross income of the child under section 73(a) and the child has no wife or dependents, the tax liability determined under section 3 is $625. If the child had only the investment income of $1,000, his tax liability would be $62. If the tax of $625 is assessed against the child, the difference between $625 and $62, or $563, is the amount of such tax which is considered to have been properly assessed against the parent, if not paid by the child.



### § 301.6203-1  Method of assessment.

The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the

supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

### § 301.6204-1  Supplemental assessments.

If any assessment is incomplete or incorrect in any material respect, the district director or the director of the regional service center, subject to the restrictions with respect to the assessment of deficiencies in income, estate, gift, chapter 41, 42, 43, and 44 taxes, and subject to the applicable period of limitation, may make a supplemental assessment for the purpose of correcting or completing the original assessment.

[T.D. 7838, 47 FR 44249, Oct. 7, 1982]

### § 301.6205-1  Special rules applicable to certain employment taxes.

For regulations under section 6205, see § 31.6205-1 of this chapter (Employment Tax Regulations).

DEFICIENCY PROCEDURES

### § 301.6211-1  Deficiency defined.

(a) In the case of the income tax imposed by subtitle A of the Code, the estate tax imposed by chapter 11, subtitle B, of the Code, the gift tax imposed by chapter 12, subtitle B, of the Code, and any excise tax imposed by chapter 41, 42, 43, or 44 of the Code, the term "deficiency" means the excess of the tax, (income, estate, gift, or excise tax as the case may be) over the sum of the amount shown as such tax by the taxpayer upon his return and the amounts previously assessed (or collected without assessment) as a deficiency; but such sum shall first be reduced by the amount of rebates made. If no return is made, or if the return (except a return of income tax pursuant to sec. 6014) does not show any tax, for the purpose of the definition "the amount shown as

—P.L. 103-66, Sec. 13242(d)(15), added "and diesel fuel" after "gasoline" in the heading of subsec. (f), effective 1/1/94.

**In 1990,** P.L. 101-508, Sec. 11217(b)(1)(A), added "communications services and" before "airline" in the heading of subsec. (e) . . . Sec. 11217(b)(1)(B), added "section 4251 or" before "subsection (a) or (b)" in subsec. (e), effective for payments of taxes considered collected during semimonthly periods begin. after 12/31/90.

—P.L. 101-508, Sec. 11334(a), amended subsec. (g), effective for amounts required to be deposited after 12/31/90.

Prior to amendment, subsec. (g) read as follows:

"(g) Deposits of social security taxes and withheld income taxes.

"(1) In general. If, under regulations prescribed by the Secretary, a person is required to make deposits of taxes imposed by chapters 21 and 24 on the basis of eighth-month periods, such person shall, for the years specified in paragraph (2), make deposits of such taxes on the applicable banking day after any day on which such person has $100,000 or more of such taxes for deposit.

"(2) Specified years. For purposes of paragraph (1)—

| In the case of: | The applicable banking day is: |
|---|---|
| 1990 | 1st |
| 1991 | 2nd |
| 1992 | 3rd |
| 1993 | 1st |
| 1994 | 1st" |

—P.L. 101-508, Sec. 11334(b), deleted Sec. 7632(b)(2) of P.L. 101-239, part of the effective date for changes made by Sec. 7632(a) of P.L. 101-239, see below.

Prior to deletion, Sec. 7632(b)(2) of P.L. 101-239 read as follows:

"(2) Rule for 1995 and thereafter.—For calendar year 1995 and thereafter, the Secretary of the Treasury shall prescribe regulations with respect to the date on which deposits of such taxes shall be made in order to minimize the unevenness in the revenue effects of the amendment made by subsection (a) [Sec. 7632(a)] ."

—P.L. 101-508, Sec. 11801(c)(22)(A), [as corrected by Sec. 11704(t)(52) of P.L. 104-188, see above] substituted "chapter 21, 31, 32, or 33, or by section 4481" for "chapters 21, 31, 32, 33, section 4481 of chapter 36, section 4501(a) of chapter 37" in subsec. (b), effective 11/5/90, except as provided in Sec. 11821(b) of this Act. reproduced in note following Code Sec. 6428.

**In 1989,** P.L. 101-239, Sec. 7502(a), redesignated subsec. (e) as subsec. (f) and added new subsec. (e), effective for payments of taxes considered collected for semimonthly periods begin. after 6/30/90.

—P.L. 101-239, Sec. 7507(a), redesignated subsec. (f) as subsec. (g) [as redesignated by Sec. 7502(a) of this Act] and added new subsec. (f), effective for payments of taxes for tax periods begin. after 12/31/89.

—P.L. 101-239, Sec. 7632(a), redesignated subsec. (g) as subsec. (h) [as redesignated by Sec. 7507(a) of this Act] and added new subsec. (g), effective for amounts required to be deposited after 7/31/90 [amended by Sec. 11334(b), P.L. 101-508, see above].

**In 1988,** P.L. 100-647, Sec. 6107(a), amended subsec. (d), effective for articles sold by the manufacturer, producer, or importer after 12/31/88.

Prior to amendment, subsec. (d) read as follows:

"(d) Time for payment of manufacturers excise tax on sport fishing equipment.

"The tax imposed by section 4161(a) (relating to manufacturers excise tax on sport fishing equipment) shall be due and payable on the date for filing the return for such tax."

—P.L. 100-418, Sec. 1941(b)(2)(G)(i), substituted "For" for "(1) For" in para. (e)(1) . . . Sec. 1941(b)(2)(G)(ii), deleted para. (e)(2), effective for crude oil removed from the premises on or after 8/23/88.

Prior to deletion, para. (e)(2) read as follows:

"(2) For depositary requirements applicable to the windfall profit tax imposed by section 4986, see section 4995(b)."

**In 1984,** P.L. 98-369, Sec. 734(i), amended Sec. 518(a) of P.L. 97-424 (reproduced below), by substituting "any Federal Reserve Bank" for "any government depository authorized under section 6302 of such Code."

—P.L. 98-369, Sec. 1015(c), redesignated subsec. (d) as subsec. (e) and added new subsec. (d), effective for articles sold by the manufacturer, producer, or importer after 9/30/84.

**In 1983,** P.L. 98-76, Sec. 226, provides:

"SEC. 226. DEPOSITARY SCHEDULES.

"Effective on and after January 1, 1984, the times for making payments prescribed under section 6302 of the Internal Revenue Code of 1954 with respect to the taxes imposed by chapter 22 of such Code shall be the same as the times prescribed under such section which apply to the taxes imposed by chapters 21 and 24 of such Code."

—P.L. 97-424, Sec. 518. [as amended by Sec. 734(i) of P.L. 98-369, see above] provides:

""SEC. 518 EXTENSION OF PAYMENT DUE DATE FOR CERTAIN FUEL TAXES
"(a) 14-Day extension.—The Secretary shall prescribe regulations which permit any qualified person whose liability for tax under section 4081 of

the Internal Revenue Code of 1954 is payable with respect to semi-monthly periods to pay such tax on or before the day which is 14 days after the close of such semi-monthly period if such payment is made by wire transfer to any Federal Reserve Bank.

"(b) Qualified person defined.— For purposes of this section—

"(1) In general. The term 'qualified person' means—

"(A) any person other than any person whose average daily production of crude oil for the preceding calendar quarter exceeds 1,000 barrels, and

"(B) any independent refiner (within the meaning of section 4995(b)(4) of such Code).

"(2) Aggregation rules. For purposes of paragraph (1), in determining whether any person's production exceeds 1,000 barrels per day, rules similar to the rules of section 4992(e) of the Internal Revenue Code of 1954 shall apply.

"(c) Special rule where 14th day falls on Saturday, Sunday, or holiday.— If, but for this subsection, the due date under subsection (a) would fall on a Saturday, Sunday, or a holiday in the District of Columbia, such due date shall be deemed to be the immediately preceding day which is not a Saturday, Sunday, or such a holiday."

**In 1980,** P.L. 96-223, Sec. 101(c)(2), amended subsec. (d), effective for periods after 2/29/80.

Prior to amendment, subsec. (d) read as follows:

"(d) Cross reference. For treatment of payment of earned income advance amounts as payment of withholding and FICA taxes, see section 3507(d)."

—P.L. 96-222, Sec. 101(a)(2)(D), changed the effective date for amendments made by Sec. 105(e) of P.L. 95-600 to remuneration paid after 6/30/79, from effective for remuneration paid after 6/30/78.

**In 1978,** P.L. 95-600, Sec. 105(e), added new subsec. (d), for remuneration paid after 6/30/79.

**In 1977,** P.L. 95-147. Sec. 3(a), substituted ". trust companies, domestic building and loan associations, or credit unions" for "or trust companies" and substituted ". trust companies, domestic building and loan associations, and credit unions" for "and trust companies" in subsec. (c), effective for amounts deposited after 10/28/77.

**In 1976,** P.L. 94-455. Sec. 1906(a)(17), substituted "section 4501(a) of chapter 37" for "section 4501(a) or 4511 of chapter 37, or section 4701 or 4721 of chapter 39" in subsec. (b), effective 2/1/77.

—P.L. 94-455. Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6302, effective 2/1/77.

**In 1956,** P.L. 627. Sec. 206(h), added "section 4481 of chapter 36" after "33" in subsec. (b), effective 7/1/56.

# Sec. 6303. Notice and demand for tax.
## (a) General rule.

Where it is not otherwise provided by this title, the <u>Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business</u> of such person, or shall be sent by mail to such person's last known address.

## (b) Assessment prior to last date for payment.

Except where the Secretary believes collection would be jeopardized by delay, if any tax is assessed prior to the last date prescribed for payment of such tax, payment of such tax shall not be demanded under subsection (a) until after such date.

**In 1976,** P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6303, effective 2/1/77.

# Sec. 6304. Fair tax collection practices.
## (a) Communication with the taxpayer.

Without the prior consent of the taxpayer given directly to the Secretary or the express permission of a court of competent jurisdiction, the Secretary may not communicate with a taxpayer in connection with the collection of any unpaid tax—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the taxpayer;

(2) if the Secretary knows the taxpayer is represented by any person authorized to practice before the Internal Revenue Service with respect to such unpaid tax and has knowledge of, or can readily ascertain, such person's name and address, unless such person fails to respond within a reasonable period of time to a communication from the Secretary or unless such person consents to direct communication with the taxpayer; or

(3) at the taxpayer's place of employment if the Secretary knows or has reason to know that the taxpayer's employer prohibits the taxpayer from receiving such communication.

In the absence of knowledge of circumstances to the contrary, the Secretary shall assume that the convenient time for communicating with a taxpayer is after 8 a.m. and before 9 p.m., local time at the taxpayer's location.

**(b) Prohibition of harassment and abuse.**

The Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax. Without limiting the general application of the foregoing, the following conduct is a violation of this subsection:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(4) Except as provided under rules similar to the rules in section 804 of the Fair Debt Collection Practices Act (15 U.S.C. 1692b), the placement of telephone calls without meaningful disclosure of the caller's identity.

**(c) Civil action for violations of section.**

For civil action for violations of this section, see section 7433.

In 1998, P.L. 105-206, Sec. 3466(a), added Code Sec. 6304, effective 7/22/98.

## Sec. 6305.  Collection of certain liability.

**(a) In general.**

Upon receiving a certification from the Secretary of Health and Human Services, under section 452(b) of the Social Security Act with respect to any individual, the Secretary shall assess and collect the amount certified by the Secretary of Health and Human Services, in the same manner, with the same powers, and (except as provided in this section) subject to the same limitations as if such amount were a tax imposed by subtitle C the collection of which would be jeopardized by delay, except that—

(1) no interest or penalties shall be assessed or collected,

(2) for such purposes, paragraphs (4), (6), and (8) of section 6334(a) (relating to property exempt from levy) shall not apply.

(3) there shall be exempt from levy so much of the salary, wages, or other income of an individual as is being withheld therefrom in garnishment pursuant to a judgment entered by a court of competent jurisdiction for the support of his minor children,

(4) in the case of the first assessment against an individual for delinquency under a court or administrative order against such individual for a particular person or persons, the collection shall be stayed for a period of 60 days im-

mediately following notice and demand as described in section 6303, and

(5) no additional fee may be assessed for adjustments to an amount previously certified pursuant to such section 452(b) with respect to the same obligor.

**(b) Review of assessments and collections.**

No court of the United States, whether established under article I or article III of the Constitution, shall have jurisdiction of any action, whether legal or equitable, brought to restrain or review the assessment and collection of amounts by the Secretary under subsection (a), nor shall any such assessment and collection be subject to review by the Secretary in any proceeding. This subsection does not preclude any legal, equitable, or administrative action against the State by an individual in any State court or before any State agency to determine his liability for any amount assessed against him and collected, or to recover any such amount collected from him, under this section.

In 1996, P.L. 104-193, Sec. 361(a)(1), deleted "and" at the end of para. (a)(3) . . . Sec. 361(a)(2), substituted ", and" for the period at the end of para. (a)(4) . . . Sec. 361(a)(3), added para. (a)(5) . . . Sec. 361(a)(4), substituted "Secretary of Health and Human Services" for "Secretary of Health, Education, and Welfare" each place it appeared in subsec. (a), effective 10/1/97.

—P.L. 104-193, Sec. 395(a)-(c), of this Act provides:

"(a) In general. Except as otherwise specifically provided (but subject to subsections (b) and (c))—

"(1) the provisions of this title requiring the enactment of State laws under section 466 of the Social Security Act, or revision of State plans under section 454 of such Act, shall be effective with respect to periods beginning on and after October 1, 1996; and

"(2) all other provisions of this title shall become effective upon the date of the enactment of this Act.

"(b) Grace period for State law changes. The provisions of this title shall become effective with respect to a State on the later of —

"(1) the date specified in this title, or

"(2) the effective date of laws enacted by the legislature of such State implementing such provisions,

but in no event later than the 1st day of the 1st calendar quarter beginning after the close of the 1st regular session of the State legislature that begins after the date of the enactment of this Act. For purposes of the previous sentence, in the case of a State that has a 2-year legislative session, each year of such session shall be deemed to be a separate regular session of the State legislature.

"(c) Grace period for State constitutional amendment. A State shall not be found out of compliance with any requirement enacted by this title if the State is unable to so comply without amending the State constitution until the earlier of—

"(1) 1 year after the effective date of the necessary State constitutional amendment; or

"(2) 5 years after the date of the enactment of this Act."

In 1981, P.L. 97-35, Sec. 2332(g), substituted "court or administrative order" for "court order" in para. (a)(4), effective 10/1/81.

In 1976, P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6305, effective 2/1/77.

In 1975, P.L. 94-46, Sec. 2, changed the effective date for amendments made by Sec. 101(f)(1) of P.L. 93-647, from 7/1/75 to 8/1/75, see below. —P.L. 93-647, Sec. 101(f)(1), added new Code Sec. 6305, effective [as amended by Sec. 101(f) of P.L. 94-46, see above] 7/1/75.

## Sec. 6306.  Qualified tax collection contracts.

**(a) In general.**

Nothing in any provision of law shall be construed to prevent the Secretary from entering into a qualified tax collection contract.

**(b) Qualified tax collection contract.**

For purposes of this section, the term "qualified tax collection contract" means any contract which—

(1) is for the services of any person (other than an officer or employee of the Treasury Department)—

(A) to locate and contact any taxpayer specified by the Secretary,

§ 301.6301-1                                          26 CFR Ch. I (4-1-05 Edition)

(2) *Contributions.* For purposes of its books and records, or for purposes of furnishing information to a shareholder, the S corporation must determine:

(i) The character of the amount received by the corporation (for example, whether it is a contribution, loan, or repayment of a loan);

(ii) The amount of money received by the corporation; and

(iii) The basis to the corporation of contributed property (including necessary preliminary determinations, such as the shareholder's basis in the contributed property).

To the extent that a determination of an item relating to a contribution can be made from these and similar determinations that the corporation is required to make, that item is a subchapter S item. To the extent that the determination requires other information, however, that item is not a subchapter S item. Such other information would include those factors used in determining whether there is recapture under section 47 by the contributing shareholder of the general business credit because of the contribution of property in circumstances in which that determination is irrelevant to the corporation.

(3) *Distributions.* For purposes of its books and records, or for purposes of furnishing information to a shareholder, the S corporation must determine:

(i) The character of the amount transferred to a shareholder (for example, whether it is a dividend, compensation, loan, or repayment of a loan);

(ii) The amount of money distributed to a shareholder;

(iii) The fair market value of property distributed to a shareholder;

(iv) The adjusted basis to the corporation of distributed property; and

(v) The character of corporation property (for example, whether an item is inventory or a capital asset).

To the extent that a determination of an item relating to a distribution can be made from these and similar determinations that the corporation is required to make, that item is a subchapter S item. To the extent that the determination requires other information, however, that item is not a sub-

chapter S item. Such other information would include the determination of a shareholder's basis in the shareholder's stock or in the indebtedness of the S corporation to the shareholder.

(d) *Cross reference.* For the definition of subchapter S item for purposes of the windfall profit tax, see §51.6245-1T.

(e) *Effective date.* This section shall apply to taxable years beginning after December 31, 1982.

[T.D. 8122, 52 FR 3003, Jan. 30, 1987]

## Collection

### GENERAL PROVISIONS

### § 301.6301-1  Collection authority.

The taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue. See, however, section 6304, relating to the collection of certain taxes under the provisions of the Tariff Act of 1930 (19 U.S.C. ch. 4).

### § 301.6302-1  Mode or time of collection of taxes.

(a) *Employment and excise taxes.* For provisions relating to the mode or time of collection of certain employment and excise taxes and the use of authorized financial institutions in connection with the payment thereof, see the regulations relating to the particular tax.

(b) *Income taxes.* (1) For provisions relating to the use of authorized financial institutions in depositing income and estimated income taxes of certain corporations, see §1.6302-1 of this chapter (Income Tax Regulations).

(2) For provisions relating to the use of authorized financial institutions in depositing the tax required to be withheld under chapter 3 of the Code on nonresident aliens and foreign corporations and tax-free covenant bonds, see §1.6302-2 of this chapter.

[32 FR 15241, Nov. 2, 1967, as amended by T.D. 8952, 66 FR 33832, June 26, 2001]

### § 301.6303-1  Notice and demand for tax.

(a) *General rule.* Where it is not otherwise provided by the Code, the district director or the director of the regional service center shall, after the making

208

of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be given as soon as possible and within 60 days. However, the failure to give notice within 60 days does not invalidate the notice. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address. For further guidance regarding the definition of last known address, see § 301.6212–2.

(b) *Assessment prior to last date for payment.* If any tax is assessed prior to the last date prescribed for payment of such tax, demand that such tax be paid will not be made before such last date, except where it is believed collection would be jeopardized by delay.

[32 FR 15241, Nov. 3, 1967, as amended by T.D. 8939, 66 FR 2820, Jan. 12, 2001]

### § 301.6305–1  Assessment and collection of certain liability.

(a) *Scope.* Section 6305(a) requires the Secretary of the Treasury or his delegate to assess and collect amounts which have been certified by the Secretary of Health and Human Services as the amount of a delinquency determined under a court order, or an order of an administrative process established under State law, for support and maintenance of a child or of a child and the parent with whom the child is living. These amounts, referred to as "child and spousal support", are to be collected in the same manner and with the same powers exercised by the Secretary of the Treasury or his delegate in the collection of an employment tax which would be jeopardized by delay. However, where the assessment is the first assessment against an individual for a delinquency described in this paragraph for a particular individual or individuals, the collection is to be stayed for a period of 60 days following notice and demand. In addition, no interest or penalties (with the exception of the penalties imposed by sections 6332(c)(2) and 6657) shall be assessed or collected on the amounts. paragraphs (4), (6) and (8) of section 6334(a) (relating to property exempt from levy) shall not apply; and, there shall be exempt from levy so much of the salary, wages,

or other income of the individual which is subject to garnishment pursuant to a judgment entered by a court for the support of his or her minor children. Section 6305(b) provides that sole jurisdiction for any action brought to restrain or review assessment and collection of the certified amounts shall be in a State court or a State administrative agency.

(b) *Assessment and collection*—(1) *General rule.* Upon receipt of a certification or recertification from the Secretary of Health and Human Services or his delegate under section 452(b) of title IV of the Social Security Act as amended (relating to collection of child and spousal support obligations with respect to an individual), the district director or his delegate shall assess and collect the certified amount (or recertified amount). Except as provided in paragraph (c) of this section, the amount so certified shall be assessed and collected in the same manner, with the same powers, and subject to the same limitations as if the amount were an employment tax the collection of which would be jeopardized by delay. However, the provisions of subtitle F with respect to assessment and collection of taxes shall not apply with respect to assessment and collection of a certified amount where such provisions are clearly inappropriate to, and incompatible with, the collection of certified amounts generally. For example, section 6861(g) which allows the Secretary or his delegate to abate a jeopardy assessment if he finds a jeopardy does not exist will not apply.

(2) *Method of assessment.* An assessment officer appointed by the district director pursuant to § 301.6203–1 to make assessments of tax shall also make assessments of certified amounts. The assessment of a certified amount shall be made by the assessment officer signing the summary record of assessment. The date of assessment is the date the summary record is signed by the assessment officer. The summary record, through supporting records as necessary, shall provide—

(i) The assessed amount;

(ii) The name, social security number, and last known address of the individual owing the assessed amount. For

209

## Sec. 6751. Procedural requirements.
### (a) Computation of penalty included in notice.

The Secretary shall include with each notice of penalty under this title information with respect to the name of the penalty, the section of this title under which the penalty is imposed, and a computation of the penalty.

### (b) Approval of assessment.

(1) **In general.** No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.

(2) **Exceptions.** Paragraph (1) shall not apply to—

(A) any addition to tax under section 6651, 6654, or 6655; or

(B) any other penalty automatically calculated through electronic means.

### (c) Penalties.

For purposes of this section, the term "penalty" includes any addition to tax or any additional amount.

**In 2000,** P.L. 106-554, Sec. 1(a)(7) [which enacted into law Sec. 302(b) of H.R. 5662], substituted "June 30, 2001" for "December 31, 2000" and added "In the case of any notice of penalty issued after June 30, 2001, and before July 1, 2003, the requirements of section 6751(a) of the Internal Revenue Code of 1986 shall be treated as met if such notice contains a telephone number at which the taxpayer can request a copy of the taxpayer's assessment and payment history with respect to such penalty." in Sec. 3306(c) of P.L. 105-206, see below.

**In 1998,** P.L. 105-206, Sec. 3306(a), added Code Sec. 6751, effective for notices issued, and penalties assessed, after June 30, 2001. In the case of any notice of penalty issued after June 30, 2001, and before July 1, 2003, the requirements of section 6751(a) of the Internal Revenue Code of 1986 shall be treated as met if such notice contains a telephone number at which the taxpayer can request a copy of the taxpayer's assessment and payment history with respect to such penalty.

## CHAPTER 69.—GENERAL PROVISIONS RELATING TO STAMPS

Sec.

6801. Authority for establishment, alteration, and distribution.

6802. Supply and distribution.

6803. Accounting and safeguarding.

6804. Attachment and cancellation.

6805. Redemption of stamps.

6806. Occupational tax stamps.

6807. Stamping, marking, and branding seized goods.

6808. Special provisions relating to stamps.

### Sec. 6801. Authority for establishment, alteration, and distribution.

#### (a) Establishment and alteration.

The Secretary may establish, and from time to time alter, renew, replace, or change the form, style, character, material, and device of any stamp, mark, or label under any provision of the laws relating to internal revenue.

#### (b) Preparation and distribution of regulations, forms, stamps and dies.

The Secretary shall prepare and distribute all the instructions, regulations, directions, forms, blanks, and stamps; and shall provide proper and sufficient adhesive stamps and other stamps or dies for expressing and denoting the several stamp taxes.

**In 1984,** P.L. 98-369, Sec. 454(c)(13), substituted "several stamp taxes." for "several stamp taxes; except that stamps required by or prescribed pursuant to the provisions of section 5205 or section 5235 may be prepared and distributed by persons authorized by the Secretary, under such controls

for the protection of the revenue as shall be deemed necessary." in subsec. (b), effective 7/1/85.

**In 1976,** P.L. 94-569, Sec. 2, substituted all that follows "several stamp taxes" for the period at the end of subsec. (b), effective 10/20/76.

—P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6801, effective 2/1/77.

### Sec. 6802. Supply and distribution.

The Secretary shall furnish, without prepayment, to—

(1) **Postmaster General.** The Postmaster General a suitable quantity of adhesive stamps, coupons, tickets, or such other devices as may be prescribed by the Secretary pursuant to section 6302(b) or this chapter, to be distributed to, and kept on sale by, the various postmasters in the United States in all post offices of the first and second classes, and such post offices of the third and fourth classes as—

(A) are located in county seats, or

(B) are certified by the Secretary to the Postmaster General as necessary.

(2) **Designated depositary of the United States.** Any designated depositary of the United States a suitable quantity of adhesive stamps to be kept on sale by such designated depositary.

**In 1976,** P.L. 94-455, Sec. 1906(a)(36), substituted a period for the colon at the end of para. (2), effective 2/1/77. The Act apparently intended for the amendment to be made at the end of subpara. (1)(B), and has been so corrected thusly.

—P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6802, effective 2/1/77.

**In 1965,** P.L. 89-44, Sec. 601(d)(1), deleted "(other than stamps on playing cards)" after "adhesive stamps" in para. (1), effective 6/22/65.

—P.L. 89-44, Sec. 601(d)(2), deleted para. (3), effective 1/1/66.

Prior to deletion, para. (3) read as follows:

"(3) State agents. Any person who is—

"(A) duly appointed and acting as agent of any State for the sale of stock transfer stamps of such State, and

"(B) designated by the Secretary or his delegate for the purpose, a suitable quantity of such adhesive stamps as are required by section 4301, to be kept on sale by such person."

### Sec. 6803. Accounting and safeguarding.
#### (a) Bond.

In cases coming within the provisions of paragraph (2) of section 6802, the Secretary may require a bond, with sufficient sureties, in a sum to be fixed by the Secretary, conditioned for the faithful return, whenever so required, of all quantities or amounts undisposed of and for the payment monthly for all quantities or amounts sold or not remaining on hand.

#### (b) Regulations.

The Secretary may from time to time make such regulations as he may find necessary to insure the safekeeping or prevent the illegal use of all adhesive stamps referred to in paragraph (2) of section 6802.

**In 1976,** P.L. 94-455, Sec. 1906(a)(37), amended Code Sec. 6803.

Prior to amendment, Code Sec. 6803 read as follows:

"SEC. 6803. ACCOUNTING AND SAFEGUARDING.

"(a) Depositaries and State agents.

"(1) Bond. In cases coming within the provisions of paragraph (2) or (3) of section 6802, the Secretary or his delegate may require a bond, with sufficient sureties, in a sum to be fixed by the Secretary or his delegate, conditioned for the faithful return, whenever so required, of all quantities or amounts undisposed of and for the payment monthly for all quantities or amounts sold or not remaining on hand.

"(2) Regulations. The Secretary or his delegate may from time to time make such regulations as he may find necessary to insure the safekeeping or prevent the illegal use of all adhesive stamps referred to in paragraphs (2) and (3) of section 6802."

**In 1972,** P.L. 92-310, Sec. 230(a), deleted subsec. (a), effective 6/6/72. Prior to deletion, subsec. (a) read as follows:

**Code Sec. 6501** | **Limitations on assessment and collection**

—P.L. 95-600, Sec. 321(b)(2), added new subsec. (q), effective for amounts paid or incurred after 12/31/78, in tax. yrs. end. after 12/31/78.

—P.L. 95-600, Sec. 504(b)(3), added "and refund" after "carryback" the first place it appears in subsec. (m), effective for tentative refund claims filed on and after 11/6/78.

—P.L. 95-600, Sec. 701(t)(3)(A), substituted "43, or 44" for "or 43" in para. (e)(3), effective 10/4/76.

—P.L. 95-600, Sec. 703(n), substituted "section 6213(b)(3)" for "Section 6213(b)(2)" in subsecs. (h), (j), and (o), effective 10/4/76.

—P.L. 95-600, Sec. 703(p)(2), deleted the last sentence of subsec. (h), effective for losses sustained in tax. yrs. ending after 11/6/78.

Prior to amendment, the last sentence of subsec. (h) read as follows:

"In the case of a deficiency attributable to the application of a net operating loss carryback, such deficiency may be assessed within 18 months after the date on which the taxpayer files in accordance with section 172(b)(3) a copy of the certification (with respect to the taxable year of the net operating loss) issued under section 317 of the Trade Expansion Act of 1962, if later than the date prescribed by the preceding sentence."

—P.L. 95-227, Sec. 4(d)(4), para. (e)(3), substituted "43, or 44" for "or 43", in the second sentence of para. (e)(3), effective for contributions, acts, and expenditures made after 12/31/77, in and for tax. yrs. begin. after 12/31/77.

—P.L. 95-227, Sec. 4(d)(5), para. (n)(1) substitutes "For purposes of any tax imposed by chapter 42 (other than section 4940) or by section 4975, the return referred to in this section shall be the return filed by the private foundation, plan, or trust (as the case may be) for the year in which the act (or failure to act) giving rise to liability for such tax occurred" for the first sentence in para. (n)(1), effective for contributions, acts and expenditures made after 12/31/77, in and for tax. yrs. begin. after 12/31/77.

**In 1977,** P.L. 95-30, Sec. 202(d)(4)(A), added subsec. (p), effective for tax. yrs. begin. after 12/31/76 and to credit carrybacks from such yrs.

—P.L. 95-30, Sec. 202(d)(5)(B), substituted "a work incentive program carryback, or a new employee credit carryback" for "or a work incentive program carryback" in subsec. (m) and substituted "(j), (o), or (p)" for "(j), or (o)" each place it appeared in subsec. (m), effective for tax. yrs. begin. after 12/31/76 and to credit carrybacks from such yrs.

**In 1976,** P.L. 94-455, Sec. 1031(b)(5), substituted "section 904(c)" for "section 904(d)" each place it appeared in subsec. (i), effective for tax. yrs. begin. after 12/31/75.

—P.L. 94-455, Sec. 1035(d)(3), substituted "excess foreign taxes) or under section 907(f) (relating to carryback and carryover of disallowed oil and gas extraction taxes)" for "excess foreign taxes)" and substituted "section 904(c) or 907(f)" for "section 904(c)" in subsec. (i), as previously amended by this Act, effective for taxes paid or accrued during tax. yrs. end. after 10/4/76.

—P.L. 94-455, Sec. 1302(b), added para. (n)(3), effective for tax. yrs. begin. after 12/31/74.

—P.L. 94-455, Sec. 1307(d)(2)(F)(vi), substituted "chapter 41, 42," for "chapter 42" in para. (e)(3), effective 10/4/76.

