IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 05-CR-10175-WGY |
| Plaintiff, ) | VERIFIED MOVE TO STRIKE CONCLUSORY WORDS AND PHRASES FROM INDICTMENT |
| vs. ) | |
| Nadine J. Griffin, ) | Fed.R.Crim.P. 7(d) |
| Accused, Belligerent Claimant. ) | Nadine J. Griffin |

COMES Nadine J. Griffin the Accused Belligerent Claimant, in and on her own behalf, giving notice and moving this Court in indictment No. 05-CR-101750-WGY (see **Docket Item 1**), pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, for an order striking phrases in paragraphs 6 and 7 as surplusage and duplicitous for any and all of the following reasons to wit:

1.1 Count 1 and 2 of the indictment using the phrase *"did not believe to be true and correct as to every material matter"* is wholly baseless, prejudicial, conclusory, subjective and inflammatory facts not in evidence.

1.2 Count 1 and 2 of the indictment using the phrase *"then and there well knew and believed"* is wholly baseless, prejudicial, conclusory, subjective and inflammatory facts not in evidence.

1.3 Count 1 and 2 of the indictment using the phrase *"a substantial amount of gross*

*receipts*" is wholly baseless, prejudicial, conclusory, subjective and inflammatory, fails to provide an accounting method or disclose the "substantial amount" the accused is presumed to have omitted.

1.4 The Court will find upon review that the indictment misstates the law and misleads the jury by implying the above statements *arguendo* by Christopher Maietta, facts not in evidence and yet to be proven contains prejudicial surplusage that must be stricken.

## BRIEF AND MEMORANDUM OF THE LAW IN SUPPORT

2.1 Assistant United States Attorney, Christopher Maietta, gave testimony before a grand jury resulting in the indictment of the accused Nadine J. Griffin. Maietta, aware that the juror, an average citizen/subject cannot distinguish between giving testimony as if he had first-hand knowledge or as if he were a third-party informant giving his meaning to the facts presented.

> *Pejepscot Ind. Pk. v. Maine Central R.R. Co.*, 215 F.3d 195 (1st Cir. 2000)"[A]ll words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous.") (quoting *United States v. Ven-Fuel*, 758 F.2d 741, 751-52 (1st Cir. 1985)

2.2 Maietta offered testimony in Counts 1 and 2 of the indictment using the phrase "***did not believe to be true and correct as to every material matter***" a completely baseless, prejudicial, conclusory, subjective and inflammatory statement of facts not in evidence. As a matter of law, attorneys can't testify in any case because they are in fact witnesses – they can offer their theory and philosophy of a case, NOT TESTIMONY.

> This finding of a continuing investigation, which forms the foundation of the majority opinion, comes from ***statements of counsel*** made during the appellate process. As we have said of other un-sworn statements which were not part of the record and therefore could not have been considered by the trial court: "Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case." United States v. Lovasco, 431 U.S. 783 (1977), 97 S. Ct. 2044, 52 L. Ed. 2d 752,

2.3 Christopher Maietta proceeds (in Count 1 and 2 of the indictment) using the phrase *"then and there well knew and believed"* as to profess having ESP able to access the cerebral cortex of Nadine J. Griffin to know what was in her mind at the time she signed her prepared returns. Here again Maietta's statements are completely baseless, prejudicial, conclusory, subjective and inflammatory statement of facts not in evidence.

> "No instruction was asked, but, as we have said, the judge told the jury that they were to regard only the evidence admitted by him, not *statements* of *counsel,*" Holt v. United States, 218 U.S. 245 (1910), 54 L. Ed. 1021, 31 S. Ct. 2,

2.4 Maietta, clearly sensationalizing Griffin's acts before the grand jury to be well planned, thought out and executed with precision – which is hardly the case. As one can assume without question, this practice is prevalent in 99.9 % of all indictments handed down by a grand jury: truth is merely a contact sport and the citizen/subject is the prey in this judicial gulag. This is displayed in Maietta's testimony wherein Counts 1 and 2 of the indictment he uses the phrase: *"a substantial amount of gross receipts"* failing to disclose any evidence or foundation for his claim.

> "After closing arguments, the court instructed the jury that arguments of counsel were not evidence, the jury's recollection of the evidence controlled and any statement of counsel conflicting with its recollection should be ignored," <u>United States v. Joyner</u>, *191 F.3d 47* (1st Cir. 1999)

2.5 One can draw any inference they wish from the statement or phrase *"a substantial amount of gross receipts"* A substantial amount leaves the reader to interpret what their own definition of a "substantial amount" might be. For example, on a talk show in 2004 – a sixteen year old mother-to-be was asked how much she believed it would take to raise her child once it was born; and she responded by stating $500.00 a month, which she believed to be a substantial amount of money sufficient to raise the child.

2.6 The teenager's response was in direct relationship to her environment, experience,

education and/or the lack thereof. The interpretation of her meaning of a "substantial amount" is relative to her personal understanding, life experiences and how she processes that information in her own mind – no different than a billionaire could considers one hundred thousand dollars as 'pocket change.'

2.7 Furthermore the phrase "*a substantial amount of gross receipts*" could be interpreted to mean the number of pieces of paper in Christopher Maietta's possession having an undisclosed dollar amount, from an unknown source without any method of authenticating the origin of the instrument or if it has any substantive value relative to Nadine J. Griffin. The courts have consistently ruled that:

> Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment, *Trinsey v. Pagliaro*, D. C. Pa. 1964, 229 F. Supp. 647.

2.8 Nadine J. Griffin's has been prejudiced and compromised at every stage of these proceedings by the actions and inactions of Christopher Maietta. The indictment being factually insufficient, failing to state an offense and making conclusory statements of facts for which he has no first hand knowledge and are not in evidence – requires a non-biased, neutral and impartial arbitrator strike the phrases as referenced herein, or in the alternative show cause why said phrases are not considered testimony subject to being stricken for its inflammatory and conclusory overtones.

WHEREFORE, the Accused Nadine J. Griffin moves a judicial official this Court for an Order striking paragraph 6 of Count 1 and paragraph 7 of Count 2 containing the phrases referenced in 1.1 *"did not believe to be true and correct as to every material matter"*, 1.2 *"then and there well knew and believed"* and 1.3*"a substantial amount of gross receipts"* from the indictment.

## VERIFICATION

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true and correct. All Rights retained without recourse.

Executed this 28 day of February, 2006.

Signature: /s/ Nadine J. Griffin
Nadine J. Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

## CERTIFICATE OF MAILING

IT IS HEREBY CERTIFIED that on the 28, day of February, 2006, service of the foregoing action titled VERIFIED MOVE TO STRIKE CONCLUSORY WORDS AND PHRASES FROM INDICTMENT AND AFFIDAVIT IN SUPPORT was made by certified mail, postage fully prepaid upon the following:

Christopher Maietta
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _7004 1160 0007 4198 1067_

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _7004 1160 0007 4198 1050_

Dated this 28 day of February, 2006.

_____
Nadine J. Griffin