# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR-05-10175-WGY |
| Plaintiff, ) | VERIFIED MOVE FOR BILL OF PARTICULARS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION |
| vs. ) | |
| Nadine J. Griffin, ) | (Oral Arguments Requested) |
| Accused/ Belligerent Claimant. ) | Nadine J. Griffin |

COMES NOW Nadine J. Griffin, the Accused Belligerent Claimant, proceeding on her own behalf, pursuant to Fed.R.Crim.P. 7(f), the Fifth and Sixth Amendments to the United States Constitution, and again hereby moves this Court for an Order compelling employees of the United States plaintiff to provide a bill of particulars, setting forth the elements of the charges filed against her. The accused has been unable to enter a plea due to the insufficiency of the charging instrument.

## BRIEF AND AUTHORITIES IN SUPPORT

On or about October 6, 2005, Nadine J. Griffin filed a move for Bill of particulars denied on or about October 13, 2005, by judicial official and CEO William G. Young. Thus far, Nadine J. Griffin has been denied access to this Court and further denied her Sixth Amendment Right to be informed of the nature and cause of accusation filed against her which would enable her to prepare a proper defense.

"Bill of particulars" may not be employed as a means of compelling disclosure of an adversary's evidence, but it may be used to require the giving of information relative to his case." <u>Hooper v William P. Laytham & Sons Co.</u>, 6 A.2d 204, 205, 125 N. J.Eq. 454.

"A 'bill of particulars' is distinguished from a 'discovery and inspection.'" <u>Dache v. Abraham & Straus</u>, 66 N.Y.S.2d 787, 790, 187 Misc. 1001.

"Bill of particulars" is not for the purpose of discovering evidence, nor to find what plaintiff knows, but what he claims." <u>Inter-mountain Ass'n of Credit Men v. Milwaukee Mechanics' Ins. Co.</u>, 258 P. 362, 363, 44 Idaho 49.

"The office of 'bill of particulars' is not to require plaintiff to set forth rule of evidence or theory of his cause of action, though it should be disclosed by complaint." <u>La Tour v. United Air Lines</u>, 65 N.Y. S.2d 839, 840.

Employees of the United States plaintiff, particularly Assistant United States Attorney Christopher Maietta and judicial official and CEO William G. Young having superior knowledge of the law are aware that a bill of particulars is not discovery within judicial parameters. A bill of particulars is intended to inform Nadine J. Griffin as to matters that will aid in her defense, allowing her to prepare a proper defense; therefore enabling to answer the claim/accusation. Further it is also intended to provide the full and specific pertinent details of the claim/accusation which are not included in the complaint/indictment due to the generality of said complaint/pleadings.

"A motion for a more definite statement" requires pleader to state with definiteness what he first stated vaguely, even if simply and concisely, while purpose of 'bill of particulars' is to enable a litigant to obtain from his adversary pertinent details of such adversary's claim or defense as will protect him against surprise and give notice of the real issues involved." <u>Bowles v. Flotill</u>, D.C. Cal., 4 F.R.D. 499, *501*

"A 'bill of particulars' is not a part of an indictment or information, nor an amendment thereto, and its sole office is to give the adverse party information which the pleadings, by reason of their generality, do not give. <u>Wright v. People</u>, 91 P. 2d 499, 502. 104 Cob. 335, 123 A.L.R. 474.

The charging instrument fails to allege statutory elements of the crime and cannot cure a

fundamentally defective indictment, nor can complete jury instructions cure a defective instrument.

> *"A 'bill of particulars' respecting charges in indictment is appropriate, if defendants desire to be informed as to matters which will aid them in their defense."* United States v. Allied Chemical & Dye Corp., D.C.N.Y., 42 F. Supp. 425, 428.

A 'bill of particulars' has the function of informing Nadine J. Griffin relative to the details of the United States plaintiff's claim/accusation with a view of preparation of a proper defense and of limiting the plaintiff's proof on trial, as well as of apprising the accused as to what is proposed to be set up. Accordingly, the object of a 'bill of particulars' is to restrict the United States plaintiff at the trial and afford to Nadine J. Griffin such information as may enable her to frame a proper defense.

Lacking the full and specific details necessarily requested within the Move for Bill of Particulars, served on the United States Plaintiff, Nadine J. Griffin remains unable to prepare an intelligent and proper defense and in fact makes it impossible for the accused to answer or plea at all. It is necessary, in order to avoid surprise that the particulars of the claim being set up are made more definite and specific.

It is further necessary that the issues of law be clarified in the particulars requested by Nadine J. Griffin, a reasonable woman, in order that more precise information, in regards to the requested particulars, may be provided to determine the Plaintiff's precise interest, the real issue.

