IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Nadine J. Griffin,<br><br>Accused, Belligerent Claimant. | CASE NO. 05-CR-10175-WGY<br><br>VERIFIED MOVE TO QUASH WITH PREJUDICE COUNTS 1 AND 2 OF THE INDICTMENT FOR LACK OF JURISDICTION FOR FAILURE OF PLAINTIFF TO EXHAUST ADMINISTRATIVE REMEDIES IN VIOLATION OF THE V AND XIV AMENDMENTS<br><br>(Oral Arguments Requested) |

COMES, Nadine J. Griffin, the Accused, a belligerent claimant of her Rights, on her own behalf moving to quash Counts 1 and 2 of the indictment as referenced in this action because employees of the United States plaintiff have failed to exhaust their administrative remedies and are proceeding in bad faith by failing to take the statutorily-required steps of assessment and initiation of any tax collection activity, support a valid claim, required before filing this action; said failures leave this Court without jurisdiction of the subject matter and violate the due process and equal protection clauses of the Fifth Amendment and the Fourteenth Amendments to the Constitution for the United States of America.

> *"Due process requires notice and an opportunity to be heard. <u>Cleveland Bd. of Education vs. Loudermilk</u>, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L.Ed.2d 494, 503 (1985); <u>Greene vs. Lindsey</u>, 456 U.S. 444, 102 S. Ct. 1874, 72 L. Ed.2d 249 (1982). Due process essentially requires that the procedures be fair. <u>In re Murchison</u>, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942 (1955). The process that is due varies according to the nature of the right and to the type of proceedings. <u>Mathews vs. Eldridge</u>, 424 U.S. 319, 334, 96 S. Ct. 893, 902, 47*

L.Ed.2d 18 (1976). ***Generally, if government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard.*** Boddie vs. Connecticut, 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. Ed.2d 113 (1971). Emphasis added.

The United States plaintiff's employee Christopher Maietta, Jessica Crocker and others, with absolute malice and forethought, intentionally violated the Rights of Nadine J. Griffin and never once sought to exhaust the administrative remedies as commanded by the United States Congress and codified in the Internal Revenue Code. The United States plaintiff's counsel and employee Christopher Maietta, is proceeding in reckless abandonment of the law with vexatious litigation – as punishment for Nadine J. Griffin's refusal to accept a plea offer agreement to a crime for which she did not believe then and does not believe now she willfully committed.

The Accused Nadine J. Griffin, proceeds as a "Belligerent Claimant" in this instant matter. The courts have held that one who is not willing to assert a right to the point of belligerence, loses that right all together. Therefore, Nadine J. Griffin, a woman of good conscience, moves this Court on her own behalf as a "Belligerent Claimant" of her Rights – as anything less is presumed to waive those Rights.

> *The privilege against self-incrimination is neither accorded to the passive resistant, nor the person who is ignorant of his rights, nor to one indifferent thereto. It is a fighting clause. Its benefits can be retained only by sustained combat. It cannot be claimed by attorney or solicitor. It is valid only when insisted upon by a belligerent Claimant in person.* McAlister v. Henkel, 201 U.S. 90, 26 S.Ct. 385, 50 L.Ed. 671; Commonwealth v. Shaw, 4 Cush. 594, 50 Am.Dec. 813; Orum v. State, 38 Ohio App. 171, 175 N.E. 876. ***The one who is persuaded by honeyed words or moral suasion to testify or produce documents rather than make a last ditch stand, simply loses the protection.*** United States v. Johnson, 76 F. Supp. 538, February 26, 1947.

In light of the court's determination as stated in Johnson supra, such a finding must be applicable to all acts when proceeding before what is best describes as the awesome machinery of the government – an organization funded by Griffin for more than 20 years. The Belligerent

Claimant indulges this Court's officials to refrain from proceeding with prejudice against Nadine J. Griffin and rely on sound legal principles. When reviewing all facts and evidence, this Court will determine that employees of the United States plaintiff failed to exhaust the administrative remedies – and as a result – proceeded in bad faith by initiating the indictment and charges of filing false tax returns for tax years 1998 and 1999.

