IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 05-CR-10175-WGY |
| ) | |
| Plaintiff, ) | VERIFIED MOVE TO QUASH |
| ) | INDICTMENT WITH PREJUDICE FOR |
| ) | VIOLATIONS OF THE FIFTH, SIXTH |
| vs. ) | AND FOURTEENTH AMENDMENTS OF |
| ) | THE CONSTITUTION |
| ) | |
| Nadine J. Griffin, ) | F. R. Cr. P. 7(c)(1) |
| ) | |
| Accused, Belligerent Claimant. ) | (Oral Arguments Requested) |
| ) | |

COMES Nadine J. Griffin the accused "Belligerent Claimant" in the above entitled action, moving to quash Counts 1 and 2 on indictment No. 05-CR-10175-WGY charged against her for any or all of the following reasons:

1. Counts 1 and 2 of the indictment fails to provide enough information for the accused Nadine J. Griffin to prepare a proper defense.

2. Counts 1 and 2 of the indictment does not describe a single overt act attributable to the accused Nadine J. Griffin that arises to the level of a criminal offense against the laws of the United States.

3. Counts 1 and 2 of the indictment are wholly insufficient, overly broad and fails to state the nature and cause of the accusation.

4. Counts 1 and 2 of the indictment are constitutionally defective on their face, void for vagueness, factually insufficient and constitute a crime of belief - a thought crime.

5. Counts 1 and 2 of the indictment are insufficient as a matter of law in violation of Federal Rules of Criminal Procedure 7(c)(1) and the nature and cause of the accusation clause of the Sixth Amendment.

**BRIEF IN SUPPORT**

6. Nadine J. Griffin the accused Belligerent Claimant on or about July 13, 2005, was formally charged under cause number CR-05-10175-WGY for alleged statutory violations of 26 U.S.C. § 7206(1): two counts of filing a false returns for tax years 1998 and 1999.

7. The statutory language of 26 U.S.C. § 7206(1) states in pertinent part:

> **(1) Any *person* who . . . Declaration under penalties of perjury.** *Willfully makes and subscribes any return*, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, *and which he does not believe to be true and correct* as to every material matter;

8. The statutory language being overbroad and ambiguous induces this statute to "net" any [person] that knowingly attempts to comply with the law. The statutory language of the charging instrument is even worse. A combined reading of Counts 1 and 2 of the charging instrument language exactly the same, save, dates and dollar amounts - reading *in toto* as follows:

> On or about July 30, 1999 and April 12, 2000, in the District of Massachusetts, defendant NADINE J. GRIFFIN who was a resident of Danvers, Massachusetts, did willfully make and subscribe a 1998/1999 U.S. Individual Income Tax Return, Form 1040, for the calendar year(s) 1998 and 1999, which was verified by written declaration that it was made under penalties of perjury and which was filed with the Internal Revenue Service, and which said income tax return defendant NADINE J. GRIFFIN did not believe to be true and correct as to every material matter in that said 1998 income tax return reported Schedule C gross receipts of $31,348.01 and 1999 income tax return reported Schedule C gross receipts of $30,127.00, whereas, defendant NADINE J GRIFFIN then and well knew and believed, that defendant failed and omitted to disclose on the said (1998/1999) income tax return and Schedule C, or any other Schedule C, or otherwise, a substantial amount of gross receipts from her business activity as a salesperson for

Global Prosperity. All in violation of Title, 26 United States Code, Section 7206(1).

9. The charging instrument fails to disclose how much, if any, of Nadine J. Griffin's gross receipts they believe - she believes was omitted. This act of omission is in violation of the most fundamental principles of the Sixth Amendment to the Constitution and does not inform Nadine J. Griffin the nature and cause of the accusation. Besides agents of the United States plaintiff making conclusory and inflammatory statements of their own "belief", the charging instrument is overbroad, factually insufficient and completely defective.

