```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          ) Criminal No. 05-CR-10175-WGY-1
                              )
     v.                       )
                              )
NADINE J. GRIFFIN,            )
                              )
          Defendant.          )
```

### UNITED STATES' 404(B) NOTICE TO ADMIT EVIDENCE OF OTHER WRONGS AND ACTS OF DEFENDANT

The United States, by and through the under signed-counsel, files this 404(b) Notice to Admit Evidence of Other Wrongs and Acts of Defendant.

The below-listed acts committed by defendant should be admitted into evidence as "intrinsic evidence" to the charged offenses and are not subject to FED. R. EVID. 404(b). In an abundance of caution, if the Court were to find that these acts are not intrinsic to the charged offenses, the United States hereby gives notice of its intention to introduce evidence of the following "other acts" of defendant:

- U.S. Individual Income Tax Returns (Forms 1040) filed by defendant for the years 1993 through 1997.

These acts, though not explicitly charged in the Indictment, relate to the charged offenses and provide context to the evidence that will be presented of the crimes committed by defendant.

Rule 404(b) of the Federal Rules of Evidence requires that the government provide a defendant "reasonable notice . . . of the general nature" of such other bad acts evidence. The notice requirement (like Rule 404(b) itself) does not extend "to evidence of acts which are 'intrinsic' to the charged offense." FED. R. EVID. 404, Advisory Committee Notes. The Court may also excuse the notice requirement on the showing of good cause. FED. R. EVID. 404(b). In the abundance of caution, the United States submits this notice in the event the Court believes the evidence constitutes other acts evidence under Rule 404(b).

## I. INTRINSIC EVIDENCE

The First Circuit has held that "Rule 404(b), by its very terms, excludes only extrinsic evidence -evidence of other crimes, wrongs, or acts- whose probative value exclusively depends upon a forbidden inference of criminal propensity. Evidence intrinsic to the crime for which the defendant is on trial, accordingly, is not governed by Rule 404(b)." United States v. Epstein, 426 F.3d 431, 438-39 (1st Cir. 2005)(citation omitted); United States v. Santagata, 924 F.2d 391, 393-94 (1st Cir. 1991) ("The documents at issue would tend to make the existence of the scheme to defraud -a necessary element of the crime charged- more likely than it would be without the documents . . . Because the documents were admissible as direct proof of the scheme charged, application of Rule 404(b) was unnecessary.")

(citations omitted); <u>United States v. DeLuna</u>, 763 F.2d 897, 913 (8th Cir. 1985) ("Evidence which is probative of the crime charged, and not solely uncharged crimes, is not 'other crimes' evidence.  Further, where the evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated.") (citations omitted).

In this case, the admission of defendant's prior filing of U.S. Individual Income Tax Returns (Forms 1040) (hereinafter "U.S. tax returns") for the years 1993 through 1997 is relevant and probative of defendant's knowledge of tax reporting requirements and shows she was aware of her legal obligations under the tax laws.  <u>United States v. Foster</u>, 789 F.2d 457, 460 (7th Cir. 1986); <u>United States v. Rifen</u>, 577 F.2d 1111, 1113 (8th Cir. 1978).

All of the U.S. tax returns filed by defendant during these years were prepared by tax return preparers (i.e., tax professionals).  Thus, defendant Griffin knew how to obtain professional advice in filing tax returns.  Also, defendant's tax returns for 1994 through 1997 were prepared by the same tax return preparer who prepared defendant's 1998 U.S. tax return (Count 1 of the Indictment).  It is expected that the tax preparer will testify that defendant Griffin never told him about her sales activity with Global Prosperity (an organization that

used salespersons like defendant to sell audiotapes/compact discs and tickets to offshore seminars) or the income (i.e., gross receipts) that she received from the sale of Global products and services in 1998.

At trial, a potential issue is whether defendant knew she was required and had to report income (i.e., gross receipts) that she received as a salesperson for Global Prosperity on her U.S. tax returns.  The U.S. tax returns for the years 1993 through 1997 will assist the jury in assessing whether defendant knew she had that duty, which is an element the government must prove at trial.  Accordingly, the jury should be permitted to hear evidence regarding defendant's U.S. tax returns from 1993 through 1997, which includes a pattern of seeking professional advice concerning her tax obligations, which establishes defendant's knowledge.

Further, defendant's 1993, 1994, and 1995 U.S. tax returns were not timely filed with the IRS.  In fact, all three tax returns were filed on or about April 15, 1997, well after the due dates.  Also, on her 1993 and 1995 U.S. tax returns, defendant underpaid her income taxes (i.e., defendant owed money to the IRS).  In 1993, defendant owed $4,128.00 in income taxes, and in 1995, defendant owed $462.00.[1]  The U.S. tax returns for 1993,

---

[1] Similarly, defendant's 1997 U.S. tax return reported $2,985.44 owed in income taxes.

