UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )  Criminal No. 05-CR-10175-WGY-1
                                 )
        v.                       )
                                 )
NADINE J. GRIFFIN,               )
                                 )
            Defendant.           )

<u>UNITED STATES' MOTION IN LIMINE # 1</u>

The United States, by and through the under signed-counsel, files this <u>Motion in Limine</u> # 1 hereby requesting that the Court preclude defendant from presenting at trial "evidence" and legal arguments that are irrelevant and would invade the Court's province in instructing the jury with regard to the law.

## I.   <u>LEGAL PRINCIPLES</u>

Under the Federal Rules of Evidence, the jury should not be exposed to inadmissible evidence.  FED. R. EVID. 103(c).  It is fundamental that "evidence which is not relevant is not admissible."  FED. R. EVID. 402.  "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  Even if evidence is arguably "relevant," the court should still exclude the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

jury." FED. R. EVID. 403; <u>United States v. Candelaria-Silva</u>, 162 F.3d 698, 705 (1st Cir. 1998); <u>United States v. Johnson</u>, 820 F.2d 1065, 1069 (9th Cir. 1987); <u>United States v. Willie</u>, 941 F.2d 1384, 1395-96 (10th Cir. 1991).

It is also well established that "the court remains the jury's sole source of the law." <u>United States v. Powell</u>, 955 F.2d 1206, 1214 (9th Cir. 1992). As the court said in <u>Cooley v. United States</u>, 501 F.2d 1249, 1253-54 (9th Cir. 1974)(overruled on other grounds by <u>United States v. Powell</u>, 955 F.2d 1206, 1212 (correctness of willfulness jury instruction)): "the law is given to the jury by the court and not introduced as evidence . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be." <u>Accord</u> <u>Willie</u>, 941 F.2d at 1396.

## II.  <u>DISCUSSION</u>

### A.  **Defendant should be precluded from presenting "evidence" and argument relating to what the law should be**

Federal trial courts allow a criminal tax defendant to present a good faith defense to the element of willfulness. A discussion of the line between permissible and impermissible evidence of good faith was offered by the court in <u>United States v. Willie</u>, 941 F.2d 1384 (10th Cir. 1991), a case involving a tax protester defense. The court noted:

'Willfulness' is defined as the "voluntary, intentional

2

> violation of a known legal duty." <u>Cheek v. United
> States</u>, 111 S. Ct. at 610 (emphasis added).  To be a
> relevant defense to willfulness then, [a defendant]
> because of his belief or misunderstanding, must not
> have known he had a legal duty.  <u>Id.</u> at 611 (defendant
> must be "ignorant of his duty") . . . .  In <u>Cheek</u>, the
> Supreme Court stated that "a defendant's views about
> the validity [or unconstitutionality] of the tax
> statutes are irrelevant to the issue of willfulness
> [and] need not be heard by the jury . . . [I]t makes no
> difference whether the claims of invalidity are
> frivolous or have substance."  <u>Id.</u> at 613 . . . [P]roof
> of the reasonableness of a belief that he should not
> have a duty only proves the reasonableness of the
> defendant's disagreement with the existing law and is,
> therefore, properly excluded as irrelevant.

<u>Id.</u> at 1392-93; <u>see also</u> <u>Cheek v. United States</u>, 498 U.S. 192

(1991).

   <u>Cheek</u>, as discussed in <u>Willie</u>, defines the good faith

defense to willfulness in tax cases: a mistaken belief by the

defendant that the law did not require him or her to file a tax

return or pay a tax.  <u>See</u> <u>United States v. Powell</u>, 955 F.2d 1206,

1214 (9th Cir. 1991)(holding that a district court "may exclude

evidence of what the law is or should be")(citation omitted);

<u>United States v. Dack</u>, 987 F.2d 1282, 1285 (7th Cir. 1993).

Therefore, any testimony by defendant as to what she thinks or

previously thought the law should be, as well as her current or

prior views on the constitutionality and validity of the law, is

irrelevant and must be excluded.  <u>Powell</u>, 955 F.2d at 1214.

