UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         ) Criminal No. 05-CR-10175-WGY-1
                               )
       v.                      )
                               )
NADINE J. GRIFFIN,             )
                               )
            Defendant.         )
```

UNITED STATES' MOTION IN LIMINE # 2

The United States, by and through the under signed-counsel, files this Motion in Limine # 2 hereby requesting that the Court under FED. R. EVID. 701 and 403 prohibit defendant from eliciting lay opinion testimony about the sincerity of the defendant's "good faith" beliefs about fictitious trusts and income tax laws.

I.    INTRODUCTION

At trial, government witnesses may testify about their use of fictitious trusts and related bank accounts that were used to hide income from the Internal Revenue Service, which is similar to defendant's conduct in this case.  On cross-examination, defendant may attempt to elicit opinion testimony about the sincerity of defendant's beliefs.  The Court should preclude such lay opinion testimony pursuant to both FED. R. EVID. 701(b) and FED. R. EVID. 403.

**II. ANALYSIS**

FED. R. EVID. 701 prohibits lay opinion testimony unless three conditions are satisfied. The rule states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Before lay opinion testimony about defendant's "good faith" can be admitted, it must satisfy all three preconditions of FED. R. EVID. 701. Opinion testimony on a party's knowledge of the law, or lack thereof, "in most instances . . . will not meet the requirements of Rule 701." United States v. Reas, 958 F.2d 1206, 1216 (2d Cir. 1992)(tax conspiracy and tax evasion prosecution). Under FED. R. EVID. 701(b), lay opinion testimony concerning defendant's "good faith" beliefs would not be helpful to a clear understanding of the witness testimony nor would it assist the jury in making a determination of a fact in issue.

In Reas, the trial court admitted lay opinion testimony from a government witness that the defendant "had to" have knowledge of the existence of the tax evasion scheme given a series of predicate events. Id. at 1214. The Second Circuit found the admission of this testimony was error, albeit harmless. Id. at

1219-1220. In making its error determination, the Court stated that prior to allowing lay opinion testimony, the trial court must find that the preconditions of Rule 701 have been satisfied. First, the opinion evidence must be "rationally based" on the witness's own perceptions, and second, such testimony would be "helpful" to a clear understanding of the witness's testimony or the determination of a fact at issue. Id. at 1215. The Court ruled that even if the first condition is met: i.e. the "witness has fully described what a defendant was in a position to observe, what the defendant was told, and what the defendant said or did, the witness's opinion as to the defendant's knowledge will often not be **'helpful'** within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant knew." Id. at 1216. Accordingly, the Rea court concluded that the lay opinion testimony was not helpful within the meaning of Rule 701(b) because "[i]t did no more than instruct the jury as to what result it should reach on the issue of knowledge." Id. at 1219.

    Here, defendant should be prohibited from eliciting on cross examination or otherwise, lay opinion testimony about the existence of her "good faith" belief or sincerity of her beliefs. In a tax case such as this, defendant's beliefs regarding the legitimacy of her fictitious trusts, the tax treatment thereof,

the filing of tax returns and paying of taxes is not a proper subject for lay opinion testimony.  See United States v. Hauert, 40 F.3d 197, 201-203 (7th Cir. 1994).

In Hauert, a defense witness offered lay opinion testimony about the "good faith" beliefs of the defendant who was on trial for tax evasion and willful failure to file tax returns.  The trial court prohibited admission of the testimony because it dealt with "a totally subjective matter," namely the defendant's mental state and was therefore inappropriate.  The trial court limited lay opinion testimony solely to the defendant's character and reputation for truthfulness pursuant to Rule 608(a).  The Seventh Circuit affirmed.

The Seventh Circuit based its decision on Rule 701(b) concluding that the lay opinion testimony offered by defense witnesses would not be helpful to a clear understanding of the issues by a jury.  Id. at 201-202.  The Court noted that in a tax protestor case, it is ordinarily inappropriate to introduce lay opinion evidence concerning the defendant's beliefs about the propriety of filing returns and paying taxes.  Id. at 202.

In this case, the opinions of lay witnesses about the existence and degree of sincerity of defendant's "good faith" belief will not assist the jury or clarify an issue that the jury would not otherwise be competent to comprehend for itself.  The jury is perfectly capable of making its own inferences of the

mental state of defendant based on the evidence adduced at trial. Accordingly, the jury does not need lay opinion testimony to clarify the witness' testimony or assist it in reaching its conclusions.[1]

Lastly, pursuant to FED. R. EVID. 403, any probative value of lay opinion testimony regarding defendant's "good faith" or sincerity of beliefs is substantially outweighed by the danger of unfair prejudice, confusion, or risk of misleading the jury. It is the jury that will ultimately decide the issue of intent and willfulness in this case. Lay witness opinions about the same add little, if any, probative value and are substantially outweighed by the danger of unfair prejudice and confusion.

WHEREFORE, this Court should prohibit lay opinion testimony going to defendant's "good faith" or "sincerity of beliefs." Such testimony will not be helpful to a clear understanding of witness testimony or the determination of a fact in issue pursuant to Rule 701(b). Moreover, pursuant to Rule 403, the danger of unfair prejudice, confusion, or misleading the jury substantially outweighs the probative value, if any, of such lay opinion testimony.

---

[1] The same principle was set forth in an unreported decision handed down in March 2005, <u>United States v Kleinpaste</u>, 2005 WL 524949(3rd Cir. 2005) (in a tax prosecution, ruling that lay opinion testimony concerning the existence and sincerity of the defendant's good faith belief was irrelevant and did not assist the jury in the ultimate issue of whether the defendant truly held a good faith belief).

         Respectfully submitted,

         MICHAEL J. SULLIVAN
         United States Attorney


By:
         ___/s/_____
         CHRISTOPHER J. MAIETTA
         Trial Attorney
         U.S. Department of Justice
         (202) 514-4661


Dated: March 1, 2006

CERTIFICATE OF SERVICE

    This is to certify that I have this day, March _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

Nadine J. Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire 03894

_____
Christopher J. Maietta