```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         ) Criminal No. 05-CR-10175-WGY-1
                             )
     v.                      )
                             )
NADINE J. GRIFFIN,           )
                             )
          Defendant.         )
```

UNITED STATES' NOTICE OF SUMMARY/EXPERT WITNESS
TESTIMONY PURSUANT TO RULE 16(A)(1)(G) AND
<u>NOTICE OF INTENT TO USE FED. R. EVID. 1006 SUMMARIES</u>

The United States, by and through the under signed-counsel, files this Notice of Summary/Expert Witness Testimony Pursuant to Rule 16(a)(1)(G) and Notice of Intent to Use Fed. R. Evid. 1006 Summaries.

The government provides notice of its intent to use summary/expert witness Michael Pleshaw at trial in its case-in-chief. The government may also call expert witness Nicoli Ferrell to testify at trial in its case-in-chief.

Near the end of the trial, the government will call IRS Revenue Agent Michael Pleshaw, trained in taxation and accounting, as its summary/expert witness in its case-in-chief. As is routine with summary witnesses, Mr. Pleshaw will be present during the trial and will provide an analysis of the testimony and financial records introduced into evidence, explaining to the jury the consequences of the gross receipts defendant obtained

from her work as a salesperson for Global Prosperity.

The government anticipates that a portion of Mr. Pleshaw's testimony will relate to the presentation of Rule 1006 summaries regarding two bank accounts that defendant controlled: (1) Capital Finance Strategies and (2) Angelica Holdings.  Federal Rule of Evidence 1006 allows the introduction of summary evidence to aid the jury in the examination of testimony or documents in evidence.[1]  Air Safety, Inc. v. Roman Catholic Archbishop of Boston, 94 F.3d 1, 7 (1st Cir. 1996); United States v. Behrens, 689 F.2d 154, 161-62 (10th Cir.); United States v. Harenberg, 732 F.2d 150, 1514 (10th Cir. 1984).  The 1006 summaries will be based on evidence the government intends to offer at trial or evidence that would be admissible at trial and has been made available to defendant.

The proponent of a summary under Rule 1006 must establish the admissibility of the underlying documents as a condition to the introduction of the summary.  United States v. Nivica, 887 F.2d 1110, 1125 (1st Cir. 1989) ("A summary admitted under Rule 1006 must be based upon evidence independently established in the record").  The underlying documents do not actually have

---

[1] Fed. R. Evid. 1006 provides:
The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place.  The court may order that they be produced in court.

to be admitted, but must be established as admissible. Roman Catholic Archbishop of Boston, 94 F.3d at 7 n.14. The proponent must establish that the underlying documents were made available to the opposing party for inspection. Id. at 8 (finding that "to satisfy the 'made available' requirement, a party seeking to use a summary under Rule 1006 must identify its exhibit as such, provide a list or description of the documents supporting the exhibit, and state when and where they may be reviewed"). Summaries must fairly represent the underlying documents and their admission into evidence is left to the court's discretion. Nivica, 887 F.2d at 1126. Rule 1006 treats properly admitted summaries as evidence in their own right rather than just presentations of other evidence in a more coherent form, as long as the underlying evidence is admissible. R & R Associates, Inc. v. Visual Scene, Inc., 726 F.2d 36, 37 (1st Cir. 1984). In short, the summaries will aid the jury in organizing the information contained in a large number of exhibits.

Through discovery, defendant has been provided copies of the bank records relating to defendant's bank accounts in the names of Capital Finance Strategies and Angelica Holdings. These records will be utilized by Mr. Pleshaw as the basis for his summary schedules. Any draft summary schedules that are provided to defendant are subject to change based on the evidence that could be admitted at trial.

Mr. Pleshaw's anticipated testimony will also involve the treatment of the gross receipts received by defendant through her involvement with the Institute of Global Prosperity ("Global"). Mr. Pleshaw's testimony will be based on an analysis of the bank accounts as summarized in the schedules that will be provided to defendant in the near future.

