```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           ) Criminal No. 05-CR-10175-WGY-1
                               )
     v.                        )
                               )
NADINE J. GRIFFIN,             )
                               )
          Defendant.           )
```

### UNITED STATES' RESPONSE TO DEFENDANT'S VERIFIED MOVE FOR DISCOVERY

The United States, by and through its undersigned attorney, hereby files its Response to Defendant's Verified Move for Discovery. Defendant makes several discovery requests in her motion, most of which the United States disclosed in its automatic discovery letter mailed to defendant on September 7, 2005. Enclosed with the automatic discovery letter were more than 4,000 pages of documents.[1] A copy of the automatic discovery letter, dated September 7, 2005, was mailed to the Court on September 8, 2005.

**I.    AUTOMATIC DISCOVERY**

In the automatic discovery letter the government provided a list of defendant's written statements, oral statements, recorded

---

[1] Approximately 3,770 pages of documents were bate stamped and mailed to defendant on September 7, 2005. In addition to those bated documents, a set of other documents without bate numbers were mailed to defendant at that same time.

statements (video tapes), prior convictions (government is unaware of any convictions), documents and tangible objects under Rule 16(a)(1)(E), reports and examinations (none exist), search warrant materials, and potentially exculpatory evidence under Local Rule 116.2(B)(1), which included a list of witnesses that have received "promises, rewards, or inducements" that the government anticipates calling in its case-in-chief.  The government also provided a list of witnesses that have criminal convictions and pending cases.

The government has provided documents (bate stamped with numbers) and other information to defendant since September 7, 2005, as required under Rule 16 and Local Rules.  For instance, on September 9, 2005, the government provided defendant copies of video tapes referenced in the September 7, 2005 letter.  On September 14, 2005, the government provided defendant with the name of another government witness with a criminal record, who is expected to testify at trial.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules and Rule 16, and the government will comply with that ongoing duty.

**II.   DEFENDANT'S OTHER DISCOVERY REQUESTS**

Defendant made other discovery requests in her motion, which the government will now specifically address.

   A.   Organizational Defendant

Defendant's request for discoverable material from an organizational defendant does not appear applicable in this case.

   B.   Tax Deficiency Notices

The government provided defendant with tax deficiency notices issued by the IRS for the years 1997 through 1999. Specifically, the government provided defendant with copies of Certificate of Assessments and Payments (Forms 4340) for the years 1997 through 1999 as part of its automatic discovery (Bate Numbers US3387 to US3397). The Forms 4340 show that various IRS notices were issued to defendant during these years informing her that income taxes were *still* owed for income she *reported* on the tax returns for 1998 and 1999. (Emphasis added). In other words, defendant still had outstanding tax liabilities for these years, which she did not timely pay, and, more importantly, the IRS notified defendant of the outstanding tax obligations. Accordingly, defendant's request is moot.

Further, the Court should deny defendant's request for "an Assessment that was made that determined the amount of federal income tax Nadine J. Griffin allegedly understated on her federal

income tax returns for 1998 and 1998." Defendant was charged with filing false individual income tax returns by willfully failing and omitting to disclose on her 1998 and 1999 income tax returns substantial amounts of gross receipts. Defendant was not charged with "understating" her federal income taxes. The evidence will show defendant decided not to report the gross receipts from her business activity with Global Prosperity, and instead, defendant hid the gross receipts in bank accounts using fictitious names and false taxpayer identification numbers.

    C.    <u>Method of Proof</u>

Defendant requested information regarding the method of proof the government intends to use at trial. The government anticipates proving the unreported gross receipts through a bank deposits and specific items method of proof.

    D.    <u>Expert Witness Notice</u>

The government has complied with the defendant's expert notice request. On March 1, 2006, the government filed a summary/expert witness notice with the Court. The government will provide defendant with a copy of the curriculum vitae of each expert witness.

WHEREFORE, the United States respectfully submits this Response to Defendant's Verified Move for Discovery.

Dated: March 9, 2006

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By:
                                        */s/ Christopher J. Maietta*
                                        CHRISTOPHER J. MAIETTA
                                        Trial Attorney
                                        U.S. Department of Justice
                                        (202) 514-4661

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day, March _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

>Nadine J. Griffin
>c/o 36 Center Street, #143
>Center Tuftonboro, New Hampshire 03816

_____
Christopher J. Maietta