```
                    FILED
              IN CLERKS OFFICE

              2006 MAR 13  P 1: 35

              U.S. DISTRICT COURT
              DISTRICT OF MASS.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 05-CR-10175-WGY |
| ) | |
| Plaintiff, ) | VERIFIED MOVE TO SUPRESS EVIDENCE IN VIOLATION OF |
| ) | THE FIFTH AND FOURTEENTH |
| vs. ) | AMENDMENTS OF THE |
| ) | CONSTITUTION |
| Nadine J. Griffin, ) | |
| ) | (Oral Arguments Requested) |
| Accused, Belligerent Claimant. ) | |

COMES NOW Nadine J. Griffin, accused Belligerent Claimant in the above-entitled action, moving this Court suppress evidence that may be presented by Christopher Maietta intended only to prejudice and inflame the jury. This move to suppress evidence concludes that (1) the evidence sought has no probative value because it has been obtained in violation of due process of law, (2) the evidence will not prove any issue of facts relevant to a valid claim, (3) the evidence does not make the facts more probable, and (4) the evidence is merely for the purpose of inflaming and prejudicing the jury.

Furthermore, because employees of the United States plaintiff has failed to fully apprise the accused the nature and cause of the accusations against her, any evidence used making financial claims implying that a substantial understatement of a federal tax liability exist - proves their intent to proceed with a tactical advantage over Nadine J. Griffin violating her

Sixth Amendment rights of being fully apprised of the nature and cause of the accusation.

Employees of the United States plaintiff have refused to disclose what evidence they intend to use attempting the establish a basis presently unknown to Nadine J. Griffin as the introduction of such evidence will and have clearly prejudiced the due process Rights of Nadine J. Griffin proceeding with the implied presumption that employees of the United States plaintiff exhausted their administrative remedy prior to petitioning a district court of the United States. This evidence must be suppressed for the following reasons to wit:

1. Video Tapes one and two planned to be introduced as evidence favorable to employees of the United States plaintiff must be suppressed and prohibited from introduction as they serve NO PROBATIVE VALUE WHATSOEVER, is hearsay evidence merely to draw inference in an inflammatory nature.

2. employees the United States plaintiff never noticed Nadine J. Griffin they believed she may have substantially understated her alleged federal tax liability prior to petitioning this Court and should therefore must be prohibited, and should not be allowed to enjoy the Right of using documents or information that would imply they (government agents and employees) exhausted their administrative remedies.

3. employees the United States plaintiff after Six (6) years have never filed a notice and demand for tax, attempted to assess or collect an additional liability prior to petitioning this Court and should therefore must prohibited from using documents or information that would imply the government exhausted their administrative remedies.

4. employees the United States plaintiff have chosen to selectively prosecute Nadine J. Griffin in lieu of exhausting their administrative remedies as they have with millions of other [t]axpayers similarly situated: resulting in violation of Griffin's due process and

equal protection under the law Rights.

The Courts function is not to determine guilt or innocence but to insure that the constitution and the laws of the land are adhered.

## MEMORANDUM AND BRIEF IN SUPPORT

### I.
### Video Tapes Must Be Supressed As They Have No Probative Value Merely Used To Inflame The Jury

1.1 Nadine J. Griffin received approximately 4,641 plus pages of discovery material from the United States plaintiff's employee Christopher Maietta or about September 8, 2005. Additionally, Maietta included two video tapes, with a date written of February 24, 1998 and June 11, 1998.

2. The February 24, 1998 video includes a 7 minute clip of Nadine J. Griffin on stage speaking to an audience about her introduction to Daniel Andersen and David Struckman – the alleged founders of Global Prosperity.

3. The video tapes are demonstrative evidence that cannot be effectively authenticated, as it is unknown to the viewer (1) when these events took place, (2) where they took place, (3) who are the participants, (4) what is there relationship to the case and (5) how the relationship has probative value to the case.

4. The 7 minute clip of Nadine J. Griffin makes overbroad and sweeping statements that allows any inference to be drawn from the listener/viewer. Nadine J. Griffin never makes any statement that would conclude what her personal value or worth might have been, what her definition of a big house is, or the dollar amount it would take to retire her father -- as every statement within that video clip allow the viewer to draw his or her own inference as to what

meaning those fact statements may have. It is no secret that multilevel marketing companies and like sales professions exaggerate the highest potential compensation plan when marketing these type of programs. Such is no less applicable in this instant case.

> "Indeed, any evidence is unduly prejudicial . . . when its sole probative value is to show a criminal defendant's propensity to commit the crime charged in the indictment. See, e.g. United States v. Thomas, 321 F.3d 627, 630-633 (7th Cir. 2003)
> Unfair prejudice can occur because the trial court made an insufficient effort to avoid obvious danger." See, e. g, Gray v. Genlyte Group, Inc., 289 F.3d 128, 139 (1st Cir. 2002)

5. Allowing the Video Tapes before a jury would unfairly prejudice Nadine J. Griffin as it inconclusory, completely inflammatory and suggestive, offering no probative value whatsoever. In the video tape dated ( ) Nadine J. Griffin does not even appear anywhere, only referred to by name. Furthermore, there is no reference as to where these video was recorded, when it was recorded, who authored the tapeing.

