```
                                         FILED
                                    IN CLERKS OFFICE

                                   2006 MAR 13  P 1: 35

                                    U.S. DISTRICT COURT
                                    DISTRICT OF MASS.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>Vs. )<br>)<br>)<br>)<br>Nadine J. Griffin, )<br>    Accused, Belligerent Claimant ) | CASE NO. 05-CR-10175-WGY<br><br>VERIFIED MOVE TO DISMISS<br>FOR VIOLATION OF THE SIXTH<br>AMENDMENT TO THE CONSTITUTION<br>AND SPEEDY TRIAL ACT<br><br>(Oral Arguments Requested) |

COMES Nadine J. Griffin moves this court for dismissal of this action under authority of Article VI of the Constitution for the United States of America and 18 U.S.C. § 3161(c)(2), "Speedy Trial Act," for the violations enumerated herein. The record reflects that judicial official and CEO William G. Young violated the Nadine J. Griffin's rights to a speedy trial by scheduling a trial for May 1, 2006, well beyond the 70 days required under Speedy Trial Act. Judicial official and CEO William G. Young cannot by local rule or otherwise usurp the Constitution or Acts of Congress that cedes with specificity without ambiguity the statutory construction of the Speedy Trial Act.

**MEMORANDUM OF THE LAW AND BRIEF IN SUPPORT**

The Sixth Amendment to the Constitution for the United States of America is one of the many foundational cornerstones enjoyed by Nadine J. Griffin as it relates to her Right of a speedy trial. This right has been discussed in several landmark cases that define the elements, providing *provisio* under the Speedy Trial Act codified in Title 18 of the United States Code as follows:

18 U.S.C § 3161 (c)(1) states in pertinent part:

> In any case in which a plea of not guilty is entered, *the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date* (and making public) of the information or indictment, *or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending*, whichever date last occurs.

18 U.S.C § 3161 (c)(2) states in pertinent part:

> *If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant*.

This court has actual knowledge that the established rule the right to a speedy trial is "fundamental" and is imposed by the Due Process Clause of the Fourteenth Amendment and the rule of law requires: (1), That trials must commence (with *voir dire* of the jurymen setting the time of commencement of the trial) within seventy days of the indictment or first appearance whichever is later, and (2), That truncating the "30-day preparation period" before the trial's commencement is a trespass on the substantive due process rights of the accused. This court additionally has actual knowledge that the alleged first appearance occurred on July 27th 2005 setting the date for *voir dire* of the jurymen to be not later than October 5th 2005.

This court has actual knowledge that the accused Nadine J. Griffin is prejudiced as sufficient time is lacking to: (1), set the matter for trial within the Act, (2), the delays are attributable to the government's intent to gain a tactical advantage at the expense of prejudice to the defendant (3), the government has delayed scheduling a trial date for its own benefit (4), the defense is impaired with the passage of time disallowing Nadine J. Griffin sufficient time to exercise substantive due process rights to pre-trial procedures. See the four pronged elements of the *stare decisis* case in *Barker v. Wingo* (1972).

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-part balancing test a court should consider to determine whether a defendant's Sixth Amendment right to a speedy trial has been violated: "(1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant caused by the delay." United States v. Trueber, 238 F.3d 79 (1st Cir. 2001) *United States v. Munoz-Amado*, 182 F.3d 57, 61 (1st Cir. 1999); see also *Barker*, 407 U.S. at 530. *None of the four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial*. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Munoz-Amado*, 182 F.3d at 61, quoting *United States v. Henson*, 945 F.2d 430, 437 (1st Cir. 1991).

This court further knows and understands that the Speedy Trail Act is a "shall" statute depriving the court of discretion to decline or refuse to dismiss this instant case. The court must order dismissal. The only remedy for deprivation of the constitutional right to a speedy trial is dismissal of the charge. See *Strunk v. United States*, 412 U.S. 434, at page 440, (1973).

The court lacks discretion to deny dismissal for violation of the Speedy Trail Act absent proofs (the prosecution has the burden of proof) that one of the following occurred imposing a delay: **(1)** Showing that other proceedings involved the defendant prohibiting the instant matter from going forward, **(2)** Showing that court ordered examination of the mental competency of the defendant delayed the case, **(3)** Deferral of the prosecution, **(4)** Assembling additional and other charges against the defendant, **(5)** Delay resulting from transfer or removal, **(6)** Delay involving transportation, **(6)** Consideration of a plea offer by the court, **(7)** An interlocutory appeal, **(8)** Absence or unavailability of a defense witness, **(9)** Delay regarding a co-defendant, **(10)** Delay imposed by the filing of a pretrial motion, or **(11)** Flight of the defendant. Absent the prosecution verifying one or more of these delays, this court is in want of authority to deny dismissal of this instant case for violation of the Speedy Trial Act.

The speedy trial right attaches upon arrest or indictment, whichever occurs first. *Munoz-Amado*, 182 F.3d at 61. The court is empowered with discretion to determine whether the matter

should be dismissed with or without prejudice. See *United States v. Brown*, 770 F.2d 241, at pages 242 and 243 (1st Cir. 1985). The court, in determining whether the matter should be dismissed with or without prejudice, should make meaningful inquiry into each of the following three factors: **(1)** The seriousness of the offense, **(2)** the facts and circumstances of the case which led to the dismissal, and **(3)** the impact of a re-prosecution on the administration of justice.

