```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          ) Criminal No. 05-CR-10175-WGY-1
                              )
     v.                       )
                              )
NADINE J. GRIFFIN,            )
                              )
          Defendant.          )
```

UNITED STATES' RESPONSE TO DEFENDANT'S VERIFIED NOTICE
OF OBJECTION AND NOTICE OF WITHDRAWAL OF "NOT GUILTY" PLEA
ENTERED BY JUDICIAL OFFICIAL WILLIAM G. YOUNG:
<u>NADINE J. GRIFFIN HEREBY ENTERS PLEA IN BAR</u>

The United States, by and through its undersigned attorney, hereby files its Response to Defendant's Verified Notice Of Objection and Notice of Withdrawal of "Not Guilty" Plea Entered by Judicial Official William G. Young: Nadine J. Griffin Hereby Enters Plea in Bar. Defendant labels her "notice" as a withdrawal of the not guilty plea, and it appears that defendant is attempting to refuse to enter a plea. Defendant's "notice" should be denied.

Federal Rule of Criminal Procedure 11(a)(4) states, in pertinent part, that "[i]f a defendant refuses to enter a plea . . . the court must enter a plea of not guilty." In this case, on August 11, 2005, and again on September 27, 2005, defendant refused to enter a plea, and as a result the Court entered pleas of not guilty on behalf of defendant, as required under Rule 11.

Accordingly, defendant's notice to withdraw her not guilty plea lacks merit and should be denied.

Similarly, defendant's request to withdraw her not guilty plea under Rule 11(d) should also be denied as that subsection applies to withdrawing a guilty plea or nolo contendere plea, neither of which are at issue at this stage of the proceedings.

Further, defendant's request to enter a "plea in bar" should be denied as that request also lacks merit.  According to Title 18 U.S.C. § 3439, demurrers and special pleas in bar or abatement have been abolished.  The Supreme Court in <u>United States v. Mersky</u> stated that the "words 'demurrer,' 'plea in bar,' and 'special plea in bar,' or words to the same effect . . . shall be construed to mean the motion raising a defense or objection in Rule 12."  361 U.S. 431, 456 n.6 (1960)(dissenting opinion)(discussing revision to Rule 54(c)).

While defendant has styled her motion as a withdrawal of a not guilty plea and intent to enter a plea in bar, neither the Federal Rules of Criminal Procedure nor any federal statute provide defendant with any such option.  Defendant's motion could be construed as a request to dismiss the indictment against her. <u>Id.</u> (stating that "[t]he sole purpose of the change was to bring the terminology of the Criminal Appeals Act into conformity with Rule 12 of the Federal Rules of Criminal Procedure . . . which abolished special pleas . . . and substituted motions to dismiss

or to grant appropriate relief."). However, this Court has already denied similar requests by defendant to dismiss the indictment. Accordingly, defendant's "notice" should be denied.

WHEREFORE, the United States respectfully submits this motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:
/s/ *Christopher J. Maietta*
CHRISTOPHER J. MAIETTA
Trial Attorney
U.S. Department of Justice
(202) 514-4661

Dated: March 15, 2006

CERTIFICATE OF SERVICE

    This is to certify that I have this day, March _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

        Nadine J. Griffin
        Mail Boxes, Etc.
        36 Center Street, #143
        Wolfeboro, New Hampshire 03894

                              _____
                              Christopher J. Maietta