FILED
IN CLERKS OFFICE
2006 MAR 20 P 12:09
U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 05-CR-10175-WGY |
| Plaintiff, ) | |
| ) | VERIFIED NOTICE OF OBJECTION |
| vs. ) | AND CONSOLIDATED RESPONSE TO |
| ) | PLAINTIFF'S MOTIONS AND NOTICES, |
| Nadine J. Griffin, ) | DOCKET ITEMS 77, 78, 79 AND 80 |
| ) | |
| Accused, Belligerent Claimant. ) | |

COMES NOW Nadine J. Griffin, the "Accused" in the above-entitled action, in a consolidated objection and response to Christopher Maietta's motions in limine namely: (Docket Item 77) Motion to introduce alleged intrinsic evidence regarding tax years 1993 through 1997 evidence NOT related to tax years 1998 and 1999 having NO probative value other than to prejudice the jury; (Docket Item 78) Motion to preclude the Accused from presenting "evidence" and "legal arguments" upon the presumption that Griffin is going to present irrelevant evidence; (Docket Item 79) Motion in Limine 2, to prohibit the Accused from introducing evidence from lay witnesses who are "competent to testify" to Griffin's *good faith* belief in, understanding of, and reliance on the laws relating to trusts, income tax laws, and the internal revenue laws; and (Docket Item 80) Notice of alleged expert witness testimony of Government Agents Nicoli Ferell and Michael Pleshaw.

**I.**

**Nadine J. Griffin's Objection to Maietta's Notice to Admit Evidence of Other Wrongs and Acts; Alleging Intrinsic Evidence of Unrelated tax years 1993 through 1997.**
**(Docket Item 77)**

1.1 This Notice to Admit Evidence of Other Wrongs and Acts, within its title implies that the evidence Plaintiff is seeking to admit into evidence is NOT part of this case and therefore, inadmissible. Alleged intrinsic evidence regarding tax years 1993 through 1997 is unrelated to tax years 1998 and 1999; has NO probative value other than to confuse and prejudice the jury.

**Wherefore**, Accused Nadine J. Griffin prays that the Court DENY Plaintiff's Notice to Admit Evidence of Other Wrongs and Acts (Docket Item 77) preclude the as not part of this case and inadmissible and other orders the Court deems necessary and just.

**II.**

**Nadine J. Griffin's Objection to Motion in Limine #1 to Preclude
Jury from Hearing the Law of the Case.**
**(Docket Item 78)**

2.1 Plaintiff's counsel purports that evidence of the law should be inadmissible with the presumption that Nadine J. Griffin is going to present irrelevant evidence. The Accused has no intention of presenting irrelevant or immaterial evidence surrounding the law of the case; but, she has the right to be heard and to present evidence proving what her understanding of the law at the time she became a Managing Director for the trust entities she managed. For this Court to consider itself the "sole source of law" for the jury and to "give the law to the jury" denying the Accused the right to present the law in evidence to the jury is a violation of the equal protection of the law clause of the Fourteenth Amendment.

2.2   Like a snake with a split tongue, in one breath the Court says the jury is "independent," but that is only to the degree the Court has given itself permission to "tamper" with the jury by giving them the law as they deem fit. Historically jurors were independent until that independence was usurped in the very manner presented in the various conceited and self-serving [o]pinions espoused by the judiciary. If the lawgiver is the judge and <u>not</u> the people – conclusively with the judge able to "keep the defense's evidence" from ever being presented before the [I]ndependent restricted jurors: <u>conviction is inevitable</u>.

2.3   As recently as 1972 the U.S. Court of Appeals for the District of Columbia said that the jury has: ". . . unreviewable and irreversible power . . . to acquit in disregard of the instructions on the law given by the trial judge . . ." <u>United States v. Dougherty</u>, 473 F.2d 1113, 1139 (1972).

2.4   This same truth was stated in an earlier decision by the United States Court of Appeals for the District of Maryland:

> "We recognize, as appellants urge, the undisputed power of the jury to acquit, even if its verdict is contrary to the law as given by the judge, and contrary to the evidence. This is a power that must exist as long as we adhere to the general verdict in criminal cases, for the courts cannot search the minds of the jurors to find the basis upon which they judge. If the jury feels that the law under which the defendant is accused, is unjust, or that exigent circumstances justified the actions of the accused, or for any reason which appeals to their logic of passion, the jury has the power to acquit, and the courts must abide by that decision." (<u>US v. Moylan</u>, 417 F 2d 1002, 1006 (1969)).

2.5   For the most part, jurors are so intimidated by the judiciary and ignorant of the law, their rights, and unaware of their power, how can they make any kind of an informed decision with the laws and witnesses being withheld from them?

**Wherefore**, Accused Nadine J. Griffin prays that the Court Deny Plaintiff's Motion in Limine #1 (Docket Item 78) to preclude the Jury from Hearing the Law of the Case, and other orders the Court deems necessary and just.

