```
                                                    FILED
                                                IN CLERKS OFFICE

                                                2006 MAR 24  A 11: 52

                                                U.S. DISTRICT COURT
                                                 DISTRICT OF MASS.
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>           Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>Nadine J. Griffin, )<br>)<br>)<br>           Accused, Claimant )  | CASE NO. 05- CR-10175-WGY<br><br>**VERIFIED AFFIDAVIT OF NOTICE AND DEMAND TO DISQUALIFY AND/OR RECUSE JUDICIAL OFFICIAL WILLIAM G. YOUNG FOR CIVIL RIGHTS VIOLATIONS, BIAS AND PREJUDICE**<br><br>28 U.S.C §§ 144 and 455(a) |

COMES NOW Nadine J. Griffin, the accused in the above styled matter, proceeding on her own behalf, hereby demanding the disqualification and/or recusal of judicial official and CEO William G. Young from this action pursuant to 28 U.S.C §§ 144, 455(a) and 18 U.S.C. § 242. As herein recorded, the Accused Griffin has filed an action in this Court against the now Defendant William G. Young in his official and personal capacity. For these and other reasons as stated herein *infra*, the Accused Nadine J. Griffin has been and will continue to be prejudiced before this Court if judicial official William G. Young does not disqualify or recuse himself from this case.

## I.
## AFFIDAVIT AND SUMMARY OF EVENTS

Nadine J. Griffin having suffered mental and emotional distress from what she can best define as acts of judicial terrorism, patronizing arrogance, a god-like complex and extreme bias imposed by the acts of judicial official and CEO William G. Young that has substantially

prejudiced the Accused Griffin in her quest for due process. Young's bias and partiality fully – documented – has caused the Accused Griffin to seek declaratory and injunctive relief and to have her rights declared as protected under the Constitution.

Further, it is Griffin's understanding that the Constitution is what judicial official Young took an Oath to uphold, such is not evident in this instant case. Acts of Young are more than reasonably questionable wherein Young is showing signs of severe incompetence, negligence, willful oppression under color of law with intent to deprive the Accused Griffin of every Constitutionally guaranteed Right she thought she had. Young's acts come in direct conflict with and in violation of his constitutional oath of office – which in spite of – he did commit the following acts:

1. On September 27, 2005, the Accused Griffin appeared before William G. Young and was finally arraigned, but could not plead to the charges and moved to dismiss because the nature and cause of the accusation had not been established; Maietta had failed to properly invoke jurisdiction over the subject matter before the Court. Young, ignoring these facts entered a plea on Griffin's behalf and over her objection.

2. That judicial official William G. Young has at all times since, refused to issue any formal written and signed orders, judgments or decrees of any kind, either refusing to dispose of or denying Griffin's [m]otion via Electronic Orders which is a direct violation of Acts of Congress as codified in the Federal Rules of Criminal Procedure 12(d).

3. That judicial official William G. Young's threats and actions herein have deprived the Accused Griffin of her ability to exercise her guaranteed rights under the United States Constitution to file future motions which have been met with absolute contempt. Young

completely ignores Griffin's Due Process rights guaranteed by the Sixth Amendment, refusing to dispose of said motions in accordance to the rule of law.

4. Young continues to proceed in defiance of the findings of fact and conclusions of law and order of the United States Supreme Court in *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978), wherein Young responded to all moves filed by Griffin with docket entries of Electronic Orders, and in one instance *scribbling* "motion denied" on a response – an act he would never commit were it the case involving his fellow attorneys and judge associates.

5. That Young has never respected the due process rights of Griffin and no signed order, judgment, decree, findings of fact or conclusions of law has ever been issued in accordance to Acts of Congress as codified in the Federal Rules of Criminal Procedure.

6. That Griffin's treatment by Young caused her, on or about February 8, 2006, to file a formal Move for a Fair and Impartial Hearings Under the V, VI and XIV Amendments of the Federal Constitution and on February 10, 2006 defendant Young entered an Electronic Order "DENIED" as his response to Griffin's move.

7. That Young's blatant denial of Nadine J. Griffin's Right to a Fair and Impartial Hearing and/or Trial provides a testament to his bias, prejudice, incompetence and disability, proceeding in direct violation of his Oath of office as a judicial official.

8. That Young has effectively deprived the Accused Griffin of her Rights to a Fair and Impartial Hearing is cognizable as and constitutes a crime under 18 U.S.C. § 242 according the findings of fact and conclusions of law and order of the United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

9. That on or about March 10, 2006 Young continued to act in violation of his judicial canons and *acted as a lawyer* by responding to motions filed by Griffin on behalf of Christopher

Maietta, entering Electronic Orders denying said motions without allowing Maietta to respond in accordance to law.

10. That constructive fraud and conspiracy exist as evidenced in the Court Docket that reflects a pattern that does not come into conflict with Young's summary denial of Griffin's [m]otions via Electronic Orders and Maietta's response to brief not summarily denied by Young.

