In the District Court of the United States
For the District of Massachusetts

The United States of America, )
              plaintiff, )
               )
vs. )   Case number CR-05-10575-WGY
               )
Nadine J. Griffin, )
               )
    Accused/ defendant. )

FILED IN OFFICE
2006 APR -3 P 1:13
U.S. DISTRICT COURT
DISTRICT OF MASS.

Nadine J. Griffin, proceeding in special appearance, objects to this court's notice of IRS Forms 4340, moves in limine for the exclusion of the IRS 4340 forms in re: Nadine J. Griffin, and moves this court for a show cause hearing whereat counsel purporting to represent the United States should be required to show this court why this instant matter should not be dismissed for willful violation of 26 U.S.C. § 7214(a)(1)(2)&(7)

### Grounds for objection

Responsive to Nadine J. Griffin's discovery request for the relevant summary records of assessment, IRS form 23-c, counsel purporting to represent the United States have insulted the integrity of these proceedings by attempting to notice this court of IRS forms 4340 "Certificates of Assessments and Payments."

IRS form 4340 merely provides the court with presumptive evidence that the assessment has been made. See *Hobbs v. Commissioner Internal Revenue Service*, 32 F.3d 561 (1st Cir. 08/01/1994), *Geiselman v. United States*, 961 F.2d 1 (1st Cir. 03/31/1992), and *Niemela v. United States*, No. 92-2192 (1st Cir. 06/11/1993). As such, the IRS form 4340 does not satisfy the ***best evidence rule – F.R.E. r 1002 which provides: "To prove the content of a writing .... the original writing .... is required."*** See *United States v. Rose*, 590 F.2d 232 (7th Cir. 1978), cert. denied 442 U.S. 929 (1979), and *United States v. Winkle*, 587 F.2d 705, 712 (5th Cir.), cert. Denied 444 U.S. 827 (1979).

**Where the contents of a writing are in issue, secondary evidence of the contents is inadmissible.**

Conclusion regarding the objection to the 4340's under F.R.E. r 1002

Whereas this court has actual knowledge: IRS form 4340 alludes to an assessment, same is a claim that the assessment exists; the written contents of the assessment are at issue in these proceedings; secondary materials such as the IRS form 4340 are inadmissible.

Nadine J. Griffin's objection should be sustained as a matter of law; the IRS forms 4340 should not be before the court.

Brief in support of motion in limine

Before sums deposited in respect of a presumed taxpayer can be converted to use by the United States Treasury, the "taxpayer" must be assessed. The "code" articulates clearly what an "assessment" is and no form exists other than defined in the code as an assessment. The assessment process regarding federal income taxes is a matter controlled by statutes and regulations. In the 1954 and 1986 Internal Revenue Codes, §6201(a) authorizes the Secretary of the Treasury to make assessments. The method of recording such an administrative act is governed by §6203, which provides:

"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, **the Secretary shall furnish the taxpayer a copy of the record of assessment**."

The specific tax regulation concerning the assessment process is 26 C.F.R., §301.6203-1, which reads in pertinent part:

"The district director and the director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of the assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record."

In Internal Revenue Manual 5312(1), MT 5300-1 (11-15-85), this assessment process is further clarified:

"(1) The assessment is made by an assessment officer designated by the District Director or Service Center Director, as appropriate. The assessment officer signs a Form 23-C, Assessment Certificate, and this record, through supporting data, provides identification of the taxpayer by name and number, the taxable period, the nature of the tax and the amount assessed."

"(3) ... The assessment lists support the assessment certificate, which is used to summarize and record the official action of the assessment officer."

Thus, by the Service's own admission in its IR Manual, "[t]he assessment lists support the assessment certificate..." Pursuant to Fed.R.Evid. 801(d)(2)(D), this is a party admission that an assessment list must exist; see *United States v. Van Griffin*, 874 F.2d 634, 638

3

(9th Cir. 1989)(government manuals admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)). There can be no dispute that the assessment list is the supporting record and is absolutely essential before a valid assessment is made. Further, the regulation contemplates a signed document. This is consistent with the supporting statute which provides that the taxpayer is entitled to a copy, which implies that a hard copy exists.

In addition to the above IRM provision which shows that Form 23-C is the assessment form, established decisional authority also shows that a tax assessment is made upon Form 23-C. For example, in *Meyersdale Fuel Co. v. United States*, 44 F.2d 437, 443 (Ct.Cl. 1930), this form was mentioned:

"When the Commissioner of Internal Revenue makes an assessment of taxes he signs a list entitled 'Commissioner's assessment list' on Form 23C-1."

In *Brafman v. United States*, 384 F.2d 863 (5th Cir. 1967), there was also a demonstration of how tax assessments are executed upon Form 23-C. There, the government sought to attach liability for unpaid estate taxes to an heir of that estate under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable because the assessment certificate relevant in that case was unsigned. In agreeing with that argument and holding the certificate at issue void, that court stated:

"The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official...Since the certificate lacks the requisite signature, it cannot constitute a valid assessment," Id., at 865-66.

