F I L E D
Clerk's Office
USDC, Mass.

Date _____

By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | CASE NO. 05-CR-10175-WGY |
| Plaintiff,   ) | |
| ) | SECOND VERIFIED MOVE FOR |
| vs.   ) | CONTINUANCE OF SCHEDULED TRIAL |
| ) | DATE FROM JUNE 5, 2006 TO |
| Nadine J. Griffin,   ) | SEPTEMBER 16, 2006 |
| ) | |
| Accused, Belligerent Claimant.   ) | |

COMES Nadine J. Griffin, the Accused proceeding on her own behalf, moving this Court for a continuance of the scheduled Trial Date of June 5, 2006 to September 16, 2006 or soon thereafter.

Judge William G. Young responded to the initial move for continuance with an electronic Order denying the move charging the motion was filed as a delay tactic and stating that warnings were given regarding the retention of counsel for trial purposes.

On or about May 5, 2006, Counsel for the United States Christopher Miaetta, dumped more than four thousand (4,000) additional pages of discovery via the Court's trial scheduling Order, which has further prejudiced the due process Rights of Griffin. Within the more than 4,000 pages Miaetta alleges that he may enter into evidence approximately 670 pages and minimizes the fact that he does not believe that the balance of the documents are exculpatory.

Miaetta's has had these 4,000 pages in his possession, but the release of this additional discovery does not fall within the intent of Federal Rules Criminal Procedure 16(c), as Maietta has used this rule to obtain a continued tactical advantage before trial.

The act of Miaetta dumping an additional 4,000 pages of discovery material only 30 days prior to the scheduled trial date punctuates the barrage of prejudicial acts which continue to befall Griffin to date. Realizing that this Court and its officers have no intention of complying with the Rules of Law, on May 4, 2005, Griffin filed a Writ of Mandamus to the First Circuit Court of Appeal, Docket No.: 06-1736 requesting removal of Judge William G. Young from sitting on her case because of his blatant acts of prejudice, partiality, bias and fear of further prosecution by *intentional abuse of discretion.*

Contrary to the Court's assertion that the Accused is using the move for continuance as a tactical delay, Griffin has been actively seeking the assistance of competent counsel to aid in her defense. The fear of standing before Young in a trial knowing that he can and most likely will intentionally abuse his discretionary authority at trial to the prejudice of Griffin – warrants a qualified professional to aid in her defense.

Although this second move for continuance is being submitted before a judge whom has been unduly prejudiced, Griffin is forced to file the [m]otion to her prejudice. This Court will find that the accused is proceeding in good faith in this motion and has been would be unduly prejudiced if she is not granted this continuance and forced to proceed to trial for the following reasons:

(a.) That the Accused Griffin has requested only one continuance, but having been subjected to a situation that has resulted in absolute prejudice against her, both

personally and judicially, Griffin is forced to move for continuance in her attempt to prepare for a jury trial;

(b.) That on or about May 5, 2006, the Accused Griffin received two large boxes consisting of approximately four thousand (4,000) additional pages of discovery from Christopher Miaetta that he had in his possession and intentionally held in an effort to gain a tactical advantage in this case, here again prejudicing Griffin's ability to be effectively prepared for trial – giving the Accused only 30 days to discern and properly challenge the information as exculpatory;

(c.) That Miaetta also introduced a third video tape he knew was not in the Accused Griffin's possession, making the lame excuse that he already mailed the video dated June 11, 1998 – having full knowledge he did not submit all videos in his possession, knowing that the Court will not reprimand his actions;

(d.) That the Accused Griffin for fear of *intentional abuse of discretion and judicial retaliation* by William G. Young, on May 4, 2006, filed a Writ of Mandamus with the First Circuit Court of Appeals Docket No.:06-1736 seeking the removal of judge William G. Young from the bench for prejudice, bias and other related abuses against the Accused Griffin, as the case is effectively under review;

(e.) That unlike prosecuting Government attorneys petitioning the prosecuting Government judges and favored by the same and backed by the awesome machinery of Government which has unlimited resources, manpower and maintaining their employment as staff attorneys; the Accused Griffin is a standalone *pro se* litigant, unschooled in law is prejudiced and cannot effectively prepare for a trial and be fully ready by the scheduled

June 5, 2006, now having to wade through an additional 4,000 pages of evidence received on May 5, 2006;

(f.) That the scheduled trial date of June 5, 2006 is to the prejudice of the Accused Griffin as she is not intimately familiar with the voluminous Rules of Evidence or Criminal Procedure and related doctrines and; therefore, seeks additional time to study and prepare for the war ahead;

(g.) That the Accused Griffin having suffered judicial prejudiced and psychological terrorist acts by this Court, has been consulting with and intends to secure the assistance of competent counsel familiar with federal tax law and criminal procedure to guide the Accused regarding issues before the Court to aid in her defense;

(h.) The United States having prejudiced Griffin with approximately 4,000 pages of additional discovery, this Court will not prejudice the Plaintiff by granting the Accused Griffin's move for continuance as such would be in the interest of justice.

**WHEREFORE:** Nadine J. Griffin hereby moves this Court grant the continuance as the just and proper remedy.

### VERIFICATION

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true and correct. All Rights retained without recourse.

Executed this ____ day of done May, 2006.

Signature: _____
Nadine J. Griffin, Accused
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

## CERTIFICATE OF MAILING

IT IS HEREBY CERTIFIED that on the _____, day of May, 2006, service of the foregoing action titled VERIFIED MOVE FOR CONTINUANCE FROM SCHEDULE TRIAL DATE OF JUNE 5, 2006 TO SEPTEMBER 16, 2006 was made by certified mail, postage fully prepaid upon the following:

To:

Christopher Maietta
U.S. Dept. of Justice, Tax Division
601 "D" Street, NW, Room 7012
Washington, DC 20004
Certified Mail No _____

Executed this ___ day of May, 2006.

Signature: _____
Nadine J. Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire [03894]

VERIFIED MOVE FOR CONTINUANCE - 64                          Nadine J. Griffin, Accused

5 of 5