1

2

3

**F I L E D**
Clerk's Office
USDC, Mass.

Date  5/22/2006

By _____ M.P.
Deputy Clerk

4

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

6

7

8

9

10

11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CASE NO. 05-cr-10175-WGY** |
| ) | |
| **Plaintiff,** ) | **VERIFIED AFFIDAVIT AND** |
| ) | **EXHIBITS IN SUPPORT OF SECOND** |
| ) | **MOVE FOR CONTINUANCE** |
| **vs.** ) | |
| ) | **Fed.R.Crim.P. Rule 47(d)** |
| **Nadine J. Griffin,** ) | |
| ) | **Nadine J. Griffin, Affiant** |
| **Accused, Belligerent Claimant.** ) | |

12

13

1. Nadine J. Griffin declares and states as follows:

14

15

2. I am the Accused Belligerent Claimant (hereinafter referred to as "Affiant") in the above-
entitled action and competent to testify to the facts stated herein to wit:

16

3. That all statements made within this affidavit are true and correct not meant to mislead;

17

18

19

20

4. That Nadine J. Griffin exists as a Conscious, Living, Breathing, Flesh and Blood Sentient
Being, a Woman; NOT a statutory person, persons, natural person, artificial person,
individual, corporation, entity, or any other sub-status, fourth class citizen *ens legis* creation
of any government, federal, state, local or otherwise;

21

22

23

24

25

5. That Affiant Nadine J. Griffin is unschooled in law, not an attorney or bar association
member, and is attempting to defend and dispose of this action to the best of Affiant's
ability with reliance upon your statutes, codes, rules and regulations; including those relied
upon by the plaintiff and established by the Constitution of the United States of America,
United States Congress, and the United States Supreme Court;

6. Affiant herein submits into evidence **Exhibits A and B** consisting of 4 pages and demands this Court take mandatory judicial notice of adjudicative facts pursuant Fed. R. Evid. 201(d) and deem such Exhibits as admitted;

7. That on or about May 5, 2006, Affiant received an two large boxes consisting of approximately 4,000 pages of additional discovery from Assistant United States Attorney Christopher Maietta;

8. That Christopher Maietta has had these documents in his possession and was able to produce them in the motion for discovery filed by Affiant on or about March 13, 2006, but is seeking to gain a tactical advantage in this case, here again prejudicing Griffin's ability to be effectively prepared for trial – giving the Accused 30 days to discern and properly challenge the information to prohibit its release (see **Exhibit A**).

9. That Miaetta also introduced a third video tape he knew was not in the Accused Griffin's possession, making the lame excuse that he already mailed the video dated June 11, 1998 – having full knowledge since March 13, 2006 he did not submit all videos in his possession (see **Exhibit B**).

10. That Christopher Maietta's release of the additional 4,000 pages he had in his possession from the initial indictment, is a show of bad faith on his part and his strategy to gain a tactical advantage over Affiant, with the knowledge that she is pro se – having only 30 days before trial to discern how to properly dispose of the documents;

11. That this act of bad faith as displayed by Maietta has further compromised Affiant's ability to properly prepare for trial forced to wade through more than 4,000 pages of discovery 30 days prior to trial, and attempt to exercise all due process pretrial readiness procedures.

12. That I, Nadine J. Griffin declares under penalty of perjury that the exhibits enumerated

herein are true unaltered, un-tampered and un-redacted copies of original copies to the best

of my knowledge and belief. That all deleted sections made by me have been done so

pursuant to the Privacy Act at 5 U.S.C. § 552(b)(6).

## VERIFICATION

I, Nadine J. Griffin, declare under penalty of perjury as a Conscious, Thinking, Feeling,

Living, Breathing, Flesh and Blood Sentient Being that the foregoing is true and correct. All

Rights retained without recourse.

Executed this _18_ day of May, 2006.

Signature: _Nadine J. Griff_

Nadine J. Griffin, Affiant

c/o 36 Center Street, #143

Wolfeboro, New Hampshire [03894]

## NOTARY ACKNOWLEDGMENT

State of New Hampshire )

) subscribed and sworn

County of _Carroll_ )

On this _18_ day, of _May_ , 2006, **Nadine J. Griffin** personally

appeared, personally known to me, or proved to me on the basis of satisfactory evidence to be

the one whose name is subscribed to within this instrument and who did take an Oath.

Witness my hand and official seal.

_Margaret F Culverwell_

Signature of Notary

My Commission Expires: MARGARET F. CULVERWELL, Notary Public

My Commission Expires February 20, 2007

**ATTACHMENTS:**

**EXHIBIT A:** Maietta's Disclosure of Potentially Exculpatory Evidence (3 pgs)

**EXHIBIT B:** Maietta's letter RE: Copy of Video Tape, Dated April 26, 2006, (1 pg)

CASE NO. 05-CR-10175-WGY                                          Nadine J. Griffin,

# EXHIBIT "A"
Maietta's Disclosure of Potentially Exculpatory Evidence
## 1 page



**U.S. Department of Justice**
**Tax Division**

*Western Criminal Enforcement Section*
*P.O. Box 972, Ben Franklin Station*          *(202) 514-5762*
*Washington, D.C. 20044*          *Telefax:  (202) 514-9623*


April 27, 2006

Nadine Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire 03894

      Re:    <u>United States v. Nadine J. Griffin, Case No. 05-CR-10175-WGY</u>
              <u>Disclosure of Potentially Exculpatory Evidence as Required</u>
              <u>by Pretrial Order</u>

Dear Ms. Griffin:

      As ordered by the Court pursuant to the Pretrial Order, dated April 4, 2006, we are forwarding to you documents that contain potentially exculpatory information. The disclosure of exculpatory information must be completed by May 15, 2006, and we wish to be reasonable in providing early disclosure to you. Moreover, while we do not believe any of these documents are exculpatory, the documents are being provided to you in the event they could be construed as such.

