```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         ) Criminal No. 05-CR-10175-WGY-1
                               )
      v.                       )
                               )
NADINE J. GRIFFIN,             )
                               )
            Defendant.         )
```

UNITED STATES' CONSOLIDATED OPPOSITION TO DEFENDANT'S
SECOND VERIFIED MOVE FOR CONTINUANCE OF SCHEDULED TRIAL
DATE FROM JUNE 5, 2006 TO SEPTEMBER 16, 2006

The United States, by and through its undersigned attorneys, hereby files its Consolidated Opposition to Defendant's Second Verified Move for Continuance of Scheduled Trial Date from June 5, 2006 to September 16, 2006, and respectfully requests that defendant's request be denied.

On April 27, 2006, the government mailed, via Federal Express, two boxes to defendant. According to Federal Express tracking information, the two boxes were delivered on Friday, April 28, 2006. As defendant's motion states, the material in the two boxes contained more than 4,000 pages of documents, which the government provided to defendant as part of the Pretrial Order, dated April 4, 2006, which required production of exculpatory information by May 15, 2006.

The government explained in an accompanying letter that most of the documents would not be introduced at trial. As defendant

knows, this case is one of many prosecutions brought throughout the United States against the principals of the Institute of Global Prosperity (IGP). The government has developed large amounts of evidence pertaining to different defendants in different cases. The 4,000 documents provided to defendant relate to a witness named Margo Jordan who pled guilty to tax evasion in 2003, and who will be testifying in this case. Ms. Jordan provided these documents to law enforcement authorities while under investigation. The documents detail Ms. Jordan's involvement in IGP. They include promotional materials, financial records, and evidence of how Ms. Jordan structured her financial affairs.

In April 2006, during preparation for trial in this case, the undersigned counsel learned about the existence of these documents and took immediate steps to make them available to the defendant. In its letter to defendant, the government identified approximately 670 pages (out of 4,000 pages) it reserved the right to introduce at trial. Based on further refinement, the government has reduced that number to 20 exhibits consisting of approximately 211 pages (out of 4,000). They include the following:

1. Exhibit GP:   PILL Documents (Bate #US3365-US3377;US10000-US10002

2. Exhibit GR:   Global Cold/Warm Scripts (US10033-US10056)

3.  Exhibit GT:     Revenue Reimbursement Docs (US10792, US10794-US10809; US10809; US10811-US10812; US10814)

4.  Exhibit GV:     GII Application (US10902)

5.  Exhibit GX:     AKA Financial Grantor Trust (US11007-US11024; US11032)

6.  Exhibit GY:     Revenue Reimbursement (US11034-US11035;US12104; US12110-US12111;US12116-US12117;US12125-US12131)

7.  Exhibit GZ:     Letter to Nadine Griffin (US11121-US11123;US11129-US11130)[1]

8.  Exhibit HA      Global Prosperity Scripts (US11206-US11214)

9.  Exhibit HB:     Global Prosperity Welcome Packet (US11215-US11233)

10. Exhibit HC:     Meliorations Management Docs (US11420-US11421; US12161-US12169; US12191-US12196)

11. Exhibit HG:     Gateway to Financial Freedom Brochure (No bate stamp)

12. Exhibit HI:     GII Tickets (US12047-US12050; US12773-US12774)

13. Exhibit HJ:     Global II Customer Support Bonus (US12057-US12065)

14. Exhibit HK:     Revenue Reimbursement (US12070)

15. Exhibit HO:     Global GIII Founders as of April 1997 (US12523)

16. Exhibit HP:     Global Customer List (US13462-US13502)

17. Exhibit HQ:     Global Room Listing, October 1997 (US13657-US13672)

18. Exhibit HS:     Global Sales Associate Application for Margo Jordan (US12527-US12530;US12923)

---

[1] In the letter sent to defendant on April 27, 2006, US11130 was not identified as a document the government intends to introduce at trial.

19.  Exhibit HV:   Qualified Retailer Release Forms (US12870-US12872)

20.  Exhibit HX:   Global II Seminar Ticket, Name Tags, and EPS Letter (no bate stamp)

These documents are descriptive in nature and will be used to assist in explaining the nature of IGP and Ms. Jordan's involvement in the program. As a marketer and salesperson of IGP products, several of the documents bear directly on defendant Nadine Griffin's relationship to IGP.

The materials may also serve as impeachment evidence. The government provided the 4,000 documents to defendant in an abundance of caution to ensure effective cross-examination if defendant was inclined to impeach Margo Jordan with her own records.[2] Given the nature of the evidence, the government believes that its production of these documents five weeks in advance of trial is sufficient to meet its discovery and Pretrial Order obligations and provide defendant with a fair opportunity to cross-examine Margo Jordan.

To further assist defendant, the government is providing to defendant a detailed inventory of the items contained in the 4,000 documents. As noted above, the documents relate to Margo Jordan's involvement in IGP.

---

[2] As noted earlier, only approximately 211 pages of the 4,000 pages produced may be offered as exhibits at trial. To the extent defendant believes the additional documents provide her with useful exculpatory or impeachment material, we have provided these documents well in advance of the Pretrial Court Order deadline of May 15, 2006, as set by the Court.

1723526.1

Next, defendant's allegation that the undersigned counsel "introduced a third video that he knew was not in the Accused Griffin's possession" is incorrect. Def. Mot. at 3. The referenced video tape, and another, were originally mailed to defendant on September 14, 2005. Six months later, in a motion dated March 13, 2006, defendant claimed that nowhere on the video did she appear. As a result, undersigned counsel had the video tape re-copied and mailed to defendant a second time. Defendant's suggestion that the government withheld a third video tape from her is simply not true.

Finally, it should be noted that defendant filed her first motion for a continuance on May 5, 2006. As noted above, the government mailed, via Federal Express, two boxes of discovery to defendant on April 27, 2006, that were delivered to defendant's address on April 28, 2006. In her first motion for a continuance, defendant made no mention of these additional documents as a reason for a continuance. Interestingly, in her current motion, defendant cites May 5, 2006, as the date on which discovery was delivered. Federal Express tracking information recorded April 28, 2006, as the date of delivery. Once again, defendant appears to be manufacturing a baseless reason for a continuance in this case.

WHEREFORE, the government respectfully requests that defendant's second motion for a continuance be denied.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:   /s/ *Christopher J. Maietta*
      CHRISTOPHER J. MAIETTA
      JOHN N. KANE
      Trial Attorneys
      U.S. Department of Justice

Dated: May 24, 2006

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this day, May _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

        Nadine J. Griffin
        Mail Boxes, Etc.
        c/o 36 Center Street, #143
        Wolfeboro, New Hampshire 03894


                        _____
                        Christopher J. Maietta

1723526.1