FILING FEE PAID:
RECEIPT # 72732
AMOUNT $ 50.00
BY DPTY CLK
DATE 5/26/06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 05-cr-10175-WGY-1 |
| Plaintiff, | ) | |
| | ) | MOTION FOR LEAVE TO APPEAR |
| v. | ) | PRO HAC VICE |
| | ) | |
| NADINE J. GRIFFIN, | ) | [EX PARTE] |
| Defendant. | ) | |

Alan Stuart Richey hereby moves this honorable court for leave to be admitted pro hac vice in anticipation of appearing and participating as counsel in the above-entitled case on behalf of the Defendant, Nadine J. Griffin.

This motion is based on the memorandum provided herein. A certificate of good standing from the Supreme Court of the State of Washington is attached.

The particular need for my anticipated appearance and participation is due to Ms. Griffin's desire to obtain counsel of her choice for assistance in this matter. Allowing my admission may also be necessary to prevent a miscarriage of justice.

I understand that I am charged with knowing and complying with all applicable local rules. I have not been disbarred or formally censured by a court of record or by a state bar association, and there are no pending disciplinary proceedings against me.

WHEREFORE, it is respectfully requested that this Court order that Alan Stuart Richey be admitted pro hac vice in the above-entitled case for the defendant.

Motion For Admission                           - 1 -                           Alan S. Richey
Pro Hac Vice                                                                   Attorney at Law
                                                                               P.O. Box 1505
                                                                               Port Hadlock, Washington 98339
                                                                               (360) 437-4005

Dated this ___7th___ day of May, 2006.

_____
Alan Stuart Richey, WSBA # 30578
Counsel for Nadine J. Griffin, defendant
P.O. Box 1505, Port Hadlock, Washington 98339
Phone: (360) 437-4005
Email: asratty@gmail.com

### MEMORANDUM

The Constitution guarantees a defendant the right to counsel of her choice. The Sixth Amendment, while not providing an absolute right, guarantees a defendant a fair opportunity to secure counsel of her own choice to represent her at trial on criminal charges. Powell v. Alabama, 287 U.S. 45, 53 (1932). "It is settled law that under the Sixth Amendment criminal defendants 'who can afford to retain counsel have a qualified right to obtain counsel of their choice.'" United States v. Washington, 797 F.2d 1461, 1465 (9th Cir.1986); quoting United States v. Ray, 731 F.2d 1361, 1365 (9th Cir.1984). The limitations, as set forth by the Supreme Court of the United States, are: 1) the attorney must be a member of the bar, 2) the defendant must afford to retain counsel, 3) the attorney must accept to represent the defendant, and 4) the attorney may not have a relationship with the opposing party. Wheat v. United States, 486 U.S. 153, 159 (1988); see also, Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624 (1989); United States v. Rogers, 984 F.2d 314, 316 (9th Cir.1993).

It is a generally accepted practice that an attorney should be admitted to practice in that jurisdiction. A problem arises when the defendant is unable to obtain local counsel, an attorney admitted into that jurisdiction, to represent her. An attorney may then be admitted pro hac vice to represent a client when the attorney is not admitted in that jurisdiction.

The importance of pro hac vice appearances by attorneys has been well noted.

> Nonresident lawyers have appeared in many of our most celebrated cases. For example Andrew Hamilton, a leader of the Philadelphia bar, defended John Peter Zenger in New York in 1735 in colonial America's most famous freedom-of-speech case. Clarence Darrow appeared in many of our states to plead the cause of an unpopular client, including the famous Scopes trial in Tennessee where he opposed another well-known, out-of-state lawyer, William Jennings Bryan. Great lawyers from Alexander Hamilton and Daniel Webster to Charles Evans Hughes and John W. Davis were specially admitted for the trial of important cases in other states. A small group of lawyers appearing pro hac vice inspired and initiated the civil rights movement in its early stages. In a series of cases brought in courts throughout the South, out-of-state laywers Thurgood Marshall, Constance Motley and Spottswood Robinson, before their appointments to the federal bench, developed the legal principles which gave rise to the civil rights movement.

Leis v. Flynt, 439 U.S. 438, 450-451 (1979) (J. Stevens, dissenting).

The custom of admitting counsel pro hac vice is so well recognized that it has been observed that there "is not the slightest reason to suppose that a qualified lawyer's pro hac vice request will be denied." Id. 439 U.S. at 454. Admission pro hac vice to trial courts within their jurisdiction may not be denied without cause. In re Evans, 524 F.2d 1004, 1007 (5th Cir.1975) (denial inappropriate except upon showing of unethical conduct); McKenzie v. Burris, 255 Ark. 330, 344, 500 S.W. 2D 357, 366 (1973) (trial court may not impose arbitrary numerical limitation on the number of pro hac vice appearances by an attorney with expertise in the relevant area). See also Munoz v. United States District Court, 446 F.2d 434 (9th Cir.1971); Brown v. Wood, 257 Ark. 252, 258, 516 S.W. 2d 98, 102 (1974).

"[I]f no local counsel are available, a court rule requiring local counsel should be waived. . . . For these reasons, as we indicated in our earlier memorandum and as the District Judge below agrees, waiver of local rules, or admission to the bar pro hac vice, should be allowed when, as herein alleged, the non-local counsel 'was unable to find counsel locally who would sign the pleadings with him.'" Lefton v. City Of Hatiesburg Mississippi, 333 F.2d 280, 285 and 286 (5th Cir. 1964).

In conclusion, a defendant has a constitutional right to obtain counsel of her choice. When no local counsel is available, an attorney from another jurisdiction can be admitted pro hac vice to represent a defendant and should only be denied with cause. The requirement of local counsel should be waived.

Dated this 24th day of May, in the Year A. D. 2006.

_____
Alan Stuart Richey
Counsel for Nadine J. Griffin

Motion For Admission
Pro Hac Vice

- 4 -

Alan S. Richey
Attorney at Law
P.O. Box 1505
Port Hadlock, Washington 98339
(360) 437-4005

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

IN THE MATTER OF THE ADMISSION

OF

ALAN STUART RICHEY

TO PRACTICE IN THE COURTS OF THIS STATE.

BAR #30578

**CERTIFICATE OF GOOD STANDING**

I, C.J. Merritt, Clerk of the Supreme Court of the State of Washington, hereby certify

ALAN STUART RICHEY

was regularly admitted to practice as an Attorney and Counselor at Law in the Supreme Court and all the Courts of the State of Washington, on November 17, 2000, and is now and has been continuously since that date an attorney in good standing in said Court.



IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court this 24th day of May, 2006

C.J. MERRITT, SUPREME COURT CLERK

WASHINGTON STATE SUPREME COURT