In the District Court of the United States
For the District of Massachusetts

FILED
2006 JUN -1 P 1:12
U.S. DISTRICT COURT
DISTRICT OF MASS.

The United States of America, )
      plaintiff, )
       )
vs. ) Case number 05- CR--10175-WGY
       )
Nadine J. Griffin, )
       )
      defendant. )

Nadine J. Griffin, restates Nadine J. Griffin's motion to dismiss
for lack of subject matter jurisdiction
and notices the court of *United States v. Perlaza*, No. 02-50084 (9th Cir. **03/14/2006**)

### Brief in support

Nadine J. Griffin's prior motions to dismiss challenged the court to determine whether the indictment of Nadine J. Griffin was lacking in factual sufficiency to empower the court to act. Most specifically: (1). The indictment fails to identify the statute that requires Nadine J. Griffin to file tax returns, (2). The indictment fails to identify any activity engaged in by Nadine J. Griffin making Nadine J. Griffin subject to and liable for a tax, and no returns were entered into the record to show that Nadine J. Griffin had actually filed returns that were in breach of any law. Responsive to the motion to dismiss, the court presumed that Nadine J. Griffin was required to file a return for the years in question, presumed that Nadine J. Griffin was engaged in some activity upon which Congress has legislated a statutory tax, and presumed that Nadine J. Griffin had actually filed erroneous returns, all based on the unverified and undocumented theories of counsel purporting to represent the United States.

Memorandum of law

Once jurisdiction is challenged in a criminal case, the prosecution must cite, from the record, where the claim of jurisdiction has factual sufficiency, to wit: From United States v. Perlaza, No. 02-50084 (9th Cir. **03/14/2006**)

We reverse the convictions of all ten Defendants who opted for trial and direct the district court to dismiss the indictment because the district court erroneously exercised jurisdiction over them without first requiring the Government to allege in the indictment and prove to a jury beyond a reasonable doubt certain facts necessary to establish jurisdiction.   At [18]

Before trial, Defendants filed various motions, including motions to dismiss [like Nadine Griffin] (1) that the MDLEA is unconstitutional because it does not require an effect on interstate or foreign commerce; and (2) that the district court lacked jurisdiction over Defendants because the Government did not allege in the indictment that the Go-Fast was stateless and because **the Government did not produce any "evidence of nexus at all"** between Defendants and the United States. The district court denied these motions. See [43]-[46]

**The District Court Erred when It Concluded that It Had jurisdiction over the Defendants**. At [58]

Before trial, Defendants also moved to dismiss the indictment on the basis that the district court lacked jurisdiction   over them because the Government did not allege in the indictment that the Go-Fast was stateless and because the Government did not produce any "evidence of nexus at all" between Defendants and the United States. The district

2

court rejected these arguments and found that it had jurisdiction over Defendants. **This was error.** At [59]

In addition to the MDLEA's "statutory jurisdiction" requirements, where the MDLEA is being applied extraterritorially, as in this case, **due process requires the Government to demonstrate that there exists "a sufficient nexus between the conduct condemned and the United States" such that the application of the statute would not be arbitrary or fundamentally unfair to the defendant**. [No statutes have been referenced in the case of Nadine J. Griffin] *United States v. Medjuck* ("*Medjuck II*"), 48 F.3d 1107, 1111 (9th Cir.1995); see also *Moreno-Morillo*, 334 F.3d at 828; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1256-59 (9th Cir. 1998); *United States v. Khan*, 35 F.3d 426, 429-30 (9th Cir. 1994); *Davis*, 905 F.2d at 248-49; *United States v. Peterson*, 812 F.2d 486, 493 (9th Cir. 1987). At [61]

For a United States court to properly exercise jurisdiction, the Government still needs to establish some detrimental effect within, or nexus to, the United States. Cf. United States v. Hill, 279 F.3d 731, 739 (9th Cir. 2002). At [99]

[W]e reverse the convictions of the ten Defendants who opted for trial and remand **with instructions that the district court dismiss the indictment** because the district court erroneously exercised jurisdiction over these Defendants without first requiring the Government to allege in the indictment and prove to a jury beyond a reasonable doubt certain **facts** necessary to establish the district court's jurisdiction. At [144]

## Conclusion

The indictment of Nadine J. Griffin lacked factual sufficiency to empower the court with subject matter jurisdiction; the following facts are not in evidence: (1) The statute requiring that Nadine J. Griffin file tax returns. (2) the statute making any act engaged in by Nadine J. Griffin subject to and liable for a tax, and (3) the de facto returns allegedly filed by Nadine J. Griffin. Absent these proofs, the court is wholly lacking in subject matter jurisdiction and going forward will likely have the same result as *United States v. Perlaza*. The cause of judicial economy as well as not misusing the resources of the United States and abusing Nadine J. Griffin's limited resources require dismissing this instant action without prejudice until such time as counsel purporting to represent the United States can inform this court of the statute which requires that Nadine J. Griffin file tax returns, the statutory authority for imposing a tax on Nadine J. Griffin, and production of the de facto returns filed by Nadine J. Griffin

Prepared and submitted by: _____
Nadine J. Griffin

## Certificate of mailing

I, Nadine J. Griffin, certify that May 30, 2006, I mailed a true and correct copy of the above and foregoing motion to continue to: Christopher Maietta, at

4

_____
Nadine J. Griffin