UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 05-CR-10175-WGY-1 |
| | ) | |
| v. | ) | |
| | ) | |
| NADINE J. GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S NOTICE THAT THE UNITED STATES DECLINES TO PROVE SENTENCING ENHANCEMENTS TO THE JURY FOR REVIEW BASED ON A STANDARD OF PROOF BEYOND A REASONABLE DOUBT**

The United States hereby provides notice to this Honorable Court that it does not intend to attempt to prove to the jury the sentencing enhancements that it will seek at sentencing. Neither Supreme Court nor First Circuit precedent authorizes a Court order to that effect. The First Circuit has explicitly held that the district court, not a jury, should find the facts relevant to sentencing enhancements and should do so based on the preponderance of the evidence standard. Every other circuit court of appeals to address the issue has held the same. While the Supreme Court's decision in <u>United States v. Booker,</u> 125 S. Ct. 738 (2005), afforded the district courts greater discretion at sentencing, <u>Booker</u> did not alter the procedures and burden of proof established by Congress, the Sentencing Commission, and the case law for proving sentencing enhancements to the sentencing judge.

Accordingly, the government respectfully declines to attempt to prove guideline sentencing enhancements to the jury at trial. The government intends to prove any contested sentencing enhancements at sentencing.

Nevertheless, the government may offer at trial evidence establishing a tax loss in this case as probative of the elements of the offenses charged in the indictment. However, such proof is not required under the statute, and the government has not yet decided whether to introduce such evidence.

## BACKGROUND

On July 13, 2005, a federal grand jury sitting in Boston, Massachusetts returned an indictment charging defendant Nadine J. Griffin with two counts of willfully filing false U.S. individual income tax returns, in violation of 26 U.S.C. § 7206(1). The indictment alleges that defendant failed to disclose in her 1998 and 1999 income tax returns a substantial amount of gross receipts from her business activity as a salesperson for Global Prosperity. Trial on this matter is scheduled for July 10, 2006.

At the initial scheduling conference on September 27, 2005, and again on June 1, 2006, this Court informed the government that it would require any relevant enhancements in the United States Sentencing Guidelines to be presented to the jury at trial and found by the jury beyond a reasonable doubt.

-2-                                              1782752.1

In a motion to the Court filed on October 24, 2005, the government identified the facts that would establish the base offense level and other enhancements, and noted its position that submitting the base offense level and other enhancements to a jury for determination need not be made because they are not essential elements of the offenses charged. The government's motion also noted that its position is that after a conviction and at sentencing, the standard of proof to determine the base offense level and other enhancements is proof by a preponderance of the evidence.

At present, and as noted in the government's motion dated October 24, 2005, the government anticipates proving at sentencing a tax loss and use of sophisticated concealment. Under U.S.S.G. § 2T1.1(a), at the present time, the government will seek a tax loss of more than $200,000. This section of the guidelines provides that the base offense level corresponds to the tax loss. The government will also seek an enhancement under U.S.S.G. § 2T1.1(b)(2), Specific Offense Characteristics, in that the offense involved sophisticated concealment. The government notes that other enhancements could apply depending upon what evidence develops during the course of the trial.

**ARGUMENT**

I.    **A COURT ORDER REQUIRING THE GOVERNMENT TO PRESENT EVIDENCE OF SENTENCING ENHANCEMENTS TO THE JURY FOR A FINDING OF PROOF BEYOND A REASONABLE DOUBT CONTRADICTS THE SUPREME COURT'S OPINION IN UNITED STATES V. BOOKER AND THE FIRST CIRCUIT'S CASE LAW, AND VIOLATES THE SENTENCING REFORM ACT**

