# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 05-CR-10175-WGY-1 |
| | ) | |
| v. | ) | |
| | ) | |
| NADINE J. GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim P. 30, the United States, by and through its attorney, hereby requests that the Court charge the jury in this case in accordance with the following attached instructions.  The United States respectfully reserves the right to supplement, modify, or withdraw these requests for instructions in light of the further requests for instruction, if any, filed by the defendant and the evidence in this case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:  */s/ Christopher Maietta*
CHRISTOPHER MAIETTA
Trial Attorney
U.S. Department of Justice
Tax Division


By:  */s/ John N. Kane*
JOHN N. KANE
Trial Attorney
U.S. Department of Justice
Tax Division

# Table of Contents

Instruction
Number                                                                   Page

1.  Duties of the Jury . . . . . . . . . . . . . . . . . . . . . 1

2.  Nature of the Case - Parties Represented . . . . . . . . . 2

3.  Preliminary Statement of Elements of Crime . . . . . . . . 3

4.  Evidence; Objections; Rulings; Bench Conferences . . . . . 4

5.  Conduct of the Jury . . . . . . . . . . . . . . . . . . . 7

6.  Notetaking . . . . . . . . . . . . . . . . . . . . . . . . 9

7.  Duty of the Jury To Find Facts and Follow Law  . . . . . 10

8.  Presumption of Innocence; Proof Beyond a Reasonable Doubt 11

9.  Defendant's Constitutional Right Not To Testify  . . . . 13

10. Statutory Purpose  . . . . . . . . . . . . . . . . . . . 14

11. Statutory Offense – Title 26 U.S.C. § 7206(1)  . . . . . 15

12. The Nature of the Offense Charged –
    Title 26 U.S.C. § 7206(1)  . . . . . . . . . . . . . . . 16

13. Elements – Title 26 U.S.C. § 7206(1) . . . . . . . . . . 17

14. Subscribed – Defined
    Proof of Signing of a Tax Return . . . . . . . . . . . . 18

15. "Materiality" Defined  . . . . . . . . . . . . . . . . . 19

16. "Willfulness" Defined  . . . . . . . . . . . . . . . . . 20

17. Proof of Tax Deficiency Not Required . . . . . . . . . . 21

18. Mistake and Good Faith Misunderstanding  . . . . . . . . 22

19. What is Evidence; Inferences . . . . . . . . . . . . . . 24

20. Kinds of Evidence: Direct and Circumstantial . . . . . . 25

21. Credibility of Witnesses . . . . . . . . . . . . . . . . 26

22. What Is Not Evidence . . . . . . . . . . . . . . . . . . 27

23.   "Willfulness;" Proof . . . . . . . . . . . . . . . . .   29

24.   Statements by Defendant  . . . . . . . . . . . . . . .   31

25.   Bank Deposits Method of Proof  . . . . . . . . . . . .   32

26.   Punishment . . . . . . . . . . . . . . . . . . . . . .   34

27.   Weighing the Testimony of an Expert Witness  . . . . .   35

28.   Charts and Summaries – Not Admitted Into Evidence  . .   36

29.   Charts and Summaries – Admitted Into Evidence  . . . .   37

30.   Interviews by Government Attorneys . . . . . . . . . .   38

31.   Definition of "Knowingly"  . . . . . . . . . . . . . .   39

32.   Foreperson's Role; Unanimity . . . . . . . . . . . . .   40

33.   Consideration of Evidence  . . . . . . . . . . . . . .   41

34.   Reaching Agreement . . . . . . . . . . . . . . . . . .   42

35.   Return of Verdict Form . . . . . . . . . . . . . . . .   44

36.   Communication with the Court . . . . . . . . . . . . .   45

37.   Stipulations . . . . . . . . . . . . . . . . . . . . .   46

38.   Impeachment by Prior Inconsistent Statement  . . . . .   47

39.   Impeachment of Witness Testimony by Prior Conviction . .   48

40.   Evidence of Defendant's Prior Similar Acts . . . . . .   49

41.   Use of Tapes and Transcripts . . . . . . . . . . . . .   50

### Instruction No. 1
### Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

---

Pattern Criminal Jury Instructions for the First Circuit, Instruction 1.01.

