UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | Criminal No. 05-CR-10175-WGY-1 |
| ) | |
| v. ) | |
| ) | |
| **NADINE J. GRIFFIN,** ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION FOR RECONSIDERATION
CONCERNING THE ADMISSABILITY OF IRS CERTIFICATES OF ASSESSMENTS,
PAYMENTS, AND OTHER SPECIFIED MATTERS**

The United States of America, by and through undersigned counsel, hereby submits this motion for reconsideration concerning the admissibility of pre-marked exhibits H through O, the IRS Certificates of Assessments, Payments, and other Specified Matters ("Certificates of Assessment") (IRS Form 4340), 1993 trough 2000, for Nadine Griffin. The Court denied their admission, even though the First Circuit and other courts of appeal have deemed these forms routinely admissible. Geiselman v. United States, 961 F.2d 1,5-6(1st Cir. 1992) (Certificates of Assessment provide presumptive proof that a tax assessment has been made, and that demand for payment has been executed); Stuart v. United States, 337 F.3d 31, 35 (1st Cir. 2003) (same); see also Hughes v. United States, 953 F.2d 531, 539 (9th Cir. 1992) (holding IRS Certificates of Assessment to be admissible).

1729730.1

In its ruling, the Court held, correctly, that there is no issue concerning authenticity. As Paul Crowley, the IRS Service Center Representative and custodian of records, testified, Exhibits H through O were documents prepared by the IRS based upon data and information collected and retained by the IRS. Further, these records are self-authenticating under Fed. R. Evid. 902(11), accompanied as they are by written declarations by an IRS custodian, and qualifying as they do as records prepared and kept "in the course of a regularly conducted business activity." Fed. R. Evid. 803(6); see also Fed. R. Evid. 803(8); Hughes, 953 F.2d at 539 (9th Cir. 1992) (holding IRS Certificates of Assessment to be admissible). Indeed, Paul Crowley testified that the information and data collected in the Forms 4340 are data collected by the IRS in the normal course of its business activities.

The Court excluded these documents on the grounds of relevance. Fed. R. Evid. 401. However, these documents are relevant with respect to the defendant's intent because they show that Ms. Griffin knew she had a duty to file tax returns and report her income, that she repeatedly filed her tax returns late, that she was assessed penalties and interest for filing her returns late and for failing to pay her taxes upon demand for payment by the IRS, and that the IRS was forced to make demand for payment as well as issue notices of balance due and intent to

levy.  In fact, even in 1998, when Ms. Griffin reported but a small fraction of her total gross sales, Ms. Griffin filed her tax return late, refused to submit her tax payment (based upon the income she disclosed) along with her return, forced the IRS to issue notices of balance due, and, when Ms. Griffin still failed to submit payment, led the IRS to issue a notice of an intent to levy.  See Exhibit M.[1]  As the First Circuit has noted, the Certificates of Assessments "constitute[] presumptive proof that the IRS gave notice of the assessments and made demands for payment."  Geiselman, 962 F.2d at 5-6.

All of this goes to show that Ms. Griffin formed the motive and intent to evade payment of taxes and, thus, intended to file false tax returns in 1998 and 1999 by omitting substantial amounts of her taxable income from such returns.  See Fed. R. Evid. 404(b) (motive and intent as exceptions).  They also show that after being penalized by the IRS for not making payment, Ms. Griffin had the motive to remove substantial amounts of her income from her returns beyond the reach of the IRS so that the

---

[1]   The Certificates of Assessment contain various pieces of information, some of which is provided by the taxpayer.  For example, these documents list the adjusted gross income, the taxable income, and the tax assessed – all of which is based upon what the taxpayer, Ms. Griffin in this case, disclosed.  See, e.g., Exhibit M.  In addition, these documents show how much penalty and interest the IRS assessed, as well as additional actions taken by the IRS for failure to pay - including issuances of statutory notices sent to the taxpayer, as well as notices of intent to levy, also sent to the taxpayer.  Id.

IRS could then not assess, make demand for payment, and impose additional penalties. Id. Finally, this evidence shows that Ms. Griffin's omission from her 1998 and 1999 returns of substantial income was no mistake or accident: her filing history, as reflected in the Certificates of Assessment, shows that she knew she had to file tax returns, and that she knew she was required to report all her income.

 Accordingly, we respectfully request that the Court reconsider its prior ruling denying the admissability of these documents, and admit Exhibits H through O. In addition, we request permission to further examine Paul Crowley on these documents so that the jury understands the information that they contain.

WHEREFORE, the government respectfully submits its Motion for Reconsideration Concerning the Admissibility of IRS Certificates of Assessments, Payments, and Other Specified Matters.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:
/s/ *Christopher J. Maietta*
CHRISTOPHER J. MAIETTA
Trial Attorney
U.S. Department of Justice


/s/ *John N. Kane*
JOHN N. KANE
Trial Attorney
U.S. Department of Justice


Dated: July 11, 2006

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this day, July _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

        Alan S. Richey, Esq.
        P.O. Box 1505
        Port Hadlock, Washington 98339
        (360) 437-4005

        _____
        Christopher J. Maietta

1729730.1