UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTES

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Plaintiff, | ) Criminal No. 05-CR-10175 |
| | ) |
| NADINE J. GRIFFIN, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S NOTICE OF SUPREME COURT DECISION
IN BRYAN V. U.S. 524 U.S. 184 (1998)

Defendant, by and through her Counsel of record, files this Notice to this Honorable Court that the Supreme Court has ruled that "[I]n certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating. *Bryan v. U.S.*, 524 U.S. 184, 194 (1998); see e.g., *Cheek v. United States*, 498 U.S. 192, 201 (1991)

On July 18, 2006, at apprx. 12:00 pm eastern time, this Court made an exchange with a witness on the stand, a Mrs. Margo Cetori, during an objection by the Government, and directed that because the jury was not required to find the Defendant was aware of the specific provision she is alleged to have violated, Defense Counsel was overruled in regard to asking certain questions about what this witness' knowledge was about the law

1

she plead guilty to violating.  Defendant believes this Court incorrectly instructed the jury on the element of willfulness by making the determination that the knowledge component did not include a requirement that the Defendant was aware of the specific law she is alleged to have violated.

The Supreme Court in defining the meaning of "willful" and the "exception to ignorance of the law" is no excuse to a violation of law, mandated that "[I]n certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating. *Bryan v. U.S.*, 524 U.S. 184, 194 (1998); see e.g., *Cheek v. United States*, 498 U.S. 192, 201 (1991)

In *Cheek*, the Supreme Court described willful as a three part test. "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government (1) to prove that the law imposed a duty on the defendant, (2) that the defendant knew of this duty, and (3)  that he voluntarily and intentionally violated that duty."  (Emphasis added) Id. at 201

> The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common law presumption by making **specific intent to violate the law** an element of certain federal criminal tax offenses. Thus, the Court almost 60 years ago interpreted the statutory term "willfully" as used in the federal criminal tax statutes **as carving out an exception to the traditional rule**. This special treatment of criminal tax offenses is largely due to the complexity of the tax laws. In *United States v. Murdock*, 290 U.S. 389 (1933), the Court recognized that:

> "Congress did not intend that a person, by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct." Id., at 396.

*Cheek v. United States*, 498 U.S. at199- 200 (1991)

In this case, the Government is intending to prove that Defendant was aware that what the former IRS/CPA prepared for her to submit to the IRS was false to a material matter and that she made and knew said income information reported not only was false and fraudulent but that Defendant was aware of 26 U.S.C. § 7206(1) and that her conduct was made criminal under the specific section of 7206.

Without reading into section 7206, and because the Government is required to prove beyond a reasonable doubt that Defendant made a false and fraudulent return to the IRS and that what was false and fraudulent was to a material matter, as well as the Government must prove beyond a reasonable doubt Defendant was aware of both the facts that violated section 7206(1) and the law (section 7206) that the facts violated, the Government has the burden of proving beyond a reasonable doubt that what should have been reported resulted in a Tax Loss to the United States.

## CONCLUSION

In order to avoid prejudice the Court should cure the plain error and give an curative instruction that would properly instruct the jury they are required to find the Defendant was aware of the specific provision of the tax code that the Defendant is

alleged in the indictment to have violated.

                      Respectfully Submitted
                      /s/ Alan S. Richey
                      Alan S. Richey, Esq
                      P.O. Box 1505
                      Port Hadlock, Washington

## Certificate of Service

I HEREBY CERTIFY THAT a true and correct copy of Defendant's Notice in Opposition to the Government's Notice was served through the Court's ECF system as well as in person to:

Christopher J. Maietta
John N. Kane
U.S. Department of Justice

                      /s/ Alan S. Richey
                      Signature of Server