UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Plaintiff, | ) Criminal No. 05-CR-10175 |
| | ) |
| NADINE J. GRIFFIN, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S ALTERNATIVE JURY INSTRUCTIONS

Pursuant to Fed.R.Cr.Pr. 30, Defendant hereby requests that the Court charge the jury in this case in accordance with the following instructions. Defendant reserves the right to make any changes to these instructions in light of any discussions or court rulings that would affect the Defendant's right to a jury trial or for any other matter.

Respectfully Submitted
/s/ Alan S. Richey
Alan S. Richey, Esq
P.O. Box 1505
Port Hadlock, Washington

DEFENDANT'S # 3

Preliminary Statement of Crime Charged in the Indictment

Nadine Griffin is charged with two counts of willfully filing false income tax returns and line 1 on Schedule C for years 1998 and 1999.

DEFENDANT'S # 10

Statutory Purpose

It is not the object of the law to punish a person for a frank difference of opinion with regard to the income tax laws of the United States.  These laws and regulations make up millions of words and tens of thousands of pages which makes them very complicated and therefore Congress softened the impact and makes it a crime only if the person charged has the specific intent to do something other than what the law requires.

*Cheek v. U.S.*, 498 U.S. 192, 199-200 (1991)*United States v. Murdock*, 290 U.S. 389 (1933)

DEFENDANT'S # 11

Section 7206(1)

Section 7206(1) reads in relevant part:

Any person who -   willfully makes and subscribes any return....., which contains or is verified by a written declaration that it is made under the penalty of perjury, and which the Nadine Griffin does not believe to be true and correct as to every material matter shall be guilty of an offense against the laws of the United States.

DEFENDANT'S # 12

Nature of Charge

Counts One and Two charge Nadine Griffin with making and subscribing two 1040 Tax Forms and line 1 on Schedule C for 1998 and 1999 which she did not believe to be true and correct as to every material matter and which was verified under the penalty of perjury.

Case 1:05-cr-10175-WGY    Document 119    Filed 07/19/2006    Page 5 of 14

DEFENDANT'S # 13

Before you can find Nadine Griffin Guilty of violating Section 7206(1), you must first find that the government proved beyond a reasonable doubt:

1) that Nadine Griffin made the Form 1040 with attached schedules to the IRS; and

2) that Nadine Griffin subscribed the Form 1040 with attached schedules to the IRS; and

3) that the Form 1040 contained a written declaration that it was made under the penalty of perjury; and

4) that the Form 1040 and line 1 Schedule C contained some false information; and

5) that the false information was to a material matter; and

6) that Nadine Griffin acted willfully.

1st Circuit 4.27 Pattern, direct language of 7206(1)

DEFENDANT'S # 14

The word "subscribed" means Nadine Griffin signed her name to the Form 1040 and had knowledge of the contents therein.

7206(1) Title 26

DEFENDANT'S INSTRUCTION # 15

Materiality defined

A material fact is one which a reasonable person would consider important in determining his or her choice of action in the transaction in question.

*U.S. v. Blastos*, 258 F.3d 25, 28 (1st Cir. 2001)

DEFENDANT'S INSTRUCTION # 16

Willfulness defined

"Willfulness" means when used in this case, the Jury must find the Government proved beyond a reasonable doubt

(1) that some specific provision of the Internal Revenue Code imposed a duty on Nadine Griffin to report all the gross sales of CFS and Angelica Holdings on a Form 1040 and line 1 Schedule C with her name on it, that

(2) Nadine Griffin was made aware of the specific provision imposing on her the duty to report the gross sales of CFS and Angelica Holdings on Form 1040 and on line 1 of Schedule C with her name on it, and

(3) that Nadine Griffin voluntarily and intentionally violated the requirement under the same specific provision.

If you find that each of the three elements above were met, then you must determine whether Nadine Griffin was made aware of the specific provision of the tax code that she is charged with violating.

*Bryan v. U.S.*, 524 U.S. 184, 194 (1998); *Cheek v. U.S.*, 498 U.S. 192, 201 (1991)

DEFENDANT'S # 17

Proof of Tax Deficiency is Material

The Government is required to prove beyond a reasonable doubt that a specific amount of tax was due and owing to the IRS by Nadine Griffin for the years 1998 and 1999.

*Booker v. U.S.* (2005); 6th Amendment; 7206(1)

DEFENDANT'S # 18

Good Faith

Nadine Griffin's conduct is not willful is she acted through mistake or due to good faith. Thus, if you find that Nadine Griffin acted in good faith that she had done all the law required, you may not find that she acted willfully and you must acquit her.

*Cheek v. U.S.* 498 U.S. 192, 201 (1991)

DEFENDANT'S # 42

Reasonable doubt

It is not required that the government prove guilt beyond all possible doubt; the test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense. It does not mean that the government has an obligation to prove the charge in this count to an absolute or mathematical certainty. Proof beyond a reasonable doubt does not mean proof to the degree of certainty that you have that the sun will rise tomorrow or if you add five and five you will get ten. It does not mean the doubt in the mind of a juror who is looking for a doubt or looking for an excuse to acquit, reasonable doubt means the doubt in the mind of a reasonable juror who is seeking the truth. It is a doubt based on reason and common sense.

The test is, are you satisfied that, acting as reasonable persons and applying your reasoning to the evidence before you, you arrive at a conclusion that the offense as charged has been committed by Nadine Griffin; and, are you so satisfied of that fact as to leave no other reasonable conclusion possible. Reasonable doubt may arise because there is simply not enough evidence or because you do not accept the evidence that was offered. It may be that the evidence is susceptible to one of two interpretations, one favoring not guilty, one favoring guilty. If that is the case, Nadine Griffin is entitled to the benefit of the interpretation that favors not guilty. The jury will remember that a Nadine Griffin is never to be convicted on mere suspicion or conjecture. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.

This burden never shifts to Nadine Griffin, for the law never imposes upon a Nadine Griffin in a criminal case the burden or duty of calling any witnesses or producing any evidence.

*U.S. v. Vavlitis*, 9 F.3d 206 (1st Cir. 1993)

DEFENDANT'S # 43

Tax Avoidance

The participation of a person in the legal avoidance of any tax is not a punishable offense.

Certificate of Service

I HEREBY CERTIFY THAT a true and correct copy of Defendant's Alternative Jury Instructions was served through the Court's ECF system on July 19, 2006 to:

Christopher J. Maietta
John N. Kane
U.S. Department of Justice

                /s/ Alan S. Richey
                Signature of Server