UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Plaintiff, | ) Criminal No. 05-CR-10175 |
| | ) |
| NADINE J. GRIFFIN, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S OBJECTIONS TO GOVERNMENT'S JURY INSTRUCTIONS

The Defendant files her objections pursuant to Fed.R.Cr. P. 30(d) to the Government's requested jury instructions. Defendant reserves the right to raise further objections to these or other proffered instructions.

Defendant has no objection to the following proposed jury instructions by the Government. Defendant does not have any objection to Government's Instruction # 1,2,4,5,6,7,8,9,19,20,,21,22,28,29,32,33,34,35,36,37,38,39,

Defendant objects to the following proposed instructions; 3,10,11,12,13,14,15,16,17,18,23,24,25,26,27,30,31,40,41.

Defendant offers # 42 and 43 in her proposed instructions filed on July 19, 2006.

Defendant's objections are as follows:

<u>As to Government's # 3</u> - Defendant objects to the added language of the first element "caused to be made a" as this language is not codified by Congress in section

1

7206(1) nor is it in the pattern jury instructions by the 1st Circuit Court of Appeals. Also, instead of "federal income tax return" the instruction should specify "federal income tax form 1040 and schedules". This should remain consistent throughout the instruction everywhere the Government proposes the word "return" appears. Furthermore, the Government needs to identify which of the three "return, statement or other document" they intend to rely upon as the theory of their case in chief. Defendant offers a perfected instruction to this instruction.

As to Government's # 10  - Defendant objects to this instruction and would further clarify that it must include that the "system of tax collection in the United States relies upon the honesty of the taxpayers and the government. The taxpayers need the government to comply with the law so that the system will work. Congress therefore has mandated that no person shall be subject to any penalty for failure to comply or measure up to the complicated tax system without the IRS complying fully with the law and without the Government showing the Defendant was aware of the specific provision of the tax code she is charged with violating." Defendant offers a perfected instruction to this instruction.

As to Government's # 11 - Defendant objects to this instruction that relies upon the words "any return, statement or other document" and demands that one of the three descriptive terms is advanced while the other two are removed as this Court produce a verdict that conflicts with the instruction on unanimous requirement. Defendant offers a

perfected instruction to this instruction.

<u>As to Government's # 12</u> - Defendant objects to this instruction as it needs to incorporate the proper description of the object which was the subject of the charged crime. It should say "signed two Form 1040s and accompanying schedule Cs for 1998 and 1999a and should also address the specific item on line 1 of schedule C for both years as the specific material matter" being contested by the Government in their case in chief. Defendant offers a perfected instruction to this instruction.

<u>As to Government's # 13</u> - Defendant objects to the Government's Instruction as it does not reflect the pattern jury instruction on the elements of section 7206(1) nor does it comport to the statute itself on the direct language of section 7206(1). Defendant offers a perfected instruction to this instruction.

<u>As to Government's # 14</u> - Defendant objects to this instruction as it misreads the law under section 7206 in that it omits "make," the term "make" must be defined first, as well as this instruction places "subscribe" beyond the term "make," which comes first in the statute. Defendant also objects to the entire instruction as it relies upon prima facie evidence, while the actual requirement is that the jury must find the Defendant subscribed the specific object beyond a reasonable doubt. Defendant further objects that Defendant's knowledge may be inferred without any additional proof from the government as to her state of mind. Defendant offers a perfected instruction to this instruction.

<u>As to Government's # 15</u> - Defendant objects to this materiality instruction

proposed, as the jury must find that the "information" of money paid to CFS was information required by some specific provision of the tax code to be reported on Nadine Griffin's aline 1 of schedule C attached to her Form 1040 individual income tax return" and, if so, was it required to appear on "line 1 of Schedule C" or was it required to appear somewhere else on the return? Then the Government is required to prove that what the Defendant put on line 1 of Schedule C had the capability of influencing the IRS. Defendant offers a perfected instruction to this instruction.

As to Government's # 16 - Defendant objects totally to this instruction as it neither reflects the 1st Circuit Pattern Instruction nor reflects the holding by the Supreme Court in Cheek v. U.S. and Bryan v. U.S. Defendant offers a perfected instruction to this instruction.

As to Government's # 17 - Defendant objects to this instruction as it is not consistent with section 7206, the elements articulated by the 1st Circuit. Or is "not suffered a pecuniary or monetary loss" consistent with the "false statement of information was material" and capable of "influencing the IRS". Defendant offers a perfected instruction to this instruction.

As to Government's # 18 - Defendant objects to this instruction as it attempts to shift the burden to the Defendant and that she must prove her good faith. This would be inconsistent with the burden remaining with the government which can never shift to the Defendant. Defendant offers a perfected instruction to this instruction.

As to Government's # 23 - Defendant objects to this instruction as it directly contradicts other instructions that define what "willfully" means. The Government is required to show that the Defendant was aware of the specific provision of the tax code that she is accused of violating, which is 26 U.S.C. 7206. The Government is required to prove there was a law requiring her to report the Global Income upon the Form 1040, and upon line 1 Schedule C, that she new she was required to report the Global Income upon the Form 1040, line 1, Schedule C, and that she voluntarily and intentionally refused to report all Global Income paid to CFS on her Form 1040, line 1, Schedule C.

As to Government's # 24 - Defendant objects to this instruction as "Nadine Griffin" has not made any statements in this trial.

As to Government's # 25 - Defendant objects to this instruction as to the phrase "unreported gross sales" and should be replaced with language "gross sales from business activity". Defendant also objects as this instruction says that the jury should hold as a matter of law that if a human being makes a deposit in the name of a business entity that the money deposited is the liability of the depositor and not the business itself. Also, this instruction directs the jury erroneously that it "may infer that all deposits into two bank accounts....represents gross sales to Ms. Griffin" as government witness Mike Pleshaw has testified. Furthermore, the rest of this instruction is incomplete; for instance "into the bank accounts in at issue" and "engaged in an income producing business or calling". Defendant does not know what a "calling" is or "in at issue" means.

<u>As to Government's # 26</u>  - Defendant objects to this instruction as it infers guilt. all the Court needs to tell the jury is not to concern themselves with any issue but those issues the Court presents to it.  Defendant offers a perfected instruction to this instruction.

<u>As to Government's # 27</u> - Defendant objects to this instruction as no "experts" have been presented to this Jury.  The only expert the Government offered was an expert in "trust me" by the IRS.

<u>As to Government's # 30</u> - Defendant objects to this instruction as it is not necessary.

<u>As to Government's # 31</u>  - Defendant objects to this instruction as it is duplicitous and has been defined under the term willful in Defendant's perfected instructions.

<u>As to Government's # 40</u> - Defendant objects to this instruction as there has been no evidence entered in this case that a jury could infer other bad acts.

<u>As to Government's # 41</u>  - Defendant objects to this instruction that it does not reflect the occurrences that took place in this trial. Defendant offers a perfected instruction to this instruction.

Respectfully Submitted
/S/ Alan S. Richey
Alan S. Richey, Esq
P.O. Box 1505
Port Hadlock, Washington

Certificate of Service

I HEREBY CERTIFY THAT a true and correct copy of Defendant's Objections to Government's Proposed Jury Instructions was served through the Court's ECF system as well as by mail on July 20, 2006 to:

Christopher J. Maietta
John N. Kane
U.S. Department of Justice

/s/ Alan S. Richey
Signature of Server