UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 05-CR-10175-WGY-1 |
| | ) | |
| v. | ) | |
| | ) | |
| NADINE J. GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S PROPOSED SPECIAL INSTRUCTIONS

The government respectfully submits the attached proposed special instructions relating to the sentencing enhancements that are relevant to this case. While the government continues to object to the Court's submission to the jury of sentencing guideline issues and its application of the beyond-the-reasonable-doubt standard to sentencing issues, it provides these instructions to the Court given the Court's decision to submit these issues to the jury. The government respectfully reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

In addition, the government respectfully requests that these instructions be given to the jury after any guilty verdicts on one or both counts of the indictment and after the jury has heard additional closing argument by the parties.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   */s/ Christopher Maietta*
      CHRISTOPHER MAIETTA
      Trial Attorney
      U.S. Department of Justice
      Tax Division

By:   */s/ John N. Kane*
      JOHN N. KANE
      Trial Attorney
      U.S. Department of Justice
      Tax Division

**GOVERNMENT'S REQUESTED INSTRUCTION NO. _____**

**Special Questions for Jury Determination**

If you find the defendant guilty of the crimes charged in the indictment, you must then answer three special questions regarding the following issues:

(1) the amount of tax loss, if any, that the defendant is responsible for;

(2) whether the offenses which defendant is guilty of involved sophisticated concealment, and

(3) whether the defendant was a leader or organizer of a criminal activity.

Again, I remind you that you must FIRST determine whether the defendant is guilty of the offenses charged in the indictment. Only then are you to consider these special questions. If you find the defendant not guilty of the offenses charged in the indictment, then go no further. If you find the defendant guilty of either offense, or both, as charged in the indictment, then proceed to determine the three special questions discussed in the following paragraphs.

**SPECIAL QUESTION NUMBER 1: TAX LOSS**

If you find the defendant guilty of the offenses in the indictment, you must then determine the tax loss, if any, that the defendant is responsible for. The burden is on the government to prove beyond a reasonable doubt the evidence of the amount of the tax loss.

The "verdict form" I give you will have a space for you to indicate the amount of tax loss, if any, that the defendant is responsible for.  Your decision regarding the tax loss, if any, that the defendant is responsible for must be unanimous.

If you are able to reach a unanimous agreement about the amount of tax loss the defendant is responsible for, you should write that amount in the space provided and then proceed to the two other special questions.

Below the space provided for you to write the amount of tax loss, if any, is a tax loss range of more than $200,000.  If you are unable to reach a unanimous agreement about the specific amount of tax loss, if any, that the defendant is responsible for, you must then determine whether the government has proven beyond a reasonable doubt that the defendant is responsible for the tax loss in that range set forth in the "verdict form."  In determining the amount of tax loss, if any, the defendant is responsible for, use the space provided in the "verdict form" by placing a check-mark (✓) next to the amount of tax loss, if any, you find the defendant responsible for.

For instance, if you agree unanimously that the defendant is responsible for a tax loss of more than $200,000, you should place a check-mark (✓) in the space next to that range and go no further.  However, if you are unable to agree unanimously that the defendant is responsible for a tax loss of more than $200,000, you should leave this portion of the verdict form

blank, and move to the next special question.

Remember that the government must prove beyond a reasonable doubt the amount of the tax loss, if any, that the defendant is responsible for.

After making a determination as to the amount of tax loss, if any, the defendant is responsible for, you must then proceed to "special question number 2"and "special question number 3."

**SPECIAL QUESTION NUMBER 2: SOPHISTICATED CONCEALMENT**

After determining special question number 1 concerning the tax loss, if any, you must determine whether the offenses involved "sophisticated concealment." The burden is on the government to prove beyond a reasonable doubt whether the offenses involved sophisticated concealment.

If you find that the offense did not involve "sophisticated concealment," then place a check-mark (✓) next to the space "No," and proceed to special question number 3. However, if you find that the offenses involved sophisticated concealment, then place a check-mark (✓) next to the space "Yes," and proceed to the special question number 3.

**SPECIAL QUESTION NUMBER 3: LEADER OR ORGANIZER**

After determining the special questions concerning tax loss and sophisticated concealment, you must then determine whether the defendant was a leader or organizer of a criminal activity. The burden is on the government to prove beyond a reasonable doubt whether the defendant was a leader or organizer of a

criminal activity.

If you find that the defendant was a leader or organizer of a criminal activity that involved five or more participants or was otherwise extensive, then check-mark (✓) the box in the space provided for leader or organizer of a criminal activity that involved five or more participants, and proceed no further. If you find that the defendant was not a leader or organizer of a criminal activity that involved five or more participants, then leave that space blank and proceed to the next range.

If you find that the defendant was a manager or supervisor (but not the organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, then check-mark (✓) the box in the space provided for manager or supervisor (but not the organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, and proceed no further. If you do not find that the defendant was a manager or supervisor of a criminal activity five or more participants then, then leave that space blank and proceed to the next range.

If you find that the defendant was an organizer, leader, or supervisor in any criminal activity, other than previously described-above, then check-mark (✓) the box in the space provided for organizer, leader, or supervisor in any criminal activity, and proceed no further. If you find that the defendant was not an organizer, leader, or supervisor in any criminal

activity, then leave that space blank and proceed no further.

## **Sophisticated Concealment**

### **Definition**

Sophisticated concealment is defined as especially complex or especially intricate conduct in which deliberate steps are taken to make the offense, or its extent, difficult to detect. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore bank accounts ordinarily indicates sophisticated concealment.[1]

For example, if a defendant used offshore bank accounts, or transactions through corporate shells or fictitious entities, then she has used sophisticated means to conceal her offense.[2]

---

[1] United States Sentencing Guidelines, § 2T1.1(b)(2) (Nov. 1998), Application Note #4.

[2] Id.

**Organizer or Leader of Criminal Activity**

**Definition**

A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense is not a participant.

In assessing whether an organization is "otherwise extensive," all persons involved during the course of the entire offense are to be considered. Thus, a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive.

In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors to consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.[3]

---

[3] United States Sentencing Commission, <u>Guidelines Manual</u>, §3B1.1(a), (c)(Nov. 1998), Application Note #4.