UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 05-CR-10175-WGY-1 |
| ) | |
| v. ) | |
| ) | |
| NADINE J. GRIFFIN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the Untied States, by and through its attorneys, hereby submits its Supplemental Proposed Jury Instructions to the Court. The United States respectfully requests the opportunity to supplement, modify, or withdraw these requests for instructions in light of further requests for instruction, if any, filed by the defendant and the evidence in the case.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney


              By:   */s/ Christopher Maietta*
                    CHRISTOPHER MAIETTA
                    Trial Attorney
                    U.S. Department of Justice
                    Tax Division


              By:   */s/ John N. Kane*
                    JOHN N. KANE
                    Trial Attorney
                    U.S. Department of Justice
                    Tax Division

**GOVERNMENT'S REQUESTED INSTRUCTION NO. _____**

TAX RULES - TRUSTS

Under the Internal Revenue Code, income earned or generated within a trust is attributed to either the person who places property in the trust, or to the trust, or if a distribution is made to a beneficiary, then to the beneficiary. Income must be reported and taxes due and owing must be paid on the due date following the tax year.

If the trust earns or generates a sufficient amount of income to trigger a tax due and owing, after any deductions, credits and offsets, then at least one of these three parties is liable for any tax due.

Authority:
As provided in United States v. Meredith, 02-CR-372 (C.D.Cal. 2004)
26 U.S.C. § 1(e)(2) (tax imposed on trust income)
26 U.S.C. § 61(15) (gross income includes income from a trust)
26 U.S.C. § 63(a) (taxable income means gross income minus deductions)
26 U.S.C. § 63(c)(6)(D) (standard deductions for a trust is zero)
26 U.S.C. § 6012(a)(4) (trust tax return filing requirement)
26 U.S.C. § 6011(a) (general requirement of return)
26 U.S.C. § 7701(a)(1) ("person" shall be construed to mean and include a trust)
26 U.S.C. § 6151(a) (time and place for paying tax shown on return)
26 U.S.C. § 671-679 (grantor trust rules)
United States v. Scott, 37 F.3d 1364 (10th Cir. 1994)

**GOVERNMENT'S REQUESTED INSTRUCTION NO. _____**

<u>SHAM TRUST</u>

The substance rather than the form of a transaction is controlling for tax purposes.  Accordingly, if the owner of property that is allegedly transferred to a trust or business entity retains an economic interest in, or control over, the trust or business entity, the owner is treated for income tax purposes as the owner of the property, and all transactions by the trust or business entity are treated as transactions of the owner. In such an event, such a business entity or trust will be deemed to be what is called a sham.

In determining whether a trust or a business entity is a sham in which the owner retains an economic interest in and control over the property, the following four factors are applied:

- A. Does the taxpayer's relationship to the property differ materially after the trust's formation;

- B. Is there an independent trustee;

- C. Is there an economic interest or legally enforceable rights passed to the beneficiaries; and

- D. Are the restrictions contained in the trust and under the law respected.

If a trust or business entity is determined to be a sham and is disregarded, then any income generated by the

trust or business entity is taxable to the individual(s) personal tax return who placed the asset, property or business into the trust or business entity.

Authority:

Gregory v. Helvering, 293 U.S. 465 (1935)
IRS Notice 97-24
United States v. Meredith, 02-CR-372 (C.D. Cal. 2004)
Zmuda v. Commissioner, 731 F.2d 1417, 1421 (9th Cir. 1984)
Lund v. Commissioner, 2002 WL 1401905, 90 A.F.T.R.2d 2002-5242 (9th Cir. 2002);
United States v. Scott, 37 F.3d 1564, 1572 (10th Cir. 1994)
26 U.S.C. §§ 671-79.

**GOVERNMENT'S REQUESTED INSTRUCTION NO. _____**

<u>NON-RESIDENT ALIEN</u>

According to the Tax Code, a person is a "nonresident alien" only if he or she is neither a citizen of the United States nor a resident of the United States.

A person is a citizen if he or she was born in the United States or naturalized as a United States citizen.

A person is a resident of the United States during a tax year if admitted into the United States as a "resident alien" by the Immigration and Naturalization Service or if he or she resided in the United States for 31 days during the tax year and at least 183 days during the tax year and previous 2 tax years.

Thus, if a defendant is a resident of the United States during a tax year, then he or she was not and could not have been a nonresident alien. The tax code imposes taxes on citizens and residents of the United States, as well as on nonresident aliens who earn income in the United States. Accordingly, even if a person is a nonresident alien, he or she would still have to pay taxes on the income he or she earned from sources within the United States.

<u>Authority</u>:

As provided in <u>United States v. Meredith</u>, 02-CR-372 (C.D.Cal. 2004)
26 U.S.C. § 7701(b)(1)(B)
26 U.S.C. § 7701(b)(1)(i),(ii)
26 U.S.C. § 7701(b)(3)
26 U.S.C. § 7701(b)(6)
26 CFR §1.1(c)
<u>United States v. Studley</u>, 783 F.2d 934, 937 n.3 (9th Cir. 1986)
<u>United States v. Ward</u>, 833 F.2d 1538, 1539 (11th Cir. 1987)
<u>United States v. Gerads</u>, 999 F.2d 1255, 1256 (8th Cir. 1993)

**GOVERNMENT'S REQUESTED INSTRUCTION NO. _____**

<u>FOREIGN EARNED INCOME</u>

Under the Internal Revenue Code, United States citizens and resident aliens with income from sources outside the United States, must report all the income on their tax return unless it is exempt by U.S. law.  This is true whether the United States citizen or resident alien resides inside or outside the United States and whether or not the person receives a Form 1099 or similar statement from the foreign payer.

In general, all citizens of the United States, wherever resident, and all resident alien individuals are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States.

<u>Authority</u>:

26 U.S.C. § 61
26 C.F.R. § 1.1(b)
26 C.F.R. § 1.871-1(a)
<u>Cook v. Tait</u>, 265 U.S. 47 (1924)
<u>Demore v. Kim</u>, 538 U.S. 510, 544 (2003)(dissenting opinion)
<u>Ray v. Briney</u>, 2004 WL 1465685, 94 A.F.T.R.2d 2004-5174 (D. Or. 2004)
<u>Kappus v. Commissioner of IRS</u>, 337 F.3d 1053, 1055 (D.C. Cir. 2003)

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_\_**

<u>Assignment of Income</u>

Under the tax laws of the United States, income is taxed to the person or entity which earns or controls that income. The use of sham transactions to avoid tax liability is illegal.

<u>Lucas v. Earl</u>, 281 U.S. 111 (1930)

<u>Commissioner v. Court Holding Company</u>, 324 U.S. 331 (1945)

<u>United v. Culberston</u>, 337 U.S. 773, 739-40 (1949)

<u>United States v. Basye</u>, 410 U.S. 441, 450 (1973)

**GOVERNMENT'S PROPOSED INSTRUCTION NO.**

The term "income" is a broad concept that includes any economic gain from whatever source.  The essence of income is the accrual of some gain, profit, or benefit to the taxpayer.

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for performing services, or dealings in property.  The tax is also levied upon profits earned from any business, regardless of its nature -- legal or illegal - and from interest, dividends, rents and the like.  In short, the term "gross income" means all income from whatever source unless it is specifically excluded by law.

Authority:

26 U.S.C. § 61

Commissioner v. Wilcox, 327 U.S. 404 (1946)

United States v. Hairston, 819 F.2d 971, 974 (10th Cir. 1987) (tax due is an element of the distinct offense of tax evasion, 26 U.S.C. § 7201).