UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) Criminal No. 05-CR-10175-WGY-1 |
| | ) |
| v. | ) |
| | ) |
| **NADINE J. GRIFFIN,** | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S MOTION TO CONTINUE AND STAY RETRIAL OF COUNT I PENDING FINAL RESOLUTION OF ANY APPEAL CONCERNING THE COUNT OF CONVICTION (COUNT II)

The United States of America, by and through undersigned counsel, hereby submits this Motion to Continue and Stay Retrial of Count I Pending Final Resolution of Any Appeal Concerning the Count of Conviction (Count II).  The government represents to this Court that if the United States Court of Appeals for the First Circuit affirms defendant's conviction with respect to Count II of the indictment (assuming defendant appeals the conviction), the government will move to dismiss Count I of the indictment.  Because the Court, the government, defendant, and the public interest will benefit from a continuance which may obviate any need to retry Count I, and because the First Circuit tacitly endorsed such an approach in cases involving partial verdicts, the government respectfully moves for a continuance and stay of the retrial of Count I pending final resolution of any appeal pursuant to 18 U.S.C. § 3161(h).  United States v.

Levasseur, 846 F.2d 786, 791-94 (1st Cir. 1988); see also United States v. Levasseur, 635 F. Supp. 251 (E.D.N.Y. 1986); United States v. Dusenbery, 246 F. Supp.2d 802, 804-07 (N.D. Ohio 2002); United States v. Mapp, 945 F. Supp. 43, 44-46 (E.D.N.Y. 1996); United States v. Clark, 1987 WL 13273, *2-*3 (S.D.N.Y. June 30, 1987).

On July 10, 2006, the trial of defendant Nadine Griffin commenced. The indictment charged defendant with two counts of filing false income tax returns: Count I charged her with filing a false 1998 income tax return, and Count II charged her with filing a false 1999 income tax return. After almost two weeks of trial, the jury returned a partial verdict, finding Ms. Griffin guilty on Count II of the indictment. Unable to reach a unanimous verdict concerning Count I of the indictment, the Court declared a mistrial as to Count I. The Court then ordered the government to disclose by August 15, 2006 whether it intends to retry Ms. Griffin on Count I, or whether it will seek dismissal of this remaining charge.

Pursuant to 18 U.S.C. § 3161(e), retrial of mistried counts must commence no later than seventy days after the declaration of mistrial, or after the Court orders a new trial. Section 3161(e) also provides that "[i]f the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning

the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical."

The exclusions of time provided by § 3161(h) are applicable to the seventy-day speedy trial limitation for retrials under § 3161(e).  Pursuant to § 3161(h)(8)(A), a court may exclude any period of delay resulting from a continuance granted by the court on the basis of findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

Here, there can be no question that both the defendant and the public interest will mutually benefit from a continuance and stay pending the outcome of any appeal concerning the count of conviction (Count II).  The government represents that it will not seek to retry Count I if the count of conviction (Count II) is affirmed following any appeal by defendant, and will accordingly dismiss the remaining count.  In addition, any sentence imposed by this Court will not effect whether Count I is retried; even if the government deems the Court's sentence concerning Count II in error, the government will not seek to retry Count I unless the conviction on Count II is reversed, and

3

retrial is necessary in any event.

Thus, from the defendant's perspective, a continuance will serve her interests in several ways.  First, a continuance will limit her criminal exposure to the count of conviction if that count is affirmed on appeal.  If retrial is compelled now before any appeal concerning Count II, a conviction on Count I will increase her criminal exposure.

Second, defendant will undoubtedly benefit from avoiding a second public trial, as well as increased legal fees, by staying the retrial of Count I now.  Ultimately, there may be no need for a second trial under the government's approach.

For the same reason, the Court and the public will benefit by a continuance.  If the conviction on Count II is affirmed, there will be no second trial, saving scarce public and judicial resources.  On the other hand, if retrial is ordered now, before any appeal of the conviction on Count II, <u>three trials</u> concerning this matter might ultimately be necessary.  If Count I is retried before any appeal, Ms. Griffin may still avail herself of an appeal after such a trial and, if a reversal is obtained, she may have to stand trial for yet a third time.  Accordingly, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

This Court and the First Circuit had occasion to address the same request from the government in <u>United States v. Levasseur</u>,

4

846 F.2d 786 (1st Cir. 1988). In <u>Levasseur</u>, the issue for the Court was whether the government was judicially estopped from prosecuting the defendants in the District of Massachusetts for RICO violations given the government's representation to the court in the Eastern District of New York not to retry mistried counts for different federal violations – but involving the same underlying conduct.

