UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06cr83MCR |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S OBJECTION TO |
| v. | ) | ARBITRARY ACTS AND VIOLATIONS |
| | ) | OF RIGHTS |
| NADINE J. GRIFFIN, | ) | |
| Defendant. | ) | Request for Telephonic Hearing |

COMES NOW the Defendant Nadine J. Griffin, by and through her counsel of record, and hereby files an objection to the arbitrary acts and violations of her Constitutionally protected rights occurring on behalf of the government and this Court. Specifically, the government was ordered to inform the Court and Defense by August 15, 2006 whether it wanted to retry Count One of the indictment. Even though the government stated on August 15th that it would not seek a retrial unless Count Two was remanded for a new trial, it appears that the government is now pretending it may retry Ms. Griffin. Without any court order extending the date for the government to state whether it will retry Count One, and without any hearing whatsoever or any court order, Defendant is being informed "off the record" of some potential retrial to occur on September 5th. All of this is in violation of the Court's explicit order and especially in violation of Ms. Griffin's Constitutionally protected rights, including Due Process.

Defense Counsel is unavailable on September 5, 2006. Defense requests a hearing on the matter. Defense has spoken with opposing counsel, who are available for a telephonic hearing on Friday, September 1, 2006 before 2 p.m. Defense counsel is available for a telephonic hearing between 8-9:30 a.m. and at 1:00 p.m. or could be available before 2 p.m. with at least a fifteen minute notice.

Defendant's Objection to Arbitrary Acts    - 1 -
And Violations of Rights

Alan S. Richey
Attorney at Law
P.O. Box 1505
Port Hadlock, Washington 98339
(360) 437-4005

## FACTS

On July 25, 2006, this Court ordered the government to notify the Court and the Defense by August 15, 2006 whether the government intended to retry Ms. Griffin on Count One of the indictment with regards to the 1998 tax return. Specifically, the Court stated,

> THE COURT: … Now, let's consider the possibility, though as a practical matter I think it highly unlikely, the possibility of a retrial of '98. I want to be notified the government's position fairly soon on that, because I would like to put that to trial in September. Indeed, this is a criminal case. Since we mistried as to '98 it's hanging over her. So, how about notifying me by the 15th of August, is that satisfactory?
>
> MR. MAIETTA: Yes.
>
> THE COURT: Very well.
>
> All right. I think that's all we have to do. We'll work out a trial date if you're going to retry '98. We'll stand in recess.

(July 25, 2006 Transcript, 21.)

On August 15, 2006, the government filed a Motion to Continue and Stay Retrial of Count I Pending Final Resolution of Any Appeal Concerning the Count of Conviction (Count II) ("Govt Motion") (Doc. No.126). The government fully acknowledged this Court's July 25th order in its motion, "The Court then ordered the government to disclose by August 15, 2006 whether it intends to retry Ms. Griffin on Count I, or whether it will seek dismissal of this remaining charge." Govt Motion, 2.

In its motion, the government stated it would not seek a retrial of Count One unless it retried Count Two. The government clearly stated, "The government represents to this Court that if the United States Court of Appeals for the First Circuit affirms defendant's conviction with respect to Count II of the indictment (assuming defendant

Defendant's Objection to Arbitrary Acts    - 2 -
And Violations of Rights

Alan S. Richey
Attorney at Law
P.O. Box 1505
Port Hadlock, Washington 98339
(360) 437-4005

appeals the conviction), the government will move to dismiss Count I of the indictment."

Govt Motion, 1. The government further stated,

> The government represents that it will not seek to retry Count I if the count of conviction (Count II) is affirmed following any appeal by defendant, and will accordingly dismiss the remaining count.  In addition, any sentence imposed by this Court will not effect whether Count I is retried; even if the government deems the Court's sentence concerning Count II in error, the government will not seek to retry Count I unless the conviction on Count II is reversed, and retrial is necessary in any event.

Govt Motion, 3-4.

On August 24, 2006, this Court denied the government's motion for continuance and stay pending outcome of appeal.

