UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>        Plaintiff, )<br>)<br>  v. )<br>)<br>**NADINE J. GRIFFIN,** )<br>)<br>        Defendant. ) | Criminal No. 05-CR-10175-WGY-1 |

**GOVERNMENT'S OBJECTION AND OPPOSITION TO COURT ORDER
VACATING JUDGMENT AND COMMITMENT AND TO CONVENE ANOTHER
SENTENCING HEARING TO CORRECT THE SENTENCE EARLIER IMPOSED**

    The United States respectfully objects and opposes the resentencing of defendant Nadine Griffin and respectfully requests that this Honorable Court vacate its Order dated January 23, 2007, and reinstate the original Judgment and Commitment Order.

    Neither U.S. Supreme Court nor First Circuit precedent requires that this Court resentence defendant Nadine Griffin in light of Cunningham v. California, No. 05-6551, --- S.Ct. ----, 2007 WL 135687 (Jan. 22, 2007).  The sentence imposed by this Court does not constitute "clear error" requiring another sentencing hearing.

    The Supreme Court's decision in Cunningham did not alter the Federal Guidelines Sentencing scheme, and the Court specifically noted that, "California's [Determinate Sentencing Law, i.e., mandatory scheme] does not resemble the advisory system the Booker Court had in view."  Id. at 13.

The decision in United States v. Booker, 125 S. Ct. 738 (2005), affords the district courts greater discretion at sentencing and did not alter the procedures and burden of proof established by Congress, the Sentencing Commission, and the case law for proving sentencing enhancements to the sentencing judge.

In Booker, the Supreme Court held that judicial imposition of sentencing enhancements under the mandatory Federal Sentencing Guidelines violated the Sixth Amendment to the United States Constitution, in that it imposed binding requirements on all sentencing judges.  125 S. Ct. at 755-56.  The Court resolved this constitutional infirmity by excising two provisions of the Sentencing Reform Act of 1984 that made the Sentencing Guidelines mandatory.  125 S. Ct. at 764.  By resolving the issue in this manner, the Court left in place the other procedures used under the Guidelines, including the calculation of Guidelines sentences by district courts, Id. at 767 (after Booker, "[t]he district courts, while not bound by the Guidelines, must consult those Guidelines and take them into account when sentencing"), but rendered the resulting calculations advisory with respect to the sentence imposed.  The Supreme Court expressly rejected, as contrary to Congressional purposes, an alternative remedy favored by the dissenting justices that would have retained the mandatory Guidelines but required sentence-enhancing facts to be proved to a jury beyond a reasonable doubt.  Booker, 125 S. Ct. at 759-64, 771-

72. As the Supreme Court stated, "[i]f the Guidelines as currently written could be read as merely advisory provisions, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. . . . When a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Id. at 750.

Since Booker, the First Circuit has repeatedly affirmed that the Booker remedial opinion, which made the Federal Sentencing Guidelines advisory, fully resolved the Sixth Amendment violation the Supreme Court identified. See, e.g., United States v. Perez-Ruiz, 421 F.3d 11, 14-15 (1st Cir. 2005) ("[Under] Booker, judge-made enhancements under the guidelines that result in a sentence greater than the sentence that could be imposed based solely on the facts found by the jury do amount to Sixth Amendment violations if the guidelines are treated as mandatory, but . . . this problem is washed out by treating the guidelines as advisory."); United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005) ("[The Booker error] is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guideline system."). As a

result, the First Circuit has explained that the Guideline sentence calculation should continue to be determined, as it was before Booker, by the district court judge, at sentencing, applying a preponderance of the evidence standard.  The Court of Appeals has stated, "[w]e review the district court's findings of fact, at sentencing, solely to determine whether it committed clear error in ascertaining that the government has established the disputed fact by a preponderance of the evidence." United States v. Green, 426 F.3d 64, 66 (1st Cir. 2005) (citing United States v. Luciano, 414 F.3d 174, 180 (1st Cir. 2005)).  The Green court emphasized that the burden on the government to prove enhancements was "not onerous."  Id. at 67.  The court also noted that "the district court may consider all the evidence, even if inadmissible under the Federal Rules of Evidence, provided that the information has 'sufficient indicia of reliability to support its probable accuracy' . . . [and] the district court possesses 'broad discretion' in determining whether evidence is sufficiently reliable for sentencing purposes."  Id. at 66.

Based on the foregoing, the government respectfully requests that this Court vacate its January 23, 2007 Order because the sentence imposed by this Court does not constitute "clear error" as a result of Cunningham v. California, No. 05-6551, --- S.Ct. ----, 2007 WL 135687 (Jan. 22, 2007).

**CONCLUSION**

The United States respectfully objects and opposes the resentencing of defendant Nadine Griffin and respectfully requests that this Court vacate its Order dated January 23, 2007, and reinstate the original Judgment and Commitment Order.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:

*/s/ Christopher J. Maietta*
CHRISTOPHER J. MAIETTA
Trial Attorney
U.S. Department of Justice
(202) 514-4661


*/s/ John N. Kane*
JOHN N. KANE
Trial Attorney
U.S. Department of Justice
(202) 353-9716


Dated:    February 15, 2007

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day, February 15th, 2007, served upon the person listed below a copy of the foregoing document by ECFnotice@mad.uscourts.gov:

    Alan S. Richey, Esq.
    P.O. Box 1505
    Port Hadlock, Washington 98339
    (360) 437-4005

    _____
    Christopher J. Maietta