✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br><br>**NADINE GRIFFIN** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **1: 05 CR 10175 - 001 - WGY**<br><br>USM Number: 25733-038<br><br>Alan Richey<br>_____<br>Defendant's Attorney |

Date of Original/Amended Judgment:    1/16/07

☑ Additional documents attached

Transcript Excerpt of Sentencing Hearing

☑ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.35(c))

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 USC § 7206(1) | Filing False Tax Return | 04/12/00 | 2 |

The defendant is sentenced as provided in pages 2 through ___3___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    1    _____    ☑ is    ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

02/22/07
_____
Date of Imposition of Judgment

/s/ William G. Young
_____
Signature of Judge

The Honorable William G. Young
Judge, U.S. District Court
_____
Name and Title of Judge

2/26/07
_____
Date

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

DEFENDANT:    **NADINE GRIFFIN**                                    Judgment — Page _____ of ____3____
CASE NUMBER: **1: 05  CR  10175  - 001 - WGY**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    21    month(s)

on count 2

☑ The court makes the following recommendations to the Bureau of Prisons:

incarceration at FCI Danbury

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.    on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on    04/03/07 _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

| | Judgment—Page _____ of _____ 3 |

DEFENDANT: **NADINE GRIFFIN**
CASE NUMBER: **1: 05 CR 10175  - 001 - WGY**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    **12**    month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)    Case 1:05-cr-10175-WGY    Document 154    Filed 02/26/2007    Page 4 of 10
(Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **NADINE GRIFFIN**                                    Judgment—Page ____ of __3__
CASE NUMBER: **1: 05 CR 10175  - 001 - WGY**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is to pay the balance of the fine owed according to a court ordered repayment plan.

The defendant is prohibited from incurring new credit charges or opening new lines of credit without the approval of the probation officer.

The defendant is to provide the probation officer access to any requested financial information.
The financial information provided may be shared with the Financial Litigation Unit of the US Attorneys Office.

The defendant is to participate in a mental health treatment program as directed by probation. The defendant shall be required to contribute to the cost of services for such treatment based on the ability to pay or the availability of third party payment.
The defendant is to meet with the IRS within the first 60 days of the period of Supervised Release in order to determine the prior tax liability and is to file tax returns and pay any future taxes due.

## Continuation of Conditions of ☐ Supervised Release ☐ Probation

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **NADINE GRIFFIN** | Judgment — Page _____ of __3__ |
| CASE NUMBER: **1: 05 CR 10175  - 001  - WGY** | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $    $100.00 | $    $6,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☐ See Continuation Page

| | | | |
|---|---|---|---|
| **TOTALS** | $    $0.00 | $    $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **NADINE GRIFFIN**
CASE NUMBER: **1: 05 CR 10175 - 001 - WGY**

Judgment — Page _____ of ___3___

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  [✗] Lump sum payment of $ _$6,100.00_  due immediately, balance due

       [ ] not later than _____ , or
       [ ] in accordance    [ ] C,    [ ] D,    [ ] E, or   [✗] F below; or

**B**  [ ] Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or   [ ] F below); or

**C**  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

**E**  [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [✗] Special instructions regarding the payment of criminal monetary penalties:

     As directed by the US Probation Office

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

[ ] See Continuation Page

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:    **NADINE GRIFFIN**                                          Judgment — Page      of    3
CASE NUMBER:  **1: 05  CR  10175  - 001 - WGY**
DISTRICT:            **MASSACHUSETTS**

# STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☑    **The court adopts the presentence investigation report without change.**

B  ☐    **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1  ☐    **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2  ☐    **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3  ☐    **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  ☐    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐    **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II    COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☑    No count of conviction carries a mandatory minimum sentence.

B  ☐    Mandatory minimum sentence imposed.

