UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CRIMINAL ACTION |
|  | ) | NO. 05-10175-WGY |
| NADINE GRIFFIN, | ) | |
| Defendant. | ) | |

REIMPOSED SENTENCING MEMORANDUM
AND ORDER

YOUNG, D.J.                                              July 22, 2008

I write attempting to correct a grave injustice. The injustice is entirely of my own making and is solely my responsibility. Yet, in the singular circumstances of this particular case, I am without the power to rectify it. I can only beg the Court of Appeals for assistance. This I do without hesitation. Justice demands it.

Following a jury trial, Nadine J. Griffin ("Griffin") was convicted in 2006 of one count of filing a false tax return for the year 1999. The jury could not reach a verdict on a like count involving the tax year 1998. Over the following two years, this Court imposed three separate sentences on Griffin. The timing of

these sentences is of crucial importance to understanding the injustice I have wrought here.

The three sentences are:

**The original sentence** of 27 months imprisonment imposed on January 16, 2007 – post-Booker[1] but pre-Gall[2] and Kimbrough.[3]

**The re-sentence** of 21 months imposed on February 22, 2007 – post-Cunningham[4] but pre-Gall and Kimbrough.

**The reimposed sentence** of 27 months imposed today, July 22, 2008 – post-Gall and Kimbrough.

The reason for the reimposed sentence is unexceptional; through my own delay in re-sentencing I lost jurisdiction to impose the re-sentence, and thus the original sentence must be reimposed. United States v. Griffin, 524 F.3d 71, 82-85 (1st Cir. 2008); see also Fed. R. Crim. P. 35(a). If allowed to stand, however, the reimposed sentence works a striking injustice on Griffin, one this Court never intended.

Here's why:

The years 2005-2007 have worked a sea change in the way offenders are sentenced in federal courts. See United States v. West, — F. Supp. 2d –, 2008 WL 1993047, at *4-5 (D. Mass. 2008)

---

[1] United States v. Booker, 543 U.S. 220 (2005).

[2] Gall v. United States, 128 S. Ct. 586 (2007).

[3] Kimbrough v. United States, 128 S. Ct. 558 (2007).

[4] Cunningham v. California, 549 U.S. 270 (2007).

(discussing these changes). When I imposed the original sentence on Griffin, remedial Booker had rendered the guidelines "advisory," but their sway over the field of federal sentencing was very much in flux. Based on this circuit's precedent, I was constrained at the time to afford the guidelines "substantial weight," United States v. Jimenez-Beltre, 440 F.3d 514, 516, 518 (1st Cir. 2006), and to hold the policy positions of the Sentencing Commission inviolate absent case specific reasons to vary therefrom, see United States v. Pho, 433 F.3d 53, 62, 64-65 (1st Cir. 2006). One such policy position is that relevant conduct determinations are to be made by a fair preponderance of the evidence, see U.S.S.G. § 1B1.3 & comment., and in this circuit (at least during the period of mandatory guidelines) attempts to invoke the beyond a reasonable doubt standard had been rebuffed. See United States v. Malouf, 466 F.3d 21, 27 (1st Cir. 2006).

Since the spring of 2004, this Court has been sentencing offenders solely upon facts admitted upon a plea or found by a jury (necessarily upon actual evidence subject to cross examination and established beyond a reasonable doubt). The Court has explained its procedure at length in United States v. Kandirakis, 441 F.Supp.2d 282 (D. Mass. 2006). The procedure works exceedingly well and results in sentences that satisfy the Court's concern for constitutionality and due process. See West, 2008 WL 1993047, at

\*12-14 & n. 8.  Until Griffin, no appeal has been taken from this Court's procedure.

Griffin's split verdict, however, posed a quandary: how to treat mis-tried conduct in the relevant conduct calculation? Although deeply concerned about the present constitutionality of factoring such conduct into the sentencing equation, I surveyed the existing sentencing landscape, faithfully followed the principles of stare decisis and the teachings of remedial Booker, Jiminez-Beltre, and Pho, and myself found by a fair preponderance of the evidence (but not beyond a reasonable doubt) that the tax loss for the year 1998 ought count against Griffin.  In light of all the other relevant considerations, I then came up with a 27-month sentence.

No sooner had I sentenced Griffin than the Supreme Court issued its decision in Cunningham.  There, Justice Ginsburg, speaking for a robust seven person majority, emphasized the importance of jury fact-finding in determining criminal sentences. Cunningham, 549 U.S. at 860, 863-64; see also Harvard Law Review, Comment, Sixth Amendment - Allocation of Factfinding in Sentencing, 121 HARV. L. REV. 225, 230-231 (2007).  Believing that Cunningham heralded a restoration of the jury to its central position in the adjudication and disposition of criminal charges,[5] I vacated

---

[5] In this I guessed wrong, not for the first time.  Cf. United States v. Yeje-Cabrera, 430 F.3d 1, 23 (1st Cir. 2005). As Gall and Kimbrough subsequently made clear, affording federal

Griffin's just-imposed sentence.  It is important to note that the propriety of this Court's vacatur of the original sentence has never been questioned by the First Circuit.[6]  The original 27-month sentence is thus void and of no further force and effect.

