AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.
**NADINE J. GRIFFIN**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1: 05 CR 10175 - 001 - WGY**

USM Number: 25733-038

Alan Richey, Esq.
Defendant's Attorney

☑ Additional documents attached

☐

**THE DEFENDANT:**
☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☑ was found guilty on count(s) 2 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 USC § 7206(1) | Filing False Tax Return | 04/12/00 | 2 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☑ Count(s) 1   ☑ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

07/22/08
Date of Imposition of Judgment

Signature of Judge

/s/The Honorable William G. Young
Judge, U.S. District Court
Name and Title of Judge

7/23/08
Date

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

DEFENDANT: **NADINE J. GRIFFIN**
CASE NUMBER: **1: 05 CR 10175 - 001 - WGY**

Judgment — Page 2 of 10

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 27 month(s)

☑ The court makes the following order to the Bureau of Prisons:

she remain on community confinement

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: NADINE J. GRIFFIN
CASE NUMBER: 1: 05 CR 10175 - 001 - WGY

Judgment—Page 3 of 10

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 24 month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Case 1:05-cr-10175-WGY   Document 173   Filed 07/23/2008   Page 4 of 10

DEFENDANT: **NADINE J. GRIFFIN**
CASE NUMBER: **1: 05 CR 10175 - 001 - WGY**

Judgment—Page __4__ of __10__

# ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is to pay the balance of the fine owed according to a court ordered repayment plan.

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office.

The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

The defendant is to participate in a mental health treatment program as directed by probation. The defendant shall be required to contribute to the cost of services for such treatment based on the ability to pay or the availability of third party payment.

The defendant is to meet with the Internal Revenue Service within the first 60 days of the period of Supervised Release in order to determine the prior tax liability and is to file tax returns and pay any future taxes due.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**

Judgment — Page 5 of 10

DEFENDANT: **NADINE J. GRIFFIN**
CASE NUMBER: **1: 05 CR 10175 - 001 - WGY**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $100.00 | $6,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

☐ See Continuation Page

| TOTALS | $0.00 | $0.00 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **NADINE J. GRIFFIN**
CASE NUMBER: **1: 05 CR 10175 - 001 - WGY**

Judgment — Page 6 of 10

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [X] Lump sum payment of $ __$6,100.00__ due immediately, balance due

   [ ] not later than _____ , or
   [ ] in accordance  [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

B  [ ] Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [X] Special instructions regarding the payment of criminal monetary penalties:

As directed by the Probation Office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

[ ] See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **NADINE J. GRIFFIN**
CASE NUMBER: **1: 05 CR 10175 - 001 - WGY**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 7 of 10

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☐ **The court adopts the presentence investigation report without change.**

B ☑ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use Section VIII if necessary.)

  1 ☑ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

  The Court is unpersuaded by the PSI tax loss calculation

  2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

  ☐ findings of fact in this case
  ☐ substantial assistance (18 U.S.C. § 3553(e))
  ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 14
Criminal History Category: I
Imprisonment Range: 15 to 21 months
Supervised Release Range: to 1 years
Fine Range: $ 6,000 to $ 60,000
☐ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **NADINE J. GRIFFIN**
CASE NUMBER: **1: 05 CR 10175 - 001 - WGY**
DISTRICT: **MASSACHUSETTS**

Judgment — Page **8** of **10**

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

  A ☐ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

  B ☐ **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
  (Use Section VIII if necessary.)

  C ☐ **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
  (Also complete Section V.)

  D ☑ **The court imposed a sentence outside the advisory sentencing guideline system.** (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

  A **The sentence imposed departs** (Check only one.):
  ☐ below the advisory guideline range
  ☐ above the advisory guideline range

  B **Departure based on** (Check all that apply.):

  1   **Plea Agreement** (Check all that apply and check reason(s) below.):
    ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
    ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
    ☐ binding plea agreement for departure accepted by the court
    ☐ plea agreement for departure, which the court finds to be reasonable
    ☐ plea agreement that states that the government will not oppose a defense departure motion.

  2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
    ☐ 5K1.1 government motion based on the defendant's substantial assistance
    ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
    ☐ government motion for departure
    ☐ defense motion for departure to which the government did not object
    ☐ defense motion for departure to which the government objected

  3   **Other**
    ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

  C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (*e.g.,* 2B1.1 commentary) |

  D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT: **NADINE J. GRIFFIN**  
CASE NUMBER: **1: 05 CR 10175  - 001 - WGY**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page 9 of 10

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**  
(Check all that apply.)

A   **The sentence imposed is** (Check only one.):  
☐ below the advisory guideline range  
☑ above the advisory guideline range

B   **Sentence imposed pursuant to** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):  
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court  
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable  
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):  
☐ government motion for a sentence outside of the advisory guideline system  
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object  
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3   **Other**  
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)  
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))  
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))  
☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))  
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))  
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))  
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

    Sentence mandated by the Court of Appeals

| | |
|---|---|
| DEFENDANT: | **NADINE J. GRIFFIN** |
| CASE NUMBER: | **1: 05 CR 10175 - 001 - WGY** |
| DISTRICT: | **MASSACHUSETTS** |

Judgment — Page 10 of 10

# STATEMENT OF REASONS

**VII COURT DETERMINATIONS OF RESTITUTION**

A ☒ Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

  1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

  2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

  3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

  4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: | 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 |
| Defendant's Date of Birth: | 00-00-1960 |
| Defendant's Residence Address: | |
| Defendant's Mailing Address: | |

Date of Imposition of Judgment
07/22/08

Signature of Judge
/s/The Honorable William G. Young   Judge, U.S. District Court

Name and Title of Judge
Date Signed  7/23/08

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                   )
UNITED STATES OF AMERICA,          )
                                   )
         Plaintiff,                )
                                   )
         v.                        ) CRIMINAL ACTION
                                   ) NO. 05-10175-WGY
NADINE GRIFFIN,                    )
                                   )
         Defendant.                )
                                   )
```

                  REIMPOSED SENTENCING MEMORANDUM
                            AND ORDER

YOUNG, D.J.                                           July 22, 2008

I write attempting to correct a grave injustice. The injustice is entirely of my own making and is solely my responsibility. Yet, in the singular circumstances of this particular case, I am without the power to rectify it. I can only beg the Court of Appeals for assistance. This I do without hesitation. Justice demands it.

Following a jury trial, Nadine J. Griffin ("Griffin") was convicted in 2006 of one count of filing a false tax return for the year 1999. The jury could not reach a verdict on a like count involving the tax year 1998. Over the following two years, this Court imposed three separate sentences on Griffin. The timing of

these sentences is of crucial importance to understanding the injustice I have wrought here.

The three sentences are:

**The original sentence** of 27 months imprisonment imposed on January 16, 2007 – post-Booker[1] but pre-Gall[2] and Kimbrough.[3]

**The re-sentence** of 21 months imposed on February 22, 2007 – post-Cunningham[4] but pre-Gall and Kimbrough.

**The reimposed sentence** of 27 months imposed today, July 22, 2008 – post-Gall and Kimbrough.

The reason for the reimposed sentence is unexceptional; through my own delay in re-sentencing I lost jurisdiction to impose the re-sentence, and thus the original sentence must be reimposed. United States v. Griffin, 524 F.3d 71, 82-85 (1st Cir. 2008); see also Fed. R. Crim. P. 35(a). If allowed to stand, however, the reimposed sentence works a striking injustice on Griffin, one this Court never intended.

Here's why:

The years 2005-2007 have worked a sea change in the way offenders are sentenced in federal courts. See United States v. West, — F. Supp. 2d –, 2008 WL 1993047, at *4-5 (D. Mass. 2008)

---

[1] United States v. Booker, 543 U.S. 220 (2005).

[2] Gall v. United States, 128 S. Ct. 586 (2007).

[3] Kimbrough v. United States, 128 S. Ct. 558 (2007).

[4] Cunningham v. California, 549 U.S. 270 (2007).

(discussing these changes). When I imposed the original sentence on Griffin, remedial Booker had rendered the guidelines "advisory," but their sway over the field of federal sentencing was very much in flux. Based on this circuit's precedent, I was constrained at the time to afford the guidelines "substantial weight," United States v. Jimenez-Beltre, 440 F.3d 514, 516, 518 (1st Cir. 2006), and to hold the policy positions of the Sentencing Commission inviolate absent case specific reasons to vary therefrom, see United States v. Pho, 433 F.3d 53, 62, 64-65 (1st Cir. 2006). One such policy position is that relevant conduct determinations are to be made by a fair preponderance of the evidence, see U.S.S.G. § 1B1.3 & comment., and in this circuit (at least during the period of mandatory guidelines) attempts to invoke the beyond a reasonable doubt standard had been rebuffed. See United States v. Malouf, 466 F.3d 21, 27 (1st Cir. 2006).

Since the spring of 2004, this Court has been sentencing offenders solely upon facts admitted upon a plea or found by a jury (necessarily upon actual evidence subject to cross examination and established beyond a reasonable doubt). The Court has explained its procedure at length in United States v. Kandirakis, 441 F.Supp.2d 282 (D. Mass. 2006). The procedure works exceedingly well and results in sentences that satisfy the Court's concern for constitutionality and due process. See West, 2008 WL 1993047, at

3

*12-14 & n. 8.  Until Griffin, no appeal has been taken from this Court's procedure.

Griffin's split verdict, however, posed a quandary: how to treat mis-tried conduct in the relevant conduct calculation? Although deeply concerned about the present constitutionality of factoring such conduct into the sentencing equation, I surveyed the existing sentencing landscape, faithfully followed the principles of stare decisis and the teachings of remedial Booker, Jiminez-Beltre, and Pho, and myself found by a fair preponderance of the evidence (but not beyond a reasonable doubt) that the tax loss for the year 1998 ought count against Griffin.  In light of all the other relevant considerations, I then came up with a 27-month sentence.

No sooner had I sentenced Griffin than the Supreme Court issued its decision in Cunningham.  There, Justice Ginsburg, speaking for a robust seven person majority, emphasized the importance of jury fact-finding in determining criminal sentences. Cunningham, 549 U.S. at 860, 863-64; see also Harvard Law Review, Comment, Sixth Amendment - Allocation of Factfinding in Sentencing, 121 HARV. L. REV. 225, 230-231 (2007).  Believing that Cunningham heralded a restoration of the jury to its central position in the adjudication and disposition of criminal charges,[5] I vacated

---

[5] In this I guessed wrong, not for the first time.  Cf. United States v. Yeje-Cabrera, 430 F.3d 1, 23 (1st Cir. 2005). As Gall and Kimbrough subsequently made clear, affording federal

4

Griffin's just-imposed sentence. It is important to note that the propriety of this Court's vacatur of the original sentence has never been questioned by the First Circuit.[6] The original 27-month sentence is thus void and of no further force and effect.

Naturally, this Court sought the views of counsel before re-sentencing Griffin. Herein lay the Court's error. Because Griffin had been prosecuted by Main Justice and represented by a Midwestern lawyer, this took some time. Griffin was re-sentenced to 21 months on February 22, 2007. The Court entered a comprehensive sentencing memorandum explaining the re-sentence on June 6, 2007. This Court's sentencing approach set forth in the re-sentencing memorandum received the singular compliment of a favorable citation by Justices Scalia and Thomas in Rita v. United States, 127 S. Ct. 2456, 2480 n.5 (Scalia, J., concurring in part and in the judgment).

Griffin then appealed the verdict and the government (seeking to curb any enhancement in the role of the jury) appealed the 21-month sentence. As it turned out, all the detailed proceedings

---

district judges genuine discretion is thought by the Supreme Court adequately to counterbalance the retention of a determinant (albeit advisory) sentencing system that is otherwise unconstitutional. Odd as this is, it works rather well when the district judge herself exercises discretion to make jury fact-finding central to sentencing. This Court has since acknowledged as much in United States v. West.

[6]This is why the mandate of the First Circuit orders the original sentence reimposed rather than simply voiding all proceedings following its imposition.

leading up to and explaining the 21-month re-sentence were beside the point. The First Circuit affirmed the verdict and held the re-sentence was beyond this Court's jurisdiction as it was imposed beyond the 7-day window permitted for correction of a criminal sentence by Fed. R.Crim. P. 35(a), United States v. Griffin, 524 F.3d 71, 85 (1st Cir. 2008). The propriety of this Court's 21 month re-sentence was never addressed.

The mandate of the First Circuit issued on April 18, 2008, ordering re-imposition of the Court's original 27-month sentence. The matter is ministerial and requires no further hearing. Obedient to this order, this Court reimposes the original 27 month sentence as directed. A new judgment and commitment order will issue forthwith.[7]

Analysis cannot end here, however, for the case law that controlled, informed, and directed the original sentence is no more and, were it now open to this Court, it would never impose the newly reimposed sentence ordered by the First Circuit. Here's why. Gall and Kimbrough, the most recent Supreme Court sentencing

---

[7] It's unclear how this reimposed judgment and commitment order ought read. The bottom line, of course, is a 27 month sentence – that's the order of the First Circuit. Were it open to me, of course, I would today calculate the guideline range at 15-21 months. See United States v. Griffin, 494 F. Supp. 2d 1, 20 (D. Mass. 2007). Thus Griffin's mandated 27-month sentence will be scored by the Sentencing Commission as an upward departure, a result I never intended and one that is completely unwarranted on the facts of this case. Indeed, should this result stand, Griffin will be the only offender since spring 2004 to have received such an upward departure from this Court.

precedents, make clear that this Court's original analysis was fatally flawed. Specifically, <u>Gall</u> abrogated <u>Jimenez-Beltre</u>, making clear that the sentencing guidelines were entitled to no special deference and ought be considered along with the other Section 3553(a) factors, <u>Gall</u>, 128 S. Ct. at 596-97; <u>Kimbrough</u> abrogated <u>Pho</u>, making clear that the policy choices of the Sentencing Commission as expressed in the guidelines — in this case the requirement of a fair preponderance standard — were no more mandatory than the case specific guideline calculations, <u>see</u> <u>Kimbrough</u>, 128 S. Ct. at 564.

Thus, were this Court free to reimpose a just sentence, I would – as I did in the re-sentence – have confined Griffin's sentence to the highest guideline sentence supported by the jury verdict – 21 months. <u>See</u> <u>United States</u> v. <u>Griffin</u>, 494 F. Supp.2d at 21. These are precisely the nuanced, case-specific judgments constitutionally committed to my discretion as a district judge.

But I am not free in this case to impose such a just sentence. My own dilatoriness has deprived me of jurisdiction. Only the Court of Appeals can correct this situation. Fortunately, the newly reimposed sentence is just that – a new sentence – one which Griffin can appeal. Should she do so, the situation would be akin to that presented in <u>United States</u> v. <u>Antonakopoulos</u>, 399 F.3d 68, 81 (1st Cir. 2005) (stating that, where sentencing law has changed and the district judge indicated that the original sentence was

constrained by former law, "that is a powerful argument for remand" for re-sentencing). This Court is confident such a just result will obtain here.

There is one other wrinkle. As noted, the mandate of the First Circuit issued on April 18. Expecting Griffin to appeal and mindful of the admonition in United States v. Martin, 520 F.3d 87, 96-97 (1st Cir. 2008), to avoid post-appeal sentencing memoranda, this Court delayed implementing the mandate until it could issue this memorandum. Unfortunately, this works a further injustice on Griffin.

As Griffin approaches the end of her 21-month re-sentence, under a beneficent policy of the Bureau of Prisons she was transferred on June 11, 2008 to a community confinement program operated under contract with the Bureau by the Sheriff of Essex County, Massachusetts. Because the reimposition of the 27-month sentence extends Griffin's confinement by an additional six months, there is the risk she will be removed from this program and recommitted to prison. This would result in a further injustice and would interfere with her efforts at rehabilitation. Accordingly, this Court orders that Griffin be maintained in custody in the community confinement program until the completion of her reimposed 27-month sentence unless some misconduct on her part would warrant a higher level of security. This order in no way derogates from the mandate of the First Circuit because Griffin

will, unless corrected on appeal, have to serve her full 27-month sentence as required by that mandate.

    SO ORDERED.

                                 By the Court,

                                 /s/ William G. Young
                                 _____
                                 WILLIAM G. YOUNG
                                 DISTRICT JUDGE