UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05-CR-10175-WGY |
| Plaintiff, | ) | |
| v. | ) | |
| NADINE J. GRIFFIN, | ) | |
| Defendant. | ) | |

**MOTION FOR RELEASE PENDING APPEAL**

Comes now Defendant Nadine J. Griffin, by and through her applicant for pro hac vice admission attorney Jeffrey A. Dickstein, who moves the Court for an order that her detention terminate at the expiration of the likely reduced sentence of twenty-one months. In support thereof, the following showing is made:

1. On January 17, 2007, the Court sentenced Defendant to a term of imprisonment of twenty-seven months. (Doc. 146).

2. Thereafter, the Court vacated the sentence believing the sentence it had imposed was clear error under *Cunningham v. California*, 549 U.S. 270 (2007). (See Doc.149 and 172).

3. On February 26, 2007, the Court resentenced Defendant to twenty-one months. (Doc. 154).

4. The First Circuit remanded to the Court for resentencing on the grounds the Court lacked jurisdiction to modify the sentence. *See United States v. Griffin*, 524 F.3d 71, 85 (1st Cir. 2008).

5. On July 22, 2008, the Court issued its Reimposed Sentencing Memorandum and Order (Doc. 172) indicating it was now bound by the First Circuit's mandate to reimpose a

twenty-seven month period of incarceration, but in light of the change in sentencing law, would, if it could, only impose a twenty-one month period of incarceration. The Court noted that Defendant is now in a community confinement program and ordered that she remain there until the completion of her reimposed twenty-seven month sentence.

6.  On July 23, 2008, the Court reimposed a term of incarceration of twenty-seven months. (Doc. 173).

7.  Defendant moves the Court for an order, pursuant to 18 U.S.C.A. § 3143(b) that her detention terminate at the expiration of the likely reduced sentence of twenty-one months.

8.  Defendant is not likely to flee nor does she pose a danger to the safety of any other person or the community if she were released. The record reflects that Defendant was released on $5,000.00 bond pending trial (Doc. 11) and that she made all of her court appearances. She has also been incarcerated for the vast majority of time to which she was sentenced.

9.  The appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. As noted by the Court, where the sentencing law has changed and the district judge has indicated that the original sentence was constrained by former law, "that is a powerful argument for remand" for resentencing). *United States v. Antonakopoulos*, 399 F.3d 68, 81 (1st Cir. 2005).

10. On August 4, 2008, the undersigned contacted Christopher Maietta, attorney for the United States, who stated this motion would be opposed.

WHEREFORE, for the reasons stated herein above, Defendant moves the Court for order that her detention terminate at the expiration of the likely reduced sentence of twenty-one

months.

Dated: August 4, 2008.

> /s/ Jeffrey A. Dickstein
> Jeffrey A. Dickstein
> Pro Hac Vice Applicant Attorney
> 500 W. Bradley Rd., C-208
> Fox Point, WI 53217
> (414) 446-4264
> jdlaw@wi.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I sent a copy of the foregoing document to the attorney of record for the United States by e-mail to Christopher.J.Maietta@usdoj.gov and by first class mail to:

Christopher Maietta
U.S. Dept. Of Justice, Tax Division
601 D Street, NW
Room 7012
Washington, D.C. 20004

> /s/ Jeffrey A. Dickstein
> Jeffrey A. Dickstein

3