UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) Criminal No. 05-CR-10175-WGY-1 |
| | ) |
| v. | ) |
| | ) |
| **NADINE J. GRIFFIN,** | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION FOR RELEASE PENDING APPEAL

The United States, by and through undersigned counsel, hereby files its Opposition to Defendant's Motion for Release Pending Appeal. The government is prepared to submit additional briefing on this matter if the Court deems it necessary.

Pursuant to 18 U.S.C. § 3143(b), defendant seeks release from prison while she appeals the district court's most recent judgement and commitment order (Docket #173), which reimposed the original sentence of 27 months imprisonment as ordered by the U.S. Court of Appeals for the First Circuit.

Defendant's motion for release repeats the general language of 18 U.S.C. § 3143(b)(i.e., neither a danger to the community nor a flight risk, appeal not for delay) and claims that there is a substantial question of law or fact at issue. She cites <u>United States. V. Antonakopoulos</u>, 399 F.3d 68, 81 (1st Cir. 2005) (involving a defendant who was sentenced pre-<u>Booker</u> under the

mandatory federal sentencing guideline scheme), but does not expound on how this decision impacts her release. Because defendant's motion does not specifically identify the substantial question of law or fact that is at issue, the government cannot adequately respond to the motion.

**Title 18 U.S.C. § 3143(b): Release Pending Appeal**

In order for a defendant to obtain release pending appeal, a defendant must meet two criteria: (1) clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. See 18 U.S.C. § 3143(b). A defendant has the burden of proof when making a motion for release pending appeal. United States v. Munoz Franco, 356 F. Supp. 2d 20, 39 (D. Puerto Rico 2005).

Here, defendant has failed to meet her burden. Without the need to address the issues of defendant's risk of flight and dangerousness to the community, defendant has not presented a coherent and specific substantial question of law or fact that would result in a new sentence. Id. (stating that "the [18 U.S.C.

-2-

§ 3143(b)] has [] strong language that a convicted felon 'shall [be] order[ed][to] . . . be detained unless the person meets the two required criteria.'"). While defendant Griffin cites the First Circuit decision in United States. v. Antonakopoulos, that case involved a district court sentencing a defendant under the mandatory federal sentencing guideline scheme (Pre-Booker). Moreover, the First Circuit's reference in Antonakopoulos about remanding a case for re-sentencing because of a district court's belief that a guideline sentence was "unjust, grossly unfair, or disproportionate to the crime committed" was in reference to defendants who were sentenced under the mandatory federal guideline scheme (Pre-Booker). Antonakopoulos, 399 F.3d at 81 (stating that "history shows that the **mandatory** nature of the Guidelines has produced particular results which led judges to express" displeasure with the Guidelines and that "judges would have sentenced differently.") (citations omitted) (emphasis added). Also, this comment by the court of appeals is mere dicta and does not constitute judicial precedent.

In this case, defendant Griffin was sentenced after Booker was decided and under the advisory-guideline scheme.  Thus, it is unclear how the Antonakopoulos decision raises a substantial question of law that would result in a new sentence.

**CONCLUSION**

Accordingly, the government respectfully submits that defendant's motion for release pending appeal should be denied.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:
                */s/ Christopher J. Maietta*
                CHRISTOPHER J. MAIETTA
                Trial Attorney
                U.S. Department of Justice
                (202) 514-4661

Dated:   August 18, 2008

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day, August 18th, 2008, served upon the person listed below a copy of the foregoing document by ECFnotice@mad.uscourts.gov:


Jeffrey A. Dickstein
Attorney for Nadine Griffin
500 W. Bradley Rd., C-208
Fox Point, WI 53217
(414) 446-4264
jdlaw@wi.rr.com


                                                                                       /s/ *Christopher J. Maietta*
                                                                                      Christopher J. Maietta