—P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary or his delegate" each place it appeared in Code Sec. 6501, effective 2/1/77.

—P.L. 94-455, Sec. 2107(g)(2)(A), added ", and investment credit carryback," after "net operating loss carryback". in subsec. (o), effective 10/4/76.

**In 1974,** P.L. 93-406, Sec. 1016(a)(14), substituted "chapter 42 or 43" for "chapter 42" in para. (e)(3), effective 9/2/74 or other date as specified in Sec. 1017 of the Act (reproduced following Code Sec. 401).

**In 1971,** P.L. 92-178, Sec. 504(c), added para. (g)(3), for tax. yrs. end. after 12/31/71, except that a corporation may be a DISC for any tax. yr. beg. before 1/1/72.

—P.L. 92-178, Sec. 601(d)(1), added subsec. (o) . . . Sec. 601(e)(2), substituted "an investment credit carryback, or a work incentive program carryback" for "or an investment credit carryback" in subsec. (m) and substituted "(h), (j), and (o)" for "(h) or (j)" in subsec. (m), effective for tax. yrs. begin. after 12/31/71.

**In 1970,** P.L. 91-614, Sec. 102(d)(8), substituted "during the period for which the return was filed" for "during the year," in the first sentence of para. (e)(3) effective for gifts made after 12/31/70.

**In 1969,** P.L. 91-172, Sec. 101(g)(1), added new subsec. (n) . . . Sec. 101(g)(2), added para. (c)(7) . . . Sec. 101(g)(3), added new sentence to end of subsec. (e)(3), effective 1/1/70.

—P.L. 91-172, Sec. 512(e)(1), amended subsec. (h), substituted "loss carryback or a capital loss carryback" for "loss carryback" in subsec. (j) and substituted "net operating loss carryback, a capital loss carryback, or an investment credit carryback" for "net operating loss carryback or an investment credit carryback" in subsec. (m), effective for net capital losses sustained in tax. yrs. begin. after 12/31/69.

Prior to amendment subsec. (h) read as follows:

"(h) Net operating loss carrybacks.

"In the case of a deficiency attributable to the application of a net operating loss carryback (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2)), such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss which results in such carryback may be assessed, or within 18 months after the date on which the taxpayer files in accordance with section 172(b)(3) a copy of the certification (with respect to such taxable year) issued under section 317 of the Trade Expansion Act of 1962, whichever is later."

**In 1967,** P.L. 90-225, Sec. 2(c), amended subsec. (j) by adding the last phrase beginning "or with respect to any", effective with respect to investment credit carrybacks attributable to net operating loss carrybacks from tax. yrs. end. after 7/31/67.

**In 1966,** P.L. 89-809, Sec. 105(f)(3), substituted "chapter 3, 21, or 24" for "Chapter 21 or 24" in paras. (b)(1) and (2) and added "and tax imposed by chapter 3" to heading of subsec. (b)(2), effective 11/13/66.

—P.L. 89-721, Sec. 2(f), added "concluding deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2))" after "investment credit carryback", in subsec. (j), effective for tax. yrs. end. after 12/31/61, but only in the case of applications filed after 11/2/66.

—P.L. 89-721, Sec. 3(a), added subsec. (m) to apply to any case where the application under Code Sec. 6411 is filed after 11/2/66.

**In 1965,** P.L. 89-44, Sec. 810(a), added para. (b)(4) . . . Sec. 810(b)(1), added para. (e)(3); . . . Sec. 810(b)(2), substituted "Substantial omission of items" for "Omission from gross income" in the heading of subsec. (e), effective for returns filed after 6/30/65.

**In 1964,** P.L. 88-272, Sec. 225(c)(6), substituted "gross income and adjusted ordinary gross income, described in section 543" for "gross income, described in section 543(a)" in subsec. (f) for tax. yrs. begin. after 12/31/63.

—P.L. 88-571, Sec. 3(b), added subsec. (k) and redesignated former subsec. (k) as (l) effective for amounts added to policyholders surplus accounts for tax. yrs. begin. after 12/31/58.

**In 1962,** P.L. 87-858, Sec. 3(b)(4), substituted "802(a)" for "802(a)(1)" in subsec. (c)(6), effective for tax. yrs. begin. after 12/31/61.

—P.L. 87-794, Sec. 317(a), amended subsec. (h), effective for net operating losses for tax. yrs. end. after 12/31/55.

Prior to amendment, subsec. (h) read as follows:

"(h) ____ ____ ____ ____ ____ ____ ____ y attributable to ____ ____ ____ ____ back (including ing ____ ____ ____ ____ sions of section ____ ____ ____ e before the exp ____ ____ ____ able year of the ____ ____ assessed."



"(j) ____ ____ ____ ____ ____ rmer subsec.

**In ____ ____ ____ ____ ____ ____** nated former subsec. (i) as (j), effective for tax. yrs. begin. after 12/31/57.

**In 1959,** P.L. 86-69, Sec. 3(g), added subsec. (c)(6), effective for tax. yrs. begin. after 12/31/57.

**In 1958,** P.L. 85-859, substituted "at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid" for "within 3 years after such tax became due" in subsec. (a), effective 1/1/59.

—P.L. 85-866, Sec. 80(a), substituted "subsection (c), (e), or (f)," for "subsection (c)," in the first sentence of subsec. (d) . . . Sec. 80(b), amended the second sentence of subsec. (d) . . . Sec. 81(a), substituted "organization" for "corporation" each place it appeared in para. (g)(2) . . . Sec. 81(b), redesignated subsec. (h) as subsec. (i) and added new subsec. (h), effective 8/17/54.

## Sec. 6502. Collection after assessment.

### (a) Length of period.

Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 10 years after the assessment of the tax, or

(2) if—

(A) there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into; or

**§ 301.6501(a)-1**

**26 CFR Ch. I (4-1-05 Edition)**

## Limitations

### LIMITATIONS ON ASSESSMENT AND COLLECTION

#### § 301.6501(a)-1 Period of limitations upon assessment and collection.

(a) The amount of any tax imposed by the Code (other than a tax collected by means of stamps) shall be assessed within 3 years after the return was filed. For rules applicable in cases where the return is filed prior to the due date thereof, see section 6501(b). In the case of taxes payable by stamp, assessment shall be made at any time after the tax became due and before the expiration of 3 years after the date on which any part of the tax was paid. For exceptions and additional rules, see subsections (b) to (g) of section 6501, and for cross references to other provisions relating to limitations on assessment and collection, see sections 6501(h) and 6504.

(b) No proceeding in court without assessment for the collection of any tax shall be begun after the expiration of the applicable period for the assessment of such tax.

#### § 301.6501(b)-1 Time return deemed filed for purposes of determining limitations.

(a) *Early return.* Any return, other than a return of tax referred to in paragraph (b) of this section, filed before the last day prescribed by law or regulations for the filing thereof (determined without regard to any extension of time for filing) shall be considered as filed on such last day.

(b) *Returns of social security tax and of income tax withholding.* If a return on or after November 13, 1966, of tax imposed by chapter 3 of the Code (relating to withholding of tax on nonresident aliens and foreign corporations and tax-free covenant bonds), or if a return of tax imposed by chapter 21 of the Code (relating to the Federal Insurance Contributions Act) or by chapter 24 of the Code (relating to collection of income tax at source on wages), for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be deemed filed on April 15 of such succeeding calendar year. For ex-

ample, if quarterly returns of the tax imposed by chapter 24 of the Code are filed for the four quarters of 1955 on April 30, July 31, and October 31, 1955, and on January 31, 1956, the period of limitation for assessment with respect to the tax required to be reported on such return is measured from April 15, 1956. However, if any of such returns is filed after April 15, 1956, the period of limitation for assessment of the tax required to be reported on that return is measured from the date it is in fact filed.

(c) *Returns executed by district directors or other internal revenue officers.* The execution of a return by a district director or other authorized internal revenue officer or employee under the authority of section 6020(b) shall not start the running of the statutory period of limitations on assessment and collection.

#### § 301.6501(c)-1 Exceptions to general period of limitations on assessment and collection.

(a) *False return.* In the case of a false or fraudulent return with intent to evade any tax, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time after such false or fraudulent return is filed.

(b) *Willful attempt to evade tax.* In the case of a willful attempt in any manner to defeat or evade any tax imposed by the Code (other than a tax imposed by subtitle A or B, relating to income, estate, or gift taxes), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(c) *No return.* In the case of a failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time after the date prescribed for filing the return. For special rules relating to filing a return for chapter 42 and similar taxes, see §§ 301.6501(n)-1, 301.6501(n)-2, and 301.6501(n)-3.

(d) *Extension by agreement.* The time prescribed by section 6501 for the assessment of any tax (other than the estate tax imposed by chapter 11 of the Code) may, prior to the expiration of such time, be extended for any period

**Code Sec. 6851**                    **Jeopardy, bankruptcy, receivership**

gate shall declare the taxable period for such taxpayer immediately termi-
nated, and shall cause notice of such finding and declaration to be given the
taxpayer, together with a demand for immediate payment of the tax for the
taxable period so declared terminated and of the tax for the preceding taxa-
ble year or so much of such tax as is unpaid, whether or not the time other-
wise allowed by law for filing return and paying the tax has expired; and
such taxes shall thereupon become immediately due and payable. In any
proceeding in court brought to enforce payment of taxes made due and pay-
able by virtue of the provisions of this section, the finding of the Secretary
or his delegate, made as herein provided, whether made after notice to the
taxpayer or not, shall be for all purposes presumptive evidence of jeopardy.

"(2) Corporation in liquidation. If the Secretary or his delegate finds that
the collection of the income tax of a corporation for the current or the pre-
ceding taxable year will be jeopardized by the distribution of all or a por-
tion of the assets of such corporation in the liquidation of the whole or any
part of its capital stock, the Secretary or his delegate shall declare the taxa-
ble period for such taxpayer immediately terminated and shall cause notice
of such finding and declaration to be given the taxpayer, together with a de-
mand for immediate payment of the tax for the taxable period so declared
terminated and of the tax for the preceding taxable year or so much of such
tax as is unpaid, whether or not the time otherwise allowed by law for fil-
ing return and paying the tax has expired; and such taxes shall thereupon
become immediately due and payable.

*"(b) Reopening of taxable period.*

"Notwithstanding the termination of the taxable period of the taxpayer by
the Secretary or his delegate, as provided in subsection (a), the Secretary or
his delegate may reopen such taxable period each time the taxpayer is
found by the Secretary or his delegate to have received income, within the
current taxable year, since a termination of the period under subsection (a).
A taxable period so terminated by the Secretary or his delegate may be re-
opened by the taxpayer (other than a nonresident alien) if he files with the
Secretary or his delegate a true and accurate return of the items of gross in-
come and of the deductions and credits allowed under this title for such
taxable period, together with such other information as the Secretary or his
delegate may by regulations prescribe. If the taxpayer is a nonresident alien
the taxable period so terminated may be reopened by him if he files, or
causes to be filed, with the Secretary or his delegate a true and accurate re-
turn of his total income derived from all sources within the United States,
in the manner prescribed in this title."

—P.L. 94-455, Sec. 1204(b)(2), deleted subsec. (e) and added new subsecs.
(e) and (f), (for action taken under Code Secs. 6851, 6861 or 6862 where
the notice and demand takes place after '76. P.L. 94-528, Sec. 2(a), post-
poned the effective date for this amendment to be for notices and demands
taking place after 2/28/77.

Prior to amendment, subsec. (e) read as follows:

*"(e) Furnishing of bond where taxable year is closed by the Secretary or his
delegate.*

"Payment of taxes shall not be enforced by any proceedings under the
provisions of this section prior to the expiration of the time otherwise al-
lowed for paying such taxes if the taxpayer furnishes, under regulations pre-
scribed by the Secretary or his delegate, a bond to insure the timely making
of returns with respect to, and payment of, such taxes or any income or ex-
cess profits taxes for prior years."

—P.L. 94-455, Sec. 1906(b)(13)(A), substituted "Secretary" for "Secretary
or his delegate" each place it appeared in Code Sec. 6851, effective 2/1/77.
**In 1958,** P.L. 85-866, designated existing provisions of subsec. (d) as para.
(d)(1), added opening provisions and para. (d)(2), effective 8/17/54.

### Sec. 6852.   Termination assessments in case of flagrant political expenditures of section 501(c)(3) organizations.

**(a) Authority to make.**

**(1) In general.** If the Secretary finds that—

(A) a section 501(c)(3) organization has made political
expenditures, and

(B) such expenditures constitute a flagrant violation of
the prohibition against making political expenditures,

the Secretary shall immediately make a determination of
any income tax payable by such organization for the cur-
rent or immediately preceding taxable year, or both, and
shall immediately make a determination of any tax paya-
ble under section 4955 by such organization or any man-
ager thereof with respect to political expenditures during
the current or preceding taxable year, or both. Notwith-
standing any other provision of law, any such tax shall be-
come immediately due and payable. The Secretary shall
immediately assess the amount of tax so determined (to-

gether with all interest, additional amounts, and additions
to the tax provided by law) for the current year or the pre-
ceding taxable year, or both, and shall cause notice of
such determination and assessment to be given to the or-
ganization or any manager thereof, as the case may be, to-
gether with a demand for immediate payment of such tax.
**(2) Computation of tax.** In the case of a current taxable
year, the Secretary shall determine the taxes for the period
beginning on the 1st day of such current taxable year and
ending on the date of the determination under paragraph
(1) as though such period were a taxable year of the or-
ganization, and shall take into account any prior determi-
nation made under this subsection with respect to such
current taxable year.
**(3) Treatment of amounts collected.** Any amounts col-
lected as a result of any assessments under this subsection
shall, to the extent thereof, be treated as a payment of in-
come tax for such taxable year, or tax under section 4955
with respect to the expenditure, as the case may be.
**(4) Section inapplicable to assessments after due date.**
This subsection shall not authorize any assessment of tax for
the preceding taxable year which is made after the due
date of the organization's return for such taxable year (de-
termined with regard to any extensions).
**(b) Definitions and special rules.**
**(1) Definitions.** For purposes of this section, the terms
"section 501(c)(3) organization", "political expenditure",
and "organization manager" have the respective meanings
given to such terms by section 4955.
**(2) Certain rules made applicable.** The provisions of
sections 6851(b), 6861(f), and 6861(g) shall apply with re-
spect to any assessment made under subsection (a), except
that determinations under section 6861(g) shall be made
on the basis of whether the requirements of subsection
(a)(1)(B) of this section are met in lieu of whether jeop-
ardy exists.

**In 1987,** P.L. 100-203, Sec. 10713(b)(1), added Code Sec. 6582, effective
12/22/87.

## PART II.—JEOPARDY ASSESSMENTS

Sec.
6861.  Jeopardy assessments of income, estate, gift, and cer-
tain excise taxes.
6862.  Jeopardy assessment of taxes other than income, es-
tate, gift, and certain excise taxes.
6863.  Stay of collection of jeopardy assessments.
6864.  Termination of extended period for payment in case
of carryback.

**In 1974,** P.L. 93-406. Sec. 1016(b)(5), substituted "gift, and certain excise
taxes" for "and gift taxes" in items 6861 and 6862.

### Sec. 6861.   Jeopardy assessments of income, estate, gift, and certain excise taxes.
**(a) Authority for making.**

If the Secretary believes that the assessment or collection
of a deficiency, as defined in section 6211, will be jeopard-
ized by delay, he shall, notwithstanding the provisions of
section 6213(a), immediately assess such deficiency (to-
gether with all interest, additional amounts, and additions to
the tax provided for by law), and notice and demand shall be
made by the Secretary for the payment thereof.
**(b) Deficiency letters.**

If the jeopardy assessment is made before any notice in
respect of the tax to which the jeopardy assessment relates

center upon the merits of any claim presented under or authorized by this section, shall in the absence of fraud or mistake in mathematical calculation, be final and not subject to revision by any accounting officer.

[T.D. 7188, 37 FR 12795, June 29, 1972]

### § 301.6806-1  Posting occupational tax stamps.

For provisions relating to the posting of specific stamps used with respect to a particular tax, other than a special tax under subchapter B of chapter 35, subchapter B of chapter 36, or subtitle E, see the regulations relating to such tax. For penalties for failure to post occupational tax stamps, see section 7273.

[T.D. 7188, 37 FR 12795, June 29, 1972]

## Jeopardy, Bankruptcy, and Receiverships

### JEOPARDY

#### TERMINATION OF TAXABLE YEAR

### § 301.6851-1  Termination of taxable year.

For regulations under section 6851, see §§ 1.6851-1 to 1.6851-3, inclusive, of this chapter (Income Tax Regulations).

### § 301.6852-1  Termination assessments of tax in the case of flagrant political expenditures of section 501(c)(3) organizations.

. (a) *Authority for making.* Any assessment under section 6852 as a result of a flagrant violation by a section 501(c)(3) organization of the prohibition against making political expenditures must be authorized by the District Director.

(b) *Determination of income tax.* An organization shall be subject to an assessment of income tax under section 6852 only if the flagrant violation of the prohibition against making political expenditures results in revocation of the organization's tax exemption under section 501(a) because it is not described in section 501(c)(3). An organization subject to such an assessment is not liable for income taxes for any period prior to the effective date of the revocation of the organization's tax exemption.

(c) *Payment.* Where a District Director has made a determination of income tax under paragraph (b) of this section or of section 4955 excise tax, notwithstanding any other provision of law, any tax will become immediately due and payable. The taxpayer is required to pay the amount of the assessment within 10 days after the District Director sends the notice and demand for immediate payment regardless of the filing of an administrative appeal or of a court petition. Regardless of filing an administrative appeal or of petitioning a court, enforced collection action may proceed after the 10-day payment period unless the taxpayer posts the bond described in section 6863. For purposes of collection procedures such as section 6331 (regarding levy), assessments under the authority of paragraph (a) of this section do not constitute situations in which the collection of such tax is in jeopardy and, therefore, do not suspend normal collection procedures.

(d) *Effective date.* This section is effective December 5, 1995.

[T.D. 8628, 60 FR 62212, Dec. 5, 1995]

#### JEOPARDY ASSESSMENTS

### § 301.6861-1  Jeopardy assessments of income, estate, gift, and certain excise taxes.

(a) *Authority for making.* If a district director or director of a service center believes that the assessment or collection of a deficiency in income, estate, gift, or chapter 41, 42, 43, or 44 tax will be jeopardized by delay, then the director is required to assess such deficiency immediately, together with the interest, additional amounts, and additions to the tax provided by law. A district director will make an assessment under this section if collection is determined to be in jeopardy because at least one of the conditions described in § 1.6851-1(a)(1) (i), (ii), or (iii) (relating to termination assessments) exists. A jeopardy assessment may be made before or after the mailing of the notice of deficiency provided by section 6212. However, a jeopardy assessment for a taxable year under section 6861 cannot be made after a decision of the Tax Court with respect to such taxable year has become final (see section 7481) or

468

**Internal Revenue Service, Treasury** §301.6861-1

after the taxpayer has filed a petition for review of the decision of the Tax Court with respect to such taxable year. In the case of a deficiency determined by a decision of the Tax Court which has become final or with respect to which the taxpayer has filed a petition for review and has not filed a bond as provided in section 7485, assessment may be made in accordance with the provisions of section 6215, without regard to section 6861.

(b) *Amount of jeopardy assessment.* If a notice of a deficiency is mailed to the taxpayer before it is discovered that delay would jeopardize the assessment or collection of the tax, a jeopardy assessment may be made in an amount greater or less than that included in the deficiency notice. If a deficiency is assessed on account of jeopardy after the decision of the Tax Court is rendered, the jeopardy assessment may be made only with respect to the deficiency determined by the Tax Court.

(c) *Jurisdiction of Tax Court.* If the jeopardy assessment is made before the notice in respect of the tax to which the jeopardy assessment relates has been mailed pursuant to section 6212(a), the district director shall, within 60 days after the making of the assessment, send the taxpayer a notice of deficiency pursuant to such subsection. The taxpayer may file a petition with the Tax Court for a redetermination of the amount of the deficiency within the time prescribed in section 6213(a). If the petition of the taxpayer is filed with the Tax Court, either before or after the making of the jeopardy assessment, the Commissioner, through his counsel, is required to notify the Tax Court of such assessment or of any abatement thereof, and the Tax Court has jurisdiction to redetermine the amount of the deficiency, together with all other amounts assessed at the same time in connection therewith.

(d) *Payment and collection of jeopardy assessment.* After a jeopardy assessment has been made, the district director is required to send notice and demand to the taxpayer for the amount of the jeopardy assessment. Regardless of whether the taxpayer has filed a petition with the Tax Court, he is required to make payment of the amount of

such assessment (to the extent that it has not been abated) within 10 days after the sending of notice and demand by the district director. Unless before the expiration of such 10-day period he files with the district director a bond as provided in section 6863. Section 6331 provides that, if the district director makes a finding that the collection of the tax is in jeopardy, he may make demand for immediate payment of the amount of the jeopardy assessment and, in such case, the taxpayer shall immediately pay such amount or shall immediately file the bond provided in section 6863. If a petition is not filed with the Tax Court within the period prescribed in section 6213(a), the district director will be so advised, and, if collection of the deficiency has been stayed by the timely filing of a bond as provided in section 6863, he should then give notice and make demand for payment of the amount assessed plus interest. After the Tax Court has rendered its decision and such decision has become final, the district director will be notified of the action taken. He will then send notice and demand for payment of the unpaid portion of the amount determined by the Tax Court, the collection of which has been stayed by the bond. If the amount of the jeopardy assessment is less than the amount determined by the Tax Court, the difference will be assessed and collected as part of the tax upon the issuance of a notice and demand therefor. If the amount of the jeopardy assessment is in excess of the amount determined by the Tax Court, the unpaid portion of such excess will be abated. If any part of the excess amount has been paid, it will be credited or refunded to the taxpayer as provided in section 6402, without the filing of claim therefor.

(e) *Abatement of excessive assessment.* The district director or the director of the regional service center may, at any time before the decision of the Tax Court is rendered, abate a jeopardy assessment in whole or in part if the district director believes that such assessment is excessive in amount.

(f) *Abatement if jeopardy does not exist.* (1) The district director or the director of the regional service center may abate a jeopardy assessment in whole

469

or in part, if it is shown to the satisfaction of the district director that jeopardy does not exist. An abatement may not be made under this paragraph after a decision of the Tax Court in respect of the deficiency has been rendered or, if no petition is filed with such court, after the expiration of the period for filing such petition.

(2) After abatement of a jeopardy assessment in whole or in part, a deficiency may be assessed and collected in the manner authorized by law as if the jeopardy assessment or part thereof so abated had not existed. If a notice of deficiency has been sent to the taxpayer before the abatement of the jeopardy assessment in whole or in part, whether such notice was sent before or after the making of the assessment, such abatement will not affect the validity of the notice or of any proceedings for redetermination based thereon. The period of limitation on the making of assessments and the beginning of levy or a proceeding in court for collection in respect of any deficiency shall be determined as if the jeopardy assessment so abated had not been made, except that the running of such period shall in any event be suspended for the period from the date of such jeopardy assessment until the expiration of the tenth day after the date on which such jeopardy assessment is abated in whole or in part. The provisions of this subparagraph may be illustrated by the following example:

*Example.* On March 18, 1958, 28 days before the last day of the 3-year period of limitations on assessment, a jeopardy assessment is made in respect of a proposed deficiency. On May 2, 1958, before the mailing of the notice of deficiency provided by section 6861(b), this assessment is abated. By virtue of this subparagraph, the last day of the period of limitations for the making of an assessment is June 9, 1958, that is, the 38th day after the date of the abatement. If the notice of deficiency provided for in section 6861(b) has been sent before the abatement, the running of the period of limitations on assessment would have been suspended pursuant to the provisions of the section 6503(a).

(3) See section 7429 with respect to requesting the district director to review the making of the jeopardy assessment.

(g) *Special rules for chapters 42 and 43 taxes.* For purposes of paragraph (a) of

this section, the amount of a deficiency with respect to any tax imposed by section 4941(a), 4942(a), 4943(a), 4944(a), 4945(a), 4951(a), 4952(a), 4955(a), 4971(a) or 4975(a) shall include the amount of additional tax imposed by section 4941(b), 4942(b), 4943(b), 4944(b), 4945(b), 4951(b), 4952(b), 4955(b), 4971(b) or 4975(b) for failure to correct the act (or failure to act) which gave rise to liability for the initial tax.

[32 FR 15241, Nov. 3, 1967. as amended by T.D. 7575, 43 FR 58817, Dec. 18, 1978; T.D. 7838, 47 FR 44253, Oct. 7, 1982; T.D. 8084, 51 FR 16305, May 2, 1986; T.D. 8628, 60 FR 62213, Dec. 5, 1995]

## § 301.6862-1 Jeopardy assessment of taxes other than income, estate, gift, and certain excise taxes.

(a) If the district director believes that the collection of any tax (other than income, estate, gift, chapter 41, 42, 43, or 44 tax) will be jeopardized by delay, the director shall, whether or not the time otherwise prescribed by law for filing the return or paying such tax has expired, immediately assess such tax, together with all interest, additional amounts and additions to the tax provided by law. A district director will make an assessment under this section if collection is determined to be in jeopardy because at least one of the conditions described in §1.6851-1(a)(1)(i), (ii), or (iii) (relating to termination assessments) exists. For example, assume that a taxpayer incurs on January 18, 1977, liability for tax imposed by section 4061 and that the last day on which return and payment of such tax is required to be made is May 2, 1977, and that on January 18, 1977, the district director determines that collection of such tax would be jeopardized by delay. In such case, the district director shall immediately assess the tax.

(b) The tax, interest, additional amounts, and additions to the tax will, upon assessment, become immediately due and payable, and the district director shall, without delay, issue a notice and demand for payment thereof in full. Upon failure or refusal to pay the amount demanded, collection thereof by levy shall be lawful without regard to the 10-day period provided in section 6331 (a). However, the collection of the

## Limitations

### LIMITATIONS ON ASSESSMENT AND COLLECTION

#### § 301.6501(a)-1 Period of limitations upon assessment and collection.

(a) The amount of any tax imposed by the Code (other than a tax collected by means of stamps) shall be assessed within 3 years after the return was filed. For rules applicable in cases where the return is filed prior to the due date thereof, see section 6501(b). In the case of taxes payable by stamp, assessment shall be made at any time after the tax became due and before the expiration of 3 years after the date on which any part of the tax was paid. For exceptions and additional rules, see subsections (b) to (g) of section 6501, and for cross references to other provisions relating to limitations on assessment and collection, see sections 6501(h) and 6504.

(b) No proceeding in court without assessment for the collection of any tax shall be begun after the expiration of the applicable period for the assessment of such tax.

#### § 301.6501(b)-1 Time return deemed filed for purposes of determining limitations.

(a) *Early return.* Any return, other than a return of tax referred to in paragraph (b) of this section, filed before the last day prescribed by law or regulations for the filing thereof (determined without regard to any extension of time for filing) shall be considered as filed on such last day.

(b) *Returns of social security tax and of income tax withholding.* If a return on or after November 13, 1966, of tax imposed by chapter 3 of the Code (relating to withholding of tax on nonresident aliens and foreign corporations and tax-free covenant bonds), or if a return of tax imposed by chapter 21 of the Code (relating to the Federal Insurance Contributions Act) or by chapter 24 of the Code (relating to collection of income tax at source on wages), for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be deemed filed on April 15 of such succeeding calendar year. For ex-

ample, if quarterly returns of the tax imposed by chapter 24 of the Code are filed for the four quarters of 1955 on April 30, July 31, and October 31, 1955, and on January 31, 1956, the period of limitation for assessment with respect to the tax required to be reported on such return is measured from April 15, 1956. However, if any of such returns is filed after April 15, 1956, the period of limitation for assessment of the tax required to be reported on that return is measured from the date it is in fact filed.

(c) *Returns executed by district directors or other internal revenue officers.* The execution of a return by a district director or other authorized internal revenue officer or employee under the authority of section 6020(b) shall not start the running of the statutory period of limitations on assessment and collection.

#### § 301.6501(c)-1 Exceptions to general period of limitations on assessment and collection.

(a) *False return.* In the case of a false or fraudulent return with intent to evade any tax, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time after such false or fraudulent return is filed.

(b) *Willful attempt to evade tax.* In the case of a willful attempt in any manner to defeat or evade any tax imposed by the Code (other than a tax imposed by subtitle A or B, relating to income, estate, or gift taxes), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(c) *No return.* In the case of a failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time after the date prescribed for filing the return. For special rules relating to filing a return for chapter 42 and similar taxes, see §§ 301.6501(n)-1, 301.6501(n)-2, and 301.6501(n)-3.

(d) *Extension by agreement.* The time prescribed by section 6501 for the assessment of any tax (other than the estate tax imposed by chapter 11 of the Code) may, prior to the expiration of such time, be extended for any period

In 1966, P.L. 89-719, amended item 6323 from "Validity against mortgagees, pledgees, purchasers, and judgment creditors" ... deleted "partial" before "discharge" in item 6325.

### Sec. 6321.  Lien for taxes.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

### Sec. 6322.  Period of lien.

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

In 1966, P.L. 89-719, Sec. 113, added "(or a judgment against the taxpayer arising out of such liability)" after "liability for the amount so assessed" effective after 11/2/66, regardless of when a lien or a title of the U.S. arose or when the lien or interest of any other person was acquired. For a special exception included in Sec. 114 of P.L. 89-719 see the note to Code Sec. 6323.

### Sec. 6323.  Validity and priority against certain persons.
#### (a) Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.

The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

#### (b) Protection for certain interests even though notice filed.

Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

(1) **Securities.** With respect to a security (as defined in subsection (h)(4))—

(A) as against a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien; and

(B) as against a holder of a security interest in such security who, at the time such interest came into existence, did not have actual notice or knowledge of the existence of such lien.

(2) **Motor vehicles.** With respect to a motor vehicle (as defined in subsection (h)(3)), as against a purchaser of such motor vehicle, if—

(A) at the time of the purchase such purchaser did not have actual notice or knowledge of the existence of such lien, and

(B) before the purchaser obtains such notice or knowledge, he has acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to the seller or his agent.

(3) **Personal property purchased at retail.** With respect to tangible personal property purchased at retail, as against a purchaser in the ordinary course of the seller's trade or business, unless at the time of such purchase such purchaser intends such purchase to (or knows such purchase will) hinder, evade, or defeat the collection of any tax under this title.

(4) **Personal property purchased in casual sale.** With respect to household goods, personal effects, or other tangible personal property described in section 6334(a) purchased (not for resale) in a casual sale for less than

$1,000, as against the purchaser, but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales.

(5) **Personal property subject to possessory lien.** With respect to tangible personal property subject to a lien under local law securing the reasonable price of the repair or improvement of such property, as against a holder of such a lien, if such holder is, and has been, continuously in possession of such property from the time such lien arose.

(6) **Real property tax and special assessment liens.** With respect to real property, as against a holder of a lien upon such property, if such lien is entitled under local law to priority over security interests in such property which are prior in time, and such lien secures payment of—

(A) a tax of general application levied by any taxing authority based upon the value of such property;

(B) a special assessment imposed directly upon such property by any taxing authority, if such assessment is imposed for the purpose of defraying the cost of any public improvement; or

(C) charges for utilities or public services furnished to such property by the United States, a State or political subdivision thereof, or an instrumentality of any one or more of the foregoing.

(7) **Residential property subject to a mechanic's lien for certain repairs and improvements.** With respect to real property subject to a lien for repair or improvement of a personal residence (containing not more than four dwelling units) occupied by the owner of such residence, as against a mechanic's lienor, but only if the contract price on the contract with the owner is not more than $5,000.

(8) **Attorneys' liens.** With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforcible against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement, except that this paragraph shall not apply to any judgment or amount in settlement of a claim or of a cause of action against the United States to the extent that the United States offsets such judgment or amount against any liability of the taxpayer to the United States.

(9) **Certain insurance contracts.** With respect to a life insurance, endowment, or annuity contract, as against the organization which is the insurer under such contract, at any time—

(A) before such organization had actual notice or knowledge of the existence of such lien;

(B) after such organization had such notice or knowledge, with respect to advances required to be made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge; or

(C) after satisfaction of a levy pursuant to section 6332(b), unless and until the Secretary delivers to such organization a notice, executed after the date of such satisfaction, of the existence of such lien.

(10) **Deposit-secured loans.** With respect to a savings deposit, share, or other account with an institution described in section 581 or 591, to the extent of any loan made by such institution without actual notice or knowledge of the existence of such lien, as against such institution, if such loan is secured by such account.

Nadine J. Griffin,

# EXHIBIT "F"
## 27 pages



Department of the Treasury
**Internal Revenue Service**

# Catalog of Federal Tax Forms, Form Letters and Notices

Publication 676 (Rev. 12-91)
Catalog Number 72060U

# Part I

# Federal Tax Return Forms and Related Forms

(as of Nov 1991)

This part identifies the list of tax forms and related tax forms by number, title, and a brief description of use. It does not explain all possible requirements, exceptions, limitations, or qualifications that may apply. Sources of additional detailed information, such as relevant sections of the Internal Revenue Code and Regulations, are noted at the end of the descriptions. Also, instructions are frequently printed on the forms. If separate instructions are available, this fact is noted at the end of each description.

You can get a copy of the forms listed in this part at most IRS offices.

## Abbreviations Used

The following abbreviations are used in this part:

| | |
|---|---|
| C.B. | Cumulative Bulletin of the Internal Revenue Service |
| C.F.R. | Code of Federal Regulations |
| E. & G. | Estate and Gift Tax |
| Emp. | Employment Tax |
| ERISA | Employee Retirement Income Security Act |
| Ex. | Excise Tax |
| FICA | Federal Insurance Contributions Act |
| FUTA | Federal Unemployment Tax Act |
| I.R.B. | Inetrnal Revenue Bulletin |
| IRC | Internal Revenue Code |
| IRM | Internal Revenue Manual |
| IRS | Internal Revenue Service |
| IT | Income Tax |
| Misc. | Miscellaneous Tax |
| PA | Procedure and Administration |
| P.L. | Public Law |
| Pub. | Internal Revenue Service Publication |
| Regs. | Regulations issued under the Internal Revenue Code |
| Rev. Proc. | Revenue Procedure |
| Rev. Rul. | Revenue Ruling |
| Sec. | Section of code, regulations, etc., referenced |
| T.D. | Treasury Decision |
| Temp. Regs. | Temporary Regulations |
| TIAS | Treaties and Other International Agreement Series |
| USC | United States Code |

**9357C     Explanation of Adjustments—Computation of Understatement due to Substantial Understatement.** Used to compute the penalty amount on an understatement due to substantial understatement. IN:C:P

**9357D     Explanation of Adjustments—Computation of Substantial Understatement.** Used to compute the penalty amount due to substantial understatement. IN:C:P

**9368     Questionnaire—Scholarship or Fellowship Grant.** Used to question taxpayers about grants received. IN:C:P

**9369     Authorization to Directly Contact Partners (Shareholders).** Used to obtain authorization from counsel of record before sending agreement forms directly to partners or shareholders in a docketed TEFRA case. CC:AP:FS

## Computer Paragraph Notices

**CP–04     Estimated Tax Penalty Waiver.** (IMF) Issued to inform taxpayers that due to changes in the tax law, an estimated tax penalty was waived, or partially waived. (1987 only) R:R:Q

**CP–05     SSNs For Dependents.** (IMF) Issued to inform taxpayers that IRS has processed their tax return using the exemption(s) claimed. Tax returns for the following years must include a social security number for dependents who are 2 years of age or older. Advising taxpayers that they may apply for a social security number by completing Form SS-5, Application for a Social Security Card, at their local Social Security office. R:R

**CP–8     Correction Notice-Amount Due IRS-Reduced Amount Applied to Estimated Tax.** Issued to inform taxpayer of a math error resulting in balance due and amount of credits applied to estimated tax for next taxable period. R:R:Q

**CP–9     Correction Notice-Reduced Amount Applied to Estimated Tax.** Issued to inform taxpayers of a math error resulting in even computation (balance due or overpayment of less than $1) and amount of credits applied to estimated tax for next taxable period. R:R:Q

**CP–10     Correction Notice—Reduced Amount Applied to Estimated Tax.** (IMF) Issued as a first notice to inform a taxpayer that there was an error in computation of the individual income tax return and there is an overpayment of $1.00 or more. Also informs the taxpayer of the amount of credits actually applied to the next tax period, if the taxpayer requested amount and the credited amount differ by $1.00 or more. R:R

**CP–11     Math Error Notice.** (IMF) Issued to inform taxpayer of a math error resulting in balance due over $5.00. R:R

**CP–12     Math Error Notice.** (IMF) Issued to inform taxpayer of a math error resulting in overpayment of $1.00 or more. R:R

**CP–13     Math Error Notice.** (IMF) issued to inform taxpayer of a math error resulting in even computation. R:R

**CP–14     First Notice of Federal Tax Due—No Error.** (IMF) Issued to inform taxpayer of Federal tax due. (first notice) R:R

**CP–15     (IMF)** Issued to inform a taxpayer that a Civil Penalty has been assessed. R:R

**CP–16     Correction Notice—Refund Due Taxpayer** (IMF) Issued as a first notice to inform the taxpayer that an error in computation on the individual income tax return, resulting in an overpayment of $1.00 or more. Part of that overpayment was used to offset another tax liability. R:R

**CP–17     Additional Refund Due You.** (IMF) Issued to inform a taxpayer of a refund because he or she did not show all estimated tax payments. R:R

**CP–18     (IMF)** Issued to advise the taxpayer that a portion of the refund is being withheld due to an unallowable item on the return. R:R

**CP–19     Balance Due, Audit Unallowable Items.** (IMF) Issued to inform taxpayer of one or more unallowable item(s) on return, and of a balance due of $1 or more. R:R

**CP–20     Overpayment, Audit Unallowable Item.** (IMF) Issued to inform taxpayer of one or more unallowable item(s) on return, and of an overpayment of $1 or more. R:R

**CP–21     Tax Adjustment Notice.** (IMF) Issued to inform taxpayer of a balance due, an overpayment, or an even settlement condition, when the account was in TDA status, before the adjustment. R:R

**CP–22     Tax Adjustment Notice.** (IMF) Issued to inform taxpayer of a balance due when account was not in TDA status before adjustment. R:R

**CP–23     Estimated Tax Discrepancy—Balance Due.** (IMF) Issued to inform taxpayer that ES credits shown on return do not agree with our records and that there is a balance due of $1.00 or more on this account. R:R

**CP–24     Estimated Tax Discrepancy—Overpayment.** (IMF) Issued to inform taxpayer that ES credits shown on return do not agree with our records and that there is an overpayment of $1.00 or more on this account. R:R

**CP–25     Estimated Tax Discrepancy—Settlement.** (IMF) Issued to inform taxpayer that the ES credits shown on return do not agree with our records and there is a balance due or overpayment of less than $5. R:R

CP–403    (EPMF) Issued to taxpayer as a first delinquency notice.    R:R

CP–404    (EPMF) Issued to taxpayer as a second delinquency notice.    R:R

CP–405    (EPMF) Issued to taxpayer as a third delinquency notice.    R:R

CP–406    (EPMF) Issued to taxpayer as a fourth delinquency notice.    R:R

CP–411    Request for Information About Tax Form—First Notice.    (EOMF) Issued to inform taxpayer that IRS has no record of receiving Exempt Organization tax form. If already filed or not required to file, taxpayer is requested to furnish additional information.    R:R

CP–412    Request for Information About Tax Form—Second Notice.    (EOMF) Follow-up notice advising taxpayer that IRS has no further information about missing exempt organization tax return: requesting a return and payment of taxes if liable for filing and paying: requesting information if the return was filed or if taxpayer is not liable for filing it.    R:R

CP–413    (EOMF) Issued to taxpayer as third delinquency notice.    R:R

CP–414    Your Tax Form Is Overdue—Let Us Hear From You Now.    (EOMF) Final notice advising taxpayer that IRS has no record of receiving exempt organization tax form or reply to previous notices. Explains the actions to be taken if the taxpayer fails to file the return or give a reason for not filing.    R:R

CP–501    First notice urging immediate resolution of tax liability to avoid enforcement action.    CO:O

CP–502    Second notice issued to inform taxpayer that IRS has not received payment of Federal tax shown, asking for payment of amount due or, if recently paid or adjusted, asking for any balance due and an explanation.    CO:O

CP–503    Third notice issued to inform taxpayer that IRS has not received payment of the Federal tax shown; that it should be paid within the next 10 days to avoid additional penalty and interest charges and enforced collection action. Includes information about filing tax lien and seizure. If account was recently paid or adjusted, asks for any balance due and an explanation.    CO:O

CP–504    Fourth notice issued to inform taxpayer that since IRS has no record of a reply to previous requests for payment of overdue Federal tax; this is final notice and demand before seizure of assets to enforce payment; if total amount due, as shown, is incorrect; suggests the taxpayer contact IRS so the account can be corrected.    CO:O

CP–515    Request for Information About Tax Form.    First notice issued to inform taxpayer that IRS has no record of receiving tax form, requesting information if he or she filed the form using a different name or number or if form is not required; requesting a return and payment of taxes if liable for filing and paying. (Also available in Spanish)    CO:O

CP–516    Second Request for Information About Tax Form.    Second notice advising taxpayer that IRS has no further information about missing tax return, requesting a return and payment of taxes if he or she is liable for filing and paying; requesting information if the return was filed or if taxpayer is not liable for filing it. (Also available in Spanish)    CO:O

CP–517    We Have Not Received a Reply to Our Request for Information About Your Tax Form.    Third notice issued to inform taxpayer that IRS has no record of receiving tax form or reply to previous letters, requesting form if it is required, or information if it is not required or was filed more than a week ago, and furnishing information about interest and penalty charges for late filing and late payment.    CO:O

CP–518    Your Tax Form Is Overdue-Let Us Hear From You Now.    Fourth notice issued to inform taxpayer that IRS has no record of receiving tax form or reply to previous letters, asking him or her to come in to nearest Internal Revenue office to discuss this problem if he or she did not answer or file within the past week.    CO:O

CP–520    Issued to request information returns from taxpayers.    CO:O

CP–521    Issued as reminder to taxpayer of the due date of payment; listing how payment will be applied to outstanding account.    CO:O

CP–522    Issued to request taxpayer to appear at nearest IRS office within 15 days to discuss reevaluation of arrangement for payment of Federal tax liability, and to provide information about financial condition.    CO:O

CP–523    Issued as final notice of default to taxpayer who is delinquent in installment payments, warning taxpayer to pay a satisfactory amount on obligation within 10 days or IRS will collect the liability by levy on income or seizure of property.    CO:O

CP–531    Backup Withholding Alert.    (IMF) Issued to alert a delinquent taxpayer to the possibility of backup withholding being imposed on dividend and/or interest income. Briefly explains backup withholding and how to avoid it.    CO:O:SC

CP–537    Initial Backup Withholding Notice.    Issued to inform a taxpayer that he/she may become subject to backup withholding unless the problem described in previous IRS notices is resolved promptly    CO:O

**Letter 1046(DO)**    Letter to organization, near the end of advance ruling period, asking for information to establish that organization is of the type described in sections 170(b)(1)(A)(vi) and 509(a)(1). Requests amount of gifts, grants and contributions received; amount of membership fees received; amount of gross income from interest, dividends, rents, and royalties; amount of net income from unrelated business activities; amount of tax revenue levied; value of services or facilities furnished by governmental unit without charge; amount of other receipts; total amount of other receipts and grand total for the advance ruling period; statement of name and amount received from each person contributing more than 2 percent of the grand total for the advance ruling period; amount of gross receipts from any activity that is not an unrelated business within the meaning of section 513. Organization is asked to send this information within 90 days from the end of the advance ruling period; if information is not received, organization will be treated as a private foundation as of first day of its first tax year.    E:O

**Letter 1048(DO)**    Letter advising an organization that since IRS has not received the information needed to make a final determination of its foundation status under section (to be inserted); IRS has no alternative but to classify the organization as a private foundation as of the 91st day after the end of the organization's advance ruling period. In addition, the organization is considered a private foundation as of the first day of the first tax year for purposes of sections 507(d) and 4940 of the Code.    E:O:D

**Letter 1050(DO)**    Letter to organization modifying an earlier letter that advised that organization would not be treated as a private foundation until the expiration of the advance ruling period. Letter further states that based on information received, it has been determined that organization is not a private foundation within section 509(a) of the Code, because organization is of the type described in section (to be inserted). A grantor or a contributor may not reply on determination if he was in part responsible for, or was aware of, the act or failure to act that resulted in loss of section (to be inserted) status, or acquired knowledge that IRS had given notice that organization would be removed from classification as a section (to be inserted) organization.    E:O:D

**Letter 1051(DO)**    Letter to organization advising that IRS cannot issue an advance determination on private foundation status based on information received with section 508(b) notice, because it has not shown that the organization can reasonably be expected to meet the requirements of either section 170 (b)(1)(A)(vi) or section 509(a)(2) of the Code. If organization does not establish that these requirements were met, IRS will classify organization as a private foundation effective as of the day formed and liable for taxes incurred by a private foundation.    E:O

**Letter 1052(DO)**    Letter to an institution advising that the Secretary of the Treasury has issued regulations to implement Titles I and II of Public Law 91–508, the Financial Recordkeeping and Currency and Foreign Transactions Reporting Act of 1970. A copy of Form 5103, Examiner's Checksheet, which reflects many of the regulations' provisions, is enclosed. The institution is also advised that a representative may check soon to see that records are being maintained and reports are being filed as required.    EX:E:D

**Letter 1056(DO)**    Determination letter advising that trust or custodial account meets the requirements of an individual retirement account under section 408(c) of the Internal Revenue Code, and is exempt from tax under section 408(e) of the Code; that individuals who participate in it will be considered to have an individual retirement account; that continued acceptability depends upon the account's effect in operation, and reports from trustees and issuers are required; that determination does not apply to deduction of contributions under section 219 of the Code, or to satisfaction of contribution or benefit limits of section 415, nor does it concern the effect of other Federal or local statutes on the trust or custodial account.    E:EP:Q

**Letter 1057(DO)**    Letter advising employer that information received indicates payment of contributions into a State unemployment insurance fund, but IRS has no record of employer filing Forms 940; explaining filing requirements; asking for returns, or locator information if filed, or explanation if returns not required. A form for Statement of No Liability is printed on the back of the letter for completion and return by employer.    CO:C

**Letter 1058(C/DO/IO)**    Final notice to taxpayer that taxes are overdue, and the total amount owed must be paid within 30 days.    CO:O

**Letter 1066(IO)**    Third-party letter requesting information under section 7602 of the Internal Revenue Code. Space is provided to fill in the information needed.    IN:C:P

**Letter 1071(DO)**    Letter advising an organization of classification as not a private foundation as defined in section 509(a) of the Internal Revenue Code because it is an organization described in section 509(a)(3).    E:O

**Letter 1072(C)**    Letter responding to taxpayer's inquiry about the identification number IRS assigned to an employee plan; furnishing correct number.    R:R:P

**Letter 1074(C/SC)**    Letter advising taxpayer that IRS needs additional information before form submitted for employee benefit plan can be completed.    R:R:R

**Letter 1075(DO)**    Determination letter informing an organization that it is exempt from Federal income tax under IRC section 501(c)(3), a private foundation within the meaning of Code section 509(a), and an operating foundation as defined in section 4942(j)(3). Also advising foundation of filing requirements.    E:O:D

**Internal Revenue Service**

**Department of the Treasury**

**Social Security or**
**Employer Identification Number:**

Date:

**Person to Contact:**

**Contact Telephone Number:**

Our review shows that you are not keeping adequate records to determine your correct Federal tax liability. The reasons why your records are not adequate are explained below.

You are required by law to keep permanent records and supporting documents. Penalties may be charged for your not doing so. The applicable provisions of the Internal Revenue Code and Regulations are printed on the back of this letter.

This letter is your official notice to keep complete records so your correct tax liability may be determined. The records you keep must show all the following information:

(1) The date and a description of each transaction you engaged in.

(2) The date and amount of each item of gross income received.

(3) A description of the nature of income received.

(4) The date and amount of each payment you made.

(5) The name and address of the payee.

(6) A description of the nature of each payment.

If your have any question, please contact the person whose name and telephone number are shown above.

Sincerely yours,

| EXHIBIT | PAGE | of |
|---------|------|-----|
|         |      |     |

(over)

**Letter 978 (DO) (Rev. 2-87)**
Cat. No. 40412G

## APPLICABLE PROVISIONS OF THE INTERNAL REVENUE CODE AND REGULATIONS

Section 6001 of the Internal Revenue Code provides as follows:

"Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title."

Section 1.6001 - 1 (e) of the Regulations under the Internal Revenue Code provides as follows:

"(e) Retention of Records. - The books or records required by this section shall be kept at all times available for inspection by authorized Internal Revenue officers or employees, and shall be retained so long as the contents thereof may become material in the administration of any Internal Revenue law."

Section 7203 of the Internal Revenue Code provides as follows:

"Any person required under this title to pay any estimated tax or tax , or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations , shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution."

ORIGINATOR OF THIS NOTICE SERVED AS INDICATED

| Taxpayer's name | Social Security or employer identification number |
|---|---|
| | |

Date (day, month, year) taxpayer was verbally told records were not adequate

| Agreement Form 2807 solicited<br>☐ Secured     ☐ Not Secured | Date solicited (day, month, year) |
|---|---|
| Original of this notice personally served on (name) | Date (day, month, year) |

Address where notice was served

| Signature of person serving notice | Title |
|---|---|
| | |

| EXHIBIT | PAGE | of |
|---|---|---|
| | | |

**Letter 978 (DO) (Rev. 2-87)**
Cat. No. 40412G

**Internal Revenue Service**                    **Department of the Treasury**

Date:

**Form Number:**

**Kind of Tax:**

**Social Security or Employer Identification Number:**

**Person to Contact:**

**Employee Identification Number:**

**Contact Telephone Number:**

Dear

Our review of your records shows they do not adequate~~ ify y~~ ~~ ~~ederal tax liability identified above. Our reasons for believing they are not adequate are expla~~ ~~d a~~ ~~e bottom of this letter.

You are required by law to keep permanent reco~~ ~~d s~~ ~~porting documents (the applicable provisions of the Internal Revenue Code and Regulations are ~~ ~~inte~~ ~~ ~~ ~~ b~~ ~~ck of this letter). These records may consist of documents such as invoices, bills, tapes, and~~ ~~ ~~or~~ ~~ timely kept account book, diary or statement of expenses and supporting receipts, paid bills, or~~ ~~nce~~ ~~d checks. These must be sufficiently detailed and arranged so that your liability can be a~~ ~~ ~~ly re~~ ~~orted and verified.

Please send us, within the next ~~ ~~onth~~ ~~ ~~ explanation of how you are correcting your record keeping to meet the requirements of the law.

If you have any questions, please con~~ ~~t the person whose name and telephone number are shown above.

Sincerely yours,

| EXHIBIT | PAGE | of |
|---------|------|-----|
|         |      |     |

**Letter 979 (DO) (Rev. 2-1987)**
**Catalog Number: 40413R**

**Reasons why records are not adequate:**

## APPLICABLE PROVISIONS OF THE INTERNAL REVENUE CODE

**Section 6001 of the Internal Revenue Code provides in part:**

"Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe ..."

**Section 7203 of the Internal Revenue Code also states:**

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution."

**Applicable Regulations under the Internal Revenue Code are:**

SAMPLE

| ORIGINAL OF THIS NOTICE SERVED AS INDICATED | |
|---|---|
| Taxpayers name | Social Security or employer identification number |

Date (day, month, year) taxpayer was verbally notified about inadequacy of records

Date (day, month, year) original of this notice was served

| Address where notice was served | ☐ In Person    ☐ By Mail |
|---|---|
| Signature of person serving notice | Title |

| EXHIBIT | PAGE | of |
|---|---|---|
| | | |

**Letter 979 (DO) (Rev. 2-1987)**
Catalog Number: 40413R

3300 SW 34TH AVENUE  SUITE
ATTN: GROUP 3500  STOP 5345
OCALA, FL 34474

Letter Number:  3174 (P)

Letter Date:
  01/31/2006
Social Security or
Employer Identification Number

IRS Employee to Contact:
  MR. RICHARD HANAUER
Employee Identification Number:
  59-00905
Contact Telephone Number:
  (352)291-2814

Although we previously sent you a notice of our intention to collect your unpaid tax through enforced collection, our records show that you still have not paid the amount you owe.  Enforced collection may include placing a levy on your bank accounts, wages, receivables, commissions, etc.  It could also involve seizing and selling your property, such as real estate, vehicles, or business assets.

   To prevent collection action, please pay the amount you owe now.  Make your check or money order payable to the United States Treasury, and write your social security number or employer identification number on it.  Send your payment to us in the enclosed envelope with a copy of this letter.  **The amount you owe is shown on the next page.**

   If you recently paid this or if you can't pay it all as soon as you get this letter.  Our telephone number is at the top of this letter.  If you are concerned with our taking enforcement action, you may be able to work out another solution.  Speak with the person whose name appears at the top of this letter, or ask for that person's manager.  If you do not agree with the results, you may fill out Form 9423, Collection Appeals Request, for Appeals consideration.

   The unpaid amount from prior notices may include tax, penalties, and interest you still owe.  It also includes credits and payments we have received since our last notice to you.

**Interest - Internal Revenue Code Section 6601**
   We charge interest when your tax is not paid on time.  Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice.

   Interest is also charged on penalties assessed on your account.  Interest compounds daily except on underpaid estimated taxes for individuals or corporations.

**Paying Late - Internal Revenue Code Section 6651(a)(2)**
   We charge a penalty when your tax is not paid on time.  Initially, the penalty is ½% of the unpaid tax for each month or part of a month the tax was not paid.

   If you have any questions about your account or would like a further detailed explanation of the penalty and interest charges on your account, please call me at the telephone number shown above.

Sincerely yours,

Richard Hanauer

MR. RICHARD HANAUER
REVENUE OFFICER

# Summary of Contact

| Taxpayer's Name and ID# | POA's-Representative Name |
|---|---|
| | |

*Pursuant to Internal Revenue Code Section 6103 and Form 2848, a copy of this document will be provided to the taxpayer as appropriate.*

*In order to determine the appropriate resolution of the taxpayer's case, we need to calculate/verify his/her ability to pay the tax delinquencies, and ensure that the taxpayer remains in current compliance with applicable filing and paying requirements. To assist us in doing so, please provide the following information/documents by the date required:*

| Information/Documents required | Date Required |
|---|---|
| Appointment scheduled for 2/15/2006 or 2/22/2006 at 1:00 p.m. at the address shown below. Mr.          should bring the information requested on the attached compliance information sheet. | 02/15/2006 |



**Notification of Consequences of Failure to Provide Information:** Your failure to provide the above information by the specified date(s) may require the IRS to take action such as issuing summonses, filing a Notice of Federal Tax Lien, and/or issuing you a Notice of Intent to Levy and Notice of Your Right to a Hearing, if one was not previously issued for this liability.

| Revenue Officer Name and Employee Identification Number | Date | Telephone / Fax Number |
|---|---|---|
| Richard L. Hanauer - 59-00905 | 1/31/06 | 352-291-2814<br>Fax - 352-854-1082 |

**Office Address**

3300 SW 34TH AVE., Suite 152, Stop 5345,  Ocala, FL 34474-7448

Form **9297** (Rev. 1-2000)                                          Department of the Treasury – Internal Revenue Service



Number of this letter: 8174
**Date of this letter:** 01/31/2006
**Taxpayer Identification Number:**

**The amount you owe is:**

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty | Additional Interest | AMOUNT YOU OWE |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | $28175.29 | $4832.75 | $16401.59 | $49409.63 |
| 1040 | 12/31/1997 | $35696.63 | $6331.25 | $19850.22 | $61878.10 |
| 1040 | 12/31/1999 | $22296.84 | $491.20 | $2998.04 | $25786.08 |
| 1040 | 12/31/2000 | $25231.76 | $1508.30 | $3393.01 | $30133.07 |
| 1040 | 12/31/2001 | $42594.95 | $3007.95 | $4011.11 | $49614.01 |
| 1040 | 12/31/2002 | $25280.18 | $3039.43 | $2380.66 | $30700.27 |

Total:       $247521.16



SAMPLE

```
                 ACCRUAL COMPUTATION DATE:  02/15/2006

      TIN                              NAME:

  MFT TAXPD RESTRICT     MOD BAL      ACCR INT      ACCR FTP      MOD TOTAL
  30 199612             28175.29     16273.55       4832.75       49281.59
  30 199712             35696.63     19690.68       6331.25       61718.56
  30 199812             31671.04      4153.26          0.00       35824.30
  30 199912             22296.84      2925.39        491.20       25713.43
  30 200012             25231.76      3310.79       1508.30       30050.85
  30 200112             42594.95      3877.25       3007.95       49480.15
  30 200212             25280.18      2301.21       3039.43       30620.82
  30 200312             29988.53       703.97        518.45       31210.95




      TOTALS:         240935.22      53236.10      19729.33      313900.65

  <ESC> ESC      <UP/DN> UP/DN LINE    <PGUP/PGDN> UP/DN PAGE   <F10> PRINT
```

[Requesting history data.......                                    |    S ]

## COMPLIANCE INFORMATION SHEET

PAYMENT OF LIABILITY:
[✓]    Payment in the amount of $ *313,900.65* as of *2/15/2006*
for _*SEE ACCRUAL COMPUTATION ATTACHED.*_

SIGNED TAX RETURNS:
[ ]    Form 1040 U.S. Individual Income Tax for years ended:
_____
[ ]    Form 1120 U. S. Corporation Income Tax for years ended:
_____
[ ]    Form 941 Employers Quarterly Tax for periods ended:
_____
[ ]    Form 940 FUTA Tax for periods ended:
_____
[ ]    Other: _____
_____

COMPLIANCE INFORMATION:
[ ]    Proof of all Federal Tax Deposits from: _____.
[ ]    Proof of all 1040 Estimated Tax Payments from _____.
[ ]    Other: _____.

If you are unable to full pay the tax liability above, please bring
partial payment and the following information:

FINANCIAL INFORMATION:
[✓]    All bank statements and cancelled checks for the last 3 months.
[✓]    Current Profit and Loss Statement.
[✓]    Verification of all income including pay stubs, accounts
receivable, rents, etc.) for the last 3 months.
[✓]    Information on all assets (vehicle registrations, deeds, life
insurance policies, etc.)
[✓]    Latest billing statement or other records of outstanding debts
or obligations (include name & address of lienholders.)
[ ]    Complete Collection Information Statement(s) (433a and /or
433b - blank forms enclosed.)
[                                                                    ]
Other: _____.

CORPORATE INFORMATION:
[ ]    Copy of Bank Signature Card
[ ]    Corporate Books and Records
[ ]    Corporate Charter
[ ]    Other: _____.

ADDITIONAL INFORMATION:
_____
_____
_____
_____



Department of the Treasury
**Internal Revenue Service**
Fresno, CA 93888-0010

IRS USE ONLY   W1   0  0

1-800-829-0922
**Your Caller ID:** 199610

**Notice Number:** CP15
**Date:** February 13, 2006

**Taxpayer Identification Number:**

**Tax Form:** CVL PEN
**Tax Year:** December 31, 2001

000054

Notice Of Penalty Charge                                                                 666

You have been charged a penalty under Section 6702 of the Internal Revenue Code for Filing a Frivolous Return.

Tax Statement

| | |
|---|---|
| Prior Balance | $.00 |
| Penalty Assessment | $500.00 |
| Interest Charged | $.00 |
| Bad Check Penalty | $.00 |
| Balance Due | $500.00 |

We charged you a penalty under Internal Revenue Code Section 6702 for filing a frivolous income tax return. The penalty is $500 for each individual who files a return that does not include sufficient information to establish that it is substantially correct, or includes information that indicates it is substantially incorrect. The penalty applies when such a return exhibits a frivolous (patently groundless) position or the apparent desire to obstruct the administration of federal income tax laws.

If you wish to contest the assertion of this penalty, you must fully pay the entire penalty and file a claim for refund with the IRS within three years from the time a return associated with the penalty was filed or two years from the date the penalty was paid, whichever period expires later.

If your refund claim is pending for six months or more and the IRS has not issued a notice of claim disallowance with regard to the claim, you may file suit in the United States District Court or United States Court of Federal Claims to contest the assertion of the penalty at any time. Once the IRS issues a notice of claim disallowance, however, you must file suit in the United States District Court or The United States Court of Federal Claims within two years of the date the IRS mails a notice of disallowance to you denying the refund claim.



Department of the Treasury
**Internal Revenue Service**
P.O. Box 30396  Mail Stop 822
Memphis, TN  38130-0396

Assistance call:
1-800-829-8374
**Your Caller ID:**  269318

**Notice Number:** CP22E
**Date:** October 17, 2005

**Taxpayer Identification Number:**

ԻլՈւԼդԼդԼՈԼլԼդՈԼՈԼԼԼՈՈՈԼՈԼԼՈԼՈԼԼԼԼ

**Tax Form:** 1040A
**Tax Year:** December 31, 2003

| Amount You Owe as of November 7, 2005 |
|---|
| **$29,988.53** |

039639



## We Changed Your Account

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2003 federal income tax return because of your recent audit.  Please see your copy of the report for a detailed explanation.  As a result of the audit you owe an additional amount.

## How We Changed Your Account

We changed your account as follows:

| | |
|---|---|
| **Account balance before the audit** | **None** |
| Increase in tax because of audit | $20,738.00 |
| Additional late payment penalty since prior notice | $1,970.11 |
| Filing Late penalty added | $4,666.05 |
| Estimated Tax penalty added | $535.10 |
| Interest charged | $2,079.27 |
| **Amount you now owe** | **$29,988.53** |

## How This Affects You

Please pay the full amount by November 7, 2005 to avoid additional penalty and interest.  When making your payment:

· Make your check or money order payable to the **United States Treasury**
· Write the Social Security number and tax year shown at the top of this notice on the check or money order
· Use the payment coupon included with this notice

-send Form 843 to the IRS Service Center where you filed your return for the year you relied on erroneous advice from the IRS.

The three documents you must attach to your Form 843 are:

-a copy of your original request for advice from IRS,

-a copy of the erroneous written advice from IRS, and

-a notice (if any) showing the penalty we charged that you now wish us to remove.

## Interest:

**09 Interest**

**IRC section 6601**

039639

We charge interest when your tax isn't paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice.

Interest compounds daily except on late or underpaid estimated taxes for individuals or corporations. Interest is also charged on penalties for late filing, over or understating valuations, and substantially understating the tax you owe.

\*    Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 work days from the date of your notice. If the amount you owe is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of your notice. If we don't receive full payment within these time frames, the law requires us to charge interest until you pay the full amount you owe.



**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE
AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU
ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

039639

---

**CUT HERE**

Return this voucher with your inquiry or correspondence.

Your Telephone Number:          Best Time to Call:
(     )      -                           _____AM_____PM

     64,350      56,550     9,784

☐ **Correspondence enclosed:**
• Write your Taxpayer Identification
  Number, tax period and tax form number
  on your inquiry or correspondence.

`B          200540      07,01,02,09

22E     Internal Revenue Service
        P.O. Box 30396  Mail Stop 822
        Memphis, TN  38130-0396

    Iulllululuullullllllullluuullllllululllulll

SAMPLE

---

**CUT HERE**

Return this voucher with your payment or correspondence.

Your Telephone Number:          Best Time to Call:
(     )      -                           _____AM_____PM

     64,350      56,550     9,784

**Amount you owe:       $29,988.53**
• You will avoid additional penalties and/or
  interest if we receive your full payment by
  **November 7, 2005**

☐ **Amount enclosed:**     $_____
• Make payable to United States Treasury
• Write Taxpayer Identification Number, tax
  period and tax form number on payment

☐ **Correspondence enclosed**

SB          200540      07,01,02,09                              5

22E     Internal Revenue Service
        Cincinnati, OH  45999-0150

    Iulllllllululllulllulluuulllulullulululul


**IRS** Department of the Treasury
Internal Revenue Service
HOLTSVILLE, NY 11742-9013

Letter Number: 3219(SC/CG)
Letter Date: April 05, 2004

Taxpayer Identification Number:

Tax Form: 1040

Tax Year Ended and Deficiency
DEC. 31, 2000  ****11,482.00

Contact Person:
Customer Service Rep.

Contact Telephone Number:
631-447-4984
(Not a toll free number)
Hours to Call:

Between  5:00 PM and 10:00 PM

Last Date to Petition Tax Court:
July 06, 2004

Penalties/Additions to Tax

| SEC. | | |
|---|---|---|
| SEC. 6 (a)(1)IRC | | $2,383.20 |
| SEC. 6 (a)(2)IRC | | $1,376.96* |
| SEC. 66 IRC | | $564.31 |

Dear Taxpayer:

We have determined that there is a deficiency (increase) in your income tax as shown above.
This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement
shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have until the
**Last Date to Petition Tax Court** (90 days from the date of this letter or 150 days if the letter is
addressed to you outside the United States) to file a petition with the United States Tax Court
for a redetermination of the amount of your tax. You can get a petition form and the rules for
filing a petition from the Tax Court. You should file the petition with the   **United States Tax Court,
400 Second Street NW, Washington D.C. 20217.**  Attach a copy of this letter to the petition.

The time in which you must file a petition with the court (90 days or 150 days as the case may be)
is fixed by law and underline the Court cannot consider your case if the petition is filed late. As required
by law, separate notices are sent to spouses. If this letter is addressed to both a husband and
wife, and both want to petition the Tax Court, both must sign the petition or each must file a
separate, signed petition.

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is
$50,000 or less for any one tax year. You can also get information about this procedure, as well
as a petition form you can use, by writing to the Clerk of the United States Tax Court at
400 Second Street, NW, Washington, D.C. 20217. You should write promptly if you intend
to file a petition with the Tax Court.

If you decide *not* to file a petition with the Tax Court, please sign and return the enclosed
waiver form to us. This will permit us to assess the deficiency quickly and will limit the
accumulation of interest. We've enclosed an envelope you can use. If you decide not to sign
and return the waiver and you do not petition the Tax Court, the law requires us to assess and
bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is
addressed to you outside the United States).

**FORM 5564**(Rev. June 1992)

Department of the Treasury — Internal Revenue Se.

## NOTICE OF DEFICIENCY - WAIVER

Symbols

Name and Address of Taxpayer(s)

04/05/2004

| Kind of Tax | ☐  Copy to Authorized Representative |
|---|---|
| INDIVIDUAL INCOME | |

<div align="center">⬇</div>

| Tax Year Ended | DEFICIENCY | |
|---|---|---|
| December 31, 2000 | Increase in Tax    $11,482.00 | Penalties |

```
Failure-to-File Penalty  IRC 6651(a)(1)          $2,383.20
Failure-to-Pay Penalty   IRC 6651(a)(2)          $1,376.96
Estimated Tax Penalty    IRC 6654(a)               $564.31
```

SAMPLE

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest. Also, I waive the requirement under section 6532 (a) (1) of the Internal Revenue Code that a notice of claim disallowance be sent to me by certified mail for any overpayment shown on the attached report.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

| Signature | | | Date |
|---|---|---|---|
| | | | Date |
| | By | Title | Date |

**Note:** If you consent to the assessment of the deficiencies shown in this waiver, please sign and return this form to limit the interest charge and expedite our bill to you. Please do not sign and return any prior notices you may have received. Your consent signature is required on this waiver, even if fully paid.

Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled; nor prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for such action.

If you later file a claim and the Service disallows it, you may file suit for refund in a District Court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign:** If you filed jointly, both you and your spouse must sign. Your attorney or agent may sign this waiver provided that action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity (for example, an executor, administrator, or a trustee), Form 56, Notice Concerning Fiduciary Relationship, should, unless previously filed, accompany this form.

**If you agree, please sign and return this form; keep one copy for your records.**

DEPARTMENT OF THE TREA.   Y              INTERNAL REVENUE  _RVICE
                                         PROPOSED INDIVIDUAL INCOME TAX ASSESSMENT

                                         COLLECTION   :   NON-FILER
                                         Date of Report:
                                         Soc Sec Number:
                                         Form 1040    :   TAX YEAR   2000
                                         Filing Status :  SINGLE
                                         Reply to     :

                        TAX CALCULATION SUMMARY


TOTAL INCOME REPORTED BY PAYERS (see Income Sources):        (+)43,126.00

    Wages, interest, dividends, pensions, misc.      3,339.00
    Self-employment income                          39,787.00


ADJUSTMENT TO INCOME:                                        (-)2,811.00

ALLOWABLE DEDUCTIONS/EXEMPTIONS:                             (-)7,200.00

    Personal exemption allowance (1 exemption)         _00

    Standard Deduction                              4,_ _.00


TAX COMPUTATIONS:

    Taxable Income (total income minus _educ_ons)       33,115.00

    Income tax calculated using (1) _exe_ _ _p        5,860.00
    SECA tax on eligible self-empl_ _ _n_ _e          5,622.00


TOTAL TAX BEFORE CREDITS:                                    (+)11,482.00


TOTAL PRE-PAID CREDITS (Withh__ding, ES tax payments, etc.):  (-)890.00


NET TAX (TOTAL TAX minus PRE-PAID CREDITS):                  10,592.00


TOTAL INTEREST (calculated through 06-14-2003, see page 2):  (+)1,870.53


TOTAL PENALTIES (see page 2):                               (+)4,324.47

    Failure-to-File Penalty
    Failure-to-Pay Penalty                              _ _
    Estimated Tax Penalty                            564.31


*********************************************************************************
TOTAL AMOUNT DUE through 06-14-2003 (PAY THIS AMOUNT) ---------  16,787.00
*********************************************************************************

PAGE 1                          LETTER 2566SC/CG (REV. 09-1999)

DEPARTMENT OF THE TREA    :Y          INTERNAL REVENUE    :RVICE
                                       PROPOSED INDIVIDUAL INCOME TAX ASSESSMENT

SUMMARY OF INCOME SOURCES

SSN:                    TAX YEAR:  2000              05/15/2003

TAXABLE INCOME REPORTED TO THE IRS BY YOUR PAYERS:

01-Paid by

Paid to

$          STOCKS/BONDS SALES PRICE

02-Paid by

Paid to

$

03-Paid by

Paid to

$     460  NEC INCOME

04-Paid by

Paid to

$  4,063  NEC INCOME

05-Paid by

Paid to

$  1,264  NEC INCOME

 **IRS** Department of the Treasury
Internal Revenue Service

**BROOKHAVEN SERVICE CENTER**
**HOLTSVILLE, NY 11742-9013**

Please attach the top portion of this cover letter to your tax return and send it to us.  Your return will be processed faster.  You can use the envelope we've enclosed.

Filing a petition in tax court is not neccessary if you file the return with the IRS within the time stated in this letter package.

For Joint Returns -- Before you mail your return, please make sure you and your spouse have both signed the return.

Thank you for your help.

**FOR INTERNAL ROUTING USE ONLY**
Note to IRS Receipt and Control:
Do Not Process the Attached Return

Forward it to:
ASFR,

-------------- CUT  HERE ---------------------------------------------------------------

BODCD-SB
SELCD-28

Notice Number: Ltr 3219SC/CG
Notice Date  : 2004-04-05
Tax Period   : 200012

INTERNAL REVENUE SERVICE
HOLTSVILLE, NY 11742-9013


**SSN/EIN:**
**Caller ID:** 186960



37

* *

038397

# Urgent !!

### We intend to levy on certain assets. Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below. Current balance may include Civil Penalty, if assessed.

## Account Summary

| Form: CIVPEN | Tax Period: 12-31-2001 |
| --- | --- |
| Current Balance: | $503.37 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $3.37 |
| Last Payment: | $0.00 |

> For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at **1-800-829-0922**

See the enclosed Publication 594, *The IRS Collection Process*, and Notice 1219B, *Notice of Potential Third Party Contact* for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 02-13-2006

*write on your check:*

CIVPEN 12-31-2001

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

| Amount Due: |
| --- |
| $503.37 |

Internal Revenue Service
FRESNO, CA   93888-0025

7

# Penalty and Interest



About Your Notice - The penalty and interest charges on your account are explained below. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the front of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

038397

## Penalty:            $0.00

### 07 Paying Late

### IRC section 6651 (a) (2)

We charged a penalty because you didn't pay your tax on time. Initially, the penalty is 1/2 % of the unpaid tax for each month or part of a month you didn't pay your tax.

If you think we should remove or reduce this penalty, see "Removal of Penalties - Reasonable Cause."

### Removal of Penalties - Reasonable Cause

The law lets us remove or reduce the penalties explained in this notice if you have an acceptable reason. If you believe you have an acceptable reason, you may send us a signed statement explaining your reason. We'll review it and let you know if we accept your explanation as reasonable cause to remove or reduce your penalty. This procedure doesn't apply to interest and, in some cases, we may ask you to pay the tax in full before we reduce or remove the penalty for paying late.

### Erroneous Written Advice from IRS

We'll also remove your penalty if:

- you wrote to IRS and asked for advice on a specific issue,
- you gave IRS complete and accurate information,
- IRS wrote back to you and gave you a specific course of action to take or explained what actions not to take,
- you followed our written advice in the manner we outlined, and
- you were penalized for the written advice we gave you.

To have the penalty removed because of erroneous written advice from IRS, you should:

- complete Form 843, Claim for Refund and Request for Abatement,
- request that IRS remove the penalty, and

- send Form 843 to the IRS Service Center where you filed your return for the year you relied on erroneous advice from the IRS.

The three documents you must attach to your Form 843 are:

- a copy of your original request for advice from IRS,
- a copy of the erroneous written advice from IRS, and
- a notice (if any) showing the penalty we charged that you now wish us to remove.

# Interest:         $3.37

## 09 Interest

## IRC section 6601

We charge interest when your tax isn't paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full.

Interest compounds daily except on late or unpaid estimated taxes for individuals or corporations. Interest is also charged on penalties for late filing, overstating or understating valuations, and substantially understating the tax you owe.

Corporate Interest - We charge additional interest of 2% if, according to our records, you didn't make your corporate tax payment within 30 days after the IRS notified you of the underpayment of tax. This interest begins on the 31st day after we notify you of the underpayment on tax amounts you owe over $100,000, minus your timely payments and credits.



000054



---

✂ **CUT HERE** -------------------------------------------------------------------------------

Return this voucher with your payment or correspondence.

Your Telephone Number:        Best Time to Call:

(    )_____-_____         _____AM_____PM

**Amount you owe:**        **$500.00**

* You will avoid additional penalties and/or interest if we receive your full payment by **February 23, 2006**

☐ **Amount enclosed:**     **$_____**

* Make payable to United States Treasury
* Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

WI            200605                     92254-425-52034-6

15     Internal Revenue Service
       Fresno, CA  93888-0010

       IlılımılIılıılılılılılıllııllıımıılIlIlımıllıl

Nadine J. Griffin,

# EXHIBIT "G"
## 4 pages



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

JMMUNICATIONS AND LIAISON

## SEP 1 6 2005

Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, Florida 33776-3402

Dear Ms. Griffin:

This is in response to your Freedom of Information Act (FOIA) request dated April 1, 2005 and received in our office on June 23, 2005, wherein you requested copies of all documents, records and/or transcripts maintained in the system of records identified as **Taxpayer Delinquent Account (TDA), - Treasury/IRS 26.019.**

Pursuant to your request, we are providing the following information. Research of our computer database reveals that only the 1998 and 1999 years went into TDA status. However, these files were systemically destroyed in accordance with Internal Revenue Manual 1.15.2., Chapter 21.

Enclosed is Notice 393, which sets forth the Freedom of Information Act exemptions and outlines your appeal rights.

If you have any questions, you may contact me at 617-316-2407 or by mail at the Internal Revenue Service, JFK Bldg., P.O. Box 9112, Stop 41150, Boston, MA, 02203. Please refer to case number 04-2003-02089.

Sincerely,

Brian Gingras
Disclosure Specialist
Employee# 04-01105

Enclosure

# FREEDOM OF INFORMATION ACT REQUEST

Requester: Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, Florida 33776-3402

April 1, 2005

IRS FOIA Request
Boston Disclosure Office
PO Box 9112, MS 41150
Boston, MA 02203

Certificate of Mailing No. 9382-00-0001

Re: Treasury Account No. **(b)(6)  2839**

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress.

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) Requester.

This request pertains to the years **1997** through **2004**.

## THIS IS A REQUEST FOR DOCUMENTS:

1. **Please send Requester** copies of all documents, records and/or transcripts maintained in the system of records identified as **Taxpayer Delinquent Account (TDA)**, - **Treasury/IRS 26.019**, which pertain to Requester with the assigned Treasury Account number **(b)(6)** **-2839**. (See Exhibit A)

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." *__You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.__*

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, *Nadine G. Griffin*

Nadine G. Griffin

County of Pinellas )
) ss
State of FLORIDA )

On this 16 day of June , 2005, Nadin S. Geiffin personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument.

Witness my hand and official seal:

*Adrian Stepp*

Signature of Notary Public

My Commission Expires: March 2, 2009

ADRIAN STEPP
MY COMMISSION # DD 402368
EXPIRES: March 2, 2009
Bonded Thru Notary Public Underwriters

each member of the group which includes such December 31.

(3) Each component member of a controlled group which is a wholly owned subsidiary of such group with respect to a December 31 shall be deemed to consent to an election with respect to such December 31, provided each component member of the group which is not a wholly owned subsidiary consents to the election plan. A component member of a controlled group shall be considered to be a wholly owned subsidiary of the group with respect to a December 31 if, on each day preceding such date during its taxable year which includes such date, all of its stock is owned directly by one or more corporations which are component members of the group on such December 31.

[T.D. 7181, 37 FR 8071, Apr. 25, 1972]

## PROCEDURE AND ADMINISTRATION

### INFORMATION AND RETURNS

### Returns and Records

SOURCE: Sections 1.6001-1 through 1.6091-4 contained in T.D. 6500, 25 FR 12108, Nov. 26, 1960, unless otherwise noted.

RECORDS, STATEMENTS, AND SPECIAL RETURNS

### §1.6001-1  Records.

(a) *In general.* Except as provided in paragraph (b) of this section, any person subject to tax under subtitle A of the Code (including a qualified State individual income tax which is treated pursuant to section 6361(a) as if it were imposed by chapter 1 of subtitle A), or any person required to file a return of information with respect to income, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information.

(b) *Farmers and wage-earners.* Individuals deriving gross income from the business of farming, and individuals whose gross income includes salaries, wages, or similar compensation for personal services rendered, are required

with respect to such income to keep such records as will enable the district director to determine the correct amount of income subject to the tax. It is not necessary, however, that with respect to such income the books of account or records required by paragraph (a) of this section. For rules with respect to the records to be kept in substantiation of traveling and other business expenses of employees, see §1.162-17.

(c) *Exempt organizations.* In addition to such permanent books and records as are required by paragraph (a) of this section with respect to the tax imposed by section 511 on unrelated business income of certain exempt organizations, every organization exempt from tax under section 501(a) shall keep such permanent books of account or records, including inventories, as are sufficient to show specifically the items of gross income, receipts and disbursements. Such organizations shall also keep such books and records as are required to substantiate the information required by section 6033. See section 6033 and §§1.6033-1 through 1.6033-3.

(d) *Notice by district director requiring returns statements, or the keeping of records.* The district director may require any person, by notice served upon him, to make such returns, render such statements, or keep such specific records as will enable the district director to determine whether or not such person is liable for tax under subtitle A of the Code, including qualified State individual income taxes, which are treated pursuant to section 6361(a) as if they were imposed by chapter 1 of subtitle A.

(e) *Retention of records.* The books or records required by this section shall be kept at all times available for inspection by authorized internal revenue officers or employees, and shall be retained so long as the contents thereof may become material in the administration of any internal revenue law.

[T.D. 6500, 25 FR 12108, Nov. 26, 1960, as amended by T.D. 7122, 36 FR 11025, June 8, 1971; T.D. 7577, 43 FR 59357, Dec. 20, 1978; T.D. 8308, 55 FR 35593, Aug. 31, 1990]

### §1.6001-2  Returns.

For rules relating to returns required to be made by every individual, estate,

57

Nadine J. Griffin,

# EXHIBIT "H"
## 15 pages

455

PAGE NO-0007   TAX PERIOD 30 199712*CONTINUED

                    *IMF MCC TRANSCRIPT-COMPLETE*          EMP NO 79-118-14178

    ACCOUNT NO  (b)(6) -2839              09-16-2005
    NAME CONT- GRIF                      CYCLE-200537
*************************************************************************

      276 12131999         84.85   199948 08221-220-11948-8
                                          PRC-


      914 02282001--------------- 200111 04277-461-30004-1

MF STAT-21 09071998        3,432.19      199834
MF STAT-56 10121998        3,432.19      199839
MF STAT-58 11161998        3,432.19      199844
MF STAT-60 11231998            0.00      199845
MF STAT-23 05171999          975.19      199918
MF STAT-58 11081999            0.00      199943
MF STAT-12 12131999            0.00      199948
*************************
* TAX PERIOD 30    199812 *          REASON CD-           MOD EXT CYC-200525
*************************
FS-1  TFRP-  CRINV-Z LIEN-            08221-219-07949-9   CAF-   FZ>    -Z
TDA COPYS-4400                       TDI COPYS-
      INT TOLERANCE- MATH INCREASE-  HISTORICAL DO-04 BWNC-  BWI-
!  MOD BAL-               0.00
A..UED INTEREST-         0.00  07042005        CSED-08302009
ACCRUED PENALTY-         0.00  07042005        RSED-04152002
FMS- IA CD-0                                   ARDI-0           ASED-08022002

      150 08301999         2,693.62   4  199933
                                      08221-219-07949-9 D CD-       SRC-
RET RCVD DT-08021999                  PREPARE IND-0  PREPARE TIN-
                                              TAX PER T/P-          2,693.62
                                                   F/C-1 AGI-      12,362.00
                                      FOREIGN-          FARM-  MF P-
                                      XRF-              AEIC-            0.00
                                      NAI-454390 EXMPT-01 NRGY-          0.00
                                      LTEX-          TAXABLE INC-      5,412.00
                                      PENALTY SUPP-1030    SET-       1,879.00
                                                   TOTAL WAGES-          0.00
                                      MDP-        TOTAL INC TX-        814.00
                                          EST TAX BASE-            2,693.62
                                            PR YR BASE-            2,761.00
                                      SHORT YR CD-     ES FORGIVENESS %-  0
                                      1ST SE-12,284.00      2ND SE-     0.00
                                      ACCT TYPE-
                                      EFT-0
                                      F8615-  UNAPPLD CR ELECT-
                                            ES TAX PAYMENT-            0.00
                                                 DIR DEP REJ RSN CD-00
                                      PUTI-        0    SUTI-           0
                                      PMEI-   12,284    SMEI-          0
                                      PMTI-        0    SMTI-          0
.*****************************CONTINUED ON NEXT PAGE**************************

456

PAGE NO-0008   TAX PERIOD 30 199812*CONTINUED

                      *IMF MCC TRANSCRIPT-COMPLETE*                EMP NO 79-118-14178

ACCOUNT NO (b)(6)-2839              09-16-2005
NAME CONT- GRIF                     CYCLE-200537
*********************************************************************************

    176 08301999      122.25   199933 08221-219-07949-9
                                PRC-     EST PNLTY WAIVED-           0.00
                                CSED-08302009

    166 08301999      484.85   199933 08221-219-07949-9
                                PRC-

    276 08301999       67.34   199933 08221-219-07949-9
                                PRC-

    196 08301999       96.88   199933 08221-219-07949-9
                                REFERENCE AMT-

    670 11171999      500.00-  199947 08217-322-02699-9
                                PRC-
                                DESG PAY CD-

    670 11171999      500.00-  199947 08217-322-02875-9
                                PRC-
                                DESG PAY CD-

    971 01172000--------------  200001 04277-999-99999-0
                                XREF-                        971 CD-061
                                X-MFT-00 MEMO-               FTD ALRT-0

    670 01202000    1,000.00-  200005 08217-021-02624-0
                                PRC-
                                DESG PAY CD-

    670 03282000      500.00-  200014 08217-090-00820-0
                                PRC-
                                DESG PAY CD-

    670 03282000      500.00-  200014 08217-090-00821-0
                                PRC-
                                DESG PAY CD-

    670 09012000      500.00-  200038 08217-252-01681-0
                                PRC-
                                DESG PAY CD-

    276 10022000       35.06   200038 08221-219-07949-9
                                PRC-

    971 10032000--------------  200041 28277-677-04390-0
                                XREF-                        971 CD-043
                                X-MFT-00 MEMO-               FTD ALRT-0
*********************CONTINUED ON NEXT PAGE***************************

457

PAGE NO-0009   TAX PERIOD 30 199812*CONTINUED

                    *IMF MCC TRANSCRIPT-COMPLETE*                EMP NO 79-118-14178

   ACCOUNT NO (b)(6)-2839              09-16-2005
   NAME CONT- GRIF                     CYCLE-200537
*****************************************************************************

      972 10302000--------------- 200042 04277-999-99999-0
                                          XREF-                    971 CD-061
                                          X-MFT-00 MEMO-                 FTD ALRT-0

      971 10062000--------------- 200042 04277-999-99999-0
                                          XREF-                    971 CD-063
                                          X-MFT-00 MEMO-                 FTD ALRT-0

      670 10252000      500.00- 200045 02219-300-06508-0
                                          PRC-
                                          DESG PAY CD-

      196 11202000      141.95  200045 08221-219-07949-9
                                          REFERENCE AMT-

      826 10252000      309.96  200045 08221-219-07949-9

                                          XREF-            30 199912
                                          INTEREST TO DATE-

      276 11202000       48.09  200045 08221-219-07949-9
                                          PRC-

      971 11202000--------------- 200045 04277-999-99999-0
                                          XREF-                    971 CD-163
                                          X-MFT-00 MEMO-                 FTD ALRT-0

      914 02282001--------------- 200111 04277-461-30008-1

MF STAT-21 08301999      3,464.94    199933
MF STAT-56 10041999      3,464.94    199938
MF STAT-58 11081999      3,464.94    199943
MF STAT-22 12131999      2,464.94    199948
MF STAT-60 10062000          0.00    200040
MF STAT-12 11202000          0.00    200045
**************************
* TAX PERIOD 30   199912 *          REASON CD-           MOD EXT CYC-200525
**************************
FS-4  TFRP-  CRINV-Z LIEN-          28247-507-60030-3  CAF-  FZ>    -Z
TDA COPYS-4381                      TDI COPYS-
        INT TOLERANCE- MATH INCREASE- HISTORICAL DO-04 BWNC-  BWI-
MF MOD BAL-                  0.00
ACRUED INTEREST-             0.00  07042005        CSED-05222010
ACCRUED PENALTY-             0.00  07042005        RSED-04152003
FMS- IA CD-0                                       ARDI-0          ASED-04152003

.  .************************CONTINUED ON NEXT PAGE************************

458

PAGE NO-0010   TAX PERIOD 30 199912*CONTINUED

                    *IMF MCC TRANSCRIPT-COMPLETE*              EMP NO 79-118-14178

ACCOUNT NO (b)(6)-2839              09-16-2005
NAME CONT- GRIF                    CYCLE-200537
**********************************************************************************
     150 05222000              3,558.00     200019
                                            04211-122-80326-0 D CD-        SRC-
RET RCVD DT-04152000                        PREPARE IND-0   PREPARE TIN-
                                              TAX PER T/P-              3,558.00
                                                    F/C-1 AGI-         17,653.00
                                            FOREIGN-          FARM-  MF P-
                                            XRF-              AEIC-          0.00
                                            NAI-454390 EXMPT-02 NRGY-       0.00
                                            LTEX-         TAXABLE INC-   5,803.00
                                            PENALTY SUPP-0030   SET-     2,684.00
                                                    TOTAL WAGES-           0.00
                                            MDP-        TOTAL INC TX-      874.00
                                                  EST TAX BASE-         3,558.00
                                                    PR YR BASE-         2,693.62
                                            SHORT YR CD-     ES FORGIVENESS %- 0
                                            1ST SE-17,541.00      2ND SE-    0.00
                                            ACCT TYPE-
                                            EFT-0
                                            F8615-   UNAPPLD CR ELECT-
                                                  ES TAX PAYMENT-            0.00
                                                        DIR DEP REJ RSN CD-00
                                            PUTI-         0   SUTI-            0
                                            PMEI-    17,541   SMEI-            0
                                            PMTI-         0   SMTI-            0

     170 05222000        144.00     200019 04211-122-80326-0
                                            PRC-    EST PNLTY WAIVED-         0.00
                                            CSED-05222010

     276 05222000         35.58     200019 04211-122-80326-0
                                            PRC-

     196 05222000         32.52     200019 04211-122-80326-0
                                            REFERENCE AMT-

     670 07102000        500.00-    200029 08217-192-00623-0
                                            PRC-
                                            DESG PAY CD-

     971 08072000--------------- 200030 04277-999-99999-0
                                            XREF-                    971 CD-061
                                            X-MFT-00 MEMO-               FTD ALRT-0

     971 10032000--------------- 200041 28277-677-04389-0
                                            XREF-                    971 CD-043
                                            X-MFT-00 MEMO-               FTD ALRT-0

     972 10302000--------------- 200042 04277-999-99999-0
**********************CONTINUED ON NEXT PAGE****************************

459

PAGE NO-0011  TAX PERIOD 30 199912*CONTINUED

                       *IMF MCC TRANSCRIPT-COMPLETE*              EMP NO 79-118-14178

ACCOUNT NO (b)(6)-2839                 09-16-2005
NAME CONT- GRIF                        CYCLE-200537
*******************************************************************************
                                    XREF-                         971 CD-061
                                    X-MFT-00 MEMO-                    FTD ALRT-0

    971 10062000--------------- 200042 04277-999-99999-0
                                    XREF-                         971 CD-063
                                    X-MFT-00 MEMO-                    FTD ALRT-0

    706 10252000      309.96- 200045 04211-122-80326-0

                                    XREF-             30 199812
                                    INTEREST TO DATE-

    670 11242000      500.00- 200049 02219-329-05722-0
                                    PRC-
                                    DESG PAY CD-

    670 01112001      500.00- 200104 02219-012-02235-1
                                    PRC-
                                    DESG PAY CD-

    670 02262001      500.00- 200110 02219-058-04877-1
                                    PRC-
                                    DESG PAY CD-

    914 02282001--------------- 200111 04277-461-30007-1

    670 03192001    2,392.66- 200115 02219-079-06068-1
                                    PRC-
                                    DESG PAY CD-

    196 04232001      217.58  200115 04211-122-80326-0
                                    REFERENCE AMT-

    276 04232001      235.01  200115 04211-122-80326-0
                                    PRC-

    846 04232001      482.41  200115 04211-122-80326-0
                                    RFND INT-          2.48-
                                    DD-0 DMF LIAB IND- 0

    776 04232001        2.48- 200115 04211-122-80326-0
                                    PRC-

    971 04232001--------------- 200115 04277-999-99999-0
                                    XREF-                         971 CD-163
                                    X-MFT-00 MEMO-                    FTD ALRT-0
    **********************CONTINUED ON NEXT PAGE****************************

460

PAGE NO-0012   TAX PERIOD 30 199912*CONTINUED

                    *IMF MCC TRANSCRIPT-COMPLETE*            EMP NO 79-118-14178

    ACCOUNT NO (b)(6)-2839           09-16-2005
    NAME CONT- GRIF                  CYCLE-200537
*************************************************************************

➤ 425 02202003--------------- 200311 28277-051-20000-3
                               SOURCE-20   ORG-      PROJ-671  RET REQ-
                               PTR DO-

➤ 420 03132003--------------- 200319 28277-072-00000-3
                               AIMS SC-20 PBC-203 SBC-87700 EGC-1069

➤ 421 04152003--------------- 200321 28247-507-60030-3 X
                               DISP CD-21 SOURCE-

MF STAT-21 05222000        3,770.10     200019
MF STAT-58 06122000        3,770.10     200022
MF STAT-22 07242000        3,270.10     200028
MF STAT-60 10062000            0.00     200040
MF STAT-12 04232001            0.00     200115
************************
* TAX PERIOD 30   200012 *          REASON CD-           MOD EXT CYC-200525
************************
! 1 TFRP- CRINV- LIEN-              19254-626-64501-4   CAF-   FZ>T   -Z
'ᴸᴸ COPYS-4375                      TDI COPYS-0003895
        INT TOLERANCE- MATH INCREASE- HISTORICAL DO-04 BWNC-   BWI-
MF MOD BAL-            18,308.58
ACRUED INTEREST-      806.98 07042005        CSED-09062014
ACCRUED PENALTY-      476.64 07042005        RSED-10152004
FMS- IA CD-0                                 ARDI-0          ASED-00000000

SFR  150 05262003           0.00   5  200320
                                   22210-128-00103-3 D CD-          SRC-
RET RCVD DT-05082003               PREPARE IND-0  PREPARE TIN-
                                          TAX PER T/P-               0.00
                                              F/C-  AGI-       40,315.00
                                   FOREIGN-        FARM-  MF P-1
                                   XRF-            AEIC-            0.00
                                   NAI-       EXMPT-01 NRGY-        0.00
                                   LTEX-         TAXABLE INC-   33,115.00
                                   PENALTY SUPP-1004    SET-     5,622.00
                                              TOTAL WAGES-        0.00
                                   MDP-        TOTAL INC TX-       0.00
                                          EST TAX BASE-           0.00
                                          PR YR BASE-         3,558.00
                                   SHORT YR CD-     ES FORGIVENESS %- 0
                                   1ST SE-36,743.00     2ND SE-    0.00
                                   ACCT TYPE-
                                   EFT-0
************************CONTINUED ON NEXT PAGE************************

# FREEDOM OF INFORMATION ACT REQUEST

Requester: Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, Florida 33776-3402

April 13, 2005

IRS FOIA Request
Boston Disclosure Office
PO Box 9112, MS 41150
Boston, MA 02203

Certificate of Mailing No. 9382-00-0016

Re: Treasury Account No. **(b)(6)** -2839

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) Requester.

This request pertains to the years **1997** through **2004**.

## THIS IS A REQUEST FOR DOCUMENTS:

1. **Please send Requester** copies of all documents, records and/or transcripts maintained in the system of records identified as **Individual Master File (IMF)** *MCC Complete* and **NOT** literal or **Online Transcript (OLT)**, - **Treasury/IRS 24.030**, which pertain to Requester with the assigned Treasury Account number **(b)(6)** -2839. (See Exhibit A)

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." *You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.*

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _Nadine J. Griffin_

Nadine J. Griffin

*County of* Pinellas         )
                             ) ss
*State of* Florida           )

On this 16 day of June , 2005, Nadine J. Griffin personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal:

_____
Signature of Notary Public

My Commission Expires: March 2, 2009



ADRIAN STEPP
MY COMMISSION # DD 402388
EXPIRES: March 2, 2009
Bonded Thru Notary Public Underwriters

ЗE NO-0001                                                    IRS EMPLOYEE 7911814178

DATE REQUESTED 09-16-2005                                     PRINT DATE 09-16-2005

FORM NUMBER: 1040                                            ➡ TAX PERIOD: DEC  1998

             TAXPAYER IDENTIFICATION NUMBER: (b)(6) exemption

    NADINE J GRIFFIN

                                     -              BODC-SB BODCLC-V

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

      ACCOUNT BALANCE:            0.00
      ACCRUED INTEREST:           0.00   AS OF 07-04-2005
      ACCRUED PENALTY:            0.00   AS OF 07-04-2005

      ACCOUNT BALANCE
         PLUS ACCRUALS:           0.00

** EXEMPTIONS: 01                    **FILING STATUS: SINGLE
** ADJUSTED GROSS INCOME:     12,362.00
** TAXABLE INCOME:             5,412.00
   TAX PER RETURN:             2,693.62
** SE TAXABLE INCOME TAXPAYR: 12,284.00
** SE TAXABLE INCOME SPOUSE:       0.00
   TOTAL SELF EMPLOY TAX:      1,879.00

** PER RETURN OR AS ADJUSTED

08-02-1999 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
08-30-1999 PROCESSING DATE

                            TRANSACTIONS

                                                        MONEY AMOUNT
CODE              EXPLANATION                   DATE     (IF APPLICABLE)
150 RETURN FILED AND TAX ASSESSED           08-30-1999       2,693.62
    08221-219-07949-9
176 ESTIMATED TAX PENALTY                   08-30-1999         122.25
    199933
166 LATE FILING PENALTY                     08-30-1999         484.85
    199933
276 FAILURE TO PAY TAX PENALTY              08-30-1999          67.34
    199933
196 INTEREST ASSESSED                       08-30-1999          96.88
    199933
670 SUBSEQUENT PAYMENT                      11-17-1999         500.00-
670 SUBSEQUENT PAYMENT                      11-17-1999         500.00-
670 SUBSEQUENT PAYMENT                      01-20-2000       1,000.00-
670 SUBSEQUENT PAYMENT                      03-28-2000         500.00-
670 SUBSEQUENT PAYMENT                      03-28-2000         500.00-
670 SUBSEQUENT PAYMENT                      09-01-2000         500.00-
276 FAILURE TO PAY TAX PENALTY              10-02-2000          35.06
    200038

*·***************************CONTINUED ON NEXT PAGE*****************************

E   : NO-0002                                                    IRS EMPLOYEE 7911814178

670 SUBSEQUENT PAYMENT                              10-25-2000            500.00-
196 INTEREST ASSESSED                               11-20-2000            141.95
    200045
826 OVERPAYMENT CREDIT TRANSFERRED                  10-25-2000            309.96
    1040        199912
276 FAILURE TO PAY TAX PENALTY                      11-20-2000             48.09
    200045

F  : NO-0001                                                    IRS EMPLOYEE 7911814178

DATE REQUESTED 09-16-2005                                       PRINT DATE 09-16-2005

FORM NUMBER: 1040                                              TAX PERIOD: DEC  1999

            TAXPAYER IDENTIFICATION NUMBER: (b)(6) EXMPT

      NADINE J GRIFFIN

                                    -              BODC-SB BODCLC-V

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

      ACCOUNT BALANCE:            0.00
      ACCRUED INTEREST:           0.00  AS OF 07-04-2005
      ACCRUED PENALTY:            0.00  AS OF 07-04-2005

      ACCOUNT BALANCE
         PLUS ACCRUALS:           0.00

** EXEMPTIONS: 02                   **FILING STATUS: HEAD OF HOUSEHOLD
** ADJUSTED GROSS INCOME:    17,653.00
** TAXABLE INCOME:            5,803.00
   TAX PER RETURN:            3,558.00
** SE TAXABLE INCOME TAXPAYR: 17,541.00
** SE TAXABLE INCOME SPOUSE:      0.00
*  OTAL SELF EMPLOY TAX:      2,684.00

** PER RETURN OR AS ADJUSTED

04-15-2000 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
05-22-2000 PROCESSING DATE

                              TRANSACTIONS

                                                         MONEY AMOUNT
CODE              EXPLANATION                 DATE      (IF APPLICABLE)
 150 RETURN FILED AND TAX ASSESSED         05-22-2000      3,558.00
     04211-122-80326-0
 170 ESTIMATED TAX PENALTY                 05-22-2000        144.00
     200019
 276 FAILURE TO PAY TAX PENALTY            05-22-2000         35.58
     200019
 196 INTEREST ASSESSED                     05-22-2000         32.52
     200019
 670 SUBSEQUENT PAYMENT                    07-10-2000        500.00-
 706 OVERPAID CREDIT APPLIED               10-25-2000        309.96-
     1040       199812
 670 SUBSEQUENT PAYMENT                    11-24-2000        500.00-
 670 SUBSEQUENT PAYMENT                    01-11-2001        500.00-
 670 SUBSEQUENT PAYMENT                    02-26-2001        500.00-
 670 SUBSEQUENT PAYMENT                    03-19-2001      2,392.66-
 196 INTEREST ASSESSED                     04-23-2001        217.58
     200115
 276 FAILURE TO PAY TAX PENALTY            04-23-2001        235.01

**.*************************CONTINUED ON NEXT PAGE*****************************

ЗE NO-0002                                         IRS EMPLOYEE 7911814178

    200115
846 REFUND                                  04-23-2001              482.41
776 INTEREST DUE TAXPAYER                   04-23-2001                2.48-

# FREEDOM OF INFORMATION ACT REQUEST

Requester: Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, Florida 33776-3402

April 3, 2005

IRS FOIA Request
Boston Disclosure Office
PO Box 9112, MS 41150
Boston, MA 02203

EXEMPT

Certificate of Mailing No. 9382-00-0003

Re: Treasury Account No. (b)(6) -2839

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress.

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) Requester.

This request pertains to the years **1997** through **2004**.

## THIS IS A REQUEST FOR DOCUMENTS:

1. **Please send Requester** copies of all documents, records and/or transcripts maintained in the system of records identified as **Individual Master File (IMF)** *MCC Literal* and **NOT Complete** or **Online Transcript (OLT)**, - **Treasury/IRS 24.030**, which pertain to Requester with the assigned Treasury Account number (b)(6)-2839. (See Exhibit A)

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." *You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.*

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _Nadine J. Griffin_

_Nadine J. Griffin_

County of _Pinellas_ )
                     ) ss
State of _FLORIDA_ )

On this _16_ day of _June_ , 2005, _Nadine J. Geiffin_ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument.

Witness my hand and official seal:

_____
Signature of Notary Public

My Commission Expires: _March 2, 2009_

ADRIAN STEPP
MY COMMISSION # DD 402368
EXPIRES: March 2, 2009
Bonded Thru Notary Public Underwriters



COMMUNICATIONS AND LIAISON

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SEP 2 6 2005

Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, Florida, 33776-3402

Dear Ms. Griffin:

This is in response to your Freedom of Information Act (FOIA) request dated April 3, 2005 and received in our office on June 23, 2005, wherein you requested a copy of all documents, records and/or transcripts maintained in the system of records identified as Individual Master File (IMF) MCC Literal and Not Complete or Online Transcript (OLT) pertaining to yourself for the years 1997 through 2004.

Pursuant to your request, we are providing you with 9 responsive pages. There is no charge as the cost is minimal.

Research of our computer database reveals no record of any data regarding your 2003 and 2004 tax returns.

Enclosed is Notice 393 which sets forth the Freedom of Information Act exemptions and outlines your appeal rights.

If you have any questions, you may contact me at 617-316-2407, or write to the Internal Revenue Service, JFK Building, P.O. Box 9112, Stop 41150, Boston, MA 02203 and refer to case number 04-2005-02084.

Sincerely,

Brian Gingras
Disclosure Specialist
Employee#04-01105

Enclosure

Nadine J. Griffin,

# EXHIBIT "I"
## 19 pages

# ADP and IRS Information 1999



Department of the Treasury
**Internal Revenue Service**
Document 6209 (Rev. 1-99)
Cat. No. 614620

**OFFICIAL USE ONLY**



**Internal Revenue Service** The Digital Daily
DEPARTMENT OF THE TREASURY

# ADP and IDRS Information

| Section Number | Title |
|---|---|
| Section 1. | Glossary |
| Section 2. | Tax Returns and Form |
| Section 3. | Tax Return Information |
| Section 4. | Document Locator Number |
| Section 5. | Debtor Master File (DMF) |
| Section 6. | Initiating and Monitoring Refund Check Tracing Action |
| Section 7. | Reserved |
| Section 8. | Master File Codes |
| Section 9. | Notices and Notice Codes |
| Section 10. | Federal Tax Deposit System |
| Section 11. | Collection |
| Section 12. | Examination/EP-EO/ Appeals |
| Section 13. | Integrated Data Retrieval System (IDRS) |
| Section 14. | Corporate Files On-Line |
| Section 15. | Service Center Recognition/Image Processing System (SCRIPS) |
| Section 16. | Julian Date, Cycle and Notice Calendars |
| Section 17. | Appendix |



**Internal Revenue Service** The Digital
DEPARTMENT OF THE TREASURY                  Daily

# ADP and IDRS Information

| Section Number | Title |
| --- | --- |
| Section 1. | Glossary |
| Section 2. | Tax Returns and Form |
| Section 3. | Tax Return Information |
| Section 4. | Document Locator Number |
| Section 5. | Debtor Master File (DMF) |
| Section 6. | Initiating and Monitoring Refund Check Tracing Action |
| Section 7. | Reserved |
| Section 8. | Master File Codes |
| Section 9. | Notices and Notice Codes |
| Section 10. | Federal Tax Deposit System |
| Section 11. | Collection |
| Section 12. | Examination/EP-EO/ Appeals |
| Section 13. | Integrated Data Retrieval System (IDRS) |
| Section 14. | Corporate Files On-Line |
| Section 15. | Service Center Recognition/Image Processing System (SCRIPS) |
| Section 16. | Julian Date, Cycle and Notice Calendars |
| Section 17. | Appendix |

# Section 8.     Master File Codes

## *1     Transaction Codes*

Reference IRM 3(27)(68)0

Transaction Codes (TC) consist of three digits. They are used to identify a transaction being pro-
cessed and to maintain a history of actions posted to a taxpayer's account on the Master File. Every
transaction processed by ADP must contain a Transaction Code to maintain Accounting Controls of
debits and credits, to cause the computer at MCC to post the transaction on the Master File, to permit
compilation of reports, and to identify the transaction when a transcript is extracted from the Master
File. Transaction codes that are unique to IDRS are also included.

Many BMF and IMF Transaction Codes will not be used for IRAF. Also, the definitions of several
transaction codes are necessarily changed since there will be no resequencing, offsetting, or com-
puter generated interest. In addition, all refunds will be scheduled manually with the refunds posted
to the IRAF using TC 840.

Refer to IRM 3(27)(68)0 for obsolete transaction codes.

Refer to Section 13.06 for pending transaction and merged related codes.

**Reversal Codes**

An "R" following the transaction code indicates the transaction has been reversed.

Payment or penalty transaction codes with reversal code "3" which are NOT LISTED in this section
are actually reversal code "0" transactions. For programming purposes, the "0" has been converted
to "3" to indicate the original payment or penalty transactions (or portion of it) which has been re-
versed. However, for account analysis purposes, the "3" reversal code should be considered as "0".

All transaction codes currently in use are listed on the following pages. Abbreviations used under the
heading FILE are as follows: IMF "I", BMF "B", EPMF "E", IRAF "A", and PMF "P". EPMF may be
shown twice for certain entity TC. For doc. code 63, they are applied to the entity module; for doc.
code 64, applied to the plan data module.

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 000 | | I/B/E | Establish an Account | BMF: 04, 63, 80, 81<br>IMF: 63<br>EPMF: 04, 63<br>IRAF: 63 | Adds a new taxpayer entity to the appli-cable Master File. IMF— Establishes Scrambled SSN Indicator. TC 000 with DLN block/serial overlay of 99999 is computer generated from joint return with CCC'F to create an account for the spouse. |
| | | E | Establish a Plan | 64 | Establish a Plan Data module. |

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 150 | Debit* (NPJ) | I/B E/A P | Return Filed & Tax Liability Assessed | IMF: 05, 06, 07, 08, 09, 10, 11, 12, 21, 22, 26, 27, 51, 72, 73, BMF: 03, 05, 06, 07, 08, 09 10, 11, 13, 16, 20, 23, 29, 35, 36, 38, 40-44, 46, 51, 59, 60, 65, 66 (PSC only) 67, 71, 81, 83, 90-93, 95 EPMF: 30, 31, 37, 38 IRAF: 11, 12, 21, 22, 51, 73 PMF: 69 | A tax liability assessed from the origi-nal return establishes a tax module. *BMF: Assessment may be Credit for Form CT-1, 720 and 941. See TC 976-977 for amended return. — |
| 150 | | I/A | Entity Created by TC 150 | Generated Transaction | This TC 150 when posted to the Entity Transaction Section indicates the Mas-ter File Entity was created from the posting of the return. |
| 151 | | E/A | Reversal of TC 150 or 154 | 77 | EPMF: Reverses return data. Effective 07/01/92 - Action Code 30 Reverses TC 154. IRAF: Report Suppression. TC 150 or 154 when TC 971 code is 19. Must be posted and balance of module must be zero. Used when F5329 filed in error. |
| 152 | | I/A | Entity Updated by TC 150 | Generated Transaction | Designates a return which updated entity data and is posted to the Entity Transaction Section. |
| 154 | | E | Posting F5330 Data | 35 | Posts when First Letter Indicator is sig-nificant and no other satisfying transac-tion (150, 59X, 977) is present. TC 155 will suppress the identification of a delinquent account. |
| 155 | | E | 1st Correspon-dence Letter sent | 30, 37, 38 | Posts when Second Letter Indicator is significant and no other satisfying transaction (150, 59X, 977) is present. TC 156 will suppress the identification of a delinquent account. |
| 156 | | E | Subsequent Cor-respondence sent | 30, 37, 38 | EPMF Second Correspondence letter. Posts to EPMF to Bypass delinquency. |
| 157 | | E | Schedule A | 30, 37, 38 | Received by EPMF through S.C. GPP for forwarding to Dept. of Labor, not posted to EPMF. |
| 157 | | B | Form 5578 Non-Discrimina-tion Certification | 84 | Posted to indicate input of Form 5578 |

8 - 12

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 159 | | I | Settlement Data | Generated Transaction | Designates data as a Settlement Section of Return. Such data is dropped as soon as the return is settled. Does not appear on outputs. |
| 160 | Debit (NPJ) | B/A | Manually Computed Delinquency Penalty | 47, 54 | A Delinquency Penalty Assessment manually computed by Audit or Collection. Penalty is not recomputed by computer. |
| 161 | Credit (NPJ) | I/B/A | Abatement of Delinquency Penalty | 47, 54 | Abates previously posted 160, 166 Delinquency Penalty liability assessment in whole or in part. Penalty is not recomputed by computer. |
| 162 | | I/B/A | Failure to File Penalty Restriction Deletion | 47, 54 | Removes restriction on computation of FTF Penalty on previously posted TC 160 or 161. Causes recomputation and allows normal computation of FTF Penalty. |
| 166 | Debit (NPJ) | I/B/A | Delinquency Penalty | Generated Transaction | Computer generated assessment of Delinquency Penalty on returns posted after the due date without reasonable cause and for returns containing penalty-interest codes 1 (if Condition Code R not present) or 2; penalty is computed on the assessment tax less prepayments. IMF only: Penalty may also be generated from amounts recorded on returns. |
| 167 | Credit (NPJ) | I/B/A | Abate Delinquency Penalty | Generated Transaction | Abates a previously assessed TC 166 when change occurs in return due date or tax due at due date. |
| 170 | Debit (NPJ) | I/B | Estimated Tax Penalty | IMF: 11, 12, 21, 22, BMF: 10-14 Both: 17, 18, 24, 47, 51, 54 | Computer generated self-assessment from TC 150 or manually assessed. ES penalty for failure to make adequate ES payments. Applicable to Form 990C, 1040, 1041, 990T, 990PF and 1120, except on Adjustment or Revenue Receipt input. |
| 171 | Credit (NPJ) | I/B | Abatement of Estimated Tax Penalty | 24, 47, 48, 54 | Abates previously posted 170 or 176 Estimated Tax Penalty in whole or in part. |
| 176 | Debit (NPJ) | I/B | Estimated Tax Penalty | Generated Transaction | Computer-generated assessment of 990C, 1040, 1041, 990T, 990PF and 1120 Estimated Tax Penalty for failure to make adequate ES payments. |
| 177 | Credit (NPJ) | I/B | Abatement of Estimated Tax Penalty | Generated Transaction | Abates a previously assessed TC 176. Issues Adjustment Notice. |

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 180 | Debit (NPJ) | B | Deposit Penalty | 11, 17, 18, 20, 24, 25, 38, 40, 41, 43, 47, 48, 51, 54, 58 | A manually assessed or generated from TC 150 input penalty for insufficient and/or untimely deposit of taxes (FTD) (720, 940, 941, and 943, 945 and 1042, CT-1). |
| 181 | Credit (NPJ) | B | Deposit Penalty Abatement | 47, 54 | Abates a previously assessed 180, 186 Deposit Penalty in whole or in part. |
| 186 | Debit (NPJ) | B | FTD (Deposit) Penalty Assessment | Generated Transaction | Computer generated FTD Penalty if taxpayer fails to make timely and sufficient payments as required by regulations on Forms CT-1, 720, 940, 940EZ, 941, 943, 945 and 1042. |
| 187 | Credit (NPJ) | B | Abatement of FTD Penalty Assessment | Generated Transaction | Abates a previously assessed TC 186. Issues Adjustment Notice. |
| 190 | Debit (PJ) | I/B/A | Manually Assessed Interest Transferred In | 51 | Manually computed interest assessed prior to transfer in. Is input only as part of an account transferred in. See TC 370. |
| 191 | Credit (NPJ) | I/B/A | Interest Abatement | 51, 52 | Abates TC 190 interest; input only as a part of an account transferred in. See TC 370. |
| 196 | Debit (NPJ) | I/B/A | Interest Assessed | Generated Transaction | Computer generated interest that is due: at First Notice time; upon issuance of an Account Adjustment Notice resulting from posting of TC 290/300; posting of TC 680 (Designated Payment of Interest), or if a credit condition exists in the module: at TDA time; and upon issuance of Credit Reversal Notice (CP 60). |
| 197 | Credit (NPJ) | I/B/A | Abatement of Interest Assessed | Generated Transaction | Abates previously posted 190 or 196 interest assessments. TC 197 is generated when postings cause the interest assessed to exceed interest due (example: Abatement of tax liability). In addition, TC 197 is generated (as necessary) when a TC 682 is posted. |
| 200 | Debit (NPJ) | I/A | Taxpayer Identification Number Penalty Assessment | IMF: 11, 12, 21, 22 Both: 17, 18, 24, 47, 54, 58 | Assess penalty against taxpayer for failure to furnish requested identifying numbers. |
| 201 | Credit (NPJ) | I/A | Taxpayer Identification Number Penalty Abatement | 47, 54 | Abates a previously assessed TC 200 penalty in whole or in part. |
| 234 | Debit (NPJ) | B | Assessed Daily Delinquency Penalty | 47, 54 BMF: 81, 90, 91 | Manual assessment or generated from TC 150 input of $10 Daily Delinquency Penalty to maximum of 5,000. |

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 271 | Credit (NPJ) | I/B A | Manual Abatement of Failure to Pay Tax Penalty | 47, 54 | Manual abatement of previously "net assessed" FTP Penalty (TC 270/276) in whole or in part. Restricts penalty computation for the module unless input with Reason Code 62. |
| 272 | I/B/A | | Failure to Pay Penalty Restriction Deletion | 47, 54 | Removes restriction on computation of FTP Penalty on previously posted TC 270 or 271. Causes recomputation and allows normal computation of Failure to Pay Penalty. |
| 276 | Debit (NPJ) | I/B/A | Failure to Pay Tax Penalty | Generated Transaction | Computer-generated FTP Penalty assessed if return liability and/or Examination/DP Adjustment is not paid on or before date prescribed for payment. |
| 277 | Credit (NPJ) | I/B/A | Abatement of Failure to Pay Tax Penalty | Generated Transaction | Computer-generated abatement of "net assessed" FTP Penalty (TC 276) in whole or part. |
| 280 | Debit (NPJ) | I/B/A | Bad Check Penalty | 18, 24, 45, 54, 58, 87 | Assesses manually-computed bad check penalty. (May be with zero amount.) |
| 281 | Credit (NPJ) | I/B/A | Abatement of Bad Check Penalty | 47, 54 | Abates previously posted 280 or 286 transaction in whole or in part. Will post prior to return if it is the only transaction with TC 290 and there is a TC 280 or TC 286 of equal or greater amount in module. |
| 286 | Debit (NPJ) | I/B/A | Bad Check Penalty | Generated Transaction | Computer-generated assessment of bad check penalty initiated by the posting of any of the following TCs: 611, 621, 641, 651, 661, 671, 681, 691, or 721. Penalty rate after 11-10-1988 is: Checks for more than $750.00, 2% of the check. Checks for $750.00 or less, the lesser of $15.00 or the amount of the check. No penalty on checks less |
| 287 | Credit | B | Reversal of Bad Check Penalty | Generated Transaction | Reversed each posted, unreversed 280/286 if status is 06, module balance is debit and net TC 28X amount equals module balance. |

8 - 18

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 298 | Debit (NPJ) | I/B | Additional Tax Assessment with Interest Computation Date | 54 | Used to input an additional assessment of tax to a module which contains a TC 150. Generates assessment of interest from the interest computation date which must be included in the transaction. BMF: Can be used with another tax adjustment code on the same document (record) i.e., TC 290 or 291, but is not acceptable with TC 294 or 295. Can also be used with penalty codes and interest codes. Otherwise same as TC 290. IMF: Cannot be used with other tax and interest transaction codes, but may be used with penalty codes. Otherwise same as TC 290. |
| 299 | Credit (NPJ) | I/B | Abatement of Prior Tax Assessment Interest Computation Date | 54 | Used to input an abatement of tax to a module which contains a TC 150. Generates abatement of interest from the interest computation date which must be included in the transaction. BMF: Can be used with another tax adjustment code on the same document (record) but is not acceptable with TC 294 or 295. Can be used with penalty codes and interest transaction codes. Otherwise same as TC 291. IMF:Same as TC 291. Will resequence until interest computation date is earlier than current 23C date. BMF: Will unpost (UPC 497, RC2) with secondary TC data later than current 23C date. |
| 300 | Debit (NPJ) | I/B A | Additional Tax or Deficiency Assessment by Examination Division or Collection Division | 47 | Assesses additional tax as a result of an Examination or Collection Adjustment to a tax module which contains a TC 150 transaction. Generates TC 421 to release 42 Hold if Disposal Code 1-5, 8-10, 12, 13, 34 and TC 420 or 424 present. If TC 420 or 424 is present, TC 421 is generated when disposal code of 1-4, 8-10, 12 (only if Appellate Code is 000 or if TC 300 blocked 700-799) 13, or 34. Releases freezes for 640, 720, 840 or 841. IMF: Additionally releases TC 680 hold and freezes for Invalid SSN or Account Reactivation. Blocking Series 790-799 or 900-999 will generate a CP 55, BMF: Releases freezes for Joint Committee or TC 842. |

8 - 20

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 309 | Credit (NPJ) | I/B | Abatement of Prior Tax Assessment by Examination Div. with Interest Computation Date | 47 | Used to input an Examination Overassessment of tax to a module which contains a TC 150. Contains an interest computation date which must be included in the transaction and generates abatement of interest from that date. Cannot be used if the amount of tax in the module is smaller than the amount on the Form 2285 that could be input with TC 309. BMF—Can be used with another tax adjustment code, except TC 304 or 305 on same document i.e. TC 300 or 301. Can be used with penalty and interest transactions. IMF—Cannot be used with other tax transaction codes, but may be used with interest and penalty codes. |
| 310 | Debit (NPJ) | I | Penalty for Failure to Report Income from Tips | 47, 54 | Assesses penalty for taxpayer's failure to report Tips Income. |
| 311 | Credit (NPJ) | I | Tip Penalty Abatement | 47, 54 | Abates previously posted unreversed TC 310, in whole or in part. |
| 320 | Debit (NPJ) | I/B/A | Fraud Penalty | 47, 54 | Assesses Fraud Penalty. BMF/IMF: Restricts FTP Penalty on Fraud Penalties assessed under IRC 6653(b) for returns due before 1/1/89. |
| 321 | Credit (NPJ) | I/B/A | Abatement of Fraud Penalty | 47, 54 | Abates a previously posted 320 transaction in whole or in part. BMF/IMF: Releases restriction on FTP Penalty. |
| 336 | Debit (NPJ) | I/B A | Interest Assessment on Additional Tax or Deficiency | Generated Transaction | Assess computer-generated interest on additional tax or deficiency assessed upon posting of an Examination Adjustment (TC 300 with Doc. Code 47) and issuance of the adjustment notice. |
| 337 | Credit (NPJ) | I/B A | Abatement of Interest Assessed on Additional Tax or Deficiency | Generated Transaction | Abates previously posted 190, 196 or 336 interest assessment in whole or in part. Computer-generated when an Examination Adjustment TC 301 posts. |

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 400 | Credit (NPJ) | I/B/A | Account Transfer-Out | 51 or Generated Transaction | Transfer accounting control out of the Master File. Can be reversed by input of TC 370 with secondary TC 402. After posting, all subsequent transactions (except TC 370 with secondary TC 402) are unpostable. Also generated when an attempt is made to post to a tax module with maximum transactions. IMF: Can be computer generated if tax module transaction section has exceeded maximum posting size. BMF: Will generate TC 400 if tax module transaction section has an overflow condition after normal and/or special consolidation analysis has been performed. Identified by blocking series 999. Generates CP296. |
| 402 | Debit (PJ) | I/B/A | Account Re-Transferred-In | 51 | Valid only as the first secondary transaction to TC 370. Reestablishes an Account Transferred-Out by debiting the Tax Module. Transaction date and amount are determined from the last posted TC 400 and must completely reverse the last posted TC 400. |
| 420 | | I/B/E | Examination Indicator | 29, 77 | Computer generated at SC when opening record is posted. Can be input on Form 3177. Indicates that return has been referred to the Examination or Appeals Division. Generally, if TC 420 is unreversed, TC 290, 291, 298 and 299 will unpost unless Priority Codes 1, 5, 6, 7, or 8 present. (See UPC 160, 330) Module will not be removed from MF. TC 290 with zero amount, 294 or 295 will post. (TC 294, 295, 298, 299-BMF/IMF only.) The return has been assigned in the Examination or Appeals Division. |
| 421 | | I/B E/A | Reverse Examination Indicator | 47, 77 or Generated Transaction | Generated at MCC when TC 300 posts with a Disposal Code of 1-5, 8-10, 12, or 34 to module and an unreversed TC 420, or 424 is present. Can be input directly with Doc. 47 or on Form 3177. Reverses TC 420 or 424. IRAF: Can be received only from the IMF and is treated by IRA as a control DLN update (TC 999). Generated as a result of input through PCS. |

8 - 24

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 424 | | I/B/E | Examination Request Indicator | 77 | Return referred to Examination or Appeals Division. Generates Examination opening inventory information. Deletes record, if present, from DIF file. This transaction can also be generated for IMF when an IRP Underreported Case is referred to Exam. Generated as a result of input through PCS |
| 425 | | I | Reversed TC 424 | Generated Transaction | A TC 424 which was reversed. |
| 427 | | B | Requests Returns from SERFE file | 77 | Requests blocks or return from the SERFE file |
| 428 | | I/B/E | Examination or Appeals Case Transfer | Generated Transaction | Updates the AIMS Control Number D.O. or SC Code on unreversed TC 420 or 424. Does not post to the IMF or BMF as a transaction. Generated when an Examination or Appeals Division case transfer is entered on the AIMS terminal. Contains the DO or SC code to which the case is being transferred. CC 89 allows refund & credit elect but prevents offset. |
| 429 | | I/B | Request AIMS Update from MF | 77 | Request that an update record reflecting current MF information be sent to the AIMS data base. Does not post to MF. Also used to release tax shelter freeze (–E). |
| 430 | Credit (PJ) | I | Estimated Tax Declaration | 20, 61 | Posts to the MF and establishes a tax module, if necessary, to record ES tax payment. Reversed by TC 661 or 662. |
| 430 | | I | Entity Created by TC 430 | Generated Transaction | Indicates that the Master File Entity was created from the posting of the ES payment. Posts to the Entity. |
| 431 | | | Obsolete | | |
| 432 | | I/A | Entity Updated by TC 430 | Generated Transaction | Designates an Estimated Tax Declaration which updated Entity Data and is posted to the Entity Transaction Section. Not directly input to IRAF. Generated to IRAF as result of name change on IMF. |
| 446 | | I/B E/A | Merged Transaction Indicator | Generated Transaction | Posts to the MF module which receives the merged transactions from the module which is dissolved. Contains current cycle and a list of the transactions merged in the cycle the TC 446 posts. The transactions contain a cycle prior to that of the TC 446. |
| 450 | Debit (PJ) | I/B/A | Transferee Liability Assessment | | May be posted as part of 370 transaction only. |

8 - 28

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 494 | | B/I | Notice of Deficiency | 77 | Indicates that a Statutory Notice of Deficiency (90-day) was issued. Issuing Organization Code two position numeric only (70, 71, 84). CC: STN 90 |
| 495 | | B/I | Closure of TC 494 or correction of TC 494 processed in error | 77 | Closure of Notice of Deficiency or Notice of Deficiency processed in error. Issuing Organization Code two position numeric only (70, 71, 84). CC: STN 90 |
| 500 | | I | Military Deferment | 77 | Suspends Collections Status Expiration Date. New expiration date is input with TC 550. Hold is established if tax module balance is debit; hold is released when balance becomes zero or credit and when TC 502 or 550 is posted. Generates TC 340 Valid CC 51-53. See Section 11 Collection, for appropriate closing codes. |
| 502 | | I | Correction of TC 500 Processed in Error | 77 | Corrects an erroneously posted military deferment and restores the original Collection Statute Expiration Date. Releases Hold established by TC 500. TC 502 does not release the interest and/or penalty freezes. A TC 290 must be input with the appropriate TC. |
| 503 | | | | 77 | TC 500 changed to 503 when posting TC 502 |
| 510 | | I | Releases Invalid SSN Freeze on Refunds | 77 | Releases invalid SSN freeze indefinitely, as long as SSN/Name Control remain unchanged. |
| 520 | | I/B/A | IRS Litigation Instituted | 77 or Generated Transaction | Freeze is released by TC 521 or 522. Some CCs suspend CSED. See Section 11.08(6). For IMF only an optional CSED TIN indicator (P) Primary, (S) Secondary or (B) Both can be used to identify which taxpayer the extension applies to. (See Section 11 for appropriate closing codes) |
| 521 | | I/B/A | Reversal of 520 | 77 | Records reversal of a previously posted TC 520. If TC 520 posted prior to cycle 8624, TC 550 must be input to extend the CSED. Refer to section 11 for specific CC reversal activity. |
| 522 | | I/B/A | Correction of 520 Processed in Error | 77 | Indicates and reverses previously posted 520's as an error, and causes Closing Codes, if 70-89, to be updated to zeros. |
| 524 | | | Collateral Agreement Pending | | Indicates that a Collateral Agreement is pending. Suspends Collection action (IDRS only—Does not post to master file) |

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 570 | | I/B A | Additional Liability Pending and/or Credit Hold | I/BA/A; 17, 18, 24, 48, 58, 77 I/B; 09, 10, 11, 12, 21, 22, 26, 27 I: 61 | Indicates additional liability pending. Freezes (—R freeze) module from refunding or offsetting credit out. TC 570 can be generated to establish frozen status by the following: IMF/BMF: a) A return (TC 150) posted with CCC "3" (IMF) or CCC "X" (BMF). b) Document code 34 credit transaction input with credit freeze code. c) TC 670 posts creating a credit balance and an unreversed TC 420 or 424 is posted to module. d) A document Code 54 with TC 291 and Priority Code 7 in blocking series 740-769. e) TC 150 blocking series 920-929. f) TC 24X with reference number 699. g) TC 680 if results in credit balance of $5 or more. h) TDI Refund Hold (Julian Date 999) BMF: When Form 706 module, in installment status 14, goes to credit balance. IRAF: Freeze suppresses issuance of CP 331. BMF: Generated when form 706 (MFT 52) in status 14 (installment) goes to credit balance, except when a prior TC 460 is posted. Use module control DLN. Frozen status released by the following: a) TC 571 or 572. b) Module goes to zero or debit balance (except when module contains any TC with Doc Code 33 in the DLN. c) Posting of TC 30X (except with disposal code 7 or 11). d) Posting of TC 29X (except with priority code 6 or 7 or blocked 200-299) e) TC 150 f) TC 840 blocked 920-929. g) TC 29X with TC 180 with zero amount if there is no unreversed TC 180 or 186 posted. h) Zero balance, TC 290 or 300 PC 8, TC 571 or TC 572. |
| 571 | | I/B/A | Reversal of TC 570 | 77 | Releases the 570/576 freeze status. |
| 572 | | I/B/A | Correction of 570 Processed in Error | 77 | Used to remove TC570/576 Input in error. |

8 - 32

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 576 | Debit (PJ) | I | Unallowable Tax Hold | Generated Transaction | Generated by TC 150 with a Credit Balance and Unallowable Tax. Holds the Unallowable Tax to the extent of the Credit Balance in suspense. Freezes the amount of the TC 576 from refund and offset out. Resequence all Debit transactions including generated Doc. Code 34 debits and transfer in (TC 370) except TC 667 & 896. (This amount has not been assessed). |
| 577 | Credit (PJ) | I | Reversal of TC 576 | Generated Transaction | Generated by TC 300, 571, 572 or TC 421 with Doc. Code 47 and Disposal Code 20-25, 27, 29, 31-33, 35 or 36. Restores TC 576 Unallowable Tax into the tax module and releases 576 hold. |
| 582 | | I/B | Lien Indicator | 77 | Federal Tax Lien has been filed for this tax period. This transaction can represent two different types of liens; "Self-releasing" and "Re-filed". Each will have a unique indicator setting. On IMF this transaction is also used as a "2032A Indicator" and a Carry-over Basis Indicator. On BMF, used to post "2032A Election" (F706) or "2032A Heir" data (F1120, 1041, or 1065) or to post cross-reference SSN data (F720, Abstract no. 52). 1) Generated to post to the entity when an MFT 01/11 TC 150 is input with a significant "parent EIN" field. Use the DLN for the TC 582 being generated and include the "parent EIN" in the TC 582. 2) Generated to post the entity when a F1120/1120A/1120S/1041/1065 TC 582 posts to a tax module. Use the DLN of input TC 582 as the DLN for the TC 582 being generated. |
| 583 | | I/B | Reverse Lien Indicator | 77 or Generated Transaction | Reverses TC 582. Deletes Cross-Reference SSN (BMF only). TC 583s will be generated in the conversion run for those modules where the last CSED has expired and the first "lien only" TC 582 posted after cycle 198301 (BMF), or 198313 (IMF) (i.e. "Self-releasing" liens). |
| 586 | | B | Transfer/revenue receipt cross.ref TIN | 24, 48 | Posts a cross reference TIN from a transfer on a revenue receipt transaction. |

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 666 | Credit (NPJ) | I | Estimated Tax Credit Transfer In | Generated Transaction | When taxpayer claims more ES credits than are posted in tax module, settlement is frozen and a TC 667 is generated and resequenced to search the spouse's tax module. TC 666 represents the amount of ES credits transferred-in from the spouse's module (may be zero if none available or spouse's account is not found) and freeze is released. Also, credits to a deceased taxpayer's spouse's account. (Julian 999) Initialized when a CCC "F" return posts requesting credit elect. |
| 667 | Debit (NPJ) | I | Estimated Tax Debit Transfer Out | Generated Transaction | Debit transaction representing amount of ES Credits transferred to a spouse's account. Release Excess ES Credit Freeze. |
| 670 | Credit (PJ) | I/B/A | Subsequent Payment | All: 17, 18, 19, 24, 58 I/B: 34 | If return has posted, credits the Tax Module with payment on account. If return has not posted, credits the Tax Module with prepayment on account. See UPC 198, and UPC 305. May carry a Designated Payment Code (DPC) (See section 11.11) Processing of TC 670 with secondary TC 460 use doc code 19. |
| 671 | Debit (PJ) | I/B/A | Subsequent Payment Check dishonored | 19, 24, 58, 87 | Records a dishonored check issued as a subsequent payment. IMF/BMF/IRAF: If not accompanied by secondary TC 280, TC 286 is generated, except for blocking series 800-899 (E.F.T. Payments). **Note:** For MFT 04, only valid for tax periods subsequent to 199412 not valid with doc code 34. |
| 672 | Debit (PJ) | I/B/A | Correction of 670 Processed in Error | All: 24 I/B: 34 | Reverses a 670 in whole or in part by debiting the module.**Note:** For MFT 04, only valid for tax periods subsequent to 199412, tax period must end in '12', not valid with doc code 34. |
| 673 | | | | | Input of a TC 672 Changes an existing TC 670 to TC 673. |
| 678 | Credit (PJ) | B | Credits for Treasury Bonds | 17, 24, 58 | Credits Tax Module for amount of estimated tax paid by Treasury Bonds. Applies only to Estate Tax. |
| 679 | Debit (PJ) | B | Reversal of Credits for Treasury Bonds | 24, 58 | Reverses TC 678 in whole or in part by debiting the module. |

8 - 48

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 811 | | I | Reverse Refund Freeze | 77 | Reverses TC 810 in whole or in part. TC 811 with zero will reverse the TC 810 and allow release of all credit (providing no other freezes are in effect). |
| 820 | Debit (PJ) | I/B/A | Credit Transferred | 24, 58 | Manually transfers previously posted credit amount to another tax module, another account, excess collections, or other destination as required. BMF/IMF Releases Assessment Statute Expiration Freeze for Doc. Code 24 only. **CAUTION:** CREDIT MUST BE AVAILABLE ON MASTER FILE AT TIME OF POSTING OR WILL UNPOST. IMF: SEE UPC 175. BMF: SEE UPC 325. The corresponding credit is TC 700. **NOTE:** Form MFT 04, only valid for tax periods subsequent to 199412. Tax period must end in '12'. Not valid with 34 Doc code. |
| 821 | Credit (PJ) | I/B | Reverse Generated Overpayment Credit Transferred | 24 | Reverses the generated TC 826 overpayment credit transferred in whole or in part by crediting the tax module. Transaction date must match TC 826 date. CAUTION: When transaction dates are the same, sequencing matters. Multiple transactions must be input in the order that the TC 826's occur. The corresponding debit is TC 701. |
| 822 | Credit | I/B/A | Correction of an Overpayment Transferred In Error | 24, 58 | Reverses TC 820 in whole or in part by crediting the Tax Module. The corresponding debit is TC 702. NOTE: For MFT 04, only valid for tax periods subsequent to 199412. Not valid with 34 doc code. |
| 824 | Debit (PJ) | I/B | Overpayment Credits Transferred to Another or to Non-MF Accounts | 24, 58 | Transfers overpayment credits frozen by TC 130 Account Refund Freeze. Releases TC 130 Account Refund Freeze. IMF: See UPC 168 and 175. BMF: See UPC 325. |
| 826 | Debit (NPJ) | I/B | Overpayment Transferred | Generated Transaction | An MCC computer generated debit for the amount of overpayment credit transferred to another tax module within this taxpayer's account. The corresponding credit is 706. |

8 - 52

| Trans Code | DR/CR File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|
| 901 | I/B/A/E | Delete IDRS Indicator | 79 | Service Center request to delete a specific entity or tax module from the TIF (IDRS) based upon the FLC. Does not post to Master File. |
| 902 | I/B/A/E | Service Center IDRS Indicator | 79 | Service Center request to put a specific entity or tax module on the TIF (IDRS). The requested module data will be displayed on IDRS in approximately 2 weeks and will remain on IDRS for 3 weeks unless other action established a longer retention. If no account or modules exists a Master File, a TC 904 is generated. Does not post to Master File. |
| 903 | I/B/A | Master File IDRS Entity Delete | Generated Transaction | MCC computer generated to indicate that an entity was deleted by TC 020. Does not post to Master File. |
| 904 | I/B/A/E | Notify IDRS Entity or Module not Present | Generated Transaction | Generated by MCC to notify IDRS that the entity or tax module requested by TC 902 is not present on the IMF/BMF. TC 904 will identify the Retention Register D.O. if the module has been removed. Doc Code 99 (4th & 5th digit of the 904 DLN) indicates TIN is present but module requested is not. With Doc Code 79, TIN is not present/ Name Control incorrect. |
| 910 | I/B/A | Intelligence Hold | 77 | Identifies an account assigned to Criminal Investigation Division. Prevents entity or tax modules from being removed from the Master File as an Expired Account. IRAF: Causes subsequent IRAF transactions to be unpostable. |
| 911 | I/B/A | Completed Criminal Investigation | 77 | Reverses TC 910 freeze. |
| 912 | I/B/A | Criminal Investigation | 77 | Reverses TC 914 freeze. |
| 914 | I/B/A | Active Criminal Investigation | 77 | Identifies a tax module assigned to the Criminal Investigation Division. Establishes modular freeze which causes all transactions except the following to be unpostable: IMF only—Corr. UPC 183; IMF/BMF—TC 428, 910, 912, 920 and 99X; BMF only—Corr. UPC 333, TC 019, 424 (SPC 049), IRAF Corrected Unpostable Code 733. BMF/IMF: Prevents entity or tax modules from being removed from the MF as an expired account. |

8 - 54

| Trans Code | DR/CR | File | Title | Valid Doc. Code | Remarks |
|---|---|---|---|---|---|
| 960 | | I/B/E | Add Centralized Authorization File Indicator Report-ing Agents File | 77 | Adds CAF indicator to the module. Causes notices and/or refunds to be sent to authorized representative. Also can be generated when a TC 150 or 620 (BMF) with a significant CAF code posts and an unreversed TC 960 is not already posted. Also posts to the entity and sets the Magnetic Tape Indicator. |
| 961 | | I/B/E | Reverse Central-ized Authorization File Indicator | 77 | Reverses TC 960 and zeros module CAF indicator. BMF: For Reporting Agents File, posts to the entity, and zeros the Magnetic Tape Indicator. |
| 962 | | I/B/E | Update Central-ized Authorized File Indicator | 77 | Updates CAF Indicator in the module; does not reverse TC 960. BMF: For Reporting Agents File, posts to the entity and updates the Magnetic Tape Indicator. |
| 970 | | B | F720 Additional Schedules; or | Generated Transaction | Generated when MFT 03 TC 150 posts with data transcribed from accompany-ing F8743. |
| | | | F945 liability amounts from F945-A and related dates | | Generated when MFT 16 TC 150 posts with data transcribed from accompany-ing F945-A. |
| | | | F941 liability amounts from Schedule B and related dates | | Generated when MFT 01 TC 150 posts with data transcribed from accompany Schedule B. |
| 971 | | B/I | Amended/Dupli-cate Return Cross Reference TIN/Tax Period Data - Bankruptcy Abatement | 77 | Used to post identifying XREF TIN/Tax period data whenever a TC 150 976/977 return has been posted to an incor-rect TIN/Tax Period, or an amended return has been received (CC10, 12-15). (See Section 8 for action codes.) When inputting 971 on FRM77, trans-action date must be return received date as posted on IDRS or CFOL. |
| 972 | | B/I | Reverses Amended/Dupli-cate Return XREF TIN/Tax Period Data | 77 | Used to reverse TC 971. |
| 973 | | B | Application for Tentative Refund F1139 Processed | 84 | Identifies receipt of Form 1139 applica-tion of tentative refund for corporation (valid for input after 4/1/1993). |

CASE NO. 05-CR-10175-WGY

Nadine J. Griffin,

# EXHIBIT "J"
## 6 pages



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

**AUG 2 3 2005**

Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, FL 33776-3402

*Dear Ms. Griffin:*

This letter is in response to your Freedom of Information Act request dated May 9, 2005 and received in our office on July 26, 2005, wherein you requested copies of all documents, records and/or transcripts identified as, or supersedes Form 2859, Request for Quick or Prompt Assessment and Form 2644, pertaining to yourself for the tax years 1997 through 2004.

Pursuant to your request, we are providing the following information. We have conducted a search for the records that you have requested and found that we have no documents responsive to your request.

Enclosed is Notice 393, which sets forth the Freedom of Information Act exemptions and outlines your appeal rights.

If you have any questions, please refer to case # 04-2005-02311 and contact me at 617-316-2405 or by writing to the Internal Revenue Service, JFK Federal Building, P.O. Box 9112, Disclosure Stop 41150, Boston, MA 02203.

Sincerely,

Cindy Brooks

Cindy Brooks
Disclosure Specialist
Badge # 04-06078
Northeast Area, Boston

Enclosure

# FREEDOM OF INFORMATION ACT REQUEST

Requester: Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, Florida 33776-3402

May 9, 2005

IRS FOIA Request
Boston Disclosure Office
PO Box 9112, MS 41150
Boston, MA 02203

Certificate of Mailing No. 9382-00-0029

Re: Treasury Account No. (b)(6) -2839

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) Requester.

This request pertains to the years **1997** through **2004**.

## THIS IS A REQUEST FOR DOCUMENTS:

**BACKGROUND: 26 USC § 6861. Jeopardy assessments of income, estate, gift, and certain excise taxes** -- (a) Authority for making: If the Secretary believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary for the payment thereof. **(IRM 4.15.3.3 Assessing Amounts:** After the assessment is processed by the service center and the DLN and 23C data has been placed on **Form 2644** and **Form 2859,...)** (See Exhibit A)

1. **Please send Requester** copies of all documents, records and/or transcripts identified as, or supersedes if obsolete **Form 2859 – Request for Quick or Prompt Assessment,** which pertain to Requester assigned Treasury Account number (b)(6) -2839. (See Exhibit A)

2. **Please send Requester** copies of all documents, records and/or transcripts identified as, or supersedes if obsolete **Form 2644** which pertain to Requester assigned Treasury Account number (b)(6) 2839. (See Exhibit A)

3. **Please send Requester** copies of all documents, records and/or transcripts identified as, or supersedes if obsolete **Form 3198** which pertain to Requester assigned Treasury Account number **(b)(6)-2839.** (See Exhibit A)

4. **Please send Requester** copies of all documents, records and/or transcripts identified as, or supersedes if obsolete **Form 4549-A,** *Income Tax Examination Changed,* which pertain to Requester assigned Treasury Account number **(b)(6) -2839.** (See Exhibit A)

5. **Please send Requester** copies of all documents, records and/or transcripts identified as, or supersedes **"Copy of Narrative",** which pertain to Requester assigned Treasury Account number **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.** (See Exhibit A)

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." *You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.*

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _Nadine J Griff_

County of _Pinellas_ )
                         ) ss
State of _Florida_ )

On this _20_ day of _July_ , 2005, _Nadine J. Griffin_ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal: _Adrian Stepp_

Signature of Notary Public

ADRIAN STEPP
MY COMMISSION # DD 402368
EXPIRES: March 2, 2009
Bonded Thru Notary Public Underwriters

My Commission Expires: _March 2, 2009_



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

**AUG 2 3 2005**

Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, FL 33776-3402

Dear Ms. Griffin:

This letter is in response to your Freedom of Information Act request dated April 25, 2005 and received in our office on June 23, 2005, wherein you requested copies of all documents, records and/or transcripts identified as, or supersedes Form 8278, Computation and Assessment of Miscellaneous Penalties, pertaining to yourself for the tax years 1997 through 2004.

Pursuant to your request, we are providing the following information. We have conducted a search for the records that you have requested and found that we have no documents responsive to your request.

Enclosed is Notice 393, which sets forth the Freedom of Information Act exemptions and outlines your appeal rights.

If you have any questions, please refer to case # 04-2005-02097 and contact me at 617-316-2405 or by writing to the Internal Revenue Service, JFK Federal Building, P.O. Box 9112, Disclosure Stop 41150, Boston, MA 02203.

Sincerely,

Cindy Brooks

Cindy Brooks
Disclosure Specialist
Badge # 04-06078
Northeast Area, Boston

Enclosure

# FREEDOM OF INFORMATION ACT REQUEST

Requester: Nadine J. Griffin
13799 Park Blvd. N., #244
Seminole, Florida 33776-3402

April 25, 2005

IRS FOIA Request
Boston Disclosure Office
PO Box 9112, MS 41150
Boston, MA 02203

Certificate of Mailing No.  9382-00-0025

Re: Treasury Account No. **(b)(6)**1-2839

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) Requester.

This request pertains to the years **1997** through **2004**.

## THIS IS A REQUEST FOR DOCUMENTS:

1. **BACKGROUND;** Department of the Treasury -- Internal Revenue Service, **Special Handling Notice – Form 8278, Miscellaneous Penalties.** (See Exhibit A)

2. **Please send Requester** copies of all documents, records and/or transcripts identified as, or supersedes **Form 8278, "Computation and Assessment of Miscellaneous Penalties,"** which pertain to Requester assigned Treasury Account number **(b)(6)** -2839. (See Exhibit A)

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." ___You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.___

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, *Nadine J Griffin*

*Nadine J Griffin*

*County of* Pinellas )

) ss

*State of* Florida )

On this /6 day of June , 2005, *Nadine J Griffin*
personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal:



Signature of Notary Public

My Commission Expires: *March 2, 2009*

ADRIAN STEPP
MY COMMISSION # DD 402368
EXPIRES: March 2, 2009
Bonded Thru Notary Public Underwriters

CASE NO. 05-CR-10175-WGY                                    Nadine J. Griffin,

# EXHIBIT "K"
## 9 pages

    (j) IRM 3(11)(25)0, Miscellaneous Tax Returns
    (k) IRM 3(15)(148)0, BMF and NMF DP Tax Adjustments
    (l) IRM 48(13)2, AIMS—DO and SC Processing
    (m) IRM 3(17)(243)0, Miscellaneous Accounting
    (n) IRM 8114, Appeals Returns Processing and Control

### 3(17)(46)1.5 *(1-1-96)*
### Tax Owed by Minor Children

(1) If the correspondence received from a taxpayer indicates the account is for a minor child, update the IDRS history section of the account using Command Code "ENMOD" to include the parents name and phone number and "MINOR" to the account.

(2) If the minor's account is in notice status, the account will be accelerated to ACS status with no further action by IRS personnel.

(3) If the account is in TDA status, refer the case to SCCB.

(4) For all other situations, this information will be used when contacting minor taxpayers until the information is no longer displayed on IDRS.

### 3(17)(46)1.6 *(1-1-96)*
### Security Over Taxpayer Information, Returns and Documents

Service officials and managers must communicate security standards contained in IRM 1(16)12 to subordinate employees and establish methods to enforce them. Employees are responsible for taking required precautions in providing security for the documentation, information, and property which they handle in performing official duties.

When using IDRS, only access those tax modules required to accomplish your official duties. All IDRS accesses are recorded for immediate review and to determine the accuracy of an adjustment. Any unauthorized access or browsing of tax modules by employees to satisfy personal curiosity or for fraudulent reasons are prohibited by IRS and are subject to disciplinary actions and/or dismissal from the service.

### 3(17)(46)1.7 *(1-1-96)*
### Glossary of Accounting Terms

(1) ABATEMENTS: To reduce an assessment of tax, penalty, or interest, when determined the assessment is incorrect. Abatements require the signature of the Certifying Officer and are supported by the legal document: Voucher and Schedule of Overpayment and Overassessment, Form 2188.

(2) ABSTRACTS: The detailed breakdown of revenue receipts within the 7 major tax classes, particularly within the Excise Classification. Abstracting identifies the specific type of tax collected and directs it to the proper appropriation account set by Congressional Act.

(3) ADVANCE PAYMENT: Payment made for an anticipated predetermined deficiency prior to the actual additional tax assessment.

(4) ALCOHOL, TOBACCO AND FIREARMS (AT&F): A Bureau within the Treasury Department with responsibility for monitoring the manufacture and sale of Alcohol, Tobacco and Firearms.

(5) ASSESSMENT: Amount of tax, interest or penalty charged to a taxpayer.

(6) ASSESSMENT CERTIFICATE: To impose a tax as authorized by the Internal Revenue Code. Assessments are supported by a summary record of assessment signed by an appointed assessment officer.

(2) Original requests for assessments are the source documents. If requests are made via telephone, facsimile machine or other means which precede sending the source documents to the service center, then the requester is required to immediately send the source documents to the service center. If the source documents are not received within five working days, follow up with the requester to secure the source documents. Management involvement may be needed if there is no reply.

(3) For "Weekly" Assessments only: If a holiday falls on a Friday, the cut-off for processing weekly assessments (input to the Block Control screen) will be that Wednesday preceding the Friday holiday.



## 3(17)(46)4.2 (1-1-96)
### Daily Assessments

(1) Daily assessments are made to protect the assessment from being barred by the statute of limitations or to expedite the collection process. These assessments will be made through the Original Assessment-Daily screen of the Automated NMF System to generate Form 6335 (1st notice).

(2) RACS will assign a Document Locator Number (DLN) to daily assessments, prepare Forms 813, journalize assessments through RACS using the RACS screen 040, enter the Form 813 information onto the Automated NMF System using the Form 813 Block Control screen and stamp Form 813 with the journal number and the 23C date.

(a) Form 23C will be signed and the requesting office will be informed of the date of signature and the DLN of the assessment.

(b) For Jeopardy assessments only, a separate Form 813 and DLN is prepared for each jeopardy assessment. Multiple assessments against the same taxpayer can be included on the same Form 813.

(3) RACS will forward the Form 813 and the related documents to NMF for input to the Automated NMF System through the Original Assessment-Daily screen.

(4) In some instances assessments may be telephoned to the service center for immediate assessment. Telephonic requests must furnish the following minimum information:

(a) Affirmative statement that the District Director has approved Forms 2644 for Jeopardy or Termination assessments;

(b) Name, address and Taxpayer Identification Number;

(c) Type of tax and taxable period;

(d) Amount of tax, interest and all penalties to be assessed;

(e) Amounts of payments, if any, and balance due;

(f) Type of assessment: Quick, Prompt, Jeopardy or Termination;

(g) Appropriate abstract number;

(h) Transaction codes.

(5) The standard billing schedule will apply to all NMF Quick Assessments. Input a "1" into the Notice Type field when establishing the account.

(6) Jeopardy or Termination Assessments will require a Form 6335 (1st Notice) and an immediate TDA. Input a "Z" into the Notice Type field when establishing the account.

### 3(17)(46)4.3 (1-1-96)
### Weekly Assessments

(1) Assessments where the statute of limitations is not imminent or no specific immediate assessment date is requested or required will be made as a weekly assessment. Systemically, the 23C date (assessment date) is set to coincide with the RACS 23C date which is the current Monday date plus 14 days.

(2) RACS will input the Form 813 information into the Automated NMF System using the Form 813 Block Control screen and include the 23C date on Form 813.

(3) RACS will forward Form 813 and the related documents to NMF.

(4) NMF will input the assessment to the Automated NMF System through the Original Assessment-Weekly screen.

(5) Assessment Recaps are generated the following day after the account posts to the NMF data base.

(a) It is essential that all unpostable assessments are corrected immediately upon discovery to protect the 23C date.

(b) If the unpostable is corrected by the close of business (COB) Thursday, the assessment will carry the current 23C date. However, if the unpostable is not corrected until Friday, the assessment will carry the next consecutive 23C date.

(6) NMF will forward the Recap(s) to RACS for journalization. The related Forms 813 (part 2) will be associated and the reverse side worked as instructed in sub-section 3(17)(46)2.7.

(a) After journalization, RACS will stamp the Form 813 (part 2) and the Recap (part 2 and 3) with the journal number. RACS will then input the journal number to the Automated NMF System using the UPDATE JRN'L screen.

(b) RACS will return part 3 of the Recap to NMF and retain part 2 of the Recap in summary number order.

(c) NMF will annotate the journal number from the Recap (part 3) on the related Recap (part 1) and on the Form 813 (part 1) for an audit trail.

(d) NMF will retain part 3 of the Recap in journal number order.

### 3(17)(46)4.4 (1-1-96)
### Controlling Blocks

(1) Input of the Form 813 information using the Form 813 Block Contol screen is the major control for all items entered onto the Automated NMF System. All blocks of documents that are either pre-journalized or post journalized will be input to the Form 813 Block Control screen. See IRM 3(17)(46)(15).5 fur further instructions. The only exceptions are Even returns, Refund returns, NMF Extensions of Time to File, entity changes, transfer-in and loaded old accounts (ULC's).

(2) There are three listings generated through the Automated NMF System that are associated with input through the Form 813 Block Control screen.

(a) NMF Block Listing—is printed by the Database Administrator/ (DBA) on a daily basis. This listing shows all Forms 813 input through the Form 813 Block Control screen on the previous work day, except "dailys". This list is forwarded to RACS immediately after generation and is used by RACS as a cover sheet to transmit all Forms 813 and the related documents to NMF for processing.



IMF Operations

(7) The Assessment "23C" date will ordinarily be the Monday of the 2nd week following the week in which these transactions are processed and posted to the IMF Accounts, unless otherwise designated by Accounts Division in appropriate publications.

(8) When notices are to be sent to taxpayers that are identified as Spanish speaking District Office (DO) 66 and mail filing requirement of "7" the Computer Paragraph Number is in the 700 series.

(9) Extracts of IMF Accounts are not permitted when the extracts may be used outside of IRS, unless the Privacy Act or the Freedom of Information Act is utilized.

(10) Do not generate Check Digit for Accounts posted to the Invalid Segment.

(11) The term "Module Balance" as used throughout this Section is the algebraic sum of posted and assessed transactions excluding interest transactions.

(12) The term "Net Module Balance" is the algebraic sum of Assessed Transactions and consists of Module Balance, Interest Assessed and Interest Paid.

(13) The term "Total Balance" is the algebraic sum of "Module Balance," Accrued Failure to Pay Penalty (Total Penalty less Assessed Penalty) and Total Interest (Assessed Interest plus Accrued) and Interest Paid.

(14) Service Center Codes supersede Region Code. Generate the Service Center Code from the governing District Offices Code.

(15) When prescribed transactions post to a tax module, or a tax module must be analyzed for a scheduled action, compute interest, Failure-to-Pay-Penalty and/or delinquency penalty as required. Assess interest, assess Failure-to-Pay-Penalty when applicable, and assess delinquency penalty as prescribed in subsequent sub-sections. When interest and Failure-to-Pay-Penalty computations are made and not assessed, accrue the amounts of each computation.

(16) Non-Compute 1040—the input return record sent to MCC will contain a "Non-Compute" code of "2". MCC will determine if the return was timely filed; if not timely the non-compute code will be changed to a "1". Code "2" indicates special processing.

(17) Bypass normal processing, opening of modules, UPC, etc. when encountering Political Checkoff and IRA input "dummy" returns.

## 30(55)4.2 (1-1-96)
### Types of Transcripts

(1) SPECIFIC
(2) OPEN
(3) COMPLETE
(4) ENTITY
(5) STEX (B Freeze)
(6) RFND LIT (TC 520)
(7) REFUND (TC 846)
(8) REFUND-E (TC 846)
(9) $1,000,000 Refund Transcript
(10) TDI-REFUND
(11) Refund-S (TC 846)
(12) TRANS—844 (TC 844)
(13) LITIGATION (TC 520)
(14) EXES-TC 840



63.14.4  (10-01-1999)
**Account 6120**
**Individual**
**Income Tax**
**Assessments—**
**Principal**

(1)  This account is used to summarize the total amounts of assessments of tax class 2 **Principal** as provided by the Internal Revenue Code. The balance of this account represents total tax class 2 **principal** assessments for the year.

(2)  All **principal** assessments must be recorded on Summary Record of Assessments (Assessment Certificate). The Assessment Certificate is the legal document that permits collection activity.

(3)  Total tax class 2 assessments for the month will be summarized on computer generated Form 2162 which will become the external subsidiary.

63.14.5  (10-01-1999)
**Account 6121**
**Individual**
**Income Tax**
**Assessments—**
**Penalty**

(1)  This account is used to summarize the total amounts of assessments of tax class 2 **Penalties** as provided by the Internal Revenue Code. The balance of this account represents total tax class 2 penalty assessments for the year.

(2)  All penalty assessments must be recorded on Summary Record of Assessments (Assessment Certificate). The Assessment Certificate is the legal document that permits collection activity.

(3)  Total tax class 2 assessments for the month will be summarized on computer generated Form 2162 which will become the external subsidiary.

63.14.6  (10-01-1999)
**Account 6122**
**Individual**
**Income Tax**
**Assessments—**
**Interest**

(1)  This account is used to summarize the total amounts of assessments of tax class 2 **Interest** as provided by the Internal Revenue Code. The balance of this account represents total tax class 2 interest assessments for the year.

(2)  All **interest** assessments must be recorded on Summary Record of Assessments (Assessment Certificate). The Assessment Certificate is the legal document that permits collection activity.

(3)  Total tax class 2 **Assessments** for the month will be summarized on computer generated Form 2162 which will become the external subsidiary.

63.14.7  (10-01-1999)
**Account 6130**
**Corporation Tax**
**Assessments—**
**Principal**

(1)  This account is used to summarize the total amounts of assessments of tax class 3 **Principal** as provided by the Internal Revenue Code. The balance of this account represents total tax class 3 **principal** assessments for the year.

(2)  All **principal** assessments must be recorded on summary Record of Assessments (Assessment Certificate). The Assessment Certificate is the legal document that permits collection activity.

**W-8 EXP** *25401F* Each
*12/2000 No Previous Issue*
**Foreign Organization's Certificate for United States Tax Withholding**
Purpose of Form. Foreign persons are subject to U.S. tax at a 30% rate on income they receive from U.S. sources that consists of interests (includingcertain original issue discount (OID)), dividends, rents, premiums, annuitiescompensation for, or in expectation of, services performed, or other fixed or determinedannual periodical gains, profits, or income. *W:CAR:MP:FP:F:I* Tax Related Public Use

**W-8 EXP (BR)** *31417X* Each
*12/2000 Destroy Prev Issues Upon Rec*
**Braille - Foreign Organization's Certificate for U.S. Tax Withholding**
This is a Braille product produced by the Alternative Media Center (AMC). Foreign persons are subject to U.S. tax at a 30% rate on income they receive from U.S. sources that consists of interests (including certain original issue discount (OID)), dividends, rents, premiums, annuities, compensation for, or in expectation of, services performed, or other fixed or determined annual periodical gains, profits, or income. Instructions are included. *OP:FS:FP:F:I* Tax Related Public Use

**W-8 IMY** *25402Q* Each
*12/2000 No Previous Issue*
**Intermediary Certificate for United States Tax Withholding**
Purpose of Form. Foreign persons are subject to U.S. tax at a 30% rate on income they receive from U.S. sources that consists of interest (including certain original issue bdiscount (OID)), dividends, rent, premiums, annuities, compensation for, or on expectationof, services performed, or other fixed or determinable annual or periodical gains profits, or income. *W:CAR:MP:FP:F:I* Tax Related Public Use

**W-8 IMY (BR)** *31419T* Each
*12/2000 Destroy Prev Issues Upon Rec*
**Braille - Certificate of Foreign Internediary, Foreign Flow-Through, or Certain U.S. Branches for United States Tax Withhold**
This is a Braille product produced by the Alternative Media Center (AMC). Foreign persons are subject to U.S. tax at a 30% rate on income they receive from U.S. sources that consists of interest (including certain original issue discount (OID)), dividends, rent, premiums, annuities, compensation for, or other fixed or determinable annual or periodical gains, profits, or income. Instructions are included. *OP:FS:FP:F:I* Tax Related Public Use

**W-9** *10231X* Each
*01/2003 Destroy Prev Issues Upon Rec*
**Request for Taxpayer Identification Number and Certification**
This form is used to report the taxpayer identification number (TIN) of the record owner of the account to the payer (or broker). Major Tax Form This form replaces F 1078 which is obsolete. *W:CAR:MP:FP:F:M* Tax Form or Instruction

**W-9 (BR)** *31436E* Each
*01/2003 Destroy Prev Issues Upon Rec*
**Braille - Request for Taxpayer Identification Number and Certification**
This is a Braille product produced by the Alternative Media Center (AMC). This form is used to report the taxpayer identification number (TIN) of the record owner of the account to the payer (or broker). Instructions are included. *OP:FS:FP:F:M* Tax Form or Instruction

**W-9 S (BR)** *31438A* Each
*10/2000 Destroy Prev Issues Upon Rec*
**Braille - Request for Student's or Borrower's Taxpayer Identification Number and Certification**
This is a Braille product produced by the Alternative Media Center (AMC). This form is used to request the student's or borrower's social security number and certification by educational institution or lender. Instructions are included. *OP:FS:FP:F:M* Tax Form or Instruction

**W-9S** *25240C* Each
*10/2002 Destroy Prev Issues Upon Rec*
**Request for Student's or Borrower's Taxpayer Indentification Number and Certification**
Form to request student's or borrower's social security number and certification by educational instutition or lender. *W:CAR:MP:FP:M* Tax Form or Instruction

**W-10** *10437N* Each
*08/1996 Destroy Prev Issues Upon Rec*
**Dependent Care Provider's Identification and Certification**
Form W-10 requires the taxpayer to file information about the caretaker of a child or other dependent when a tax credit on a return is claimed or when benefits from a dependent care assistance program is received. *W:CAR:MP:FP:F:M* Tax Form or Instruction

**W-10 (BR)** *31440M* Each
*08/1996 Destroy Prev Issues Upon Rec*
**Braille - Dependent Care Provider's Identification and Certification**
This is a Braille product produced by the Alternative Media Center (AMC). Form W-10 requires the taxpayer to file information about the caretaker of a child or other dependent when a tax credit on a return is claimed or when benefits from a dependent care assistance program is received. Instructions are included. *OP:FS:FP:F:M* Tax Form or Instruction

**0000 FINCEN**
**102** *35636U* Each
*04/2003 No Previous Issue*
**Suspicious Activity Report - Casinos and Card Clubs**
Every casino and card club (for purposes of 31 CFR 103, a reporting casino) shall file with Fin Cen to the extent and in the manner required by 31 CFR 103, a report of any suspicious transaction relevant to a possile violation of law or regulation. *FINCEN ORP* Tax Form or Instruction

**11 C (BR)** *33603F* Each
*01/2001 Destroy Prev Issues Upon Rec*
**Braille - Occupational Tax and Registration Return for Wagering**
This is a Braille product produced by the Alternative Media Center (AMC). This form is used to report taxes due under section 4401 and 4411 of IRC (54); also an application for registry and wagering activities. Prescribing Instructions are IRC 4411, 4412, 44.4412, 44.4901. Instructions are included. *W:CAR:MP:FP:F:M* Tax Form or Instruction

**11 C** *16166V* Each
*01/2001 Destroy Prev Issues Upon Rec*
**Occupational Tax and Registration Return for Wagering**
Used to report taxes due under section 4401 and 4411 of IRC (54); also an application for registry and wagering activities. Prescribing Instructions are IRC 4411, 4412, 44.4412, 44.4901. *OP:FS:FP:F:M* Tax Form or Instruction

**23** *16233B* Each
*09/2002 Destroy Prev Issues Upon Rec*
**Application for Enrollment to Practice Before the Internal Revenue Service**
Form 23 is an application used by qualified IRS employees and those who pass the Special Enrollment Exam (SEE) and wish to practice before the Internal Revenue Service as an Enrolled Agent. *N:C:SC:DOP* Tax Related Public Use

**23 C** *16237T* Each
*10/1987 Destroy Prev Issues Upon Rec*
**Assessment Certificate - Summary Record of Assessments**
Form 23-C is used to officially assess tax liabilities. The completed form is retained in the service center case file as a legal document to support the assessment made against a taxpayer. *R:R:A:RA* Internal Use

**53** *16360J* Each
*05/2002 Use/Issue Prev Issue First*
**Report of Currently Not Collectible Taxes**
Form 53 is prepared by Compliance field personnel when it is determined that a taxpayer delinquent account cannot be collected at the present time. The 5-2002 revision of Form 53, which replaces use of the INTRANET only (Rev. 4-2002) edition, is based on the late discovery and correction of a text error (outstanding since 1997) found under "Proposed Action" (item e). Existing supplies of the (Rev. 3-97) version are to be used until exhausted. *S:C:CP:FP:CRA* Internal Use

# Assessment Certificate

**Summary Record of Assessments**

| 1. Service center | 2. Date |
| 3. Prepared by | 4. Number |

| Class of Tax | Current Assessments | | | | Deficiency and Additional Assessments<br>*(Resulting From Regular Audit Examinations)* | | | | Total Assessments |
|---|---|---|---|---|---|---|---|---|---|
| | Tax | Penalty | Interest | No. of Items | Tax | Penalty | Interest | No. of Items | |
| Withheld individual income and FICA | | | | | | | | | |
| Individual income–other | | | | | | | | | |
| Corporation income and excess profits | | | | | | | | | |
| Excise | | | | | | | | | |
| Estate and gift | | | | | | | | | |
| Tax on carriers and their employees | | | | | | | | | |
| Federal unemployment tax act | | | | | | | | | |
| **Total Assessments** | | | | | | | | | |

**5. Jeopardy Assessments Against Principal Taxpayers**
*(Included in the assessments above)*

| | Tax | Penalty | Interest |
|---|---|---|---|
| Number of principal taxpayers | | | |
| Total assessed against principal taxpayers | | | |

**6. Prepared From Accounting Input Reconciliation Sheets**

| Date and Number | Through | Date and Number |
|---|---|---|
| | | |
| | | |

**Certification**

I certify that the taxes, penalties, and interest of the above classifications, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect thereto may indicate to be proper.

| 7. Date | 8. Signature *(For service center/district director of Internal Revenue)* |
| | Assessment Officer |

Form **23C** (Rev. 10-87) *Dispose of all prior issues*        Cat. No. 16237T        Department of the Treasury – Internal Revenue Service

Racs Report-006

Summary Record of Assessments

Page: 1
03/12/2004
14:00:31

Certificate Number    13320040322006

MEMPHIS

Assessment Type
Regular

Assessment Date
03222004

## Current Assessments

| Class of Tax | Items | Tax | Penalty | Interest |
|---|---|---|---|---|
| WITHHOLDING | 2811 | 12951894.79 | 15028896.98 | 3807989.17 |
| INDIVIDUAL | 26324 | 2314713647.17 | 42581891.17 | 29742064.02 |
| CORPORATION | 889 | 22917.55 | 1367503.31 | 335191.99 |
| EXCISE | 505 | 62383.55 | 262345.97 | 12997.87 |
| ESTATE & GIFT | 11 | 0.00 | 8010.16 | 27993.23 |
| CTA | 0 | 0.00 | 453.25 | 245.28 |
| FUTA | 264 | 255922.25 | 90001.22 | 99745.47 |
| Total Current Assmts | 30804 | 2328046765.82 | 59339102.06 | 34026227.03 |

## Deficiency Assessments

| | | | | |
|---|---|---|---|---|
| WITHHOLDING | 16 | 2366422.76 | 12657.84 | 38638.50 |
| INDIVIDUAL | 3553 | 49964117.85 | 17662368.23 | 12722025.18 |
| CORPORATION | 35 | 645396.00 | 96408.73 | 111705.72 |
| EXCISE | 11 | 54885.77 | 918.09 | 12289.07 |
| ESTATE & GIFT | 3 | 147270.00 | 1960.94 | 33867.52 |
| CTA | 0 | 0.00 | 0.00 | 0.00 |
| FUTA | 2 | 245.00 | 941.42 | 94.83 |
| Total Deficiency Assmts | 3620 | 53178337.38 | 17775255.25 | 12918620.82 |

| Total Assessments | 34424 | 2381225103.20 | 77114357.31 | 46944847.85 |

Racs Report-006

Summary Record of Assessments

Page: 3
03/12/2004
14:00:31

MEMPHIS

Certificate Number    1332004032206    Assessment Type    Assessment Date
                                        Regular            03222004

Document Locator Number    Account Date
-----------------------    ------------
RRRCP    200410            03222004
BRRCP    200410            03222004
IRRCP    200410            03222004



SAMPLE ONLY

@005

Nadine J. Griffin,

# EXHIBIT "L"
### 4 pages

# Table of Contents

## 35(65)0   Transcripts

### 35(65)1
### General

Purpose and Scope    35(65)1.1
Glossary of Terms    35(65)1.2

### 35(65)2
### Certification of Transcripts

General    35(65)2.1
Form 4340, Certificate of Assessments and
    Payments    35(65)2.2
Preparation of Form 4340    35(65)2.3
Form 2866, Certification of Official Record    35(65)2.4

### 35(65)3
### Taxpayer Request for Transcript

General    35(65)3.1
BMF Type of Request K Literal Transcript    35(65)3.2

### 35(65)4
### Transcripts for Treasury and/or IRS Employees

New Employee Tax Verification    35(65)4.1
Treasury Employee File    35(65)4.2
Employee Delinquency Check    35(65)4.3

### 35(65)5
### Privacy Act, Non-Privacy Act Literal Transcripts, BMF or IMF Literal Transcripts, and Recording Third Party Disclosures

Background    35(65)5.1
Scope    35(65)5.2
Administrative Rules    35(65)5.3
Requesting Privacy Act Transcripts and Non-Privacy Act
    Literal Transcripts (IMF)    35(65)5.4
Requesting Privacy Act Transcripts (NMF)    35(65)5.5
Recording Third Party Disclosures (IMF)    35(65)5.6
Recording Third Party Disclosures (NMF)    35(65)5.7
Master File Privacy Act Transcript Requests    35(65)5.8

### 35(65)6
### BMF Disclosure Transcripts as Provided For by the Tax Reform Act of 1976

Background    35(65)6.1
Administrative Rules    35(65)6.2
Requests for BMF Disclosure Transcripts    35(65)6.3

### 35(65)7
### IRSS Transcripts

Background    35(65)7.1
How They are Requested    35(65)7.2

### 35(65)8
### General Information About Transcripts

Types of Transcripts    35(65)8.1
Requesting Transcripts    35(65)8.2
Who Can Request Transcripts    35(65)8.3

Urgent Requests    35(65)8.4

### 35(65)9
### Transcript Research Systems (TRS)/Microfilm Replacement system (MRS)

General    35(65)9.1
Do's and Don'ts When Requesting Transcripts    35(65)9.2
Types of Requests    35(65)9.3

### 35(65)(10)
### Transcripts From IDRS

IDRS Requested Transcripts    35(65)(10).1
Generated IDRS Transcripts    35(65)(10).2
Diagnostic Transcripts Generated    35(65)(10).3
Description of IDRS Transcripts    35(65)(10).4

### 35(65)(11)
### MF Generated Transcripts

General    35(65)(11).1
BMF Transcripts Names and Descriptions    35(65)(11).2
EPMF Transcripts Names and Descriptions    35(65)(11).3
IMF Transcripts Names and Descriptions    35(65)(11).4

### Exhibit 35(65)0–1
Form 813—Document Register

### Exhibit 35(65)0–2
Form 2475—Request for Transcript of Taxpayer Account

### Exhibit 35(65)0–3
Form 5204—Record of Accounts

### Exhibit 35(65)0–4
Form 2866—Certification of Official Record

### Exhibit 35(65)0–5
Overlay 2, Transcript of Account—EPMF

### Exhibit 35(65)0–6
Form 4338—Information or Certified Transcript Request
Form 4338—Information or Certified Transcript Request
    (Reverse Side)
Form 4338–A—IMF Information or Certified Transcript
    Request

### Exhibit 35(65)0–7
Form 4340—Certificate of Assessments and Payments

### Exhibit 35(65)0–8
Form 5012 New Employee Tax Verification

### Exhibit 35(65)0–9
Transcript Output Chart

### Exhibit 35(65)0–10
IRAF Transcript Layout

### Exhibit 35(65)0–11
EPMF Form 5500 Series Return Transcript

(a) When the transcript is received determine the service center control.

    1 The service center control is determined as follows:

      a Primary Location Codes,

      b TDA Location Codes,

      c tax period in TDA status,

      d control DLN, file location code,

      e TC 910–919 (Criminal Investigation), and

      f TC 420 (Examination)

    2 If there is Criminal Investigation or Examination control, the service center or district office controlling the case should do the certification.

    3 If there is TDA control, the service center or district office controlling the case should do the certification.

(b) If the primary location code is not for your service center and the tax period is not in TDA or Criminal Investigation or Examination, the certification can be done. However, contact the other service center to determine if it is under IDRS control.

    1 If it is under IDRS control forward the certification case to that service center.

    2 If it is not under IDRS control go ahead and certify.

(c) In all cases, notify the requester when the certification request has been transferred.

(4) The certification will state "I certify that the foregoing transcript of the taxpayer named above in respect to the taxes specified, is a true and complete transcript for the period stated, *of* all assessments, penalties, interest, abatements, credits, refunds and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification." This certification statement was changed based on Chief Counsel recommendation dated May 14, 1992.

(5) The certification must be dated and signed by the Service Center Director, District Director or their delegate.

**35(65)2.2** *(1-1-96)*
### Form 4340, Certificate of Assessments and Payments

(1) Form 4340 is used when formal certification is required:

    (a) for Non-Master File accounts, or

    (b) <u>when the transcript is to be used as evidence in court, or</u>

    (c) for urgent request when time does not permit obtaining a computer transcript on master file accounts.

(2) <u>The Form 4340 will be prepared and certified by using:</u>

    (a) IDRS data if available; or

    (b) requesting a transcript from the master file using command code MFTRA; or

    (c) microfilm data if the account has been moved to Retention.

**35(65)2.3** *(1-1-96)*
**Preparation of Form 4340**

(1) Transcribe the following data from IDRS, master file transcripts, retention register, or Non-MF-Accounts as follows:

    (a) Enter only valid assessments (TC 150, 29X, 30X).

    (b) Enter only valid payments (TC 6XX).

    (c) Enter only valid credits (TC 7XX, 8XX)

(d) Enter extensions (TC 460, 620) both granted and disallowed, if requested.

(e) Enter the date of the first notice (balance due).

(f) Enter the Adjusted Gross Income and Taxable Income and identify as such under the column header 'Explanation of Transactions'.

(2) Do not transcribe the following data:

(a) Erroneously applied credits and their reversals.

(b) Transactions which record an account Transferred Out of the Master File and subsequent retransfer into the master file.

(c) Purely memorandum type transactions (such as: TC 59X and 91X).

(d) Uncollectible transactions (such as: TC 530) and amounts.

(3) Prepare a separate Form 4340 for each type of tax requested and each tax period.

### 35(65)2.4 *(1-1-96)*
### Form 2866, Certification of Official Record

(1) Form 2866, Certification of Official Record, is used to authenticate copies of transcripts of books, records, paper or other documents under the seal of Directors. See Chapter 600 in IRM 1272, Disclosure of Official Information Handbook.

(2) Form 2866 is a three part form. Part 1, Form 2866 (Original), Part 2, Form 2866A (Duplicate) and Part 3, Form 2866B (Triplicate).

(3) Prepare Form 2866, Certification of Official Record and affix seal. See Exhibit 35(65)0—4.

### 35(65)3 *(1-1-96)*
### Taxpayer Request for Transcript

### 35(65)3.1 *(1-1-96)*
### General



(1) Requests by the taxpayer or his/her representative for a copy of the Record of Assessment—is provided by Internal Revenue Code (IRC) Section 6203 and in accordance with IRC 6103—will be answered by completing the appropriate C—letter.

(2) Upon request, taxpayers or their respresentatives, may receive MFTRA C transcripts, after the transcripts have been sanitized. This requires the manual deletion, or "blanking out" of any sensitive information such as Criminal Investigation Codes, Potentially Dangerous Taxpayer Codes, Audit Codes and Processing Codes that could reveal tolerances. Refer to IRM 1272(13)50, Disclosure of Official Information Handbook.

(3) Do not provide account information to persons other than the taxpayer unless such person is authorized to receive the tax information as prescribed by IRC 6103(c) or (e).

(a) Use command code CAFOL or RFINQ to verify the person other than the taxpayer is authorized to receive the information.

(b) Contact the Disclosure Officer or functional coordinator for disclosure if any questions arise regarding releasing information to a third party.

(4) The following information can be furnished if requested.

(a) A transcript of the type of tax and tax period(s) requested.

(b) A copy of Form 4340, Certificate of Assessments and Payments or Form 5204, Record of Accounts.

## ➤ Form 4340—Certificate of Assessments and Payments ◇

*Name of Taxpayer* — Enter the name exactly as shown on the records from which the certification was prepared.

*Address* — Insert the address as listed on the request.

*EIN or SSN* — Enter the number as shown on the records from which the certification was prepared.

> NOTE: If the name and/or EIN or SSN on record is different from that which is shown on the request, note and flag the request form (to be returned with the certification to the requester) that Name and/or EIN/SSN on record is not the same as shown on the request.

Column "(a)" — *Date:* Show the received date of a return or a remittance, the schedule date of a credit, refund or abatement, the first notice date, TDA issuance date (First notice date and TDA issuance date are not available on microfilm data). Enter all transaction dates except 23C date.

Column "(b)" — *Explanation of Transactions:* Record in this column a brief and clear explanation of each transaction, but no symbols or abbreviations may be used on Certified Form 4340, e.g., *full-paid returns* (indicates a return with remittance to cover the total amount due), *even return* (indicates a return in which payments, pre-payment, estimated or withholding equals the total tax liability), *audit deficiency* (indicates a deficiency established by a revenue agent or office auditor).

> Amounts and transaction explanations for amounts written off as uncollectible will *not* be shown on Certified Forms 4340.

> Include an explanation for accrued interest and penalty.

Column "(c)" — *Assessment and Abatement:* Enter in this column the amounts of all assessments (tax, penalties, interest, etc.) against the taxpayer. Abatement of any assessment will also be shown in this column and the amount identified as a minus by enclosing the entry in brackets. For Non-Master File accounts, estimated tax debits will be shown only to the extent of the amount assessed, which will be equal to an amount paid or credited to the account.

Column "(d)" — *Credit and Credit Reversal:* Show the amounts of all payments and credits (not abatements) applied to reduce the taxpayer's liability. Also enter amounts of credit reversals, refunds, etc.

Column "(e)" — *Balance:* Show the amount due from the taxpayer (Column c minus d). Show amounts for accrued interest and penalty followed by an amount for total module balance. Credit balance due the taxpayer will be identified by the symbol "CR" immediately after the amount and enclosing the entry in brackets.

Column "(f)" — *DLN or Account Number:* Show the complete Document Locator Number or Account Number. This entry is optional.

Column "(g)" — *23C Date:* Enter date of each ← assessment.

Column "(h)" — *Period Ending:* Show the taxable year or quarter, e.g., 9112 (tax period ending 12-31-91) 9206 (quarterly tax period ending June 30, 1992).



| EXHIBIT | PAGE | of |
|---------|------|-----|
|         |      |     |

Nadine J. Griffin,

# EXHIBIT "M"
## 19 pages



# Internal Revenue Service IRS.gov

DEPARTMENT OF THE TREASURY

**Search for...**

within:

IRS Site ▼ GO

Advanced Search

Tips for successful searching

Home > Internal Revenue Manual

## information for:

Individuals
Businesses
Charities & Non-Profits
Government Entities
Tax Professionals
Retirement Plans
Community
Tax-Exempt Bond Community

## resources

Compliance & Enforcement
Contact My Local Office
e-file
Forms and Publications
Frequently Asked Questions
Taxpayer Advocate
Where To File

**Part 4. Examining Process**

**Chapter 4. AIMS/Processing Handbook**

**Section 25. Quick Assessments**

### 4.4.25 Quick Assessments

- 4.4.25.1 Introduction
- 4.4.25.2 Required Quick Assessments
- 4.4.25.3 Required Research
- 4.4.25.4 Quick Assessment Forms
- 4.4.25.5 Transmitting Quick Assessments to the Campus
- 4.4.25.6 Terminal Actions
- 4.4.25.7 Follow-up on Quick Assessment Request
- 4.4.25.8 Quick Assessment Verification
- 4.4.25.9 Second Adjustment Document

**4.4.25.1 (08-01-2003)**
**Introduction**

1. This chapter contains information and procedures on processing quick/prompt assessments. The term quick is used throughout the text although it applies to both quick and prompt assessments unless noted.

**4.4.25.2 (02-08-1999)**
**Required Quick Assessments**

1. Situations requiring quick assessment action are as follows:

**4.4.25.2.1 (08-01-2003)**
**Agreed Unpaid Deficiencies**

1. Agreed, unpaid deficiencies for income, estate, gift and certain excise taxes if the assessment CAN NOT be input through AIMS in the time frames stated below:
   - Less than $100,000 - manual assessment not required unless it meets one of the requirements below. Input through terminal.
   - $100,000 and greater - if the 23C date will not be within 30 days from agreement date.

**4.4.25.2.2 (02-08-1999)**



1. Civil Penalties are not controlled on AIMS. Therefore, after a civil penalty quick assessment has posted to Master File the ENTIRE civil penalty file will be sent to Files in the campus for refiling under the quick DLN.

2. For civil penalty quick assessment cases that require Technical Support Suspense, send the original case file sent to Technical Support Suspense. It must contain the Forms 2859 and 8278. Annotate them with the quick assessment DLN and 23C date to guard against duplicate assessments.

### 4.4.25.9.3  (02-08-1999)
### Prior Year Returns

1. All prior year returns received in the areas directly from taxpayers or taxpayer's representatives are reviewed by the teller to determine if 90 days, or less, remain on the Assessment Statute Expiration Date (ASED) and to determine if the return is:
   A. a prior year amended return declaring additional tax, or;
   B. a possible duplicate return, i.e., no indication that it is an original delinquent return per the taxpayer's correspondence or other information.

2. Prior year returns meeting the criteria in (a) or (b) above will be forwarded to the processing function for a quick assessment, if required.

### 4.4.25.9.3.1  (02-08-1999)
### Procedures

1. Tax examiners will process these returns as follows:
   a. Secure a Master File transcript on the account to avoid duplicate assessments. After terminal research, if the tax period is found to be currently under examination, coordinate with the function who has control of the return prior to making the quick assessment.
   b. Prepare Form 2859 and attach to it the tax return. Assess in accordance with quick assessment guidelines. If a full payment was made with the return, (i.e., tax, delinquency penalty, and interest), notate in the "Remarks" section, "Withhold Collection/Do Not Bill Taxpayer." If the payment does not cover the full deficiency, no notation to withhold collection is necessary.
   c. Compute interest using normal interest computation procedures. If restrictions appear on the Master File transcript, use applicable restricted interest procedures.
   d. Delinquency penalty TC 16X should be computed unless prepayment credits exceed tax per return and a refund will be due to the taxpayer after assessment. In these cases, no delinquency penalty is required.
   e. After the assessment has been made, forward the entire assessment package to the campus Accounting Branch.

### 4.4.25.9.4  (02-08-1999)
### Processing Form 940, Federal Unemployment Tax



document at the same time the quick assessment has been sent to Accounting unless one of the following conditions exist.

 A. A credit transfer, via Form 2424, is being made and will post to the module after Accounting has transferred the quick assessment to the Master File account.

 B. A payment has been processed but has not posted to Master File.

 C. The quick assessment involves interest bearing penalties/restricted interest.

2. Prepare the second adjustment document as described below and process it through the terminal to generate a refile DLN.

**Note:**

Attach a copy of the Form 2859 to the back of the first page of the return as a permanent record before closing on AIMS.

### 4.4.25.9.1 (02-08-1999)
### Form 5344

1. Enter in Item 35, Manual Assessment Amount, the net tax adjusted by prepayment credits that were processed using quick assessment procedures.
2. Enter the applicable Disposal Code in Item 13.
3. Enter applicable reference numbers in Item 15.

| IF the sum of the adjustments, in Item 12 and/or 15, is a | THEN enter: |
|---|---|
| net increase | 1. TC 300 with zero amount in Item 12.<br>2. Hold Code 2 in Item 7 if a manual offset is involved. |
| net increase AND there is a decrease in tax | 1. TC 301 with the decrease amount and TC 770 with zero in Item 12.<br>2. Hold Code 1 in Item 7, or Hold Code 2 if there is a credit balance on master file. |
| net decrease | 1. If the tax liability is to be decreased, enter TC 301 and amount in Item 12. Otherwise, enter TC 300 with zero amount. If TC 300 with zero amount is entered and there is a credit balance on master file, enter Hold Code 2 in Item 7.<br>2. If penalty or interest is to be decreased, enter and code the amount in Item 12.<br>3. If credit is to be increased, enter the amount and appropriate credit change reference number in Item 15.<br>4. Hold Code 1 in Item 7. |

### 4.4.25.9.2 (02-08-1999)
### Civil Penalties — Form 8278

- 3 -



1.  FAX assessment forms in the following order:
    a.  Form 3210
    b.  Form 2859
    c.  Form(s) 5344 or 5403 or 8278 pertaining to Form 2859 in 2
    d.  Repeat 2 and 3 for the next quick and so forth.
2.  Fax only once each day, if possible, and prior to 2:00 P.M.

### 4.4.25.6  (02-08-1999)
### Terminal Actions

1.  Input an IDRS history item or activity code "MAAS (23C)" to alert other IRS employees that an assessment is in the process of posting.
2.  At local option, the quick assessment DLN may be entered on AIMS for research purposes. Prepare Form 5349 entering the quick assessment DLN in Item 58.

### 4.4.25.7  (02-08-1999)
### Follow-up on Quick Assessment Request

1.  Receipt of the acknowledged Form 3210 is verification that the quick assessment request(s) was received in the Accounting function. Follow-up if the acknowledgment is not received by 10:00 a.m. the day after transmission.

### 4.4.25.8  (02-08-1999)
### Quick Assessment Verification

1.  Receipt of a copy of Form 3552, Prompt Assessment Billing Assembly, is verification that the assessment has been made.
2.  Upon receipt, verify the accuracy of the assessment amount, as well as the name, address, TIN and tax period on Form 3552 for consistency with Form 2859.
3.  If any errors are detected in Form 3552, IMMEDIATELY contact the campus for issuance of a corrected bill.

### 4.4.25.8.1  (02-08-1999)
### Follow-up on F–3552

1.  The Case Processing Support Manager or a designated employee must follow-up with the campus if verification of the assessment is not received.
    A.  Follow-up on statute cases in sufficient time to prevent barred assessments.
    B.  Follow-up on non-statute cases three weeks from the 23C Assessment Date.
2.  Upon receipt of verification, the statute control examiner will be notified in order to close the case from the open statute control file.

### 4.4.25.9  (02-08-1999)
### Second Adjustment Document

1.  When a return is ready to be closed on AIMS (after a quick assessment), input the second adjustment



### 4.4.25.4.1.5 (02-08-1999)
### Delinquent Return Quick Assessment

1. When the quick assessment is for tax shown on a
   secured delinquent return, process the same as for a
   deficiency, except for the following:
   a. Enter the tax shown on the delinquent return
      in Part C, item 3a (Tax — Original Return —
      TC 150) on Form 2859.
   b. Enter the return received date in Part C, item
      3b, on Form 2859.
2. Do NOT forward the secured delinquent return to the
   campus for processing.

### 4.4.25.4.1.6 (02-08-1999)
### Reference Number Adjustment

1. Adjustments to Item Reference Numbers cannot be
   made as part of the quick assessment. These
   reference numbers must be updated separately in Item
   15 on F5344.

### 4.4.25.5 (02-08-1999)
### Transmitting Quick Assessments to the Campus

1. Fax quick assessments to the campus Accounting
   Branch using the following procedures.
   a. Prepare Form 2859 following procedures as
      described.
   b. Assign a control number for each Form 2859
      that is faxed, i.e., FAX 59–055–1. The 1st
      and 2nd digits are the area office code; the
      3rd, 4th and 5th digits are the Julian date
      that the Form 2859 is actually faxed; the last
      digit(s) is the number of the Form 2859. The
      control number will continue sequentially
      throughout the calendar year and will start
      over each January 1st. The control number
      should be entered in bold print on the top of
      each Form 2859.

### 4.4.25.5.1 (02-08-1999)
### Form 3210 for Quick Assessment to Campus

1. Prepare Form 3210 for each type of tax return. List the
   following:
   - Name Control
   - MFT
   - TIN
   - Tax Period
   - In the remarks area, the 23C date and the
     note "FAX QUICK ASSESSMENT"
2. Address the Form 3210 to the appropriate function.
   Include the originator's complete address, mail stop
   and FAX number in the "From" section for faxing back
   the receipted Form 3210.

### 4.4.25.5.2 (02-08-1999)
### Faxing Assessment Forms to the Campus

- 5 -



### 4.4.25.4.1.3 (02-08-1999)
### Credit Adjustments

1. Requests for quick assessments may involve an abatement or an increase or decrease in credits (Item 15, Form 5344 and 5403).

### 4.4.25.4.1.3.1 (02-08-1999)
### Net Increase in Credits

1. The total to be assessed must include these adjustments in Part C, items 19 & 20 of Form 2859.

### 4.4.25.4.1.3.2 (02-08-1999)
### Abatement or Net Decrease in Credits

1. The manual assessment document going to Accounting Branch cannot include an abatement nor a credit increase. Enter on Form 2859, as a "memo credit," the amount of the abatement and/or credit increase. Item 23 in Part C should not include any pending credit transfers. The abatement and/or credit increase adjustment must be processed on an additional adjustment document. Abatement of penalties should be shown in Part C, Item 25.

2. If a decrease in tax is involved, enter on Form 2859 as a "memo credit," the amount of tax decrease and the cycle the Form 5344 or 5403 post.

3. If excess credits are present and additional deficiencies will be assessed, enter a TC 570 with a zero amount to prevent the credit from refunding.

### 4.4.25.4.1.4 (02-08-1999)
### Deficiency/Overassessment

1. Prompt, jeopardy or quick assessments may sometimes involve a deficiency for one tax period and an overassessment for another tax period. Process these situations as follows:

   a. For the overassessment tax period(s), manually compute the interest and enter it with the applicable transaction code on the adjustment document along with a Hold Code 2.

   b. Prepare Form 2424 to manually transfer the applicable credit (TC 820 debit) from the overassessment year to the deficiency year (TC 700 credit with secondary TC 570 blank). If ALLOWABLE interest is involved use a second Form 2424.

   c. Place the following caption on Form 2859 to alert the Accounting Branch of the available credit: "Credit of $ (amount) being transferred from (period)." Attach the Form 2859 to the deficiency year and forward to Accounting Branch.

   d. Forward the overassessment document for processing.

   e. Forward Form 2424 for processing. Form 2424 should be input in the same cycle as Form 5344 or a later cycle. It should never be input in an earlier cycle.



1. The taxpayer's most current address must be used.

### 4.4.25.3.5 (02-08-1999)
### Civil Penalty Name Line

1. For civil penalty assessments, MFT 55 ONLY, a civil penalty name line must be present at Master File PRIOR to requesting the quick assessment. Input Form 2363 if necessary.

### 4.4.25.4 (08-01-2003)
### Quick Assessment Forms

1. Use Form 2859, Request for Quick or Prompt Assessment, to request a quick assessment. Include a Form 8278, Computation and Assessment of Miscellaneous Penalties if applicable.

### 4.4.25.4.1 (02-08-1999)
### Form 2859

1. Requests for quick assessments will be made to the campus Accounting Branch, Accounting and Control Section, Journal and Ledger Unit on Form 2859. Instructions for completing Form 2859 are on the back of Part 4 of the form. In addition:
   - A. Indicate in "Remarks" if billing needs to be withheld.
   - B. Enter the 23C Date and the DLN assigned.
   - C. Enter an agreement date only if the taxpayer signed an agreement and interest is being assessed with TC 190.
   - D. Do NOT compute interest on civil penalty assessments.

### 4.4.25.4.1.1 (02-08-1999)
### 23C Date

1. Use the following to determine the 23C date.

| IF the statute date will expire | THEN the 23C date will be |
| --- | --- |
| within two days | the same day that the assessment is faxed to the Accounting function |
| in more than two days | the fifth work day after the assessment is faxed to the Accounting function |

### 4.4.25.4.1.2 (08-01-2003)
### Blocking Series

1. The blocking series for Quick assessments are:
   - Agreed Exam: 130-131
   - Unagreed Exam: 132-134
2. The blocking series for Prompt Assessments are:
   - Agreed Prompt: 150-154
   - Unagreed Prompt 155-159



### Required Research

1. ALWAYS obtain current account research data when a quick assessment is warranted.

### 4.4.25.3.1 (02-08-1999)
### IDRS History Item

1. Research CC TXMOD for a control base or history item that indicates a quick is already in process. Contact the employee for information.

### 4.4.25.3.2 (08-01-2003)
### Retention Register

1. If an account has been moved to the retention register, it must be brought back to Master File to prevent the quick assessment from going unpostable when it is transferred to Master File.

   **Note:**

   Do not delay in performing the quick assessment action while the account is being brought back to Master File.

2. When an account is moved back from retention, Master File automatically sets an "–I" freeze on the account. Therefore, interest must be calculated and input with TC 340, to prevent the account from unposting when the quick assessment transaction is transferred-in to Master File.

   **Note:**

   If an IMF account went to retention in 1994 or subsequent, CC IMFOLR will automatically reestablish the account back to Master File. If a BMF account went to retention in 1995 and subsequent, CC BMFOLR will automatically reestablish the account back to Master File. An "-I" freeze for a restricted interest computation will not be generated if brought back in this manner.

### 4.4.25.3.3 (02-08-1999)
### Payment

1. ALWAYS research CC TXMOD to determine if a payment has been input, but has not posted to Master File.
2. To prevent the erroneous release of the payment, do not process the second adjustment document through AIMS until the payment posts to Master File. Refer to IRM 4.4.25.9 for complete instructions for processing the second adjustment document for quick assessments.

### 4.4.25.3.4 (02-08-1999)
### Address



**Statute of Limitations**

1.  Statute of limitations will expire within 60 days.

### 4.4.25.2.3 (08-01-2003)
### Bankruptcy Cases

1.  Bankruptcy petitions filed prior to October 1, 1979.
2.  Generally quick assessments are not required for bankruptcy petitions filed after October 1, 1979.
3.  If the account contains a "-V" freeze (TC 520 Bankruptcy with CC 85–89) the taxpayer is in bankruptcy status and making an assessment generally is prohibited by law.
4.  Contact the Examination Bankruptcy Coordinator or Technical Support for permission to make the assessment.

| IF advised | THEN |
|---|---|
| to make the assessment | note the name and title of the person authorizing the assessment as well as the reason this assessment may be made in the "Remarks" section of Form 2859, Request for Quick or Prompt Assessment. Forward a copy of Form 2859 to Collection Technical Support. |
| not to make an assessment | forward the case file to the Examination Bankruptcy Coordinator. In the Remarks section of Form 3198 note the information about the bankruptcy and the name and title of the person in Technical Support providing the information. |

### 4.4.25.2.4 (02-08-1999)
### IRC Section 6871

1.  Deficiencies involving bankruptcy and receivership cases under IRC Section 6871, Claims for Income, Estate, Gift, and Certain Excise Taxes in Receivership Proceedings, etc.

### 4.4.25.2.5 (08-01-2003)
### Amended Return

1.  Taxable amended returns received within 120 days of statute expiration.

### 4.4.25.2.6 (02-08-1999)
### $100,000,000 Assessments

1.  Quick assessments cannot be transferred to Master File for amounts of $100,000,000 (100 million) or more. Such assessments must be split and processed as multiple assessments on separate assessment documents. Ensure the campus Accounting Section is alerted that the assessment is being split due to the assessment being $100,000,000 or more.

### 4.4.25.3 (02-08-1999)



## Adjustments

1. When adjustment to Form 940 is being processed as a quick assessment, the Accounting function must ALWAYS be provided with the amount of theTOTAL CORRECTED 940 WAGES. If a credit reduction state is involved, the Accounting function must also be provided the CREDIT REDUCTION WAGES, THE STATE(S) THE CREDIT REDUCTION WAGE APPLIES TO AND THE TOTAL CREDIT REDUCTION AMOUNT. This information will be entered in Items 13–15a of Form 2859. When completing Form 2859, enter in Item 14, the Total Credit Reduction AMOUNT, and NOT the credit reduction wages as the form indicates. In Item 15a, enter the two digit state code and the amount of credit reduction wages for each state. The TOTAL of the credit reduction wages entered in Item 15a, must also be provided to the Accounting function.

Contact Us | IRS Privacy Policy

 **Internal Revenue Service IRS.gov**

DEPARTMENT OF THE TREASURY

Part 4. Examining Process

Chapter 15. Jeopardy/Termination Assessments Handbook

Section 3. Assessment Procedures (Case Processing Support)

---

### 4.15.3 Assessment Procedures (Case Processing Support)

- 4.15.3.1  Overview
- 4.15.3.2  Preparing Assessments
- 4.15.3.3  Assessing Amounts
- 4.15.3.4  Confirming Assessment

**4.15.3.1 (06-30-1999)**
**Overview**

1. This section establishes procedures for the preparation, assessment, and confirmation of jeopardy/termination assessments.

**4.15.3.2 (06-30-1999)**
**Preparing Assessments**

1. A jeopardy/termination assessment must be approved by the area director and Counsel. The assessment must be made on the same day that the jeopardy/termination assessment is approved. Jeopardy/termination assessments will be prepared following quick assessment procedures. See IRM 4.4. Quick assessments are made on either master file (MF) or non-master file (NMF). NMF are processed in the same manner as MF, except the numbering is different and abstract codes are needed for individual master file (IMF) and business master file (BMF) adjustments.

2. Requests for quick assessments will be made by telephone or facsimile. Facsimile should be used if possible. Form 2644, *Recommendation for Jeopardy or Termination Assessment*, will be used to request quick assessments, in addition to Form 2859, *Request for Quick or Prompt Assessment*.

| IF the request is made by: | THEN provide the following information: |
|---|---|
| Telephone | 1. Affirmative statement that the area director approved Form 2644;<br>2. Name, address, and TIN of the taxpayer;<br>3. Type of tax;<br>4. Taxable period;<br>5. Amount of tax, penalties with the appropriate transaction code(s), interest to be assessed, credit adjustments and/or reference numbers;<br>6. Amount of payment, if any, the balance due, 23C date; and<br>7. Document locator number (DLN). |
| Facsimile | 1. Form 2859 for each type of tax return, with a control number (See the example that follows this chart); and<br>2. Form 3210, *Document Transmittal Form*, for each type of tax return. Include the name control, MFT, TIN, Tax period, and Control number. In the remarks area, enter the 23C date and "FAX QUICK ASSESSMENT." Address the form to the appropriate function and include the originator's complete address, mail stop, and fax number so the receipted Form 3210 can be faxed back. |

3. **Example of Control Number:** FAX 13-001-1. The 1st and 2nd digits are the area office code. The 3rd, 4th, and 5th digits are the Julian date that Form 2859 is actually faxed. The last digit is the number of the Form 2859. The control number will continue sequentially throughout the calendar year and will start over each January 1st. The control number should be entered in bold print on the top of each Form 2859.

**4.15.3.2.1 (06-30-1999)**
**Information Transmitted**

1. The quick assessment is transmitted to the Accounting Branch in the Computer Services and Accounting Division in the service center. Only Case Processing Support will transmit the quick assessment.

2. Faxing should be done only once each day, if possible, and prior to 1:30p.m. If there are numerous entities and returns, the information should be transmitted as early as possible.

Note:

If two work days or less remain before the statute of limitations will expire, follow telephonic quick assessment

procedures.

#### 4.15.3.2.2 (06-30-1999)
#### How Assessment is Made

1. The assessment is made according to the type of assessment.

2. Jeopardy — Assessment is made on MF for the full period.

3. Termination — Assessment is made on NMF as a short period, even though the period may be a full period. It is made as a short period to differentiate between the termination period and the full period under normal filing requirements.

4. Possessor of Cash — The possessor of cash assessment is made as either a jeopardy or termination assessment, as noted above. A new taxable entity and temporary TIN is created for possessor of cash assessments.

    A. New Taxable Entity — A new taxable entity (dummy file) is created for the individual who is in physical possession of the cash. All documents requiring entity information must use "(Possessor's Name) as Possessor of Certain Cash" as the name line.

    B. Temporary TIN — A temporary TIN must be obtained for all assessments made under IRC 6867 irrespective of information indicating the possessor's personal TIN. Contact the service center entity function to obtain a temporary TIN. The use of the temporary TIN will enable separate tax liability treatment for the possessed cash and avoid any effect on the possessor's personal individual tax liability, which remains separate from the IRC 6867 assessment.

#### 4.15.3.3 (06-30-1999)
#### Assessing Amounts

1. After the jeopardy/termination assessment information is transmitted to the service center, the service center will process the assessment. The service center will provide Case Processing Support with the required information that the assessment was made.

2. Service Center Action — The service center will process the assessment and notify the area of the DLN and Form 23C, *Certificate of Assessment* data. This information will be placed on Form 2644 and Form 2859.

3. Case Processing Support Action — After the assessment is made by the service center, Case Processing Support will forward the originals to the service center and return one copy of Form 2644 to the examiner.

4. After the assessment is processed by the service center and the DLN and 23C data has been placed on Form 2644 and Form 2859, the following items will be forwarded within one day to the service center Accounting Branch, Accounting and Control System, Journal and Ledger Unit.

    ● Original Form 2644;

    ● Original Form 2859;

    ● Original Form 3198 that has already been prepared by the agent;

    ● Copy of Form 4549-A, *Income Tax Examination Changes*, portion of the Tax Computation; and

    ● Copy of narrative.

5. A copy of Form 2644, with the DLN and 23C data, will be returned to the examiner responsible for the jeopardy/termination assessment.

#### 4.15.3.4 (06-30-1999)
#### Confirming Assessment

1. After the jeopardy/termination assessment is processed by the service center, the service center will provide Case Processing Support with confirmation that the assessment has been made.

2. The service center will provide Case Processing Support with a confirmation copy of the MF or NMF assessment.

3. Master file Assessment — A confirmation copy of Form 3552, *Prompt Assessment Billing Assembly*, or TY-26, *Form 17-A Statement of Tax Due*, is mailed to the area office by the service center after processing. The form must be associated with the control copy in Case Processing Support.

4. Non-master file assessment — A confirmation copy of Form 6335, *Statement of Tax Due the Internal Revenue Service*, is mailed to the area office by the service center after processing. The form must be associated with the control copy in Case Processing Support.

5.  Upon receipt of Form 3552 or Form 6335 in Case Processing Support, the form will be reviewed to verify that the assessment has been made. Verify the name, address, TIN, and tax period on Form 3552 or Form 6335 for consistency with Form 2859.

6.  The statute control examiner will be notified in order to close the case from the open statute control file.

7.  Upon request, the service center will withhold manual and/or computer billing.

8.  Verification Errors — If any errors are detected in Form 3552 or Form 6335, immediately contact the service center for issuance of a corrected bill. If verification of the assessment is not received, the Case Processing Support Manager, or designated employee must follow-up with the service center.

9.  Follow-up will be done in sufficient time to prevent barred assessments.

10. Follow-up will be done three weeks from the 23C assessment date for non-statute assessments.

### 4.15.3 Assessment Procedures (Case Processing Support)

- 4.15.3.1 Overview
- 4.15.3.2 Preparing Assessments
- 4.15.3.3 Assessing Amounts
- 4.15.3.4 Confirming Assessment

### 4.15.3.1 (06-30-1999)
### Overview

1. This section establishes procedures for the preparation, assessment, and confirmation of jeopardy/termination assessments.



### 4.15.3.2 (06-30-1999)
### Preparing Assessments

1. A jeopardy/termination assessment must be approved by the area director and Counsel. The assessment must be made on the same day that the jeopardy/termination assessment is approved. Jeopardy/termination assessments will be prepared following quick assessment procedures. See IRM 4.4. Quick assessments are made on either master file (MF) or non-master file (NMF). NMF are processed in the same manner as MF, except the numbering is different and abstract codes are needed for individual master file (IMF) and business master file (BMF) adjustments.

2. Requests for quick assessments will be made by telephone or facsimile. Facsimile should be used if possible. Form 2644, *Recommendation for Jeopardy or Termination Assessment,* will be used to request quick assessments, in addition to Form 2859, *Request for Quick or Prompt Assessment.*

| IF the request is made by: | THEN provide the following information: |
|---|---|
| Telephone | Affirmative statement that the area director approved Form    1. 2644; Name, address, and TIN of the taxpayer; 2. Type of    3. tax; Taxable period;    4. Amount of tax, penalties with the appropriate    5. transaction code(s), interest to be assessed, credit adjustments and/or reference numbers; Amount of payment, if any, the balance due, 23C date;    6. and Document locator number (DLN).    7. |
| Facsimile | Form 2859 for each type of tax return, 1. with a control number (See the example that follows this chart); and Form    2. 3210, *Document Transmittal Form* , for each type of tax return. Include the name control, MFT, TIN, Tax period, and Control number. In the remarks area, enter the 23C date and "FAX QUICK ASSESSMENT." Address the form to the appropriate function and include the originator's complete address, mail stop, and fax number so the receipted Form 3210 can be faxed back. |

3.  **Example of Control Number:** FAX 13–001–1. The 1st and 2nd digits are the area office code. The 3rd, 4th, and 5th digits are the Julian date that Form 2859 is actually faxed. The last digit is the number of the Form 2859. The control number will continue sequentially throughout the calendar year and will start over each January 1st. The control number should be entered in bold print on the top of each Form 2859.

### 4.15.3.2.1  (06-30-1999)
### Information Transmitted

1.  The quick assessment is transmitted to the Accounting Branch in the Computer Services and Accounting Division in the service center. Only Case Processing Support will transmit the quick assessment.
2.  Faxing should be done only once each day, if possible, and prior to 1:30p.m. If there are numerous entities and returns, the information should be transmitted as early as possible.

    **Note:**

    If two work days or less remain before the statute of limitations will expire, follow telephonic quick assessment procedures.

### 4.15.3.2.2  (06-30-1999)
### How Assessment is Made

1.  The assessment is made according to the type of assessment.
2.  Jeopardy — Assessment is made on MF for the full period.
3.  Termination — Assessment is made on NMF as a short period, even though the period may be a full period. It is made as a short period to differentiate between the termination period and the full period under normal filing requirements.
4.  Possessor of Cash — The possessor of cash assessment is made as either a jeopardy or termination assessment, as noted above. A new taxable entity and temporary TIN is created for possessor of cash assessments.
    A.  New Taxable Entity — A new taxable entity (dummy file) is created for the individual who is in physical possession of the cash. All documents requiring entity information must use "(Possessor's Name) as Possessor of Certain Cash" as the name line.
    B.  Temporary TIN — A temporary TIN must be obtained for all assessments made under IRC 6867 irrespective of information indicating the possessor's personal TIN. Contact the service center entity function to obtain a temporary TIN. The use of the temporary TIN will enable separate tax liability treatment for the possessed cash and avoid any effect on the possessor's personal individual tax liability, which remains separate from the IRC 6867 assessment.

### 4.15.3.3  (06-30-1999)
### Assessing Amounts

1. After the jeopardy/termination assessment information is transmitted to the service center, the service center will process the assessment. The service center will provide Case Processing Support with the required information that the assessment was made.

2. Service Center Action — The service center will process the assessment and notify the area of the DLN and Form 23C, *Certificate of Assessment* data. This information will be placed on Form 2644 and Form 2859.

3. Case Processing Support Action — After the assessment is made by the service center, Case Processing Support will forward the originals to the service center and return one copy of Form 2644 to the examiner.

4. After the assessment is processed by the service center and the DLN and 23C data has been placed on Form 2644 and Form 2859, the following items will be forwarded within one day to the service center's Accounting Branch, Accounting and Control System, Journal and Ledger Unit.

   • Original Form 2644;

   • Original Form 2859;

   • Original Form 3198 that has already been prepared by the agent;

   • Copy of Form 4549–A, *Income Tax Examination Changes*, portion of the Tax Computation; and

   • Copy of narrative.

5. A copy of Form 2644, with the DLN and 23C data, will be returned to the examiner responsible for the jeopardy/termination assessment.

## 4.15.3.4 (06-30-1999)
## Confirming Assessment

1. After the jeopardy/termination assessment is processed by the service center, the service center will provide Case Processing Support with confirmation that the assessment has been made.

2. The service center will provide Case Processing Support with a confirmation copy of the MF or NMF assessment.

3. Master file Assessment — A confirmation copy of Form 3552, *Prompt Assessment Billing Assembly*, or TY–26, *Form 17–A Statement of Tax Due* is mailed to the area office by the service center after processing. The form must be associated with the control copy in Case Processing Support .

4. Non-master file assessment — A confirmation copy of Form 6335, *Statement of Tax Due the Internal Revenue Service*, is mailed to the area office by the service center after processing. The form must be associated with the control copy in Case Processing Support .

5. Upon receipt of Form 3552 or Form 6335 in Case Processing Support, the form will be reviewed to verify that the assessment has been made. Verify the name, address, TIN, and tax period on Form 3552 or Form 6335 for consistency with Form 2859.

6. The statute control examiner will be notified in order to close the case from the open statute control file.

7. Upon request, the service center will withhold manual and/or computer billing.

8. Verification Errors — If any errors are detected in Form 3552 or Form 6335, immediately contact the service center for issuance of a corrected bill. If verification of the assessment is not received, the Case Processing Support Manager, or designated employee must follow-up with the service center.

9. Follow-up will be done in sufficient time to prevent

barred assessments.
10. Follow-up will be done three weeks from the 23C
    assessment date for non-statute assessments.

| Request for Quick or<br>Prompt Assessment | ☐ Statutes<br>☐ FUTA/CAWR<br>☑ Exam | ☐ Appeals<br>☐ Accounts Maint.<br>☐ Collections | ☐ Agreed    ☑ Unagreed<br>DLN | Statute Expiration Date<br>0 4 2 9 2 0 0 4 |
|---|---|---|---|---|

| Part A - Taxpayer Information | | Part B - Requester Information | |
|---|---|---|---|
| TIN | Name Control | Reason for Request:  Quick ☑  Prompt ☐  Date: 02/24/2004 | |
| Name | | Phone request (Circle): | |
| Address | | Requester Name and Address<br><br>EXAM –PERFECTION<br>M/S 4310<br>OSC | |
| 870 Agreement Date (TC 300 only) | | | |
| Correspondence Received Date | | Phone Number: | |
| 23C Date (check one)  03/01/2004 | 2% Int. date | Int. Comp. Date | Employee Assignment Number and Function: |
| ☐ Next Available  ☑ Specify | | | Manager's Approval (signature)                    Date |

| Part C - Assessment Information | | |
|---|---|---|
| 1. Form Number: | 2. Period Ended: | |

| Transaction | TC | Transaction Amount |
|---|---|---|
| 3a. Tax - Original Return | 150 | $ |
| 3b. | 610 | $        * Return Received Date * |
| 4a. Tax - Adjustment | 290 | $ |
| 4b. Tax - Audit | 300 | $        57,548.00 |
| 4c. * Reference Code * | | $ |
| 5a. Civil Penalty (TC 240) | 290 | $        0.00 |
| 5b. * Reference Code * | | $ |
| 6. Failure to File Penalty | 160 | $        5,073.30 |
| 7. Estimated Tax Penalty | 170 | $        998.28 |
| 8. Deposit Penalty | 180 | $ |
| 9. Failure to Pay Penalty | 270 | $        5,637.00 |
| 10. Fraud Penalty | 320 | $ |
| 11. Negligence | 350 | $ |
| 12. | | $ |
| 13. Netted Interest | 772 | $ |
| 14. Netted Interest | 772 | $ |
| 15. Netted Interest | 772 | $ |
| 16. EIC Decrease | 765 | $ |
| 17. Interest/Interest-To-Date | 190 | $        14,147.54 |
| 18. Total Assessments (Add Lines 3-17) | | $        48,404.12 |
| 19. Withholding Cr. Increase | 806 | $        -35,000.00 |
| 20. Withholding Cr. Decrease | 802 | $ |
| 21. EIC Increase | 764 | $ |
| 22. Total Lines 18-21 | | $        48,404.12 |
| 23. Payment on Tax Module | | $ |
| 24. Balance of Tax Due (Line 22 minus Line 23) | | $        48,404.12 |
| 25. If you made entries on lines 6-12, list all reversals of previously posted penalties which have been made in conjunction with this assessment and the date: | 161 | $ |
| | 171 | $ |
| | 161 | $ |
| | 235 | $ |
| | 271 | $ |
| | 321 | $ |
| | 351 | $ |

| Part D - Account Adjustment Information | | |
|---|---|---|
| 1. Total Income Tax Withheld (941, 942, 943) | 003 | $ |
| 2. Taxable Social Security Wages (941, 942, 943) | 004 | $ |
| 3. Taxable Social Security Tips (941) | 005 | $ |
| 4. Tips Deemed Wages (941) | 072 | $ |
| 5. Taxable Medicare Wages and Tips (941) | 073 | $ |
| 6. Adjusted Total FICA Tax (941, 942, 943) | 007 | $ |
| 7. Adjusted Total Backup Withholding (941) | 008 | $ |
| 8. Gross Income Paid (1042) | | $ |
| 9. Adjusted Total Railroad Retirement Tax (CT-1) | | $ |
| 10. Railroad Unemployment Repayment Tax (CT-1) | | $ |
| 11. | | |

| 12a. Abstract Number: | 12b. Amount (720, 4720, 5329, TMT) |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

| 13. Taxable Wages (940) | $ |
|---|---|
| 14. Total Credit Reduction Amount (940) | $ |
| 15a. State | 15b. Credit Paid to State (940) |
| | |
| | |

Remarks POA ATTACHED

MFT 31 ☐

PMA ☐

Q3        AMA Locator#

Form 2859 (Rev. 10-96)        CAT No. 22030A        Department of the Treasury - Internal Revenue Service

Racs Report-006

Summary Record of Assessments

Page: 2
03/12/2004
14:00:31

MEMPHIS

Certificate Number    1332004032322006

Assessment Type
Regular

Assessment Date
03222004

Tax Class Summary

| Tax Class | Items | Amount |
|---|---|---|
| WITHHOLDING | 2827 | 33246560.65 |
| INDIVIDUAL | 29877 | 246738613.62 |
| CORPORATION | 924 | 2579123.30 |
| EXCISE | 516 | 405820.32 |
| ESTATE & GIFT | 14 | 219101.85 |
| CTA | 0 | 598.53 |
| FUTA | 266 | 446950.70 |

SAMPLE ONLY

Principal Taxpayers And Amounts
Related to Jeopardy Assessments

Number
0

Amount
0.00

Certification

I certify that the taxes, penalty, and interest of the
above classifications, hereby assessed, are specified
in supporting records, subject to such corrections as
subsequent inquiries and determinations in respect thereto
may indicate to be proper.

Signature (For Service Center Director of Internal Revenue Service)

Date  3-22-2004

Assessment Officer

MATH VERIFIED
DATE 03-31-04

V REV ACCT

03/12/2005 12:19 FAX 901 546 2705

☑004