> *"The office of a bill of particulars' is to enable an accused to avoid surprise, and to enable him to prepare for trial."* Hughes v. United States, C.C.A.Tenn., 114 F.2d 285, 288, Orndorff v. Howell, 25 S.E. 2d 327, 329, 181 Va 383.

"Bills of particulars" are critical procedural documents that make general terms in a cause of action, demand or defense more certain, definite, and specific, thereby clarifying evolving

issues of laws and facts involved. Accordingly, rule for bill of particulars should be laid on United States plaintiff or the accused when pleadings of either require amplification of general allegations in order to make them more precise and to avoid surprise at trial.

A bill of particulars is not a pleading. Therefore, it is impossible for the move for a bill of particulars to be a pleading, as Nadine J. Griffin has not made a plea by requesting a bill of particulars. The accused Nadine J. Griffin was and is willing, but unable to entertain a plea before bill of particulars is obtained from employees of the United States plaintiff as it is impossible to proceed until fully advised by said bill of particulars. Nadine J. Griffin specifically, but not exclusively, seeks to be fully informed as to the following:

**COUNT 1**
26 U.S.C. § 7206
(Filing False Income Tax Returns)

1. With respect to Count One, the date of the earliest statement and/or event upon which the prosecution will rely to prove that the filing of a false income tax return transpired.

2. With respect to Count One, the nature of any and all statements and/or events, other than those already contained in the indictment, upon which the prosecution intends to rely to prove that a false income tax return was filed.

3. With respect to Count One, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish the filing of the return was false.

4. With respect to Count One, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish the nature of the falsity of the return filed.

5. With respect to Count One, the date and nature of the earliest statement and/or event upon which the prosecution notified the Accused that they believed the return to be false providing

an administrative opportunity to cure prior to empanelling the Grand Jury for purposes of indictment.

6. Identify if this is a "net-worth" complaint against the Accused Nadine J. Griffin.

7. Identify if this is a "specific item" complaint against the Accused Nadine J. Griffin.

8. Identify the items and/or documents that will be used to establish the alleged "net-worth" of the Accused Nadine J. Griffin.

9. Identify the "specific items" and/or documents that will be used to establish the alleged "net-worth" of the Accused Nadine J. Griffin.

10. Identify the section of the Internal Revenue Code that "imposed a duty" save belief, upon the Accused Nadine J. Griffin to file an income tax return for the calendar year 1998.

11. Identify the "specific evidence" relied upon that concludes the Accused Nadine J. Griffin willfully and intentionally filed a false income tax return on Form 1040 for the calendar year 1998.

12. Identify the specific transactions that support the Accused came into possession and/or control of a sum of money derived from the sales having a direct link to revenue taxable activities that she was required and failed to disclose and report on Form 1040 for the calendar year 1998.

13. Identify how the Accused Nadine J. Griffin's possession and/or control of the items the Accused is believed to have owned and/or controlled constitutes income required to be disclosed and reported on Form 1040 for the calendar year 1998.

14. Identify the *amount* the Accused Nadine J. Griffin is believed to have knowingly failed and omitted to disclose on the said 1998 income tax return that she did not believe to be true and correct as to every material matter.

15. Identify the *item* the Accused Nadine J. Griffin is believed to have knowingly failed and omitted to disclose on the said 1998 income tax return that she did not believe to be true and correct as to every material matter.

16. Identify a section of the Internal Revenue Code that requires the Accused to report items that are possessed but not owned by the Accused as gross income on Form 1040 for the calendar year 1998.

17. Identity how many Global 1 (G1) 12-part audiotape/compact disc series retail priced at $1,250.00 per series the Accused Nadine J. Griffin sold that was not reported as gross income on Form 1040 for the tax periods 1998 not listed in the indictment.

18. Identity how many Global 2 (G2) offshore three-day seminar tickets that retailed at $6,250.00 the Accused Nadine J. Griffin allegedly sold that was not reported as gross income on Form 1040 for the tax periods 1998 not listed in the indictment.

19. Identity how many Global 3 (G3) offshore five-day seminar tickets that retailed at $18,750 the Accused Nadine J. Griffin allegedly sold that was not reported as gross income on Form 1040 for the tax periods 1998 not listed in the indictment.

20. Identify the manner and means in which the Accused Nadine J. Griffin concealed gross receipts required to be reported as gross income for the tax period 1998.

21. Identify the manner and means in which the Accused Nadine J. Griffin concealed gross receipts required to be reported as gross income for the tax period 1998.

22. Identify the specific statute that imposed the tax and implementing regulations for which the Accused Nadine J. Griffin is presumed to have understated a tax liability.

23. Identify where the alleged offenses to the internal revenue laws took place.

## COUNT 2
### 26 U.S.C. § 7206
### (Filing False Income Tax Returns)

24. With respect to Count Two, the date of the earliest statement and/or event upon which the prosecution will rely to prove that the filing of a false income tax return transpired.

25. With respect to Count Two, the nature of any and all statements and/or events, other than those already contained in the indictment, upon which the prosecution intends to rely to prove that a false income tax return was filed.

26. With respect to Count Two, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish the filing of the return was false.

27. With respect to Count Two, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish the nature of the falsity of the return filed.

28. With respect to Count Two, the date and nature of the earliest statement and/or event upon which the prosecution notified the Accused that they believed the return to be false providing an administrative opportunity to cure prior to empanelling the Grand Jury for purposes of indictment.

29. Identify if this is a "net-worth" complaint against the Accused Nadine J. Griffin.

30. Identify if this is a "specific item" complaint against the Accused Nadine J. Griffin.

31. Identify the items and/or documents that will be used to establish the alleged "net-worth" of the Accused Nadine J. Griffin.

32. Identify the "specific items" and/or documents that will be used to establish the alleged "net-worth" of the Accused Nadine J. Griffin.

33. Identify the section of the Internal Revenue Code that "imposed a duty" save belief, upon the Accused Nadine J. Griffin to file an income tax return for the calendar year 1999.

34. Identify the "specific evidence" relied upon that concludes the Accused Nadine J. Griffin willfully and intentionally filed a false income tax return on Form 1040 for the calendar year 1998.

35. Identify the specific transactions that support the Accused came into possession and/or control of a sum of money derived from the sales having a direct link to revenue taxable activities that she was required and failed to disclose and report on Form 1040 for the calendar year 1999.

36. Identify how the Accused Nadine J. Griffin's possession and/or control of the items the Accused is believed to have owned and/or controlled constitutes income required to be disclosed and reported on Form 1040 for the calendar year 1999.

37. Identify the *amount* the Accused Nadine J. Griffin is believed to have knowingly failed and omitted to disclose on the said 1998 income tax return that she did not believe to be true and correct as to every material matter.

38. Identify the *item* the Accused Nadine J. Griffin is believed to have knowingly failed and omitted to disclose on the said 1999 income tax return that she did not believe to be true and correct as to every material matter.

39. Identify a section of the Internal Revenue Code that requires the Accused to report items that are possessed but not owned by the Accused as gross income on Form 1040 for the calendar year 1998.

40. Identity how many Global 1 (G1) 12-part audiotape/compact disc series retail priced at $1,250.00 per series the Accused Nadine J. Griffin sold that was not reported as gross income on Form 1040 for the tax periods 1999 not listed in the indictment.

41. Identity how many Global 2 (G2) offshore three-day seminar tickets that retailed at $6,250.00 the Accused Nadine J. Griffin allegedly sold that was not reported as gross income on Form 1040 for the tax periods 1999 not listed in the indictment.

42. Identity how many Global 3 (G3) offshore five-day seminar tickets that retailed at $18,750 the Accused Nadine J. Griffin allegedly sold that was not reported as gross income on Form 1040 for the tax periods 1999 not listed in the indictment.

43. Identify the manner and means in which the Accused Nadine J. Griffin concealed gross receipts required to be reported as gross income for the tax period 1999.

44. Identify the manner and means in which the Accused Nadine J. Griffin concealed gross receipts required to be reported as gross income for the tax period 1999.

45. Identify the specific statute that imposed the tax and implementing regulations for which the Accused Nadine J. Griffin is presumed to have understated a tax liability.

46. Identify where the alleged offenses to the internal revenue laws took place.

## CONCLUSION AND REMEDY SOUGHT

**WHEREFORE;** the accused Nadine J. Griffin moves as follows:

Under the equal protection clause of the Fourteenth Amendment, the due process clause of the Fifth Amendment, the right to be informed of the nature and cause under the Sixth Amendment and in the interest of justice, the Accused Nadine J. Griffin moves for Bill of Particulars providing a more definite statement as to the nature and cause of this action in *qui tam*.

Enthusiastically submitted.

///

///

///

**VERIFICATION**

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the forgoing is true and correct. All Rights retained without recourse.

Executed this 28 day of February, 2006.

Signature: /s/ Nadine J. Griffin
Nadine J. Griffin
Accused, Belligerent Claimant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

**CERTIFICATE OF SERVICE**

I, Nadine J. Griffin, certify that February 28, 2006, I served a true and correct copy of the above and foregoing MOVE FOR BILL OF PARTICULARS UNDER THE SIXTH AMENDMENT OF THE CONSTITUTION AND MEMORANDUM OF AUTHORITIES AND AFFIDAVIT IN SUPPORT by certified mail addressed as follows:

**Christopher Maietta**
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _7004 1160 0007 4198 1067_

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _7004 1160 0007 4198 1050_

Executed this 28 day of February, 2006.

/s/ Nadine J. Griffin