## I.
### Presentation of Case by Nadine J. Griffin on Her Own Behalf

The accused Nadine J. Griffin moves this court on her own behalf, unschooled in law, and therefore is waived from being held to the standards of a bar attorney as stated as follows:

> *"however inartfully plead, [pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle them to relief."* Haines v. Kerner, 404 U.S., 519-521; Richardson v. Flemming, 651 F 2d at 368 (quoting Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d. 251, (1976); Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957); Alexander v. Ware, 714 F.2d 416 (1983); Hayes v Western Weighing and Inspection Bureau, 838 F.2d. 1434 (5th Cir. 1988)). *". . . pro se litigants factual allegations in the complaint must be accepted as true, along with any reasonable inferences that may be drawn there from.* Ryland v. Shapiro, 708 F.2d. 987 (5th Cir.1983), *pro se* litigants *complaint* must not be read "too narrowly", but must instead be read "liberally" so that any inferences may be drawn there from. Bruce v. Wade, 537 F.2d.850 (5th Cir.1976).

Nadine J. Griffin indulges this Court exercise impartiality at all stages of these proceedings and adhere to doctrines and conditions precedent to take judicial notice of *Haines*, supra, as such doctrines are applicable in this instant case.

## II.
### Statement of Counsel Are Not Admissible In Evidence

The United States plaintiff's employee and counsel Christopher Maietta introduced and manipulated facts (the implied meaning of lies agreed upon between two or more people) before a grand jury, inducing these alleged jurors (only one jurors signature is on the indictment) to

believe that Nadine J. Griffin committed the crime of filing false tax returns for the years 1998 and 1999. Reading Counts 1 and 2 of the defective indictment concludes that Christopher Maietta made conclusory statements sufficient to aid in the inducement of the grand jury that would lead to an indictment. The courts have ruled that statements of counsel are not admissible as evidence:

> "*Unsworn and unproven assertions of counsel in memoranda are not facts admissible in evidence.*" Prairie State Bank vs. I.R.S., 155 Ariz. 219, 221 n. 1A, 745 P.2d 966, 968 n. 1A (App.1987).

Maietta states (on page 3 at paragraph 6 of the indictment) in pertinent part: "*NADINE J. GRIFFIN did willfully make and subscribe a . . . Tax Return . . . defendant did not believe to be true and correct to every material matter . . .*" The presumption is that the Christopher Maietta and the jurors were able to get into the mind of Nadine J. Griffin to know her thoughts at the time she was attempting to conduct her affairs in accordance to law. The courts have repeatedly stated:

> "*Mere assertions of fact made by counsel in his memoranda or brief are not entitled to consideration on the motion for summary judgment.*" Lane vs. Greyhound Corp., 13 F.R.D. 178 (D.C.E.D.Ky.1952); United States vs. Jones, 155 F. Supp. 52 (D.C.M.D.Ga.1957); James vs. H.M.S. Port Lyttleton Port Line Ltd., 51 F.R.D. 216 (D.C. E.D. Pa.1971).

The United States plaintiff's employees rebuttable presumption is one cognizable as a "thought crime" crime of belief, subject to as many interpretations as there are citizen/subject in these 50 United States. It would be safe to say that neither the Christopher Maietta nor jurors are able to attest to the state of mind of Nadine J. Griffin – as multiple counts of social prejudice persuading the grand jury to indict Nadine J. Griffin in this instant case. The courts have established without question:

> "*Statement of counsel in their briefs do not constitute evidence for purposes of establishing a disputed issue of material fact.*" Goodway Marketing, Inc. v. Faulkner Advertising Associates., Inc., (E.D. Pa. 1982), 545 F. Supp. 268, 263; Trinsey v. Pagliaro, (D.C. Pa. 1964), 229 F. Supp. 647, 649.

For the reasons stated herein, this Court must not continue to prejudice the Rights of the Nadine J. Griffin – in lieu of the obvious financial nexus and employment you maintain with your United States plaintiff. The Belligerent Claimant demands officials, officers and employees remain vigilant to meet the ends of justice and to proceed in fairness and equity regarding this case in chief: no matter how difficult the task – it is what you have taken an Oath to doe and what the Constitution and the Law commands.

### III.
### IRS Has Failed To Exhaust Its Own Administrative Remedies And Has Failed To Make An Assessment As Required By Law

The Belligerent Claimant is with evidence and facts sufficient to support that no tax assessment has ever been made by employees of the Internal Revenue Service prior to filing the criminal lawsuit.

> *Where a defendant has a bona fide belief in the necessity of a tax assessment, it becomes an element that must be proven. Id.; United States v. Burton,* 737 F.2d 439 (5th Cir.1984); *United States v. Dack,* 747 F.2d 1172 (7th Cir.1984).

The accused Nadine J. Griffin conducted her own investigation to determine if employees of the United States plaintiff exhausted their administrative remedies as required by law and prescribed by Acts of Congress codified in the Internal Revenue Code, United States Code and a multitude of other publications – prior to bringing this action before the Court. A presumption of law exists—that prior to filing this action in Court—an attempt was made to demand, assess and collect a tax due and owing the United States plaintiff by Nadine J. Griffin.

The courts define a presumption as follows:

> "*Presumptions governed by this rule are given the effect of placing upon the opposing party the burden of establishing the non-existence of the presumed fact, once the party invoking the presumption establishes the basic facts giving rise to it.* The same consideration of fairness, policy, and probability which dictate the allocation of the burden of various elements of a case as between the prima facie case of a plaintiff and affirmative defenses underlie the creation of the presumption. Morgan and Maguire, *Looking Backward and Forward at Evidence,*

50 Harv. L. Rev. 909, 913 (1937); Morgan, *Instructing the Jury upon Presumptions and Burden of Proof*, 47 Harv. L. Rev. 59, 82 (1933), Cleary, Presuming and Pleadings; *An Essay on Juristic Immaturity*, 12 Stan. L. Rev. 5 (1959)

The courts effectively have established the elements to overcome or sustain a presumption in so stating:

> "A presumption . . . is a procedural rule that permits the finder of fact to assume the existence of fact B (the presumed fact) when a party introduces evidence tending to establish fact A (the basic fact). ***The purpose of a presumption . . . is generally shifted from a party who does not have access to required information the burden of producing the evidence to the party who does have access.*** See e.g., Sikes v. Teleine, Inc., 281 F.3d 1350, 1362 (11th Cir. 2002),

And in *Brantex* the court stated:

> "*. . . a presumption imposes the burden of going forward with evidence to rebut or meet presumption on party against whom it is directed, but does not shift the buden of proof.*" Igloo Prods Corp. v. Brantex, Inc., 202 F.3d 814, 819 (5th Cir. 2000) Fed.R.Evid. 301

Where, in the Internal Revenue Code, does the Constitution for the United States of America or Congress give IRS employees of the United States plaintiff the authority to circumvent the exhaustion of the administrative procedures prior to instituting a federal civil or criminal claim? NOWHERE! Nadine J. Griffin is charged with two counts of filing false income tax returns for the years 1998 and 1999. The statutory language of 26 U.S.C. § 7206(1), states in pertinent part:

> Any person who—
> **(1) Declaration under penalties of perjury**
> Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, ***and which he does not believe to be true and correct as to every material matter*** . . . shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.

The construction of the statute implies the presumption that prior to employees of the United States plaintiff instituting a claim against Nadine J. Griffin, be it civil or criminal, an effort was made to collect what [t]hey believed to be the correct amount of tax.

The following questions of law must be addressed to determine if employees of the United States plaintiff, prior to instituting this malicious and vindictive prosecution, exhausted their administrative remedies – which includes Notice and Demand for payment of the amount of tax they believe she may have substantially understated. We must answer in the negative. Facts are sufficient herein to conclude that Nadine J. Griffin's prior affiliation with Global Prosperity, caused employees of the United States plaintiff to ignore her constitutional and substantive due process Rights **and "go for the kill" with an indictment because she refused to agree to a plead guilty prior to charges officially being brought against her she did not believe she was guilty**. That act in and of itself is a felony.

Evidence herein provides that employees of the United States plaintiff made no attempt whatsoever to collect an additional tax from Griffin for the years 1998 and 1999 and completely failed to exhaust its administrative remedies prior to filing a suit in this Court. It appears that the IRS usurped authority it did not have, failed to follow its own procedure, and failed to exhaust its own administrative remedies before petitioning the District Court.

On or about September 08, 2005 the employees of the United States plaintiff released as initial discovery more than 4,641 pages of records they intend to use in this case. Of the 4,641 documents disclosed, there are no records, transcripts or other documents that indicate evidence that employees of the United States plaintiff attempted to: **(1)** issue a "Notice and Demand" for tax, **(2)** "Assess a Liability," **(3)** issue a "Notice of Deficiency," **(4)** issue a "Notice of Determination" or any other action that would conclude they ever attempted to collect the alleged understatement of liability.

No evidence exist that employees of the United States plaintiff complied with any of the provisions as set forth within the Code. The Internal Revenue Service, although not an agency of

the United States (see 26 U.S.C. 6103(b)(9) citing 5 U.S.C. 551(1) – Federal agency), must adhere to its own administrative procedure as Congress expects nothing less.

> "It is a wholesome and necessary principle that an administrative agency must pursue the procedure and rules enjoined upon it in the performance of its function and show a substantial compliance therewith to give validity to its action." *Wichita R. & Light Co. v. Public Utilities Commission*, 260 U.S. 48, 43 S Ct 51.

Employees of the United States plaintiff's failure to comply with their own rules and regulations is a practice as old as the Service itself – resulting in Congress passing the "Restructuring and Reform Act of 1998." Moreover, when administrative checkpoints are violated by Service employees, substantive due process and a violation of the Fifth Amendment occurs foreclosing with an exaction on the property rights of the Belligerent Claimant, be it equitable or at law and therefore voids the [agency] action.

> "Simply stated, neither the Secretary nor the Service is in compliance with its own internal procedures which requires promulgation of regulations . . . This is violation of administrative law and voids the agency action." *Lojeskio v. Boandl*, 626 F Supp.530, 533 (D.C., E.D. Pa. 1985), affirmed in part and reversed in part at 788 F. 2d 195, 198 (3d. Cir. 1986).

To verify Nadine J. Griffin's evidence of noncompliance by the employees of the IRS, the Belligerent Claimant submitted a Freedom of Information Act (FOIA) request dated April 13, 2005 for tax years 1997 through 2004 for the Individual Master File (IMF) Complete and received transcripts dated September 19, 2005. The IMF Complete transcripts, like a banking statement - list various "Transaction Codes (TC)" that establishes when Claimant filed a return or when the IRS assess liabilities, interest, penalties, notice of deficiency, notice of federal tax liens, pending bankruptcy and even when a criminal investigation of an [individual/ entity] has been initiated. When cross referencing the IMF Complete and Literal with the IRS Automated Data Processing (ADP) Manual TC Codes for the tax years 1998 and 1999, Griffin discovered that to no attempt was made by employees of the IRS to exhaust the administrative remedies prior to petitioning the Court with their claim.

The Director of the National Computer Center in Martinsburg, West Virginia maintains the system of IMF records on magnetic tapes. Data taken from the magnetic tapes maintained by the IRS Computer Center is frequently used in federal court tax litigation to establish such basic facts as an individual's assessed tax liability for a particular year by the preparation and introduction in evidence of a "**Certificate of Assessments and Payments**". See _U.S. v. Buford_ 889 F.2d 1406, 5th Circuit 1989, in which an IRS records custodian testified that she had prepared a "Certificate of Assessments and Payments", Form 4340, solely from computer generated data taken from the defendant's Individual Master File.

The evidence in the IMF Complete and Literal assigned to Nadine J. Griffin's entity name is conclusive evidence that employees of the United States plaintiff's never attempted to exhaust their administrative remedies as required by Acts of Congress and promulgated by the Secretary. The statutes provide that the following administrative process must be adhered prior to petitioning the Court for any type of civil or criminal proceedings as <u>no evidence exists</u> that IRS employees conformed to the following:

    (a) Failed to comply with 26 U.S.C. § 6201 through 6206 – regarding Assessments and applicable implementing regulations,

    (b) Failed to comply with 26 U.S.C. § 6211 through 6216 – regarding Deficiency and applicable implementing regulations,

    (c) Failed to comply with 26 U.S.C. § 6301 through 6306 – regarding Demand for tax and applicable implementing regulations

    (d) Failed to comply with 26 U.S.C. § 6331(j)(A) **_a verification of the taxpayer's liability_** 26 and applicable implementing regulations,

In review of the transcripts for tax years 1998 and 1999, the following TC Codes indicate that manual and computer-generated assessments of various interest and penalties were made, <u>an examination was started and reversed</u> resulting in no collections attempt was ever executed as indicated by the following:

(i) TC 196 Assess computer generated interest due - First Notice (Never Issued)

(ii) TC 270 – Manual computed Failure to Pay Tax Penalty assessed

(iii) TC 276 – Computer generated failure to pay tax Penalty assessed . . . if return liability is not paid on or before date prescribed for payment,

**(iv) TC 420 – Examination Indicator: (Initiated)**

**(v) TC 421 – Reverse Examination indicator: (Suspended)**

**(vi) TC 425 – Examination request indicator: (Referred)**

(vii)  TC 971 - Used to post identifying XREF TIN/Tax period data whenever a . . . return has been posted to an incorrect TIN/Tax period.

Had IRS employees attempted to assess the amount of tax they believe was owed by Nadine J. Griffin, the following Transaction Codes (several key TC Codes) would be referenced in the IMF Complete entity account for the tax years 1998 and 1999. The nonexistence of these key codes in the Master File assigned to Nadine J. Griffin's entity name - indicates that no assessment or collections attempt was ever made, include, but are not limited to the following:

(a) TC 290 – Assess additional tax as a result of an adjustment to a module which contains a TC 150 transaction, and

(b) TC 300 – Assesses additional tax as a result of an Examination adjustment to a tax module which contains a TC 150 transaction.

(c) TC – 320  Fraud penalty

(d) TC 336 – Assessed computer generated interest upon Examination

(e) TC – 424 Return Referred to Examination Appeals Division

(f) TC – 494 – Indicates that a 90 day Statutory Notice of Deficiency was issued.

(g) TC 582 - Indicates the Filing of a Notice of Federal Tax Lien

(h) TC 570 – Indicates Additional Liability Pending

The above TC Codes are but a few of the more than 900 different codes entered into the Master File transcripts indicating the liability, assessment and collections activity of IRS employees. These transaction codes are *in pari materia* with the liability, assessment and collections statutes within Title 26 of the United States Code and Internal Revenue Code.

Several examples include but are not limited to: TC 270 and 300 is *in pari materia* with 26 U.S.C. § 6861 Jeopardy assessments of income; TC 336 is *in pari materia* with 26 U.S.C. § 6751 computation of computer generated penalty; TC 320 is *in pari materia* with 26 U.S.C. § 6702 – Frivolous income tax return civil penalty; TC – 494 is *in pari materia* with 26 U.S.C § 6212 – Notice of Deficiency; TC 582 is *in pari materia* with 26 U.S.C § 6321 – Lien for tax

There are a more than nine hundred (900) different TC Codes that can be entered into the IMF by a Service employee. In this case – there are no indications within the IMF assigned to the entity account and name associated with Nadine J. Griffin that supports an assessment was ever made in an attempt to collect a tax.

Employees of the IRS are bound by a plethora of statutes codes, rules, and regulations for which they never seem to follow; this is no less applicable in this case. The law of the case is of primary import and takes a front seat over the facts in which the meanings are subjective and interpretative to the opinion of the individual man or woman reviewing the information.

The following is a summary of the substantive due process requirement that commands employees of the IRS <u>exhaust their administrative remedy prior to making financial claims for an income tax liability that has never been assessed</u>. The IRS has defined "assessment" at IRM 35.13.10.1 and IRM 3.17.64.14.4(2) and 7(2). as:

> **"Assessment" is the statutorily required recording of the tax liability."** I.R.C. § 6203. Assessment is made by recording the taxpayer's name, address, and tax

liability. **The assessment date is the "23C" date. The "23C" date is the Monday on which the recording of assessment and other adjustments is made in summary manner on Form 23C and signed by a service center officer.**

**Form 23C is called the "Assessment Certificate."** IRM 3(17)(46)1.7(6) ASSESSMENT CERTIFICATE: To impose a tax as authorized by the Internal Revenue Code. <u>*Assessments are supported by a summary records of assessment signed by an appointed assessment officer*</u>.

The completed Form 23C is also known as the "Summary Record of Assessment." "When IRACS is unavailable, all campuses must have in place procedures for manually preparing a Form 23C, Assessment Certificate manual assessment (Summary Record of Assessment.)." *Id*. "Form 23C must be certified and signed." *Id*. "<u>All principal assessments must be recorded on Summary Record of Assessments (Assessment Certificate)</u>. **The Assessment Certificate is the legal document that permits collection activity.**" IRM 3.17.64.14.4(2) and 7(2).

"Plaintiff relies heavily on *Brafman v. United States*, 384 F.2d 863 (5th Cir. 1967), **when an assessment was invalid due to the lack of a signature on the 23C Form. This defect, however, was a significant violation of regulations . . .**
". . . A signature requirement protects the taxpayer by insuring that a responsible officer has approved the assessment . . ." "*Curley v. United States* 791 F. Supp. 52 (ED.N.Y. 1992) Cites as 764 Federal Supplement Page 315. . . . However, there is no indication in the record before us that the "Summary Report of Assessment", known as Form 23C, was completed and signed by the assessment officer as required by 26 CFR 301.6203-1(3) Nor do the Certificate of Assessments and payments contain 23C dates which would allow us to conclude that a Form 23C was signed on that date. See United State v. Dixon, 672 F. Supp. 503, 505-506 (M.D.Ala. 1987) **Thus we find that the Plaintiff has raised a factual question concerning whether IRS procedures were followed in making the assessment.**
. . . This regulation provides, in relevant part, that "[t]he assessment shall be made by an assessment officer signing the summary record of assessment . . . *Brewer v. United States*, 764 F. Supp. 309 (S.D.N.Y. 1991)

Not one single notice, letter or any other communication was ever issued informing Nadine J. Griffin that she may have substantially understated her tax returns filed for tax years 1998 and 1999 giving her an opportunity to cure any oversight or understatement presumed to exist by the Service. There is no evidence of any **(1)** Form 23C – Summary Record of Assessment in support of "Form 4340-Certificate of Assessment"; **(2)** no "Form 2859 – Request for Quick and Prompt

Assessment" to support a 26 U.S.C. § 6861 Jeopardy Assessment; **(3)** no "Notice and Demand" for tax was ever made as required under 26 U.S.C. § 6303 and 6331(a); and **(4)** no issuance of a "Notice of Determination" The facts and the evidence herein conclude that no attempt to make an assessment or have Nadine J. Griffin do a reassessment and file an amended return 1040X was ever made. Had these procedures been followed or made known to Nadine J. Griffin, she would have immediately complied.

> "When Congress passes an Act empowering administrative agencies to carry on governmental activities, the power of those agencies is circumscribed by the authority granted." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 577 (1992), citing *Stark v. Wickard*, 321 U.S. 188, 309-310 (1944). If a congressional statute provides a directive, the agency is bound to follow it. *National Association of Greeting Card Publishers v. U.S. Postal Service*, 462 U.S. 810, 826 (1983). The agency cannot act "inconsistent with the statutory mandate." *Id.*, citing *FEC v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 32 (1981). **When an agency fails to fulfill the requirements of the statute, there is a violation of Due Process, and the defect then leads to a denial of justice.** *Marcello v. Ahrens*, 212 F.2d 830, 837-838 (5th Cir. 1954). An agency's failure to follow federal law, which is binding upon the agency and which regulates the rights and interests of others, is reversible error and necessitates a new hearing. *Accardi v. Shaughnessy*, 347 U.S. 260 (1954); see also *Columbia Broadcasting System, Inc. v. United States*, 316 U.S. 407, 417 (1942). An agency action that is "arbitrary, capricious, an abuse of discretion, or not in accordance with law, as well as action taken 'without observance of procedure required by law'" should be invalidated. *United States v. Caceres*, 440 U.S. 741, 753-754 (1979).

There is a well-established rule that administrative remedies must be exhausted before appealing to the courts. *Koepke v. Fontecchio*, 177 F.2d 125 (9th Cir. 1949); *Bowen v. Dept. of Social Security*, 14 Wn.2d 148, 154 (1942). An exception to the doctrine of exhaustion of administrative remedies is based upon the maxim that equity does not require the doing of a useless thing. *Id.* However, the IRS is legally mandated to prepare a "Form 23C" during the assessment process for each year. 26 U.S.C. § 6203; 26 CFR § 301.6203-1; *Brafman v. United States of America*, 348 F.2d 863, 864-65 (5th Circuit, 1967). The Form 23C is a condition precedent to any collection activity. *Id.*; IRM 3.17.64.14.4(2) and 7(2). Thus the preparation of a "Form 23C" is required.

That being the case, every action taken against Nadine J. Griffin has been done under willful oppression and color of law in direct violation of 26 U.S.C. § 7214(a)(1) and (3) stating in pertinent part:

> "***Any officer or employee*** of the United States acting in connection with any internal revenue law . . . ***who*** with intent to defeat the application of any provision of this title ***fails to perform any of the duties of his office*** or employment . . . ***shall be dismissed from office*** or discharged from employment . . ."

Nowhere has Congress authorize the institution of a court action, civil or criminal, prior to the exhaustion of the administrative remedies. Just as Nadine J. Griffin is prohibited from petitioning the Court prior to the exhaustion of all administrative remedies, employees of the IRS are no less subject to the same requirement – this requirement is in compliance with the equal protection of the law clause of the Fourteenth Amendment. Contrary to their acts, the law commands that employees of the United State plaintiff "*perform any of the duties of his office*" in accordance with the provisions of the internal revenue laws.

> An agency action that is "arbitrary, capricious, an abuse of discretion, or not in accordance with law, as well as action taken 'without observance of procedure required by law'" should be invalidated. United States v. Caceres, 440 U.S. 741, 753-754 (1979).

In summary, based on the plain language of 26 U.S.C. § 6203, supporting regulations at 26 CFR § 301.6203 and IRM, <u>all tax assessments *must* be recorded on "Form 23C,"</u> which *must* be dated, signed and certified by the Assessment Officer and is *the* legal document permitting collection activity; without the "Form 23C Assessment Certificate," the IRS cannot collect anything. Without the "Forms 23C" for each year, the United States plaintiff cannot prove any assessment or tax liability.

Further, this Court would be precluded from finding what amount of tax, if any, may be substantially understated or is actually owed. The assessment of a federal income tax liability is not a function of the judiciary, but to enforce the will of the legislative constitutional Acts of

Congress. Inasmuch as Congress has passed numerous laws having the effects of usurping the Constitution, they have no less passed laws that command the fundamental constitutional due process Rights of Nadine J. Griffin and of others strictly construed, substantively and procedurally. If employees of the IRS (United States plaintiff) were honestly interested in Nadine J. Griffin paying an additional tax because they believed she substantially understated the same, – all they had to do was ask: yet they chose to ignore the entire administrative process and go on judicial witch hunt.

### III.
### United States Plainiff's Claim Violates The Equal Protection Clause Of The Fourteenth Amendment

Nadine J. Griffin is presumed to enjoy the equal protection of the law clause of the Fourteenth Amendment so stating in pertinent part:

> *"No state shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

In this instant case, if this Court allows employees of the United States plaintiff to maintain this action, it can be presumed that agents of the IRS are above the law, equal protection clause of the Fourteenth Amendment has been suspended and a travesty of justice befalls Nadine J. Griffin. The law of the case conclusively requires exhaustion of the administrative remedy as stated supra. A plethora of cases to follow give buttress verifying Nadine J. Griffin's contention that an act of selective prosecution prevails in this instant case.

Here, in a summary of case opinions employees of the IRS exhausted their administrative remedies against taxpayers by noticing, demanding the tax, assessing and collecting administratively for an alleged substantial understatement of a federal tax liability.

///

In *Mauerman v. C.I.R.*, 22 F.3d 1001 (10th Cir. 1994), *we addressed whether the tax court correctly upheld the I.R.S.'s decision to impose penalties against a taxpayer for substantial understatement of tax*. There we held that our standard of review was for abuse of discretion. *Mauerman*, 22 F.3d at 1004. However, in *Mauerman* the court was examining penalties imposed against taxpayers under I.R.C. § 6661 (repealed 1989). Section 6661 detailed that "[t]he Secretary *may* waive all or part of the addition to tax provided by [the substantial understatement of liability] section on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." I.R.C. § 6661(c) (repealed 1989) (emphasis added). Our court, as well as others, interpreted this section *to vest with the I.R.S. the discretion as to whether to waive penalties against a taxpayer for the understatement of tax liability*. See *Stanford v. C.I.R.*, 152 F.3d 450, 460 n. 17 (5th Cir. 1998); *Mauerman*, 22 F.3d at 1004; *Karr v. C.I.R.*, 924 F.2d 1018, 1025-26 (11th Cir. 1991); *Mailman v. C.I.R.*, 91 T.C. 1079, 1084-85, 1988 WL 133255(1988). United State v. Shanbaum, *10 F.3d 305* (5th Cir. 1994) ESTATE OF TRUE v. C.I.R., *390 F.3d 1210* (10th Cir. 2004)

With a multitude of case citations debating the issue of the substantial understatement of a federal income tax liability, a question of law prevails regarding the following issue:

Can employees of the United States plaintiff institute a criminal violation of 26 U.S.C. § 7206(1) regarding an alleged substantial understatement of an income tax liability against select taxpayers – prior to exhausting administrative remedies against a taxpayer – file a criminal action, and in other cases – **after exhausting administrative remedies against select taxpayers** – file a criminal action without violating the equal protection of the law clause under the Fourteenth Amendment? We must answer in the negative.

Nadine J. Griffin is a subject of selective prosecution in this instant case. Employees of the United States plaintiff having made no attempt to collect the tax and they have completely bypassed the exhaustion of the administrative remedies – which violates constitutional due process and the equal protection of the law. No good-faith effort can be shown to exist that establishes agents, officers or employees of the Internal Revenue Service ever attempted to

exhaust their administrative remedies prior to petitioning the Court with a criminal indictment against Nadine J. Griffin.

There is no question that the complexity of the tax laws, changing daily without clear notice to the public cause millions of taxpayers to innocently understate their tax liability as possibly did Nadine J. Griffin when considering her: (1) a career change, (2) a lack of understanding of what the law commands or forbids (3) undisclosed tax obligations based on that new career or (4) being misinformed and/or ill-advised by trusted professionals as to her filing requirements.

These and other factors cause the IRS to issue millions of notices to taxpayers every year informing them of possible understatement of a tax liability – reassessing them the correct amount of tax or requesting they resubmit a self-assessed amended return, therein exhausting of the administrative remedy prior to other civil or criminal – an opportunity never extended to Nadine J. Griffin. The courts have so eloquently espoused:

> "*Decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen.* In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously". [...Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example...] Crime is contagious. *If the Government becomes a lawbreaker, it breeds contempt for law*; it invites every man to become a law unto himself; it invites anarchy. To declare that, in the administration of the criminal law, the end justifies the means -- *to declare that the Government may commit crimes in order to secure the conviction of a private criminal* – would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face." **Olmstead v. United States**, *277 U.S. 438 (1928)*

Nadine J. Griffin cannot begin to violate 26 U.S.C. § 7206(1) until the IRS has exercised an attempt to COLLECT THE TAX, which requires they exhaust their administrative remedy in the same manner they proceed against millions of other taxpayers regarding the same issue – which they have not done.

Without further belaboring the issue, unless there is some other secret body of law that Nadine J. Griffin has not been made privy, employees of the United States plaintiff are in violation of the equal protection under the law clause of the Fourteenth Amendment resulting in the selective prosecution of Nadine J. Griffin – rendering this Court without jurisdiction over the subject matter, resulting in this Court's duty to quash this matter with prejudice as the only just and proper remedy.

## CONCLUSION

The statutory requirements preceding any IRS tax collection activity that have been sidestepped and disregarded prior to petitioning this Court are as follows:

(a) Failure to issue a Notice and Demand for tax; resulting in violations of the due process and the equal protection of the law.

(b) Failure to issue a Notice of Deficiency, resulting in violations of the due process and the equal protection of the law.

(c) Failure to issue a Notice of Determination; resulting in violations of the due process and the equal protection of the law.

(d) Failure to exhaust the administrative remedy as mandated by Acts of Congress, codified within the Internal Revenue Code and applied to millions of other taxpayers who may have substantially understated their tax liability.

**WHEREFORE;** Nadine J. Griffin prays for relief as follows:

That a judicial official of this Court, possessing the ability to adhere to the law with indifference as a fair, non-biased, neutral and impartial judge, actor and/or Referee – and quash Counts 1 and 2 of the Indictment with prejudice for failure of the United State plaintiff to

properly vest this Court with jurisdiction over the subject matter, because they never exhausted their administrative remedy prior to petitioning this Court.

Solemnly submitted,

**VERIFICATION**

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true and correct. All Rights retained without recourse.

Executed this 27 day of February, 2006.

Signature: _Nadine J. Griffin_
Nadine J. Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

## CERTIFICATE OF MAILING

IT IS HEREBY CERTIFIED that on the 27, day of February, 2006, service of the foregoing action titled **VERIFIED MOVE TO QUASH WITH PREJUDICE COUNTS 1 AND 2 OF THE INDICTMENT FOR LACK OF JURISDICTION FOR FAILURE OF PLAINTIFF TO EXHAUST ADMINISTRATIVE REMEDIES IN VIOLATION OF THE V AND XIV AMENDMENTS, AND VERIFIED AFFIDAVIT IN SUPPORT** was made by certified mail, postage fully prepaid upon the following:

Christopher Maietta
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _7004 1160 0007 4198 1067_

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _7004 1160 0007 4198 1050_

Dated this 27 day of February, 2006.

_Nadine J. Griffin_
Nadine J. Griffin