> "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statue, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition: but it must state the species, -- it must descend to particulars, '" United States v. Cruikshank, 92 U.S. 542, 558. An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him... is defective, although it may follow the language of the statute. United States v. Simmons, 96 U.S. 360, 362. "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statue, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished..." United States v. Carill, 105 U.S. 611, 612. "Undoubtedly the language of the statute may be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charges." United States v. Hess, 124 U.S. 483, 487. See also Pettibone V. United States, 148 U.S> 197, 202-204: Blitz v. United States, 153 U. S. 308, 315: Keckv. United States, 172 U.S. 434, 437: Morissette v. United States, 342 U. S. 246, 270, n.30. Cf. United States v. Petrillo, 332 U.S. 1, 10-11.

10. The charging instrument fails to comply with the fundamental principles of fairness under the equal protection of the law and does not disclose to Nadine J. Griffin information sufficient to apprise her of how she is perceived to be in violation of the statutory elements of 26 U.S.C. § 7206(1). Incorporating the facts that the statute on its face is void for vagueness as a "thought crime" and a crime of belief, it is a perversion of the law to

subscribe that any one man would dare to presume to know the thoughts of another.

> The due process clause of the Fifth Amendment mandates that the charging instrument must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense. See, e.g., *In Re Ruffalo*, 88 S. Ct. 1222 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. *Combs v. Tennessee*, 530 F.2d 695, 698 (6th Cir. 1976). See *Olsen v. McFaul*, 843 F.2d 918 (6th Cir. 1988).

11. The failure of the charging instrument to disclose "how" Nadine J. Griffin came into violation of 26 U.S.C. § 7206(1) and "what" she did to allegedly violate the statue remains unknown. The indictment should give the dates, locations, the basis of the amount presumed to have been understated but no such information has been disclosed to date. The charging instrument does nothing more than track the language of the statute.

> An Indictment merely tracking the statute is insufficient. *United States v. Sullivan*, 919 F.2d 1403, 1411 (10th Cir. 1990), *United States v. Spruill*, 118 F.3d 221, 227 (4th Cir. 1997) (citations omitted).

> A vague indictment is a Sixth Amendment violation. *United States v. Tomasetta*, 429 F.2d 978 979 (1st Cir. 1970).

> ***There is no way of telling from the indictment what transactions are going to be brought forward in the trial.*** *United States v. Smith*, 29 F.2d 926, 928 (D.Neb. 1928).

12. Although Nadine J. Griffin submitted a comprehensive move for bill of particulars in an attempt to fully understand the nature and cause of the action filed against her, this Court's judicial official and CEO William G. Young abused his discretionary authority and denied her, equal protection under the law, refused to compel the United States Plaintiff to inform her of the nature and cause of the accusation and has refused to give fair notice to permit adequate preparation of her case.

An accused has a constitutional <u>right</u> to an indictment which puts him on notice of the case the prosecution will present at trial. <u>Thompson v. Nagle</u>, 118 F.3d 1442, 1453 (11th Cir. 1997)

13. The indictment is such a boilerplate instrument that can be easily applied to any of the millions of taxpayers filing a tax return. In this instant case, all one has to do is change the name of [d]efendant, the name of the organization, the nature of their business and the dates. Nadine J. Griffin has been charged by a victimless crime statute in violation of due process that has and will change her life in this country forever — no matter what the outcome.

> Violation of due process is not discretionary. <u>Wong Wing Fai Co. S.A. v. United States</u>, 840 F.2d 1462, 1470 n. 18 (9th Cir. 1988)

14. It is insane to expect judicial officials (given a life tenure to sit on a bench in judgment of others, wearing the shield of the United States plaintiff protected with absolute immunity for their acts, self-policed and judged by other judges) not to develop a godlike complex over the course of time. This scenario has created a hurricane of judicial injustice with judges routinely making the law up as they go — legislating from the bench.

> *Due process cannot be satisfied when the state provides a "hearing" at which the judge is not really listening or before which the decision has already been made.* See <u>United States v. Cross</u>, 128 F.3d 145, n. 2 (3rd Cir. 1997)

15. For these reasons alone, this Court's judicial officials must be vigilant in recognizing the Rights of Nadine J. Griffin have been trampled. With regret, to the demise of Nadine J. Griffin, Judicial official and CEO William G. Young, given the power of discretion – gives rise to a doctrine of law often referred to as "harmless error."

> "..The logical force requiring rejection of their arguments-apart from their *assertions of personal political philosophy which do not provide a basis for us, a Court sitting to interpret the law*, to decide the questions dispositive of this case..." See <u>Rowlee v. C.I.R.</u>, 80 USTC 1111, 1120 (1983), quoting <u>Reading v. C.I.R.</u>, 70 TC 730 (1978), aff'd. 614 F.2d 159 (8th CIR.1980) at 773

16. It is safe to say that no judicial official, particularly William G. Young, would find it to be "harmless error" if it was his Life, Liberty and Property being taken in defiance of the law. With this power comes great responsibility. *Lord Camden* espoused:

> **The discretion of a judge is the law of tyrants: it is always unknown. It is different in different men. It is casual, and depends upon constitution, temper, passion.** In the best it is often times caprice; in the worse it is every vice, folly, and passion to which human nature is liable. *Lord Camden. L.C.J., Case of Hindson and Kersey*, 8 Howell States Trials 57 (1680)

17. The basic function of judicial official and CEO William G. Young (and all others employed by the United States plaintiff) is to dispose of any issue on "sound legal principles" in adhering to the constitutionally protected Rights of Nadine J. Griffin and all others before him.

> Discretionary choices are not left up to a court's inclination, but to its judgment, and its judgment is to be guided by sound legal principles. *United States v. Burr*, 25 F.cas. 30, 35 (C.C. Va.1807) (no. 14, 692d) (Marshall, C.J.).

18. A neophyte to the legal system, Nadine J. Griffin's belief that this country thrived on fairness and impartiality within these courts is a foregone conclusion. The United States plaintiff employees controlling a stacked deck judicial machinery – wearing the shield of self perpetuated immunity, resulting in ruthless discretionary decision making, protecting each, by the other who wear the badge of brotherhood, is the perfect formula for corruption. Again, we must look to *James Madison*, one of the founding fathers of this once great nation so stating:

> "We must guard against disdain for the judicial system. As Madison reminds us, if the Constitution is to endure, it must from age to age retain "th[e] veneration which time bestows." *James Madison*, The Federalist No. 49, p. 314 (C. Rossiter ed. 1961).

19. The judicial official and CEO of this Court – William G. Young is employed by the

United States plaintiff and his judgments are to be guided by the "sound legal principles" giving way to the Constitutional protections that Nadine J. Griffin so mindfully enjoys. To have his "mind made up" as cited in Cross, supra, would be a usurpation of Griffin's due process Rights and further denial of her equal protection under the law.

20. It is the duty of this Court to determine the sufficiency of the charge. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988): *Amsler v. United States*, 381 F.2d 37, 45 (9th Cir. 1967).

WHEREFORE, Nadine J. Griffin, the accused Belligerent Claimant moves that indictment No. CR-05-10175 and Counts 1 and 2 associated therewith are quashed with prejudice as the only just and proper remedy.

### VERIFICATION

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the forgoing is true and correct. All Rights retained without recourse.

Executed this 27 day of February, 2006.

Signature: *Nadine J. Griffin*
Nadine J. Griffin
Accused, Belligerent Claimant
c/o 13799 Park Blvd. North #244
Seminole, Florida [33776-3402]

# CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that on February 27, 2006, I mailed a true and correct copy of the VERIFIED MOVE QUASH INDICTMENT WITH PREJUDICE FOR VIOLATIONS OF THE FIFTH, SIXTH AND FOURTEENTH AND AFFIDAVIT IN SUPPORT by Certified Mail, postage fully prepaid, addressed to:

Christopher Maietta
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _____ 7004 1160 0007 4198 1067

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _____ 7004 1160 0007 4198 1050

Dated this 27 day of February ____, 2006.

_____
(Nadine J. Griffin)