1995, as well as 1997, also establish a motive and plan as to why defendant intentionally omitted from her 1998 and 1999 income tax returns all of the gross receipts she received as a salesperson for Global Prosperity.  That is, defendant did not want to pay income taxes on the income she earned from her sale of Global products and services.

Further, during the years 1993 through 1997, defendant never reported more than $42,000.00 of Schedule C (gross receipts) from her work as a salesperson for two multi-level marketing businesses.[2]  However, once defendant became a member of Global Prosperity and began selling the Global products and services, her gross receipts substantially increased well beyond $42,000.00.  In fact, the bank deposits made during 1998 alone total more than a $500,000.00, none of which was reported on her 1998 U.S. tax return.

In many criminal tax cases, as in many financial crime cases, a person's financial position prior to an alleged offense, such as filing false tax returns, is significantly different than compared to the financial position of the person during the years of the alleged criminal activity.  And that's the situation in this case.

---

[2]  For instance, defendant's gross receipts (sales) as reported on her Schedule C for 1993 totaled $36,721.00; for 1994 the gross receipts (sales) totaled $22,531.12; for 1995 the gross receipts (sales) totaled $34,356.49; for 1996 the gross receipts (sales) totaled $17,647.41; and for 1997 the gross receipts (sales) totaled $41,692.49.

In short, prior to her involvement in Global, defendant earned a modest amount of gross receipts (sales) each year, as opposed to her subsequent sales activity in 1998 and 1999 while she was a salesperson for Global Prosperity. The evidence will show defendant received substantially higher amounts of gross receipts (sales) than she reported on her 1998 and 1999 U.S. tax returns.

Defendant's tax return filing history for the years 1993 through 1997 do not constitute "other crimes or acts" but is "a description of events leading up to [the] crimes and intrinsic evidence of the element of the charged offenses," that being defendant's knowledge and duties under the tax laws. United States v. Fazel-Ur-Raheman-Fazel, 355 F.3d 40, 50 (1st Cir. 2005).

Also, defendant's 1997 U.S. tax return omitted the gross receipts from her sale of Global products and services during 1997. The 1997 U.S. tax return was filed on or about August 1998, which is when defendant was working as a salesperson for Global Prosperity.

In or about 1996, defendant began working as a Global salesperson. In October 1997, defendant opened a bank account in the name of Capital Finance Strategies at Danvars Savings Bank. Defendant had sole signatory authority over the bank account, and initially, defendant deposited her Global sales (i.e., gross

receipts) solely into this bank account.  Defendant's 1997 U.S. tax return did not report any of the gross receipts received from Global Prosperity for that year, even though bank records show that defendant made deposits into this account during the months of October, November, and December of 1997.

## II. 404(B) EXTRINSIC EVIDENCE

Alternatively, in the event that the Court finds these "other acts" are extrinsic to the charged offenses, the United States submits the evidence is relevant under Rule 401 and 402, that the requirements of Rule 404(b) are also met, and that the probative value of the evidence outweighs any potential unfair prejudice.  The United States requests that this motion be treated as the required notice to defendant under Rule 404(b).

> Rule 404(b) states:
>
> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial.

FED. R. EVID. 404(b).  There is no mechanical process within the Federal Rules of Evidence to determine when Rule 404(b) evidence is admissible.  See FED. R. EVID. 404, Advisory Committee Notes.

1560211.1

Rule 404(b) of the Federal Rules of Evidence allows the introduction of other crimes or bad acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Under First Circuit case law, two factors are used to determine the probative value of prior bad act evidence: "the remoteness in time of the other act and the degree to resemblance of the crime charged."  <u>United States v. Decicco</u>, 370 F.3d 206, 212 (1st Cir. 2004) (citation omitted).

The government submits that the above listed acts would establish proof of motive, intent, knowledge, and absence of mistake.  Further, the acts are not remote in time and resemble the crimes charged.

WHEREFORE, the United States respectfully submits this 404(b) Notice to Admit Evidence of Other Wrongs and Acts of Defendant.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:
   ___/s/_____
   CHRISTOPHER J. MAIETTA
   Trial Attorney
   U.S. Department of Justice
   (202) 514-4661

Dated: March 1, 2006

1560211.1

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this day, March _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

Nadine J. Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire 03894

                                             _____
                                             Christopher J. Maietta