**B.  Defendant Should Be Precluded from Presenting
    "Evidence" or Argument Relating to the
    Constitutionality and Validity of the Tax Laws**

In criminal tax cases, defendants should be precluded from
presenting evidence or argument regarding the constitutionality
or validity of the tax laws.  <u>See</u> <u>Powell</u>, 955 F.2d at 1212.  A
defendant's view regarding the constitutionality and validity of
the tax laws is irrelevant because a mere disagreement with the
tax laws is no defense to the charged crime.  <u>Cheek</u>, 498 U.S. at
202-03; <u>United States v. Dack</u>, 987 F.2d 1282, 1285 (7th Cir.
1993) (holding that "[a]rguments which challenge the
constitutionality or validity of the tax laws" should be
precluded); <u>Powell</u>, 955 F.2d at 1212.  In <u>Cheek</u>, the Supreme
Court held that "a defendant's views about the validity of the
tax statutes are irrelevant to the issue of willfulness and need
not be heard by the jury, and, if they are, an instruction to
disregard them would be proper."  <u>Cheek</u>, 498 U.S. at 206.  The
Court affirmed the district court's use of the following
instruction (498 U.S. at 196): "A person's opinion that the tax
laws violate [a person's] constitutional rights does not
constitute a good faith misunderstanding of the law."  <u>Id.</u> at
196.  Similarly, in <u>Powell</u>, the Ninth Circuit Court of Appeals
affirmed the use of the following instruction (955 F.2d at 1212):
"Mere disagreement with the law, in and of itself, does not
constitute good faith misunderstanding under the requirements of

4

law.  Because it is the duty of all persons to obey the law
whether or not they [agree with] it."

In prior motions, defendant has made such assertions that
there is no "statute recognizing alleged compensation received
from 'Global Prosperity' as subject to a tax imposing a liability
on Nadine Griffin." (Document #7).  Defendant has also stated in
other motions that the "Sixteenth Amendment of the Constitution
conferred no new taxing authority on Congress . . ." and "that
the income tax is an indirect tax in the nature of an excise tax
. . ."  (Document # 10).  These arguments are not just absurd,
but also lack any legal merit.

As noted in a prior government motion, the Supreme Court has
defined income as "the gain from capital, from labor, or from
both."  Eisner v. Macomber, 252 U.S. 189, 207 (1920).  Title 26
U.S.C. § 61(a) defines gross income as "all income from whatever
source derived, including '[c]ompensation for services,'" and 26
U.S.C. § 6012 makes filing income tax returns mandatory.
Further, any argument that "wages are not income, that the
Sixteenth Amendment does not authorize the imposition of an
income tax on individuals, and that the Sixteenth Amendment is
unenforceable," have been repeatedly rejected by the courts.
Cheek v. United States, 498 U.S. 192, 195 (1991).

In view of the above, defendant should be precluded from
presenting "evidence" and argument regarding defenses which

5

relate to the constitutionality or validity of the tax laws. Such defenses are irrelevant and would tend to confuse and mislead the jury.

**C.  Defendant Should Be Precluded from Offering Testimony or Documents Relating to Alternative Interpretations of the Tax Laws if the Offered Evidence Was Not Actually Relied Upon by Defendant or if Admitting such Evidence Would Confuse the Jury Regarding the Law or Undermine the Authority of the Court**

Testimony or documents relating to alternative interpretations of the tax laws must be carefully analyzed to determine the purpose for which it is being offered.  Although a district court may exclude evidence of "what the law is or should be," as discussed above, it ordinarily cannot exclude evidence relevant to the jury's determination of "what a defendant thought the law was."  Thus, before the defendant offers such material, she must show the trial judge that "the evidence is being offered for a permissible purpose by making a proffer of great specificity regarding the type of belief [she] seeks to prove." Willie, 941 F.2d at 1393. (emphasis added).

As a threshold matter, in order for material relating to willfulness to be admissible, a defendant must first lay a proper foundation which demonstrates that she "actually relied" upon the specific material that is being offered.  Powell, 955 F.2d at 1214.  In the absence of actual reliance, such materials and testimony have no probative value.  Therefore, the Court should

not admit this evidence absence a showing of actual reliance. United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) (finding district court "correctly found there was no indication that an attorney had been hired to give defendant legal advice, that defendant actually received such advice, or that he relied on this advice"); Powell, 955 F.2d at 1214.  The danger is that admission of both relevant and irrelevant beliefs "could easily obfuscate the relevant issue and tempt the jury to speculate that the mere existence of documentary support for the defendant's position negates his independent knowledge that he has a legal duty."  Willie, 941 F.2d at 1393.

     If the proper foundation is established, then the court must determine whether the material should be admitted or excluded because admission of such materials could confuse the jury as to the law or might assist a defendant who wishes to undermine the authority of the court.  Powell, 955 F.2d at 1214, United States v. Barnett, 945 F.2d 1296, 1301 (5th Cir. 1991); Willie, 941 F.2d at 1395.  The exclusion of such material from evidence does not prevent a defendant from conveying the core of his or her defense to the jury because the defendant may still testify as to his or her asserted beliefs and how he or she supposedly arrived at them.  See Barnett, 945 F.2d at 1301; United States v. Hairston, 819 F.2d 971, 973 (10th Cir. 1987) (holding "that the trial court did not abuse its discretion in prohibiting the documentary

7

evidence offered by defendant"). It is for the district court to weigh the various competing interests and determine, in its discretion, whether, to what extent, and in what form, legal material upon which a defendant claims to have relied should be admitted in any given case. See Willie, 941 F.2d at 1398; FED. R. EVID. 403. Among the factors which would be relevant to such a determination would be the following: (1) the centrality of these materials to a defendant's claimed misunderstanding of the tax laws; (2) the materials' length and potential to confuse the jury; (3) the degree to which such materials are merely cumulative to a defendant's testimony or to other evidence; (4) the extent to which a defendant may be attempting to use them to instruct the jury on the law or to propagate tax protestor beliefs; and (5) the potential utility of limiting instructions. See Powell, 955 F.2d at 1214; Barnett, 945 F.2d at 1301 n.3; Willie, 941 F.2d at 1395.

Among the evidence that should be excluded is expert testimony regarding alternative interpretations of the tax laws, if a defendant did not actually rely on the expressed views of the expert. United States v. Burton, 737 F.2d 439, 443 (5th Cir. 1984). In Burton, the court affirmed the exclusion of a tax professor's proposed "expert" testimony that defendant's theory and belief that wages were not taxable income was not implausible. Id. The district court had excluded the testimony

8

pursuant to FED. R. EVID. 403 after weighing its "marginal relevance" with regard to the Section 7203 charges to the "potential prejudice and confusion, keeping in mind that the judge remains the jury's source of information regarding the law." Id. The court indicated that "[t]estimony such as that offered by Burton's 'expert' is not admissible as an explication of plausible readings of the statutory language." Id. In so ruling, the court noted that the defendant's proffer did not suggest that he actually relied upon the expressed views of the tax professor in failing to file tax returns. Id. at 444.

In view of the above, defendant should be precluded from offering testimony or documents relating to alternative interpretations of the tax laws if the offered evidence was not actually relied upon by defendant or if admitting such evidence would confuse the jury regarding the law or undermine the authority of the Court. Before any such testimony or documents are allowed to be offered, defendant should make a "proffer of great specificity" regarding actual reliance.

Moreover, if such "evidence" or argument is interjected into the proceedings, the Court should immediately instruct the jury regarding the applicable law and remind the jury that legal material admitted at trial is relevant only to the defendant's state of mind and not to the requirements of law.

1563425.1

WHEREFORE, for the foregoing reasons, defendant should be precluded from presenting "evidence" or argument regarding the following: (1) the constitutionality and validity of the tax laws; (2) alternative interpretations of the tax laws if not actually relied upon or if to allow it would confuse the jury as to the law.  Before any such testimony or documents are allowed to be offered, defendant should be forced to make a "proffer of great specificity" regarding actual reliance.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:
___/s/_____
CHRISTOPHER J. MAIETTA
Trial Attorney
U.S. Department of Justice
(202) 514-4661


Dated: March 1, 2006

10

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day, March _____, 2006,
served upon the person listed below a copy of the foregoing
document by mail:

Nadine J. Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire 03894

_____
Christopher J. Maietta

1563425.1