For example, the First Circuit has permitted an expert witness to summarize the testimony presented at trial in the course of calculating the income tax owed by a defendant facing tax evasion and drug charges. United States v. Sutherland, 929 F.2d 765, 779-80 (1st Cir. 1991). In Sutherland, the expert testified, after other evidence had been admitted, that one possible source of the defendant's income was drug activities. Id. It was part of the government's case to show likely sources of income. Id. The testimony was explicitly based on testimony and evidence that the jury had heard and seen and the jury could decide for itself the likely source of income. Id.; accord Yoffe v. United States, 153 F.2d 570, 574 (1st Cir. 1946) (government accountant's testimony based on corporate ledger sheets that corporate transactions were not reflected as sales on books and tax returns was admissible, where defendant had access to ledger sheets and did not introduce the ledger sheets or object to the testimony on the ground that they were not in evidence).

4

In addition, the government may call Nicoli Ferrell, a Revenue Agent with the IRS, as an expert witness during the government's case-in-chief.  Ms. Ferrell is an expert witness regarding "trusts" including types, structure, uses, grantor trust rules, sham/fictitious trusts, and the taxation regarding different trust arrangements.  Ms. Ferrell may opine that the purported trusts used by defendant are not trusts but rather sham arrangements whereby the trusts are disregarded for tax purposes and the individual who earned the income is responsible for the taxes.  She may further opine that even if these arrangements were deemed to be trusts, the grantor trust rules likewise require the individual who placed their assets into the trust to pay tax on income associated with those assets.

The bases for Ms. Ferrell's opinions may include evidence and testimony offered at trial, her experience and training in the field of trusts (specifically abusive trusts), summaries of voluminous evidence, IRS official publications, legal doctrines applicable to federal income taxation of substance over form, assignment of income, arms length transaction, lack of valid business purpose, and the grantor trust rules set forth in the Internal Revenue Code.  Ms. Ferrell has worked as an IRS Revenue Agent for more than 10 years and has extensive experience and training dealing with abusive trusts.

It is the government's position that it has complied fully with all Rule 16 discovery requests. Accordingly, pursuant to Rule 16(b)(1)(A), Federal Rules of Criminal Procedure, the government hereby requests that the government be allowed to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of defendant and which defendant intends to introduce as evidence in chief at the trial.

Pursuant to Rule 16(b)(1)(B), Federal Rules of Criminal Procedure, the government also requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, within the possession or control of the defendant, which defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom defendant intends to call at the trial if the results or reports relate to that witness' testimony.

Pursuant to Rule 16(b)(1)(C), Federal Rules of Criminal Procedure, the government requests that defendant disclose a written summary of testimony that defendant intends to use as evidence at trial under Rules 702, 703, or 705, Federal Rules of Evidence. This summary must describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses'

qualifications.

Pursuant to Rule 16(c), Federal Rules of Criminal Procedure, if defendant discovers additional evidence or material from this point forward, which is subject to discovery or inspection under this rule, the government requests that defendant promptly notify the government (undersigned counsel) of the existence of this additional evidence or material.

Pursuant to Rule 26.2, Federal Rules of Criminal Procedure, the government requests that defendant produce prior to trial any witness statements that are in defendant's possession and relate to the expected subject matter of the witness' testimony.

WHEREFORE, the United States respectfully submits this Notice of Expert/Summary Witness Testimony Pursuant to Rule 16(a)(1)(G) and Notice of Intent to Use Fed. R. Evid. 1006 Summaries.

Dated: March 1, 2006

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:
    ___/s/_____
    CHRISTOPHER J. MAIETTA
    Trial Attorney
    U.S. Department of Justice
    (202) 514-4661

CERTIFICATE OF SERVICE

This is to certify that I have this day, March _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

Nadine J. Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire 03894

_____
Christopher J. Maietta