## II.
## Documents Purporting To Verify The Compensation Of Nadine J. Griffin Must Be Suppressed For Lack Of Assessment

The accused Nadine J. Griffin seeks to have any and all financial documents be suppressed that attempts establish a substantial understatement of tax liability. In the case of the accused Nadine J. Griffin, no attempt to collect the alleged substantially understated tax liability or any tax has ever been made prior to Assistant United States Attorney Christopher Maietta petitioning the grand jury. In a plethora of cases, prior to the government seeking charges for alleged violation of the internal revenue laws are cited in many circuits and the Supreme Court conclusively establishing that Acts of Congress command the exhaustion of the administrative remedy before petitioning a district court of the United States: as such was not done in Nadine J. Griffin's case.

> "When Congress passes an Act empowering administrative agencies to carry on governmental activities, the power of those agencies is circumscribed by the authority granted." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 577 (1992), citing *Stark v. Wickard*, 321 U.S. 188, 309-310 (1944). An agency action that is "arbitrary, capricious, an abuse of discretion, or not in accordance with law, as well as action taken 'without observance of procedure required by law'" should be invalidated. *United States v. Caceres*, 440 U.S. 741, 753-754 (1979)

Had employees of the IRS exhausted the administrative process as prescribed by Acts of Congress in the same manner they do with million of taxpayers annually, of the 4,641 plus discovery documents provided by Maietta, these papers would have been included but they were not. Maietta mislead the Grand Jury and failed to disclose that agents of the IRS never attempted to exhaust the administrative remedies as required by Acts of Congress and codified within the Internal Revenue Code to collect the alleged substantial understatement of liability for the tax years 1998 and 1999 in failing to: **(1) verify the taxpayers liability "Assess a Liability," (2)** issue a "Notice and Demand" for tax, **(3)** issue a "Notice of Deficiency," **(4)** issue a "Notice of Determination" and **(5)** never once statutorily noticed the Accused Nadine J. Griffin of their presumptive determination as the law commands.

". . . .Congress had encroached on the core function of the Judiciary to decide "cases and controversies properly before them." *Millller v. French*, 530 U.S. 327 (2000) quoting *United States v. Raines*, 362 U.S. 17, 20 (1960).

**These items are conclusory, inflammatory and not probative items of evidence must be suppressed that would tend to imply that an assessment of liability was made and Nadine J. Griffin had a known legal duty to report on her 1998 and 1999 income tax returns t**

   (a) all documents, forms and transcripts in the 4,641 plus pages of discovery materials, and all undisclosed documents intended to be used at trial to establish the alleged "Specific Items" that have not been assessed by employees of the United States plaintiff resulting

in Nadine J. Griffin's substantial understatement on a federal income tax liability for tax years 1998 and 1999.

(b) all documents, forms and transcripts in the 4,641 plus pages of discovery materials, and all undisclosed documents intended to be used at trial to establish the alleged "<u>Net Worth</u>" that have not been assessed by employees of the United States plaintiff resulting in Nadine J. Griffin's substantial understatement on a federal income tax liability for tax years 1998 and 1999.

(c) all documents, forms and transcripts in the 4,641 plus pages of discovery materials, and all undisclosed documents intended to be used at trial to establish the alleged "<u>Specific Items</u>" that have not been assessed by employees of the United States plaintiff were received and owned by Nadine J. Griffin and taxable as "gross income" resulting in Nadine J. Griffin's substantial understatement on a federal income tax liability for tax years 1998 and 1999.

(d) all documents, forms and transcripts in the 4,641 plus pages of discovery materials, and all undisclosed documents intended to be used at trial to establish the alleged "<u>Net Worth</u>" that have not been assessed by employees of the United States plaintiff were received and owned by Nadine J. Griffin and taxable as "gross income" resulting in Nadine J. Griffin's substantial understatement on a federal income tax liability for tax years 1998 and 1999.

The United States Supreme Court put it most eloquently in so stating:

> ***However, it is not the function of the Judiciary to provide "effective leadership" simply because the political branches of government fail to do so.*** The Court's holding today manifests the justly criticized judicial tendency to attempt speedy and wholesale formulation of "remedies" for the failures — or simply the laggard pace — of the political processes of our system of government.

The Court employs, and in my view abuses, the Fourteenth Amendment in an effort to become an omnipotent and omniscient problem solver. That the motives for doing so are noble and compassionate does not alter the fact that the Court distorts our constitutional function to make amends for the defaults of others. *Plyer v. Doe*, 457 U.S. 202, 243 (1982)

It can be said without controversy that the judicial branch of government (the court) is not constitutionally authorized to act as a collections agency on behalf of employees of the Internal Revenue Service, lest it act as a debtors court giving rise to debtors prisons which have been abolished and violates the Fifth, Thirteenth and Fourteenth Amendments to the Constitution. Considering all the facts before this Court as of this date, even when giving in the light most favorable to the prosecution, failing to properly cedes this Courts jurisdiction thus prohibits all evidence that would have been enjoyed otherwise from being admitted herein now, and at the time of trial.

WHEREFORE; Nadine J. Griffin moves a neutral, non-biased judicial official of this Court suppress the evidence proffered by the employees of the United States plaintiff as stated herein *supra*.

Solemnly submitted,

**VERIFICATION**

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood, Sentient Being that the forgoing is true and correct. All Rights retained without recourse.

Executed this 28 day of February, 2006.

Signature: *Nadine J. Griffin*
Nadine J. Griffin
Accused, Belligerent Claimant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

## CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that on February 28, 2006, I mailed a true and correct copy of the above and foregoing **VERIFIED MOVE TO SUPRESS EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION** by Certified Mail addressed to:

Christopher Maietta
United States Department of Justice, Tax Division
601 D Street, NW
Room 7012
Washington, DC 20004

Certified Mail No. _____

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510

Certified Mail No. _____

Executed this 28 day of February, 2006

_____
Nadine J. Griffin