Nadine J. Griffin was formally indicted on July 13, 2005 which is equivalent to an arrest with a warrant. Nadine J. Griffin was finally arraigned by judicial official and CEO William G. Young on September 27, 2005. Per the Court Dkt. Electronic Notes dated 09/27/05 Young set the trial date for May 1, 2006, and without cause orders the time between 09/27/05 and 05/01/06 excluded, tolling the speedy trial clock. Judicial official and CEO William G. Young is attempting to usurp an Act of Congress in direct violation of 28 U.S.C. § 2072 – **Rules of procedure and evidence; power to proscribe** - states in pertinent part:

a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.
b) *Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.*

" The sole function of the court is to enforce the law according to statute." *Caminetti v. United States*, 37 S.Ct 192, 194 (1917) "our starting point must be the language employed by Congress," *Reiter v Sonotone Corp.*, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979) (emphasis added), and we assume "that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States*, 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962) (emphasis added). As Congress and the Supreme Court continue to play tennis with the law as to their interpretation, one constantly attempting to override the authority of the other – on occasion

they do offer simple and easy to comprehend diatribe, particularly in the case of their own power, holding that:

> The construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction, and such deference is particularly appropriate where an agency's interpretation involves issues of considerable public controversy and Congress has not acted to correct any misperception of its statutory objectives." *CBS, INC. v FCC*, 453 US 367, p. 367, 69 L Ed 2d 706, p. 709 190155/564515 (emphasis added)

Accordingly, Congress has not extended to judicial official and CEO William G. Young or any other judicial office – by local rule or otherwise – the ability to enlarge the Speedy Trial Act at his personal whim or discretion.

In observation of this, we must correctly employ that Nadine J. Griffin's arraignment on September 27, 2005, began the speedy trial clock again on September 28, 2005, resulting in this Court maintaining jurisdiction to hear the matter no later than December 7, 2005, seventy days from the date of the arraignment. It is the Court's duty to remain within the confides of its authority. It should be noted that Young has refused to resolve the speedy trial matter in accordance to the rule of law when moving to dispose of this case-in-chief on September 27, 2005.

This court is noticed, regarding the issue of the seriousness of the offense, Nadine has never been convicted, indicted, or even accused of a crime of violence such as would pose a potential threat to life or property; and in this instant case, Nadine has not been accused of committing a statutory crime.

To reiterate, the factual basis for the non-discretionary mandatory dismissal as defined by the Act, both judicial official William G. Young and Christopher Maietta have compromised the integrity of this court by bringing an untimely and defective non-suit before this court with the

expectation that this court will cooperate in the evisceration of Nadine J. Griffin to maintain the status quo treatment of [pro se] litigants.

This court is noticed of the following inescapable record: (1). Nadine J. Griffin's first appearance was on July 27th 2005, (2) Griffin's move to dismiss for violations of the STA on September 27, 2005 was "Electronically and Sticky Note Denied" without a finding of fact and conclusion of law on October 13, 2005, (3) Griffin's arraignment on September 27, 2005 began the speedy trial clock again on September 28, 2005, resulting in this Court maintaining jurisdiction to hear the matter no later than December 7, 2005, seventy days from the date of the arraignment, and (4) no Act of Congress authorized judicial official and CEO William G. Young to employ the doctrine of "Judicial Activism", tolling the STA until May 1, 2005 in direct violation and abrogation of Nadine J. Griffin's Sixth Amendment Rights. The seventy days rule of the Speedy Trial Act IS NOT a discretionary Act of Congress, but Mandatory in its plain language. There is no question that Nadine J. Griffin's Rights have been severely prejudiced throughout this ordeal. Griffin having been subject to such abuse lends the term "Rights Deprivation" ripe for espousal.

## DEMAND FOR REMEDY AND RELIEF

**WHEREAS,** the accused Nadine J. Griffin moves as follows:

This court's judicial officers having actual knowledge, facts and law of this case – having a known legal duty to protect the Constitutional rights of the accused, Nadine J. Griffin to move for dismissal with prejudice of this action in *qui tam* for violation of the Speedy Trail Act as intrinsic and extrinsic evidenced on the court's record establishes the accused Nadine J. Griffin has met the burden of proof necessary to grant such an order.

Dated this 6 day of March, 2006.

|   |   |
|---|---|
| Prepared and submitted by: | _____ |
|   | Nadine J. Griffin |
|   | Accused, Belligerent Claimant |
|   | c/o 36 Center Street, #143 |
|   | Wolfeboro, New Hampshire [03894] |

## CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that on 6 day March, I mailed a true and correct copy of the above and foregoing move for dismissal for violations of the Sixth Amendment and the Speedy Trial Act and Affidavit in Support by certified mail addressed as follows:

Christopher Maietta
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _____

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _____

Executed this 6 day of March, 2006.

_____
(Nadine J. Griffin)