### III
### Nadine J. Griffin Relied on Those she Believed to be Experts in Their Field
### These Witnesses have First-Hand Knowledge of Facts and Events
### (Docket Item 79)

3.1  Plaintiff's counsel's Motion in Limine 2 to prohibit Nadine J. Griffin from introducing evidence from lay witnesses who are "competent to testify" regarding their first-hand knowledge of the facts and events relating to this case and Nadine J. Griffin's integrity, outstanding business ethics, her *good faith belief, understanding,* and *reliance* on professional experts and the laws relating to trusts, income tax laws, and the internal revenue laws is tantamount to denying the Accused the right to defend herself and present her case to the jury and is a violation of the of due process and equal protection of the law of the Fourteenth Amendment.

3.2  Contrary to Christopher Meiatta's *personal beliefs,* Nadine J. Griffin, has the right to prove that when she was acting as a Managing Director of Capital Finance Strategies and Angelica Holdings the she had a *good faith belief* that she was in compliance with the law based on the information in her possession at the time of such management. To that end, Nadine J. Griffin remains vigilant to her conscientiousness and her conviction of what she believed to be true. **"Unfair prejudice can occur because the trial court made an insufficient effort to avoid obvious danger."** See, e. g, Gray v. Genlyte Group, Inc., 289 F.3d 128, 139 (1st Cir. 2002)

**Wherefore,** Accused Nadine J. Griffin prays that the Court Deny Plaintiff's Motion in Limine #2 (Docket Item 79) to prohibit the Accused from introducing testimony from lay witnesses who are competent to testify, and other orders the Court deems necessary and just.

///

## IV.
### Nadine J. Griffin's Objection to Plaintiff's use of Government Agents' Testimony to Irrelevant and Immaterial Documents.
### (Docket Item 80)

4.1 Christopher Maietta has noticed this Court that he intends to use the testimony of *alleged expert witnesses* Revenue Agent Nicoli Ferrell and Michael Pleshaw to testify. Regarding "gross receipts" Nadine J. Griffin is allegedly to have controlled, which were never assessed as a tax liability by the IRS. Testimony regarding said receipts must be excluded according to the rules of evidence and cannot be considered until employees of the Government have exhausted their administrative remedies prior to petitioning this Court – and they have not. "When Congress passes an Act empowering administrative agencies to carry on governmental activities, the power of those agencies is circumscribed by the authority granted." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 577 (1992), citing *Stark v. Wickard*, 321 U.S. 188, 309-310 (1944). An agency action that is "arbitrary, capricious, an abuse of discretion, or not in accordance with law, as well as action taken 'without observance of procedure required by law'" should be invalidated. *United States v. Caceres*, 440 U.S. 741, 753-754 (1979)

4.2 In the case of the accused Nadine J. Griffin, the Internal Revenue Service has made no attempt to assess or collect any alleged tax liability against her regarding Capital Finance Strategies and Angelica Holdings. The introduction of the evidence would be relevant only if the IRS had attempted collections activity. "**This burden is inherent in . . . requirement that the courts permit the fact finder to consider to consider only relevant evidence.**" (*See Orr b. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

**Wherefore**, Accused Nadine J. Griffin prays that the Court Preclude Plaintiff from using either of the Government agents as expert witnesses and preclude the admission of the alleged

"gross receipts" Nadine J. Griffin is allegedly to have controlled, as Irrelevant and Immaterial Documents because they were never assessed as a tax liability by the IRS (Docket Item 80); and other orders the Court deems necessary and just.

## SUMMARY OF RELIEF REQUESTED

**WHEREFORE**; Nadine J. Griffin prays that this court issues the following Orders:

1. Deny Admission of and Preclude the use of the evidence regarding tax years 1993 through 1997 as unrelated to the case, having <u>NO probative value</u>, and inadmissible; and unrelated to the case ( Docket Item 77);

2. Deny Plaintiff's Motion in Limine #1 to Preclude Jury from Hearing the Law of the Case( Docket Item 78);

3. Deny Plaintiff's Motion in Limine #2 to prohibit the Accused from introducing evidence from lay witnesses who are competent to testify with first-hand knowledge of the facts and events relating to this case ( Docket Item 79);

4. Deny Admission of and Preclude Plaintiff from using either the Government agents as expert witness and preclude the admission of the alleged "gross receipts" and Irrelevant and Immaterial unrelated to this case, having no probative value, and therefore inadmissible ( Docket Item 80);

5. Other orders the Court deems necessary and just.

Solemnly submitted,

## VERIFICATION

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood, Sentient Being that the foregoing is true and correct. All Rights retained without recourse.

Executed this ___ day of March, 2006.

Signature: /s/ Nadine J. Griffin
Nadine J. Griffin
Accused, Belligerent Claimant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

# CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that on March 17, 2006, I mailed a true and correct copy of the above and foregoing VERIFIED NOTICE OF OBJECTION AND CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS AND NOTICES, DOCKET ITEMS 77, 78, 79 AND 80 by Certified Mail addressed to:

Christopher Maietta
United States Department of Justice, Tax Division
601 D Street, NW
Room 7012
Washington, DC 20004
Certified Mail No. 7004 1160 0007 4198 1043

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. 7005 1160 0003 6764 6124

Executed this ____ day of March, 2006

_____
Nadine J. Griffin