11. That Young proceeded in violation of the due process clause of the Fifth Amendment and equal protection of the law clause of the Fourteenth Amendment acting as judge, jury and prosecutor, practicing law from the bench on behalf of Maietta in violation of the separation of powers doctrine.

12. That Young has displayed absolute bias, prejudice and continues to protect Maietta from having to answer and defend the law of the case regarding all moves filed by Griffin that could prove to dispose of the case-in-chief.

13. That Young's blatant contempt for law has convinced Griffin that the "decision has already been made" and he will continue to usurp the constitutional and substantive due process Rights of Nadine J. Griffin without a blink or hiss – forcing Griffin to seek relief in a different forum.

14. That for these reasons, the Accused Griffin has filed a formal complaint for civil rights violations seeking declaratory and injunctive relief from the excessive abuses, denial of access to the court, negligence, and blatant denial of due process imposed by Young, acting in absolute partiality and favoritism towards his United States Federal employer.

15. For these and other reasons, Young can no longer sit on this case and must step down based on the facts stated herein and on the record.

## II.
## MEMORANDUM OF THE LAW

Judicial prejudice and/or corruption can violate a criminal defendant's Constitutional Right to a fair trial, and can be the basis for habeas relief." See e.g. *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 1797 (1997), en banc appeal after remand, *Bracy v. Schomig*, F.3d , 2002 WL 475113 (7th Cir. Mar. 29, 2002). Judicial prejudice and corruption are rare events, so judges are presumed to be honest and impartial, and this presumption can only be rebutted with specific facts demonstrating judicial impropriety. See *Bracy*, 117 S.Ct. at 1799; *Aleman v. Judges of Circuit Court of Cook County*, 138 F.3d 302, 307 (7th Cir. 1998); cf. *United States v. LeFevour*, 798 F.2d 977, 984-85 (7th Cir. 1986)

"Every procedure which would offer a possible temptation to the average demand as a judge to forget the burden of proof required to convict the defendant, or which might lead to him not to hold the balance nice, clear and true between this state and the accused, denies the latter due process of law." *Tumey v. Ohio* 273 U.S. 510, 532 (47 S. Ct. 437, 71 L. Ed. 749 (1927) (Emphasis Added)

In this case, Griffin has been frustrated by Young's display of absolute bias and favoritism towards his colleague Maietta. The courts stated: "Although a party conniving with a judge to predetermine the outcome of a judicial proceeding may deal with him in his 'judicial capacity,' the other parties expectation of judicial impartiality is actively frustrated by the scheme. It is this antithesis of the 'principled and fearless decision-making' that judicial immunity exist to protect." *Rankin v. Howard*. 633 F.2d 84 (9th Cir. 1980) cert. Denied, 451 U.S. 939, 101 S. Ct. 2020, (1981), *Pierson v. Ray*, 386 U.S. 547, 544, 87 S.Ct. 1213 (1976), and *Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974).

**28 U.S.C. § 453 regarding the oath of office that every federal judge takes is**:

"Each justice or judge of the United States shall take the following oath or affirmation before performing duties of his office: "I, XXXXX, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal rights to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as XXX, under the Constitution and laws of the United States. So help me God."

That oath comes to us from ancient precedents. For Example: Deuteronomy 1:116-17 (quoted in Canons of Judicial Ethics, Black's Law Dictionary, 4th Ed. Rev. LXIX). That oath became one of the Statutes of Westminster in 1275 A.D.

Depending upon which authority one cares to believe, Edward I removed either all or all but two of his judges in 1289 A.D. for violations of that statute.

The English system that our ancestors fought to abolish appears to mirror our own:

"Heart-breaking delays and ruinous costs were the lot of suitors. Justice was dilatory, expensive, uncertain, and remote. To the rich it was a costly lottery: to the poor a denial of right, or certain ruin. The class who profited the most by its dark mysteries were the lawyer themselves. A suitor might be reduced to beggary or madness, but his advisors reveled in the chicane and artifice of a lifelong suit and grew rich."

<u>Concise History of the Common Law</u>, by Plucknett
(Little Brown & Co. 1956) 5th Ed. Page 73

The judicial Improvement Act of 1990, P.L. 101-650 (28 U.S.C. § 471 et. seq.) indicates the same problem is now rampant in <u>our</u> courts. See page 6809, <u>U.S. Code Cong. & Administrative News</u> 1990 (legislative history of the Judicial Improvements Act.)

As the legislative history of 28 U.S. C. § 471 et. seq., points out:

"The purpose of the legislation is to promote for all citizens- rich or poor, individual or corporation, plaintiff or defendant- the just, speedy and inexpensive resolution of civil disputes in our Nation's Federal courts."

<u>U.S. Code Cong & Admin News</u>, page 6804 (1990)

The courthouse door rapidly being slammed shut on the middle class in this country is addressed on page 6809. Confidence in the judiciary being sustained and preserved so long as the populace respects individual judges is addressed on page 6882.

Failure to administer justice without respect to persons, to due equal rights, and to impartially discharge duties incumbent upon the court is more than a petty annoyance to the citizen.

. "... *the trial court must not undertake the role of either the prosecutor or the defense counsel*" People v Carlucci id. at 258. "*In holding that the hearing satisfied due process, the court drew a distinction between a judge who elicits the parties' evidence neutrally and one who advocate a position.*"

Violation of a federal judge's oath of office is grounds for impeachment. U.S. Code Cong & Admin News, page 6896 (1990)

### III.
### DISQUALIFICATION OR RECUSAL WHEN BIAS OR PREJUDICE IS ON THE RECORD

It is unfortunate that the federal courts do not have an automatic preemptory challenge to recuse a judge as many states do. However, there is still statute law to cure the problem, if the court will follow it. "*Where Judges presumes to exercise jurisdiction beyond understood boundaries . . . judge is not entitled to immunity.* Dykes v. Housemann, 743 F.2d 188 (11th Cir. 1984).

Congress, by statute, has outlined the conditions for disqualification of a judge in 28 U.S.C. § 455. Section 455 is designed to assure that all parties receive a trial before a judge who is not biased against them, and, if a judge's impartiality <u>might</u> be questioned, disqualification is <u>mandatory</u>. Beverly Hills Bancorp v. Commercial Paper Holders, 752 F.2d 1334, 1341 (9th Cir. 1984); 32 Am. Jur.2d,, Federal Practice and Procedure, section 40. Any judge of the United

States <u>shall</u> disqualify himself in any proceeding in which his or her "impartiality might reasonable be questioned." 28 U.S.C. § 455 (a). Or whenever he "has a personal bias or prejudice concerning a party." <u>Id</u> § 455 (b)(1). Under Canon 3 of the Code of Judicial Conduct, a judge must avoid the appearance of impropriety in <u>all</u> of his activities. In short, Canon 3 defines the ethical boundaries while § 455 outlines the legal boundaries.

Congress in 1974 shifted the focus of 28 U.S.C. § 455 in order to promote public confidence in the federal judicial system. See H.R. Report No. 93-1453, 93d Congress, 2d Session (1974), reprinted in U.S. Code Cong. and Admin. News at page 6351 and note 8 at page 6355. 28 U.S.C. sec. 455 contains two sections that provide for disqualification. The first section is 455(a), which provides that a judge "*shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.*" The second section is 455(b), which provides for disqualification on a showing of certain facts, e.g., personal bias, pecuniary interest in the case, etc., without the necessity of demonstrating that those facts establish impartiality.

A federal judge is required to take the steps necessary to maintain public confidence in the impartiality of the judiciary. <u>Liljeberg v. Health Services Acquisition Corp.</u>, 108 S.Ct. 2194, 2203 (1988).

At this point, Plaintiff has <u>no</u> confidence in the judiciary due to the obvious direction this case is headed in the district court.

The statue enacted by Congress, 18 U.S.C. § 242, is plain on its face.

The sole function of the court is to enforce the law according to statute. <u>Caminetti v. United States,</u> 37 S.Ct. 192 194 (1917).

Not according to misapplied doctrine but sound legal principles.

**WHEREFORE**, in the interest of justice and in order that the Accused Nadine J. Griffin may have meaningful access to the Court and due process of law, judicial official William G. Young is hereby demanded to disqualify or recuse himself from this case.

Solemnly submitted,

**VERIFICATION**

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true and correct. All Rights retained without recourse.

Executed this 23 day of March, 2006.

Signature: _____
Nadine J. Griffin, Affiant
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

**NOTARY ACKNOWLEDGMENT**

State of New Hampshire )
County of Carroll ) subscribed and sworn

On this 23 day, of March, 2006, Nadine J. Griffin personally appeared, personally known to me, or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument and who did take an Oath.

Witness my hand and official seal.

_____
Signature of Notary

SUSAN L. ADJUTANT, Notary Public
My Commission Expires March 23, 2010
My Commission Expires: _____

## CERTIFICATE OF SERVICE

I, Nadine J. Griffin, certify that ~~February~~ March 23, 2006, I served a true and correct copy of the above and foregoing MOVE TO RECUSE WILLIAM G. YOUNG AND MEMORANDUM OF LAW IN SUPPORT by certified mail addressed as follows:

**Christopher Maietta**
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _7005 1160 0003 6764 6158_

William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee on Administrative Oversight and the Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail No. _7005 1160 0003 6764 6165_

Executed this 23 day of March, 2006.

_/s/ Nadine J. Griffin_
Nadine J. Griffin