"Even the instructions on the reverse side of the assessment certificate, Form 23C, specify that the original form 'is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing,'" Id., at 866.

"What is important in any case is that assessment is not automatic upon recordation; it requires the action of an assessment officer. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate," Id., at 867.

See also *Stallard v. United States*, 806 F.Supp. 152, 158 (W.D.Tex. 1992)("Defendant submitted a 'Form 23C' which it asserts is a summary record of assessment").

Several cases disclose the type of information which must be contained on a Form 23-C tax assessment record and its supporting list. For example, in *Ianelli v. Long*, 329 F.Supp. 1241, 1242 (W.D.Pa. 1971), that description of the various data was as follows:

"The procedure for assessment provides, *inter alia*, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal Regulations.

<u>**Since this procedure was not followed, the assessment is void and the executions based thereon are invalid**</u>."

In *Planned Investments, Inc. v. United States*, 881 F.2d 340, 343 (6th Cir. 1989), the court examined the requirements of 26 C.F.R., §301.6203-1, and stated:

"Section 6203 of Subchapter A provides that assessment be made by recording the liability in accordance with the regulations promulgated by the Secretary. 26 U.S.C. § 6203 ... Treasury regulations provide that the assessment be made by signing the summary record of assessment. 26 CFR § 301.6203-1. The summary record, through supporting documents, must contain the following:

(1) identification of the taxpayer;

(2) character of liability assessed;

(3) taxable period, if applicable;

(4) and amount of assessment."

Finally, the court in *Robinson v. United States*, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as:

"A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. §6203; Treas. Reg. §301.6203-1."

**Therefore, from the above authority, the documents which are executed in making an assessment are clearly known. First, the assessment is made on a Form 23-C. This assessment form may apply either to a single individual or a group. The supporting documentation for a Form 23-C is the assessment lists, which must contain (1) the identification of the taxpayer; (2) character of liability assessed; (3)**

6

**taxable period, if applicable; and (4) amount of the assessment.** {<u>If these documents do not exist, the absence proves that there has been no assessment and consequently, no tax collection activities may be pursued.</u>}

<u>Conclusion regarding the motion in limine</u>

Whereas this court has actual knowledge that the summary record of assessment, IRS form 23-c is the one and only document providing the court with information that Nadine J. Griffin had a duty which was breached, this court should sustain the motion in limine relative to the IRS forms 4340 as the 4340 prove only that there has been an assessment and are not the *de facto, de jure* assessment.

<u>Brief in support of a show cause hearing whereat counsel purporting to represent the United States should be compelled to inform this court why counsel purporting to represent the United States should not be remanded to the United States Attorney for the District of Massachusetts for proceedings under authority of 18 U.S.C. §§ 1001 & 1503 as well as 26 U.S.C. § 7214(a)(1)(2)&(7)</u>

Christopher Maietta has imposed on this court to notice IRS forms 4340 which reference an assessment, yet Maiettta cannot show this court the *de facto, de jure* assessments.

This court is in want of an explanation as to why Maietta's inability to proffer the relevant summary records of assessment, IRS form 23-c does not violate 26 U.S.C. § 7214(a)(1)(2)&(7) which provides in pertinent part:

Sec. 7214. Offenses by officers and employees of the United States
-STATUTE-
(a) <u>**Unlawful acts of revenue officers or agents**</u>

7

**Any officer or employee of the United States acting in connection with any revenue law of the United States** -

(1) **who is guilty of any extortion or willful oppression under color of law**; or (2) **who knowingly demands other or greater sums than are authorized by law,** (AS COULD ONLY BE SHOWN ON THE ASSESSMENT) or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty; or(3) who with intent to defeat the application of any provision of this title fails to perform any of the duties of his office or employment; or(4) who conspires or colludes with any other person to defraud the United States; or (5) who knowingly makes opportunity for any person to defraud the United States; or

(6) who does or omits to do any act with intent to enable any other person to defraud the United States; or (7) **who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return, or statement**;

or(8) **who, having knowledge or information of the violation of any revenue law by any person**, or of fraud committed by any person against the United States under any revenue law, **fails to report, in writing, such knowledge or information to the Secretary**; or (9) who demands, or accepts, or attempts to collect, directly or indirectly as payment or gift, or otherwise, any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except as expressly authorized by law so to do; **shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both**. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. **The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured**, to be collected by execution.

8

Prepared and submitted by: _____Nadine J. Griffin_____
                          Nadine J. Griffin

### Certificate of mailing

I, Nadine J. Griffin, certify that March 31, 2006, I mailed a true and correct copy of the above and foregoing motion to continue to: Christopher Maietta, at U.S. D.O.J. Tax Division 601 "D" St. N.W. Room 7012 Washington, DC 20004

_____Nadine J. Griffin_____
Nadine J. Griffin