      The documents are bate stamped with bate numbers US10000 to US 14149.  We do not anticipate introducing all these documents in the government's case-in-chief.

      However, we may introduce some of these documents at trial, and as required under the Local Rules and the Federal Rule of Criminal Procedure 16(c), the government has an ongoing duty to disclose documents it intends to use in its case-in-chief.  Accordingly, we have identified the following documents (approximately 670 pages) as evidence that the government may introduce in its case-in-chief:

| | |
|---|---|
| US10001 to US10075 | US10960 to US10983 |
| US10245 to US10248 | US11000 to US11040 |
| US10259 to US10273 | US11095 to US11101 |
| US10749 to US10750 | US11120 to US11129 |
| US10753 to US10777 | US11050 |
| US10792 to US10795 | US11160 |
| US10809 to US10819 | US11206 to US11249 |
| US10838 to US10840 | US11420 to US11442 |
| US10888 to US10889 | US11444 |
| US10893 | US11708 to US11731 |
| US10901 to US10902 | US11792 to US11796 |
| US10992 to US10998 | US11820 to US11845 |

- 2 -

US11900 to US11935
US12047 to US12070
US12104 to US12131
US12161 to US12196
US12274 to US12276
US12320 to US12343
US12923 to US12930
US12513 to US12521
US12522 to US12530
US12561 to US12569
US12769 to US12776
US12870 to US12872
US13127 to US13130
US13421 to US13427
US13462 to US13502
US13560 to US13561
US13655 to US13672
US13924 to US13977

In addition, if you are unaware, beginning in or about February 2001, the government executed search warrants at the residences of individuals associated with the Institute of Global Prosperity and the Innovative Financial Consultants, including, but not limited to, David Struckman, Daniel Andersen, Lorenzo Lamantia, Shoshonna Szuch, Claudia Hirmer, Johnny Van Hove, and Dennis Poseley. We do not intend to introduce at trial evidence related to the execution of the search warrants of these individuals, as well as others, and we are only providing you this information in the event the search warrants and related evidence could be construed as exculpatory information, as described under the Local Rules. Also enclosed with this letter is a compact disc containing spreadsheets identifying the material seized from the various search warrants. Again, the government does not intend to introduce at trial the evidence seized from the search warrants of these individuals.

Further, since September 2005, the government has identified and provided to you the documents that the government intends to introduce in its case-in-chief. Also, as identified in the automatic discovery letter, dated September 7, 2005, the government executed a search warrant at the EPS/IDEA Office, 19 Brigham, St., Unit 8 and Unmarked Glass Door between Units 7 and 8, Marlborough, MA on August 23, 2001, and evidence obtained in that search warrant, specifically any Global I, II, and Global III Application and related material, will be used in the government's case-in-chief at trial.

In closing, the documents identified above are being mailed in two boxes to your above listed address. If you need additional copies of documents, or would like to inspect the original documents, please let us know.

- 3 -

If you have any questions, please call (202) 514-4661.

Sincerely yours,

Christopher Maietta
John Kane
Trial Attorneys
U.S. Department of Justice
Tax Division
Criminal Enforcement Section

CASE NO. 05-CR-10175-WGY                                                    Nadine J. Griffin,

# EXHIBIT "B"
Maietta's letter RE:  Copy of Video Tape, Dated April 26, 2006
**1 page**



**U.S. Department of Justice**
**Tax Division**

Western Criminal Enforcement Section
P.O Box 972, Ben Franklin Station          (202) 514-5762
Washington, D.C. 20044          Telefax  (202) 514-9623

April 26, 2006

Nadine Griffin
c/o 36 Center Street, #143
Wolfeboro, New Hampshire 03894

Re:    United States v. Nadine J. Griffin, Case No. 05-CR-10175-WGY - Copy of Video
       Tape

Dear Ms. Griffin:

Enclosed please find a copy of the videotape dated June 11, 1998  In a motion you filed
on March 13, 2006 (Document # 88), you wrote that you do not appear anywhere on the
videotape. I am now providing you another copy of the videotape dated June 11, 1998, in the
event the previous copy was not complete.

In September 2005 when I mailed you two videotapes (one dated February 24, 1998 and
another dated June 11, 1998), it was my understanding that you appeared as a speaker on both
videotapes. However, I may have inadvertently sent you a different videotape.

If you have any questions, please do not hesitate to contact me.

Sincerely yours,

Christopher Maietta
Trial Attorney
U.S. Department of Justice
Tax Division
Criminal Enforcement Section