In Booker, the Supreme Court held that judicial imposition of sentencing enhancements under the mandatory Sentencing Guidelines violated the Sixth Amendment to the United States Constitution. 125 S. Ct. at 755-56.  Booker solved this constitutional infirmity by excising two provisions of the Sentencing Reform Act of 1984 (the "SRA") that made the Sentencing Guidelines mandatory.  125 S. Ct. at 764.  By resolving the issue in this manner, the Court left in place the other procedures used under the Guidelines, including the calculation of Guidelines sentences by district courts, id. at 767 (after Booker, "[t]he district courts, while not bound by the Guidelines, must consult those Guidelines and take them into account when sentencing"), but rendered the resulting calculations advisory with respect to the sentence imposed.  The Supreme Court expressly rejected, as contrary to Congressional purposes, an alternative remedy favored by the dissenting justices that would have retained the mandatory Guidelines but required sentence-enhancing facts to be proved to a jury beyond a reasonable doubt. Booker, 125 S. Ct. at 759-64, 771-72.  As the Supreme Court stated, "If the Guidelines as currently written could be read as merely

-4-

advisory provisions, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. . . . [W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Id. at 750.

Since Booker, the First Circuit has repeatedly affirmed that the Booker remedial opinion, which made the Guidelines advisory, fully resolved the Sixth Amendment violation the Court identified. See, e.g., United States v. Perez-Ruiz, 421 F.3d 11, 14-15 (1st Cir. 2005) ("[Under] Booker, judge-made enhancements under the guidelines that result in a sentence greater than the sentence that could be imposed based solely on the facts found by the jury do amount to Sixth Amendment violations if the guidelines are treated as mandatory, but . . . this problem is washed out by treating the guidelines as advisory."); United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005) ("[The Booker error] is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guideline system."). As a result, the First Circuit has explained, the Guideline sentence calculation should continue to be determined, as it was before Booker, by the district court judge, at sentencing, applying a

1782752.1

preponderance of the evidence standard. "We review the district court's findings of fact, at sentencing, solely to determine whether it committed clear error in ascertaining that the government has established the disputed fact by a preponderance of the evidence." United States v. Green, 426 F.3d 64, 66 (1st Cir. 2005) (citing United States v. Luciano, 414 F.3d 174, 180 (1st Cir. 2005)). The Green court emphasized that the burden on the government to prove enhancements was "not onerous." Id at 67. The First Circuit recently reemphasized this holding and again rejected the defendant's claim that a jury needed to find sentencing enhancements. In United States v. Pizarro-Berrios, 2006 WL 1195664, at 4 (1st Cir. 2006), the court stated "In his brief, Pizarro argued that the district court violated his Sixth Amendment rights by applying sentencing enhancements based on facts not found by the jury. We have already considered and rejected this argument on numerous occasions, and we reject it again in this case."

The First Circuit is not alone in concluding that Booker did not alter the sentencing procedures set forth in the Guidelines or "change the burden of persuasion." Every circuit court of appeals to address this issue has held that, following Booker, it is proper for the judge to determine sentencing facts by a preponderance of the evidence. See, e.g., United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives

1782752.1

<u>Booker</u>. . . .    [A]fter <u>Booker</u>, district courts are still
statutorily obliged to consider the Guidelines, which necessarily
means they must determine the Guidelines range applicable to a
particular defendant.   This task is to be performed in the same
manner as before <u>Booker</u>."); <u>United States v. Cooper</u>, 437 F.3d 324,
330 (3rd Cir. 2006) ("As before Booker, the standard of proof under
the guidelines for sentencing facts continues to be preponderance
of the evidence."); <u>United States v. Mares</u>, 402 F.3d 511, 518 (5th
Cir. 2005) (<u>Booker</u> contemplates that, with the mandatory use of the
Guidelines   excised,   the   Sixth   Amendment   will   not   impede   a
sentencing judge from finding all facts relevant to sentencing.
The sentencing judge is entitled to find by a preponderance of the
evidence   all   the   facts   relevant   to   the   determination   of   a
Guidelines sentencing range."); <u>McReynolds v. United States</u>, 397
F.3d 479, 481 (7th Cir.), <u>cert. denied</u>, 538 U.S. 914, 965, 966 &
125 S. Ct. 2559 (2005)("Decisions about sentencing factors will
continue   to   be   made   by   judges,   on   the   preponderance   of   the
evidence, an approach that comports with the Sixth Amendment so
long   as   the   guideline   system   has   some   flexibility   in
application."); <u>United States v. Ault</u>, 2006 WL 1169547, at 1 (8th
Cir. 2006) ("Ault also argues that the district court committed
<u>Booker</u> error by applying the preponderance of the evidence standard
at sentencing.   We have previously ruled that the preponderance
standard continues to be proper for sentence-enhancing fact

-7-                                    1782752.1

findings."); <u>United States v. Kilby</u>, 443 F.3d 1135, 1140 (9th Cir. 2005) ("We have held that following <u>United States v. Booker</u>, district courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard."); <u>United States v. Magallanez</u>, 408 F.3d 672, 685 (10th Cir.), <u>cert. denied</u>, 126 S. Ct. 468 (2005). ("In sentencing criminal defendants for federal crimes, district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before. The only difference is that the court has latitude, subject to reasonableness review, to depart from the resulting Guideline ranges.")(citation omitted); <u>United States v. Chau</u>, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (rejecting defendant's contention that after <u>Booker</u>, even when the sentencing guidelines are applied in an advisory fashion, the Sixth Amendment prohibits the sentencing court from making factual findings by a preponderance of the evidence).[1]

---

[1] In unpublished decisions, the Fourth and Sixth Circuit also have so held. <u>See</u> <u>United States v. Sanders</u>, 2006 WL 1222695 (4th Cir. 2006) (not precedential) ("Sanders maintains that <u>Booker</u> requires a sentencing court to applying the advisory guidelines to make fact findings beyond a reasonable doubt." Neither <u>Booker</u> nor this Court's decisions since <u>Booker</u> support his position."); <u>United States v. Rodriguez-Ruiz</u>, 2005 WL 3440343 (6th Cir. 2005) (not precedential) ("Under <u>Booker</u>, therefore, judges still find the facts pertinent to determining the Guidelines range. We have, moreover, continued to permit such factual findings to be based on the preponderance of the evidence.").

1782752.1

A requirement that sentencing enhancements be presented to the jury and proved beyond a reasonable doubt has no support in the foregoing decisions, since it requires proof to the wrong factfinder and applies the wrong standard of proof. While the issue may have been uncertain prior to Booker, it is now clear that a sentencing proceeding under the advisory Guidelines is not a "trial" on the elements of a crime. The Federal Rules of Criminal Procedure also provide no authority for this procedure. To the contrary, the Rules require sentencing to be performed by the court. See, e.g., Fed. R. Crim. P. 32(i)(3) (specifying actions that "the court must" take in sentencing).

In Booker, the Supreme Court found as a matter of statutory construction that the SRA requires sentencing to be performed by a district court judge, "not 'the judge working together with the jury'." 125 S. Ct. at 759. Consistent with this interpretation, the sentencing procedure set forth in the Guidelines authorizes the district court alone to perform fact finding with respect to sentencing enhancements. Edwards, 523 U.S. at 513-14 ("The Sentencing Guidelines instruct *the judge* in a case like this one to determine both the amount and kind of 'controlled substances' for which a defendant should be held accountable – and then to impose a sentence that varies depending upon amount and kind.") (emphasis

1782752.1

in original).[2]

The <u>Booker</u> decision not only left the pre-<u>Booker</u> procedures intact, but made plain their centrality to the sentencing system Congress enacted. The Court found that Congress's goal of reducing sentencing disparity "depends for its success upon <u>judicial</u> <u>efforts</u> to determine, and base punishment, upon, the *real conduct* that underlies the crime of conviction." <u>Booker</u>, 125 S. Ct. at 759 (underlining added, italics in original). The <u>Booker</u> Court concluded that a process that submitted sentencing facts to a jury would contravene that goal in numerous respects. Among other faults, this procedure forces defendants to choose between contesting guilt and presenting evidence contesting the basis of specific enhancements, requires juries in many cases to resolve highly technical questions irrelevant to guilt or innocence, and

---

[2] By requiring the government to prove enhancements beyond a reasonable doubt at a trial, this Court's ruling also appears to conflict with 18 U.S.C. § 3661, which states:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

The requirement of a jury finding under a reasonable doubt standard would create such a limitation, effectively negating evidence of conduct provable under a preponderance standard but not beyond a reasonable doubt. In addition, inclusion of sentencing facts at trial could subject this evidence to evidentiary rules and other procedural barriers.

1782752.1

deprives a district court of the ability to impose a sentence that accounts for conduct occurring (or discovered) during or after the trial. Id. 125 S. Ct. at 761-63.

As the First Circuit has stated in another case involving a district court's proposed modifications of federal jury requirements, "where Congress has provided a specific panoply of rules that must be followed, the district court's discretionary powers simply do not come into play." United States v. Green, 407 F.3d 434, 443 (1st Cir. 2005). In the sentencing context, the relevant "rules" include those of the Sentencing Commission, "which is allied with Congress in the important endeavor of calibrating sentences for federal offenses." United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006). A Court order directing the government to prove enhancements to the jury categorically departs from the procedures chosen by Congress and developed by the Commission. See id. at 63 (holding that "[a] district court's categorical rejection" of the crack to powder sentencing ratio established by Congress "impermissibly usurps Congress's judgment about the proper sentencing policy for cocaine offenses"); see also United States v. Croxford, 324 F. Supp. 2d 1230, 1243 (D. Utah 2004)(rejecting the use of sentencing jury to address Blakely concerns as "problematic because it effectively requires courts to redraft the sentencing statutes and implementing Guidelines"); United States v. Grant, 329

1782752.1

F. Supp. 2d 1305, 1308 (M. D. Fl. 2004) (same).[3]

## II.   A COURT ORDER TO PROVE SENTENCING ENHANCEMENTS TO A JURY IMPOSES UNNECESSARY AND UNWARRANTED BURDENS ON THE JURY, THE PARTIES, AND THE COURT, AND COULD POSE SIGNIFICANT PREJUDICE TO THE DEFENDANT

Compliance with this Court's proposal would impose significant burdens, not only on the government, but on defendants, juries, and the trial system.   If the government was forced to prove all relevant sentencing enhancements to the jury beyond a reasonable doubt, then the government would have to introduce, at trial, evidence that may be unnecessary to the government's case-in-chief, and the court would have to give special jury instructions and submit special verdict forms that are unduly complex.   The trial would become unwieldy and the process (in the words of Federal Rule of Evidence 403) might confuse the issues, mislead the jury, and result in undue delay and waste of time.   These concerns were among those specifically identified by the Supreme Court in Booker as reasons for declining to engraft a jury trial requirement on a mandatory Guidelines system.   See 125 S. Ct. at 759-64.

---

[3] As both Croxford and Grant noted, this procedure also conflicts with provisions of the Federal Rules of Criminal Procedure, such as Rule 32(i)(3) which requires that "the court" shall resolve disputed sentencing matters.   See Croxford, 324 F. Supp. 2d at 1243 & n.66; Grant, 329 F. Supp. 2d at 1308.

<u>**CONCLUSION**</u>

For these reasons, the government respectfully declines to attempt to prove to the jury Guideline sentencing enhancements.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:

/s/ Christopher J. Maietta
CHRISTOPHER J. MAIETTA
Trial Attorney
U.S. Department of Justice
(202) 514-4661

/s/ John N. Kane
JOHN N. KANE
Trial Attorney
U.S. Department of Justice
(202) 353-9716

Dated:    July 6, 2006

-13-

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day, July _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

Alan S. Richey, Esq.

P.O. Box 1505

Port Hadlock, Washington

_____

Christopher J. Maietta

1782752.1