-1-

**Instruction No. 2**
**Nature of the Case - Parties Represented**

This criminal case has been brought by the United States government.  It is alleged that the defendant, NADINE GRIFFIN, filed false income tax returns for the tax years 1998 and 1999.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Trial Attorneys with the U.S. Department of Justice, Christopher Maietta and John Kane.  The defendant, NADINE GRIFFIN, is represented by attorney Alan Richey.

The defendant has been charged by the government with violations of federal law.  The charges against the defendant are contained in the Indictment.  The Indictment is simply the description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and denied committing the crimes.  She is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven her guilt beyond a reasonable doubt.

---

Pattern Criminal Jury Instructions for the First Circuit, Instruction 1.02.

-2-

**Instruction No. 3**
**Preliminary Statement of Elements of Crime**

As I mentioned, NADINE GRIFFIN is charged with two counts of filing false income tax returns, one count for the 1998 tax year, and one count for the 1999 tax year. In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime charged, each of which the government must prove beyond a reasonable doubt to make its case:

First:          That NADINE GRIFFIN made or caused to be made a federal income tax return for the year in question which she verified to be true;

Second:      That the return contained a written declaration that it was made under the penalty of perjury.

Third:        That the tax return was false as to a material matter; and

Fourth:      That NADINE GRIFFIN willfully made the false statement with the intent of violating her duty under the tax laws and not as a result of accident, negligence or inadvertence.

---

Pattern Criminal Jury Instructions for the First Circuit, Instruction 1.04; United States v. Boulerice, 325 F.3d 75, 79-80 (1st Cir. 2003) ("tak[ing] this opportunity to clarify" four elements of section 7206(1) charge); United States v. Bishop, 412 U.S. 346, 350 (1973); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982); accord Pattern Criminal Jury Instructions for the First Circuit, Instruction 4.27 (permitting modification) (1998).

-3-

**Instruction No. 4**
**Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated — that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

-4-

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and

circumstantial evidence.   The law permits you to give equal

weight to both, but it is for you to decide how much weight to

give to any evidence.

---

     Pattern Jury Instructions for the First Circuit, Instruction
No. 1.05

### Instruction No. 5
### Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you

pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

---

<u>Pattern Jury Instructions for the First Circuit</u>, Instruction No. 1.07.

## Instruction No. 6
## Notetaking

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however.  First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.  If you would prefer not to take notes at all but simply to listen, please feel free to do so.  Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said.  Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault.  They will then be returned to you the next morning.  When the case is over, your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 1.08.

**Instruction No. 7**
**[BEGINNING OF FINAL INSTRUCTIONS]**
**Duty of the Jury To Find Facts and Follow Law**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

---

_Pattern Jury Instructions for the First Circuit_, Instruction No. 3.01.

## Instruction No. 8
## Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, NADINE GRIFFIN, has the benefit of that presumption throughout the trial, and you are not to convict her of a particular charge unless you are persuaded of her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that NADINE GRIFFIN is guilty of the crime with which she is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. NADINE GRIFFIN has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against her.

-11-

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit her of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of NADINE GRIFFIN'S guilt of a particular crime, you should vote to convict her.

_____

Pattern Jury Instructions for the First Circuit, Instruction No. 3.02.

-12-

## Instruction No. 9
### [If Necessary]
### Defendant's Constitutional Right Not To Testify

NADINE GRIFFIN has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

_____

Pattern Jury Instructions for the First Circuit, Instruction No. 3.03.

-13-

## **Instruction No. 10**
### **Statutory Purpose**

Turning to the charges in this case, the defendant, NADINE GRIFFIN, is charged with tax crimes.  The system of tax collection in the United States relies upon the honesty of taxpayers.  The government needs taxpayers to report timely, completely, and honestly all of their income, so that taxpayers can determine, and the government can collect, the correct amount of taxes due.  Congress, therefore, has made it a criminal offense for a taxpayer to file a false income tax return.

---

3 L.B. Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction Number 59-2 (1996).

-14-

### Instruction No. 11
### Statutory Offense – Title 26 U.S.C. § 7206(1)

Section 7206(1) of the Internal Revenue Code provides, in part, as follows:

> "Any person who -- * * * [w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter" shall be guilty of an offense against the laws of the United States.

---

26 U.S.C. § 7206(1); 2B Federal Jury Practice and Instructions § 67.14 (5th ed. 2000).

**Instruction No. 12**
**The Nature of the Offense Charged – Title 26 U.S.C. § 7206(1)**

Counts One and Two of the Indictment charge that defendant NADINE GRIFFIN willfully made and signed two tax returns that she did not believe to be true and correct as to every material matter and which contained or were verified by written declarations that they were made under the penalty of perjury, all in violation of Title 26, United States Code, Section 7206(1).

---

26 U.S.C. § 7206(1); 2B Federal Jury Practice and Instructions § 67.13 (5th ed. 2000).

## Instruction No. 13
### Elements – Title 26 U.S.C. § 7206(1)

For you to find defendant NADINE GRIFFIN guilty of each count of willfully filing false federal income tax returns in violation of section 7206(1), the government must prove each of the following elements beyond a reasonable doubt for each count:

First:    that NADINE GRIFFIN subscribed a federal income tax return for the year in question which she verified to be true;

Second:    that the return contained a written declaration that it was made under the penalty of perjury.

Third:    that the tax return was false as to a material matter; and

Fourth:    That NADINE GRIFFIN willfully made the false statement with the intent of violating her duty under the tax laws and not as a result of accident, negligence or inadvertence.

---

United States v. Boulerice, 325 F.3d 75, 79–80 (1st Cir. 2003) ("tak[ing] this opportunity to clarify" four elements of section 7206(1) charge); United States v. Bishop, 412 U.S. 346, 350 (1973); United States v. Drape, 668 F.2d 22, 25 (1st Cir. 1982); accord Pattern Criminal Jury Instructions for the First Circuit, Instruction 4.27 (permitting modification) (1998).

-17-

## Instruction No. 14
## Subscribed – Defined
## Proof of Signing of a Tax Return

The word "subscribe" simply means the signing of one's name to a document.  The fact that an individual's name is signed to a return is prima facie evidence for all purposes that the return was actually signed by her.  In other words, you may infer and find that a tax return was, in fact, signed by the person whose name appears to be signed to it.  You are not required, however, to accept any such inference or make any such finding.  If you find beyond a reasonable doubt from the evidence that defendant NADINE GRIFFIN signed the tax return in question, then you may also draw the inference and may also find, but are not required to find, that defendant NADINE GRIFFIN knew of the contents of the return that she signed.

---

2B Federal Jury Practice and Instructions §67.22 (5th ed. 2000); 26, U.S.C. § 6064; United States v. Olbres, 61 F.3d 967, 971 (1st Cir. 1995);  United States v. Romanow, 509 F.2d 26, 27 (1st Cir. 1975);  United States v. Cashio, 420 F.2d 1132, 1135 (5th Cir. 1969), cert. denied, 397 U.S. 1007 (1970); United States v. Wainwright, 413 F.2d 796, 802 n.3 (10th Cir. 1969), cert. denied, 396 U.S. 1009 (1970); United States v. Carrodeguas, 747 F.2d 1390, 1396 (11th Cir. 1984), cert. denied, 474 U.S. 816 (1985).

## Instruction No. 15
## "Materiality" Defined

A false or fraudulent entry on a line of a tax return is a material matter if the information required to be reported on that line "has the natural tendency to influence, or be capable of influencing, the decision of the decision-making body to which it was addressed."  The test of materiality in this case is whether the information required to be reported by NADINE GRIFFIN on line 1 of Schedule C attached to her Form 1040 individual income tax return, which requires the reporting of an individual's gross receipts and sales, is essential to the Internal Revenue Service in determining a correct computation of taxable income.  In other words, the government need only prove beyond a reasonable doubt that the alleged false statement at issue could have influenced or affected the IRS in carrying out the functions committed to it by law.

---

United States v. DiRico, 78 F.3d 732, 736 (1st Cir. 1996).

## <u>Instruction No. 16</u>
## <u>"Willfulness" Defined</u>

The last element you must find beyond a reasonable doubt is whether the defendant acted willfully.  The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty.  In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something she knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

---

<u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, § 4.25 (1998)(discussing 26 U.S.C. § 7201); <u>United States v. Cheek</u>, 495 U.S. 192, 201 (1991); <u>see</u> <u>also</u> <u>United States v. Bishop</u>, 412 U.S. 346, 358 (1973); <u>United States v. Drape</u>, 668 F.2d 22, 26 (1st Cir. 1982)(noting that "willfully" retains identical definition throughout criminal tax code).

### **Instruction No. 17**
### **Proof of Tax Deficiency Not Required**

The government is not required to show that a tax was due and owing or that the defendant intended to evade or defeat the payment of taxes to establish a violation of 26 U.S.C. § 7206(1). Whether the government has or has not suffered a pecuniary or monetary loss as a result of the alleged false return is not an element of the charge set forth in the Indictment.

---

United States v. Boulerice, 325 F.3d 75, 79-80 (1st Cir. 2003); United States v. Marabelles, 724 F.2d 1374, 1380 (9th Cir. 1984); United States v. Olgin, 745 F.2d 263, 272 (3d Cir. 1984); United States v. Ballard, 535 F.2d 400, 404 (8th Cir. 1976).

**Instruction No. 18**
**[IF APPROPRIATE]**
**Mistake and Good Faith Misunderstanding**

A defendant's conduct is not willful if he or she acted through mistake or due to a good faith misunderstanding of the law.  Thus, if you find that defendant NADINE GRIFFIN had a good faith misunderstanding of the law or believed in good faith that she had done all that the law required, you may not find that she acted willfully and you must acquit her.  A good faith belief is one which is honestly and genuinely held.

It is for you to decide whether defendant NADINE GRIFFIN acted in good faith.  In making the determination, you are entitled to consider all of the evidence received in this case which bears on her state of mind.  You may also consider the reasonableness of defendant NADINE GRIFFIN'S asserted beliefs in determining whether those beliefs were honestly or genuinely held.  The reasonableness of a belief is a factor for you to consider in determining whether a defendant actually held a belief and acted upon it.  The more farfetched a belief is, the less likely it is that a person actually held or would act upon that belief.

In considering a defendant's asserted good faith misunderstanding of the law, you must make your decision based upon what that defendant actually believed and not upon what you or someone else may believe or think that the defendant ought to have believed.  If you find that the defendant's beliefs were

-22-

unreasonable, but held in good faith, you may not find her guilty simply because you think her beliefs were unreasonable.

It must be understood, however, that a defendant's disagreement with the law – no matter how earnestly held – does not constitute a defense of good faith misunderstanding or mistake to a charge of filing a false tax return.  It is the duty of all citizens to obey the tax laws, whether they agree with them or not.  Similarly, it is not a defense that a defendant thinks or is of the opinion that the tax laws are unconstitutional.

---

Adapted from 1A Federal Jury Practice and Instructions §19.06 (5th ed. 2000); United States v. Hilgeford, 7 F.3d 1340, 1343, fn1 (7th Cir. 1993); United States v. Grunewald, 987 F.2d 531, 535-36 (8th Cir. 1993); Cheek v. United States, 498 U.S. 192, 201 (1991).

## Instruction No. 19
## What is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

---

Pattern Jury Instructions for the First Circuit, Instruction
No. 3.04.

-24-

**Instruction No. 20**
**Kinds of Evidence: Direct and Circumstantial**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 3.05.

**Instruction No. 21**
**Credibility of Witnesses**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 3.06.

-26-

**Instruction No. 22**
**What Is Not Evidence**

Certain things are not evidence. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5)  The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has had an indictment filed against him/her is no evidence whatsoever of

-27-

his/her guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 3.08.

### Instruction No. 23
### "Willfulness;" Proof

As I mentioned, the government must prove willfulness as an element of charge.  Willfulness ordinarily may not be proved directly, because there is no way of knowing the inner workings of the defendant's mind.  But you may infer the willfulness or intent of a defendant from the surrounding circumstances.  The government is not required to prove defendant NADINE GRIFFIN'S state of mind with direct evidence.  The government may prove defendant NADINE GRIFFIN'S willfulness or intent with circumstantial evidence alone.  In making your determination with respect to willfulness, you may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Willfulness may be inferred from any conduct the likely effect of which would be to mislead or to conceal.  For instance, it may be inferred from conduct such as concealment of assets, covering up sources of income, or the handling of one's affairs to avoid making the records usual in transactions of the kind.

I give you these instances simply to illustrate the type of conduct which you may consider in determining the issue of willfulness.  I do not by this instruction mean to imply that defendant NADINE GRIFFIN engaged in any such conduct.  It is for you as the trier of fact to make that determination, and to determine whether or not the defendant acted willfully.

Finally, you are instructed that although the government must prove that the defendant acted willfully, the government is not required to prove that the defendant acted with a bad purpose or evil motive. This is because intent and motive are different concepts that should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done.

---

Adapted from: <u>Pattern Criminal Jury Instructions for the First Circuit</u>, Instruction 4.27, 4.25; 2B <u>Federal Jury Practice and Instructions</u> §67.20 (5th ed. 2000); <u>Cheek v. United States</u>, 498 U.S. 192 (1991); <u>United States v. Conforte</u>, 624 F.2d 869, 875 (9th Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 1012 (1980); <u>United States v. Walker</u>, 896 F.2d 295, 297-98 (8th Cir. 1990); <u>United States v. Pomponio</u>, 429 U.S. 10, 12 (1976); <u>United States v. Powell</u>, 955 F.2d 1206, 1210 (9th Cir. 1992).

## Instruction No. 24
## Statements by Defendant

You have heard evidence that NADINE GRIFFIN made statements, orally and in writing, in which the government claims she admitted certain facts.

It is for you to decide (1) whether NADINE GRIFFIN made the statements and (2) if so, how much weight to give them.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statements.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 2.10.

### Instruction No. 25
### Bank Deposits Method of Proof

In this case, the government relies, in part, upon the so-called "bank deposits method" of proving NADINE GRIFFIN'S unreported gross sales. This method of proof proceeds on the theory that if a taxpayer is engaged in an income producing business or occupation and periodically deposits money in bank accounts in his name or under her control, an inference arises that such bank deposits represent taxable income unless it appears that the deposits represented redeposits or transfers of funds between accounts, or that the deposits came from nontaxable sources such as gifts, inheritances or loans.

Accordingly, you may infer that all deposits into NADINE GRIFFIN'S two bank accounts, concerning which you have heard evidence, represent gross sales to Ms. Griffin as the government asserts if you find:

First:       That, during the tax years in question, NADINE GRIFFIN was engaged in an income producing business or calling;

Second:      That she made regular deposits of funds from that business or calling into the bank accounts in at issue; and

-32-

<u>Third</u>:              That an adequate and full investigation of those

                    accounts was conducted in order to distinguish

                    between income and non-income deposits.

---

        <u>United States v. Morse</u>, 491 F.2d 149 (1st Cir. 1974);
<u>Eleventh Circuit Pattern Jury Instructions</u>, Criminal Cases, No.
93.3

## <u>Instruction No. 26</u>
### <u>Punishment</u>

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with the Court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if she is convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.

---

1 L.B. Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction No. 9-1 (1993).

**Instruction No. 27**
**[IF NECESSARY]**
**Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 2.10.

### Instruction No. 28
### Charts and Summaries – Not Admitted Into Evidence

Charts or summaries have been prepared by the government and were shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents which are in evidence in the case.  Such charts or summaries are not evidence in this trial or proof of any fact. If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

---

1A <u>Federal Jury Practice and Instructions</u> § 14.02 (5th ed. 2000).

**Instruction No. 29**
**Charts and Summaries – Admitted Into Evidence**

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also evidence in the case.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

---

1A Federal Jury Practice and Instructions § 14.02 (5th ed. 2000).

### Instruction No. 30
### Interviews by Government Attorneys

During the trial, you have heard testimony that government prosecutors or federal law enforcement agents have interviewed or attempted to interview witnesses who testified on behalf of the United States to prepare for trial.  No adverse inference should be drawn from that conduct.  Indeed, the United States Attorney, his assistants, and federal law enforcement officers had a right, duty, and obligation to conduct, and attempt to conduct, those interviews, and prepare this case as thoroughly as possible, and they might have been derelict and careless in the performance of their duties if they had not questioned the witnesses as the investigation progressed and during their preparation for this trial.

---

United States v. Alford, Crim. No. 03-153 (D.N.J. 1979).

-38-

**<u>Instruction No. 31</u>**
**<u>Definition of "Knowingly"</u>**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

_____

<u>Pattern Jury Instructions for the First Circuit</u>, Instruction No. 2.13.

**Instruction No. 32**
**Foreperson's Role; Unanimity**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 6.01.

-40-

## <u>Instruction No. 33</u>
## <u>Consideration of Evidence</u>

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

<hr />

<u>Pattern Jury Instructions for the First Circuit</u>, Instruction No. 6.02.

-41-

### Instruction No. 34
### Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

---

_Pattern Jury Instructions for the First Circuit_, Instruction No. 6.03.

## Instruction No. 35
## Return of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read Form]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 6.04.

## Instruction No. 36
## Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

_____

Pattern Jury Instructions for the First Circuit, Instruction No. 6.05.

**Instruction No. 37**
**[THE FOLLOWING INSTRUCTIONS:**
**IF NECESSARY, EITHER DURING TRIAL OR PART OF FINAL INSTRUCTIONS]**
**Stipulations**

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

_____

Pattern Jury Instructions for the First Circuit, Instruction No. 2.01.

-46-

## Instruction No. 38
## Impeachment by Prior Inconsistent Statement

You have heard evidence that before testifying at this trial, [witness] made a statement concerning the same subject matter as his/her testimony in this trial. You may consider that earlier statement to help you decide how much of [witness's] testimony to believe. If you find that the prior statement was not consistent with [witness's] testimony at this trial, then you should decide whether that affects the believability of [witness's] testimony at this trial.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 2.02.

**Instruction No. 39**
**Impeachment of Witness Testimony by Prior Conviction**

You have heard evidence that [witness] has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 2.03.

## Instruction No. 40
## Evidence of Defendant's Prior Similar Acts

You have heard [will hear] evidence that NADINE GRIFFIN previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of her character, defendant carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1)  Whether NADINE GRIFFIN had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2)  Whether NADINE GRIFFIN had a motive or the opportunity to commit the acts charged in the indictment; or

(3)  Whether NADINE GRIFFIN acted according to a plan or in preparation for commission of a crime; or

(4)  Whether NADINE GRIFFIN committed the acts she is on trial for by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of NADINE GRIFFIN prior similar acts.  Even if you find that defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that defendant committed the acts charged in this case.

_____

Pattern Jury Instructions for the First Circuit, Instruction No. 2.05.

-49-

### Instruction No. 41
### Use of Tapes and Transcripts

At this time you are going hear conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I am going to allow you to have a transcript to read along as the tape is played.  The transcript is merely to help you understand what is said on the tape.  If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

---

Pattern Jury Instructions for the First Circuit, Instruction No. 2.08.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day, July _____, 2006, served upon the person listed below a copy of the foregoing document, "GOVERNMENT'S PROPOSED JURY INSTRUCTIONS," by mail:


Alan Richey
P.O. Box 1505
Port Hedlock, WA 98339



_____
Christopher J. Maietta