In the Eastern District of New York, the defendants were tried on federal bombing charges. The jury convicted on several counts, but hung on the remaining counts. Rather than proceeding immediately with retrial on the mistried counts, the government sought a continuance until the appeals concerning the counts of conviction were resolved, representing to the court:

> The government represents that it will not retry the open counts unless there is a reversal by the Second Circuit. The ends of justice thus will best be served by awaiting the outcome of the appeal in this case. If the convictions are affirmed, there will be no retrial on the open counts. If the convictions are reversed, there will have been no unnecessary squandering of resources at a second trial which might likewise have to be reserved based on the Second Circuit's ruling."

<u>Levasseur</u>, 846 F.2d at 791. The district court granted the continuance as being in the interest of justice for the same reasons we outline here. <u>Levasseur</u>, 635 F. Supp. 251 (E.D.N.Y. 1986). Upon affirmance of the counts of conviction, the

government moved to dismiss the open counts in Levasseur.

In the District of Massachusetts, the government subsequently prosecuted the same defendants for RICO violations, based in part on the same conduct underlying the mistried federal bombing charges in New York. This Court dismissed the RICO charges, reasoning that the government was judicially estopped from prosecuting these charges given its representations to the district court in New York that it would not prosecute the mistried counts if the counts of conviction in that case were affirmed by the Second Circuit. United States v. Levasseur, 699 F. Supp. 965 (D. Mass. 1988) (Young, J.).

While this Court appears to have expressed no view concerning the government's request in New York, the First Circuit agreed that a continuance in these circumstances would indeed serve the ends of justice. The First Circuit in Levasseur stated that the continuance granted in the Eastern District of New York served the ends of justice regardless of the binding nature of the government's promise, reasoning:

> The prosecution was spared the expense of what it viewed as a trial which time would likely prove unnecessary. In return, the government agreed to forfeit, upon the occurrence of a condition subsequent, (affirmance of certain convictions), the right to reprosecute the defendants on the open counts. . . . [The court in New York] did not grant the stay to benefit the government, but because he concluded that the "ends of justice" would be served by

6

>           deferring the start of potentially
>           unnecessary trial (citation omitted). . . .
>           Even without the government's promise the
>           exclusion likely would have served the ends
>           of justice.  As we see it, the ends of
>           justice are equally well served by avoiding a
>           costly and potentially superfluous trial
>           irrespective of whether or not the government
>           may press a separate, lawful RICO
>           prosecution.

846 F.2d at 794 & n.8.

Accordingly, the government believes that, for the same reasons recognized by the First Circuit, the Eastern District of New York, and other district courts, see Dusenbery, 246 F. Supp.2d at 804-07 (N.D. Ohio); Mapp, 945 F. Supp. at 44-46 (E.D.N.Y.), a continuance and stay regarding the retrial of Count I should be granted pending the outcome of any appeal concerning the count of conviction.  The ends of justices served by taking such action (obviating the need for one or more additional trials in this matter, and thereby saving scarce public and judicial resources) outweighs the best interests of the public and defendant in a speedy trial.

For these reasons, the government respectfully requests that the Court grant this motion.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

By:

                                  */s/ Christopher J. Maietta*
                                  CHRISTOPHER J. MAIETTA
                                  Trial Attorney
                                  U.S. Department of Justice

                                  */s/ John N. Kane*
                                  JOHN N. KANE
                                  Trial Attorney
                                  U.S. Department of Justice

Dated:     August 15, 2006

CERTIFICATE OF SERVICE

    This is to certify that I have this day, August _____, 2006, served upon the person listed below a copy of the foregoing document by mail:

        Alan S. Riche, Esq.
        P.O. Box 1505
        Port Haddock, Washington 98339
        (360) 437-4005

        _____
        Christopher J. Maietta