On August 29, 2006, Defense counsel was informed by Bonnie Smith that the Court wanted to schedule a retrial of Count One to begin on Tuesday, September 5, 2006. Counsel informed Ms. Smith that he is in Florida on other legal matters and is scheduled to fly from Florida to Washington on Tuesday, September 5th, and thus cannot be in Boston on September 5th. Counsel also needs to retrieve his case file from Washington. Ms. Smith also stated that the government had until August 31, 2006 to inform the Court whether it wanted to retry Ms. Griffin on Count One. Counsel informed Ms. Smith that the court has never set a trial date and that this was all irregular.

On August 31, 2006, Ms. Smith left a voicemail stating that the Court wanted to, with regards to Count One, accept a change of plea, select a jury for a retrial, or dismiss with prejudice on motion of the government. This is supposed to occur on September 5, 2006. Defense counsel also spoke with the government, who indicated that as of the afternoon of August 31, 2006, they still have not obtained permission to retry Ms. Griffin on Count One.

Defendant's Objection to Arbitrary Acts    - 3 -
And Violations of Rights

Alan S. Richey
Attorney at Law
P.O. Box 1505
Port Hadlock, Washington 98339
(360) 437-4005

There is no order from this Court setting a date for retrial, setting a hearing date to discuss retrial, or granting the government additional time to decide whether it will retry Ms. Griffin as to Count One of the indictment.

## <u>ARGUMENT</u>

The government did not seek a retrial of Count One in September, 2006 and notified this Court of such by August 15, 2006. However, there now appears to be pandemonium as to whether the Court meant what it ordered, whether the government can be held to its word, whether the government can wait as long as it wants to disclose whether it will actually seek a retrial, whether the court is scheduling a retrial without the government requesting a retrial, whether there will ever be a hearing informing Defendant what is occurring, and whether any court order will be entered regarding such.

First, the government has not sought a retrial of Count One, so no retrial can take place.

On July 25, 2006, after the jury returned a guilty verdict as to Count Two but was hung as to Count One, this Court declared a mistrial as to Count One. (July 25, 2006 Transcript, 16, 21.) The Court then ordered the government to inform the Court and the Defense by August 15th whether it would seek a retrial of Count One in September. (July 25, 2006 Transcript, 21.) The government agreed to this. (July 25, 2006 Transcript, 21.) The Court did not schedule a date for retrial, because it stated, "We'll work out a trial date if you're going to retry '98." (July 25, 2006 Transcript, 21.)

Thus, the government was given a deadline of August 15, 2006 to seek a retrial on Count One. The government acknowledged this Court order and deadline in its August 15, 2006 Motion. Govt Motion, 2.

Defendant's Objection to Arbitrary Acts     - 4 -
And Violations of Rights

Alan S. Richey
Attorney at Law
P.O. Box 1505
Port Hadlock, Washington 98339
(360) 437-4005

In compliance with the July 25, 2006 Order, the government explicitly stated that it would not seek a retrial of Count One unless the conviction of Count Two was reversed and remanded for a new trial. Govt Motion, 1, 3-4. Only if remanded for a new trial would the government seek a retrial of Count One, to be held in conjunction with the retrial of Count Two. Govt Motion, 3-4.

Nowhere in the government's motion did it even imply, not to mention explicitly state, that it wanted to retry Ms. Griffin for Count One in the month of September, 2006. The government did not even state that in the alternative that this Court denied its motion, it would seek retrial of Count One in September, 2006. Thus, the government already informed this Court and the Defense that it was not seeking a retrial of Count One in September 2006.

After this Court denied the government's motion for continuance and stay, August 24, 2006 Order, the government did nothing and filed nothing. The Court in its order never granted the government any extension of time to decide whether it would seek a retrial, nor did the government ask for an extension. The government has therefore waived any claim it may have for a retrial of Count One (unless it raises the issue on appeal).

Second, without the government requesting a retrial of Count One, and without any hearing or court order, all in violation of Ms. Griffin's Constitutionally protected rights and in disregard of Due Process, an alleged retrial is being scheduled to begin on September 5, 2006.

The Due Process Clause clearly provides that a defendant be provided with reasonable notice of any court proceeding. Amend. V. This Court clearly stated, "We'll

Defendant's Objection to Arbitrary Acts     - 5 -
And Violations of Rights

work out a trial date if you're going to retry '98." (July 25, 2006 Transcript, 21.) Thus, per this Court's order, only after the government stated it wanted to retry Count One would a trial date be scheduled. As the government has not sought a retrial (indeed, the government informed Defense Counsel that it does not have authorization to retry Count One), no retrial can be scheduled or occur.

In opposition of what this Court stated on July 25, 2006, Defense counsel was informed by Bonnie Smith on Tuesday, August 29, 2006 that the Court wanted to schedule a retrial of Count One to begin on Tuesday, September 5, 2006. Counsel informed Ms. Smith that he is in Florida on other legal matters and has airline tickets to fly from Florida to Washington on Tuesday, September 5th. It would be a great expense to alter the tickets at this late date, assuming tickets can be purchased for holiday travel, as well as other expenses in accommodations, etc. Counsel also needs to retrieve his case file from Washington. Therefore, Counsel cannot be in Boston on September 5, 2006.

Counsel was also informed by Ms. Smith that the Court was giving the government until Thursday, August 31, 2006 to decide whether it wanted a retrial on Count One. This is in direct contradiction of the Court's July 25th Order and the government's acknowledgment of that Order. The government informed Defense Counsel in the afternoon on August 31, 2006 that it did not have authorization to retry Ms. Griffin on Count One.

Most compelling is that there is NOT ANY HEARING OR ORDER wherein an extension was granted to the government to inform the Court and the Defense regarding a retrial, and there is NOT Any HEARING OR ORDER wherein a date for retrial was discussed and scheduled, giving the Defense adequate notice. There is absolutely nothing

Defendant's Objection to Arbitrary Acts     - 6 -
And Violations of Rights

Alan S. Richey
Attorney at Law
P.O. Box 1505
Port Hadlock, Washington 98339
(360) 437-4005

in the record of this Court extending the time for the government to decide whether it wants to retry Count One. Defense is uncertain whether the Court does not approve of the government's decision as of August 15, 2006 not to retry Ms. Griffin on Count One in September, 2006, or whether the government wants to reconsider its decision filed with the Court on August 15, 2006. Defense objects to these arbitrary acts and objects to the arbitrary setting of a date for a retrial without ever giving proper notice, making an adequate record, and following proper procedure. Since the government apparently had until August 31, 2006 to decide on a retrial which may begin on September 5, 2006, Defense objects to a two-court day notice of a trial.

Further, Defense Counsel relied on the government's decision on August 15, 2006 to not ask for a retrial in September, 2006. Defense counsel scheduled a state criminal trial on September 19, 2006, for which preparation needs to occur. Counsel also appeared for a defendant on August 18, 2006 in another federal criminal case, *USA v. Hovind*, Case No. 06cr83 in the Northern District of Florida, which is scheduled for at least a two-week trial beginning October 17, 2006, and Counsel has a month and a half to review about 60 boxes of discovery and prepare for trial, including preparing and filing motions and documents with that court. Counsel flew to Florida in order to obtain some discovery and begin work on this case, and counsel is currently still in Florida, with tickets to fly to Washington on September 5, 2006. Counsel also has many other legal matters to take care of in the month of September. This was done in reliance of the government's unequivocal position that it would not seek a retrial of Count One in September, 2006.

Therefore, based on the foregoing, Defense objects to the arbitrary acts now occurring by the government or by the Court to extend the date for the government to

Defendant's Objection to Arbitrary Acts          - 7 -
And Violations of Rights

Alan S. Richey
Attorney at Law
P.O. Box 1505
Port Hadlock, Washington 98339
(360) 437-4005

decide whether to retry Ms. Griffin on Count One of the indictment during the month of September, 2006; and to the apparent setting of any retrial of Count One, especially with less than a two court-day notice; and that all of this is occurring without a hearing, order, or anything on the record; and that all is occurring in violation of Ms. Griffin's Constitutionally-protected rights. Defendant therefore requests a telephonic hearing to occur on September 1, 2006.

Respectfully submitted this 31st day of August, 2006.

_/s/ Alan S. Richey_____
Alan Stuart Richey
Counsel for Nadine J. Griffin

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I did electronically file the foregoing motion using the court's CM/ECF system which will send notice of the filing to the attorney of record for the plaintiff, Christopher Maietta and John Kane, and any other counsel of record through the CM/ECF system or by U.S. Mail.

Dated this 31st day of August, 2006.

/s/ Alan S. Richey_
Alan S. Richey

Defendant's Objection to Arbitrary Acts      - 8 -
And Violations of Rights

Alan S. Richey
Attorney at Law
P.O. Box 1505
Port Hadlock, Washington 98339
(360) 437-4005

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal No.
05-10175-WGY

* * * * * * * * * * * * * * * * *
                                    *
UNITED STATES OF AMERICA            *
                                    *   TRIAL TRANSCRIPT
v.                                  *   (Volume 10)
                                    *
NADINE J. GRIFFIN                   *
                                    *
* * * * * * * * * * * * * * * * *


        BEFORE:  The Honorable William G. Young,
               District Judge, and a Jury


APPEARANCES:

       CHRISTOPHER J. MAIETTA and JOHN N. KANE,
    Trial Attorneys, U.S. Department of Justice, Tax
    Division, 601 D Street, NW, Room 7012, Washington,
    D.C. 20004, on behalf of the Government


       ALAN STUART RICHEY, ESQ., P.O. Box 1505,
    Port Hadlock, Washington 98339, on behalf of the
    Defendant


                1 Courthouse Way
                Boston, Massachusetts

                July 24, 2006

2

THE CLERK:  All rise.  Court is in session, please be seated.

THE COURT:  Mr. Richey?

MR. RICHEY:  Yes, your Honor.  Just in reviewing the transcript so far where I've gotten to, Page 92 and Page 96, there were a couple of places where you ordered that answers be stricken and they're not stricken in this.

THE COURT:  Yes, but the order is there.

MR. RICHEY:  Correct.

THE COURT:  The order is there.  That's how a transcript is produced.  I will tell them to follow my orders.

MR. RICHEY:  Okay.

THE COURT:  The transcript, I've read it, it's accurate.

Bring the jury in.  But I'll make specific note that they're to follow my orders.

MR. RICHEY:  Thank you, your Honor.

THE COURT REPORTER:  Do you have both of them?

THE CLERK:  The government still has the other copy.

(Pause in proceedings.)

THE COURT:  Yes.  Give me the second one.

MR. MAIETTA:  The second one?  7-19?

THE COURT:  Yes, the 18th and 19th.  Yes, here we

3

are.  Okay.

Bring the jury in.

THE CLERK:  All rise for the jury.

(Whereupon the jury entered the courtroom at 9:02 a.m.)

THE CLERK:  Court is in session, please be seated.

THE COURT:  Good morning, ladies and gentlemen.

THE JURY:  Good morning.

THE COURT:  I hope you had a good weekend and it's very good to see you.

Let the record show the twelve deliberating jurors and the two alternates are present in the courtroom.

Now, this is very serious and it's on your oath as jurors.  Since we recessed at ten minutes of 5:00 last Friday, have you heard, read or seen anything at all concerning the substance of this case?  Have you discussed the substance of this case with anyone, either among yourselves after we recessed or with the alternates or the alternates with you?  Has anyone discussed the substance of this case in your presence?

THE JURY:  No.

THE COURT:  The deliberating jurors and the alternates answer in the negative.

Now, through Mr. Womack's good work here's the complete transcript of Ms. Sartory's testimony; it lasted

4

over two days.  I have a couple of cautions with respect to it.

Since you asked for it, it's been produced.  Because I have produced it in writing, you're not to give any greater weight to her testimony than the testimony of all the witnesses. You must reflect on the testimony of all the witnesses equally, which doesn't mean you have to believe it all, that's left to you.  I'm simply cautioning you that by following your request that ought not give any heightened weight to this particular testimony.

And a more specific instruction.  Mr. Womack, as is our practice, took out the side bars.  You didn't hear those.  That's right.  But in a couple of places in the back and forth, I made an order, strike it out, disregard it.  But as he is sworn to do, since it was testified to, it's there and however much Ms. Sartory had answered after I said strike it out, it's there.

You must follow my orders.  They had good legal reasons.  But we need a complete and accurate transcript.  You have the complete and accurate transcript.  If it says in there disregard this part of the answer, strike the answer out, or orders to that effect, you must follow my orders.

With those instructions the jury may retire and continue their deliberations.

5

THE CLERK:  All rise for the jury.

(Whereupon the jury left the courtroom at 9:05 a.m.)

MR. RICHEY:  Your Honor, just briefly?

THE COURT:  Yes.  Please be seated.

MR. RICHEY:  Was the issue resolved with the one juror that needed to go on vacation?

THE COURT:  Evidently because -- we don't initiate any discussions with the jury. Both the court security officers and especially Ms. Smith are scrupulously careful.  And that's a comfort to the Court.

At the same time, we try to tell you everything that's happened.  Well, everything that's happened, any communication of any sort we get.  So there was the issue from the juror, the male juror.

I will tell you that a female juror had said to her that she had twice moved a doctor's appointment.  And we left that -- and it was scheduled for this morning.  And we left that both Ms. Smith and I would be in here early in the morning when the juror came in, this is what I told Ms. Smith to tell her Friday when we recessed, that I would call the doctor and try to get it rescheduled for this afternoon.  Late this afternoon.  What I was told was that juror did not have a problem this morning, or it had been resolved.  And the fellow who needed to go on vacation, he's here.

6

MR. RICHEY:  Thank you.

THE COURT:  We'll recess.

THE CLERK:  All rise.  Court is in recess.

(Recess.)


PROCEEDINGS - 10:30 A.M.



THE CLERK:  All rise.  Court is in session, please be seated.

THE COURT:  It's simple to answer the question about sophisticated means of concealment because I can read it right from the guidelines, and I'm going to.  The more significant issue is that they say they have a verdict on one year and they're hung on the other year.

Do you want the verdict on one year?  Mistry on the other year?  What does the government want?

MR. MAIETTA:  Well, couldn't they be given an instruction that --

THE COURT:  They can but not yet.  You mean the instruction about deliberating and the like?  I'll give them that.  They won't be happy if I give it to them but, I'll give it to them, but not now.  They're going to have to come -- this, this doesn't say that they're deadlocked.  I just throw it out.

7

You tell me you don't.

MR. MAIETTA:  Well, I would like to know the Court's position on what you would intend to do in this situation.

THE COURT:  My position is simply to answer the question, make no, I'll read it in open court, make no mention of their being hung and send them back.

MR. MAIETTA:  Okay.

THE COURT:  That's -- okay.  But you don't want to get that verdict on -- if you agreed, I would say, well, reason through to the end on the one year and return a verdict.

MR. MAIETTA:  Well, you would be asking then without any further deliberating for the jury and there would just be a mistrial on the one year.

THE COURT:  That's right.

MR. MAIETTA:  I think we would, we would want them to go back, have them make a decision.

THE COURT:  That's fine.  And is that your position, Mr. Richey?

MR. RICHEY:  We leave it to the discretion of the Court.

THE COURT:  Fine.

MR. MAIETTA:  And, your Honor, I guess the concern is that if we just find out the one and then send them back

8

to deliberate the --

THE COURT:  No, no, we're not going to find out the one --

MR. MAIETTA:  Okay.

THE COURT:  -- and send them back.  See, that's the thing.  There isn't a verdict until there's a final verdict.

MR. MAIETTA:  Right.

THE COURT:  If they stay hung on the one after I've given them the charge, they're going to have to send out more notes.  I keep them going until the last constitutional moment before I mistry, unless you all agree.

MR. MAIETTA:  What's the Court's, can I ask what the Court's practice is in other cases when this happens?

THE COURT:  It happens rarely, but I give them the charge and send them out. And if they, then if they come back again and say they're deadlocked, without giving them a further charge, I say remember my charge, go out and deliberate.  And then if they come back again, I mistry it.

MR. MAIETTA:  Okay.  So if I defer to the Court you're likely to send them back to deliberate further?

THE COURT:  Defer to the -- I wondered if you wanted to know as to the one year. They say they've got it as to one year, but we haven't got a verdict until they're in here and they've returned it.

MR. MAIETTA:  Right.  I guess the reason I ask is,

9

they return the one but I don't know if you would let them do that without a mistrial on the second.  That's what  I'm --

THE COURT:  I will not.

MR. MAIETTA:  Okay.

THE COURT:  If we get the one the other's mistried.  We either get them both or get neither or we get, after three different notes we get one and not the other.

MR. MAIETTA:  Okay.

THE COURT:  Those are the choices.  So, keep them deliberating?

MR. MAIETTA:  Yes, sir.

THE COURT:  Very well.

MR. MAIETTA:  Thank you.

THE CLERK:  All rise for the jury.

(Whereupon the jury entered the courtroom at 10:35 a.m.)

THE CLERK:  Court is in session, please be seated.

THE COURT:  I have the following communication from the jury.  I'll read it:  We have a verdict on one year.  We're hung on the other year.  We need a clarification on, quote, sophisticated, close quote, means with examples.  Can the person not be sophisticated but follow advice by others to use sophisticated means of concealment?

Is that the communication, Madam Forelady?

10

THE FORELADY:  Yes, it is.

THE COURT:  Is that the communication, ladies and gentlemen of the jury?

THE JURY:  Yes.

THE COURT:  To that communication I make the following response.  The clarification -- and I'll take it right out of the law book -- sophisticated means means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense.  Conduct such as hiding assets or transactions or both through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means.

Now, that's so much of the answer as deals with the definition and examples.

The second part is, can the person not be sophisticated but follow the advice by others to use sophisticated means of concealment.

The question asks you were there sophisticated means of concealment used.  It doesn't ask you about the state of mind of the person.

That's my answer to the question.  You may retire and continue your deliberations.

THE CLERK:  All rise for the jury.

(Whereupon the jury left the courtroom at 10:37

11

a.m.)

THE COURT:  Please be seated.

Now, the natural inference from that question is that on the year they've agreed to, if they stick with it, it's a guilty verdict.  Assuming that it is, you're not going to ask that she be surrendered, are you?

MR. MAIETTA:  You mean detained, your Honor?

THE COURT:  Yes.

MR. MAIETTA:  I think the presumption under the statute is that there's a presumption of contention unless there's clear and convincing evidence that --

THE COURT:  Not for these type of crimes there isn't.  Drug crimes.

MR. MAIETTA:  No, actually --

THE COURT:  Specific statute on it.

MR. MAIETTA:  No, actually the statute under, and I can refer to that, is the presumption that --

THE COURT:  You had best.  Is that going to be your position?

MR. MAIETTA:  That would be the position, yes, your Honor.

THE COURT:  It would be.  You don't seek to have me do that now?

MR. MAIETTA:  Oh, no, your Honor.  There hasn't been -- you mean at this point in time?  No.

12

THE COURT: Yes. Well, let me tell you, I'm not disposed to do that even if it's a guilty verdict. I don't know, but I want to know, if it's a guilty verdict, I'll want her passport surrendered and I'll want her restricted to the district. But other than that the same standards of bail I think would apply.

If you've got some significant reason why I ought not do that, you let me know. But you're not asking for any changed circumstances now and I'm explaining to you at least how things look to me.

We'll recess.

THE CLERK: All rise. Court is in recess.

(Recess.)

PROCEEDINGS - 11:02 A.M.

THE CLERK: All rise for the jury. Court is in session, please be seated.

THE COURT: Well, you've seen their communication. And now -- it's clear to me what's happening. Some of them, anyway, if they're hung for '98, have a reasonable doubt as to whether her conduct in filing the 1998 return is willful, because it's the earlier year. But consistent with Ms. Sartory's testimony, as time went on and she kept

13

participating, my, and I think it's a reasonable inference that they're ready to go on '99 and probably that's a guilty verdict.

Now, also, consistent with what I said, I will now give them the Allen charge if you want it. Of course I'm not saying anything about, you know, hang onto the verdict you already have.

So I ask you again. Do you want the verdict -- I'll ask the government -- do you want the verdict as it stands with the understanding that I'm going to mistry '98, or do you want them charged, without respect to year or anything.

MR. MAIETTA: I'll defer to the Court and have the Court charge, or make the decision to charge.

THE COURT: Agreed?

MR. RICHEY: I agree, your Honor.

THE COURT: Well, my instinct is to take the verdict, I'll tell you. Anyone object to that? And so I would simply send Ms. Smith back and say return the verdict as to which you've agreed.

MR. MAIETTA: Okay. Well, if that's your -- I'm caught in a situation where I haven't had this before, your Honor, so --

THE COURT: Nor have I, and I've been at this now 29 years as of, if you count my state service. So, I've had

14

a lot of service, but every trial is new.

If you agree to -- now, here's, here's your problem.  I can't have a mistrial -- well, I don't know what you intend to do.  If you intend to retry her again on '98, since she's once been put in jeopardy, we have to have an agreement for the mistrial on '98.  Mr. Richey will agree.  So that I think sets you up, if you intend to retry her on '98.

On the, on the other hand, we haven't got any verdict.  And my suppositions are just suppositions.  Since they asked about that sentencing factor it sounds like they're guilty on '99.  Other than that, I don't know.

MR. MAIETTA:  Okay.  And with regard to a mistrial and retrial, that's something that I can't make a decision on, that has to be from my office.

THE COURT:  I understand, that's fully an Executive decision.  I just want to have a record so you're in a position to do it.

MR. MAIETTA:  And I would like that.

THE COURT:  Since he agrees you are in a position to do it.  Therefore, you're okay with taking the verdict?

(Whereupon government counsel conferred.)

MR. MAIETTA:  I don't know if this helps you out, your Honor, but we would defer to you and what you want to do in this situation.

15

THE COURT:  Okay.  You're okay with taking the verdict, Mr. Richey, just so I'm clear?

MR. RICHEY:  I need to talk with my client for just a minute.  Can we step out, your Honor?  Or would you prefer --

THE COURT:  You can step back or -- you may step out.  Go ahead, step out, and I'll remain on the bench.

(Whereupon Mr. Richey and Ms. Griffin stepped out of the courtroom.)

(Pause in proceedings.)

(Whereupon Mr. Richey and Ms. Griffin re-entered the courtroom.)

THE COURT:  Are you content to take the verdict, or do you want to have the charge?

MR. RICHEY:  Yes, your Honor, I would like to take the verdict on one charge at this time.

THE COURT:  Very well.  And let me ask Ms. Griffin, just so we're clear with this.

Ms. Griffin, and I'll say this as clearly as I know how, though you don't take legal advice from me.  You take legal advice from your attorney.  I'm not here to give you legal advice.

If you agree to take this verdict which is not a complete verdict, and we have no idea what it is, I am going to mistry the charge for 1998.  If the verdict is an

16

acquittal, you're acquitted on '99, you can never be retried on '99.  But you can be retried on '98.  If the verdict is guilty on '99, then I'll just go ahead on '99 with my job, but you can be retried on '98.  Do you understand those things?

> THE DEFENDANT:  Yes, I do, your Honor.

> THE COURT:  Have you talked this all over with Mr. Richey?

> THE DEFENDANT:  Yes, I have.

> THE COURT:  Are you satisfied with his advice in this respect?

> THE DEFENDANT:  Totally.

> THE COURT:  Very well.

> THE DEFENDANT:  Thank you.

> THE COURT:  We'll take the partial verdict.

> MR. MAIETTA:  And, your Honor, the government will be able to proceed on, I'm assuming, '98 as --

> THE COURT:  Turn that off, Mr. Richey.

> MR. RICHEY:  I did, your Honor.  I apologize.

> MR. MAIETTA:  Assuming '98 is a mistrial.

> THE COURT:  Well, I'm going to --

> MR. MAIETTA:  Or hung.  I just want to --

> THE COURT:  Now I'm going to mistry '98.  I have given you my judgment and I've made what seems to me an adequate record.  I'm not king of the world.  We'll see how

17

it all falls out, what you decide to do, what her position is.

MR. MAIETTA:  I understand.  I'm just making clear that that would be your interpretation of what the law permits is that --

THE COURT:  It is, and I'm the responsible judge here.  My interpretation is that if you decide as an Executive decision to retry '98, we'll retry '98.  I will tell you, I consider that highly unlikely as a practical matter, but it makes no difference to me.

THE CLERK:  All rise for the jury.

(Whereupon the jury entered the courtroom at 11:11 a.m.)

THE CLERK:  Court is in session, please be seated.

Madam Forelady, members of the jury, has the jury reached a unanimous partial verdict?

THE JURY:  Yes.

THE CLERK:  Please pass the verdict slip.

(Papers passed.)

THE COURT:  The verdict is in order, it may be recorded.

THE CLERK:  Madam Forelady, members of the jury, please stand and listen to your verdict as the Court records it.

In the case of the United States of America v.

18

Nadine J. Griffin.

On the charge of filing a false tax return, we find Nadine Griffin guilty as to the 1999 return.

Were sophisticated means of concealment used?  Yes.

The amount of the aggregate tax loss is more than $30,000 but less than $80,000.

So say you, members of the jury?

THE JURY:  Yes.

THE COURT:  Please be seated.

Ladies and gentlemen, I want to thank you.  I thank you most sincerely for the obvious effort and significant personal sacrifice, and I know about it, that you have put in to wrestling and working with this case.

The case is now over, finished.  You have every right to say anything to anyone about anything that had to do with this case.  In one respect, I can't charge you because the case is over, and I would like you to stay, and the alternates, for just a few minutes because I would like to come back into the jury room and personally thank you for your service.  But your service is over and I cannot charge.  But this I strongly advise you.  Under the rules of Court nobody on behalf of the government, nobody on behalf of Ms. Griffin, can in any way reach out to you or try to contact you or anything like that.  That's absolutely forbidden.

19

It's not forbidden for the press or anyone else really to ask you about the case. Like I said, you have every right, it is your free speech, you can say anything you want. I counsel you not to talk about what went on in the jury room.

By your partial verdict you have returned a verdict as to one of the charges. I am entering a mistrial as to the other charge. Conceivably, though I do not express any opinion, there may be further proceedings as to the other charge. That being so, it really, in the interests of justice, is a good idea for you not to say anything about what went on in the jury room. That's private to the twelve of you who were deliberating. Insofar as you have returned a verdict, you have spoken the truth about that particular charge.

So with those instructions you may retire to the jury room and I'll remain on the bench.

THE CLERK: All rise for the jury.

(Whereupon the jury left the courtroom.)

THE COURT: Please be seated.

Sentencing is set down for October 25th at two o'clock. Is that satisfactory to the government?

MR. MAIETTA: Yes, your Honor.

THE COURT: For the defense?

MR. RICHEY: Yes, your Honor.

20

THE COURT:  Status of bail in the meantime?  Mr. Maietta, you want her taken into custody?

MR. MAIETTA:  We would make that motion, your Honor.

THE COURT:  It's denied.  The same bail will be in effect.  Has she surrendered her passport?

MR. RICHEY:  Yes, your Honor, I believe the passport has already been surrendered.

THE COURT:  Is she restricted from traveling outside the Commonwealth?

MR. RICHEY:  She's restricted -- she lives in New Hampshire so she's restricted to --

THE COURT:  Oh.

MR. RICHEY:  -- Massachusetts, New Hampshire, and then she had a house in Florida.  Or actually her son's in Florida.

THE COURT:  Given the changed circumstances, she's restricted to New Hampshire and Massachusetts.

MR. RICHEY:  Okay.

THE COURT:  You just have to make a motion if she's going to go to Florida.

MR. RICHEY:  Right.

THE COURT:  And we have to work it out with Pretrial Services.  I'm not saying I'm going to allow it, but it will be under my supervision if she goes anywhere

21

else.  New Hampshire and Massachusetts.  In all other respects the bail remains the same.

Now, let's consider the possibility, though as a practical matter I think it highly unlikely, the possibility of a retrial of '98.  I want to be notified the government's position fairly soon on that, because I would like to put that to trial in September.  Indeed, this is a criminal case.  Since we mistried as to '98 it's hanging over her.  So, how about notifying me by the 15th of August, is that satisfactory?

MR. MAIETTA:  Yes.

THE COURT:  Very well.

All right.  I think that's all we have to do.  We'll work out a trial date if you're going to retry '98.  We'll stand in recess.

THE CLERK:  All rise.  Court is in recess.

(Adjournment.)

22

C E R T I F I C A T E

I, Donald E. Womack, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

_____
DONALD E. WOMACK
Official Court Reporter
P.O. Box 51062
Boston, Massachusetts 02205-1062
womack@megatran.com