C  ☐    One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐    findings of fact in this case
☐    substantial assistance (18 U.S.C. § 3553(e))
☐    the statutory safety valve (18 U.S.C. § 3553(f))

**III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:          18
Criminal History Category:    I
Imprisonment Range:      27    to    33         months
Supervised Release Range:          to    1         years
Fine Range: $  6,000    to  $  60,000
☐    Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)  (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:    **NADINE GRIFFIN**                                          Judgment — Page ___ of ___ 3
CASE NUMBER: **1: 05 CR 10175  - 001 - WGY**
DISTRICT:          **MASSACHUSETTS**

# STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A  ☐    The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B  ☐    The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C  ☐    The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D  ☐    The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A    **The sentence imposed departs** (Check only one.):
☐  below the advisory guideline range
☐  above the advisory guideline range

B    **Departure based on** (Check all that apply.):

1      **Plea Agreement** (Check all that apply and check reason(s) below.):
☐  5K1.1 plea agreement based on the defendant's substantial assistance
☐  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐  binding plea agreement for departure accepted by the court
☐  plea agreement for departure, which the court finds to be reasonable
☐  plea agreement that states that the government will not oppose a defense departure motion.

2      **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐  5K1.1 government motion based on the defendant's substantial assistance
☐  5K3.1 government motion based on Early Disposition or "Fast-track" program
☐  government motion for departure
☐  defense motion for departure to which the government did not object
☐  defense motion for departure to which the government objected

3      **Other**
☐  Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C    **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | | Other guideline basis (*e.g.*, 2B1.1 commentary) |

D    **Explain the facts justifying the departure.**  (Use Section VIII if necessary.)

AO 245B ( 05-MA)  (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT: **NADINE GRIFFIN**

CASE NUMBER: **1: 05 CR 10175  - 001 - WGY**

DISTRICT: **MASSACHUSETTS**

Judgment — Page ___ of **3**

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):

☑ below the advisory guideline range

☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):

☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court

☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable

☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):

☐ government motion for a sentence outside of the advisory guideline system

☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object

☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3    **Other**

☑ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.**  (Use Section VIII if necessary.)

Cunningham v. California
To promote respect for the law sentence ought be based on the jury verdict.

| | |
|---|---|
| DEFENDANT: | **NADINE GRIFFIN** |
| CASE NUMBER: | **1: 05  CR  10175   - 001 - WGY** |
| DISTRICT: | **MASSACHUSETTS** |

Judgment — Page     of     3

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A  ☑  Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

  1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

  2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

  3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

  4  ☐  Restitution is not ordered for other reasons.  (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | | |
|---|---|---|
| Defendant's Soc. Sec. No.: | 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 | |
| Defendant's Date of Birth: | 60 | |
| Defendant's Residence Address: | | |
| Defendant's Mailing Address: | | |

Date of Imposition of Judgment
02/22/07

/s/ William G. Young

Signature of Judge
The Honorable William G. Young   Judge, U.S. District Court

Name and Title of Judge
Date Signed   2/26/07

<pre>
 1              UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS
 2
                                      Criminal No.
 3                                    05-10175-WGY

 4

 5

 6   * * * * * * * * * * * * * * * *
                                    *
 7   UNITED STATES OF AMERICA       *
                                    *
 8   v.                             *   SENTENCING EXCERPT
                                    *
 9   NADINE J. GRIFFIN              *
                                    *
10   * * * * * * * * * * * * * * * *

11

12           BEFORE:  The Honorable William G. Young,
                              District Judge
13

14

15

16

17

18

19

20

21

22

23
                                    1 Courthouse Way
24                                  Boston, Massachusetts

25                                  February 22, 2007
</pre>

1          **THE COURT:**  Ms. Nadine Griffin, in consideration of

2     the offense of which you stand convicted, the statutory

3     requirements under 18 United States Code, Section 3553(a),

4     the information from the United States Attorney, your

5     attorney, the probation office and yourself, this Court

6     sentences you to 21 months in the custody of the United

7     States Attorney General.

8          The Court imposes upon you the same reporting date.

9     I see no reason to change the reporting date.  All the other

10     conditions save for the time of incarceration, six months

11     less than 27 months, all of those are the same.

12          The Court does recommend, on the record, that you

13     serve the sentence in Danbury if a place can be found for

14     you.  I've already explained the reason for this sentence,

15     and I will append that reasoning to the revised judgment and

16     commitment order.  But let me explain my reasoning to you

17     now expressly.

18          The only reason I called you back here was because

19     of the Supreme Court's decision in Cunningham v. California.

20     Having read that decision, I do question whether under

21     3553(a) the respect for the law is furthered by a sentence

22     that is based upon a tax loss not found by the jury.  And

23     that's why I impose a 21 month sentence.  Everything else

24     remains the same.

25          Again, I tell you, you have the right to appeal

1    from any findings or rulings the Court has made against you.

2    Should you appeal and should your appeal be successful in

3    whole or in part, the case will be redrawn and resentenced

4    before another judge.

5         Mr. Richey, should she determine upon an appeal,

6    you're directed to seek your transcript request from this

7    Court prior, prior to filing a notice of appeal so I can

8    turn it around promptly.

9         Do you understand?

10   **MR. RICHEY:**  Yes, your Honor.  Just clarification

11   on that though, two different things.  The notice of appeal

12   Ms. Griffin already did have filed and so that has been

13   filed with the Court.

14   **THE COURT:**  Well, I think that, I don't -- implicit

15   in my conduct here today is two things.  One, I've rejected

16   the government's position that I have no power to hold this

17   hearing and impose a different sentence.  If the government

18   seeks to test that on appeal that, of course, is the

19   government's right.

20        And Mr. Maietta, the same for you.  I want, if you

21   want transcript in support of anything, come to me first,

22   I'll turn it around right away, don't file your notice of

23   appeal.

24        I think you would be prepared, she got six months

25   less, you're going to withdraw that notice of appeal and

1    file a fresh one, aren't you?

2         **MR. RICHEY:**  I actually didn't file the notice of

3    appeal because I believe it's --

4         **THE COURT:**  Well, then she filed it.

5         **MR. RICHEY:**  Correct.

6         **THE COURT:**  Well, that's fine.  Talk to her.  Will

7    she withdraw it and file it again?  And then there's no

8    question about my power to do what I did here today.

9         **MR. RICHEY:**  Okay.

10        **THE COURT:**  Won't you do it right now.

11        (Whereupon Mr. Richey and Ms. Griffin conferred.)

12        **MR. RICHEY:**  Okay.  I will file today, your Honor,

13   if I can get to a computer and get it done today, if not, by

14   tomorrow, withdraw that notice of appeal.

15        **THE COURT:**  Thank you.  And then, of course, she

16   has the standard time to file another notice of appeal.  I'm

17   only saying to you, if she determines upon that, you will

18   let us know what transcript you want.

19        Do you understand that?

20        **MR. RICHEY:**  Yes, I understand.

21        **THE COURT:**  That's the sentence of the Court.

22        **MR. RICHEY:**  One other --

23        **THE COURT:**  The same -- yes?

24        **MR. RICHEY:**  One other thing, your Honor, was on

25   the reporting date, I believe the reporting date is February

1    27th?

2            **MR. MAIETTA:**  Yes.

3            **MR. RICHEY:**  And that is a week, less than a week

4    from today.  Where there was just a burial in the family

5    yesterday, I would ask the Court to give Ms. Griffin a

6    little more time then to prepare to go in.

7            **THE COURT:**  I will do that, add another two weeks.

8    She's to report to the place of confinement on Tuesday, the

9    13th of March.  That's the order of the Court.

10           **MR. MAIETTA:**  Your Honor, a couple of questions.

11           **THE COURT:**  Yes.

12           **MR. MAIETTA:**  Comments to make, your Honor.

13           First, just to make sure I understand, you found

14   the guideline calculation to be 27 to 33 months as you found

15   before.

16           **THE COURT:**  I did.

17           **MR. MAIETTA:**  And under the 3553(a) factors you're

18   reducing the sentence to 21 months.

19           **THE COURT:**  I am.

20           **MR. MAIETTA:**  Okay.  I don't think I -- I didn't

21   address the 3553(a) factors, and your comment, or your

22   ruling, I guess order was that you found under those factors

23   because the jury didn't find beyond a reasonable doubt Count

24   I --

25           **THE COURT:**  You're quite right to raise this.  The

1    reason -- I don't mean to be opaque.

2           I do mean to write on this.  And so, I'm saying as

3    little as I can, candidly, to give me the latitude to reason

4    through carefully.  But you're right to raise it,

5    Mr. Maietta.

6           I am satisfied under Cunningham v. California that

7    as a matter of prudence, it's not as a matter of

8    constitutional law, I'm leaving myself open to go either

9    way, that I should hold a resentencing.

10          **MR. MAIETTA:**  Okay.

11          **THE COURT:**  I've held it.  Given all the

12   information I have before me and pursuant to the statute,

13   3553(a), I have now imposed a sentence of 21 months.  I've

14   explained the reason for that and, of course, my earlier

15   explanation will be appended as well.  I've explained the

16   reason for that to the offender and to the government.  I

17   will supplement it by a written opinion.  It constitutes, as

18   I understand the parlance today, now a Booker variance

19   because I didn't go back on my guideline calculation at all.

20          Beyond that, and I'm respectful here, and I mean it

21   sincerely, I respectfully decline to say only because I'm

22   going to write.  Now, if you want to appeal, or if you want

23   to wait until you've got the written opinion, don't worry, I

24   won't do you out of an appeal, then feel free to appeal.

25          **MR. MAIETTA:**  Okay.

1      **THE COURT:**  There's a direct answer.  Is that a

2  satisfactory answer?

3      **MR. MAIETTA:**  Yes.  And I just wanted to add that,

4  I guess if I had made my argument at the time the 3553(a)

5  factors would support a 27 to 33 month sentence given, even

6  given a jury finding, or at least for Count 1 with a hung

7  count, we still submit that you could still find 27 to 33

8  months under the factors.

9      **THE COURT:**  I understand that that's your position.

10      **MR. MAIETTA:**  Thank you.

11      **THE COURT:**  And I think it's been, I don't agree

12  with it, but it is supported by the briefing already on

13  record and your arguments.  I haven't just ignored those.

14  We came back together because of Cunningham v. California.

15  That's all.  And I've now fashioned an individualized

16  sentence as I understand the law and my duty today, that's

17  all.

18      **MR. MAIETTA:**  Okay.

19      **THE COURT:**  All right?

20      **MR. MAIETTA:**  I just wanted to make sure of the

21  record, because I know people above me will --

22      **THE COURT:**  Correct.

23      **MR. MAIETTA:**  -- have questions.

24      **THE COURT:**  Nothing is waived.  All the arguments

25  you have made are before the Court and may be, should you

1    determine on an appeal, may be addressed to a higher court.

2    This Court -- here's how I think I can protect everyone.

3         No one has waived anything asserted on the record

4    because I held a second sentencing proceeding.  Is that

5    satisfactory?

6         **MR. MAIETTA:**  I think I understood that.

7         **THE COURT:**  Right.

8         **MR. MAIETTA:**  No, I did.  And I guess the next

9    question to you, you had said that the notice of appeal,

10   which, if it is forthcoming, to file with you directly?

11        **THE COURT:**  No, no.  No, no.  It's something else.

12        **MR. MAIETTA:**  Oh, okay.

13        **THE COURT:**  We're very proud in this district and

14   in this session that we turn, it's Mr. Womack, it's all due

15   to him, we turn out transcripts very rapidly.  It will be

16   faster if you, if you order transcript order it from me

17   before you go to the Court of Appeals.

18        **MR. MAIETTA:**  Okay.

19        **THE COURT:**  Because I will act on it faster which

20   will authorize Mr. Womack and he will get to it faster and

21   you will get it faster.

22        **MR. MAIETTA:**  Gotcha.

23        **THE COURT:**  If you file your notice of appeal I've

24   lost jurisdiction, which is why I want it to be clear that

25   Ms. Griffin withdrew hers and started again.  I have

1    jurisdiction here.

2            So, for both of you, if you want transcript, file a

3    motion in the United States District Court.  I will act on

4    it immediately.

5            **MR. MAIETTA:**  Motion for transcript?

6            **THE COURT:**  Transcript.

7            **MR. MAIETTA:**  Okay.

8            **THE COURT:**  But your notice of appeal properly, you

9    never have to ask me permission, you just file that notice

10   because you go up there to the Court of Appeals.  And that

11   is appropriate.  I don't question it at all.  I just want to

12   get you your transcript fast.

13           It's my normal boilerplate when I impose a sentence

14   to say that, and now I take the step, since neither of you

15   practice routinely here, but you're all welcome to come

16   back, that's what I want, just let me know.

17           **MR. MAIETTA:**  Okay.  Thank you.

18           **THE COURT:**  Mr. Richey?

19           **MR. RICHEY:**  I'm sorry, your Honor.  One other

20   thing.

21           Ms. Griffin, of course, is due to come down by --

22   when she spoke with Mr. Buckley, he had suggested to her

23   that she would still probably have a reporting date of four

24   to six weeks.  She has scheduled medical appointments, one

25   of which is for skin cancer that is to take place on March

1    27th.

2              **THE DEFENDANT:**  I'm having them dug out, cut out.

3              **THE COURT:**  Any objection to April 3rd,

4    Mr. Maietta?

5              **MR. MAIETTA:**  No, your Honor.

6              **THE COURT:**  Reporting on April 3rd, 2007.  That's

7    the order of the Court.

8              Yes, Mr. Maietta?

9              **MR. MAIETTA:**  One additional comment, make sure I

10   cross all the t's and dot the i's.

11             Just for the record, the government does oppose,

12   does object to the sentence imposed at this point.

13             **THE COURT:**  I understand, and your rights are

14   saved.  I mean to save the rights of all parties.

15             **MR. MAIETTA:**  Thank you.

16             **THE COURT:**  Thank you.  We'll recess.

17             **MR. RICHEY:**  Thank you, your Honor.

18             **THE CLERK:**  All rise.  Court is in recess.

19             (Whereupon the matter concluded.)

20

21

22

23

24

25

1          UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF MASSACHUSETTS

2
                                    Criminal No.
3                                   05-10175-WGY

4

5

6    * * * * * * * * * * * * * * * *
                                    *
7    UNITED STATES OF AMERICA       *
                                    *
8    v.                             *    **SENTENCING EXCERPT**
                                    *
9    NADINE GRIFFIN                 *
                                    *
10   * * * * * * * * * * * * * * * *

11

12          BEFORE:  The Honorable William G. Young,
                        District Judge

13

14

15

16

17

18

19

20

21

22

23                                  1 Courthouse Way
24                                  Boston, Massachusetts

25                                  January 16, 2007

1          **THE COURT:**  Ms. Nadine Griffin, in consideration of

2     the offense of which you stand convicted, the provisions of

3     18 United States Code, Section 3553(a), the information from

4     the United States Attorney, your attorney, the probation

5     officer and yourself, this Court sentences you to 27 months

6     in the custody of the United States Attorney General.

7          The Court imposes upon you a $6,000 fine.  The

8     Court imposes upon you three years of -- wait, wait one

9     second, it can only be one year -- one year of supervised

10    release, and a $100 special assessment.

11         The Court imposes the special conditions of

12    supervised release.  You're prohibited from possessing a

13    firearm or other dangerous weapon.  You're to participate in

14    a mental health program as directed by the United States

15    Probation Office, required to contribute to the costs of

16    that program.

17         You're to pay the balance of the fine according to

18    a Court ordered repayment schedule.  You're prohibited from

19    incurring new credit charges or opening additional lines of

20    credit without the approval of the probation officer.

21         You're to provide the probation officer access to

22    any requested financial information.  The financial

23    information you provide may be shared with the Financial

24    Litigation Unit of the U.S. Attorney's Office.

25         You're to meet with the Internal Revenue Service

1    within the first 60 days of your period of supervised

2    release in order to determine the prior tax liability, and

3    you're to file tax returns and pay any future taxes due.

4            Let me explain the sentence to you.  No one thinks

5    you're stupid.  You're not stupid.  You're very smart.  And

6    you're very articulate.  And not one day of this sentence is

7    imposed upon you because you tried to protect yourself.

8    You're not stupid at all.

9            Second, I truly believe that as you got into this

10   scheme, you, like other sophisticated professionals,

11   believed in it.  That's what I personally think.  But after

12   a while it was clear to you, I find, that this is a tax

13   avoidance scheme.  You knew it.  You knew it before you

14   filed the first year's tax return and you knew it when you

15   filed the second year's tax return.

16           In a way, when you say that you are surprised that

17   I am counting the first year's tax loss and making up the

18   sentence in part, significant part on the first year's tax

19   loss and that floors you, what you say has much to commend

20   itself.  A jury did not find you guilty of the first year.

21   The jury didn't acquit you of the first year.  They made no

22   finding.  And the government dismissed it.  However, under

23   the advisory guidelines that this Court takes advice on, I

24   am supposed to take into account all the criminal activity

25   that I, I, myself, think by a fair preponderance of the

```
1    evidence you were involved in.  I think you were involved in

2    two years.  My responsibility.

3         Much has been written -- not that this helps you,

4    though I want to put it on the record -- much has been

5    written about how unfair this process is, that is, holding

6    someone to account with a criminal sentence day by day by

7    day for things no jury found them guilty of.  I happen to

8    share that view.

9         At the same time, I'm a judge of the law.  I'm not

10   a judge who follows what I happen to think is the best way

11   to go.  The guidelines are only advisory, but for me to

12   disregard their advice in your circumstances would be for me

13   to say that I, as a judge, simply disagree with the advice

14   that the guideline gives me.  The law does not confer that

15   power on me.  And it is for that reason you fall within the

16   heartland of these offenses.

17        You do not accept responsibility in any meaningful

18   way.  And while -- and you should believe, I am truly

19   sympathetic to the loss of your father and the problems your

20   mother faces.  At the same time, those are not the special

21   family circumstances which warrant a departure.  This is not

22   a case that calls for a departure in any way.

23        That's the sentence of the Court.

24        You have no objection to self-reporting?

25        **MR. MAIETTA:**  No, your Honor.
```

1          **THE COURT:**  And no objection to the same bail prior

2     to self-reporting?

3          Do you want self-reporting, Ms. Richey?

4          **MR. RICHEY:**  Yes, your Honor.

5          **THE COURT:**  Very well.

6          **MR. RICHEY:**  I would request that.

7          **THE COURT:**  Very well.  No objection to the same

8     bail?

9          **MR. MAIETTA:**  No, no, your Honor.

10         **THE COURT:**  Same bail.

11         Today is the 16th.  She's to report to the place of

12    confinement by Friday -- not Friday -- Tuesday, the 27th of

13    February.

14         Ms. Griffin, you have the right to appeal from any

15    findings or rulings the Jury or this Court has made against

16    you.  Should you appeal and should your appeal be successful

17    in whole or in part, you'll be resentenced before another

18    judge.

19         Mr. Richey, it happens, I know, that in this case

20    the transcripts have already been prepared.

21         Should she desire to appear -- appeal, I want you

22    to file your motion for whatever relevant transcript there

23    is with this Court.  Don't file your notice of appeal first,

24    because it will be faster if you file it with this Court.

25    I'll turn it right around and authorize the appropriate

1    transcript, and then file your notice of appeal.  It won't

2    slow you down at all.  If you do it the other way I lose

3    jurisdiction and the Court of Appeals will have to make such

4    orders as are proper.

5              That's the sentence of the Court.  We'll recess.

6              **THE CLERK:**  All rise.  Court is in recess.

7              (Whereupon the matter concluded.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25