Naturally, this Court sought the views of counsel before re-sentencing Griffin.  Herein lay the Court's error.  Because Griffin had been prosecuted by Main Justice and represented by a Midwestern lawyer, this took some time.  Griffin was re-sentenced to 21 months on February 22, 2007.  The Court entered a comprehensive sentencing memorandum explaining the re-sentence on June 6, 2007.  This Court's sentencing approach set forth in the re-sentencing memorandum received the singular compliment of a favorable citation by Justices Scalia and Thomas in Rita v. United States, 127 S. Ct. 2456, 2480 n.5 (Scalia, J., concurring in part and in the judgment).

Griffin then appealed the verdict and the government (seeking to curb any enhancement in the role of the jury) appealed the 21-month sentence.  As it turned out, all the detailed proceedings

---

district judges genuine discretion is thought by the Supreme Court adequately to counterbalance the retention of a determinant (albeit advisory) sentencing system that is otherwise unconstitutional.  Odd as this is, it works rather well when the district judge herself exercises discretion to make jury fact-finding central to sentencing.  This Court has since acknowledged as much in United States v. West.

[6]This is why the mandate of the First Circuit orders the original sentence reimposed rather than simply voiding all proceedings following its imposition.

5

leading up to and explaining the 21-month re-sentence were beside the point. The First Circuit affirmed the verdict and held the re-sentence was beyond this Court's jurisdiction as it was imposed beyond the 7-day window permitted for correction of a criminal sentence by Fed. R.Crim. P. 35(a), United States v. Griffin, 524 F.3d 71, 85 (1st Cir. 2008). The propriety of this Court's 21 month re-sentence was never addressed.

The mandate of the First Circuit issued on April 18, 2008, ordering re-imposition of the Court's original 27-month sentence. The matter is ministerial and requires no further hearing. Obedient to this order, this Court reimposes the original 27 month sentence as directed. A new judgment and commitment order will issue forthwith.[7]

Analysis cannot end here, however, for the case law that controlled, informed, and directed the original sentence is no more and, were it now open to this Court, it would never impose the newly reimposed sentence ordered by the First Circuit. Here's why. Gall and Kimbrough, the most recent Supreme Court sentencing

---

[7] It's unclear how this reimposed judgment and commitment order ought read. The bottom line, of course, is a 27 month sentence – that's the order of the First Circuit. Were it open to me, of course, I would today calculate the guideline range at 15-21 months. See United States v. Griffin, 494 F. Supp. 2d 1, 20 (D. Mass. 2007). Thus Griffin's mandated 27-month sentence will be scored by the Sentencing Commission as an upward departure, a result I never intended and one that is completely unwarranted on the facts of this case. Indeed, should this result stand, Griffin will be the only offender since spring 2004 to have received such an upward departure from this Court.

precedents, make clear that this Court's original analysis was fatally flawed. Specifically, Gall abrogated Jimenez-Beltre, making clear that the sentencing guidelines were entitled to no special deference and ought be considered along with the other Section 3553(a) factors, Gall, 128 S. Ct. at 596-97; Kimbrough abrogated Pho, making clear that the policy choices of the Sentencing Commission as expressed in the guidelines — in this case the requirement of a fair preponderance standard — were no more mandatory than the case specific guideline calculations, see Kimbrough, 128 S. Ct. at 564.

Thus, were this Court free to reimpose a just sentence, I would – as I did in the re-sentence – have confined Griffin's sentence to the highest guideline sentence supported by the jury verdict – 21 months. See United States v. Griffin, 494 F. Supp.2d at 21. These are precisely the nuanced, case-specific judgments constitutionally committed to my discretion as a district judge.

But I am not free in this case to impose such a just sentence. My own dilatoriness has deprived me of jurisdiction. Only the Court of Appeals can correct this situation. Fortunately, the newly reimposed sentence is just that – a new sentence – one which Griffin can appeal. Should she do so, the situation would be akin to that presented in United States v. Antonakopoulos, 399 F.3d 68, 81 (1st Cir. 2005) (stating that, where sentencing law has changed and the district judge indicated that the original sentence was

constrained by former law, "that is a powerful argument for remand" for re-sentencing). This Court is confident such a just result will obtain here.

There is one other wrinkle. As noted, the mandate of the First Circuit issued on April 18. Expecting Griffin to appeal and mindful of the admonition in United States v. Martin, 520 F.3d 87, 96-97 (1st Cir. 2008), to avoid post-appeal sentencing memoranda, this Court delayed implementing the mandate until it could issue this memorandum. Unfortunately, this works a further injustice on Griffin.

As Griffin approaches the end of her 21-month re-sentence, under a beneficent policy of the Bureau of Prisons she was transferred on June 11, 2008 to a community confinement program operated under contract with the Bureau by the Sheriff of Essex County, Massachusetts. Because the reimposition of the 27-month sentence extends Griffin's confinement by an additional six months, there is the risk she will be removed from this program and recommitted to prison. This would result in a further injustice and would interfere with her efforts at rehabilitation. Accordingly, this Court orders that Griffin be maintained in custody in the community confinement program until the completion of her reimposed 27-month sentence unless some misconduct on her part would warrant a higher level of security. This order in no way derogates from the mandate of the First Circuit because Griffin

will, unless corrected on appeal, have to serve her full 27-month sentence as required by that mandate.

SO ORDERED.

By the Court,

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE